1  Christopher P. Wesierski [Bar No. 086736]
     *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
     *mprescott@wzllp.com*
3  Eileen Spadoni [Bar No. 133259]
     *espadoni@wzllp.com*
4  Brett A. Smith [Bar No. 322707]
     *bsmith@wzllp.com*
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8
   Bryan J. Freedman, Esq. (SBN: 151990)
9    *bfreedman@ftllp.com*
   Jesse A. Kaplan, Esq. (SBN: 197662)
10   *jkaplan@ftllp.com*
   FREEDMAN + TAITELMAN, LLP
11 1801 Century Park West, 5th Floor
   Los Angeles, California 90067
12 Telephone: (310) 201-0005
   Facsimile:  (310) 201-0045
13

14 Attorneys for Defendant, LINDSEY C.
   HILL
15

16                    UNITED STATES DISTRICT COURT

17        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

18 TREVOR BAUER,                         Case No. 8:22-cv-00868 JVS(ADSx)
19              Plaintiff,               **DEFENDANT LINDSEY C. HILL'S
                                         ANSWER TO COMPLAINT**
20        vs.
                                         Trial Date:        None Set
21 LINDSEY C HILL AND NIRANJAN
22 FRED THIAGARAJAH,
23              Defendant.
24
25
26        COMES NOW Defendant LINDSEY C. HILL ("Defendant") who hereby
27 answers the Complaint ("Complaint") filed by the Plaintiff TREVOR BAUER
28 ("Plaintiff") in the above entitled action as follows:

*(sidebar, left margin)* WESIERSKI & ZUREK LLP — LAWYERS — 29 ORCHARD ROAD — LAKE FOREST, CALIFORNIA 92630 — (949) 975-1000

## **NATURE OF ACTION**

1.     In answering paragraph 1, Defendant denies any allegations of sexual assault made against Plaintiff were false fabricated or bogus, made maliciously, made for any improper purpose, that she wanted to destroy Plaintiff's reputation and baseball career, garner attention for herself, or extract millions of dollars from Plaintiff.  This answering Defendant lacks information and belief sufficient to enable her to answer the remaining allegations in this paragraph, and therefore denies such allegations.

2.     In answering paragraph 2, Defendant admits she met Plaintiff at his residence in Pasadena, California twice.  Except as so admitted, this answering Defendant denies generally and specifically the remainder of each and every allegation contained therein.

3.     In answering paragraph 3, Defendant denies each and every allegation contained therein.

4.     In answering paragraph 4, Defendant admits she texted close confidants that Plaintiff had taken things too far during consensual sex.  Except as so admitted, this answering Defendant denies generally and specifically the remainder of each and every allegation contained therein.

5.     In answering paragraph 5, Defendant admits that on May 18, 2021, she communicated with the police regarding a sexual assault against her by Plaintiff. Defendant denies that her statements to the police were false. Except as so admitted, this answering Defendant denies generally and specifically the remainder of each and every allegation contained therein.

6.     In answering paragraph 6, Defendant admits that on May 18, she spoke to the police.  Defendant denies that any of her communications to the police were false.  Defendant denies that she told the police that Plaintiff sexually assaulted her during the first encounter by choking her unconscious or anally penetrated her without her consent.  Defendant admits she told the police in sum and substance that

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  Plaintiff had sexually assaulted her during the second encounter with Plaintiff,

2  though she does not believe that she used that term.  Defendant admits that she told

3  the police that Plaintiff had punched her in the face and the crotch area during the

4  second encounter.  Defendant admits that she told the police that she was choked

5  unconscious twice during the second encounter.  Defendant does not remember

6  making any statement about a scratch on her face.  Defendant told the police in sum

7  and substance that the second encounter got to the point where it was not what she

8  wanted, was not okay, and it was going too far.  Except as so admitted, this

9  answering Defendant denies generally and specifically the remainder of each and

10  every allegation contained therein.

11        7.    In answering paragraph 7, Defendant admits she sought a Domestic

12  Violence Restraining Order ("DVRO"), and that she was questioned by Pasadena

13  Police Department ("PPD") about the veracity of her allegations.  Defendant denies

14  she sought the DVRO for an improper purpose.   Except as so admitted, this

15  answering Defendant denies generally and specifically the remainder of each and

16  every allegation contained therein.

17        8.    In answering paragraph 8, Defendant admits she sought a relationship

18  with Plaintiff and travelled to his home to be with him.  Except as so admitted, this

19  answering Defendant denies generally and specifically the remainder of each and

20  every allegation contained therein.

21        9.    In answering paragraph 9, Defendant denies the DVRO petition was

22  misleading.  As to the remainder of the allegations, this answering Defendant lacks

23  information and belief sufficient to enable her to answer thereto, and therefore

24  denies such allegations.

25       10.    In answering paragraph 10, this answering Defendant lacks information

26  and belief sufficient to enable her to answer what her attorneys did, and therefore

27  denies such allegations.  Defendant denies generally and specifically the remainder

28  of each and every allegation contained therein.

11.     In answering paragraph 11, Defendant denies generally and specifically each and every allegation contained therein.

12.     In answering paragraph 12, this answering Defendant lacks information and belief sufficient to enable her to admit or deny what the Court concluded, and therefore denies such allegations.  Defendant admits that the Court did not find clear and convincing evidence to continue the restraining order.

13.     In answering paragraph 13, Defendant denies generally and specifically each and every allegation contained therein.

14.     In answering paragraph 14, this answering Defendant admits that the District Attorney's Office has not prosecuted Plaintiff for the sexual assault. Defendant lacks information and belief sufficient to enable her to admit or deny what the District Attorney's Office concluded, and therefore denies such allegations, and basing her denial on that ground, denies generally and specifically each and every one of the remaining allegations contained therein.

15.     In answering paragraph 15, Defendant denies her claims were false or misleading.  This answering Defendant lacks information and belief sufficient to enable her to admit or deny what her attorney said or did, and therefore denies such allegations.  Defendant denies denies that her allegations were false or misleading.

16.     In answering paragraph 16, Defendant denies her claims were false or malicious.

**PARTIES**

17.     In answering paragraph 17, this answering Defendant lacks information and belief sufficient to enable her to admit or deny and basing her denial on that ground, denies generally and specifically each and every allegation contained therein.

18.     In answering paragraph 18, Defendant admits she is a citizen of the State of California and resides in San Diego, California.

19.     In answering paragraph 17, this answering Defendant lacks information

1  and belief sufficient to enable her to admit or deny and basing her denial on that

2  ground, denies generally and specifically each and every allegation contained

3  therein.

4  <u>**JURISDICTION AND VENUE**</u>

5      20.    In answering paragraph 20, this answering Defendant admits that

6  Plaintiff is ostensibly invoking jurisdiction of this district court under 28 U.S.C. §

7  1332.  Except as so admitted, this answering Defendant lacks information and belief

8  sufficient to enable her to answer thereto and basing her denial on that ground,

9  denies generally and specifically each and every allegation contained therein.

10      21.    In answering paragraph 21, this answering Defendant admits she is a

11  resident of the State of California.  Except as so admitted, this answering Defendant

12  lacks information and belief sufficient to enable her to admit or deny the remainder

13  of the allegations, and therefore denies such allegations.

14      22.    In answering paragraph 22, this answering Defendant admits she is a

15  resident of the State of California.   Except as so admitted, this answering Defendant

16  lacks information and belief sufficient to enable her to admit or deny the remainder

17  of the allegations, and therefore denies such allegations.

18  <u>**FACTUAL ALLEGATIONS**</u>

19      23.    In answering paragraph 23, this answering Defendant admits she was

20  twenty-seven-years old at the time of the incident and resides in San Diego,

21  California.

22      24.    In answering paragraph 24, this answering Defendant admits the

23  allegations contained therein.

24      25.    In answering paragraph 25, this answering Defendant admits she has

25  frequently used social media applications.  Defendant denies she "tagged" players or

26  that the purpose of the posts was to seek the players' attention.

27      26.    In answering paragraph 26, this answering Defendant lacks information

28  and belief sufficient to enable her to admit or deny the allegations and basing her

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

5

denial on that ground, denies generally and specifically each and every allegation contained therein.

27.    In answering paragraph 27, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and basing her denial on that ground, denies generally and specifically each and every allegation contained therein.

28.    In answering paragraph 28, Defendant denies she had an interest in pursuing a relationship with Plaintiff in February 2021.  This answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations, and therefore denies such allegations.

29.    In answering paragraph 29, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and basing her denial on that ground, denies generally and specifically each and every allegation contained therein.

30.    In answering paragraph 30, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and basing her denial on that ground, denies generally and specifically each and every allegation contained therein.

31.    In answering paragraph 31, this answering Defendant is not required to respond to allegations about her sexual history which are irrelevant to the Plaintiff's claims and only asserted to shame and embarrass Defendant.  This answering Defendant lacks information and belief sufficient to enable her to admit or deny the dates and contents of the alleged Twitter posts, and therefore denies such allegations.

32.    In answering paragraph 32, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the dates and contents of the alleged Instagram posts or what Plaintiff saw in his message requests folder, and therefore denies such allegations.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

33.     In answering paragraph 33, this answering Defendant denies the allegation that the banter was sexual in nature and/or the metaphor alleged. Defendant admits to having communications of a playful nature.

34.     In answering paragraph 34, this answering Defendant admits she and Plaintiff made arrangements to meet and she would drive from San Diego to Los Angeles. Defendant admits the quoted statements contained in paragraph 34 were made.

35.     In answering paragraph 35, this answering Defendant admits she communicated with friends and relatives about her communications with Plaintiff. This answering Defendant lacks information and belief sufficient to enable her to admit or deny the context, dates, and contents of the alleged text messages, and therefore denies such allegations.

36.     In answering paragraph 36, this answering Defendant admits that she tagged Plaintiff on April 18, 2021, and had subsequent communications after that with a fellow San Diego Padres fan about her communications with Plaintiff. Defendant denies that any use of the word "tryout" was a metaphor for sex. This answering Defendant lacks information and belief sufficient to enable her to admit or deny the context, dates, and contents of the alleged text messages, and therefore denies such allegations.

37.     In answering paragraph 37, this answering Defendant admits she made these communications with Plaintiff.

38.     In answering paragraph 38, this answering Defendant admits the allegation.

39.     In answering paragraph 39, this answering Defendant admits the allegation.

40.     In answering paragraph 40, this answering Defendant admits the allegation that she took pictures in his home and texted her cousin.  This answering Defendant lacks information and belief sufficient to enable her to admit or deny if

1  Plaintiff knew about the text messages, and therefore denies such allegations.

2      41.    In answering paragraph 41, this answering Defendant admits the

3  allegation.

4      42.    In answering paragraph 42, this answering Defendant denies that she

5  initiated sex.  Defendant admits that Plaintiff and she conversed in bed and cuddled.

6      43.    In answering paragraph 43, this answering Defendant admits she told

7  Plaintiff that he could be a little rough, that Plaintiff asked her if she had ever been

8  choked and she responded yes, and they had vaginal sex.  Defendant denies the

9  remainder of the allegations in paragraph 43.

10     44.    In answering paragraph 44, this answering Defendant denies the

11  allegations in this paragraph.

12     45.    In answering paragraph 45, this answering Defendant admits the

13  allegations.

14     46.    In answering paragraph 46, this answering Defendant denies the

15  allegations.

16     47.    In answering paragraph 47, this answering Defendant denies the

17  allegations.

18     48.    In answering paragraph 48, this answering Defendant admits the

19  allegations.

20     49.    In answering paragraph 49, this answering Defendant denies she called

21  the first sexual encounter a sexual assault in the DVRO Petition.

22     50.    In answering paragraph 50, this answering Defendant admits the

23  allegations in the paragraph.

24     51.    In answering paragraph 51, this answering Defendant admits the

25  allegations in the paragraph.

26     52.    In answering paragraph 52, this answering Defendant admits the

27  allegations in the paragraph.  However, to the extent Plaintiff implies that Defendant

28  consented to vaginal bruising, Plaintiff denies any such allegation.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137                        DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

53.     In answering paragraph 53, this answering Defendant admits she joked with her friends about the Padres Dodgers rivalry and her relationship with Plaintiff. Defendant denies she had any intent to harm his performance as alleged in paragraph 53.  This answering Defendant lacks information and belief sufficient to enable her to admit the dates and context of the alleged text message and on that basis denies the remainder of the allegations in the paragraph.

54.     In answering paragraph 54, this answering Defendant admits to the text message but denies the context that is implied.

55.     In answering paragraph 55, this answering Defendant admits the allegations in the paragraph.

56.     In answering paragraph 56, this answering Defendant denies the allegations, but admits she sent a text message to a friend about going to Europe when she was a rich baseball wife.

57.     In answering paragraph 57, this answering Defendant denies the allegations.

58.     In answering paragraph 58, this answering Defendant admits the contents of the text message.

59.     In answering paragraph 59, this answering Defendant admits that she and Plaintiff made plans to meet on May 15.  Defendant denies she had no plans to be in Los Angeles or that she drove 2.5 hours from San Diego to Pasadena only to see Plaintiff.  This answering Defendant lacks information and belief sufficient to enable her to admit or deny the remainder of the allegations in the paragraph, and therefore denies such allegations.

60.     In answering paragraph 60, this answering Defendant admits she texted her cousin about her plans to go to Plaintiff's home and expressed concern about Plaintiff's desire for rough sex.

61.     In answering paragraph 61, this answering Defendant admits the allegations in the paragraph, except this answering Defendant believes that the time

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

1   was later than 10:30 p.m., and was around 12:15 a.m. on Sunday.

2       62.    In answering paragraph 62, this answering Defendant denies the

3   allegations.

4       63.    In answering paragraph 63, this answering Defendant admits Plaintiff

5   asked her what was off limits and she specifically identified that fingers down the

6   throat were off limits, and that she had previously established that anal sex was off

7   limits. Defendant did not reasonably contemplate that Plaintiff would have done

8   many of the things he did to her, and therefore she never thought of having to

9   identify those things with him.  Plaintiff never asked Defendant if he was allowed to

10  do those things to Defendant.  Defendant also admits Plaintiff and Defendant

11  established that "Daddy issues" would be their safe word which she selected.

12  Defendant denies the remainder of the allegations in this paragraph.

13      64.    In answering paragraph 64, this answering Defendant admits she and

14  Plaintiff had vaginal sex.  Defendant denies the remaining allegations in the

15  paragraph.

16      65.    In answering paragraph 65, this answering Defendant denies the

17  allegations in the paragraph.

18      66.    In answering paragraph 66, this answering Defendant admits she used

19  the partial safe word "Daddy", and that Plaintiff stopped after that.  Defendant

20  admits that Plaintiff stroked her back after.  Defendant denies the remaining

21  allegations in the paragraph.

22      67.    In answering paragraph 67, this answering Defendant denies the

23  allegations.

24      68.    In answering paragraph 68, this answering Defendant admits Plaintiff

25  and Defendant showered separately.  Defendant denies the remaining allegations in

26  the paragraph.

27      69.    In answering paragraph 69, this answering Defendant denies the

28  allegations in the paragraph.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137                    DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

70.     In answering paragraph 70, this answering Defendant denies the allegations in the paragraph.

71.     In answering paragraph 71, this answering Defendant admits she made the tweet, but denies Plaintiff did not know about the tweet, and denies the implication that this tweet was made after the sexual assault.

72.     In answering paragraph 72, this answering Defendant admits she took a photograph in morning of May 16th, but denies the photograph is exculpatory or was wrongly withheld.  Defendant denies that she attempted to permanently delete the photograph.

73.     In answering paragraph 73, this answering Defendant denies the allegations in the paragraph.

74.     In answering paragraph 74, this answering Defendant admits she texted her friends about her injuries.  Defendant denies the remainder of the allegations in the paragraph.

75.     In answering paragraph 75, this answering Defendant admits to sending the quoted text messages but not at the time alleged. Defendant denies the text message implies she consented to a sexual assault.

76.     In answering paragraph 76, this answering Defendant admits to sending the quoted text message.  Defendant denies the text message implies she consented to a sexual assault.

77.     In answering paragraph 77, this answering Defendant admits to sending the quoted text message.

78.     In answering paragraph 78, this answering Defendant denies she lied about the nature of the encounter with Plaintiff but admits that the date and location of the sexual assault was not correct.

79.     In answering paragraph 79, this answering Defendant admits to the allegation.  At the time, Defendant was still in shock and processing what had happened.

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

80.     In answering paragraph 80, this answering Defendant admits to sending the quoted text.  Defendant denies Plaintiff expressed shock or surprise or that there was only minor swelling on her lip when she left Plaintiff's home.

81.     In answering paragraph 81, this answering Defendant admits she went to Alvarado Medical Center Emergency Room after she was told her injuries were too severe to be treated at American Family Care Urgent Care Mission Valley. Defendant admits she had CT scans taken at Alvarado Medical Center ER, but lacks information and belief sufficient to enable her admit or deny what the CT scans showed and on that basis denies such allegations.

82.     In answering paragraph 82, this answering Defendant denies the allegations.

83.     In answering paragraph 83, this answering Defendant admits she was escorted by an officer from the San Diego Police Department for an examination by a Sexual Assault Nurse Examiner ("SANE") at Palomar Hospital.  Defendant lacks information and belief sufficient to enable her to admit or deny what she reported to the SANE.  Defendant admits in sum and substance she told the SANE Nurse that she was expected the sex to be like it had been the first time.  Defendant denies she falsely made statements regarding anal sex in the DVRO Petition or to the police. Defendant admits the remainder of the allegations in the paragraph.

84.     In answering paragraph 84, this answering Defendant admits her friends and family were upset that Plaintiff had sexually assaulted Defendant.  This answering Defendant lacks information and belief sufficient to enable her to admit the dates and contents of the alleged text messages.

85.     In answering paragraph 85, this answering Defendant admits that on May 18, the PPD arrived at her home.  Defendant denies she made a false police report,  that she told the police that Plaintiff assaulted her during the first encounter, or that Plaintiff anally penetrated her without her consent during the first encounter. Defendant admits she told the police in sum and substance that Plaintiff had

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137                         DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

1   sexually assaulted her during the second encounter with Plaintiff, though she does

2   not believe that she used that term.  Defendant admits that she told the police that

3   Plaintiff had punched her in the face and the crotch area during the second

4   encounter.  Defendant admits that she told the police that Plaintiff had choked her

5   unconscious during the second encounter.  Defendant does not remember making

6   any statement about a scratch on her face.  Defendant told the police in sum and

7   substance that the second encounter got to the point where it was not what she

8   wanted, was not okay, and it was going too far.

9          86.     In answering paragraph 86, this answering Defendant denies she made

10  a false, misleading, or defamatory police report.  This answering Defendant lacks

11  information and belief sufficient to enable her to admit or deny what her attorney

12  said and on that basis denies the allegations.

13         87.     In answering paragraph 87, this answering Defendant admits she

14  retained Thiagarajah as a Marsy's Law attorney.

15         88.     In answering paragraph 88, this answering Defendant lacks information

16  and belief sufficient to enable her to admit or deny what the police thought and on

17  that basis denies the allegations.

18         89.     In answering paragraph 89, this answering Defendant denies the

19  allegations.

20         90.     In answering paragraph 90, this answering Defendant admits she

21  engaged in the text quoted, but denies the implications made.  Defendant denies she

22  had a plan to destroy Plaintiff's reputation or career or exploit him for money.

23  Defendant admits she was angry at Plaintiff because he had sexually assaulted her.

24         91.     In answering paragraph 91, this answering Defendant admits she

25  engaged in the text quoted, but denies the implications made.  Defendant denies she

26  had a plan to destroy Plaintiff's reputation or career or exploit him for money.

27  Defendant admits she was angry at Plaintiff because he had sexually assaulted her.

28         92.     In answering paragraph 92, this answering Defendant admits she

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137          DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

engaged in the text quoted and that she met with detectives from the Pasadena Police Department on or about June 5, 2021.  Defendant admits she was angry at Plaintiff because he had sexually assaulted her and at the police because she believed they blamed her for the sexual assault.  Defendant admits she was considering obtaining a restraining order which she thought was done through civil court.

93.     In answering paragraph 93, this answering Defendant admits she engaged in the text quoted, but denies the implications made.  Defendant denies she had a plan to destroy Plaintiff's reputation or career or exploit him for money.  Defendant admits she was angry at Plaintiff because he had sexually assaulted her.

94.     In answering paragraph 94, this answering Defendant admits she engaged in the text quoted.  Defendant denies she said nothing about her safety or that she was not concerned for her safety.  Defendant admits she was angry at Plaintiff because he had sexually assaulted her.

95.     In answering paragraph 95, this answering Defendant admits she engaged in the text quoted.  This answering Defendant lacks information and belief sufficient to enable her to admit or deny whether or not there were settlement negotiations or other negotiations, and therefore denies such allegations.

96.     In answering paragraph 96, this answering Defendant admits the allegations in the paragraph.

97.     In answering paragraph 97, this answering Defendant denies she made false allegations or intentionally omitted relevant information/records/reports.  Defendant admits that a Los Angeles Superior Court Judge granted a temporary *ex parte* restraining order.

98.     In answering paragraph 98, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations made, and therefore denies such allegations.

99.     In answering paragraph 99, this answering Defendant admits she

1  engaged in the text quoted and followed the response to her allegations in the

2  DVRO proceeding.  Defendant denies that after the temporary *ex parte* restraining

3  order was granted, she celebrated her newfound media attention.

4      100.   In answering paragraph 100, this answering Defendant admits she

5  engaged in the texts quoted in response to public statements made by a

6  representative of Plaintiff which blamed Defendant for the sexual assault.

7  Defendant denies that her story was false or that she wanted to tell a false story to

8  the public.  Defendant admits she wanted to tell her side of the story after Plaintiff's

9  representatives publicly denied her allegations.

10     101.   In answering paragraph 101, this answering Defendant admits she

11  engaged in the texts quoted in response to public statements made by a

12  representative of Plaintiff which blamed Defendant for the sexual assault.

13     102.   In answering paragraph 102, this answering Defendant denies she

14  sought to litigate the matter in the media.  Defendant lacks information and belief

15  sufficient to enable her to admit or deny whether her attorneys went beyond

16  advocating Defendant's claims, and on that basis denies the allegations.  Defendant

17  denies the dispute was private.

18     103.   In answering paragraph 103, this answering Defendant lacks

19  information and belief sufficient to enable her to admit or deny what her attorneys

20  told the media, and therefore denies such allegations. Defendant denies she has not

21  suffered severe physical or emotional abuse at Plaintiff's hands.  Defendant admits

22  that Plaintiff had not contacted her since May 30th, but denies she did not fear he

23  would retaliate against her for communicating with the police about him.

24     104.   In answering paragraph 104, this answering Defendant lacks

25  information and belief sufficient to enable her to admit or deny what her attorneys

26  released to the media and on that basis denies the allegations.  Defendant denies she

27  submitted altered or filtered photographs with her Petition.

28     105.   In answering paragraph 105, this answering Defendant lacks

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

1   information and belief sufficient to enable her to admit or deny the allegations in
2   paragraph 105.  Defendant denies that she or her family communicated with TMZ
3   and requested that the photo be released.

4        106.   In answering paragraph 106, this answering Defendant admits that a
5   hearing began on August 16, 2021 that lasted around four days. Defendant denies
6   that the four-day hearing established that Plaintiff had not assaulted or abused
7   Defendant.  Defendant denies the hearing revealed that her Petition had materially
8   misrepresented many important facts by, among other things, omitting her pursuit of
9   the encounters with Plaintiff, failing to disclose her expressed desire for and consent
10  to rough sex, exaggerating her alleged injuries, and attempting to support her claims
11  with doctored photographs of her alleged injuries. Defendant denies the hearing
12  revealed that she was motivated by her desires to gain a financial settlement, destroy
13  Plaintiff's reputation and career, and garner media attention.  Defendant admits the
14  Court did not find clear and convincing evidence to continue the restraining order.

15       107.   In answering paragraph 107, this answering Defendant denies her
16  testimony contradicted the statements in the Petition about her first sexual encounter
17  with Plaintiff or that the quoted portions of the Defendant's alleged testimony are
18  inconsistent with her Petition.

19       108.   In answering paragraph 108, this answering Defendant denies that the
20  petition falsely stated that after Plaintiff choked Defendant to the point of
21  unconsciousness, she "woke up face down" and realized "that he was having sex
22  with [Defendant] in [her] anus, which [she] never communicated that she wanted
23  nor did [she] consent." Defendant denies that she had inconsistencies in her
24  testimony.  Defendant denies that her testimony, the testimony of her friend, or the
25  testimony of the SANE nurse undermine her claim that Plaintiff anally penetrated
26  her.

27       109.   In answering paragraph 109, this answering Defendant denies that her
28  testimony about anal sex was untrue or not credible.  Defendant admits that she

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137                    DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

1   testified that she was unconscious for a matter of seconds and Plaintiff flipped her
2   over from her back to her stomach and anally penetrated her without using lubricant
3   during their first sexual encounter. Defendant denies that she made a statement at
4   the hospital that she had been unconscious for 30 minutes. Defendant denies that her
5   testimony was inconsistent with any prior statements made at the hospital.

6       110.   In answering paragraph 110, this answering Defendant admits the
7   allegations in the paragraph.

8       111.   In answering paragraph 111, this answering Defendant admits she
9   testified that she communicated with a friend the morning following the first sexual
10  encounter that Plaintiff had anal sex with her while she was unconscious.  Defendant
11  admits that a different friend provided the testimony quoted in paragraph 111.
12  Defendant admits she did not tell all her friends about the nonconsensual anal sex.

13      112.   In answering paragraph 112, this answering Defendant admits she may
14  not have told the nurse about the nonconsensual anal sex, as she was in shock, was
15  suffering from an acute head injury, and because the interview took place after
16  Defendant had been up all night.  Defendant further responds that the SANE nurse
17  interview concerned mainly the second sexual encounter.

18      113.   In answering paragraph 113, this answering Defendant denies she
19  intentionally omitted or concealed communications.  Defendant denies that the
20  specifically referenced text messages demonstrated that she consented to the sexual
21  assault.  Defendant denies she falsely accused Plaintiff of anally penetrating her
22  while unconscious.  Defendant further denies that this paragraph accurately
23  characterizes her testimony.

24      114.   In answering paragraph 114, this answering Defendant admits the
25  allegation in the paragraph.

26      115.   In answering paragraph 115, this answering Defendant denies that she
27  misled the Court about the nature of the injuries sustained.  Defendant admits that
28  Plaintiff's purported expert gave the opinion in this paragraph, but disputes those

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137

1   conclusions.  Defendant lacks sufficient information and belief to admit or deny

2   whether Plaintiff's purported expert was a qualified forensic medical examiner, and

3   therefore denies such allegations.  Defendant admits that the SART nurse testified

4   that she had observed bruising on Defendant's vagina and elsewhere, and that she

5   "had never seen that type of bruising in that area" in her past experience… and it

6   was "alarming." Tr.: 295:16-296:17.

7       116.   In answering paragraph 116, this answering Defendant admits that her

8   Petition asserted that it was possible that Plaintiff scratched the right side of her face

9   while she was unconscious.  Defendant denies the remaining allegations in this

10  paragraph.

11      117.   In answering paragraph 117, this answering Defendant denies that she

12  altered or filtered the photographs attached to the Petition.  Defendant denies that

13  she admitted at the hearing that the photographs attached to her Petition did not

14  accurately depict her appearance.  Defendant denies she blamed her attorneys.  The

15  hearing transcript speaks for itself.

16      118.   In answering paragraph 118, this answering Defendant denies there was

17  any testimony that the photographs in support of the Petition were misleading.

18  Defendant admits that the SART nurse testified that the SART nurse's photographs

19  were more accurate.  Defendant admits the SART nurse testified that the abrasions

20  on Defendant's face were indistinguishable from acne or other disturbances, but

21  denies the conclusions drawn in the paragraph because the nurse's examination

22  occurred 48 hours after the sexual assault.  Defendant lacks information and belief

23  sufficient to enable her to admit or deny the allegations concerning the SART

24  nurse's training, and therefore denies such allegations.

25      119.   In answering paragraph 119, this answering Defendant admits that

26  Plaintiff's purported expert gave this opinion but disputes those conclusions.

27  Defendant lacks sufficient information and belief to admit or deny whether

28  Plaintiff's purported expert was a qualified forensic medical examiner, and therefore

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

18

1 denies such allegations.

2      120.   In answering paragraph 120, this answering Defendant denies that her

3 Petition mislead the Court about her fear and anxiety.  Defendant denies that her

4 assertion that Plaintiff texted her nonstop was untrue.  Defendant lacks sufficient

5 information and belief to admit or deny whether the only reason Plaintiff knew she

6 had gone to the hospital was because she told him in a text message, and therefore

7 denies such allegations.  Defendant admits that none of the text messages were

8 overtly threatening.

9      121.   In answering paragraph 121, Defendant denies the text messages were

10 initiated by her.  Defendant denies that Plaintiff did not attempt to see her or obtain

11 her address.  Defendant admits the testimony quoted in the paragraph, but denies the

12 characterization of that testimony as changing the basis of her fear.

13      122.   In answering paragraph 122, Defendant admits she continued to watch

14 baseball games and text with friends about Plaintiff because she was still angry.

15 Defendant denies the implication that she had any desire to personally see the

16 Plaintiff.

17      123.   In answering paragraph 123, Defendant denies that her petition falsely

18 stated that she was "unable to work due to my injuries".  Defendant admits this

19 paragraph accurately quotes the text message but denies the conclusions made.

20 Defendant asserts that she was unable to work and had to leave her employment due

21 to the injuries sustained.

22      124.   In answering paragraph 124, Defendant admits that the Court dissolved

23 the temporary restraining order and denied the request for a permanent restraining

24 order.  Defendant lacks information and belief sufficient to enable her to admit or

25 deny what the Court concluded or the basis for her ruling, and therefore denies the

26 remaining allegations contained in this paragraph.

27      125.   In answering paragraph 125, Defendant lacks information and belief

28 sufficient to enable her to admit or deny what the Court concluded or the basis for

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

19

her ruling, and therefore denies the allegations in this paragraph.

126.    In answering paragraph 126, Defendant admits that the Court made these remarks but denies a comprehensive set of boundaries was discussed or agreed to or that Defendant consented to a sexual assault.

127.    In answering paragraph 127, Defendant admits that the Court made these remarks but denies a comprehensive set of boundaries was discussed or agreed to or that Defendant consented to a sexual assault.

128.    In answering paragraph 128, Defendant denies that the Court found that Plaintiff did not abuse or assault Defendant.  Defendant admits that the Court made the remark that something in the Petition was "materially misleading"  but denies her Petition was materially misleading.

129.    In answering paragraph 129, Defendant admits the Court made the quoted remarks but denies the conclusions made by the Court.  Defendant denies the remaining allegations in the paragraph.  Defendant also denies that there was no evidence of the injuries or that the incidents happened.

130.    In answering paragraph 130, Defendant admits the Court made the quoted remarks.  Defendant denies that Plaintiff only texted her while she was in the hospital.

131.    In answering paragraph 131, Defendant admits the Court made the quoted remarks but denies the conclusions made by the Court.  Defendant denies the Court's characterization of the communications to her friends as reflecting a wrongful motive.

132.    In answering paragraph 132, Defendant denies that she testified that she deleted any material information.  Defendant denies she gave inconsistent statements about the circumstances surrounding the deletion.

133.    In answering paragraph 133, Defendant admits she deleted some direct messages before the second sexual encounter and her Twitter account when she filed the restraining order.  Defendant denies she gave inconsistent or shifting statements

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

1  about the circumstances surrounding the deletion.   Defendant lacks information and

2  belief sufficient to enable her to admit or deny the remaining allegations in this

3  paragraph, and therefore denies such allegations.

4      134.   In answering paragraph 134, Defendant lacks information and belief

5  sufficient to enable her to admit or deny what attorneys represented as a reason for

6  not being in possession of the videos or deleted materials, and therefore denies such

7  allegations.

8      135.   In answering paragraph 135, Defendant lacks sufficient information

9  and belief to admit or deny whether she testified that she "deleted everything that I

10  currently had on my phone from Trevor".  If Defendant gave the testimony at page

11  228:27-229:1, Defendant denies it was a lie.  Defendant denies she deleted messages

12  after she met with the police.  Defendant admits she testified she had taken

13  screenshots of several Instagram and text messages from Plaintiff of May 18th after

14  she was released from the hospital and met with the police.

15      136.   In answering paragraph 136, Defendant admits she testified that she

16  frequently deletes DM's and text message for matter of storage and privacy so that if

17  someone has her phone they can't look at it.  Defendant denies that testimony was

18  not credible.  Defendant admits she testified that she frequently took screenshots of

19  her messages with Plaintiff and shared those with her friends.  Defendant denies she

20  testified she shared the photos "widely".  Defendant admits she did not delete the

21  screenshots with her friends.  Defendant admits she testified that she maintains a

22  passcode on her phone to prevent unauthorized access to message and data stored on

23  her phone.  Defendant denies that the messages reviewed at the hearing with her

24  friends and cousin throughout the relevant period were not deleted from her phone.

25  Defendant denies she selectively deleted information from the phone that was

26  harmful to her claim against Plaintiff.

27      137.   In answering paragraph 137, Defendant lacks sufficient information

28  and belief to admit or deny whether Plaintiff's sought her communications with her

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  AA sponsor, or what her attorneys communicated about production of those

2  communications, and therefore denies such allegations. Defendant admits that text

3  messages during a certain period of time could not be retrieved.

4      138.  In answering paragraph 138, Defendant lacks sufficient information or

5  belief to admit or deny what the messages obtained by Plaintiff showed, and

6  therefore denies such allegations. Defendant lacks information and belief sufficient

7  to enable her to admit or deny what representations were made by her attorneys, and

8  therefore denies such allegations.

9      139.  In answering paragraph 139, Defendant denies that she made

10  deceptions about missing communications during the hearing. Defendant lacks

11  information and belief sufficient to enable her to admit or deny what representations

12  were made by her attorneys, and basing her denial on that ground, denies generally

13  and specifically the allegations about their prior representations. Defendant admits

14  to the quoted testimony, but denies the conclusions drawn in the paragraph.

15      140.  In answering paragraph 140, Defendant lacks information and belief

16  sufficient to enable her to admit or deny any of the allegations in this paragraph, and

17  therefore denies such allegations.

18      141.  In answering paragraph 141, Defendant denies the allegations.

19      142.  In answering paragraph 142, Defendant admits the allegations.

20      143.  In answering paragraph 143, Defendant admits she met with an

21  attorney on or about June 1st. Defendant admits she texted her friend about a

22  restraining order that she thought was a civil case. In responding to the quoted

23  testimony at Tr. 440:18-19, the question specifically excluded communications with

24  counsel and Defendant is not waiving her attorney-client privilege and cannot admit

25  or deny this allegation. Defendant lacks information and belief sufficient to enable

26  her to admit or deny when the letter was sent from John Fetterolf, or what

27  representations were made by her attorneys and what Defendant's attorney did

28  regarding the imaging of her phone data, and therefore denies such allegations.

144.   In answering paragraph 144, Defendant lacks information and belief sufficient to enable her to admit or deny when the District Attorney officially declined to file criminal charges against Plaintiff, and therefore denies such allegations.  Defendant admits that the District Attorney has not filed criminal charges against the Plaintiff.

145.   In answering paragraph 145, Defendant lacks information and belief sufficient to enable her to admit or deny what statements were made by District Attorney George Gascon, and therefore denies such allegations.

146.   In answering paragraph 146, Defendant lacks information and belief sufficient to enable her to admit or deny what statements were made by her attorneys to the media, and therefore denies such allegations. Defendant admits that the Court did not find clear and convincing evidence to maintain the temporary restraining order or issue a permanent restraining order, and that the District Attorney's Office has not prosecuted Plaintiff for sexual assault.

147.   In answering paragraph 147, Defendant lacks information and belief sufficient to enable her to admit or deny what statements were made by her attorneys to the media, and therefore denies such allegations.

148.   In answering paragraph 148, Defendant lacks information and belief sufficient to enable her to admit or deny what statements were made by her attorneys to the media, and therefore denies such allegations.

149.   In answering paragraph 149, Defendant lacks information and belief sufficient to enable her to admit or deny what her attorneys knew at the time they allegedly made statements to the media, and therefore denies such allegations. Defendant denies that her DVRO Petition was materially misleading or inconsistent with her testimony at the DVRO hearing, or that her "true motivation" was to gain publicity and money and to harm Plaintiff.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137

23

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

**FIRST CAUSE OF ACTION**

**(Defamation Per Se – Defendant Lindsey Hill)**

150.   In answering paragraph 150, this answering Defendant hereby incorporates by reference its responses to the paragraphs that Plaintiff restates and incorporates by reference through this paragraph.

151.   In answering paragraph 151, this answering Defendant denies that her statements to the Pasadena Police Department that Plaintiff sexually assaulted her were false, defamatory or published with malice.

152.   In answering paragraph 152, this answering Defendant denies she has made false statements to the Pasadena Police Department.

153.   In answering paragraph 153, this answering Defendant answers that this paragraph states a legal conclusion rather than factual allegations, and does not require a response. However, Defendant denies she made false statements to the Pasadena Police Department or that those statements were not privileged.

154.   In answering paragraph 154, this answering Defendant denies the allegations in the paragraph in their entirety.

155.   In answering paragraph 155, this answering Defendant denies she has made false statements.  Defendant further answers to the remaining allegations that she lacks information and belief sufficient to enable her to admit or deny the allegations and on that basis denies the allegations

156.   In answering paragraph 156, this answering Defendant denies she has made false statements.  Defendant further answers to the remaining allegations that she lacks information and belief sufficient to enable her to admit or deny the allegations and on that basis denies the allegations.

157.   In answering paragraph 157, this answering Defendant denies the allegations in the paragraph in their entirety.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137                    DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

## SECOND CAUSE OF ACTION

### (Defamation Per Se – Defendant Fred Thiagarjah)

158.   In answering paragraph 158, this answering Defendant hereby incorporates by reference its responses to the paragraphs that Plaintiff restates and incorporates by reference through this paragraph.

159.   In answering paragraph 159, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and on that basis denies the allegations.

160.   In answering paragraph 160, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and on that basis denies the allegations.

161.   In answering paragraph 161, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and on that basis denies the allegations.

162.   In answering paragraph 162, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and on that basis denies the allegations.

163.   In answering paragraph 163, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the allegations and on that basis denies the allegations.

## THIRD CAUSE OF ACTION

### (Tortious Interference with Contract and Prospective Economic Advantage – Defendant Lindsey Hill)

164.   In answering paragraph 164, this answering Defendant hereby incorporates by reference its responses to the paragraphs that Plaintiff restates and incorporates by reference through this paragraph.

165.   In answering paragraph 165, this answering Defendant lacks information and belief sufficient to enable her to admit or deny the terms of Mr.

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  Bauer's contract with the Los Angeles Dodgers Major League Baseball franchise

2  and on that basis denies the allegations.

3     166.   In answering paragraph 166, this answering Defendant admits she was

4  aware that Plaintiff had a contract with the Los Angeles Dodgers.

5     167.   In answering paragraph 167, this answering Defendant denies the

6  allegations in the paragraph in their entirety.

7     168.   In answering paragraph 168, Defendant denies that she engaged in

8  wrongful acts.  This answering Defendant lacks information and belief sufficient to

9  enable her to admit or deny whether Plaintiff was placed on administrative leave or

10  otherwise prevented from carrying out his duties, playing or practicing, and on that

11  basis denies the allegations.

12     169.   In answering paragraph 169, Defendant denies that she engaged in

13  wrongful acts.  This answering Defendant lacks information and belief sufficient to

14  enable her to admit or deny whether Plaintiff suffered financial harm and other

15  economic damages, and on that basis denies the allegations.

16  ## **FOURTH CAUSE OF ACTION**

17  ### **(Tortious Interference with Contract and Prospective Economic**

18  ### **Advantage – Defendant Lindsey Hill)**

19     170.   In answering paragraph 170, this answering Defendant hereby

20  incorporates by reference her responses to the paragraphs that Plaintiff restates and

21  incorporates by reference through this paragraph.

22     171.   In answering paragraph 168, this answering Defendant lacks

23  information and belief sufficient to enable her to admit or deny whether Plaintiff is a

24  party to business contracts and sponsors as a result of his affiliation with the Los

25  Angeles Dodgers, and on that basis denies the allegations.

26     172.   In answering paragraph 172, this answering Defendant refuses to

27  respond to allegations about her sexual history which are irrelevant to the Plaintiff's

28  claims and only asserted to shame and embarrass Defendant. Defendant admits she

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1 is a long-time baseball fan who worked at one time for the San Diego Padres, and
2 that she was generally aware that Major League Baseball franchise players may
3 have business contracts with sponsors.

4      173.   In answering paragraph 173, this answering Defendant the allegations
5 in the paragraph in their entirety.

6      174.   In answering paragraph 174, this answering Defendant denies that she
7 made a false report to the Pasadena Police Department or engaged in any other
8 "wrongful acts." This answering Defendant lacks information and belief sufficient to
9 admit or deny whether Plaintiff suffered financial harm from loss of revenue or
10 contracts, and on that basis denies the allegations.

11

12 ## DEFENDANT LINDSEY C. HILL'S AFFIRMATIVE DEFENSES
13 ## FIRST AFFIRMATIVE DEFENSE
14 ### (Failure to State a Claim)

15      175.   Plaintiff's Complaint fails to state facts sufficient to constitute a cause
16 of action against this answering Defendant.

17 ## SECOND AFFIRMATIVE DEFENSE
18 ### (Right to Assert Further Defenses)

19      176.   Because Plaintiff's Complaint is couched in conclusory terms, this
20 answering Defendant cannot fully anticipate all of the affirmative defenses that may
21 be applicable to the action, accordingly, the right to assert additional affirmative
22 defenses, if and to the extent that such affirmative defenses are applicable, is hereby
23 reserved.

24 ## THIRD AFFIRMATIVE DEFENSE
25 ### (Failure to Mitigate Damages)

26      177.   Plaintiff has failed to mitigate his damages, which damages are denied
27 to exist.

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Good Faith and Reasonable Cause)

178.   Plaintiff's Complaint was not filed, is not maintained in good faith, and with reasonable cause.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

179.   This answering Defendant asserts that any recovery on Plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Plaintiff's comparative fault.

## SIXTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

180.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, this answering Defendant alleges that the lawsuit is barred by the litigation privilege embodied in California Civil Code § 47(b) and under state and federal common law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Truth/Substantial Truth is a Defense)

181.   As a separate and affirmative defense to the Complaint, Defendant asserts that the allegations made against Plaintiff and publications regarding the sexual assault were truthful.

## EIGHTH AFFIRMATIVE DEFENSE

### (Opinion Not Actionable)

182.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant is informed and believes and thereon alleges that publications alleged in the Complaint were opinion.

## NINTH AFFIRMATIVE DEFENSE

### (Limitations on Punitive Damages)

183.   As a separate and affirmative defense to the Complaint and each

1  purported cause of action contained therein, this answering Defendant alleges that if

2  Plaintiff produces clear and convincing evidence against this answering Defendant

3  sufficient to satisfy the requirements for punitive damages under California Civil

4  Code, Section 3294, any punitive damages awarded must be reasonable in terms of

5  the following guideposts set forth by the *United States Supreme Court in BMW of*

6  *North America. Inc. v. Ira Gore. Jr*.: (1) the degree of reprehensibility of the

7  Defendant's conduct; (2) the actual harm inflicted on Plaintiff; and (3) the civil or

8  criminal penalties that could be imposed for comparable misconduct.

9  ## TENTH AFFIRMATIVE DEFENSE

10  ### (Unclean Hands)

11  184. As a separate affirmative defense to the Complaint and each purported

12  cause of action contained therein, this answering Defendant alleges that Plaintiff is

13  barred in whole or in part from prosecuting the purported causes of action set forth

14  in the Complaint by the doctrine of unclean hands.

15  ## ELEVENTH AFFIRMATIVE DEFENSE

16  ### (*in pari delicto*)

17  185. As a separate affirmative defense to the Complaint and each purported

18  cause of action contained therein, this answering Defendant alleges that the claims

19  therein are barred by the doctrine of *in pari delicto.*

20  ## TWELFTH AFFIRMATIVE DEFENSE

21  ### (Contributory Negligence)

22  186. As a separate affirmative defense to the Complaint and each purported

23  cause of action contained therein, this answering Defendant alleges that the injuries

24  and damages alleged in the Complaint by Plaintiff occurred, were proximately

25  caused by and/or were contributed to by Plaintiff's own acts or failures to act and

26  that Plaintiff's recovery, if any, should be reduced by an amount proportionate to the

27  amount by which said acts caused or contributed to said alleged injury or damages.

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Retaliation)

187.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, this answering Defendant alleges that the lawsuit was brought in retaliation against Defendant for reporting the sexual assault to the police.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Public Concern)

188.   The Complaint, and each and every claim stated therein, is barred as the alleged statements relate to a matter of public concern and Plaintiffs have not suffered any actual injury and/or Defendant did not act with malice.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Public Figure)

189.   The Complaint, and each and every claim stated therein, is barred as Plaintiff is a public figure, or at least a limited purpose public figure, and Defendant did not make any alleged defamatory statements with malice.


WHEREFORE, this answering Defendant prays that:

188.   Plaintiff takes nothing by reason of his Complaint;

189.   Plaintiff's Complaint be dismissed with prejudice;

190.   Defendant recover her costs of suit; and

191.   Defendant be awarded such further relief as the Court deems just and proper.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137
DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

DATED:  July 19, 2022                              WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137                              DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 29 Orchard Road, Lake Forest, CA 92630.

On July 19, 2022, I served true copies of the following document(s) described as **DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 19, 2022, at Lake Forest, California.

/s/ CHELSEA ANDERSON
Chelsea Anderson

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT

**SERVICE LIST**
**Bauer v. Hill**
**MER-5137**

| | |
|---|---|
| Shawn C. Holley, Esq.<br>Kate E. Mangels, Esq.<br>Kinsella Weitzman Iser Kump &<br>Aldiser<br>808 Wilshire Blvd, Fl 3<br>Santa Monica, CA  90401-1889<br>Phone: 310-566-9822<br>Fax: 310-566-9850<br>E-Mail: sholley@kwikhlaw.com ;<br>kmangels@kwikalaw.com | Attorney for Plaintiff, Trevor Bauer |
| Blair G. Brown, Esq.<br>Jon R. Fetterolf, Esq<br>Zuckerman Spaeder LLP<br>1800 M. Street, N. W. Suite 1000<br>Washingtion, D.C  20036<br>Phone: 202-778-1800<br>Fax: 202-882-8106<br>E-Mail: bbrown@zuckerman.com;<br>ifetterolf@zuckerman.com | Attorney for Plaintiff, Trevor Bauer |
| David D. Samani, Esq.<br>Lewis Brisbois<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA  90071<br>Phone: (213) 580-6300<br>E-Mail:<br>David.Samani@lewisbrisbois.com | Attorney for Defendant, Niranjan Fred<br>Thiagarajah |

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1643071-1 MER-5137

DEFENDANT LINDSEY C. HILL'S ANSWER TO COMPLAINT