Bryan J. Freedman, Esq. (SBN: 151990)
bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Defendant and Counterclaimant Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>        Plaintiff,<br><br>vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>        Defendant. | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>[Assigned to Judge: Hon. James V. Selna]<br><br>**COUNTERCLAIMS OF LINDSEY C. HILL**<br><br>**JURY TRIAL DEMANDED** |
| LINDSEY C. HILL,<br><br>        Counterclaimant,<br><br>vs.<br><br>TREVOR BAUER,<br><br>        Counterdefendant. | Action Filed: April 25, 2022<br>Trial Date: None Set |

COUNTERCLAIMS OF LINDSEY C. HILL

Defendant and Counterclaimant Lindsey Hill ("Hill") hereby claims and alleges as follows:

## INTRODUCTION

1. Some men believe they are above the law. Like so many other women, Lindsey Hill's life has been turned into a nightmare by a powerful man who mercilessly battered her and counted on facing no consequences whatsoever for his despicable conduct. Last year, disgraced Major League Baseball player Trevor Bauer ("Bauer") violently and sadistically abused Hill in the most appalling manner imaginable, sexually battering and battering a defenseless woman. Hiding behind his wealth and status, Bauer engaged in acts of such utter depravity that Hill will bear the scars for the rest of her days. Shamelessly, Bauer has again victimized Hill by leveraging his considerable resources to file a meritless lawsuit based on Hill's exercise of her legal rights in speaking with the proper authorities about what had happened. Bauer's disgraceful message is clear: battered women should remain silent, because neither the police nor the courts will protect them from a rich man scorned. Hill will not allow Bauer to again turn her into a victim – she is a survivor and she will overcome Bauer's latest assault on her dignity. Hill now brings this action to show her abuser that **he** must, at long last, answer for his unlawful abuse.

2. Bauer's horrific pattern of sexual abuse speaks for itself. Bauer violently sexually battered and battered Hill on two separate occasions. During the first battery on April 22, 2021, Bauer used Hill's hair to choke Hill to a point of unconsciousness. When Hill was regaining consciousness, she awoke to discover Bauer anally penetrating her. Hill did not consent to having anal sex. Moreover, while Hill initially consented to being choked, she did not consent to the excessive and dangerous choking that followed – being choked to the point of unconsciousness.

3. During the second battery on May 16, 2021, Bauer again used Hill's hair to twice choke Hill to a point of unconsciousness. When Hill was regaining consciousness the first time, she awoke to Bauer forcefully and repeatedly punching

her in the face with a closed fist. When Hill was regaining consciousness the second time, she awoke to Bauer spreading her knees to expose her vagina. Bauer then began to forcefully and repeatedly punch Hill's vagina and groin area with a closed fist. At some point while Hill was unconscious, Bauer also forcefully hit Hill in her buttocks. Hill did not consent to being seriously injured by Bauer. Hill did not consent to Bauer forcefully punching her in her face, buttocks, and vagina and groin area. While Hill initially consented to being choked, she did not consent to the excessive and dangerous choking that followed.

4.  Taking advantage of his immense wealth, Bauer and his representatives have since engaged in an organized smear campaign to falsely and maliciously denigrate Hill and other victims. Bauer has stridently and falsely denied that he sexually battered and battered Hill and others. In one online video entitled "The Truth", Bauer categorically denied, among other things, that he ever punched Hill in the face or vagina. Tellingly, Bauer did **not** deny punching Hill in the buttocks or choking her to the point of unconsciousness. Of equal importance, Bauer apparently forgot that during a telephone call recorded by the Pasadena Police Department, Bauer tacitly admitted to punching Hill in the face and vagina. During the phone call when Hill discussed that Bauer had punched her in the face and vagina, Bauer never denied that he had done so.

5.  After Bauer violently battered Hill, two other victims have come forward with information about how they were also battered by Bauer in similar fashion. Upon information and belief, these victims establish that Hill was not alone, and that Bauer has a propensity for violence towards women without their consent after they have been choked unconscious while having sex.

6.  Upon information and belief, Bauer choked one punched Ohio victim during sex without her consent. Upon information and belief, photographs of that victim show bruises to her face from Bauer striking her without her consent during sex in 2018. Upon information and belief, Bauer also sent messages to that victim

through Snapchat stating as follows: "Like the only reason I'd ever consider seeing you again is to **choke you unconscious punch you in the face shove my first up your ass** skull f--- you and kick you out naked. And obviously I would never do something like that to anyone. So cant even enjoy the one thing I sometimes enjoyed with you." (Emphasis added).

7. Upon information and belief, Bauer also choked another Ohio victim unconscious without her consent on multiple occasions. Upon information and belief, Bauer also slapped that victim without her consent and anally penetrated her while she was unconscious. Upon information and belief, Bauer sent that victim a text message stating: "I want to **f--- you while you're completely unconscious**." (Emphasis added).

8. As part of Bauer's public relations blitz prior to appealing the 324 game suspension imposed by Major League Baseball, on April 25, 2022, Bauer filed a defamation lawsuit against Hill. Hill now asserts these compulsory counterclaims against Bauer. Through this lawsuit, Hill seeks justice for the acts of brutality committed by Bauer.

## PARTIES

9. Hill is an individual residing in San Diego, California.

10. Upon information and belief, Bauer is an individual residing in Los Angeles County, California.

11. This Court has personal jurisdiction over Bauer in that he conducted business in this District, he resides in this District, the wrongful acts alleged in this Counterclaim occurred in this District and Bauer filed this lawsuit in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims alleged herein occurred in this District.

///
///

COUNTERCLAIMS OF DEFENDANT LINDSEY C. HILL

**COMMON ALLEGATIONS**

**I.      The April 22 Incident**

13.    In or around April 2021, Hill and Bauer began communicating through social media. In April 2021, Hill and Bauer made plans to meet in person at Bauer's home in Pasadena, California.

14.    On or about April 21, 2021, Hill met Bauer at his home.

15.    After talking for several hours, during the the early morning of April 22, 2021, Hill and Bauer began having vaginal sex.

16.    At a certain point, Bauer stopped having vaginal sex with Hill, and flipped Hill onto her stomach. After flipping Hill onto her stomach, Bauer wrapped Hill's hair around her neck, and used Hill's hair to choke her unconscious.

17.    When Hill regained consciousness, she was lightheaded, dizzy, confused, nauseous and could barely move her body. Hill also had difficulty speaking.

18.    When Hill regained consciousness, to her shock, she realized that Bauer was having anal sex with her. Bauer was doing so in a forceful and violent manner that was causing Hill to experience severe pain.

19.    Hill had never provided Bauer with permission to have anal sex. Moreover, because Hill was unconscious when Bauer began having anal sex with Hill, Hill did not – because she could not – consent to having such anal sex.

20.    After regaining consciousness, Hill asked Bauer to stop having anal sex with her. Bauer stopped.

21.    After Bauer stopped having anal sex with Hill, Hill continued to experience severe pain, especially in her anus. Hill also continued to feel lightheaded and had a headache.

22.    After Bauer stopped having anal sex with Hill, Hill walked to the bathroom. While in the bathroom, Hill discovered that she was bleeding from her anus.

///

## II. The May 16 Incident

23. Following the April 22 incident, Hill and Bauer stayed in contact. They subsequently made plans to meet again in person at Bauer's home.

24. On or about May 16, 2021, Hill met Bauer at his home around or shortly after midnight.

25. Later in the early morning of May 16, Hill and Bauer began having vaginal sex.

26. While having vaginal sex, Bauer flipped Hill onto her stomach. After flipping Hill onto her stomach, Bauer wrapped Hill's hair around her neck, and used Hill's hair to choke her to the point that she could not breathe and became unconscious.

27. When Hill began regaining consciousness, she was severely disoriented, nauseous and dizzy. Hill could not talk and could barely move her body.

28. When Hill began regaining consciousness, Bauer began to forcefully and repeatedly punch Hill in the face with a closed fist. This caused Hill to experience extreme pain.

29. Bauer then flipped Hill onto her stomach, and again used Hill's hair to choke her unconscious for a second time.

30. When Hill began regaining consciousness after being choked unconscious for the second time, Hill was even more disoriented and was in severe pain.

31. While Hill was trying to regain consciousness, Bauer then spread Hill's knees to expose her vagina. At that point, Bauer began using a closed fist to forcefully and repeatedly punch Hill's vagina and groin area. Hill's pain was excruciating.

32. After Hill was able to partially utter a previously agreed upon "safe word," Bauer stopped.

33. At some point while Hill was unconscious during the May 16 incident, Bauer also forcefully punched Hill in the buttocks. Following the May 16 incident,

Bauer told Hill that he had done so. Hill also had pain and bruising on her buttocks from where Bauer had punched her.

34. Hill was hospitalized as a result of the injuries she suffered from Bauer during the May 16 incident.

### III. The Police Call

35. After being released from the hospital following the May 16 incident, Hill met with the Pasadena Police Department (the "PPD") and began cooperating with the PPD's investigation of Bauer. The PPD requested that Hill call Bauer about the May 16 incident (the "Police Call"). The PPD officers, who were with Hill during the Police Call, directed Hill as to what to say and ask during the call. The PPD recorded the Police Call.

36. During the Police Call, Hill discussed being punched, which resulted in black eyes, being punched in the top of her vagina, and that they had not talked about those things before Bauer had engaged in such conduct. Bauer did not dispute that he had punched Hill and that doing so resulted in black eyes. Bauer did not dispute that he punched Hill in the top of her vagina. Further, Bauer stated that he "understand[s] that" and "understand[s]" how Hill feels that way.

37. During the Police Call, Hill discussed being punched hard and being bruised. When asked how he thought that was "okay", Bauer stated, among other things, that he should have "clarified that", talked to Hill "more about it" and gotten on the "same page with [Hill] about that."

38. During the Police Call, Hill further discussed that she did not want the "punching thing." Again, Bauer did not dispute that he had punched Hill. Instead, Bauer stated that " I feel your pain" and that he would "never get to that point again."

39. During the Police Call, Hill asked Bauer how many times he hit her head in the context of Hill's discussion about "punching" and a "concussion." Again, Bauer did not dispute hitting Hill in the head. Rather, Bauer responded by stating, in pertinent part, that: "I'm not sure. It wasn't that many."

40. During the Police Call, Hill asked Bauer if he knew how hard he had hit her based off the concussion. Again, Bauer did not dispute hitting Hill. Again, Bauer stated in pertinent part that " it is not something that will ever – happen again".

## FIRST CAUSE OF ACTION

**(Sexual Battery in Violation of Cal. Civ. Code § 1708.5 Against Bauer)**

41. Hill repeats and realleges by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

42. On April 22, 2021, Bauer committed acts of civil sexual battery towards Hill in violation of Cal. Civ. Code Section 1708.5. Bauer intended to cause a harmful and/or offensive contact with Hill's intimate part, and as a result, Bauer contacted Hill in a sexually offensive and harmful manner. Specifically, Bauer intentionally and forcefully had anal sex with Hill after he choked her unconscious.

43. Hill did not consent to Bauer having anal sex with her, especially in such a violent and forceful manner. Because Hill was unconscious when Bauer began having anal sex with Hill, she did not consent to having such anal sex.

44. Hill was harmed and offended from such anal sex. As a direct and/or proximate result of Bauer's sexual battery as alleged hereinabove, Hill has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the jurisdictional minimum of this Court according to proof at trial.

45. On or about May 16, 2021, Bauer committed acts of civil sexual battery towards Hill in violation of Cal. Civ. Code Section 1708.5. Bauer intended to cause a harmful and/or offensive contact with Hill's intimate parts, and as a result, Bauer contacted Hill in a sexually offensive and harmful manner. Specifically, Bauer intentionally and forcefully struck Hill's vagina and groin area after he choked her unconscious. Bauer also intentionally and forcefully struck Hill's buttocks after he choked her unconscious.

46. Hill did not consent to Bauer forcefully striking her in her vagina and groin area. Hill did not consent to Bauer forcefully striking her in her buttocks.

47. Hill was harmed and offended by being forcefully struck in her buttocks and vagina and groin area by Bauer. As a direct and/or proximate result of Bauer's sexual battery as alleged hereinabove, Hill has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the jurisdictional minimum of this Court according to proof at trial.

48. As a direct and/or proximate result of Bauer's sexual battery as alleged hereinabove (excluding the anal sex), Hill has suffered economic harm, loss of earnings, and other damages, all in an amount that exceeds the jurisdictional minimum of this Court, according to proof at trial.

49. Bauer's sexual battery was willful, wanton, and malicious. When committing sexual battery towards Hill, Bauer acted with conscious disregard of Hill's rights and feelings. Bauer also acted with the knowledge of or with reckless disregard for the fact that his sexual battery was certain to cause injury and/or humiliation to Hill. Upon information and belief, Bauer intended to cause fear, physical injury and/or pain and suffering to Hill. Specifically, Bauer must have known that forcefully striking Hill in the buttocks and vagina and groin area would cause fear, physical injury and/or pain and suffering to Hill. Bauer must have known that forcefully having violent anal sex with Hill would cause fear, physical injury and/or pain and suffering to Hill. Consequently, Hill is entitled to recover punitive and exemplary damages from Bauer according to proof at trial.

## SECOND CAUSE OF ACTION
**(Battery Against Bauer)**

50. Hill repeats and realleges by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

51.     On or about April 22, 2021, Bauer touched Hill with the intent to harm and/or offend Hill.  Specifically, Bauer intentionally and forcefully and violently had anal sex with Hill after he choked her unconscious.  Bauer also excessively choked Hill to a point of unconsciousness in a dangerous manner.

52.     Hill did not consent to Bauer having anal sex with her, especially in such a violent and forceful manner.  Because Hill was unconscious when Bauer began having anal sex with Hill, she did not consent to having anal sex.  Moreover, while Hill initially consented to being choked, she did not consent to the excessive and dangerous choking that followed.

53.     A reasonable person in Hill's situation would have been offended by such violent anal sex, and being excessively choking her to a point of unconsciousness in a dangerous manner.

54.     Hill was harmed and offended by the violent and forceful anal sex.  Hill was also harmed and offended by being excessively choking her to a point of unconsciousness in a dangerous manner.  As a direct and/or proximate result of Bauer's battery as alleged hereinabove, Hill has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the jurisdictional minimum of this Court according to proof at trial.

55.     On or about May 16, 2021, Bauer touched Hill with the intent to harm and/or offend Hill.  Specifically, Bauer forcefully struck Hill in her face, buttocks, and vagina and groin area after he choked her unconscious.  Bauer also excessively choked Hill to a point of unconsciousness in a dangerous manner.

56.     Hill did not consent to Bauer forcefully striking her in her face, buttocks, and vagina and groin area.  While Hill initially consented to being choked, she did not consent to the excessive and dangerous choking that followed.

57.     A reasonable person in Hill's situation would have been offended by Bauer forcefully striking her in the face, buttocks, vagina and groin area, and

1  excessively choking her to a point of unconsciousness in a dangerous manner.

2  58.  Hill was harmed and offended by being forcefully struck in her face, buttocks, and vagina and groin area by Bauer. Hill was also harmed and offended by being excessively choking her to a point of unconsciousness in a dangerous manner. As a direct and/or proximate result of Bauer's battery as alleged hereinabove, Hill has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the jurisdictional minimum of this Court according to proof at trial.

59.  As a direct and/or proximate result of Bauer's battery as alleged hereinabove (excluding the anal sex), Hill has suffered economic harm, loss of earnings, and other damages, all in an amount that exceeds the jurisdictional minimum of this Court, according to proof at trial.

60.  Bauer's battery was willful, wanton, and malicious. When touching Hill as alleged above, Bauer acted with conscious disregard of Hill's rights and feelings. Bauer also acted with the knowledge of or with reckless disregard for the fact that his battery was certain to cause injury and/or humiliation to Hill. Upon information and belief, Bauer intended to cause fear, physical injury and/or pain and suffering to Hill. Specifically, Bauer must have known that forcefully striking Hill in the face, buttocks and vagina and groin area would cause fear, physical injury and/or pain and suffering to Hill. Bauer must have known that forcefully having violent anal sex with Hill would cause fear, physical injury and/or pain and suffering to Hill. Bauer must have known excessively choking Hill to a point of unconsciousness in a dangerous manner would cause fear, physical injury and/or pain and suffering to Hill. Consequently, Hill is entitled to recover punitive and exemplary damages from Bauer according to proof at trial.

WHEREFORE, Hill prays for judgment in her favor against Bauer as follows:

### ON THE FIRST CAUSE OF ACTION

1.  For general and special damages according to proof;

| | | |
|---|---|---|
| 2. | For punitive and exemplary damages according to proof; |
| 3. | For pre-judgment interest at the maximum rate permitted by law; |
| 4. | For costs of suit incurred in this action; |
| 5. | For such other and further relief as this Court may deem just and proper. |

**ON THE SECOND CAUSE OF ACTION**

1. For general and special damages according to proof;
2. For punitive and exemplary damages according to proof;
3. For pre-judgment interest at the maximum rate permitted by law;
4. For costs of suit incurred in this action;
5. For such other and further relief as this Court may deem just and proper.

DATED: August 9, 2022            FREEDMAN + TAITELMAN, LLP


By:   /s/ Bryan J. Freedman
      Bryan J. Freedman, Esq.
      Jesse A. Kaplan, Esq.
      Attorneys for Defendant and
      Counterclaimant, Lindsey C. Hill