KINSELA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff Trevor Bauer*

WESIERSKI & ZUREK LLP
Christopher P. Wesierski [Bar No. 086736]
cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
bsmith@wzllp.com
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (SBN: 151990)
bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
jkaplan@ftllp.com
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

*Attorneys for Defendant Lindsey C. Hill*

JOINT RULE 26(F) REPORT
CASE NO. 8:22-CV-00868-JVS-ADS

LEWIS BRISBOIS
BISGAARD & SMITH LLP
Kenneth C. Feldman (Bar No. 130699)
David D. Samani (Bar. No. 280179)
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800
Fax: (213) 250-7900
Ken.Feldman@lewisbrisbois.com
David.Samani@lewisbrisbois.com

*Attorneys for Defendant*
*Niranjan Fred Thiagarajah*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>                Plaintiff,<br><br>        v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>                Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date: August 29, 2022<br>Time: 10:30 a.m.<br>Place: Courtroom 10C<br><br>Action Filed: April 25, 2022 |

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, and this Court's July 19, 2022 Order Setting Rule 26(f) Scheduling Conference (ECF No. 31), Plaintiff Trevor Bauer and Defendants Lindsey C. Hill and Niranjan Fred Thiagarajah (collectively, "Defendants"), by and through their respective counsel of record, hereby respectfully submit the following joint report:

## Joint Rule 26(f) Report

### A. Synopsis

*Plaintiff's Synopsis*: Plaintiff Trevor Bauer—a Major League Baseball player for the Los Angeles Dodgers—filed this Complaint on April 25, 2022 (ECF No. 1) alleging claims for defamation per se against both Defendants and claims for tortious interference with contract and prospective economic advantage against Ms. Hill. Mr. Bauer alleges that Ms. Hill fabricated allegations of sexual assault against him and reported those false claims to, among others, the police and the media. Mr. Bauer also alleges that Ms. Hill's attorney, Mr. Thiagarajah, aided Ms. Hill in her efforts to publicize her false accusations by making false and defamatory comments about Mr. Bauer to the media.

The factual allegations of Mr. Bauer's Complaint are summarized as follows: Mr. Bauer and Ms. Hill met twice at his residence for the purpose of having sex. During their first sexual encounter, Ms. Hill disclosed her sexual preference for rough sex, which the two then engaged in. Afterwards, Ms. Hill pursued Mr. Bauer so she could have sex with him again, but this time, she told Mr. Bauer that she wanted a rougher sexual experience. During their second sexual encounter, the two engaged in the consensual rougher sex that Ms. Hill requested. Two days later, Ms. Hill made a false report to the Pasadena Police Department ("PPD") in which she accused Mr. Bauer of sexual assault and described violent conduct that did not occur. Shortly thereafter, the PPD questioned the veracity of her allegations. Ms. Hill then filed a Petition for a Domestic Violence Restraining Order ("DVRO") that echoed the false police report. At the DVRO hearing, Ms. Hill's allegations were revealed to be false.

Following four days of testimony, the court concluded that Mr. Bauer did not abuse or assault Ms. Hill nor did he engage in nonconsensual sex with her. The court ultimately determined that Ms. Hill's DVRO petition was "materially misleading." Evidence developed in connection with the DVRO hearing revealed that Ms. Hill was motivated by desires to negatively influence Mr. Bauer's baseball performance, destroy his career, garner public attention, and extort Plaintiff for a financial settlement. The District Attorney's Office later announced that it would not prosecute Mr. Bauer for any crime arising from Ms. Hill's allegations, stating that it made its decision "after a thorough review of all the available evidence," and specifically noting Ms. Hill's failure to meet the "very low" standard for obtaining a restraining order.

Mr. Bauer also alleges that following the District Attorney's declination, Mr. Thiagarajah lied to the news media about the evidence at the DVRO proceeding and the judge's ruling, falsely stating that Mr. Bauer "just brutalized" Ms. Hill and that the conduct Ms. Hill alleged was established with "100 percent certainty." Due to Ms. Hill's false allegations, Mr. Bauer was placed on administrative leave from the Dodgers and was not permitted to practice or play for the remainder of the 2021 season or the 2022 season thus far.

Ms. Hill filed her Answer to the Complaint on July 19, 2022. ECF No. 34. On August 9, 2022, Ms. Hill filed a Counterclaim against Mr. Bauer for sexual battery and battery based on the two encounters between Mr. Bauer and Ms. Hill that were litigated in the Domestic Violence Restraining Order proceeding in California Superior Court. ECF No. 36. Notwithstanding the state court judge's findings that there was no act of abuse, no domestic violence, no sexual assault, or other nonconsensual sexual activity by Mr. Bauer, Ms. Hill now reasserts her claims that Mr. Bauer went beyond the bounds of consent in their two sexual encounters.

1         *Defendant Hill's Synopsis*: This matter involves the sexual battery and battery of Defendant Lindsey C. Hill by Plaintiff Trevor Bauer. The sexual battery and battery arose out of two separate sexual encounters.

        The first battery occurred on April 22, 2021. The sexual encounter began as consensual but turned non-consensual when Mr. Bauer choked Ms. Hill to the point of unconsciousness and then anally penetrated her without consent while she was unconscious. Ms. Hill did not consent to having anal sex. Moreover, while Ms. Hill initially consented to being choked, she did not consent to the excessive and dangerous choking that followed – being choked to the point of unconsciousness.

        The second battery occurred on May 16, 2021. Again, the sexual encounter began as consensual but turned non-consensual when Mr. Bauer again choked Ms. Hill to the point of unconsciousness and then repeatedly punched her in the face, vagina/groin area, and buttocks without consent and while she was in and out of unconsciousness. Ms. Hill did not consent to being seriously injured by Mr. Bauer. Ms. Hill did not consent to Mr. Bauer forcefully punching her in her face, buttocks, and vagina and groin area. While Ms. Hill initially consented to being choked, she did not consent to the excessive and dangerous choking that followed.

        Ms. Hill was hospitalized as a result of the injuries she suffered from Mr. Bauer during the May 16, 2021, incident. Ms. Hill informed the staff regarding the sexual trauma she had endured. Because the implication of sexual violence, and diagnosis of an "acute head injury", created an automatic referral to San Diego Police ["SDPD"]. Ms. Hill was later taken to Palomar Health Center to achieve a "SART" report by a qualified sexual-assault-response-team nurse to catalog her injuries.

        Alerted as to events that had occurred within its jurisdiction, on May 18th officers from Pasadena's Police Dept. ["PPD"] travelled to San Diego to interview Ms. Hill regarding the incident at her parents' home. Ms. Hill met with the Pasadena Police Department and began cooperating with the investigation of Mr. Bauer.

Fearful that her cooperation with the police would result in more violence from Mr. Bauer, Ms. Hill sought a Domestic Violence Restraining Order. In response, Mr. Bauer's representatives engaged in an organized smear campaign to falsely and maliciously denigrate Ms. Hill claiming that her allegations of sexual battery were false. The hearing on the DVRO occurred in Los Angels Superior Court from August 16th-19th. The Court ultimately declined to extend Ms. Hill's DVRO.

On April 25, 2022, Mr. Bauer filed the instant Complaint against Defendant Hill and her attorney Defendant Niranjan Fred Thiagarajah. The Complaint asserts claims against Defendant Hill for defamation and tortious interference with contract and prospective economic advantage.

On August 9, 2022, Ms. Hill filed her compulsory counterclaims against Bauer for sexual battery in violation of Cal. Civ. Code §1708.5 and battery.

*Defendant Thiagarajah's Synopsis*: Mr. Thiagarajah denies that he defamed Plaintiff. Mr. Thiagarajah contends that his at-issue statements to the *Washington Post* are nonactionable opinion. Furthermore, to the extent the statements could be deemed factual, Mr. Thiagarajah asserts that Plaintiff cannot establish the necessary element of falsity. Mr. Thiagarajah further asserts that Plaintiff cannot establish actual malice on the part of Mr. Thiagarajah, and that his statements are subject to California's fair and true report privilege, as well as the fair comment doctrine.

**B.     Legal Issues**

The primary legal issues are:

(i) whether the Court has subject matter jurisdiction over this case and whether there is "diversity jurisdiction";

(ii) whether the doctrine of collateral estoppel prevents Ms. Hill from litigating the issue of whether a sexual battery occurred and also mandates dismissal of Ms. Hill's counterclaim;

(iii) whether Mr. Bauer sexually battered and battered Ms. Hill;

(iv) whether Ms. Hill made any defamatory statements to the police;

(v) whether Ms. Hill's statements to the police are privileged;

(vi) whether Mr. Thiagarajah's at-issue statements are factual in nature, and whether the fair and true report privilege applies to his statements.

### C. Damages

Mr. Bauer expects to prove economic damages and presumed damages for defamation per se. Mr. Bauer expects these damages will be in at least the eight-figure range. Mr. Bauer also seeks punitive damages. Mr. Bauer expressly reserves the right to supplement his disclosure regarding his damages, in part because they are increasing.

Ms. Hill expects to prove economic and non-economic damages in at least the seven-figure range. Ms. Hill is also seeking punitive damages in her counterclaim.

### D. Insurance

Ms. Hill is insured under a policy of insurance with California Automobile Insurance Company with limits of $300,000 for personal liability. There is a reservation of rights.

Mr. Thiagarajah is being defended under a policy from his professional liability insurance carrier, Lawyers' Mutual Insurance Company.

### E. Motions

The parties agree that it is unlikely that there will be a motion seeking to (i) add other parties or claims, (ii) file amended pleadings, or (iii) transfer venue. However, should the Court find any merit to Mr. Thiagarajah's pending Special Motion to Strike (ECF. No. 32) that could be cured by amendment, Mr. Bauer reserves the right to file an amended pleading.

### F. Discovery and experts

The parties will have served their initial disclosures pursuant to Rule 26(a) on August 22, 2022. The parties do not contend that any changes in the disclosures under Rule 26(a) should be made.

The parties contend that the subjects on which discovery may be needed include, but are not limited to: (i) the information and statements Ms. Hill provided to PPD; (ii) what occurred between Mr. Bauer and Ms. Hill; (iii) Ms. Hill's communications with third parties about Mr. Bauer; (iv) Defendant Thiagarajah's statements to news media; (v) Mr. Bauer's alleged damages, and (vi) should Ms. Hill's counterclaim survive, Ms. Hill's alleged injuries and damages; (vii) whether Mr. Bauer has battered or sexually battered others; (viii) Mr. Bauer's communications, statements and testimony about what happened with Ms. Hill.

Defendant Hill intends to serve written discovery upon Plaintiff and to take depositions of Mr. Bauer and key witnesses. Subjects of discovery that will be required by Ms. Hill are Mr. Bauer's damages, including his contracts and endorsements and the reason for their termination/loss. Counsel for Ms. Hill anticipates the need for to take depositions of all the percipient witnesses, which will exceed the Federal Rules of Civil Procedure. Defendant Hill does not know the number of contracts or endorsements Mr. Bauer is alleging have been lost. At a minimum at least one deposition for each contract or endorsement alleged lost will be necessary. Counsel for Ms. Hill also intends to conduct discovery regarding the reasons for Mr. Bauer's suspension from Major League Baseball. On information and belief, Mr. Bauer has been accused of similar previous sexual impropriety by two other women and other bad acts that caused or contributed to his suspension and that are relevant to the issue of substantial truth.

Mr. Bauer contends that his sexual history with anyone other than Ms. Hill is irrelevant to this litigation. He contends that there already exists a final judgment on the merits from the California Superior Court as to what occurred between Mr. Bauer and Ms. Hill during their two sexual encounters that establishes the substantial truth that no battery occurred and has preclusive effect.

The parties agree that discovery should be conducted in two phases: (1) fact discovery; and (2) expert discovery. The parties do not agree that the number of

interrogatories set forth in the Federal Rules of Civil Procedure should apply in this case and that the number of depositions of fact witnesses should be limited to ten for Plaintiff and ten for Defendants.

Defendant Hill anticipates that there will be more than 10 depositions of fact witnesses.

The parties have not served any discovery requests on each other or taken any depositions to date.

Regarding expert witnesses and reports, the parties have proposed disclosing expert witnesses according to the schedule set forth in Exhibit A of this report.

### G. Dispositive motions

The parties anticipate the filing of cross-motions for summary judgment related to the issues of liability. In particular, Hill anticipates bringing an anti-SLAPP motion under California Code of Civil Procedure § 425.16 as a motion for summary judgment. *See Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016). That motion would be directed towards Mr. Bauer's affirmative claims.

### H. Settlement and settlement mechanism

The parties have not participated in any formal settlement mechanism, nor have they had any informal settlement discussions. Pursuant to Local Rule 16-15.4, the parties agree to select ADR Procedure No. 2.

### I. Trial estimate

Plaintiff estimates that the jury trial in this case will take approximately five days.

Plaintiff anticipates calling six to eight fact witnesses and three to four expert witnesses. Plaintiff reserves all rights to call more witnesses if information comes to light during discovery indicating that further individuals have relevant knowledge of the claims at issue.

Defendant Hill estimates that the jury trial will be approximately eight days.

Defendant Hill estimates at least four expert witnesses and ten to fifteen fact witnesses. Defendant Hill reserves all rights to call more witnesses if information comes to light during discovery indicating that further individuals have relevant knowledge of the claims at issue.

### J.   Timetable

The parties have discussed and completed a schedule of pretrial dates, attached hereto as Exhibit A.

### K.   Other issues

The parties are currently negotiating a stipulated protective order for this litigation and anticipate filing the protective order with the Court shortly.

### L.   Conflicts

Not applicable.

### M.   Patent cases

Not applicable.

### N.   Magistrates

The parties respectfully decline to have this case heard by a Magistrate Judge.

Dated: August 22, 2022

ZUCKERMAN SPAEDER LLP

*/s/ Blair G. Brown*
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

|   |   |
|---|---|
| 1 | KINSELA WEITZMAN ISER KUMP HOLLEY LLP |
| 2 | Shawn Holley (Cal. Bar No. 136811)<br>Suann MacIsaac (Cal. Bar No. 205659) |
| 3 | 808 Wilshire Boulevard., 3rd Floor<br>Santa Monica, CA 90401 |
| 4 | Tel: (310) 566-9800<br>Fax: (310) 566-9873 |
| 5 | sholley@kwikhlaw.com<br>smacisaac@kwikhlaw.com |
| 6 |   |
| 7 | *Attorneys for Plaintiff*<br>*Trevor Bauer* |

WESIERSKI & ZUREK LLP

   /s/Christopher P. Wesierski
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, CA 92630
Tel: (949) 975-1000
Fax: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP

   /s/Jesse A. Kaplan
Bryan J. Freedman (Bar No. 151990)
Jesse A. Kaplan (Bar No. 197662)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Fax: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant*
*Lindsey C. Hill*

LEWIS BRISBOIS
 BISGAARD & SMITH LLP

/s/ Kenneth C. Feldman
Kenneth C. Feldman (Bar No. 130699)
David D. Samani (Bar. No. 280179)
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800

Fax: (213) 250-7900
Ken.Feldman@lewisbrisbois.com
David.Samani@lewisbrisbois.com

*Attorneys for Defendant*
*Niranjan Fred Thiagarajah*

# **FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 22, 2022         ZUCKERMAN SPAEDER LLP

By: */s/ Blair G. Brown*
    Blair G. Brown (admitted *pro hac vice*)

*Attorney for Plaintiff
Trevor Bauer*