Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal. Bar No. 205659)
KINSELA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO STRIKE THE COMPLAINT**<br><br>Hearing Date: October 3, 2022<br>Hearing Time: 1:30 p.m.<br>Department: 10C<br><br>Action Filed: April 25, 2022 |

Plaintiff Trevor Bauer respectfully requests that the Court incorporate into Mr. Bauer's Complaint and/or take judicial notice of Exhibit A to the concurrently filed Declaration of Blair G. Brown in Support of this Request for Judicial Notice and Plaintiff's Opposition to Defendant's Special Motion to Strike the Complaint. The Court may consider certain materials outside the pleadings in ruling on Defendant's Motion to Strike: "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice [pursuant to Federal Rule of Evidence 201(b)]." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

Exhibit A is a true and correct copy of the full transcript of the hearings held in *Hill v. Bauer*, Los Angeles Superior Court Case No. 21STRO03198 on July 23, August 9, and August 16 through 19 of 2021 (the DVRO Proceeding"). The Court may consider this document as incorporated by reference in the Complaint.

The Court may properly consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Even where "the plaintiff does not explicitly allege the contents of [a] document in the complaint," a document is incorporated by reference where the plaintiff's claim depends on the contents of the document, a party attaches it to their motion on the pleadings, and the parties do not dispute authenticity. *Knievel*, 393 F.3d at 1076.

Here, the Complaint incorporates and relies on the full transcript. The Complaint cites at length to the various testimony at the DVRO Proceeding, physical evidence reviewed, as well as the statements about that evidence that the court made on the record. *See, e.g.*, Compl. ¶¶ 107–131. Plaintiff's claims depend in large part on the substance of the evidence presented and the court's findings throughout the DVRO Proceeding. Furthermore, the authenticity of the full transcript (Exhibit A) is not reasonably open to dispute; the transcripts were generated shortly after the

1  hearings were held and subsequently made available to the parties.

2  Alternatively, the Court may take judicial notice of Exhibit A for purposes of
3  determining Defendant's Special Motion to Strike. Under Federal Rule of Evidence
4  201(b)(2), a court may take judicial notice of a fact "that is not subject to reasonable
5  dispute because it . . . can be accurately and readily determined from sources whose
6  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, judicial
7  notice is appropriate because the accuracy of transcripts from proceedings of a court
8  of law, whose accuracy was sworn to by a court reporter, cannot reasonably be
9  questioned. Indeed, Mr. Thiagarajah has sought judicial notice of part of this
10 transcript. While Plaintiff objects to that request on completeness grounds, no party
11 questions the accuracy of the transcripts themselves. Furthermore, this Court has
12 recognized that "the content of court files is a proper subject for judicial notice under
13 Rule 201(d)." *Mid-century Ins. Co. v. Wells Fargo Bank, N.A.*, No. SACV041341,
14 2006 WL 8443998, at *1 (C.D. Cal. Sept. 26, 2006), *aff'd sub nom.*, *Mid-Century
15 Ins. Co. v. Wells Fargo Bank NA*, 280 F. App'x 594 (9th Cir. 2008) (Selna, J.).

16 Accordingly, Plaintiff respectfully requests that the Court grant his request and
17 take judicial notice of Exhibit A to the Declaration of Blair G. Brown in Support of
18 Plaintiff's Request for Judicial Notice.

| | | |
|---|---|---|
| Dated: | August 23, 2022 | /s/ *Blair G. Brown* |

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal. Bar No. 205659)
KINSELA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com