KINSELA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>　　　　　Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**PLAINTIFF TREVOR BAUER'S OPPOSITION TO DEFENDANT NIRANJAN FRED THIAGARAJAH'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: October 3, 2022<br>Hearing Time: 1:30 p.m.<br>Department: 10C<br><br>Action Filed: April 25, 2022 |

1   In support of his Special Motion to Strike, Defendant Niranjan Fred Thiagarajah ("Mr. Thiagarajah") requests that the Court take judicial notice of seven documents. However, his request is inappropriate as to six of those documents. Generally, "the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "a court may consider evidence on which the "complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.* As discussed below, only one of the exhibits Mr. Thiagarajah has submitted for notice—*The Washington Post* Article—meets this standard.

Plaintiff Trevor Bauer's ("Mr. Bauer") position on each of Mr. Thiagarajah's requests is, as follows:

**Exhibit 1**: Mr. Bauer does not oppose the Court considering the totality of the article published by *The Washington Post* on February 8, 2022. This article is quoted and discussed in the Complaint and forms the basis for Mr. Bauer's claim for defamation per se in Count II. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (explaining that a court's ruling on a 12(b)(6) motion to dismiss may take into consideration "documents incorporated into the complaint by reference"). Mr. Thiagarajah's request is unnecessary, but Mr. Bauer does not oppose it as to this article.

**Exhibits 2–3:** Mr. Thiagarajah improperly asks the Court to only consider "portions" of the transcript of the proceedings in *Hill v. Bauer*, Los Angeles Superior Court Case No. 21STRO03198 (the "DVRO Proceeding"). Specifically, Mr. Thiagarajah submits a copy of the transcript for the final day of proceedings held on August 19, 2021 in Exhibit 3 and select quotations therefrom in Exhibit 2. The Court should not consider these exhibits because they are an incomplete representation of the evidence and findings from the DVRO Proceeding. Rather, the

1  Court should consider the entire transcript from the DVRO Proceeding.[1] The full
2  transcript, and not the sections Mr. Thiagarajah has cherry-picked, will allow the
3  Court to properly assess Mr. Bauer's claims. The full transcript from the DVRO
4  Proceeding is referred to in the Complaint as it references both the evidence
5  presented over the course of the proceedings as well as the court's ultimate
6  findings. *See, e.g.*, Compl. ¶¶ 107–131. Therefore, the full transcript will provide
7  accurate context for the claims Mr. Bauer has asserted. *See Patel v. Parnes*, 253
8  F.R.D. 531, 547 (C.D. Cal. 2008) (granting motion "to take judicial notice of full
9  transcripts" of conversations relied on in the complaint "to provide full context in
10 which the information was disclosed").

**Exhibits 4–7:** The rest of the documents Mr. Thiagarajah submits for notice are irrelevant articles that are not referred to in the Complaint and have no bearing on Mr. Bauer's claim for defamation per se in Count II. The Court should not (and need not) take judicial notice of them. Exhibits 4 through 7 are articles by *Sports Illustrated*, *The New York Post*, *The Guardian*, and *CNN.com*, respectively, which are neither mentioned nor alluded to in the Complaint. While a court may take judicial notice of "matters of public record," it cannot not take judicial notice of a fact that is "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Mr. Bauer vigorously disputes the facts and opinions expressed in these articles about him. And, in any event, the substance of these articles is wholly irrelevant to resolution of the instant anti-SLAPP motion. Mr. Thiagarajah uses Exhibits 4 through 7 primarily to argue that Mr. Bauer "was a newsworthy figure." Mot. 11. However, Mr. Bauer does not dispute that point.

---

[1] In connection with Mr. Bauer's Opposition to Mr. Thiagarajah's Special Motion to Strike the Complaint, Mr. Bauer has separately filed his own Request for Judicial Notice. Therein, Mr. Bauer submits a copy of the full transcript of the DVRO Proceeding, which is attached thereto as Exhibit A. Mr. Bauer requests that the Court take judicial notice of this exhibit in lieu of Mr. Thiagarajah's incomplete Exhibits 2 and 3. *See* Brown Decl., Ex. A.

Since these articles cannot assist the Court in deciding a question in issue, the Court should decline to take notice of the information appearing in those articles. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1031 (C.D. Cal. 2015) ("As the fact that the information was publicly available on the sites is not relevant to decision of defendants' motion to dismiss, the court declines for this reason as well to take judicial notice of the information appearing on the various websites.").

For the foregoing reasons, the Court should deny Mr. Thiagarajah's Request for Judicial Notice as to Exhibits 2–7.

Dated: August 23, 2022

*/s/ Blair G. Brown*
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal. Bar No. 205659)
KINSELA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com