KINSELA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**NOTICE OF MOTION AND MOTION BY PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER TO DISMISS DEFENDANT/ COUNTERCLAIM PLAINTIFF LINDSEY C. HILL'S COUNTERCLAIM COMPLAINT UNDER FEDERAL RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: November 21, 2022<br>Hearing Time: 1:30 p.m.<br>Department: 10C<br>Action Filed: April 25, 2022 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2022 at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10C of the above-entitled court, located at 411 West Fourth Street, Santa Ana, CA, 92701, Plaintiff/Counterclaim Defendant Trevor Bauer will and does hereby move this Court to dismiss the Counterclaim Complaint filed by Lindsey C. Hill.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Ms. Hill's counterclaims are barred in full under the doctrine of collateral estoppel. Ms. Hill's Counterclaim Complaint contains the same allegations Ms. Hill previously alleged against Mr. Bauer in the case captioned *In re Matter of Hill/Bauer*, Case No. 21STRO03198 before the Los Angeles Superior Court. In that prior proceeding, the Los Angeles Superior Court fully and finally ruled against Ms. Hill on the issue of whether any Mr. Bauer committed any acts of abuse against her—the identical issue she seeks to re-litigate here. Ms. Hill—a disappointed litigant—may not re-litigate this issue in the hope of a different outcome. This is exactly what collateral estoppel is designed to prevent.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 18, 23, and 31, 2022.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice and Declaration of Blair G. Brown, the pleadings and papers on file with the Court in this matter, all matters upon which this Court must or may take judicial notice, and upon all arguments that this Court may allow at the time of the hearing of the Motion.

DATED: September 13, 2022                     ZUCKERMAN SPAEDER LLP

                                             By:   /s/ *Blair G. Brown*
                                             Blair G. Brown
                                             Attorney for Plaintiff Trevor Bauer

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................... 1

II.  ISSUE TO BE DECIDED ...................................................................... 2

III. STATEMENT OF FACTS ...................................................................... 2

    A.   Ms. Hill Files A Petition In Los Angeles Superior Court For A
    Domestic Violence Restraining Order Against Mr. Bauer Based On
    Two Sexual Encounters ........................................................................... 2

    B.   The Los Angeles Superior Court Denies Ms. Hill's DVRO Petition On
    The Grounds That No Acts Of Abuse Occurred And Both Of The
    Sexual Encounters Were Consensual. ..................................................... 3

    C.   Mr. Bauer Sues Ms. Hill For Defamation Based On Her False
    Allegations, and Ms. Hill Files An Answer And Counterclaims In
    Response To The Defamation Complaint. ................................................ 5

    D.   Ms. Hill's Counterclaim Complaint Asserts Two Claims For Battery
    Arising From The Same Two Sexual Encounters That Were Found To
    Be Consensual By The Los Angeles Superior Court. .............................. 5

IV.  LEGAL STANDARDS .......................................................................... 6

V.   ARGUMENT ........................................................................................ 7

    A.   The Court Must Dismiss The Counterclaim Complaint Because The
    Los Angeles Superior Court Already Found That Mr. Bauer Did Not
    Sexually Assault Or Batter Ms. Hill And That Their Sexual
    Encounters Were Consensual. ................................................................. 7

        1.   The issue of whether Mr. Bauer sexually assaulted or battered
        Ms. Hill is identical in both proceedings. ....................................... 9

            (a)   The factual allegations in both proceedings are identical. ...... 9

            (b)   The legal issues, including the standard of proof, in both
                proceedings are identical. ..................................................... 11

        2.   The issue of whether Mr. Bauer sexually assaulted or battered
        Ms. Hill was actually litigated in the DVRO Proceeding. ............. 14

3.   The issue of whether Mr. Bauer sexually assaulted or battered Ms. Hill was necessarily decided in the DVRO Proceeding. ......... 17

4.   The decision in the DVRO Proceeding was final and on the merits. ............................................................................................ 19

5.   The parties are the same in both proceedings. ................................ 20

VI.   CONCLUSION ............................................................................................ 20

ii

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Afr. Firefighters in Benevolent Ass'n v. Harris-Dawson,*
2021 WL 5263853 (C.D. Cal. Sept. 21, 2021) ........................................7

6

7

*Angie M. v. Superior Ct.,*
37 Cal. App. 4th 1217 (1995) ....................................................13

8

*Ashcroft v. Iqbal,*
9
556 U.S. 662 (2009) ............................................................6

10

*Ayala v. Dawson,*
11
13 Cal. App. 5th 1319 (2017) .............................................14, 16

12

*Bell Atl. Corp. v. Twombly,*
13
550 U.S. 544 (2007) ............................................................6

14

*Bobby v. Bies,*
556 U.S. 825 (2009) ...........................................................19

15

16

*Clemmer v. Hartford Insurance Co.,*
22 Cal.3d 865 (1979) ..........................................................14

17

18

*Croteau v. Croteau,*
2015 WL 2448273 (Cal. Ct. App. May 21, 2015) ...............................11

19

20

*Gdowski v. Gdowski,*
175 Cal. App. 4th 128, 95 Cal. Rptr. 3d 799 (2009) ............................11

21

22

*Hernandez v. City of Pomona,*
46 Cal. 4th 501 (2009) .......................................................8, 9

23

24

*Jacqueline R. v. Household of Faith Fam. Church, Inc.,*
97 Cal. App. 4th 198 (2002) ...................................................12

25

26

*Lucido v. Superior Ct.,*
51 Cal. 3d 335 (1990) ...........................................................9

27

*Marrese v. American Academy of Orthopaedic Surgeons,*
470 U.S. 373 (1985) ..............................................................8

28

*Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*,
 828 F.2d 1385 (9th Cir. 1987)..................................................................6

*Pallamary v. Elite Show Servs., Inc.*,
 2018 WL 3064933 (S.D. Cal. June 19, 2018).......................................13

*Palumbo Design, LLC v. 1169 Hillcrest, LLC*,
 2020 WL 5498065 (C.D. Cal. July 14, 2020)..........................................7

*Pike v. Hester*,
 891 F.3d 1131 (9th Cir. 2018).................................................................7

*Robinson v. Brown*,
 2014 WL 1779460 (E.D. Cal. May 5, 2014) .........................................19

*Salisbury v. Hickman*,
 974 F. Supp. 2d 1282 (E.D. Cal. 2013)....................................8, 16, 17, 20

*Sogbandi v. Markham*,
 2002 WL 31855299 (N.D. Cal. Dec. 17, 2002).................................2, 6, 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007) .................................................................................7

*Van Oss v. Van Oss,*
 2005 WL 240847 (Cal. Ct. App. Jan. 21, 2005) ...................................16

**Statutes**

Cal. Civ. Code § 1708.5(a) .........................................................................13

Cal. Civ. Code § 3515.................................................................................12

Cal. Fam. Code § 6203(a)............................................................1, 12, 13, 14

Cal. Fam. Code § 6300 ...........................................................................3, 11

Cal. Fam. Code § 6300(a)........................................................................1, 17

Cal. Fam. Code § 6320 ............................................................................1, 12

**Other Authorities**

5 Witkin, Summary of Cal. Law, 11th Torts § 457 (2022) ......................12

MOT. TO DISMISS COUNTERCLAIM COMPLAINT

Restatement (Second) of Judgments § 13 (1982)........................................................20

**Rules**

Fed. R. Civ. P. 13(e) .................................................................................................7

Fed. R. Evid. 801(d)(2)...........................................................................................15

v

## I.    INTRODUCTION

Defendant/Counterclaim Plaintiff Lindsey C. Hill's Counterclaim Complaint seeks to relitigate issues she fully litigated and lost after a trial in which she was represented by some of the same lawyers who filed the instant Counterclaim. *See In re Matter of Hill/Bauer*, Case No. 21STRO03198. In that prior proceeding, the Los Angeles Superior Court held that Plaintiff/Counterclaim Defendant Trevor Bauer did not sexually assault or batter Ms. Hill during two sexual encounters between Ms. Hill and Mr. Bauer that occurred on April 22, 2021 and May 16, 2021. Although Ms. Hill may not have liked the outcome of that proceeding, as the judge rejected her version of events, the judgment precludes re-litigation of those issues here.

On June 29, 2021, Ms. Hill filed a petition for a domestic violence restraining order (the "DVRO Petition") alleging the same false allegations of sexual assault and battery based on her two sexual encounters with Mr. Bauer that she now re-alleges in her Counterclaim Complaint. In August 2021, Judge Dianna Gould-Saltman of the Los Angeles Superior Court held a four-day hearing to determine whether to grant Ms. Hill a permanent restraining order (the "DVRO Proceeding"). Under the California Family Code, a court may grant a permanent restraining order if it finds "reasonable proof of a past act or acts of abuse." Cal. Fam. Code § 6300(a). "Abuse" is defined to include, among other things, "to intentionally or recklessly cause or attempt to cause bodily injury," "sexual assault," and "any behavior that has been or could be enjoined pursuant to Section 6320" *Id*. § 6203(a). One of the behaviors listed in Section 6320 is battery—*the exact same cause of action Ms. Hill brings here. Id.* § 6320. Following a four-day hearing that included Ms. Hill's lengthy testimony about the two sexual encounters, the court concluded that Mr. Bauer did not batter or sexually assault Ms. Hill or engage in nonconsensual sex with her. The court found that *Ms. Hill* requested and consented to rough sex with Mr. Bauer on April 22, 2021 and May 16, 2021, and that Mr. Bauer respected every boundary set by Ms. Hill. The court also determined that Ms. Hill's DVRO Petition was "materially misleading."

1

Although Ms. Hill had a statutory right to appeal that decision, she chose not to do so.

The DVRO judgment is final and necessarily resolved the same issues raised by Ms. Hill's Counterclaim. While filing the Counterclaim may advance Ms. Hill's ultimate goal of harming Mr. Bauer and his career in professional baseball—the same goal Mr. Bauer alleges is her motive for defamation in Mr. Bauer's Complaint (ECF No. 1)—, preventing re-litigation of issues that have already been decided is exactly what the law of collateral estoppel or issue preclusion is designed to do.

## II.    ISSUE TO BE DECIDED

Whether Ms. Hill's Counterclaim Complaint should be dismissed on the basis of issue preclusion because her allegations about her April 22, 2021 and May 16, 2021 sexual encounters with Mr. Bauer in this lawsuit are identical to those she asserted in the prior proceeding before the Los Angeles Superior Court, in which the court found: (i) Mr. Bauer did not commit "an act of abuse," including battery and sexual assault, against Ms. Hill; and (ii) that both encounters were consensual.

## III.    STATEMENT OF FACTS

At the outset, Mr. Bauer notes that, while he must accept as true all facts in the Counterclaim Complaint under the Rule 12(b)(6) standard, the Court is not required to accept as true allegations that contradict matters properly subject to judicial notice. *See Sogbandi v. Markham*, 2002 WL 31855299, at *2 (N.D. Cal. Dec. 17, 2002) (Breyer, J.). The vast majority of the "facts" pleaded in the Counterclaim Complaint are merely a disappointed litigant's contentions that have already been rejected on the merits in a final decision by a Los Angeles Superior Court judge.

### A. Ms. Hill Files A Petition In Los Angeles Superior Court For A Domestic Violence Restraining Order Against Mr. Bauer Based On Two Sexual Encounters.

Ms. Hill and Mr. Bauer met on two occasions—April 22, 2021 and May 16, 2021—for the purpose of having sex. Countercl. Compl. ¶¶ 13–22, 23–34. On both

2

occasions, Ms. Hill consented to rough sex, which included choking. *Id*. ¶¶ 52, 56. On June 29, 2021, Ms. Hill filed the DVRO Petition in Los Angeles Superior Court, alleging that Mr. Bauer abused her during their two sexual encounters. Brown Decl. Ex. A (Ms. Hill's DVRO Petition). In Question 27 of the DVRO Petition, Ms. Hill was asked to describe how Mr. Bauer abused her. *Id*. at 5. The DVRO Petition form specifically explained that "abuse" means "to intentionally or recklessly cause or attempt to cause bodily injury to you; or to place you or another person in reasonable fear of imminent serious bodily injury; or to…assault (sexually or otherwise)…batter…or contact you." *Id*. In response to Question 27, Ms. Hill attached a declaration where she alleged in graphic detail that Mr. Bauer sexually assaulted and battered her during the two sexual encounters. *Id*. at 7–15.

## B. The Los Angeles Superior Court Denies Ms. Hill's DVRO Petition On The Grounds That No Acts Of Abuse Occurred And Both Of The Sexual Encounters Were Consensual.

In August 2021, Judge Dianna Gould-Saltman of the Los Angeles Superior Court held a four-day hearing to determine whether Ms. Hill should be granted a permanent DVRO. *See generally*, Brown Decl. Ex. B (full transcript of DVRO Proceeding). In order to grant a permanent DVRO, Judge Gould-Saltman had to find "reasonable proof of a past act or acts of abuse." Cal. Fam. Code § 6300. During the DVRO Proceeding, Ms. Hill took the stand for parts of three days and provided lengthy testimony about her April 22, 2021 and May 16, 2021 sexual encounters with Mr. Bauer. Brown Decl. Ex B at Tr. 1–275, 336–362, 368–457. While she was on the stand, Ms. Hill testified under oath that the April 22, 2021 encounter was entirely consensual. *See* Tr. 528:23–24 (Ms. Hill's counsel's closing argument stating: "Without hesitation, Lindsey admitted under oath that the first night was consensual."). The court also heard from various fact and expert witnesses called by both sides. *Id*. at Tr. 277–336, 463–475, 476–517. Both Mr. Bauer and Ms. Hill were represented by counsel in the DVRO Proceeding. *Id*.

MOT. TO DISMISS COUNTERCLAIM COMPLAINT

1     At the conclusion of this four-day proceeding on the merits, Judge Gould-

2     Saltman made detailed findings on the record. She held that Mr. Bauer did not abuse,

3     batter, or assault Ms. Hill nor did he engage in nonconsensual sex with her. *Id*. at Tr.

4     580:24–587:11. Judge Gould-Saltman further found that Ms. Hill consented to rough

5     sex and that Mr. Bauer respected the boundaries set by Ms. Hill. *Id*. The court also

6     found that Ms. Hill's motivations were to seek attention for herself and cause harm

7     to Mr. Bauer. *Id*. Ultimately, Judge Gould-Saltman's own words are most instructive:

8     "***[Ms. Hill] was not ambiguous about wanting rough sex in the parties' first***

9     ***encounter and wanting rougher sex in the second encounter. [Ms. Hill] was asked***

10    ***by [Mr. Bauer] to decide whatever she wanted to let [Mr. Bauer] know was off***

11    ***limits, and she did. If she had set limits and he had exceeded them, this case would***

12    ***be very clear. But she set limits without fully considering all of the consequences***

13    ***and [Mr. Bauer] did not exceed the limits that [Ms. Hill] set***." *Id*. at Tr. 585:22–

14    586:2 (emphasis added). The judge also characterized Ms. Hill's DVRO Petition—

15    which was submitted under oath—as "materially misleading." *Id*. at Tr. 586:3–7.

16    The judge's decision was accompanied by certain factual findings that directly

17    bear on Ms. Hill's instant Counterclaim. For example, the court found that nothing

18    nonconsensual occurred at any time during Mr. Bauer and Ms. Hill's two encounters,

19    including when Ms. Hill alleged to have been unconscious. *Id*. at Tr. 584:24–585:4.

20    The court did not find Ms. Hill's testimony credible nor did it find any evidence that

21    Mr. Bauer had anal sex with her during the first encounter, while she alleged to have

22    been unconscious or otherwise. *Id*. In fact, Ms. Hill herself testified that nothing

23    nonconsensual occurred during the first encounter. *Id*. at Tr. 528:23–24. And the

24    court found that Mr. Bauer proactively discussed and sought to establish boundaries

25    with Ms. Hill—all of which he honored, including stopping every time Ms. Hill asked

26    him to stop. *Id*. at Tr. 584:24–585:4. The court also found that Ms. Hill's bruising

27    was simply a potential consequence of the sexual acts to which she sought out and

28

4

consented. *Id*. at Tr. 584:18–23. Finally, the court found that Mr. Bauer did not pursue Ms. Hill, nor did he threaten or coerce her into sexual activity. *Id*. at Tr. 585:5-—8.

Judge Gould-Saltman then denied Ms. Hill's request for a permanent DVRO and dissolved the temporary restraining order. *Id.* at Tr. 587:8–11. Ms. Hill did not appeal.

Following Judge Gould-Saltman's decision, the Los Angeles District Attorney stated publicly that his office would not file criminal charges against Mr. Bauer. Brown Decl., Ex. C. The District Attorney's Office stated that "[a]fter a thorough review of the available evidence, including the civil restraining order proceedings, witness statements and the physical evidence, the People are unable to prove the relevant charges beyond a reasonable doubt." *Id*.

### C. Mr. Bauer Sues Ms. Hill For Defamation Based On Her False Allegations, and Ms. Hill Files An Answer And Counterclaims In Response To The Defamation Complaint.

Having been absolved of any wrongdoing by the Los Angeles Superior Court and with Ms. Hill's allegations found to be "materially misleading," Mr. Bauer filed the instant Complaint against Ms. Hill for defamation based on her intentionally false and malicious statements to law enforcement accusing Mr. Bauer of serious crimes. ECF No. 1. On July 19, 2022, Ms. Hill filed an Answer to the Complaint. ECF No. 34. Three weeks later, on August 9, 2022, Ms. Hill filed the Counterclaim Complaint that is the subject of this Motion to Dismiss. ECF No. 36. She did not file her Counterclaim Complaint as an amendment to her previously filed Answer pursuant to Fed. R. Civ. P. 15(a). *Id*. Nor did Ms. Hill seek leave of court to file the Counterclaim Complaint as a Supplemental Counterclaim pursuant to Rule 13(e). *See* Docket.

### D. Ms. Hill's Counterclaim Complaint Asserts Two Claims For Battery Arising From The Same Two Sexual Encounters That Were Found To Be Consensual By The Los Angeles Superior Court.

MOT. TO DISMISS COUNTERCLAIM COMPLAINT

Ms. Hill's Counterclaim Complaint asserts causes of action for sexual battery and battery, both of which arise from her April 22, 2021 and May 16, 2021 sexual encounters with Mr. Bauer. Countercl. Compl. ¶¶ 41–49, 50–60. The Counterclaim Complaint contains substantively the same allegations about the two sexual encounters as contained in her prior DVRO Petition. *Compare* Countercl. Compl. ¶¶ 13–22, 23–34 *with* Brown Decl. Ex. A at 7–15. For example, the Counterclaim Complaint alleges that in the first encounter, Mr. Bauer choked Ms. Hill to the point of unconsciousness and then had nonconsensual anal sex with her. Countercl. Compl. ¶¶ 2, 13–22. The DVRO Petition also contained this allegation. Brown Decl. Ex. A at p. 8–9, ¶¶ 8–10. The Counterclaim Complaint alleges that in the second encounter, Mr. Bauer choked Ms. Hill to the point of unconsciousness and then punched her in the face, buttocks, and vagina. Countercl. Compl. ¶¶ 3, 23–34. The DVRO Petition also contained this allegation. Brown Decl. Ex. A at p. 9–11, ¶¶ 13–16.

## IV.   LEGAL STANDARDS

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" and is met only when the plaintiff pleads facts that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A defendant may bring a motion to dismiss under Rule 12(b)(6) based on the doctrines of res judicata or collateral estoppel if the court can take judicial notice of all relevant facts. *See Sogbandi*, 2002 WL 31855299, at *2; *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("Facts subject to judicial notice may be considered on a motion to dismiss."). Importantly, a court is not required to accept as true allegations that contradict matters properly subject to judicial notice. *Sogbandi*, 2002 WL 31855299, at *1 (citing *Mullis*, 828 F.2d at 1388).

When ruling on a motion to dismiss, "courts must consider a complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of prior judicial proceedings when determining whether a complaint should be dismissed on the basis of collateral estoppel. *See Sogbandi*, 2002 WL 31855299, at *2; *Afr. Firefighters in Benevolent Ass'n v. Harris-Dawson*, 2021 WL 5263853, at *2 (C.D. Cal. Sept. 21, 2021) (stating "a federal court may take judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes") (alteration and internal quotations omitted).

## V.    ARGUMENT

### A. The Court Must Dismiss The Counterclaim Complaint Because The Los Angeles Superior Court Already Found That Mr. Bauer Did Not Sexually Assault Or Batter Ms. Hill And That Their Sexual Encounters Were Consensual.

Ms. Hill's Counterclaim Complaint fails to state a claim under Rule 12(b)(6).[1] No set of facts can be proven that would constitute a valid claim because her counterclaims are barred in full by the doctrine of collateral estoppel.

Issue preclusion, or collateral estoppel, precludes re-litigation of an issue already determined in a previous proceeding between the same parties. *Pike v.*

---

[1] The Counterclaim Complaint is also procedurally deficient under Federal Rules 13 and 15. Ms. Hill flouted these Rules by filing the Counterclaim Complaint out of the blue without styling it as an amended answer or otherwise seeking leave to file a supplemental counterclaim under Fed. R. Civ. P. 13(e). And if a compulsory counterclaim is not asserted in a defendant's answer, it is waived. *Palumbo Design, LLC v. 1169 Hillcrest, LLC*, 2020 WL 5498065, at *4 (C.D. Cal. July 14, 2020). If the Court determines that Ms. Hill should have sought leave to file her Counterclaim, it should deny leave because Ms. Hill cannot show that the Counterclaim "matured or was acquired by the party after serving" her Answer, and because the Counterclaim is barred by issue preclusion and therefore futile. Fed. R. Civ. P. 13(e). Mr. Bauer does not move to strike the Counterclaim on this basis at present because the Counterclaim Complaint should be dismissed with prejudice now under Rule 12(b)(6), but Mr. Bauer raises this procedural deficiency for preservation purposes and reserves all rights to move to strike on this basis.

7

*Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018) (holding that findings in prior restraining order proceeding were preclusive in subsequent case in federal court, applying Nevada law). Collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Salisbury v. Hickman*, 974 F. Supp. 2d 1282, 1288 (E.D. Cal. 2013). Here, Mr. Bauer and Ms. Hill have already fiercely litigated the very issue in California state court of whether Mr. Bauer sexually assaulted or battered Ms. Hill in their two sexual encounters. As such, this Court must estop Ms. Hill—a disappointed litigant in the first proceeding— from dragging Mr. Bauer into further needless litigation in an improper attempt to re-litigate the same issue to a different conclusion. Enough is enough.

State judicial proceedings receive the same full faith and credit in every federal court as they would have in courts of the state in which the matter originated. 28 U.S.C. § 1738. Section 1738 "directs a federal court to refer to the preclusion law of the State in which the judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 381 (1985) ("§ 1738 requires a federal court to look first to state preclusion law in determining the preclusive effects of a state court judgment"). Therefore, this Court must apply California law to determine whether the prior decision of the Los Angeles Superior Court will preclude Ms. Hill from relitigating whether any sexual assault or battery occurred during her two encounters with Mr. Bauer.

Under California law, collateral estoppel precludes re-litigation of an issue previously adjudicated when the following elements are satisfied. First, the issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding. *Hernandez v. City of Pomona,* 46 Cal. 4th 501, 513 (2009). Second, this issue must have been actually litigated in the former proceeding. *Id*. Third, it must have been necessarily decided in the former proceeding. *Id*. Fourth, the decision in the former proceeding must be final and on the merits. *Id*. Finally, the party against

whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Id.*

Here, the record demonstrates that the issue of whether Mr. Bauer sexually assaulted or battered Ms. Hill was raised in the former proceeding, submitted for decision, and actually decided against Ms. Hill.

**1. The issue of whether Mr. Bauer sexually assaulted or battered Ms. Hill is identical in both proceedings.**

The issue of whether Mr. Bauer sexually assaulted or battered Ms. Hill on April 22, 2021 and May 16, 2021 is identical in both proceedings for two primary reasons. First, Ms. Hill raises the identical factual allegations about what occurred during those two encounters in both proceedings. Second, the legal issue of whether Ms. Hill can prove by a preponderance of the evidence that what occurred during those two encounters constituted sexual assault or battery is identical in both proceedings.

**(a) The factual allegations in both proceedings are identical.**

California law is clear that "[t]he 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 342 (1990); *see also Hernandez*, 46 Cal. 4th at 512 (same). Here, there can be no dispute that the DVRO Petition and the Counterclaim Complaint contain identical factual allegations. A side-by-side comparison is helpful:

| **April 22, 2021 Encounter** | |
|---|---|
| **DVRO Petition** | **Counterclaim Complaint** |
| Ms. Hill alleges that she drove to Mr. Bauer's home on the evening of April 21, 2021. (¶ 5). | Ms. Hill alleges that she met Mr. Bauer at his home on the evening of April 21, 2021. (¶ 14). |
| Ms. Hill alleges that the two talked for several hours and then began having | Ms. Hill alleges that after talking for several hours, during the early morning |

9

| | |
|---|---|
| consensual sex early in the morning on April 22, 2021. (¶¶ 5–6) | of April 22, 2021, the two began having vaginal sex. (¶ 15) |
| Ms. Hill alleges that Mr. Bauer wrapped Ms. Hill's hair around her neck and choked her until she became unconscious. (¶ 8) | Ms. Hill alleges that Mr. Bauer flipped her onto her stomach, wrapped her hair around her neck, and used her hair to choke her unconscious. (¶ 16) |
| Ms. Hill alleges that she woke up face down on the bed, disoriented, and realized Mr. Bauer was having sex with her in her anus. (¶ 9) | Ms. Hill alleges that when she regained consciousness, to her shock, she realized that Mr. Bauer was having anal sex with her. (¶ 18) |
| Ms. Hill alleges that as soon as she was able, she said "Can we stop" and he immediately did. (¶ 9) | Ms. Hill alleges that after regaining consciousness, she asked Mr. Bauer to stop having anal sex with her. Mr. Bauer stopped. (¶ 20) |
| Ms. Hill alleges that she went to use the bathroom and noticed she was bleeding from her anus. (¶ 10) | Ms. Hill alleges that after Mr. Bauer stopped having anal sex with her, she walked to the bathroom. While in the bathroom, she discovered she was bleeding from anus. (¶ 22) |

## May 16, 2021 Encounter

| DVRO Petition | Counterclaim Complaint |
|---|---|
| Ms. Hill alleges that she arrived at Mr. Bauer's house around midnight on May 16, 2021. (¶ 13) | Ms. Hill alleges that she arrived at Mr. Bauer's house around midnight on May 16, 2021. (¶ 24) |
| Ms. Hill alleges that the two started having sex around 2 a.m. (¶ 13) | Ms. Hill alleges that later in the morning of May 16, the two began having vaginal sex. (¶ 25) |
| Ms. Hill alleges that Mr. Bauer wrapped her hair around her neck and choked her until she lost consciousness. (¶ 14) | Ms. Hill alleges that Mr. Bauer flipped her onto her stomach, wrapped her hair around her neck, and used her hair to choke her to the point that she could not breathe and became unconscious. (¶ 26) |
| Ms. Hill alleges that as she was regaining consciousness, Mr. Bauer began punching her face. (¶ 14) | Ms. Hill alleges that when she began regaining consciousness, Mr. Bauer began to forcefully and repeatedly punch her in the face. (¶ 28) |

10

| | |
|---|---|
| Ms. Hill alleges that Mr. Bauer flipped her back on her stomach and began choking her with her hair. (¶ 15) | Ms. Hill alleges that Mr. Bauer flipped her onto her stomach and again used her hair to choke her unconscious for a second time. (¶ 29) |
| Ms. Hill alleges that when she regained consciousness, Mr. Bauer opened her legs and began punching her in the vagina. (¶ 16) | Ms. Hill alleges that while she was trying to regain consciousness, Mr. Bauer spread her knees to expose her vagina, and then began using a closed fist to punch her vagina and groin area. (¶ 31) |

As demonstrated above, it is beyond dispute that Ms. Hill's Counterclaim Complaint simply regurgitates the *identical* factual allegations from the DVRO Petition in blatant pursuit of a second bite at the apple.

> **(b) The legal issues, including the standard of proof, in both proceedings are identical.**

In the DVRO Proceeding, the core question was whether Ms. Hill should be granted a DVRO, which would statutorily require a finding of "reasonable proof of a past act or acts of abuse." Cal. Fam. Code § 6300(a). Ms. Hill's DVRO Petition alleged that her April 22, 2021 and May 16, 2021 sexual encounters with Mr. Bauer constituted "acts of abuse" under the statute. *See* Brown Decl. Ex. A at p. 5, 7–15 (Ms. Hill's response to Question 27). Mr. Bauer, for his part, argued that Ms. Hill could not meet the showing of "reasonable proof" because he did not abuse Ms. Hill and both encounters were consensual.

In the DVRO Proceeding, "reasonable proof" required a preponderance of the evidence, just as in a civil suit. *Gdowski v. Gdowski*, 175 Cal. App. 4th 128, 137, 95 Cal. Rptr. 3d 799, 805 (2009) ("issuance of a protective order under the DVPA" requires "a preponderance of the evidence"); *Croteau v. Croteau*, 2015 WL 2448273, at *2 (Cal. Ct. App. May 21, 2015) (court can "issue the requested restraining order if the applicant shows the requisite abuse by a preponderance of the evidence"). As the standard of proof is the same in both proceedings, the fact that Ms. Hill could not

11

prove her allegations under the preponderance of the evidence standard in the DVRO Proceeding is outcome dispositive in this lawsuit. Indeed, the Los Angeles District Attorney recognized this point when declining to prosecute because if the allegations could not be proven under a preponderance of the evidence standard, they certainly could not be proven beyond a reasonable doubt. Brown Decl., Ex. C.

For purposes of the DVRO Proceeding, "abuse" was defined as "(1) To intentionally or recklessly cause or attempt to cause bodily injury," "(2) Sexual assault," "(3) To place a person in reasonable apprehension of imminent serious bodily injury to that person or to another," or "(4) To engage in any behavior that has been or could be enjoined pursuant to Section 6320," which lists a range of other conduct, ***including battery***. Cal. Fam. Code § 6203(a) (citing Cal. Fam. Code § 6320). Under this statutory regime, by denying Ms. Hill's DVRO Petition, the Los Angeles Superior Court must have found that she failed to show by a preponderance of the evidence that Mr. Bauer committed any acts of abuse in the parties' two encounters, which statutorily includes battery and sexual assault.

Moreover, in determining whether a sexual assault or battery occurred, the state court also had to address the issue of whether Ms. Hill consented to the sexual activities that took place between her and Mr. Bauer. Under California law, one "who consents to an act is not wronged by it." Cal. Civ. Code § 3515. Consistent with this principle, courts have found no sexual battery where "the relationship was consensual." *Jacqueline R. v. Household of Faith Fam. Church, Inc*., 97 Cal. App. 4th 198, 208 (2002); 5 Witkin, Summary of Cal. Law, 11th Torts § 457 (2022) ("A person may, by participating in a game or by other conduct, consent to an act that might otherwise constitute a battery."). In denying Ms. Hill's DVRO Petition, the state court considered the evidence and found that the two encounters were entirely consensual. *See* Brown Decl. Ex. B at Tr. 583:9–586:2.

In the instant case, Ms. Hill asserts claims for battery and sexual battery based on the same two encounters between her and Mr. Bauer that were the subject of the

DVRO Proceeding. *See supra* § V.A.1 (comparing allegations in both proceedings side-by-side). Under California law, "[t]he elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Pallamary v. Elite Show Servs., Inc.*, 2018 WL 3064933, at *13 (S.D. Cal. June 19, 2018). But under the definition of "acts of abuse" under the California Family Code, the state court already considered whether Mr. Bauer "intentionally or recklessly cause[d] or attempt[ed] to cause bodily injury." Cal. Fam. Code § 6203(a). The state court found that he did not. The state court also considered whether Ms. Hill consented to everything that occurred between her and Mr. Bauer. *See* Brown Decl. Ex. B at Tr. 583:9–586:2. The state court found that she did. Thus, under no set of facts can Ms. Hill prevail on her civil battery counterclaim as the state court judge already found in favor of Mr. Bauer on at least two elements of this cause of action.

As for Ms. Hill's second counterclaim for sexual battery, this is defined as: (1) an "act[] with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results;" or (2) an "act[] with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results;" or (3) an "act[] to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results." Cal. Civ. Code § 1708.5(a). California law further makes clear that the sexual battery statute "is interpreted to require that the batteree did not consent to the contact." *Angie M. v. Superior Ct.*, 37 Cal. App. 4th 1217, 1225 (1995). Ms. Hill cannot meet any of these elements. She cannot show that Mr. Bauer intended to cause harmful or offensive contact with any part of her body because the state court already resolved that he did not. Cal. Fam. Code § 6203(a). In finding that no "act of abuse" occurred, the state

court also necessarily found that Mr. Bauer did not place Ms. Hill "in reasonable apprehension of imminent serious bodily injury." *Id*. Finally, as the state court found that Ms. Hill consented to everything that occurred during the two sexual encounters, Ms. Hill cannot show that she did not consent. *See* Brown Decl. Ex. B at Tr. 583:9–586:2. At bottom, there is no set of facts under which Ms. Hill could prevail on her counterclaim for sexual battery, as the state court already found in favor of Mr. Bauer on every element of California's sexual battery statute.

As if this were not enough, the California Family Code defines an "act of abuse" to include both "sexual assault" and "battery." Cal. Fam. Code § 6203(a) (incorporating conduct listed in § 6320, which includes battery). Indeed, Ms. Hill knew this when she filed her DVRO Petition because Question 27 of the DVRO Petition lists "assault (sexually or otherwise)" and "battery" as examples of acts of abuse under the statute. *See* Brown Decl. Ex. A at p. 5. She had every opportunity to litigate whether a sexual assault or battery occurred—and she *did* litigate this issue. *See infra* § V.A.2.  As "act of abuse," "sexual assault," and "battery" are one in the same under California Family Code § 6203(a), the issue in the DVRO Proceeding of whether any "act of abuse" occurred resolved the issue of whether any sexual assault or battery occurred. This forecloses any possibility that Ms. Hill could prevail on either of her claims in this lawsuit without running afoul of the state court's prior ruling and its preclusive effect. *See Clemmer v. Hartford Insurance Co.,* 22 Cal.3d 865, 875 (1978) (one of the purposes of collateral estoppel is "to prevent inconsistent judgments which undermine the integrity of the judicial system.").

### 2. The issue of whether Mr. Bauer sexually assaulted or battered Ms. Hill was actually litigated in the DVRO Proceeding.

"An issue is actually litigated when it is *properly raised*, by the pleadings or otherwise, and is submitted for determination, and is determined." *Ayala v. Dawson*, 13 Cal. App. 5th 1319, 1330 (2017) (citations and quotations omitted) (holding that issue was actually litigated where plaintiff raised an issue in the pleadings that was

14

the central focus of an evidentiary contest at a hearing where the issue was ultimately decided against plaintiff).

Here, the DVRO Proceeding was vigorously litigated by both sides. First off, Ms. Hill filed the detailed DVRO Petition in which she put the issue of whether she was sexually assaulted or battered by Mr. Bauer in central focus. *See* Brown Decl. Ex. A. Second, before and throughout the DVRO Proceeding, Ms. Hill and Mr. Bauer were represented by sophisticated counsel from established law firms who, according to the state court judge, "present[ed] the best case on both sides." *See* Brown Decl. Ex. B at Tr. 580:24-27. Third, before the testimony began, the parties engaged in discovery and motion practice by and through their respective counsel.[2] Fourth, the DVRO Proceeding itself consisted of a four-day hearing, during which both Ms. Hill and Mr. Bauer called multiple fact and expert witnesses, and both had the opportunity to be heard. Indeed, Ms. Hill was on the stand for parts of three days. Ms. Hill's testimony concerned the same two encounters with Mr. Bauer that she complains about in the instant case. *Compare* Brown Decl. Ex. B at Tr. 1–275, 336–362, 368–457 *with* Counterclaim Compl. ¶¶ 13–22, 23–34. She testified in detail about what occurred between her and Mr. Bauer in those encounters, and whether she consented to the sexual acts that the two engaged in. Brown Decl. Ex. B at Tr. 1–275, 336–362, 368–457. Notably, she testified "without hesitation" that the entirety of the April 22, 2021 encounter was consensual—a sentiment echoed by her counsel in closing arguments. *Id*. at 528:23–24.[3] Mr. Bauer (whom the District Attorney had not yet

---

[2] While the parties had every opportunity to engage in discovery, it has come to light that Ms. Hill improperly withheld evidence in the DVRO Proceeding, *see* Compl. ¶¶ 132–43 (alleging that Ms. Hill and her counsel buried evidence), that further exonerates Mr. Bauer. The Pasadena Police Department recently produced a videotape that Ms. Hill took of herself shortly after the May 16, 2021 encounter where she appears to be willingly in bed with a sleeping Mr. Bauer, and is smirking and uninjured. *See* Brown Decl., Ex. D.

[3] This is an admission by a party opponent that on its own forecloses Ms. Hill's allegations in the Counterclaim Complaint that Mr. Bauer's conduct in the April 22, 2021 encounter constitutes battery. *See* Fed. R. Evid. 801(d)(2).

15

cleared of criminal charges at the time) chose not to take the stand. Ultimately, even without Mr. Bauer's testimony, the judge's on-the-record findings were a resounding rejection of Ms. Hill's version of events—the same version of events she re-alleges here. *Id*. 580:24–587:11. This fulsome DVRO Proceeding is memorialized in an almost 600-page transcript and over twenty exhibits. *See Ayala*, 13 Cal. App. 5th at 1330–31 (issue was actually litigated where extensive record consisted of 243-page transcript with the judge's on-the-record findings, as well as 21 documentary exhibits).

California courts have routinely held that restraining order proceedings that were actually litigated have preclusive effects in subsequent civil cases. In *Salisbury v. Hickman*, a California federal judge found that where the plaintiff had previously obtained a civil harassment restraining order against her property manager in a one-day hearing, the defendant-property manager was precluded from relitigating the issue in federal court of whether he harassed the plaintiff. *See Salisbury*, 974 F. Supp. 2d at 1289–90. In *Van Oss v. Van Oss*, the California Court of Appeals upheld a trial court's order that issues decided in a domestic violence proceeding precluded the respondent's subsequent malicious prosecution suit. 2005 WL 240847, at *1 (Cal. Ct. App. Jan. 21, 2005). There, the court of appeals held that "[t]he record demonstrates . . . that the question of whether Greggory pushed Kimberly was actually litigated and necessarily decided in the domestic violence proceeding." *Id.* at *3. Critical to the *Van Oss* court's decision was that "the parties submitted conflicting evidence regarding Greggory's conduct on August 27" and the judge considered the evidence and then made factual findings based on the contested litigation. *Id*. Just as in the *Salisbury* and *Van Oss* restraining order proceedings, it is clear from the almost 600-page record of the DVRO Proceeding, in which both sides submitted conflicting evidence about what occurred on April 22, 2021 and May 16, 2021, that the question of whether Mr. Bauer abused Ms. Hill was actually litigated in the DVRO Proceeding and cannot be re-litigated in a civil case in federal court.

MOT. TO DISMISS COUNTERCLAIM COMPLAINT

### 3.  The issue of whether Mr. Bauer sexually assaulted or battered Ms. Hill was necessarily decided in the DVRO Proceeding.

Statutorily, when determining whether to grant a DVRO, a California court <u>must</u> decide whether there is "reasonable proof of a past act or acts of abuse." Cal. Fam. Code § 6300(a). Here, the state court did just that. The court received voluminous evidence and testimony regarding what occurred during the two sexual encounters between Ms. Hill and Mr. Bauer, and then made a legal determination as to whether that evidence constituted reasonable proof of any abuse. The court determined that it did not. *Cf. Salisbury*, 974 F. Supp. 2d at 1289 (even where court made no specific factual findings in restraining order proceeding, certain issues were necessarily decided because they were "issues that the court *had* to resolve, statutorily, in order to grant Ms. Salisbury a restraining order pursuant to California Code of Civil Procedure section 527.6"). Ms. Hill's own counsel in the DVRO Proceeding recognized that the state court must necessarily decide this issue, beginning her closing argument by stating that her job was to "persuade the trier of fact by a preponderance of the evidence that abuse as defined in the D.V.P.A. was committed." *See* Brown Decl. Ex. B at Tr. 524:24–26.

Here, not only was Judge Gould-Saltman statutorily required to decide whether an act of abuse (which includes sexual assault and battery) occurred, her actual decision made clear that she indeed made this determination. Judge Gould-Saltman's words speak for themselves. At the conclusion of the four-day hearing, she made detailed on-the-record findings, first by explaining that: "The primary question for this court is, to what did [Ms. Hill] consent? And how did she manifest that consent to [Mr. Bauer]?" *Id.* at Tr. 584:4–6. Judge Gould-Saltman then recited the record of testimony and evidence she received that bore on those questions, including:

MOT. TO DISMISS COUNTERCLAIM COMPLAINT

- "In written exchange [Ms. Hill] said that 'she wanted all the pain.' Those were her words. Should [Mr. Bauer] have believed her?" *Id.* at Tr. 584:7–9.

- "In written communication [Ms. Hill] said she wanted to be choked out. [Mr. Bauer] sought clarification as to whether she meant 'out,' as in unconscious, and [Ms. Hill] replied in the affirmative. Should [Mr. Bauer] have believed her?" *Id.* at Tr. 584:10–14.

- "We consider that, in the context of a sexual encounter, when a woman says 'No,' she should be believed. So what about when she says 'Yes?'" *Id.* at Tr. 584:15–17.

- "[Ms. Hill] testified that she did not consent to being punched to the point of having black eyes and having to be hospitalized. Having black eyes and being hospitalized were the potential consequences of the activities, including some of which [Ms. Hill] acknowledged that she did consent to, such as being choked." *Id.* at Tr. 584:18–23.

- "The only evidence of anything which happened while [Ms. Hill] was unconscious was having been hit on the butt in the parties' first encounter. Other acts occurred while [Ms. Hill] was conscious. She testified that she wasn't able to speak part of that time but [Mr. Bauer] couldn't know that. On at least one occasion, when [Mr. Bauer] was doing something [Ms. Hill] didn't want and she couldn't speak, she motioned to him and he did stop. On another, she used the first part of their agreed safe word and he did stop." *Id.* at Tr. 584:24–585:4.[4]

- "[Mr. Bauer] did not pursue [Ms. Hill]. He did not threaten or coerce her into sexual activity. And he didn't threaten her after they had engaged in sexual activity." *Id.* at Tr. 585:5–8.

- "[Ms. Hill] complains in her testimony that one of her problems has been her desire to seek attention. Communications to her friends, which are entered into evidence, indicate she was excited for the attention to

---

[4] This is a particularly important factual finding. In Ms. Hill's Counterclaim, she alleges that Mr. Bauer anally penetrated her without her consent when she was unconscious. Compl. ¶¶ 2, 18–19, 42–44, 51–52. That allegation forms the basis of much of her Counterclaim. But the state court judge already considered the evidence, including Ms. Hill's lengthy testimony, about what occurred while she was allegedly unconscious, and rejected these very allegations about anal sex that Ms. Hill now reasserts in her Counterclaim, not to mention Ms. Hill herself already testified in the DVRO Proceeding that the entire April 22, 2021 encounter was consensual.

MOT. TO DISMISS COUNTERCLAIM COMPLAINT

her and, eventually, the damage that attention would have on [Mr. Bauer]." *Id.* at Tr. 585:9–14.

Based on these clear findings of fact, the judge concluded that:

- "Let me be clear. The injuries as shown in the photographs are terrible. Under most circumstances, merely seeing photographs such as those would serve as a per se condemnation of the perpetrator of such injuries. ***But [Ms. Hill] had and has the right to engage in any kind of sex as a consenting adult that she wants to with another consenting adult.***" *Id.* at Tr. 585:15–21 (emphasis added).

- "***She was not ambiguous about wanting rough sex in the parties' first encounter and wanting rougher sex in the second encounter. [Ms. Hill] was asked by [Mr. Bauer] to decide whatever she wanted to let [Mr. Bauer] know was off limits, and she did***." *Id.* at Tr. 585:22–26 (emphasis added).

- "***If she had set limits and he had exceeded them, this case would be very clear. But she set limits without fully considering all of the consequences and [Mr. Bauer] did not exceed the limits that [Ms. Hill] set***." *Id.* at Tr. 585:27–586:2 (emphasis added).

The judge then denied Ms. Hill's request for a long term DVRO and dissolved the temporary restraining order. *Id.* at Tr. 587:8–11. Given the detailed nature of Judge Gould-Saltman's ruling (not to mention the statutory requirements), it is beyond dispute that the issue of whether a sexual assault or battery occurred in the two encounters between Ms. Hill and Mr. Bauer was a critical and necessary part of her decision to deny Ms. Hill's DVRO Petition. *Robinson v. Brown*, 2014 WL 1779460, at *10 (E.D. Cal. May 5, 2014) (requirement that issue must be necessarily decided in first proceeding is met when "the judgment depends on a given determination and when 'the final outcome hinges on it'") (citing *Bobby v. Bies*, 556 U.S. 825, 834–45 (2009)).

### 4. The decision in the DVRO Proceeding was final and on the merits.

There can be no dispute that the finality requirement is met. The DVRO Proceeding was a full four-day hearing where Mr. Bauer and Ms. Hill were

19

represented by counsel. *Salisbury*, 974 F. Supp. 2d at 1289 (finality requirement met where restraining order at issue was product of a one-day hearing and both parties were represented by counsel). "That the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion." Restatement (Second) of Judgments § 13 cmt. g (1982). All of those factors are present in this case. The state court held a hearing, reached the merits of Ms. Hill's petition, and issued an order denying her petition for a DVRO and explaining its decision. Ms. Hill had a statutory right to appeal the court's decision, although she did not do so.  As a result, the state court's order is clearly final for issue preclusion purposes. *Salisbury*, 974 F. Supp. 2d at 1289 ("That decision has not been appealed and is therefore final.").

### 5.  The parties are the same in both proceedings.

As with the finality requirement, there can be no dispute that the parties—Ms. Hill and Mr. Bauer—are the same in both proceedings.

## VI.   CONCLUSION

In the prior proceeding captioned *In re Matter of Hill/Bauer*, Case No. 21STRO03198, the Los Angeles Superior Court found by a preponderance of the evidence—the same standard of proof as in this civil lawsuit—that Mr. Bauer did not commit any sexual assault or battery against Ms. Hill on April 22, 2021 or on May 16, 2021. Thus, Ms. Hill is precluded from seeking civil tort damages in this lawsuit based on alleged battery and sexual battery that the Los Angeles Superior Court ruled fully and finally never occurred. The Court should dismiss with prejudice Ms. Hill's Counterclaim Complaint in its entirety.

1

2   Dated:          September 13, 2022          */s/ Blair G. Brown*
                                                Blair G. Brown (admitted *pro hac vice*)
3                                               Jon R. Fetterolf (admitted *pro hac vice*)
                                                ZUCKERMAN SPAEDER LLP
4                                               1800 M Street, N.W., Suite 1000
                                                Washington, D.C. 20036
5                                               Tel: (202) 778-1800
                                                Fax: (202) 882-8106
6                                               bbrown@zuckerman.com
                                                jfetterolf@zuckerman.com
7
                                                Nell Peyser (admitted *pro hac vice*)
8                                               ZUCKERMAN SPAEDER LLP
                                                485 Madison Avenue, 10th Floor
9                                               New York, NY 10022
                                                Tel: (212) 704-9600
10                                              Fax: (212) 704-4256
                                                npeyser@zuckerman.com
11
                                                Shawn Holley (Cal. Bar No. 136811)
12                                              Suann MacIsaac (Cal Bar No. 205659)
                                                KINSELA WEITZMAN ISER KUMP
13                                              HOLLEY LLP
                                                808 Wilshire Boulevard., 3rd Floor
14                                              Santa Monica, CA 90401
                                                Tel: (310) 566-9800
15                                              Fax: (310) 566-9873
                                                sholley@kwikhlaw.com
16                                              smacisaac@kwikhlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

MOT. TO DISMISS COUNTERCLAIM COMPLAINT