KINSELA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>        Plaintiff,<br><br>   v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>        Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**PLAINTIFF'S REQUEST FOR ORAL ARGUMENT ON DEFENDANT NIRANJAN FRED THIAGARAJAH'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: October 3, 2022<br>Hearing Time: 1:30 p.m.<br>Department: 10C<br><br>Action Filed: April 25, 2022 |

On September 28, 2022, the Court issued a tentative ruling granting Defendant Niranjan Fred Thiagarajah's special motion to strike the complaint pursuant to Cal. Civ. Code § 425.16 (the "anti-SLAPP" statute). ECF No. 32. Plaintiff Trevor Bauer respectfully requests that the Court permit argument on the motion prior to entering its final ruling.

The Court recognized that "[w]here, as here, an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient," the familiar Rule 12(b)(6) standard governs. Tentative Ruling at 7 (citations omitted). This requires that the Court "take all well-pleaded allegations as true and dismiss with leave to amend." *Id.* (citation omitted).

The Court should grant argument because the Tentative Ruling misapplied the Rule 12(b)(6) standard to Mr. Thiagarajah's statement that "there's no doubt that Mr. Bauer just brutalized [the woman]." The Court recognized that this assertion is a statement of fact susceptible to being proven true or false; it is not a statement of opinion. *Id.* at 12. However, the Tentative Ruling erred in concluding that the only fact to be proven or disproven was whether Mr. Thiagarajah's statement mischaracterized the findings of the trial judge after the DVRO trial. On its face, and in context, Mr. Thiagararah's statement asserted that Mr. Bauer had *in fact* brutalized Ms. Hill, which itself is a fact subject to proof or disproof, and which the Complaint alleges to be false. Compl. ¶¶ 146–49, 158, 161. Even if the Court ultimately holds that Mr. Thiagarajah's statement was a fair characterization of Judge Gould-Saltman's ruling, which Mr. Bauer disagrees with, it is nevertheless defamatory per se if, as the Complaint alleges, Mr. Bauer did not assault nor brutalize Ms. Hill.

The Complaint pleads that Mr. Thiagarajah's statement that "there's no doubt that Mr. Bauer just brutalized [the woman]" can be understood as a statement of fact about what *actually* occurred between Mr. Bauer and Ms. Hill, rather than a characterization of the state court judge's findings in the DVRO proceeding.

1

1  Compl. ¶¶ 146–49.[1] The immediate context supports that reading. The DVRO proceeding occurred in August 2021, but Mr. Thiagarajah made his statements to *The Washington Post* in February 2022, immediately following the District Attorney's declination to prosecute. And the assertion that "there's no doubt that Mr. Bauer just brutalized [the woman]" directly follows Mr. Thiagarajah's comments about the reasons for the District Attorney's declination to prosecute in the article itself. *See* Thiagarajah Mot. Ex. 1 (*The Washington Post* article) (ECF No. 33-1). In that context, the statement that Mr. Bauer brutalized Ms. Hill would be understood by the average reader as referring to something Mr. Bauer did, not to findings in the DVRO proceeding which involved different evidence than the evidence that the District Attorney would have considered in making a charging decision. The Complaint, in turn, alleges that Mr. Thiagarajah's statement is false because no "brutalization" occurred in the real world. Compl. ¶¶ 146–49, 158, 161. Under the Rule 12(b)(6) standard, the Court must accept Mr. Bauer's allegations as true that no "brutalization" ever occurred. Thus, taking Mr. Bauer's allegations as true and construing them in the light most favorable to Mr. Bauer, the Court should find that Mr. Thiagarajah's statement that "there's no doubt that Mr. Bauer just brutalized [the woman]" is a false statement of fact about whether Mr. Bauer brutalized Ms. Hill.[2] As such, the Complaint cannot be stricken on the basis in the Court's Tentative Ruling.

The Court also cannot conclude as a matter of law before discovery that Mr. Thiagarajah's statement was true. The Pasadena Police Department recently

---

[1] Mr. Bauer makes this point in his opposition to Mr. Thiagarajah's motion. Opp. at 15 (ECF No. 40) (stating "[t]he pleaded truth is that Mr. Bauer did not sexually assault Ms. Hill" and "[t]he gist of his statements is that Mr. Bauer sexually assaulted Ms. Hill").

[2] For this reason, the Court's analysis of the fair reporting privilege is not applicable to this statement because the statement was not purporting to characterize any underlying judicial proceeding.

produced a video made by Ms. Hill that was concealed from Mr. Bauer, his attorneys, and the court in the DVRO proceeding. The video was taken approximately five hours after the second sexual encounter. It depicts a smiling Ms. Hill in bed next to a sleeping Mr. Bauer. Ms. Hill has none of the injuries to her face depicted in the later photos that were the subject of the state court judge's comments other than a small red mark to her lip.[3] The discovery of this video is consistent with the Complaint's allegations that Mr. Thiagarajah knew that Ms. Hill had concealed and deleted material information that disproved her claims. Compl. ¶ 149. Mr. Thiagarajah represented Ms. Hill not only in the DVRO proceeding, but also in the Pasadena Police Department's and the District Attorney's respective investigations, making it likely that Mr. Thiagarajah knew about this specific video evidence exonerating Mr. Bauer when he told *The Washington Post* reporter that Mr. Bauer brutalized Ms. Hill. At bottom, discovery is needed on this point. With the benefit of such discovery, it will be a question of fact for the jury as to whether Mr. Thiagarajah made his allegedly defamatory statement despite: (i) having concrete evidence in his possession disproving it; and (ii) actively concealing that evidence from the state court and from Mr. Bauer.

Mr. Bauer would also like the opportunity to be heard on the Court's statement that "Bauer conspicuously omits a key portion of Thiagarajah's statement throughout his complaint and in his present briefing." Tentative Ruling at 13–14. Mr. Bauer had no intention of obfuscating any portions of Mr. Thiagarajah's statements. Rather, his intention was to focus on the portions of Mr. Thiagarajah's statements that he believes are false and defamatory.

Finally, under Rule 15, leave to amend should be granted freely when justice so requires. If the Court ultimately strikes Mr. Bauer's claims against Mr.

---

[3] The video has been manually filed with the Court in connection with Mr. Bauer's motion to dismiss Ms. Hill's counterclaims. *See* ECF No. 53 (notice of manual filing of the video).

1  Thiagarajah, Mr. Bauer intends to amend his Complaint to include allegations about
2  the newly-discovered video, as well as to clarify (if the Court finds it necessary for
3  him to so do) that Mr. Bauer understood Mr. Thiagarajah's statement that "there's
4  no doubt that Mr. Bauer just brutalized [the woman]" to be about whether this
5  occurred in real life, not about what the state court judge found in the DVRO
6  proceeding. Mr. Bauer respectfully requests that if the Court strikes his claims
7  against Mr. Thiagarajah, it does so without prejudice and permits Mr. Bauer to file
8  an amended pleading.

9      As these aforementioned issues were not addressed in the Court's Tentative
10 Ruling, Mr. Bauer requests a hearing on the motion. Mr. Bauer's attorneys are
11 available for argument either in-person or via Zoom at the Court's convenience.

13 Dated:   October 4, 2022          */s/ Blair G. Brown*
                                     Blair G. Brown (admitted *pro hac vice*)
                                     Jon R. Fetterolf (admitted *pro hac vice*)
                                     ZUCKERMAN SPAEDER LLP
                                     1800 M Street, N.W., Suite 1000
                                     Washington, D.C. 20036
                                     Tel: (202) 778-1800
                                     Fax: (202) 882-8106
                                     bbrown@zuckerman.com
                                     jfetterolf@zuckerman.com

                                     Nell Peyser (admitted *pro hac vice*)
                                     ZUCKERMAN SPAEDER LLP
                                     485 Madison Avenue, 10th Floor
                                     New York, NY 10022
                                     (212) 704-9600
                                     npeyser@zuckerman.com

                                     Shawn Holley (Cal. Bar No. 136811)
                                     Suann C. MacIsaac (Cal. Bar No. 205659)
                                     KINSELA WEITZMAN ISER KUMP
                                     HOLLEY LLP
                                     808 Wilshire Boulevard., 3rd Floor
                                     Santa Monica, CA 90401
                                     Tel: (310) 566-9800
                                     Fax: (310) 566-9873
                                     sholley@kwikhlaw.com
                                     smacisaac@kwikhlaw.com