KINSELA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS DEFENDANT/ COUNTERCLAIM PLAINTIFF LINDSEY C. HILL'S COUNTERCLAIM COMPLAINT UNDER FEDERAL RULE 12(b)(6)**<br><br>Hearing Date: November 21, 2022<br>Hearing Time: 1:30 p.m.<br>Department: 10C<br><br>Action Filed: April 25, 2022 |

## **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................1

II.  ARGUMENT .....................................................................................................2

   A.  Ms. Hill concedes four of the five elements of collateral estoppel. .................2

   B.  There is no "express finding" requirement within the "necessarily decided" element of collateral estoppel. ...............................................................2

   C.  Even if there were an "express finding" requirement, the Los Angeles Superior Court did expressly find that Mr. Bauer did not batter or sexually batter Ms. Hill. .............................................................................................5

   D.  The Los Angeles Superior Court necessarily decided that Mr. Bauer did not batter or sexually batter Ms. Hill. ..................................................................9

   E.  The practical consequence of denying Mr. Bauer's motion to dismiss is that the same exact facts and issues that were litigated in the DVRO Proceeding would be litigated again. ...............................................................................14

III.  CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Anne H. v. Michael B.*,
 204 Cal. Rptr. 3d 495 (2016), *as modified* (July 12, 2016) ................................. 10

*Apple, Inc. v. Franchise Tax Bd.*,
 132 Cal. Rptr. 3d 401 (2011) ..................................................................................... 10

*Balderrama-Rivero v. Garland*,
 845 F. App'x 565 (9th Cir. 2021) ................................................................................. 2

*Boblitt v. Boblitt*,
 118 Cal. Rptr. 3d 788 (2010) ................................................................................... 4, 5

*Boro v. Superior Ct.*,
 163 Cal. App. 1224 (1985) ........................................................................................... 9

*DKN Holdings LLC v. Faerber*,
 61 Cal. 4th 813 (2015) .................................................................................................. 1

*Gdowski v. Gdowski*,
 95 Cal. Rptr. 3d 799 (2009) ......................................................................................... 5

*Gonzales v. Oliva*,
 2016 WL 828624 (Cal. Ct. App. Mar. 3, 2016) ........................................................ 11

*Heraldez v. Bayview Loan Servicing, LLC*,
 2016 WL 10834101 (C.D. Cal. Dec. 15, 2016) .......................................................... 2

*In re Baldwin*,
 249 F.3d 912 (9th Cir. 2001) ............................................................................... 2, 3, 14

*In re Harmon*,
 250 F.3d 1240 (9th Cir. 2001) ................................................................................. 2, 3

*In re Marriage of Ayesh & Shilov*,
 2019 WL 5781867 (Cal. Ct. App. Nov. 6, 2019) ..................................................... 10

*In re Marriage of Davila & Mejia*,
 239 Cal. Rptr. 3d 805 (2018), *as modified* (Nov. 19, 2018) .................................. 10

*In re Marriage of F.M. & M.M.*,
  279 Cal. Rptr. 3d 522 (2021), *as modified* (June 3, 2021) .............................. 10, 13

*In re Marriage of Mary & Randall A.*,
  2022 WL 4393367 (Cal. Ct. App. Sept. 22, 2022) ................................................. 13

*In re Sangha*,
  2022 WL 4710606 (Bankr. C.D. Cal. Sept. 30, 2022) ........................................... 15

*In re Williams' Est.*,
  36 Cal. 2d 289 (1950) .......................................................................................... 2, 3

*Islam v. U.S. Dep't of Homeland Sec.*,
  136 F. Supp. 3d 1088 (N.D. Cal. 2015) ..................................................................... 2

*Key v. Tyler*,
  34 Cal. App. 5th 505 (2019) ................................................................................... 10

*L.G. v. M.B.*,
  25 Cal. App. 5th 211 (2018) ..................................................................................... 4

*Lucas v. Redig*,
  2004 WL 1700517 (Cal. Ct. App. July 30, 2004) .................................................... 8

*Lucido v. Superior Ct.*,
  51 Cal. 3d 335, 795 P.2d 1226 (1990) ............................................................... 4, 10

*Mendez v. Salcido*,
  2019 WL 5078265 (Cal. Ct. App. Oct. 10, 2019) .................................................. 10

*Murphy v. Murphy*,
  78 Cal. Rptr. 3d 784 (2008), *as modified on denial of reh'g* (July 22, 2008) ...... 10

*Nakamura v. Parker*,
  67 Cal. Rptr. 3d 286 (2007) ................................................................................... 11

*Nevarez v. Tonna*,
  174 Cal. Rptr. 3d 219 (2014) ................................................................................... 5

*People v. Miranda*,
  62 Cal. App. 5th 162 (2021) .................................................................................... 9

*People v. Ogunmola*,
  193 Cal. App. 3d 274 (1987) .................................................................................... 9

*Rodriguez v. Menjivar*,
    196 Cal. Rptr. 3d 816 (2015) ................................................................. 10, 12

*Samara v. Matar*,
    5 Cal. 5th 322 (2018) ............................................................................. 5, 13

*Taylor v. Ron's Liquors, Inc.*,
    2011 WL 4634091 (N.D. Cal. Oct. 6, 2011) .................................................. 8

**Statutes**

Cal. Fam. Code § 6300 ........................................................................................ 5

Cal. Fam. Code § 6300(a) .................................................................................. 12

Cal. Fam. Code § 6301 ........................................................................................ 5

Cal. Fam. Code § 6301(c) .................................................................................. 12

Cal. Fam. Code § 6340(a) .................................................................................. 12

**Other Authorities**

7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 268 ................................ 10

## I. INTRODUCTION

Ms. Hill's counterclaims must be dismissed because they are barred by the doctrine of collateral estoppel, or issue preclusion, and her Opposition (Dkt. No. 57) only reinforces that conclusion. Ms. Hill devotes the vast majority of her Opposition to arguing that the Los Angeles Superior Court did not make any "express findings" on whether an act of abuse occurred. But what she claims is a general "express findings" requirement under the law of collateral estoppel is actually a special rule that only applies when the prior action resulted in a *default judgment*. The Court need not look any further than the Ninth Circuit cases upon which Ms. Hill herself relies to see Ms. Hill's error. Indeed, seven of the ten pages of Ms. Hill's argument are devoted to a requirement that does not exist. But even if there were an "express finding" requirement within the "necessarily decided" prong of collateral estoppel, which there is not, the Los Angeles Superior Court's decision meets it. Judge Gould-Saltman expressly found that Ms. Hill consented to everything that occurred between her and Mr. Bauer, that Mr. Bauer did not exceed any boundaries set by Ms. Hill, and that the only evidence of anything occurring while Ms. Hill claimed to be unconscious was a slap on her buttocks. Brown Decl. Ex. B at Tr. 583:9–586:2. The express finding of consent alone thwarts any claim for battery or sexual battery.

There is no way for Ms. Hill to get around the simple truth that she filed two complaints with the same allegations against Mr. Bauer in two different courts and lost on the merits of her claims in the first proceeding. Under the well-settled law of issue preclusion, Ms. Hill may not get a second bite at the apple. "The point is that, once an issue has been finally decided *against* such a party, that party should not be allowed to relitigate the same issue in a new lawsuit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 827 (2015). The Court should easily reject Ms. Hill's argument that she be permitted to drag Mr. Bauer and this Court through a second trial of the same issues resolved in the DVRO Proceeding held by the Los Angeles Superior Court last year.

## II. ARGUMENT

### A. Ms. Hill concedes four of the five elements of collateral estoppel.

Under California law, for collateral estoppel to apply, five elements must be satisfied. In Mr. Bauer's Motion to Dismiss (Dkt. No. 52), he argues that all five elements are satisfied, and thus, Ms. Hill's Counterclaim Complaint must be dismissed. Mot. at p. 7–20. Ms. Hill's Opposition only contests one of the five elements—whether the issue was necessarily decided. Opp'n at p. 3–13. Ms. Hill has thus conceded that the four other elements are satisfied. *See, e.g.*, *Balderrama-Rivero v. Garland*, 845 F. App'x 565, 566 (9th Cir. 2021); *Heraldez v. Bayview Loan Servicing, LLC*, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016) ("Failure to oppose constitutes a waiver or abandonment of the issue.").

### B. There is no "express finding" requirement within the "necessarily decided" element of collateral estoppel.

In the first seven of ten pages of Ms. Hill's argument section, she invites this Court to read a non-existent "express finding" requirement into the "necessarily decided" element of the collateral estoppel doctrine. Opp'n at p. 3–10. However, California law imposes no such requirement, except when the prior proceeding ended in a default judgment and no issues were actually litigated. Ms. Hill's Opposition is thus based on an error of law. She misstates the holdings of two Ninth Circuit cases: *In re Harmon*, 250 F.3d 1240, 1247 (9th Cir. 2001) and *In re Baldwin*, 249 F.3d 912, 918–19 (9th Cir. 2001). *Harmon* and *Baldwin* both apply a California decision, *In re Williams' Est.*, 36 Cal. 2d 289, 297 (1950), that articulates a specific standard ***that is only meant to be considered when the prior proceeding resulted in a default judgment***.[1]

---

[1] Ms. Hill also cites *Islam v. U.S. Dep't of Homeland Sec.*, 136 F. Supp. 3d 1088, 1092 (N.D. Cal. 2015), which quotes *Harmon* for the proposition that an express finding is "typically" needed without noting the special context of default judgments, but that decision then went on to determine that the "necessarily decided" requirement was met by the prior judgment in that case not by an express finding but rather because the statute required the Immigration Judge to determine the issue in (Continued…)

When a court enters a default judgment, the plaintiff's allegations are presumed to be true by the reviewing court. When a default judgment could be based on any several of alternative grounds in a pleading, it cannot be said that a certain issue was "necessarily decided." That is why California law extends issue preclusive effect to a prior default judgment only when it is possible to know which issues the court necessarily decided, in general by referring to an "express finding." In *Williams*, the California Supreme Court explained, "a defendant may be estopped by a default judgment entered upon a complaint for divorce alleging facts as to property rights when he has been personally served with summons or has actual knowledge of the existence of the litigation. But this rule has been applied only where the record shows an express finding upon the allegation as to property." 36 Cal. 2d at 297. Relying on the rule expounded in *Williams*, *Harmon* and *Baldwin* both involved the preclusive effect of an earlier default judgment under California law. *Harmon*, 250 F.3d at 1248; *Baldwin*, 249 F.3d at 918–19.

The prior DVRO Proceeding was anything but a default judgment. The DVRO ruling came after a hotly contested, four-day long hearing in which Ms. Hill was represented by three law firms and robustly litigated the very issue she now seeks to relitigate. Ms. Hill's own counsel's closing statement began by acknowledging her job was to "persuade the trier of fact by a preponderance of the evidence that abuse as defined in the DVPA was committed." *See* Brown Decl. Ex. B at Tr. 524:24–26. She failed to meet her burden, and Judge Gould-Saltman did resolve that question against Ms. Hill, as she was statutorily required to do. *See* Mot. at 17–19. As one court explained: "The fact that the matter proceeded to a contested hearing indicated that the parties anticipated the court would treat the petitioner differently if it found"

---

the prior proceeding even though he made no express finding. Neither *Harmon* nor *Williams* would have been applicable in *Islam* in any event because the preclusive effect in a federal APA action by a prior federal agency proceeding is governed by federal issue preclusion law, not California law, so *Islam* did not present an opportunity to apply the *Williams* rule for default judgments.

3

1  that a past act of abuse occurred. *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 342, 795
2  P.2d 1223, 1226 (1990) (finding issue was necessarily decided where it was not
3  "entirely unnecessary" to the judgment). Here, the entire DVRO Proceeding was
4  centered upon the question of whether a past act of abuse occurred. Ms. Hill stretches
5  for an inapplicable "express finding" requirement because she cannot now turn
6  around and argue that the Los Angeles Superior Court did not necessarily decide the
7  issue that her own counsel explained was at the crux of the DVRO Proceeding.

8        Ms. Hill also cites two cases that do not even involve issue preclusion for the
9  unremarkable proposition that when a ruling is so vague that it is not possible to
10 determine if an issue was necessarily decided, the prior judgment is not preclusive.
11 Neither case purports to require "express findings." In *L.G. v. M.B.*, collateral
12 estoppel was not at issue; the case involved the "interim adverse judgment rule" for
13 malicious prosecution claims. The court commented in dicta, using issue preclusion
14 only as an analogy, that a prior ruling cannot be given preclusive effect when "the
15 record does not permit a conclusion that an issue was necessarily decided." *L.G. v.
16 M.B.*, 25 Cal. App. 5th 211, 230–32 (2018). That has no bearing here, where Judge
17 Gould-Saltman specified that she was denying Ms. Hill's request for a DVRO
18 because she did not find evidence of past acts of abuse or any nonconsensual conduct.
19 While not necessary to the denial of the petition, Judge Gould-Saltman further went
20 on to note that there was no likelihood of future harm. She did not simply rule:
21 "request denied" or "request granted" like in underlying restraining order proceeding
22 in *L.G.* In *Boblitt v. Boblitt*, the court held that a marital dissolution proceeding did
23 not have a res judicata effect on a subsequent tort action, but the court's reasoning
24 was based on the fact that for res judicata, or *claim* preclusion, to apply, the claim in
25 both actions must be based on the same primary right. *Boblitt v. Boblitt*, 118 Cal.
26 Rptr. 3d 788, 797 (2010). The *Boblitt* court went out of its way to explain that a
27 marital dissolution proceeding could still have preclusive effect under the doctrine of
28 collateral estoppel, or *issue* preclusion, if certain issues were actually litigated in the

4

marital dissolution, although the court ultimately found there was no evidence supporting the application of issue preclusion under the facts in that case. *Id*. *Boblitt* also did not require an express finding. *Id*.

### C. Even if there were an "express finding" requirement, the Los Angeles Superior Court did expressly find that Mr. Bauer did not batter or sexually batter Ms. Hill.

An express finding requirement would not help Ms. Hill anyway, because Judge Gould-Saltman made express findings in regard to three issues: (1) whether there was a dating relationship; (2) whether there were any past acts of abuse; and (3) whether there was a likelihood of future harm. Brown Decl. Ex. B at Tr. 581:14–583:8 (findings regarding dating relationship); *id*. at 583:9–586:2 (findings regarding allegations of past acts of abuse); *id*. at 586:3–587:7 (findings regarding likelihood of future harm). Judge Gould-Saltman was statutorily required to consider these first two issues under the California Family Code. *See* Cal. Fam. Code § 6301 (court may issue DVRO to any person described in § 6211, which includes persons in a "dating relationship"); *id*. at § 6300 (court may issue DVRO upon "reasonable proof of a past act or acts of abuse"). Although she was not statutorily required to consider the third, she did so to emphasize that her denial of the DVRO based on her finding of no abuse would also not jeopardize the safety of Ms. Hill going forward. *Nevarez v. Tonna*, 174 Cal. Rptr. 3d 219, 227 (2014) (trial court not required to consider probability of future abuse). *See also Gdowski v. Gdowski*, 95 Cal. Rptr. 3d 799, 805 (2009) (Cal Fam. Code § 6300 "require[s] a showing of past abuse, not a threat of future harm") (emphasis added). At the conclusion of Judge Gould-Saltman's decision, she expressly stated that she was denying Ms. Hill's request for a DVRO "for **all** the reasons stated" (emphasis added). Brown Decl. Ex. B at Tr. 587:8–11. *See Samara v. Matar*, 5 Cal. 5th 322, 327 (2018) ("Courts have understood the 'necessarily decided' prong to 'require[] only that the issue not have been "entirely unnecessary"

to the judgment in the initial proceeding'—leaving room for a decision based on two grounds to be preclusive as to both.").

Ms. Hill speciously argues that Judge Gould-Saltman was silent as to: (1) whether Mr. Bauer engaged in the specific acts of abuse that form the basis for Ms. Hill's counterclaims; (2) whether Ms. Hill consented to engaging in rough sex with Mr. Bauer; and (3) what Ms. Hill claims to have happened while she was allegedly unconscious. Opp'n at 5–10. But what matters is that Judge Gould-Saltman found that Ms. Hill had not proved *any* past act of abuse even under the low preponderance of the evidence standard. In doing so, Judge Gould-Saltman necessarily decided that Mr. Bauer did not commit the same past acts of abuse Ms. Hill now alleges in support of her counterclaim in this case.

As an initial matter, Ms. Hill does not dispute that the counterclaim is substantively identical to her failed DVRO petition. Every single alleged act of abuse that forms the basis of Ms. Hill's counterclaims also formed the basis of her DVRO petition. *See* Mot. at 9–11 (chart comparing allegations in the two proceedings). This is important because it shows that Ms. Hill asked the Los Angeles Superior Court, in her DVRO petition, to answer the question of whether Mr. Bauer committed these very acts of abuse that she reasserts in her counterclaim. And as one would expect, the evidence presented throughout the four-day DVRO hearing was entirely in regard to whether Mr. Bauer committed these specific acts of abuse. Brown Decl. Ex. B at Tr. 1–275, 336–362, 368–457. Ultimately, when Judge Gould-Saltman ruled that Mr. Bauer did not exceed any boundaries, and that everything that occurred was consensual, she was necessarily referring to the same specific acts of abuse that Ms. Hill reasserts in her counterclaim complaint.

Although Mr. Bauer quoted Judge Gould-Saltman's ruling in his opening Motion, her words warrant repetition:

> "[Ms. Hill] had and has the right to engage in any kind of sex as a consenting adult that she wants to with another consenting adult. She

> was not ambiguous about wanting rough sex in the parties' first encounter and wanting rougher sex in the second encounter. [Ms. Hill] was asked by [Mr. Bauer] to decide whatever she wanted to let [Mr. Bauer] know was off limits, and she did. If she had set limits and he had exceeded them, this case would be very clear. But she set limits without fully considering all of the consequences and [Mr. Bauer] did not exceed the limits that [Ms. Hill] set."

Brown Decl. Ex. B at Tr. 585:19–586:2. Here, Judge Gould-Saltman is anything but "silent" about whether any acts of abuse occurred. While Ms. Hill characterizes the ruling as containing **no** "discussion on whether Bauer in fact abused Hill," Opp'n at 5, Judge Gould-Saltman's words militate otherwise. Judge Gould-Saltman *expressly found* that Mr. Bauer did not engage in any behavior that was unwanted or off-limits, nor did he exceed any boundaries that Ms. Hill set. In her Opposition, Ms. Hill gratuitously repeats her graphic allegations and gripes that the Los Angeles Superior Court did not make a finding as to each of them. Opp'n at 5–6. But the Los Angeles Superior Court did necessarily make such findings. It found that Ms. Hill requested rough sex in the first encounter and rougher sex in the second encounter. It found that Ms. Hill set boundaries for the rough sex and that Mr. Bauer did not exceed any of those boundaries. If Judge Gould-Saltman determined that any one of Ms. Hill's allegations constituted an act of abuse, she would not have made the sweeping statement that Mr. Bauer *did not exceed* any of Ms. Hill's boundaries. It is crystal clear that Judge Gould-Saltman determined that nothing abusive occurred in either the April 22 or May 16 encounters.

As for the issue of consent, Ms. Hill now argues that she could not consent to serious bodily injury, even if she did consent to engaging in rough sex, slapping and choking. Opp'n at 7–9. She contends that this aspect of the consent issue was not necessarily decided by the Los Angeles Superior Court. *Id*. This is wrong for at least three reasons. First, Ms. Hill made this identical argument in the DVRO Proceeding. *See, e.g.*, Brown Decl. Ex. B at Tr. 46:26–47:20 (Ms. Hill's counsel arguing about

7

Ms. Hill's inability to consent to serious bodily injury in opening statement of DVRO Proceeding). Second, the Los Angeles Superior Court already rejected this argument. The court took in voluminous evidence about Ms. Hill's alleged injuries, which despite Ms. Hill's attempts to inflate, amounted to solely surface-level bruising and a single abrasion indistinguishable from acne according to expert testimony, and held that Ms. Hill could—and did—consent to everything that occurred during her two sexual encounters with Mr. Bauer, even if there were some consequences to her. Brown Decl. Ex. B at Tr. 584:4–586:2. There is nothing to relitigate about the extent of Ms. Hill's injuries and whether she consented to the behavior that resulted in them. Third, Ms. Hill is simply wrong on the law because the presence of consent defeats a finding of battery and sexual battery. *See Lucas v. Redig*, 2004 WL 1700517, at *6 (Cal. Ct. App. July 30, 2004) ("If one says yes to sexual contact, no matter how distasteful or wrong, the contact cannot constitute a sexual battery because, by definition, battery involves contact without consent.") (internal citation omitted). *See also Taylor v. Ron's Liquors, Inc.*, 2011 WL 4634091, at *4 (N.D. Cal. Oct. 6, 2011) ("A person commits battery under California law when he or she (1) intentionally did an act which resulted in a harmful or offensive contact with the plaintiff's person; (2) *plaintiff did not consent to the contact*; and (3) the harmful or offensive contact caused injury, damage, loss or harm to the plaintiff . . . [Sexual battery] has also been construed as requiring that the victim of a sexual battery did not consent to the contact.") (internal citations and quotations omitted) (emphasis added). In *Taylor*, the court found that collateral estoppel applied where the prior judgment made clear that the victim did not consent. Here, as the prior judgment makes clear that Ms. Hill *did* consent, she cannot meet the test for either cause of action she asserts in her counterclaims.

Finally, Ms. Hill argues that the Los Angeles Superior Court made no express findings about what occurred while she claimed to be unconscious.[2] Not so. The Los Angeles Superior Court found: "The only evidence of anything which happened while [Ms. Hill] was unconscious was having been hit on the butt in the parties' first encounter. Other acts occurred while [Ms. Hill] was conscious." Brown Decl. Ex. B at Tr. 584:24–27. That is an express finding.[3]

### D. The Los Angeles Superior Court necessarily decided that Mr. Bauer did not batter or sexually batter Ms. Hill.

After spending the majority of her opposition brief on the non-existent "express finding" requirement, Ms. Hill does include a short section analyzing whether the issue was necessarily decided by the Los Angeles Superior Court without mention of "express findings." *See* Opp'n at 10–13. Here, she fares no better. Ms. Hill fails to mention the applicable legal standard for determining whether an issue is necessarily decided. And she wholly fails to address Mr. Bauer's argument that the Los Angeles Superior Court rejected Ms. Hill's request for a restraining order on the ground that there were no past acts of abuse, as it was statutorily required to do, while also commenting that there was no likelihood of future harm. *See* Brown Decl. Ex. B at Tr. 583:9–586:2 (finding no past acts of abuse); Tr. 586:3–587:7 (finding no likelihood of future harm with the caveat that "the *Nevarez* case does not require a judge to consider whether there is a probability of future harm").

---

[2] This argument is also a stretch for the independent reason that Ms. Hill herself testified at the DVRO Proceeding that everything that occurred in the first encounter, including her unproven allegations of choking to unconsciousness and anal sex, was consensual. Brown Decl. Ex. B at Tr. 528:23–24.

[3] Ms. Hill cites case law for the proposition that one cannot consent to a battery while unconscious, Opp'n at 9–10, but that is of no moment because the Los Angeles Superior Court already found that nothing objectionable to Ms. Hill occurred while she allegedly was unconscious. Moreover, none of the cases Ms. Hill cites are in the consensual rough sex context. *People v. Miranda*, 62 Cal. App. 5th 162, 175 (2021) involved the rape of minor children while they were sleeping. *People v. Ogunmola*, 193 Cal. App. 3d 274, 279 (1987) and *Boro v. Superior Ct.*, 163 Cal. App. 1224, 1228 (1985) both involved medical professionals raping or forcibly touching their patients. Ms. Hill cites no case where a court finds that consensual rough sex constitutes battery.

1    Under California law, an issue is necessarily decided for collateral estoppel purposes "if the issue was not 'entirely unnecessary' to the judgment in the initial proceeding." *Anne H. v. Michael B.*, 204 Cal. Rptr. 3d 495, 503 (2016), *as modified* (July 12, 2016); *Apple, Inc. v. Franchise Tax Bd.*, 132 Cal. Rptr. 3d 401, 412 (2011) (same); *Key v. Tyler*, 34 Cal. App. 5th 505, 534 (2019) (same); *Lucido v. Superior Ct.*, 795 P.2d 1223, 1226 (1990) (same; citing 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 268 in support); *Murphy v. Murphy*, 78 Cal. Rptr. 3d 784, 802 (2008), *as modified on denial of reh'g* (July 22, 2008) (same; preclusive effect given to prior judgment where court made no express findings on the issues sought to be relitigated). As Ms. Hill's lawyer acknowledged, whether she could prove an act of abuse was the central issue at the DVRO Proceeding and an issue the court had to and did decide. *See, e.g., In re Marriage of Ayesh & Shilov*, 2019 WL 5781867, at *5 (Cal. Ct. App. Nov. 6, 2019) ("The DVPA <u>requires</u> a showing of past abuse by a preponderance of the evidence.") (emphasis added); *In re Marriage of F.M. & M.M.*, 279 Cal. Rptr. 3d 522, 530 (2021), *as modified* (June 3, 2021) (same); *In re Marriage of Davila & Mejia*, 239 Cal. Rptr. 3d 805, 810 (2018), *as modified* (Nov. 19, 2018) (same); *Mendez v. Salcido*, 2019 WL 5078265, at *5 (Cal. Ct. App. Oct. 10, 2019) ("The person seeking the order <u>must</u> prove, by a preponderance of the evidence, 'a past act or acts of abuse' . . . .") (emphasis added).

Ms. Hill argues that, as the Los Angeles Superior Court has broad discretion to grant or deny restraining orders, it may deny a DVRO even when there is a showing of past abuse.[4] But Ms. Hill does not—and cannot—cite to a single case where that occurred. Because that is not the law. *See Rodriguez v. Menjivar*, 196 Cal. Rptr. 3d 816, 821 (2015) ("While the trial court believed that there had been significant physical violence, it found that showing of past abuse insufficient as a matter of law. Because the law is otherwise, the order denying the issuance of a DVPA protective

---

[4] This is a red herring because, even if true, the Los Angeles Superior Court *did* find that there was no past act or acts of abuse in this particular case.

order must be reversed, and the matter remanded for the trial court to issue the restraining order in accordance with the law."); *Nakamura v. Parker*, 67 Cal. Rptr. 3d 286, 292 (2007) ("In any event, the facial adequacy of Nakamura's factual allegations to show that she was 'abused' within the meaning of the DVPA operated to divest the court of discretion to summarily deny her application.").

To be sure, Ms. Hill cites to one case—*Gonzales v. Oliva*, 2016 WL 828624 (Cal. Ct. App. Mar. 3, 2016)—in support of her creative theory that a finding of past abuse is not dispositive in a DVRO proceeding, but that case does not support the proposition. In *Gonzales*, the petitioner alleged that the respondent created a defamatory Facebook account, drove by the respondent's house, videotaped custody exchanges against court orders, threatened his life, hit him, and stole his identity, among other things. *Gonzales*, 2016 WL 828624, at *7. The California Court of Appeals reviewed the trial court's denial of the DVRO, finding that while the alleged past acts of abuse, *if proven*, could be enjoined under Section 6320, the trial court specifically only found that the respondent created the defamatory Facebook account. *Id*. The other acts were not proven by a preponderance of the evidence. *Id*. The Court of Appeals declined to disrupt the trial court's finding that the defamatory Facebook account "cannot be said . . . [to have] rise[n] to the level to compel a DVPA restraining order." *Id*. This quote is telling. For the *Gonzales* court, the granting of a DVRO rose and fell on the petitioner's ability to prove a past act of abuse by a preponderance of the evidence. Thus, the *Gonzales* court engaged in the statutorily required exercise of considering whether any past acts of abuse occurred—just as the Los Angeles Superior Court did in Ms. Hill's case—and ultimately exercised its discretion in holding that the creation of a defamatory Facebook account did not rise to the level of abuse required under the statute.

At bottom, Ms. Hill misunderstands the statutory scheme. Under Section 6340, a court has discretion to consider whether failure to grant a DVRO may jeopardize a petitioner's safety going forward. But this does not mean, as Ms. Hill suggests, that

a court can deny a DVRO based on the probability of future harm.[5] Opp'n at 11–12. Rather, the court must determine whether any past act or acts of abuse occurred. *See* Cal. Fam. Code § 6300(a); *see also supra* p. 10 (citing cases). If the court finds none, it may then consider whether its decision to deny the DVRO will jeopardize the safety of the petitioner. This is why Judge Gould-Saltman began her ruling by addressing whether there was a dating relationship and whether there were any past acts of abuse. Brown Decl. Ex. B at Tr. 581:6–586:2. After finding no evidence of a past act or acts of abuse, she then stated that she was "going back to Family Code Section 6220 and 6340" to ensure that her denial of the DVRO based on her finding of no past acts of abuse would not jeopardize Ms. Hill's safety. Brown Decl. Ex. B at Tr. 586:3. If Judge Gould-Saltman had found a past act or acts of abuse, she would have had to grant the DVRO and would not have reached the issue of likelihood of future harm. Indeed, Section 6340 only comes into play if a court will "fail[]" to grant an order. *See* Cal. Fam. Code § 6340(a); *see also Rodriguez*, 196 Cal. Rptr. at 821 (lower court erred by denying DVRO on basis of no likelihood of future harm where there was credible evidence of physical abuse).

Ms. Hill also pays lip service to the "totality of the circumstances" test referenced in Section 6301. Opp'n at 11. However, she misrepresents that too. She quotes Cal. Fam. Code § 6301(c) as providing courts with authority to consider "the totality of the circumstances," but she takes the quote out-of-context. The full text of § 6301(c) states: "<u>The length of time since the most recent act of abuse is not, by itself, determinative</u>. The court shall consider the totality of the circumstances in determining whether to grant or deny a petition for relief." (emphasis added). Section 6301(c) is clear by its plain language that a prerequisite is a past act of abuse. Beyond

---

[5] In the DVRO Proceeding, Ms. Hill's lawyers argued that "there is no need to show future abuse." Brown Decl. Ex. B at Tr. 546:28–547:1. Ms. Hill now argues the opposite.

that, it is up to the trial court to consider the totality of the circumstances, but the presence or absence of a past act of abuse <u>must</u> be the primary consideration.

It makes sense that Ms. Hill was hard-pressed to find a case where a court denied a DVRO based on the "totality of the circumstances" where there *was* a past act of abuse. Given that the purpose of the DVPA is to protect victims, it is hard to imagine a court would deny a DVRO where there is a showing of past abuse. *In re Marriage of Mary & Randall A.*, 2022 WL 4393367, at *3 (Cal. Ct. App. Sept. 22, 2022) ("The Act permits people to obtain a DVRO *when they are victims of 'abuse'* by certain individuals, including their spouses and parents.") (emphasis added); *In re Marriage of F.M. & M.M.*, 279 Cal. Rptr. 3d 522, 529 (2021), *as modified* (June 3, 2021) ("The statute should be 'broadly construed in order to accomplish [its] purpose' of preventing acts of domestic violence."). Indeed, the DVPA permits the issuance of a DVRO *solely* based on the affidavit or testimony of the person requesting the restraining order if the affidavit shows reasonable proof of a past act or acts of abuse. Cal. Fam. Code § 6300. This low bar is by design, in order to protect real victims. Yet even under this low bar, Ms. Hill was unable to show reasonable proof of the same alleged past acts of abuse she seeks to relitigate here.

And even if a past act of abuse was just one consideration in the "totality of the circumstances" test, this is a smoke screen. Judge Gould-Saltman explained that she was denying the DVRO based on her explicit findings that no acts of abuse occurred. Regardless of what the Los Angeles Superior Court was statutorily required to consider, the fact is that Judge Gould-Saltman did consider and base her findings on the very issue Ms. Hill seeks to relitigate.[6] In other words, under the lenient "not entirely unnecessary to the judgment" standard, which Ms. Hill does not mention,

---

[6] Even if Ms. Hill is correct that the decision was also based on there being no likelihood of future harm, this only means that the judgment in the DVRO Proceeding would be preclusive as to both issues—whether there was any past act of abuse and whether there was any likelihood of future harm. *Samara*, 5 Cal. 5th at 327 (where decision is based on two grounds, it has preclusive effect as to both).

13

even if the Los Angeles Superior Court had discretion to consider the totality of circumstances, the issue of whether any acts of abuse occurred can easily be characterized as "not entirely unnecessary to the judgment" because the judge made findings as to that issue.

Finally, Ms. Hill cites nothing to support her idea that collateral estoppel is a one-way ratchet that allows preclusion in favor of a successful petitioner but not against an unsuccessful one. Opp'n at 12. The Court should reject her bizarre argument that if she had won, the judgment would be entitled to preclusive effect, but since she lost, the judgment is somehow estoppel-proof.

### E. The practical consequence of denying Mr. Bauer's motion to dismiss is that the same exact facts and issues that were litigated in the DVRO Proceeding would be litigated again.

A trial in this court on Ms. Hill's counterclaims would force the parties to relitigate whether any "act of abuse"—which includes battery and sexual battery under Cal. Fam. Code § 6203(a)—occurred during the April 22 and/or May 16 sexual encounters between Ms. Hill and Mr. Bauer. *See* Mot. at 9–11 (chart comparing Ms. Hill's allegations in the DVRO Proceeding about what occurred in those two encounters with her counterclaims here). This is what the doctrine of collateral estoppel was designed to prevent. *In re Baldwin*, 249 F.3d at 919–20 ("The California Supreme Court has identified three policies underlying the doctrine of collateral estoppel: 'preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.'"). As the Ninth Circuit aptly held: "Where, as here, the state court was fully capable of adjudicating the issue subsequently presented to [this Court], we conclude that the public's confidence in the state judicial system would be undermined should [this Court] relitigate the question of whether [Mr. Bauer] had acted with the intent to injure [Ms. Hill]" or whether she consented to rough sex. *Id*. at 920; *see also In re Sangha*, 2022 WL 4710606, at *9 (Bankr. C.D. Cal. Sept. 30, 2022) (citing *In re*

*Baldwin*, 249 F.3d at 920). That goes double for a state law claim that is in federal court because of diversity. This Court should not—simply at Ms. Hill's request—set aside the thoughtfully considered and properly rendered findings of the Los Angeles Superior Court.

### III.   CONCLUSION

For the reasons stated herein, the Court should dismiss with prejudice Ms. Hill's Counterclaim Complaint in its entirety.

Dated:       November 3, 2022

/s/ Blair G. Brown
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com