UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas for Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Strike [32]**

Before the Court is a Motion to Strike the claims against Defendant Niranjan Fred Thiagarajah ("Thiagarajah"), pursuant to California Civil Code § 425.16. (Mtn., Dkt. No. 32.) Plaintiff Trevor Bauer ("Bauer") opposed the motion (Opp'n., Dkt. No. 40) and Thiagarajah replied (Reply, Dkt. No. 49).

The parties separately moved for judicial notice of several documents. (Def. RJN, Dkt. No. 33; Pl. RJN, Dkt. No. 41.) Bauer opposed Thiagarajah's request for judicial notice. (Pl. Opp'n. to Def. RJN, Dkt. No. 42.)

The Court heard oral argument on this matter on November 7, 2022.

For the following reasons, the Court **GRANTS** the parties' requests for judicial notice and **GRANTS** Thiagarajah's motion to strike.

**I. BACKGROUND**

The following contentions are taken from Bauer's Complaint and the parties' briefings. (See Compl., Dkt. No. 1, ¶¶ 1-16.) Trevor Bauer is a well-known Major League Baseball player who, at the time of the events underlying his complaint, was playing for the Los Angeles Dodgers. (Id., ¶ 26.) The Complaint focuses primarily on allegations of defamation and tortious interference against Thiagarajah's co-defendant and former client, Lindsey Hill ("Hill"). Bauer and Hill met on two occasions, during both of which they had sex, including some rough sex. (Id., ¶ 2.) Bauer alleged that Hill orchestrated these two encounters for the purpose of "lur[ing]" Bauer into "having a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

rougher sexual experience" than she originally wanted in order to claim a financial settlement. (Id.)

During their second sexual encounter, Hill sustained a number of injuries, including a swollen lip and black eyes. (Id., ¶¶ 73, 75-77.) Based on these injuries, Hill filed a police report, alleging that Bauer sexually assaulted her. (Id., ¶ 83.) Hill subsequently filed a petition for a Domestic Violence Restraining Order ("DVRO"), and the Los Angeles Superior Court granted a temporary restraining order against Bauer. (Id., ¶ 96-97.) The court, however, declined to grant Hill a permanent DVRO after hearing evidence over the course of four days. (Id., ¶ 124.) Judge Dianna Gould-Saltman, the Los Angeles Superior Court judge who presided over the hearing, held that there was insufficient evidence to show that Hill did not consent to every aspect of the rough sex or that there was a reasonable possibility that Hill and Bauer would cross paths again. (Mtn. at 3.)

At issue in this motion is a statement Judge Gould-Saltman made while she was delivering her findings:

> "Let me be clear. The injuries as shown in the photographs are terrible. Under most circumstances, merely seeing photographs such as those would serve as a per se condemnation of the perpetrator of such injuries. But Petitioner had and has the right to engage in any kind of sex as a consenting adult that she wants to with another consenting adult. She was not ambiguous about wanting rough sex in the parties' first encounter and wanting rougher sex in the second encounter."

(Declaration of Blair Brown, Ex. A ("Tr."), 585:15-21.) Judge Gould-Saltman also noted that Hill's initial declaration, the basis for her initial application for a DVRO, contained "materially misleading" statements related to the frequency with which Bauer communicated with her. (Opp'n. at 6, quoting Tr., 586:3-587:4.)

Bauer chose not to testify during the DVRO Proceedings, asserting his Fifth Amendment right in the face of potential criminal charges related to the alleged assault. (Tr. 3:23-4:18.) The Los Angeles District Attorney later declined to bring charges against Bauer, stating that "the People are unable to prove the relevant charges beyond a reasonable doubt." (Compl. ¶¶ 144-45.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:22-cv-00868 JVS (ADSx)     Date November 23, 2022

Title Trevor Bauer v. Lindsey Hill, et. al.

    The *Washington Post* published an article following the denial of Hill's petition for a permanent DVRO. (Def. RJN, Ex. 1 ("*Washington Post* Article").) The article discussed the DVRO proceedings, the District Attorney's decision not to pursue charges, and a video Bauer posted on YouTube in which he denied Hill's allegations of sexual assault. (Id.) The article also included quotes from an interview with Thiagarajah in his capacity as Hill's attorney. Thiagarajah's statements as published in the article are quoted in full below:

> Fred Thiagarajah, one of the woman's[1] attorneys, acknowledged that prosecutors had a "daunting task" because Bauer's accuser had already been denied a restraining order against the pitcher in a civil hearing. But Thiagarajah said the decision to not charge Bauer was "not a declaration of innocence; it's a declaration of 'I don't have enough evidence to prove this beyond a reasonable doubt.' And there's no doubt that Mr. Bauer just brutalized [the woman]."
>
> In response to Bauer's specific denials of punching, scratching or sodomizing the woman, Thiagarajah noted that during the restraining order hearing last summer, the pitcher declined to take the stand, exercising his right against self-incrimination.
>
> "It's easy to deny these things occurred when you're not going to have a chance to be cross-examined about it," Thiagarajah said. "The evidence is overwhelming that these things occurred. ... That was established to 100 percent certainty. The issue was whether or not she consented to the abuse."

(*Washington Post* Article)

    Bauer alleges that three portions of Thiagarajahs's statements to the *Post* constitute defamation per se: (1) "[T]here's no doubt that Mr. Bauer just brutalized Ms. Hill;" (2) "The evidence is overwhelming that these things occurred. That was established to 100 percent certainty;" (3) "It's easy to deny these things occurred when you're not going to

---

[1] The Post notes in the article that it "does not name alleged victims of domestic violence unless they ask to be identified."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

have a chance to be cross-examined about it." (Compl. ¶¶ 158-61.) Thiagarajah filed the instant motion to strike on July 19, 2022, asserting that his comments to the Post are statements of opinion not fact, and if they are fact, they are substantially true, and are protected by California's Fair Reporting Privilege. (Mtn. at 1-2.)

## II. LEGAL STANDARD

California's anti-SLAPP statute allows for pre-trial dismissal of "SLAPPs" ("Strategic Lawsuits against Public Participation"). Cal. Civ. Proc. Code § 425.16. The statute aims to identify, early in the litigation process, "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001); see also Wilcox v. Super. Ct., 27 Cal.App.4th 809, 816 (1994).

Courts use a two-step burden-shifting approach when reviewing anti-SLAPP motions. First, the defendant must show that the activity challenged by the plaintiff was "taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1). The legislature specified four types of protected activity. See § 425.16(e). Courts look to these statutory definitions to determine whether the anti-SLAPP statute applies. Indus. Waste & Debris Box Serv., Inc. v. Murphy, 4 Cal. App. 5th 1135, 1147 (2016).

Second, the burden then shifts to the plaintiff to show that it has "a reasonable probability that the plaintiff will prevail on his or her . . . claim." In re NCAA Student-Athlete Name & Likeness Licensing Litig., 724 F.3d 1268, 1273 (9th Cir. 2013) (internal quotation marks omitted). At this second step, the plaintiff must show that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if [any admissible] evidence submitted by plaintiff is credited." Id. "This burden is much like that used in determining a motion for nonsuit or directed verdict, which mandates dismissal when no reasonable jury could find for the plaintiff." Metabolife, 264 F.3d at 840 (internal quotation marks omitted). "Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." Id. (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

"In any action subject to subdivision (b) [of California's Anti-SLAPP statute], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c).

### III. DISCUSSION

*A.   Requests for Judicial Notice*

The Court will begin by addressing the parties' respective requests for judicial notice. Thiagarajah requests that the Court take judicial notice of seven documents:

1. A February 8, 2022 *Washington Post* article entitled "Dodgers pitcher Trevor Bauer won't face charges over woman's assault claims, prosecutor says." (See https://www.washingtonpost.com/sports/2022/02/08/trevor-bauer-no-criminal-charges-assault-allegations/.)

2. Portions of the transcript of proceedings from August 19, 2021 in *Hill v. Bauer*, Los Angeles Superior Court Case No. 21STRO03198

3. The transcript of proceedings from August 19, 2021 in the Underlying Proceeding.

4. A February 25, 2019 *Sports Illustrated* article entitled "Trevor Bauer Is More Concerned With Being Right Than Being Liked." (See https://www.si.com/mlb/2019/02/19/trevor-bauer-cleveland-indians-training-tools-twitter-controversy-cy-young#gid=ci0254ea9910122511&pid=trevor-bauer-eclectrodes-talljpg.)

5. A February 5, 2021 *New York Post* article entitled "A history of Trevor Bauer's many controversies." (See https://nypost.com/2021/02/05/trevor-bauer-detailing-pitchers-many-controversies/.)

6. A February 21, 2019 *Guardian* article entitled "Why is Cleveland Indians' Trevor Bauer MLB's most hated man?" (See https://www.theguardian.com/sport/2019/feb/21/why-on-earth-is-climate-skeptic-twitter-troll-trevor-bauer-mlb-most-hated-man.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

7. A February 8, 2022 *CNN.com* article entitled "Los Angeles Dodgers pitcher Trevor Bauer won't face criminal charges following allegations of assault." (See https://www.cnn.com/2022/02/08/sport/mlb-trevor-bauer-no-charges-spt/index.html.)

(See Def. RJN at 2-3.) Bauer opposes Thiagarajah's motion in part, arguing that the Exhibits 4-7 are "irrelevant articles" that have "no bearing" on Bauer's claim against Thiagarajah. (See Pl. Opp'n. to Def. RJN at 3.) Bauer further argues in his opposition and his own request for judicial notice that the Court should take notice of the entire transcript from the four day Domestic Violence Restraining Order hearing, instead of the transcript from the final day Thiagarajah submits. (See id. at 2-3; Pl. RJN at 1-2.)

The Court grants both parties' requests for judicial notice as to the transcript of the DVRO hearing. Because these documents are publicly available records whose authenticity is not contested, the Court grants the requests in full. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Fed. R. Evid. 201(b).

The Court further grants Thiagarajah's request for judicial notice as to Exhibits 1, and 4-7. However, the Court only grants the requests "to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

### B. Thiagarajah's Statements Are Protected First Amendment Activity

The first prong of the anti-SLAPP statute requires that the Defendant show that their challenged activity "taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1). The statute identifies four areas of protected speech. See § 425.16(e). Relevant to this proceeding are the third and fourth areas: "(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

Thiagarajah argues, and Bauer does not contest, that Thiagarajah's statements to *The Washington Post* were made in furtherance of his exercise of free speech. (Mtn. at 8-12.) Thiagarajah asserts that his statements were in a public forum, in connection with an issue of public interest, and in connection with an official proceeding. See Sonoma Media Investments, LLC v. Superior Court, 34 Cal. App. 5th 24, 33-34 (2019) (finding that newspapers are public forums). The Court agrees and finds that Thiagarajah has met his burden in establishing that his challenged activity falls within the ambit of the Anti-SLAPP statute.

    C.    *Probability of Success*

The burden now shifts to Bauer to show a "reasonable probability" that he will prevail on his defamation per se claim. Where, as here, an anti-SLAPP motion is brought on the grounds that the plaintiff's claim is legally deficient, the Court should adjudicate the motion under the standards for a Rule 12(b)(6) motion to dismiss. See Lauter v. Anoufrieva, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2009); In re Bah, 321 B.R. 41, 45 n.6 (B.A.P. 9th Cir. 2005). "In other words, the court must read the complaint broadly, take all well-pleaded allegations as true, and dismiss with leave to amend." In re Bah, 321 B.R. at 45 n.6. Even under this lenient standard, the Court finds that Bauer has not met his burden.

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damages. See John Doe 2 v. Superior Court, 1 Cal. App. 5th 1300, 1312 (2016). A defamation per se claim requires a showing that the defendant's language was defamatory on its face without further explanation. See Barnes-Hind, Inc. v. Superior Ct., 181 Cal. App. 3d 377, 381-82 (1986). The parties only disagree as to whether Thiagarajah's comments published in the *Washington Post* article were statements of fact, and if so, whether they were false.

        i.    The Nature of Thigarajah's Statements

Statements of fact are generally actionable as defamation, while statements of opinion are not. Dickinson v. Cosby, 17 Cal. App. 5th 655, 686 (2017). However, statements of opinion are not automatically protected from defamation actions. Franklin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:22-cv-00868 JVS (ADSx)     Date   November 23, 2022

Title     Trevor Bauer v. Lindsey Hill, et. al.

v. Dynamic Details, Inc., 116 Cal. App. 4th 375, 384 (2004). "Statements of opinion that imply a false assertion of fact are actionable." Dickinson, 17 Cal. App. 5th at 685.

      The question then becomes "whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact." Id. In answering this question, courts in the Ninth Circuit engage in a three-part inquiry: "(1) whether the general tenor of the entire work negate the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates the impression, and (3) whether the statement in question is susceptible of being proved true or false." Gardner v. Martino, 563 F.3d 981, 987 (9th Cir. 2009) (citing Partington v. Bugliosi, 56 F.3d 1147, 1153 (9th Cir. 1995)). Additionally, courts in California look to the "totality of the circumstances, analyzing both the "language of the statement itself, to determine whether the words are understood in a defamatory sense," as well as the "context in which the statement was made." Dickinson, 17 Cal. App. 5h at 686.

          a.     **The General Tenor of the Work**

      Bauer argues that because Thiagarajah's statements were published in *The Washington Post*, the article's overall tone and nature should govern the "general tenor" inquiry. (Opp'n. at 12.) *The Washington Post* is "one of the most highly respected newspapers in the country," and therefore the average person reading Thiagarajah's statements would assume they are factual. (Id.) See Information Control Corp. v. Genesis One Computer Corp., 611 F.2d 781, 784 (9th Cir. 1980) ("Finally, the Court must consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published."). As a result, Bauer asserts, Thiagarajah's comments "create the false impression that the court found Mr. Bauer committed extreme sexual violence on Ms. Hill or, at a minimum, that there was substantial evidence to establish those charges." (Id. at 13.) In response, Thiagarajah contends that the context of his statements should control. In particular, the *Post* article cites him as Hill's attorney, and therefore the adversarial setting of a lawsuit, in which Thiagarajah is acting as an advocate, should be taken into account. (Mtn. at 15-16; Reply at 4.)

      The Court gives some weight to the fact that Thiagarajah's words were published in a well-known newspaper, and as such they carry a certain level of gravitas. However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

because Thiagarajah made the statements in his capacity as Hill's counsel following the DVRO hearing, the full context weighs in favor of finding that his statements were unactionable opinion.

In Ferlauto v. Hamsher, the court noted that "[p]art of the totality of the circumstances used in evaluating" whether a statement is defamatory is whether "the statements were made by participants in an adversarial setting." 74 Cal. App. 4th 1394, 1402-03 (1999). In that case, the defendant described a lawsuit against her as "stupid," "laughed at," "a joke," "spurious," and "frivolous." Id. Although these phrases could have been defamatory in another setting, the fact that they occurred in the context of a lawsuit was key to the court's determination that they were "nothing more than the 'predictable opinion' of one side to the lawsuit." Id. (quoting Information Control, 611 F.2d at 784). The court also held that similar statements by defendant's counsel were nonactionable opinion, as they occurred in the same adversarial context. Id.

Similarly, in GetFugu, Inc. v. Patton Boggs LLP, the court found that "[d]eprecatory statements regarding the merits of ligation are nothing more than the predictable opinion of one side to the lawsuit and cannot be the basis for a defamation claim." 220 Cal. App. 4th 141, 156 (2013) (internal quotation marks and citations omitted). In that case, an attorney represented the plaintiffs in a lawsuit that was partially dismissed by the district court. Id. at 141. The attorney published a Tweet that read "GetFugu runs an organization for the benefit of its officers and directors, not shareholders and employees. The RICO suit was not frivolous. The 500K lawsuit is frivolous, however, so buyer be wary." Id. at 156. The court held that the attorney's statements about whether certain claims were frivolous were unactionable statements of opinion that are "predictable" in the context of litigation. Id.

In this case, Thiagarajah's statements arose in the context of litigation, precisely the type of situation in which an attorney would be expected to express their opinion about the state of the case. See Ferlauto, 74 Cal. App. 4th at 1402; Temple v. Beckham, 2019 WL 444013 at *4 (Cal. Ct. App. Sep. 17, 2019) (Not Reported in Cal. Rptr.) ("Davillier stated that the complaint was full of falsehoods and misinformation, he called the lawsuit meritless and frivolous, and he characterized the claims as outlandish and unsubstantiated ... This was nothing other than the predictable opinion of Beckham's attorney."). At oral argument, counsel for Bauer noted that the article was published in February 2022, several months after the DVRO proceedings. Therefore, according to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:22-cv-00868 JVS (ADSx)     Date   November 23, 2022

Title    Trevor Bauer v. Lindsey Hill, et. al.

Bauer, Thiagarajah's comments are temporally removed from the litigation on which Thiagarajahs was commenting. The Court is unpersuaded. In Ferlauto, the allegedly libelous statements were published in a book long after the case about which the statements were made was closed. 74 Cal. App. 4th at 1401. There, the court did not find that such a temporal separation foreclosed considering "whether statements were made by participants in an adversarial setting." Id. Similarly, here, Thiagarajah was quoted as Hill's attorney during the DVRO proceeding. Furthermore, the quoted portions of Thiagarajah's interview with the Post concerned the litigation in which he appeared as Hill's attorney. It follows, then, that this is precisely the "setting in which the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole." Id. at 1402.

      Further, the article itself discussed the highly charged topic of sexual assault allegations against Bauer, Hill's failure to get a permanent DVRO, and the LA DA's decision not to pursue criminal charges. An attorney representing a woman in a sexual assault case would be expected to express the attorney's understandably strong views about the merits of the case. See GetFugu, 220 Cal. App. 4th at 156 ("Deprecatory statements regarding the merits of ligation are nothing more than the predictable opinion of one side to the lawsuit and cannot be the basis for a defamation claim"). For these reasons, the full context in which Thiagarajah made the allegedly defamatory statements weighs in favor of finding that they were expressions of his opinions, rather than statements of fact.

      While Bauer is correct in asserting that the tenor of a *Washington Post* article is different from a forum on Craigslist, see Summit Bank v. Rogers, 142 Cal. Rptr. 3d 40, 60 (2012), Thiagarajah did not write the article. He cannot therefore be responsible for the tone or content of the entire piece, merely what he said in response to a reporter's question.[2] Because his comments concerned the court's recent denial of his client's

---

    [2] Counsel for Bauer argued at the hearing on this motion that up until Thigarajah's statement the article had not discussed the DVRO proceeding, which could lead to an assumption that Thiagarajah was discussing what occurred in the real world, rather than what happened in the DVRO proceeding. This assertion, however, is irrelevant. First, Thiagarajah did not author the article and therefore has no control over where his statements were placed in relation to other portions of the article. Second, counsel for Bauer conceded during argument that the allegedly defamatory nature of Thiagarajah's comments would not be enhanced or diminished had they been placed at a different point in the article.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

request for a restraining order in an emotionally-charged sexual assault case, a reasonable person would understand Thiagarajah's comments to contain his opinions on the proceedings. See Underwager v. Channel 9 Austl., 69 F.3d 361, 367 (9th Cir. 1995) ("Because how one proves child abuse is a highly controversial subject, the audience to a discussion of defense tactics in child abuse cases would expect emphatic language on both sides.").

### b. Defendant's Use of Figurative or Hyperbolic Language

The next factor focuses on the extent to which Thiagarajah utilized figurative and hyperbolic language, giving the impression that the statements are not entirely factual. "A speaker's use of loose, figurative language" can be determinative in whether the statement can reasonably be interpreted as a factual allegation. Knievel v. ESPN, 393 F.3d 1068, 1085 (9th Cir. 2005). See also Standing Comm. on Discipline v. Yagman, 55 F.3d 1430, 1440 (9th Cir. 1995) ("[S]tatements of 'rhetorical hyperbole' aren't sanctionable, nor are statements that use language in a 'loose, figurative sense.'") (quoting National Ass'n of Letter Carriers v. Austin, 418 U.S. 264, 284 (1974).

Bauer challenges three statements by Thiagarajah, and this factor requires the Court address each individually. Bauer does not argue that Thiagarajah's statement that "It's easy to deny these things occurred when you're not going to have a chance to be cross-examined about it" is a statement of fact. (Reply at 7.) Nor should he, as commenting on the difference between discussing sexual assault allegations via a pre-recorded video on YouTube and being cross-examined under oath on a witness stand is undoubtedly Thiagarajah's opinion as Hill's advocate. Ferlauto v. Hamsher, 220 Cal. App. 4th 141, 156 (2013) (noting that statements made in the context of adversarial litigation are more likely to be the "predictable opinion" of one side). Therefore, the Court finds that Bauer's allegation of defamation as to Thiagarajah's "easy to deny" statement is unactionable opinion. The Court turns now to the remaining sections of Thigarajah's quoted statements in the *Washington Post* article.

First: "And there's no doubt that Mr. Bauer just brutalized" Hill. (Compl. ¶ 158.) While the word "brutalized" is certainly powerful and dramatic, it is neither figurative nor hyperbolic, nor is it in a "string of colorful adjectives" that create a context of "lusty and imaginative expression." Yagman, 55 F.3d at 1440 (holding that the term "dishonest" in the context of other adjective such as "ignorant," "ill-tempered," and

Case 8:22-cv-00868-JVS-ADS Document 70 Filed 11/23/22 Page 12 of 16 Page ID #:2058

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

"buffoon" conveyed the speaker's subjective opinion). Indeed, Thiagarajah asserts that "words like 'brutalize' are to be expected when dealing with sensitive issues like sexual violence." (Mtn. at 16.)

Second: "The evidence is overwhelming that these things occurred . . . that was established to 100% certainty." Again, while Thiagarajah used strongly-worded language to describe his position, it does not give the impression that he is using language in a "loose" or "figurative" sense. On the contrary, they point the listener to the "overwhelming" amount of evidence to support Hill's position. On its face, the language claims to be a factual assertion.

Therefore, this factor weighs in favor of finding that Thiagarajah's statements were factual rather than opinion.

### c. The Statements' Susceptibility of being Proved True or False

The final factor requires analysis of whether the statements are susceptible to being proved true or false. Bauer asserts Thiagarajah's statements are susceptible to being proved false because the state court, in fact, proved them false. (Opp'n at 14-15.) Bauer argues that the state court found that Hill "consented to rough sex, her evidence was 'materially misleading,' and that her claims could not be established (to any degree of certainty)." (Id.) Therefore, saying that Bauer "brutalized" Hill, that the "evidence is overwhelming that these things occurred," and that it was "established to 100 percent certainty" cannot be statements of opinion. (Id.) See Glasser v. Bernzer, 2021 WL 4352809, at *3 (C.D. Cal. June 23, 2021) ("If it can be proved false, then a statement is not protected as an opinion").

Taking all Bauer's factual allegations in the pleading as true, Thiagarajah's statements bear the necessary indicia of facts such that they are susceptible to being proven true. In Yagman, the court held that a defendant's use of the word "dishonest" to describe a judge "cannot be proved true or false by reference to a core of objective evidence," nor did it "imply facts capable of objective verification." 55 F.3d at 1441. Here, conversely, Thiagarajah is quoted as saying that there is "no doubt" Bauer "brutalized" Hill, and that was "established to 100 percent certainty." The statements themselves "imply facts capable of objective verification," by indicating that they were,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:22-cv-00868 JVS (ADSx)   Date   November 23, 2022

Title   Trevor Bauer v. Lindsey Hill, et. al.

in fact, "100 percent" true. See Underwager, 69 F.3d at 366 (holding that statements reflective of the plaintiff's personality and motivations are "not capable of verification").

With the exception of the statement regarding Bauer's YouTube video, the Court finds that Thiagarajah's statements are factual in nature and therefore actionable as defamation.

### ii.    Falsity

Next, the burden shifts back to Bauer to show that Thiagarajah's assertions of fact were false, or at least not substantially true.[3] See McGarry v. University of San Diego, 154 Cal. App. 4th 97, 112 (2007). "Under California law, [a d]efendant can defeat a libel action by proving that the allegedly libelous publication, although not literally true in every detail, is substantially true in its implication, that the gist of the article, when read as a whole, is true." Wynberg v. Nat'l Enquirer, Inc., 564 F. Supp. 924, 927 (C.D. Cal. 1982).

Bauer asserts that Thiagarajah "cherry-picked" the court's quote to support the notion that saying Bauer "brutalized" Hill is true. (Id. at 16.) As noted in Section II, the entire quote from the state court proceeding reads:

> "Let me be clear. The injuries as shown in the photographs are terrible. Under most circumstances, merely seeing photographs such as those would serve as a per se condemnation of the perpetrator of such injuries. But Petitioner had and has the right to engage in any kind of sex as a consenting adult that she wants to with another consenting adult. She was not ambiguous about wanting rough sex in the parties' first encounter and wanting rougher sex in the second encounter."

---

[3] Bauer argues that Thiagarajah has waived his right to argue that his "100 percent certainty" statement is substantially true because he did not do so in his initial motion. This is incorrect. Bauer bears the burden of establishing falsity both as a public figure plaintiff in a defamation case generally, as well as the opposing party in an Anti-SLAPP motion to strike. See Issa v. Applegate, 31 Cal. App. 5th 689, 703 (2019) (noting that a public figure bears the burden in establishing falsity); In re NCAA Student-Athlete Name & Likeness Licensing Litig., 724 F.3d 1268, 1273 (9th Cir. 2013) (discussing the burden-shifting nature of an Anti-SLAPP motion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

(Tr. at 585:15-21.)

Judge Gould-Saltman stated this in the midst of making her findings that there was insufficient evidence to support a lack of consent and a likelihood that Bauer would inflict injuries upon Hill again in the future. (Id. at 583-587.) Judge Gould-Saltman stated earlier in her findings that, while Hill testified that both sexual encounters began consensually, at least the second encounter "ventured into areas to which she did not consent." (Id. 483:28-584:3.) In that context, she framed the issue for the court as "to what did [Hill] consent? And how did she manifest that consent to [Bauer]?" (Id. 584:4-7.)

Bauer argues Thiagarajah's use of the word "brutalized" implies a false interpretation of the state court's findings in the DVRO proceeding by indicating that Bauer sexually assaulted Hill. (Opp'n. at 15.) It is not lost on the Court that Bauer conspicuously omits a key portion of Thiagarajah's statement throughout his complaint and in his present briefing.[4] (See Compl. at ¶ 158. See generally Opp'n.) Bauer claims that the entirety of Thiagarajah's defamatory statement was that Bauer brutalized Hill, which was established to "100 percent certainty" with "overwhelming evidence." However, Bauer does not address in any way the next sentence in the article: "The issue was whether or not she consented to the abuse." (See Washington Post Article.) See J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP, 247 Cal. App. 4th 87, 101 (2016) (reversing the denial of an Anti-SLAPP motion "predicated on a strained construction of the [allegedly defamatory] language used" that was "snippets taken out of context"). Indeed, Bauer attempts to obfuscate the point by directing the Court to Thiagarajah's own omission in which he only submitted for judicial notice one day of transcripts from the four-day DVRO hearing. (Opp'n. at 21.)

Bearing in mind the entirety of Thiagarajah's statement in the context of an article describing Bauer's success in defending against a long-term DVRO, the Court finds Bauer has not met his burden in showing falsity. Although Thiagarajah likely overstated the evidence's strength, the "gist" of his statements were that Judge Gould-Saltman found

---

[4] The Court acknowledges that Bauer's attorney stated at oral argument that any material misrepresentation made as to the context of Thigarajah's allegedly defamatory statements was unintentional. Bauer's intention was only to direct the Court's attention to relevant portions of the article.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

that Bauer inflicted injures upon Hill.  See Gilbert v. Sykes, 147 Cal. App. 4th 13, 28 (holding that the "gist" and "sting" of the charge must be justified by the evidence). Whether Hill consented to any or all of these injuries she suffered was not established to a sufficient level of certainty, which is precisely the message Thiagarajah's statement communicates.

Bauer strongly contends that the use of the term "brutalized" implies that Bauer is guilty of sexual assault, or at least of violating the bounds of Hill's consent.  (Opp'n. at 14-15.)  The Court is not convinced.  Judge Gould-Saltman herself stated that Hill's injuries were "terrible."  Bauer does not present any compelling argument as to why Thiagarajah's using a synonym of the court's own language misstates the court's findings.  Rather, the state court's decision to deny a permanent DVRO was premised on insufficient evidence of consent and the threat of future harm, not on doubts as to whether Bauer inflicted the "terrible" injuries on Hill.  (Tr. 584:4-6; 585:15-21; 587:5-11.)

Finally, Bauer asserts that Thiagarajah's statement regarding Bauer's YouTube video is false. As noted above, Bauer does not argue that this statement is one of fact, as opposed to opinion.  Even if he had, the Court found that Thiagarajah's comments on Bauer's video explanation of the proceedings constitutes a nonactionable opinion.  (See supra Section III.C.i.)  Further, even if it was a statement of fact, it is indisputable that pre-recording a video explaining one side of events is in stark contrast to testifying under oath and being subject to cross-examination.  See Fed. R. Evid. 603 (noting that witnesses must give an oath or affirmation to testify truthfully).  While it is certainly Bauer's right to exercise his Fifth Amendment privilege, it is similarly Thiagarajah's right to exercise his privileges under the First Amendment.

For these reasons, the Court finds that Bauer has not met his burden in showing a probability of success on the merits in his defamation claim.  The Court therefore strikes the Second Cause of Action in Bauer's Complaint against Thiagarajah.

      D.    *Fair Reporting Privilege*

Thiagarajah argues that Bauer's defamation claim against him fails for the separate reason that it is privileged under the Fair Reporting Privilege.  California confers an "absolute privilege on any fair and true report in, or communication to, a public journal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868 JVS (ADSx) | Date | November 23, 2022 |
| Title | Trevor Bauer v. Lindsey Hill, et. al. | | |

of a judicial proceeding, or anything said in the course thereof." Sipple v. Foundation for Nat. Progress, 71 Cal. App. 4th 226, 240 (1999). A report is "fair and true" if it reflects "the substance, the gist, the sting of the libelous charge." Crane v. Arizona Republic, 972 F.2d 1511, 1519 (9th Cir. 1992). See also Argentieri v. Zuckerberg, 8 Cal. App. 5th 768, 787-88 (2017) ("The defendant is entitled to a certain degree of flexibility/literary license ... such that the privilege will apply even if there is a slight inaccuracy in details"). The Court finds that the Fair Reporting Privilege prevents Bauer from pursuing a defamation claim against Thiagarajah based on his comments in the *Washington Post* article.

First, it is undisputed that Thiagarajah's statements were made to a public journal (*The Washington Post*) in connection with a judicial proceeding (the DVRO hearing). (Mtn. at 20; Opp'n. at 18-19.) The parties disagree as to whether Thiagarajah's comments were a "fair and true" report of the judicial proceedings. The Court has analyzed this issue in the context of Bauer's prima facie defamation claim and found that Thiagarajah's comments were substantially true and communicated the gist of the state court proceedings. (See Supra Section III.C.ii.) For this reason, the Court similarly finds that Thiagarajah's statements are protected by the Fair Reporting Privilege.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion. Pursuant to California Civil Procedure Code § 425.16(c), Thiagarajah is entitled to recover reasonable attorneys fees and costs, and shall submit an application within seven days.

**IT IS SO ORDERED.**