# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

TREVOR BAUER,

                Plaintiff,

    v.

LINDSEY C. HILL and NIRANJAN
FRED THIAGARAJAH,

                Defendants.

Case No. 8:22-cv-00868-JVS-ADS
Assigned for all purposes to the Hon.
James V. Selna

**AMENDED STIPULATED
PROTECTIVE ORDER**

**\*\*NOTE CHANGES MADE BY THE COURT**

1.    <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in

Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2    GOOD CAUSE STATEMENT

The Parties agree that good cause exists for the entry of this pretrial protective order. Discovery may involve the production of parties' and non-parties' personal and/or sensitive information, financial records, personal communications and contact information, health records, and other records kept confidential for law enforcement investigatory purposes.

2.    DEFINITIONS

2.1    Action: This pending federal lawsuit, *Bauer v. Hill and Thiagarajah*, Case No. 22-cv-00868.

2.2    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3    Confidential: Personal, sensitive, and/or non-public information which is in the possession of a Designating Party and (a) visually depicts (i.e., photographs, images, or videos) sexual acts or explicit nudity (i.e., naked breasts, buttocks, or genitalia); (b) includes communications between a Party and any non-party that is sexual in nature; (c) includes protected medical information; (d) private financial information; (e) personally identifiable information, such as addresses and social security numbers; (f) may violate a Party's or Non-Party's right to privacy; (g) is subject to the official information privilege under applicable law, including, but not limited to, California Evidence Code Section 1040, *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987), and/or *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995); and/or (h) qualifies for protection under Federal Rule of Civil Procedure 26(c) or other applicable legal requirements.

2

2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: Any party to this Action, including all of its agents, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

3

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)
2  and their employees and subcontractors.

3      2.14  Protected Material: Any Disclosure or Discovery Material that is
4  designated as "CONFIDENTIAL."

5  2.15  Receiving Party: A Party that receives Disclosure or Discovery Material from
6  a Producing Party.

7  3.    SCOPE

8      The protections conferred by this Stipulation and Order cover not only
9  Protected Material (as defined above), but also (1) any information copied or extracted
10 from Protected Material; (2) all copies, excerpts, summaries, or compilations of
11 Protected Material; and (3) any testimony, conversations, or presentations by Parties
12 or their Counsel that might reveal Protected Material.

13     Any use of Protected Material at trial will be governed by the orders of the trial
14 judge.  This Order does not govern the use of Protected Material at trial.

15 4.    DURATION

16     Once a case proceeds to trial, all Protected Materials that are actually used at
17 trial become public and will be presumptively available to all members of the public,
18 including the press, unless compelling reasons supported by specific factual findings
19 to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana
20 v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006)
21 (distinguishing "good cause" showing for sealing documents produced in discovery
22 from "compelling reasons" standard when merits-related documents are part of court
23 record).  Any Party or non-party may seek to seal any Protected Material that is going
24 to be used at trial pursuant to Civil Local Rule 79-5.  Protected Materials that are not
25 actually used at trial or are not otherwise filed in the public casefile in this Action (i.e.
26 through stipulation or denial of a sealing application), shall not become public and
27 will not be presumptively available to all members of the public.  Even after final
28 disposition of this litigation, the confidentiality obligations imposed by this Order

4

shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants

1  protection, the Producing Party, to the extent practicable, will identify the protected

2  portion(s).

3      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

4  failure to designate qualified information or items does not, standing alone, waive the

5  Designating Party's right to secure protection under this Order for such material.

6  Upon timely correction of a designation, the Receiving Party must make reasonable

7  efforts to assure that the material is treated in accordance with the provisions of this

8  Order.

9  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10     6.1    Timing of Challenges.    Any Party or Non-Party may challenge a

11  designation of confidentiality at any time that is consistent with the applicable

12  scheduling order in this Action.

13     6.2    Meet and Confer.   The Challenging Party will initiate the dispute

14  resolution process under Local Rule 37-1 et seq.  Prior to bringing a motion under

15  Local Rule 37-2, the Challenging Party shall seek informal discovery dispute

16  resolution available from the Court (including, but not limited to, an informal

17  discovery conference from the assigned Magistrate Judge), unless time is of the

18  essence.

19     6.3    The burden of persuasion in any such challenge proceeding will be on

20  the Designating Party.  Frivolous challenges, and those made for an improper purpose

21  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

22  expose the Challenging Party to sanctions.  Unless the Designating Party has waived

23  or withdrawn the confidentiality designation, all parties will continue to afford the

24  material in question the level of protection to which it is entitled under the Producing

25  Party's designation until the Court rules on the challenge.

26  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

27     7.1    Basic Principles. A Receiving Party may use Protected Material that is

28  disclosed or produced by another Party or by a Non-Party in connection with this

7

Action only for prosecuting, defending, or attempting to settle the Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the applicable provisions of this Stipulated Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party;

(b)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c)  the agents, employees, officers, directors, interpreters, translators, and insurance claims handlers (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the Court and its personnel;

(f)  court reporters and their staff;

(g)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action

9

1   as "CONFIDENTIAL" before a determination by the court from which the subpoena
2   or order issued, unless the Party has obtained the Designating Party's permission.  The
3   Designating Party will bear the burden and expense of seeking protection in that court
4   of its confidential material and nothing in these provisions should be construed as
5   authorizing or encouraging a Receiving Party in this Action to disobey a lawful
6   directive from another court.

7   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
8   PRODUCED IN THIS LITIGATION

9         (a)   The terms of this Order are applicable to information produced by a
10  Non-Party in this Action and designated as "CONFIDENTIAL."  Such information
11  produced by Non-Parties in connection with this litigation is protected by the
12  remedies and relief provided by this Order.  Nothing in these provisions should be
13  construed as prohibiting a Non-Party from seeking additional protections.

14        (b)   In the event that a Party is required, by a valid discovery request, to
15  produce a Non-Party's confidential information in its possession, and the Party is
16  subject to an agreement with the Non-Party not to produce the Non-Party's
17  confidential information, then the Party will:

18        (1)   promptly notify in writing the Requesting Party and the Non-Party
19  that some or all of the information requested is subject to a confidentiality agreement
20  with a Non-Party;

21        (2)   promptly provide the Non-Party with a copy of the Stipulated
22  Protective Order in this Action, the relevant discovery request(s), and a reasonably
23  specific description of the information requested; and

24        (3)   make the information requested available for inspection by the Non-
25  Party, if requested.

26        (c)   If the Non-Party fails to seek a protective order from this court within
27  14 days of receiving the notice and accompanying information, the Receiving Party
28  may produce the Non-Party's confidential information responsive to the discovery

10

request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<u>12.3</u>   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any willful violation of this Stipulated Protective Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

1

2      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4      DATED:  December 6, 2022                    /s/ *Blair G. Brown*

5

6                                            Blair G. Brown (admitted *pro hac vice*)
                                             Jon R. Fetterolf (admitted *pro hac vice*)
7                                            ZUCKERMAN SPAEDER LLP
                                             1800 M Street, N.W., Suite 1000
                                             Washington, D.C. 20036
8                                            Tel: (202) 778-1800
                                             Fax: (202) 882-8106
9                                            bbrown@zuckerman.com
                                             jfetterolf@zuckerman.com
10

11                                           Nell Peyser (admitted *pro hac vice*)
                                             ZUCKERMAN SPAEDER LLP
                                             485 Madison Avenue, 10th Floor
12                                           New York, NY 10022
                                             (212) 704-9600
13                                           npeyser@zuckerman.com

14                                           Shawn Holley (Cal. Bar No. 136811)
                                             Suann C. MacIsaac (Cal Bar No. 205659)
15                                           KINSELA   WEITZMAN   ISER   KUMP
                                             HOLLEY LLP
16                                           808 Wilshire Boulevard., 3rd Floor
                                             Santa Monica, CA 90401
17                                           Tel: (310) 566-9800
                                             Fax: (310) 566-9873
18                                           sholley@kwikhlaw.com
                                             smacisaac@kwikhlaw.com
19
                                             *Attorneys for Plaintiff Trevor Bauer*
20

21

22                                           WESIERSKI & ZUREK LLP

23                                            /s/   *Michelle R. Prescott*

24
                                             Christopher P. Wesierski (Bar No. 086736)
25                                           Michelle R. Prescott (Bar No. 262638)
                                             Eileen Spadoni (Bar No. 133259)
26                                           Brett A. Smith (Bar No. 322707)
                                             29 Orchard Road
27                                           Lake Forest, CA 92630
28

                                        14

Tel: (949) 975-1000
Fax: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP

   /s/ *Jesse A. Kaplan*

Bryan J. Freedman (Bar No. 151990)
Jesse A. Kaplan (Bar No. 197662)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Fax: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant*
*Lindsey C. Hill*

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(2)(i), I hereby attest that all other signatories on behalf of whom this filing is submitted concur in the filing's content and have authorized the filing.

Dated: December 6, 2022

/s/ Nell Z. Peyser
Nell Z. Peyser

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4  DATED:___12/07/2022_____              ____/s/ Autumn D. Spaeth_____
                                         HON. AUTUMN D. SPAETH
5                                        United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

18