1
2
3
4
5

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

6
7
8
9
10

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

11
12
13
14

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

15 *Attorneys for Plaintiff*

16
17
18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

19
20

TREVOR BAUER,

Plaintiff,

21 v.

22
23

LINDSEY C. HILL and NIRANJAN
FRED THIAGARAJAH,

24 Defendants.

25
26
27
28

Case No. 8:22-cv-00868-JVS-ADS
Assigned for all purposes to the Hon.
James V. Selna

**NOTICE OF MOTION AND
MOTION BY PLAINTIFF/
COUNTERCLAIM DEFENDANT
TREVOR BAUER FOR
RECONSIDERATION OF THE
ORDER DENYING HIS MOTION TO
DISMISS THE COUNTERCLAIM
COMPLAINT**

Hearing Date: February 6, 2023
Hearing Time: 1:30 p.m.
Department: 10C

Action Filed: April 25, 2022

MOT. FOR RECONSIDERATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2023 at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10C of the above-entitled court, located at 411 West Fourth Street, Santa Ana, CA, 92701, Plaintiff/Counterclaim Defendant Trevor Bauer will and does hereby move this Court for Reconsideration of the Order Denying his Motion to Dismiss the Counterclaim Complaint.

This Motion is made pursuant to Federal Rule of Civil Procedure 54(b), which provides the Court discretion to correct an erroneous interlocutory ruling, as well as Federal Rule of Civil Procedure 59(e). The Motion is made on the grounds that the Court committed clear error because it applied the incorrect legal standard—relying on federal preclusion rules rather than California state preclusion rules. The Court committed further error by relying on its own interpretation of the California Family Code—that the DVPA gives courts discretion to deny a DVRO despite a finding of past abuse if the trial court believes there is no likelihood of future harm. But such interpretation is contrary to that of every single appellate court to consider whether a finding of a past act of abuse is necessary to a DVRO proceeding. California appellate courts are in accord that a court <u>must</u> grant a DVRO if a petitioner sufficiently proves two statutory elements: a dating or spousal relationship and a past act of abuse. As this is a diversity case brought under California law, this Court was not free to disregard that precedent in favor of its own interpretation of the statute.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place prior to the filing of this Motion. This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the pleadings and papers on file with the Court in this matter, all matters upon which this Court must or may take judicial notice, and upon all arguments that this Court may allow at the time of the hearing of the Motion.

MOT. FOR RECONSIDERATION

1    DATED: December 7, 2022                    ZUCKERMAN SPAEDER LLP

2                                               By:   /s/ *Blair G. Brown*
                                                Blair G. Brown
3                                               Attorney for Plaintiff Trevor Bauer

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        3

# TABLE OF CONTENTS

I.    INTRODUCTION...........................................1

II.   LEGAL STANDARD .........................................2

III.  ARGUMENT ................................................3

  A.  This Court Erroneously Disregarded California Law Governing Whether An Issue Is Necessarily Decided By A Prior California judgment.................3

  B.  The State Court Determined That Ms. Hill Failed To Prove Acts Of Abuse And That Determination Was Necessary To The Denial Of The DVRO........4

    i.  In determining what the state court necessarily decided, this Court is bound by California precedent, not its own interpretation of the California Family Code................................................4

    ii.  The state court ruled in Mr. Bauer's favor on consent as a defense to past abuse, not as a factor relevant to the likelihood of future harm. ...............10

    iii.  The state court could not have denied the DVRO on the sole basis of a finding that future harm was unlikely rather than on Ms. Hill's failure to prove past abuse, so it necessarily decided the question of past abuse in Mr. Bauer's favor. ................................14

IV.  CONCLUSION ...........................................16

MOT. FOR RECONSIDERATION

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

*ABS Ent., Inc. v. CBS Corp.*,
  908 F.3d 405 (9th Cir. 2018)..................................................................3

*Angie M. v. Superior Ct.*,
  44 Cal. Rptr. 2d 197 (1995) ................................................................11

*Anne H. v. Michael B.*,
  204 Cal. Rptr. 3d 495 (2016), *as modified* (July 12, 2016) ...................4

*Credit Suisse First Boston Corp. v. Grunwald*,
  400 F.3d 1119 (9th Cir. 2005).................................................................2

*Curcio v. Pels*,
  47 Cal. App. 5th 1 (2020).........................................................................5

*Dauterive v. Wang*,
  2020 WL 3591420 (Cal. Ct. App. July 2, 2020)................................5, 7

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005)..................................................................................3

*Heinemann v. Satterberg*,
  731 F.3d 914 (9th Cir. 2013)...................................................................3

*In re Marriage of Davila & Mejia*,
  29 Cal. App. 5th 220 (2018).....................................................................5

*Little v. U.S.*,
  794 F.2d 484 (9th Cir. 1986).....................................................................4

*Matsushita Elec. Industrial Co. v. Epstein*,
  516 U.S. 367 (1996)..................................................................................3

*Mendez v. Salcido*,
  2019 WL 5078265 (Cal. Ct. App. Oct. 10, 2019)...................................5

*N.T. v. H.T.*,
  34 Cal. App. 5th 595 (2019)................................................................7, 15

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Nakamura v. Parker*,
   67 Cal. Rptr. 3d 286 (2007) ................................................................... 7

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,
   2019 WL 3110021 (C.D. Cal. Mar. 19, 2019) ........................................ 3

*Nevarez v. Tonna*,
   227 Cal. App. 4th 774 (2014) .............................................................. 15

*Parsons Steel, Inc. v. First Alabama Bank*,
   474 U.S. 518 (1986) ............................................................................... 3

*Rodriguez v. Menjivar*,
   196 Cal. Rptr. 3d 816 (2015) .......................................................... 6, 15

*Samara v. Matar*,
   5 Cal. 5th 322 (2018) ........................................................................... 10

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) ................................................................... 3

**Statutes**

Cal. Fam. Code § 6300 .............................................................................. 5

**Other Authorities**

1 California Family Law Litigation Guide § 3.01 (2022) ........................... 8

1 California Family Law Litigation Guide § 3.03 (2022) ........................... 8

3 California Family Law Prac & Proc 2d ed. § 96.06 (2022) ..................... 8

7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 268 ......................... 4

CACI No. 1302 ......................................................................................... 12

Cal. Civ. Prac. Family Law Litigation § 11:34 ......................................... 8

Cal. Jury Instr.--Civ. 7.52 ........................................................................ 11

https://www.courts.ca.gov/1260.htm?rdeLocaleAttr=en#domestic ........... 6

https://www.courts.ca.gov/documents/dv100.pdf ...................................... 6

https://www.courts.ca.gov/documents/dv500info.pdf.................................................6

https://www.cwlc.org/wp-content/uploads/2017/12/CWLC-Amicus-Brief-
    Nunez.pdf ........................................................................................................8

https://www.lacourt.org/division/familylaw/FL0019.aspx .......................................6

https://www.occourts.org/self-
    help/restrainingorders/domesticviolence.html#whocanfile ...................................6

https://www.sb-court.org/divisions/family-law/domestic-violence-and-restraining-
    orders ...............................................................................................................6

https://www.sfsuperiorcourt.org/divisions/ufc/domestic-violence ...........................6

**Rules**

Fed. R. Civ. P. 54(b) ...............................................................................................2

MOT. FOR RECONSIDERATION

1

## I.    INTRODUCTION

Plaintiff Trevor Bauer respectfully requests that this Court reconsider its Order Denying his Motion to Dismiss the Counterclaim Complaint (hereafter, "Order"). ECF No. 69. The Court clearly erred in disregarding governing California law about both how to determine whether an issue was necessarily decided in the prior proceeding and what issues a court denying a DVRO petition must have decided. California substantive and preclusion law as reflected in the decisions of California courts governs in this diversity case. Ms. Hill's claims would be precluded in California state court and they are precluded here.

First, the standard for determining whether an issue was necessarily decided in a prior California judgment for issue preclusion purposes is not whether the Court can identify "any doubt," Order at 6, but rather the well-settled California standard of whether the court can say resolution of the issue was "entirely unnecessary."

Second, when applying the issue preclusion standard to the record of the prior litigation, this Court is bound by California state courts' construction of the DVPA. As to what issues were necessary for the state court to decide in denying Ms. Hill's DVRO petition, California law requires issuance of a DVRO if past abuse has been proven and forbids denying a DVRO simply because the court finds no likelihood of future harm. The state court could not have and did not issue a lawless judgment denying a DVRO for an impermissible reason. The Court cannot reject issue preclusion based on its own interpretation of state law. The Court's view in its Order that the state court made a discretionary decision to deny the DVRO despite proof of physical abuse is contrary to the record and to governing California law, which recognizes no discretion to deny a DVRO when a dating relationship and abuse have been proven. Indeed, if the Court's view of the DVPA had been adopted by the California courts, the statute would provide significantly weaker protection against domestic violence than it does.

MOT. FOR RECONSIDERATION

Third, this Court is also bound by the state court's factual findings. Ms. Hill's testimony at the DVRO trial disputing the scope of her consent does not change the fact that the state court had to make, and did make, a finding on the issue of consent as a defense to Ms. Hill's allegations of abuse. The Court cannot deny issue preclusion based on its own evaluation of testimony only the state court heard. The state court *did* find that all of the conduct between Mr. Bauer and Ms. Hill was consensual. Judge Gould-Saltman recognized that the "primary" question for her to answer was "to what did [Ms. Hill] consent?" Brown Decl. Ex. B, Tr. 584:4-6, ECF No. 52-3. She then answered that question, finding that Ms. Hill consented and that Mr. Bauer had not committed abuse within the meaning of the California DVPA. Those findings were not "entirely unnecessary" to the judgment. Indeed, this Court recognized in its separate decision granting Mr. Thiagararah's motion to strike that the state court judge *had* decided the question of Ms. Hill's consent because that was the defense at the DVRO proceeding to her allegations of abuse.

Reconsideration is warranted here. It would be warranted under Fed. R. Civ. P. 59(e) even if the Court had entered a judgment on the issue and finality interests were in play; it is well within the Court's discretion to correct an erroneous interlocutory ruling pursuant to Fed. R. Civ. P. 54(b).

## II.   LEGAL STANDARD

As this Court noted in a decision granting reconsideration notwithstanding an objection based on Local Rule 7-18, the Ninth Circuit has "long recognized 'the well-established rule that a district court judge always has the power to modify or to overturn an interlocutory order or decision while it remains interlocutory....'" *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005); *see also* Fed. R. Civ. P. 54(b). *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2019 WL

MOT. FOR RECONSIDERATION

3110021, at *7 n.11 (C.D. Cal. Mar. 19, 2019) (Selna, J.).[1]  Indeed, even when there has been a final judgment, the Ninth Circuit has held that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mr. Bauer moves for reconsideration of the Court's interlocutory ruling denying his motion to dismiss Ms. Hill's counterclaim as barred by issue preclusion because this Court committed clear error.

## III.   ARGUMENT

### A. This Court Erroneously Disregarded California Law Governing Whether An Issue Is Necessarily Decided By A Prior California Judgment.

The Court committed clear error in applying the wrong standard to determine the preclusive effect of the prior California judgment.

The preclusive effect of the state court judgment denying Ms. Hill's application for a DVRO is a question of California law, not federal law. "The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires [this Court] to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)); *accord Matsushita Elec. Industrial Co. v. Epstein*, 516 U.S. 367, 373 (1996).

Under California law, an issue is necessarily decided for collateral estoppel purposes "if the issue was not 'entirely unnecessary' to the judgment in the initial

---

[1] Local Rule 7-18 cannot be applied inconsistently with the Federal Rules. *Heinemann v. Satterberg*, 731 F.3d 914, 916–18 (9th Cir. 2013) (citing Federal Rule 83(a)(1)); *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 426–27 (9th Cir. 2018) (holding that Local Rule 23 is incompatible with Federal Rule 23).

MOT. FOR RECONSIDERATION

proceeding." *Anne H. v. Michael B*., 204 Cal. Rptr. 3d 495, 503 (2016), *as modified* (July 12, 2016); *Lucido v. Superior Ct*., 795 P.2d 1223, 1226 (1990) (same; citing 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 268 in support). In denying the motion to dismiss, however, this Court relied not on that settled California law, but on a more grudging standard taken from *Little v. U.S*., 794 F.2d 484, 487 (9th Cir. 1986), a case involving the preclusive effect of a prior federal judgment arising under federal law. *See* Order at p. 6 ("If there is 'any doubt' as to whether the issue was necessarily decided, 'collateral estoppel will not be applied, especially if the previous decision could have been rationally grounded on an issue other than that which the defendant seeks to foreclose from consideration.'"). Insofar as this Court's ultimate ruling against preclusion may have been based on the belief that the Court should search the record for any possible construction of the prior ruling that could raise "any doubt" whether the decision could possibly have been based on another rationale, *see* Order at p. 10 (quoting *Little*), that was clear error. Under the governing California law, this Court's task is to review the record of the prior proceeding to decide whether the issue decided in the prior proceeding was "entirely unnecessary" to the judgment.

**B. The State Court Determined That Ms. Hill Failed To Prove Acts Of Abuse And That Determination Was Necessary To The Denial Of The DVRO.**

**i. In determining what the state court necessarily decided, this Court is bound by California precedent, not its own interpretation of the California Family Code.**

What issues the state court had to decide in the DVRO trial is a question of California law that has been settled by the California courts and was understood by all of the participants in the trial. Even if this Court would read the California statutes differently than the California courts have, that has no bearing on: (a) whether the state court *did* rule in Mr. Bauer's favor on consent and past abuse; and (b) whether

MOT. FOR RECONSIDERATION

that determination was not "entirely unnecessary" under the applicable California legal standard to deny the DVRO petition.

Cal. Fam. Code § 6300 is in Chapter 1 ("General Provisions") of the statutory scheme authorizing domestic violence protective orders. Section 6300's title is "Issuance of order upon affidavit or testimony."  It authorizes issuance of a DVRO on "reasonable proof of a past act or acts of abuse."[2] To obtain the DVRO she sought, Ms. Hill was required to prove (1) a dating relationship and (2) past abuse. She prevailed on the first element, dating relationship, which means she must have failed to prove the second element, past abuse. *See Curcio v. Pels*, 47 Cal. App. 5th 1, 14 (2020) ("As the party seeking the restraining order, Curcio was required to prove past abuse by a preponderance of the evidence.") (citing *In re Marriage of Davila & Mejia*, 29 Cal. App. 5th 220, 226 (2018)) ("The DVPA requires a showing of past abuse by a preponderance of the evidence.") (emphasis added)); *Mendez v. Salcido*, 2019 WL 5078265, at *5 (Cal. Ct. App. Oct. 10, 2019) ("The person seeking the order must prove, by a preponderance of the evidence, 'a past act or acts of abuse' . . . .") (emphasis added).

The state court forms and instructions meant to assist petitioners, including those filing pro se, reflect the settled construction of the DVPA to require all persons seeking DVROs to meet the burden under Section 6300 to establish a past act of abuse. Like any petitioner under the DVPA, when Ms. Hill filed her DVRO petition, she did so by filling out California's Form DV-100, which required her to explain

---

[2] This general standard applies to each of the specific types of orders that may be issued under §§ 6320-22. Indeed, every single California state DVRO decision cited in Mr. Bauer's motion to dismiss, Ms. Hill's opposition, Mr. Bauer's reply, *and* the Court's Order were brought under Section 6300. *See, e.g., Dauterive v. Wang*, 2020 WL 3591420, at *3 (Cal. Ct. App. July 2, 2020) (for "*issuance* of a domestic violence restraining order . . . section 6300 expressly states what proof is required"). And in all of them, the focus of the decision was on whether the petitioner sufficiently proved a past act of abuse. And of course, this case did not involve a home exclusion order under § 6321 or an ancillary order under § 6322.

MOT. FOR RECONSIDERATION

how she met the two elements: (i) her relationship to Mr. Bauer; and (ii) the most recent act of abuse and all other acts of abuse by Mr. Bauer.[3] The California Judicial Branch website also makes available to petitioners a general information sheet, Form DV-500-INFO, which explains that a DVRO "is a court order that can help protect people who have been abused by someone they've had an intimate relationship with."[4] The information sheet further lists the two requirements for a DVRO: (1) the requisite relationship; and (2) "[t]hat person *has been* abusive." *Id*. (emphasis added).[5]

Under settled California law, the showing of dating relationship and a past act of abuse are sufficient to obtain a DVRO, as well as necessary. Once the petitioner has proved those elements, a court does not have discretion to deny the petition because of a failure to show a likelihood of future harm. The California appellate court with jurisdiction over the Los Angeles Superior Court has explicitly held this: by reversing a trial judge who declined to issue a DVRO even though the petitioner proved both elements, because the judge thought future harm was unlikely, holding that California law is "otherwise." *See Rodriguez v. Menjivar*, 196 Cal. Rptr. 3d 816,

---

[3] *See* https://www.courts.ca.gov/documents/dv100.pdf at p. 2, 3–5.

[4] *See* https://www.courts.ca.gov/documents/dv500info.pdf.

[5] Other state court websites similarly explain that these are the two requirements. See https://www.lacourt.org/division/familylaw/FL0019.aspx (also stating that "[a] domestic violence restraining order is a Court order issued to prevent the recurrence of acts of abuse by a batterer"); https://www.courts.ca.gov/1260.htm?rdeLocaleAttr=en#domestic ("You can ask for a domestic violence restraining order if: Someone has abused you, and You have a close relationship . . ."); https://www.sb-court.org/divisions/family-law/domestic-violence-and-restraining-orders ("The person seeking protection must have experienced actual physical violence or a credible threat of physical violence."); https://www.occourts.org/self-help/restrainingorders/domesticviolence.html#whocanfile ("You may apply for a Domestic Violence Restraining Order if a person has abused you or threatened to abuse you AND you have one of the following relationships with that person . . . "); https://www.sfsuperiorcourt.org/divisions/ufc/domestic-violence ("[a DVRO] is a court order that helps protect you from someone who has abused you").

MOT. FOR RECONSIDERATION

821 (2015). The *Rodriguez* court remanded "to *issue the restraining order* in accordance with the law," *id.* (emphasis added), because courts have no discretion under California law to deny a DVRO when both the relationship and abuse elements have been proven. That includes any "abuse" as defined in the DVPA, even violations of a court order that do not involve any physical harm. *See N.T. v. H.T.*, 34 Cal. App. 5th 595, 603 (2019) (reversing the denial of a DVRO because the trial court considered the violations only technical and remanding with instructions to enter the DVRO if the acts occurred as alleged). *See also Nakamura v. Parker*, 67 Cal. Rptr. 3d 286, 292 (2007) ("In any event, the facial adequacy of Nakamura's factual allegations to show that she was 'abused' within the meaning of the DVPA operated to divest the court of discretion to summarily deny her application."). Nothing in *Rodriguez* supports the statement on page 7 of the Court's Order that "courts may, in their discretion, choose to deny a long-term DVRO if the court finds that such an order is not necessary to protect the petitioner's safety" once the elements of relationship and abuse have been proven. *Rodriguez* and *N.T. v. H.T.* both squarely hold the opposite.

Notably, Ms. Hill has not cited a single California case holding that a court can deny a DVRO after finding both elements (dating relationship and past abuse) because future harm is unlikely, and we know of none.[6] Indeed, in *Dauterive v. Wang*, which was decided in 2020, the California Court of Appeals also commented that it knew of none. *Dauterive,* 2020 WL 3591420, at *3 ("*[A]ll* of the reported cases addressing the issue have held that the language of section 6300 governs, and requires only a showing of past abuse.") (emphasis added).

---

[6] In her opposition to the motion to dismiss, Ms. Hill asserted that there must be discretion to do that, but without a single citation support it. ECF No. 57 at 12 n.9 ("a court certainly may exercise its discretion to deny a DVRO on that basis"). And Ms. Hill's lawyers argued the opposite to the judge at the DVRO trial. *See infra* p. 12–13.

MOT. FOR RECONSIDERATION

Beyond that, all of the prominent treatises on California family law also confirm that whether a past act of abuse occurred is the single most important inquiry in any DVRO proceeding for the court to decide. As an initial point, the treatises explain that "[o]rders to prevent domestic violence or harassment may be obtained…for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation, based on an affidavit showing reasonable proof of past abuse." *See* Cal. Civ. Prac. Family Law Litigation § 11:34 (Ex parte orders). To prevent *recurrence* of an act of abuse, there must be an act of abuse in the first place. Moreover, Section 6345(a), which lays out the statutory requirements for renewal of a DVRO, provides that a DVRO "may be renewed, upon the request of a party, either for five years or permanently, without a showing of any further abuse since the issuance of the original order." The language that a DVRO may be renewed without a showing of *further abuse* similarly confirms that there must be an act of abuse in the first place. *See also* 1 California Family Law Litigation Guide § 3.01 (2022) ("Description of the abuse is the most important evidence to be presented to the court to support an issuance of a DVTRO or DVRO. The description of abuse must be specific and factual."); 1 California Family Law Litigation Guide § 3.03 (2022) ("The description of abuse is the basis for the issuance of a domestic violence restraining order."); 3 California Family Law Prac & Proc 2d ed. § 96.06 (2022) ("The court may issue the order if an affidavit (or declaration) or testimony and any additional information provided to the court under Family Code Section 6306 shows reasonable proof to the satisfaction of the court of a past act or acts of abuse . . . . The person requesting the restraining order has the burden of showing past abuse by a preponderance of the evidence.").[7]

---

[7] *See also* Amicus Curiae Brief of the California Women's Law Center, available at https://www.cwlc.org/wp-content/uploads/2017/12/CWLC-Amicus-Brief-Nunez.pdf ("Under Family Code section 6345(a), renewal of a restraining order may be granted for a minimum of 'five years or permanently' without a (Continued…)

                                                    MOT. FOR RECONSIDERATION

There is good reason for the way the California courts have consistently construed and applied the DVPA. California enacted the DVPA to protect victims of domestic violence and prevent recurrence of acts of abuse. The legislature intended for the statute to be construed as broadly as possible to provide maximum protection in favor of domestic violence victims. *In re Marriage of Nadkarni*, 93 Cal. Rptr. 3d 723, 734 (2009) ("the Legislature intended that the DVPA be broadly construed in order to accomplish the purpose of the DVPA"). For this reason, California law is clear that any proven act of abuse under the low preponderance of the evidence standard, along with a dating or marital relationship, provides enough cause to grant a DVRO.

The construction of the DVPA as requiring issuance of a DVRO on a showing of a dating relationship and past abuse by the California courts is dispositive here, even if the Court would harbor doubts if it were construing the state statute itself. *See* Order at p. 8 (noting that § 6300 uses "may"). Section 6340 does not confer discretion to *deny* a DVRO either. Section 6340 is a one-way ratchet.[8] In directing courts to "consider whether *failure* to make any of these orders may jeopardize the safety of the petitioner and the children for whom the custody or visitation orders are sought" (emphasis added), that provision extends, not withdraws, protection in a case in which an order might otherwise be denied.  Consistent with the protective function of the statute, it requires a judge to reflect on the practical effect of denying any order; it does not allow a court to deny an order that was otherwise warranted by a showing of past abuse. Nor does it allow a court to "consider whether mak[ing] any of these orders" would be unnecessary due to a low risk of future harm.

---

showing of any further abuse—in contrast to the showing of abuse required for an initial restraining order pursuant to Family Code section 6300 (which the juvenile court was required to apply).").

[8] And the standard for issuance of a DVRO is different from the standard for renewal of a DVRO under Section 6345. *See* Order at p. 8 (noting explicit discretion to renew).

MOT. FOR RECONSIDERATION

**ii. The state court ruled in Mr. Bauer's favor on consent as a defense to past abuse, not as a factor relevant to the likelihood of future harm.**

As reflected in the inconsistency between the Court's description of the state court's order in its order denying the motion to dismiss Ms. Hill's counterclaim (ECF No. 69) and the order granting Mr. Thiagarajah's anti-SLAPP motion (ECF No. 70), the Court clearly erred in expressing doubts about whether the state court decided that Ms. Hill proved past abuse.

In its Order Granting Mr. Thiagarajah's Motion to Strike, this Court recognized that in the DVRO proceeding, Judge Gould-Saltman "held that there was insufficient evidence to show that Hill did not consent to every aspect of the rough sex" between her and Mr. Bauer. Order Granting Motion to Strike (ECF No. 70) at p. 2; *see also id*. at p. 14 ("Judge Gould-Saltman [made] findings that there was insufficient evidence to support a lack of consent"); *id*. at p. 15 ("Whether Hill consented to any or all of these injuries she suffered was not established to a sufficient level of certainty"). The Court went on to explain in that Order that "the state court's decision to deny a permanent DVRO was premised on insufficient evidence of consent **and** the threat of future harm . . . ." *id*. at p. 15 (emphasis added).[9] In other words, Ms. Hill lost on her claim that Mr. Bauer had committed abuse entitling her to a DVRO because she failed overcome a defense of consent. The Court's characterization of the ruling was important to its analysis of the defamation claim, because Mr. Thiagarajah argued, and the Court accepted, that Mr. Thiagarajah's statement that Mr. Bauer had brutalized Ms. Hill was supported by the DVRO court's

---

[9] As this is how the Court views the DVRO judgment, the judgment is preclusive as to both issues. *See Samara v. Matar*, 5 Cal. 5th 322, 327 (2018) ("Courts have understood the 'necessarily decided' prong to 'require[] only that the issue not have been "entirely unnecessary" to the judgment in the initial proceeding'—leaving room for a decision based on two grounds to be preclusive as to both.").

MOT. FOR RECONSIDERATION

findings that Ms. Hill had suffered "terrible injuries" but had nonetheless denied the DVRO because she found that Ms. Hill's consented to the conduct.[10]

That is also what the state court record shows. After laying out all of the legal standards applicable to the evidence, the state court judge began by addressing whether Ms. Hill had proved a dating relationship, which she resolved in Ms. Hill's favor although a "close call." Brown Decl. Ex. B, Tr. 581-83, ECF No. 52-3. Then the judge turned to the evidence of Ms. Hill's consent. Tr. 583-86. "The primary question for this court is, to what did petitioner consent?" Tr. 584:4-5. The court concluded that discussion: "<u>If [Ms. Hill] had set limits and he had exceeded them, this case would be very clear. But she set limits without fully considering all the consequences and respondent did not exceed the limits that petitioner set.</u>" *Id.* Tr. 585:27-586:2. Regardless of whether Ms. Hill anticipated every consequence of the conduct to which she consented, Judge Gould-Saltman determined that all of Mr. Bauer's conduct fell within the limits that Ms. Hill had expressed. The court therefore found consent negated the acts of abuse Ms. Hill alleged in her petition (and again in her counterclaim complaint). Importantly, California law defines consent in terms of agreement to conduct, not to possible consequences of that conduct. *Angie M. v. Superior Ct.*, 44 Cal. Rptr. 2d 197, 202–03 (1995) (sexual battery statute "is interpreted to require that the batteree did not consent to the contact"). *See also* Cal. Jury Instr.--Civ. 7.52 ("Consent is the actual or apparent willingness for conduct of

---

[10] In fact, in his motion to strike, Mr. Thiagarajah attributed the denial of the DVRO to "two stated reasons [including]: (1) [the court] believed that Ms. Hill had objectively voiced consent to specific acts of rough sex, and the injuries she suffered could be viewed as a natural consequence of the acts to which she consented." ECF No. 32 at 3; *see also id.* at 18 (arguing the truth of his statement because the court's reasons for denying the DVRO "do not negate the court's concurrent findings of terrible injuries"); *id.* at 24 (arguing consistency of statement with the DVRO court's ruling because it turned on consent not whether Mr. Bauer had inflicted injuries). The fact that Ms. Hill's *own lawyer* understood that the state court judge had found consent negating her abuse claims shows that the Court's partial-consent interpretation is clear error.

MOT. FOR RECONSIDERATION

another to occur."); Restatement (Third) of Torts: Inten. Torts to Persons § 1 TD No 4 (2019) ("establishing legally effective consent does not require proof of the person's willingness to permit the specific harm or offense that results from the contact"). And Ms. Hill "express[ed] consent by words or acts that are reasonably understood by another person as consent."  CACI No. 1302 (Consent Explained). Thus, the conduct at issue was found to be consensual under the same test a judge or jury would apply to Ms. Hill's claim in this case.

Only after resolving the two elements (dating relationship and past abuse) did Judge Gould-Saltman turn to the application of Section 6340. And in that discussion, she gave reasons for concluding that there was no reason to fear that denying an order would place Ms. Hill at risk that had nothing to do with the preceding analysis of consent. Looking to the evidence about communications between Ms. Hill and Mr. Bauer after the May encounter, she found no "supportable evidence" that Mr. Bauer would even seek to have contact with Ms. Hill.  Brown Decl. Ex. B, Tr. 586-87, ECF No. 52-3.[11]

There was no reason for either party at the time to ask for specific findings on consent as a defense to abuse because both parties understood that was the critical issue for the state court to decide. Throughout the DVRO proceeding, Ms. Hill's lawyer told the state court:

- "So the fact that in this case the evidence will show that the abuse occurred during the parties engaging in initially consensual sex that became nonconsensual sex. That is provided for in the definition of abuse." *Id.* Tr. 44:12-15.

---

[11] The Court noted that "Judge Gould-Saltman began her recitation of findings with a discussion of Section 6340." Order at p. 11 n.5. But that reference to Section 6340, along with Sections 6210 and 6220, identified the legal standards to which she would then apply the evidence. The judge then addressed the evidence as it related to each of the standards in turn: first, the dating relationship; second, the alleged acts of abuse; and finally, the risk of future harm if a protective order did not issue.

12                              MOT. FOR RECONSIDERATION

- "Once we get over the hurdle of dating relationship, the evidence will show that Trevor perpetrated domestic violence, abuse, and sexual abuse on Lindsey." *Id.* Tr. 46:20-22.

- "The court should consider, as the court is required to do, the totality of the circumstances in order to determine by a preponderance of the evidence that Trevor Bauer, this man that sits before you, has committed abuse, domestic violence, and sexual assault upon Lindsey Hill." *Id.* Tr. 60:16-20.[12]

- "Your Honor, first let me start by saying that I think that the two critical issues that the court has to decide is whether or not there is or was a dating relationship under the family code. And, number two, whether or not the sex or the sexual assault was consensual or not." *Id.* Tr. 521:17-22.

- "As the court is aware, final argument is the last opportunity an attorney has to set forth and argue the evidence and the law in order to persuade the trier of fact by a preponderance of the evidence that abuse as defined in the DVPA was committed. It is a responsibility that is not taken lightly by me or anyone else." *Id.* Tr. 524:22-525:2.

- "'Under the DVPA, the focus is placed on a finding of reasonable proof of a past act or acts of abuse.' And that's Family Code 6300. I don't think that there is any doubt that there was sexual assault committed by Trevor upon Lindsey as defined by the DVPA." *Id.* Tr. 541:16-21.

In addition to treating the state court's discussion of consent as if it had been concerned with finding future harm rather than past abuse, this Court also rejected Mr. Bauer's position that the state court "considered the evidence and found that the two encounters were entirely consensual" as "not supported by the record." Order at p. 9. Rather, the "Court conclude[d] that the state court found consent as to some, but not all, of Bauer's conduct." *Id.* But that is not consistent with Judge Gould-Saltman's ruling, or even the understanding of the ruling by Ms. Hill's own lawyers.

---

[12] In the DVRO proceeding, Ms. Hill's lawyers understood the "totality of the circumstances" test to mean that a court must consider the totality of what occurred in the past between the parties to determine whether those circumstances constitute abuse under the statute. In this proceeding, her lawyers turned around and argued that "totality of the circumstances" means consideration of circumstances other than past abuse, such as likelihood of future harm.

13

Indeed, it seems unlikely that Mr. Thiagrarajah would have argued the defamation issue as he did if he thought that the state court had rejected Mr. Bauer's defense of consent in part.

The Court relied for its view that the consent ruling was limited on Ms. Hill's *testimony*, Order at p. 9, rather than anything in the state court's ruling. The Court disregarded the fact that the judge who held the DVRO trial found Ms. Hill not wholly credible. For instance, the Court relied on Ms. Hill's claim that Mr. Bauer had anal sex without her consent and while she was allegedly unconscious during the first encounter in April. Order at p. 9 (holding that "Bauer engaged in acts while Hill was unconscious"). This alone is clear error because Judge-Gould Saltman explicitly held: "The only evidence of anything which happened while petitioner was unconscious was having been hit on the butt in the parties' first encounter." Brown Decl. Ex. B, Tr. 584:24-26, ECF No. 52-3. That factual finding surely precludes Ms. Hill from relitigating what happened while she was allegedly unconscious in that encounter. The question during the second encounter was whether Ms. Hill consented to the *conduct*, not to *consequences*. *See* Order at p. 9 ("the court did not find that Hill consented to all these consequences, only some"); *see also* Order Granting Motion to Strike (ECF No. 70) at p. 15 ("Whether Hill consented to any or all of these injuries she suffered was not established to a sufficient level of certainty"). The state court found consent to all of Mr. Bauer's conduct, which is why it denied a DVRO notwithstanding what it described as "terrible injuries." This finding cannot reasonably be said to be "entirely unnecessary" to the judgment.

### iii. The state court could not have denied the DVRO on the sole basis of a finding that future harm was unlikely rather than on Ms. Hill's failure to prove past abuse, so it necessarily decided the question of past abuse in Mr. Bauer's favor.

The Court ultimately based the issue preclusion ruling on its independent reading of California law to confer discretion to deny a DVRO even if Ms. Hill had proved past abuse. *See* Order at p. 13 ("Judge Gould-Saltman therefore had the

MOT. FOR RECONSIDERATION

discretion to deny Hill's DVRO petition based on a finding that Hill's 'safety' would not be 'jeopardized.'") (citing § 6340); *id.* at p. 7 ("courts may, in their discretion, choose to deny a long-term DVRO if the court finds that such an order is not necessary to protect the petitioner's safety.") (citing *Nevarez v. Tonna*, 227 Cal. App. 4th 774, 783 (2014)).

But that is exactly what the appellate court held was reversible error in *Rodriguez*—stating, California law is "otherwise." *Rodriguez*, 243 Cal. App. 4th at 824; *see also N.T. v. H.T.*, 34 Cal. App. 5th at 603 ("If the court finds that the acts alleged by N. did, in fact, occur, then the court shall issue the DVRO."). The trial court in *Rodriguez* ruled that "the absence of actual violence in the six-month period leading up to the hearing, as well as the conclusion that respondent had left the area, was an appropriate basis to deny the protective order." 243 Cal. App. 4th at 823. But the court of appeals in *Rodriguez* held, "[t]he court erred." *Id.* Had the state court in Ms. Hill's case denied the petition because it found future harm unlikely despite having found past abuse, it would have committed the exact same error as the trial court in *Rodriguez*: "While the trial court believed that there had been significant physical violence, it found that showing of past abuse insufficient as a matter of law. Because the law is otherwise, the order denying the issuance of a DVPA protective order must be reversed, and the matter remanded for the trial court to issue the restraining order in accordance with the law." *Id.* at 824. That is not what the state court did, which is why Ms. Hill did not appeal the denial on the basis of *Rodriguez*.

Neither the text of Section 6340 nor *Nevarez*, supports the proposition that a court has such discretion under the DVPA. As discussed earlier, Section 6340 requires a court to consider the effects that denying a DVRO might have on the petitioner's safety. It says nothing about considering whether granting a DVRO would be unnecessary in the absence of a threat of future harm. And *Nevarez* affirmed issuance of a DVRO on a finding of past abuse, even though the court did not find a probability of future abuse. Nothing in that opinion suggests that the trial court had

MOT. FOR RECONSIDERATION

1    discretion to deny the DVRO on that basis, only that the failure to show a likelihood

2    of future harm was not a basis for denying a DVRO supported by a finding of past

3    abuse.  And that is how the transcript shows Judge Gould-Saltman understood that

4    decision. Brown Decl. Ex. B, Tr. 581, ECF No. 52-3.

5         The bottom line is that this Court's interpretation of the DVPA is contrary to

6    that of every single appellate court to consider whether a finding of a past act of abuse

7    is necessary to a DVRO proceeding, contrary to its own ruling on another motion in

8    this case, contrary to Ms. Hill's counsel's understanding of the DVPA, contrary to

9    California state judicial guidance for petitioners, and contrary to treatises and

10   secondary sources. The preclusion question is an issue of California law, and

11   governed by the way the California courts have consistently interpreted the DVPA.

12        And under California courts' interpretation of the DVPA, Ms. Hill had to prove

13   two elements to obtain the DVRO she sought. Judge Gould-Saltman ruled in her

14   favor on the first (dating relationship), which necessarily means that the judgment

15   denying the DVRO was based on her failure to prove the second element (past abuse).

16   It was clear error to read the DVPA as conferring discretion to deny a DVRO on

17   grounds that would be reversible error. There is no basis in the record to conclude

18   that the state court's consent findings were "entirely unnecessary" to its judgment

19   denying Ms. Hill's DVRO petition; those findings are therefore preclusive under

20   California law.

21        **IV.   CONCLUSION**

22        For the reasons stated herein, Mr. Bauer respectfully requests that this Court

23   reconsider its order denying his Motion to Dismiss the Counterclaim Complaint.

24

25

26

27

28

MOT. FOR RECONSIDERATION

1

2   Dated:        December 7, 2022        */s/ Blair G. Brown*
                                          Blair G. Brown (admitted *pro hac vice*)
3                                         Jon R. Fetterolf (admitted *pro hac vice*)
                                          ZUCKERMAN SPAEDER LLP
4                                         1800 M Street, N.W., Suite 1000
                                          Washington, D.C. 20036
5                                         Tel: (202) 778-1800
                                          Fax: (202) 882-8106
6                                         bbrown@zuckerman.com
                                          jfetterolf@zuckerman.com

7                                         Nell Peyser (admitted *pro hac vice*)
                                          ZUCKERMAN SPAEDER LLP
8                                         485 Madison Avenue, 10th Floor
                                          New York, NY 10022
9                                         Tel: (212) 704-9600
                                          Fax: (212) 704-4256
10                                        npeyser@zuckerman.com

11                                        Shawn Holley (Cal. Bar No. 136811)
                                          Suann MacIsaac (Cal Bar No. 205659)
12                                        KINSELLA WEITZMAN ISER KUMP
                                          HOLLEY LLP
13                                        808 Wilshire Boulevard., 3rd Floor
                                          Santa Monica, CA 90401
14                                        Tel: (310) 566-9800
                                          Fax: (310) 566-9873
15                                        sholley@kwikhlaw.com
                                          smacisaac@kwikhlaw.com
16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. FOR RECONSIDERATION