KENNETH C. FELDMAN, SB# 130699
  E-Mail: Ken.Feldman@lewisbrisbois.com
DAVID D. SAMANI, SB# 280179
  E-Mail: David.Samani@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant NIRANJAN FRED THIAGARAJAH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>      Plaintiff,<br><br>vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>      Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br><br>**DEFENDANT NIRANJAN FRED THIAGARAJAH'S NOTICE OF APPLICATION AND APPLICATION FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. CODE § 425.16(c)**<br><br>Date: January 23, 2023<br>Time: 1:30 p.m.<br>Crtrm.: 10C<br><br>Judge: Hon. James V. Selna<br><br>[*Filed concurrently with Declaration of David D. Samani; Declaration of Jean-Paul Jassy; Declaration of Kenneth C. Feldman; Proposed Order*]<br><br>Action Filed: April 25, 2022<br>Trial Date: February 13, 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 23, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled courthouse, located at 411 West Fourth Street, Santa Ana, CA, 92701, Defendant NIRANJAN FRED THIAGARAJAH ("Mr. Thiagarajah") will, and hereby does,

apply to the Court for an order awarding attorneys' fees and costs against Plaintiff TREVOR BAUER ("Plaintiff") in the amount of $55,355.

This Application is based on the Notice of Application, the attached Memorandum of Points and Authorities, the concurrently-filed Declarations of David D. Samani, Jean-Paul Jassy, and Kenneth C. Feldman, the pleadings and papers on file with the Court in this matter, all matters upon which this Court must or may take judicial notice, and upon all argument that this Court may allow at the time of hearing the Application.

DATED: December 14, 2022      LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   /s/ David D. Samani
      DAVID D. SAMANI
      Attorneys for Defendant NIRANJAN
      FRED THIAGARAJAH

4876-1494-9954.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As this Court recognized in its November 23, 2022 order, where a party prevails upon on a special motion to strike pursuant to California Code of Civil Procedure § 425.16 (the "anti-SLAPP" statute), an award of attorneys' fees is mandatory. Indeed, "[t]he prevailing party on a special motion to strike is entitled to attorney's fees and costs to compensate them for the expense of responding to the SLAPP suit and the motion." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (9th Cir. 1999).

Consequently, Mr. Thiagarajah, as the prevailing party on his anti-SLAPP motion, is entitled to an award of reasonable fees for the time spent extricating himself from this action. As set forth below and in the concurrently-filed Declarations, Mr. Thiagarajah seeks an award of $55,355 in attorneys' fees. This figure results from a reasonable number of hours—multiplied by reasonable hourly rates—expended analyzing Plaintiff's claims for defamation and interference and preparing the thorough, comprehensive anti-SLAPP motion which this Court granted on November 23, 2022.

## II. STATEMENT OF FACTS

Plaintiff commenced this action alleging, *inter alia*, a claim for defamation against Mr. Thiagarajah on April 25, 2022. [Dkt. No. 1.] On July 19, 2022, Mr. Thiagarajah responded with an anti-SLAPP motion. [Dkt. No. 32]. On November 23, 2022, after extensive briefing and oral argument, the Court issued an order granting Mr. Thiagarajah's anti-SLAPP motion. [Dkt. No. 70]. In that order, the Court directed Mr. Thiagarajah to file an application for attorney's fees. Subsequently, the Court entered an order pursuant to a stipulation between Plaintiff and Mr. Thiagarajah extending the deadline for the filing of this Application to December 14, 2022. [Dkt. No. 74].

## III. MR. THIAGARAJAH IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES

### A. The Anti-SLAPP Statute Mandates An Award Of Fees To A Prevailing Party

California Code of Civil Procedure § 425.16(c) states that "[i]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs." "[I]t is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory." *Kearny v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008).

Section 425.16(c), which provides "financial relief in the form of attorneys' fees and costs, to persons who have been victimized by meritless, retaliatory SLAPP lawsuits," is "an important part of California's anti-SLAPP legislation." (*Liu v. Moore*, 69 Cal. App. 4th 745, 748, 750 (Ct. App. 1999). As the California Supreme Court noted, the fee provision of the anti-SLAPP law was intended to discourage SLAPP suits "by imposing the litigation costs on the party" filing the SLAPP suit. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

Thus, § 425.16(c) seeks to make the victim of a SLAPP suit whole financially. *Dove Audio, Inc. v. Rosenfeld, Mayer & Susman*, 47 Cal. App. 4th 777, 785 (Ct. App. 1996); *see also Defrees ex rel. U.S. Aero., Inc. v. Kirkland*, 579 Fed. Appx. 538, 541 (9th Cir. 2014) ("Under California's anti-SLAPP statute, the prevailing party may recover attorney's fees 'for the expense of responding to a baseless lawsuit.'").

Consequently, a prevailing party is also entitled to recover fees necessary to enforce the right to mandatory fees via a fee motion. *Ketchum*, 24 Cal.4th 1141; *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1425 (Cal. Ct. App. 2001). Indeed, in *Ketchum*, the California Supreme Court expressly stated that a prevailing defendant under the SLAPP statute is entitled to recover fees incurred in association with a motion for fees:

> [A]n award of fees may include not only the fees incurred

> with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure § 425.16 . . . . [A]bsent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the claim.

24 Cal.4th at 1141.

### B. In Determining An Award Of Fees Under § 425.16(c), The Court Is To Apply The Lodestar Method

In reviewing a motion for fees under the anti-SLAPP statute, "[t]he court applies the lodestar method to determine reasonable attorneys' fees, multiplying the reasonable time spent by the reasonable hourly compensation for each attorney." *Ketchum*, 24 Cal.4th at 1131; *Malin v. Singer*, 217 Cal. App. 4th 1283, 1305 (Ct. App. 2013); *see also Scott W. Hallock v. Healey*, CV 20-02726-CJC (MAAx), 2020 U.S. Dist. LEXIS 260283 at *3-4 (C.D. Cal. Nov. 2, 2020) (applying lodestar method).

Under the lodestar method, the Court determines "the number of hours reasonably expended by the reasonable hourly rate." *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1094 (Cal. 2000); *see also Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 342 (Cal. Ct. App. 2006) ("Under [the lodestar] method, a court assesses attorney fees by first determining the time spent and the reasonable hourly compensation of each attorney.").

In determining the reasonable hours, § 425.16(c) "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (Cal. Ct. App. 2002).

Further, the "reasonable hourly rate" applicable under the lodestar method is

the rate "prevailing in the community for similar work." *PLCM Group, Inc.*, 22 Cal.4th at 1095.

### 1. The hours spent by Mr. Thiagarajah's counsel are reasonable

Much work goes into preparing an anti-SLAPP motion and gathering, analyzing, and providing the evidence necessary to support the anti-SLAPP motion. As the California Supreme Court has recognized, anti-SLAPP motions are quite often "complex and time consuming." *Ketchum*, 24 Cal.4t at 1139; *see also Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association*, 163 Cal. App. 4th 550, 560-61 (Cal. Ct. App. 2008) (rejecting assertion that spending 217 hours on an anti-SLAPP motion was *per se* excessive and ultimately affirming trial court order awarding fees).

Here, Mr. Thiagarajah's anti-SLAPP motion required a review and analysis of Plaintiff's lengthy complaint, developing an understanding of the factual underpinnings for Plaintiff's claims (which necessitated a review of the transcripts from, and evidence submitted in, the underlying restraining order proceeding), preparation of the anti-SLAPP motion and supporting papers (which are part of the Court's file), analysis of Plaintiff's Opposition, the preparation of a reply brief, and time associated with oral argument on Mr. Thiagarajah's anti-SLAPP Motion. Moreover, Mr. Thiagarajah's counsel spent time preparing this fee application and the accompanying declarations.

The time that Mr. Thiagarajah seeks is set forth, with redactions for confidential and privileged information and as to billing entries that are not sought by this application, as an attachment to the concurrently-filed Declarations of David D. Samani and Jean-Paul Jassy. The total time sought, in hours, is as follows:

    Attorney Kenneth C. Feldman    12.9 hours.

    Attorney David D. Samani    59.5 hours.

|   |   |
|---|---|
| Attorney Jean-Paul Jassy | 14.8 hours. |
| Attorney time spent on Fee Application | 5.2 hours. |
| Anticipated time on Reply in support of Fee Motion | 4.5 hours.[1] |

(*See* Samani Declaration, ¶¶ 6 - 9, Exh. 1; Jassy Declaration, ¶ 7; Exh. 4.)

The services performed by Mr. Thiagarajah's counsel were both necessary to extricating Mr. Thiagarajah from Plaintiff's SLAPP suit against and reasonable given the nature and complexity of the claims at issue. Further, Mr. Samani's concurrently-filed declaration supporting this motion is *prima facie* evidence that the hours sought were necessary and are reasonable. *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (Ct. App. 2009); *Bernardi v. County of Monterey*, 167 Cal. App. 4th 1379, 1398 (Ct. App. 2008); *see also Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th 359, 396 (Ct. App. 2005) ("[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."). Moreover, it is well-settled that Plaintiff "cannot litigate tenaciously and then be heard to complain about the time necessarily spent" by Mr. Thiagarajah's counsel in response. *Serrano v. Unruh*, 32 Cal.3d 621, 638 (1982).

Mr. Thiagarajah also seeks time spent by his counsel Jean-Paul Jassy. Although Mr. Jassy is not counsel of record for Mr. Thiagarajah, that is immaterial with respect to Mr. Thiagarajah's ability to recoup attorneys fees for time spent in connection with the anti-SLAPP motion. *Mix v. Tumanjan Development Corp.* (2002) 102 Cal. App. 4th 1318, 1324 (Ct. App. 2002) (noting that "attorney need not be an

---

[1] Of the 5.2 hours spent preparing the Fee motion, 0.6 hours were spent by Mr. Feldman and 4.6 hours were spent by Mr. Samani. Further, Mr. Samani estimates 4.5 hours will be spent on the reply in support of this motion.

attorney of record in order for the reasonable fees of the attorney to be awarded to a prevailing party").

### 2. **Mr. Thiagarajah's counsel's hourly rates are reasonable**

The lodestar method seeks to "fix the fee at the fair market value for the particular action," and, consequently, "[t]he reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group, Inc.*, 22 Cal.4th at 1095.

In Southern California, hourly rates higher than $750 are routinely recognized as reasonable. *See Hedley & Bennett, Inc. v. Mejico*, EDCV 22-816 JGB (KKx), 2022 U.S. Dist. LEXIS 115549 (C.D. Cal. June 24, 2022) at *5 (approving hourly rates of $750 and $850 per hour); *Clifford v. Trump*, CV 18-06893-SJO (FFMx), 2018 U.S. Dist. LEXIS 211297 (C.D. Cal. Dec. 11, 2018) at *11-14 (approving rates of $841.64 per hour, $756.49 per hour, $611.99 per hour, $586.50 per hour, and $307.60 per hour, and discussing rates in anti-SLAPP litigation); *In re Amgen Sec. Litig.*, CV 7-2536 PSG (PLAx), 2016 U.S. Dist. LEXIS 148577 (C.D. Cal. Oct. 25, 2016) at *27-28 (finding reasonable hourly rates of "$750 to $985 for partners, $500 to $800 per hour for 'of counsels'/senior counsel, and $300 to $725 per hour for other attorneys"); *Perfect 10, Inc. v. Giganews, Inc.* CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 54063 (C.D. Cal. March 24, 2015) at *45-46 (finding rates of $825 - $930 per hour for senior partners, $610 - $750 per hour for junior partners, and $350 - $690 per hour for associates, reasonable).)

Moreover, in *Ketchum*, the California Supreme Court held that trial courts have the authority to award a fee enhancement under section 425.16, subdivision (c). Likewise, in *Nemecek & Cole v. Horn*, 208 Cal. App. 4th 641, 650-51 (Ct. App. 2012), the Court of Appeal affirmed an attorneys' fees award which—based on a lodestar calculation—was more than double the attorneys' fees that were actually incurred by the attorneys, based on a general schedule and pay table for attorneys. *See also Malin*, 217 Cal. App. 4th at 1304-05.

Here, Mr. Feldman's hourly rate of $720 per hour is more than reasonable. Mr. Feldman was admitted in 1987, and is certified as a legal malpractice specialist by the California State Bar Board of legal specialization. Mr. Feldman has extensive experience in defending professionals. (Feldman Declaration, ¶¶ 5-6.)

Similarly, Mr. Jassy's reasonable hourly rate of $650 per hour is warranted. Mr. Jassy was admitted in 1999, is a graduate of the University of Southern California Law School, and has extensive experience litigating First Amendment and defamation cases. (Jassy Declaration, ¶¶ 3-6.) Likewise, Mr. Samani's reasonable hourly rate of $525 per hour is well-justified. Mr. Samani, who was admitted in 2011, is a graduate of Cornell Law School and served as the primary handling attorney for Mr. Thiagarajah. (Samani Decl., ¶¶ 3, 4.)

Indeed, all of the rates sought are lower than the rates set forth in the Laffey Matrix (attached as Exhibit 2 to the Samani Declaration) for attorneys of similar experience levels which, although obviously not binding authority, "provides additional guidance and has been cited with approval by other courts in [the Ninth] Circuit." *Lakim Indus. v. Linzer Prods. Corp.*, 2:12-cv-049756 ODW (JEMx), 2013 U.S. Dist. LEXIS 58958 (C.D. Cal. April 24, 2013) at *23; *see also Syers Properties III, Inc. v. Rankin*, 226 Cal.App.4th 691, 701-702 (Ct. App. 2014) (noting that trial court had discretion to credit Laffey Matrix when determining reasonableness of fees).

### C. Mr. Thiagarajah Is Entitled To A Lodestar Amount Of $55,355

In total, then, Mr. Thiagarajah seeks an award of fees in the amount of $55,355.[2] This number represents reasonable attorneys' fees for Mr. Thiagarajah's

---

[2] 59.5 hours at $525 per hour equals $31,237.50, 12.9 hours at $720 per hour equals $9,288 and 14.8 hours at $650 per hour equals $9,620, which total $50,145.50. Further, taking into account fees expended and anticipated to be expended on this motion adds an additional $5,209.50.

efforts in extricating himself from Plaintiff's SLAPP suit and, in fact, is far fall below awards in other anti-SLAPP cases.  For example, in *Premier Medical Management Systems, Inc.*, the California Court of Appeal affirmed an award of $165,000 trial court fees plus $1,871.84 costs under Code of Civil Procedure § 425.16(c).  163 Cal. App. 4th at 565; see *also Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (awarding a total of $318,687.99); *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 658 (Ct. App. 1996) ($130,506.71 awarded to defendant who prevailed on his anti-SLAPP motion); *Raining Data Corp.*, 175 Cal.App.4th 1363 (award of $112,353.75 to prevailing defendant); *Jones v. Union Bank of California*, 127 Cal. App. 4th 542, 549 (Ct. App. 2005) (award of $329,779).

## IV. CONCLUSION

Mr. Thiagarajah is entitled to recoup reasonable attorney fees as a result of defeating Plaintiff's SLAPP suit.  As set forth above, $55,355 represents an award of reasonable fees for defending against and defeating those claims, and therefore Mr. Thiagarajah respectfully urges the Court to grant this Application and award fees in the requested amount.

DATED:  December 14, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ David D. Samani
         KENNETH C. FELDMAN
         DAVID D. SAMANI
         Attorneys for Defendant NIRANJAN
         FRED THIAGARAJAH

