KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>　　　　Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S ANSWER TO COUNTERCLAIM COMPLAINT**<br><br>Action Filed: April 25, 2022<br>Trial Date: February 13, 2024<br>Department: 10C |

Plaintiff/Counterclaim Defendant Trevor Bauer, by his undersigned counsel, submits this Answer to Defendant/Counterclaim Plaintiff Lindsey Hill's Counterclaim Complaint pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure. Except as otherwise stated herein, Mr. Bauer denies each and every allegation in the Counterclaim Complaint, including, but not limited to, allegations in the Counterclaim Complaint's preamble and headings. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Counterclaim Complaint to which no responsive pleading is required shall be deemed as denied. Mr. Bauer expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.

**INTRODUCTION**

1. Mr. Bauer denies each and every allegation contained in Paragraph 1.

2. Mr. Bauer denies each and every allegation contained in Paragraph 2, except that he admits Ms. Hill consented to being choked.

3. Mr. Bauer denies each and every allegation contained in Paragraph 3, except that he admits Ms. Hill consented to being choked.

4. Mr. Bauer denies each and every allegation contained in Paragraph 4, except that he admits he published a video online entitled "The Truth."

5. Mr. Bauer denies each and every allegation contained in Paragraph 5.

6. Mr. Bauer denies each and every allegation contained in Paragraph 6, except that he admits that he exchanged a series of messages with the woman referenced in Paragraph 6. However, the message quoted in Paragraph 6 is incomplete, out-of-context, and misleading.

7. Mr. Bauer denies each and every allegation contained in Paragraph 7, except that he admits that he exchanged a series of messages with the woman referenced in Paragraph 7. However, the message quoted in Paragraph 7 is incomplete, out-of-context, and misleading.

8. Mr. Bauer denies each and every allegation contained in Paragraph 8, except that he admits he filed a defamation lawsuit against Ms. Hill on April 25, 2022.

## PARTIES

9. Mr. Bauer lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9.

10. Mr. Bauer denies each and every allegation in Paragraph 10.

11. The allegations contained in Paragraph 11 constitute legal conclusions to which no response is required.

12. The allegations contained in Paragraph 12 constitute legal conclusions to which no response is required.

## COMMON ALLEGATIONS

**I.     The April 22 Incident**

13. Mr. Bauer admits that in or around April 2021, Ms. Hill contacted him on social media and the two began communicating. Mr. Bauer further admits that Ms. Hill proposed meeting in person and the two arranged to meet at Mr. Bauer's home in Pasadena, California.

14. Mr. Bauer admits that on April 21, 2022, Ms. Hill met Mr. Bauer at his home.

15. Mr. Bauer admits that he spoke with Ms. Hill for several hours and then the two began having vaginal sex.

16. Mr. Bauer denies each and every allegation contained in Paragraph 16, except that he admits he choked Ms. Hill at her request and with her consent during sex.

17. Mr. Bauer denies each and every allegation contained in Paragraph 17.

18. Mr. Bauer denies each and every allegation contained in Paragraph 18.

19. Mr. Bauer denies each and every allegation contained in Paragraph 19.

20. Mr. Bauer denies each and every allegation contained in Paragraph 20.

1  21. Mr. Bauer denies each and every allegation contained in Paragraph 21.

2  22. Mr. Bauer denies each and every allegation contained in Paragraph 22.

**II.   The May 16 Incident**

23. Mr. Bauer admits that Ms. Hill contacted him after the April 22 encounter and made several attempts to solicit an invitation from Mr. Bauer to his home, to which he declined. Mr. Bauer further admits that the two ultimately made plans to meet again on the night of May 15, 2021.

24. Mr. Bauer admits that on or about May 16, 2021, Ms. Hill met Mr. Bauer at his home, although Mr. Bauer denies that she arrived shortly after midnight.

25. Mr. Bauer admits that in the early morning of May 16, he and Ms. Hill began having vaginal sex.

26. Mr. Bauer denies each and every allegation contained in Paragraph 26, except that he admits he choked Ms. Hill at her request and with her consent during sex.

27. Mr. Bauer denies each and every allegation contained in Paragraph 27.

28. Mr. Bauer denies each and every allegation contained in Paragraph 28.

29. Mr. Bauer denies each and every allegation contained in Paragraph 29.

30. Mr. Bauer denies each and every allegation contained in Paragraph 30.

31. Mr. Bauer denies each and every allegation contained in Paragraph 31.

32. Mr. Bauer admits that at some point, Ms. Hill used a portion of the safe word she had chosen, "Daddy Issues," and Mr. Bauer immediately ceased sexual intercourse with Ms. Hill.

33. Mr. Bauer denies each and every allegation contained in Paragraph 33.

34. Mr. Bauer lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34, except that he admits that Ms. Hill reported to him that she was at a hospital on May 17, 2021.

### III. <u>The Police Call</u>

35. Mr. Bauer lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35, except that he admits that Pasadena Police Department ("PPD") recorded a telephone call between him and Ms. Hill.

36. Mr. Bauer admits that there was a recorded telephone call. Mr. Bauer denies each and every allegation contained in Paragraph 36 purporting to characterize the telephone call.

37. Mr. Bauer admits that there was a recorded telephone call. Mr. Bauer denies each and every allegation contained in Paragraph 37 purporting to characterize the telephone call.

38. Mr. Bauer admits that there was a recorded telephone call. Mr. Bauer denies each and every allegation contained in Paragraph 38 purporting to characterize the telephone call.

39. Mr. Bauer admits that there was a recorded telephone call. Mr. Bauer denies each and every allegation contained in Paragraph 39 purporting to characterize the telephone call.

40. Mr. Bauer admits that there was a recorded telephone call. Mr. Bauer denies each and every allegation contained in Paragraph 40 purporting to characterize the telephone call.

### FIRST CAUSE OF ACTION

**(Sexual Battery in Violation of Cal. Civ. Code § 1708.5 Against Bauer)**

41. Mr. Bauer responds by incorporating by reference the responses to the allegations contained in the above paragraphs as if fully set forth herein.

42. Mr. Bauer denies each and every allegation contained in Paragraph 42.

43. Mr. Bauer denies each and every allegation contained in Paragraph 43.

44. Mr. Bauer denies each and every allegation contained in Paragraph 44.

45. Mr. Bauer denies each and every allegation contained in Paragraph 45.

46. Mr. Bauer denies each and every allegation contained in Paragraph 46.

1  47.   Mr. Bauer denies each and every allegation contained in Paragraph 47.
2  48.   Mr. Bauer denies each and every allegation contained in Paragraph 48.
3  49.   Mr. Bauer denies each and every allegation contained in Paragraph 49.

## SECOND CAUSE OF ACTION

### (Battery Against Bauer)

50.   Mr. Bauer responds by incorporating by reference the responses to the allegations contained in the above paragraphs as if fully set forth herein.

51.   Mr. Bauer denies each and every allegation contained in Paragraph 51.

52.   Mr. Bauer denies each and every allegation contained in Paragraph 52.

53.   Mr. Bauer denies each and every allegation contained in Paragraph 53.

54.   The allegations contained in Paragraph 54 constitute legal conclusions as to which no response is required. To the extent a responsive pleading is required, Mr. Bauer denies each and every allegation contained in Paragraph 54.

55.   Mr. Bauer denies each and every allegation contained in Paragraph 55.

56.   Mr. Bauer denies each and every allegation contained in Paragraph 56.

57.   The allegations contained in Paragraph 57 constitute legal conclusions as to which no response is required. To the extent a responsive pleading is required, Mr. Bauer denies each and every allegation contained in Paragraph 57.

58.   Mr. Bauer denies each and every allegation contained in Paragraph 58.

59.   Mr. Bauer denies each and every allegation contained in Paragraph 59.

60.   Mr. Bauer denies each and every allegation contained in Paragraph 60.

WHEREFORE, Mr. Bauer prays that:

Ms. Hill takes nothing by reason of her Counterclaim Complaint;

Ms. Hill's Complaint be dismissed with prejudice;

Mr. Bauer recover his costs of suit; and

Mr. Bauer be awarded such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Ms. Hill has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Ms. Hill's claims are barred in full by the doctrine of issue preclusion.

### THIRD AFFIRMATIVE DEFENSE

Ms. Hill cannot establish by a preponderance of the evidence each of the elements required to prove the claims she has asserted.

### FOURTH AFFIRMATIVE DEFENSE

Ms. Hill consented to the alleged acts.

### FIFTH AFFIRMATIVE DEFENSE

Ms. Hill's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Ms. Hill's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### SEVENTH AFFIRMATIVE DEFENSE

Ms. Hill's claims are barred by laches and/or waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Ms. Hill's claims are barred by equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE

Ms. Hill's Counterclaim Complaint was not filed, and is not maintained, in good faith with reasonable cause.

### TENTH AFFIRMATIVE DEFENSE

Ms. Hill's Counterclaim Complaint was improperly brought as retaliation against Mr. Bauer for filing his Complaint in this action.

ELEVENTH AFFIRMATIVE DEFENSE

Ms. Hill has failed to mitigate damages, although Mr. Bauer denies damages exist.

TWELFTH AFFIRMATIVE DEFENSE

Any recovery awarded to Ms. Hill is barred in whole or in part by Ms. Hill's comparative fault.

THIRTEENTH AFFIRMATIVE DEFENSE

Ms. Hill's alleged damages, if any are found, were proximately caused by and/or contributed to by Ms. Hill's own acts or failures to act, and thus, any recovery should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged damages.

FOURTEENTH AFFIRMATIVE DEFENSE

If Ms. Hill produces clear and convincing evidence to satisfy the requirements for punitive damages under California Civil Code Section 3294, any punitive damages awarded must be reasonable under the constitutions and laws of the United States and the State of California, including the standards set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

FIFTEENTH AFFIRMATIVE DEFENSE

Mr. Bauer alleges the above affirmative defenses without assuming the burden of proof where the burden of proof rests with Ms. Hill. Mr. Bauer hereby gives notice that he intends to rely on other and further defenses as they may become available or apparent during pretrial or trial proceedings in this action and hereby reserves his right to amend this Answer and assert all such defenses.

**DEMAND FOR JURY TRIAL**

Mr. Bauer demands a trial by jury on all issues so triable.

Dated: January 6, 2023

/s/ *Blair G. Brown*
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com