| | |
|---|---|
| 1 | Bryan J. Freedman, Esq. (SBN: 151990) |
| | bfreedman@ftllp.com |
| 2 | Jesse A. Kaplan, Esq. (SBN: 255059) |
| | jkaplan@ftllp.com |
| 3 | FREEDMAN + TAITELMAN, LLP |
| | 1801 Century Park West, 5th Floor |
| 4 | Los Angeles, California 90067 |
| | Telephone: (310) 201-0005 |
| 5 | Facsimile: (310) 201-0045 |

Attorneys for Defendant and Counterclaimant Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868 JVS (ADSx) |
| Plaintiff, | [Assigned to Judge: Hon. James V. Selna] |
| vs. | |
| LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH, | **LINDSEY HILL'S OPPOSITION TO COUNTER-DEFENDANT TREVOR BAUER'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING HIS MOTION TO DISMISS THE COUNTERCLAIM COMPLAINT** |
| Defendant. | |
| LINDSEY C. HILL, | |
| Counterclaimant, | Hearing Date: February 6, 2023 |
| vs. | Hearing Time: 1:30 p.m. |
| | Courtroom: 10C |
| TREVOR BAUER, | Action Filed: April 25, 2022 |
| Counter-defendant. | |

LINDSEY HILL'S OPPOSITION TO MOTION FOR RECONSIDERATION

# TABLE OF CONTENTS

**Contents**

I. INTRODUCTION ........................................................................................ 1

II. RECONSIDERATION IS NOT PROPER ................................................... 1

    A. The Standard for Reconsideration. ................................................... 1

    B. The Court Applied the Correct Standard For Determining Whether the State Court Necessarily Decided that Bauer Did or Did Not Abuse Hill. ........... 2

    C. The Court Correctly Determined that the State Court had Discretion to Deny Hill's Petition for a DVRO Even After a Sufficient Showing of Past Abuse. ....................................................................................................... 4

    D. The Court Correctly Interpreted the State Court's Discussion About Consent. ................................................................................................... 10

III. CONCLUSION ......................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*389 Orange St. Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) .................................................................................. 1

*Adele v. Tr. of the Scott & Brian, Inc.*,
  No. CV116919JVSRNBX, 2012 WL 12893746 (C.D. Cal. June 7, 2012) ........... 2

*Dauterive v. Wang*,
  No. B291604, 2020 WL 3591420 (Cal. Ct. App. July 2, 2020) ........................ 8, 9

*Davis & Cox v. Summa Corp.*,
  751 F.2d 1507 (9th Cir. 1985) .................................................................................. 4

*Eichler Homes, Inc. v. Anderson*,
  9 Cal. App. 3d 224 (1970) ........................................................................................ 3

*Fischer v. Fischer*,
  231 Cal. Rptr. 3d 621 (2018) ............................................................................ 5, 6

*Flynn v. Gorton*,
  207 Cal. App. 3d 1550 (1989) ................................................................................ 3

*Gonzales v. Oliva*,
  No. C074405, 2016 WL 828624 (Cal. Ct. App. Mar. 3, 2016) ................. 5, 6, 7, 8

*Jackio v. Pfeiffer*,
  No. 2:16-CV-2812 WBS GGH, 2019 WL 130332 (E.D. Cal. Jan. 8, 2019) ......... 9

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) .................................................................................... 1

*L.G. v. M.B.*,
  25 Cal. App. 5th 211 (2018) .................................................................................... 4

*Lucido v. Superior Ct.*,
  51 Cal. 3d 335, 795 P.2d 1223 (1990) .................................................................... 3

*In re Marriage of Fregoso & Hernandez*,
  5 Cal. App. 5th 698 (2016) ...................................................................................... 5

*N.T. v. H.T.*,
 34 Cal. App. 5th 595 (2019) ............................................................................................... 9

*Nicole G. v. Braithwaite*,
 49 Cal. App. 5th 990 (2020) ............................................................................................... 5

*Noble v. Draper*,
 160 Cal. App. 4th 1 (2008) ................................................................................................. 3

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
 318 F. Supp. 2d 968 (C.D. Cal. 2004) ................................................................................ 2

*People v. Garcia*,
 39 Cal. 4th 1070 (2006) ................................................................................................. 3, 4

*People v. Hatt*,
 20 Cal. App. 5th 321 (2018) ............................................................................................... 9

*Richardson v. First Centennial Mortg. Corp.*,
 No. EDCV171944JVSSPX, 2019 WL 7985025 (C.D. Cal. Feb. 8, 2019) ............ 2

*Rodriguez v. Menjivar*,
 243 Cal. App. 4th 816 (2015) ............................................................................................. 8

*School Dist. No. 1J, Multnomah Cnty. v. AcandS, Inc.*,
 5 F.3d 1255 (9th Cir. 1993) ................................................................................................ 1

*Southwell v. Mallery, Stern & Warford*,
 194 Cal. App. 3d 140 (1987) .............................................................................................. 3

*Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc.*,
 231 Cal. App. 4th 134 (2014) ............................................................................................. 3

**Statutes**

Cal. Family Code § *6300* ............................................................................................... 5, 6

Cal. Family Code § 6340(a)(1) ........................................................................................... 6

**Other Authorities**

*Restatement* (Second) of Torts § 892A (1979) ................................................................. 10

iii

LINDSEY HILL'S OPPOSITION TO MOTION FOR RECONSIDERATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Counter-Defendant Trevor Bauer ("Bauer") seeks reconsideration of the Court's denial of Bauer's prior Motion to Dismiss counterclaimant Lindsey Hill's ("Hill") Counterclaim for battery and sexual battery. Repeating faulty arguments that he previously made in connection with his Motion to Dismiss, Bauer contends that the Court committed <u>clear error</u> in denying the Motion to Dismiss and ruling that Hill was not collaterally estopped from asserting her tort claims against Bauer.

Reconsideration, which is an extraordinary and disfavored remedy, is not warranted. Bauer has failed to demonstrate that the Court committed any error let alone clear error. Rather, the Court correctly determined that Hill is not collaterally estopped from asserting her tort claims against Bauer.

## II. RECONSIDERATION IS NOT PROPER

### A. The Standard for Reconsideration.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Therefore, a motion for reconsideration should not be granted absent "highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Reconsideration pursuant to Local Rule 7-18 is permissible in three situations: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. *See* L.R. 7-18.

Reconsideration is also appropriate if the court committed clear error or the initial decision was "manifestly unjust." *School Dist. No. 1J, Multnomah Cnty. v.*

1

*AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (providing that reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

A motion for reconsideration will be substantively deficient if it merely repeats arguments presented in support of the underlying motion. *See* L.R. 7-18. ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *Richardson v. First Centennial Mortg. Corp.*, No. EDCV171944JVSSPX, 2019 WL 7985025, at *2 (C.D. Cal. Feb. 8, 2019)("Because these arguments were previously presented to the Court, they are improper on a motion for reconsideration."); *Adele v. Tr. of the Scott & Brian, Inc.*, No. CV116919JVSRNBX, 2012 WL 12893746, at *1 (C.D. Cal. June 7, 2012)("Plaintiffs' motion violates Local Rule 7-18 because it consists almost entirely of arguments already rejected by the Court."). Furthermore, "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

Here, Bauer merely contends that the Court committed clear error in denying Bauer's Motion to Dismiss. Bauer does not raise any other grounds for reconsideration. As discussed in more detail below, the Court did not commit clear error. The Court correctly denied Bauer's Motion to Dismiss.

### B. The Court Applied the Correct Standard For Determining Whether the State Court Necessarily Decided that Bauer Did or Did Not Abuse Hill.

Bauer contends that the Court committed "clear error" in that it applied the wrong legal standard, and that it applied federal, not California law, concerning collateral estoppel. (Motion, pp. 3-4). Specifically, Bauer incorrectly argues that the Court committed clear error in ruling that if there is "any doubt" as to whether the issue was necessarily decided, collateral estoppel should not be applied. (*Id.*).

Conversely, Bauer apparently contends that if there is doubt concerning the basis for the state court's denial of Hill's petition for a Domestic Violence Restraining Order ("DVRO"), Hill's claims for battery and sexual battery should still be barred under the doctrine of collateral estoppel. Bauer is wrong. The same standard applies under both California and federal law.

As an initial matter, collateral estoppel will only apply if the issue of whether Bauer previously battered or sexually Hill as alleged in Hill's Counterclaims was both "**actually and necessarily decided**" by the state court in the DVRO proceeding. *Noble v. Draper*, 160 Cal. App. 4th 1, 11 (2008)("[C]ollateral estoppel bars only issues that were actually and necessarily decided in the earlier litigation.")(Emphasis added). Because collateral estoppel is disfavored, Bauer, not Hill, had the "heavy" burden of establishing that collateral estoppel applies. *People v. Garcia*, 39 Cal. 4th 1070, 1092 (2006)(Chin, J. concurring opinion); *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341, 795 P.2d 1223, 1225 (1990). Accordingly, the inquiry is whether Bauer demonstrated that the state court actually <u>and</u> necessarily decided that he did not batter or sexually batter Hill.

Generally, under California law, collateral estoppel does not apply if there is "**doubt**" as to its application. *Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc.*, 231 Cal. App. 4th 134, 186 (2014)("Where there is doubt about the application of issue preclusion, it should not apply."); *Flynn v. Gorton*, 207 Cal. App. 3d 1550, 1554 (1989)("If there is any doubt, collateral estoppel will not apply.")(Emphasis added).

It follows, if there is doubt as to what was decided by the prior court, collateral estoppel will not apply. *See Eichler Homes, Inc. v. Anderson*, 9 Cal. App. 3d 224, 234 (1970); ("If 'anything is left to conjecture as to what was necessarily involved and decided' there can be no collateral estoppel .... '[I]t must appear ... that the precise question was raised and determined in the former suit....' "); *Southwell v. Mallery, Stern & Warford*, 194 Cal. App. 3d 140, 144 (1987). This standard was confirmed by California's Supreme Court. *See Garcia*, 39 Cal. 4th at 1092 (" 'If upon the face

3

of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered in evidence.'")(Chin, J. concurring/opinion). This standard is especially applicable when the prior court's ruling could have been based on alternative grounds. *See id.*, 39 Cal. 4th at 1093.

The record must contain sufficient information to discern which of the challenged allegations the prior court found did or did not have merit. *See L.G. v. M.B.*, 25 Cal. App. 5th 211, 230–32 (2018)("The record in this case does not contain sufficient information to discern which, if any, of Appellant's challenged allegations the court found had merit when the temporary restraining orders were issued."). The Ninth Circuit has applied the same standard when applying California's law on collateral estoppel in diversity cases. *See Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985)("If there is doubt, however, collateral estoppel will not be applied.").

Accordingly, the Court applied the correct standard under California law and correctly determined that it "is far from clear" whether the state court decided that Bauer did not batter or sexually batter Hill. (Docket 69, p. 10). If there is doubt as to the basis for the state court's denial of Hill's petition for a DVRO, collateral estoppel cannot apply.

### C. The Court Correctly Determined that the State Court had Discretion to Deny Hill's Petition for a DVRO Even After a Sufficient Showing of Past Abuse.

Repeating arguments Bauer previously made in the context of his Motion to Dismiss, Bauer contends that that Court committed clear error in ruling that the state court did not necessarily deny Hill's Petition for a DVRO on the grounds that Hill failed to present sufficient evidence of past abuse. (Motion, pp. 5-6, 14-16). Bauer continues to incorrectly contend that the state court was <u>required</u> to grant the DVRO if there was a sufficient showing of past abuse, and that it had no discretion to deny

the DVRO if such a showing had been made. (*Id.*).  Bauer contends that because the issuance of a DVRO was purportedly mandatory if there was a sufficient showing of past abuse, the state court must of have denied Hill petition for a DVRO on the basis that there was no past abuse, and that the state court could not have denied relief on other grounds.

For all of the reasons previously discussed in Hill's opposition to the Motion to Dismiss, during the oral argument, and in the Court's Order denying the Motion to Dismiss, Bauer is wrong.  The Court correctly interpreted the Domestic Violence Protection Act ("DVPA") and caselaw interpreting the DVPA.  In simple terms, even if a petitioner adequately demonstrates past abuse, a court has broad discretion to deny a petition for a DVRO.  This includes discretion to deny a petition for a DVRO based on a finding that a petitioner's safety would not be jeopardized if such relief is not granted.

Both the plain language of the DVPA and caselaw interpreting the DVPA make it clear that a court's authority to grant a restraining order is **discretionary**, not mandatory, when the statutory requirements are met. *In re Marriage of Fregoso & Hernandez*, 5 Cal. App. 5th 698, 702 (2016)("Generally, a trial court has **broad discretion** in determining whether to grant a petition for a restraining order under this statutory scheme. [citation]. The DVPA **permits** a court, upon a showing of 'reasonable proof of a past act or acts of abuse" (§ 6300), to issue a protective order restraining any person from contact, for the purpose of preventing a recurrence of domestic violence. [citation]")(Emphasis added); *Nicole G. v. Braithwaite*, 49 Cal. App. 5th 990, 999 (2020)("The court's issuance of a protective order under the DVPA is a discretionary matter."); *Fischer v. Fischer*, 231 Cal. Rptr. 3d 621, 628 (2018); *Gonzales v. Oliva*, No. C074405, 2016 WL 828624, at *7 (Cal. Ct. App. Mar. 3, 2016).

As explained by *Fischer*, the statutory use of the word "may" means that a court's grant of s DVRO is a discretionary rather than mandatory act:

> Generally, a trial court has broad discretion in determining whether to grant a petition for a restraining order under" the Domestic Violence Prevention Act (DVPA or the Act). (*In re Marriage of Fregoso and Hernandez* (2016) 5 Cal.App.5th 698, 702, 209 Cal.Rptr.3d 884.) Indeed, in the context of domestic violence restraining orders, this broad discretion is expressly provided by Family Code section 6320, [FN] which states that trial courts "**may**" issue restraining orders when the statutory criteria are met. (*See Woodbury v. Brown-Dempsey* (2003) 108 Cal.App.4th 421, 433, 134 Cal.Rptr.2d 124 ["**the word 'may' connotes a discretionary or permissive act**"].) Moreover, section 6301, subdivision (c), vests the trial court with authority to consider "the totality of the circumstances" in its exercise of discretion to grant or deny a domestic violence restraining order.

*Fischer*, 231 Cal. Rptr. 3d at 628 (Emphasis added).

That a court is authorized under California Family Code § 6300 ("Section 6300") to issue a restraining order under the DVPA does not mean that it is required to do so. *See Gonzales,* 2016 WL 828624, at *7. A court may deny a DVRO even when there is a showing of past abuse as that term is broadly defined under the DVPA. *See Gonzales*, 2016 WL 828624, at *7 (Cal. Ct. App. Mar. 3, 2016)("However, the fact the trial court would have been authorized under section 6300 to issue a protective order based on this conduct does not mean the trial court abused its discretion by declining to issue the order.").

Pursuant to California Family Code § 6340(a)(1) ("Section 6340"), a court is mandated to at least consider whether failure to grant a DVRO "may jeopardize" the petitioner's safety going forward. Consequently, while a showing of probable future harm is not required to support the issuance of a DVRO, a court has discretion to deny a DVRO when considering whether failure to grant a DVRO may jeopardize a petitioners safety going forward. *See Gonzales*, 2016 WL 828624, at *7.[1]

---

[1] Turning the statutory scheme on its head, Bauer contends that Section 6340 does not confer discretion to deny relief, but authorizes a court to grant a DVRO even in the

6
LINDSEY HILL'S OPPOSITION TO MOTION FOR RECONSIDERATION

*Gonzales* is instructive. In *Gonzales*, Mr. Gonzales sought a restraining order against Ms. Olivia. *See id.*, at *4 and 7. The trial court specifically found Mr. Gonzales proved that Ms. Olivia had created a defamatory Facebook account in his name and other online postings that allegedly resulted in Mr. Gonzales receiving threatening phone calls. *Id.*, at *7.[2] *Gonzales* confirmed that this and other alleged conduct constituted "abuse" and could have been enjoined under the DVPA. *Id.* Even though the trial court was authorized to grant a restraining order under Section 6300, *Gonzales* held that the trial court did not abuse its discretion in denying such relief based on Section 6340. Specifically, *Gonzales* held as follows:

> We agree any of these behaviors could be enjoined under section 6320. Thus, if Gonzales proved "to the satisfaction of the court" that Oliva engaged in this alleged conduct, the trial court would have been authorized under section 6300 ["An order *may* be issued ...."] to issue the requested order. (§ 6300, italics added.) The trial court specifically found Oliva made the defamatory Facebook account, and other "postings" not specifically alleged in Gonzales's restraining order request, but that were apparently proved at trial. However, the fact the trial court would have been authorized under section 6300 to issue a protective order based on this conduct does not mean the trial court abused its discretion by declining to issue the order. Indeed, the trial court acknowledged abuse under the DVPA need not be actual physical abuse or assaultive conduct, but nevertheless concluded the postings "cannot be said [to have] rise[n] to the level to compel a DVPA restraining order," citing section 6340, subdivision (a)'s direction: " 'When determining whether to make any orders [under this subdivision], the court shall consider whether failure to make any [of these] orders may jeopardize the safety of the petitioner.' " We cannot

---

absence of past abuse. (Motion, p. 9). This makes no sense. As Bauer points out, a DVRO can never be granted in the absence of past abuse. Therefore, there would be no reason to consider anything else if the court is precluded from granting any relief.

[2] The trial court also apparently found that that Ms. Oliva did not engage in other conduct – causing or attempting to cause bodily injury to Mr. Gonzales or to place him in reasonable apprehension of imminent serious bodily harm. *See id.* The trial court did not make explicit findings as to the other conduct alleged alleged by Mr. Gonzales. *See id.*, at *8.

conclude this determination exceeded the limits of legal discretion. (See *In re Stephanie M.* (1994) 7 Cal.4th 295, 318 [reviewing court will not disturb a discretionary determination unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination].)

*Id.*, at *7.

The authority cited by Bauer, most of which he previously relied on in connection with his Motion to Dismiss, does not support a different interpretation of the DVPA. Bauer relies primarily on *Rodriguez v. Menjivar*, 243 Cal. App. 4th 816 (2015), for the proposition that if a court finds acts of past abuse, it does not have discretion to deny a petition for a DVRO and is <u>required</u> to grant such relief. (Motion, pp. 6-7, 15). Bauer is wrong.

As summarized by the Court (Docket 69, pp. 6-8), *Rodriguez* simply held that future harm is not "required" to issue a DVRO and that the trial court erred in finding that a showing of past abuse is insufficient as a matter of law. *Rodriguez*, 243 Cal. App. 4th at 823-824. In other words, *Rodriguez* held that the trial court in *Rodriguez* abused its discretion by applying the wrong legal standard. *See id.*, at 819, 823-824. Moreover, *Rodriguez* confirms that a showing of past abuse simply vests the trial court with discretion to issue a DVRO. *See id.*, at 823.

Bauer's reliance on *Dauterive v. Wang*, No. B291604, 2020 WL 3591420 (Cal. Ct. App. July 2, 2020) is similarly misplaced. *Dauterive* does not discuss whether a trial court has discretion to deny a restraining order on the grounds that there is no probability of future harm or abuse. *Dauterive* simply reiterated that a court is "**not required**" to find a probability of future abuse before issuing a restraining order under the DVPA, and a court "may" issue a restraining order under Section 6300 upon satisfactory proof of past acts of abuse. *Dauterive*, 2020 WL 3591420, at *1-2.

(Emphasis added).[3]

Once again, *Dauterive* does not interpret Section 6300 to require a court to issue a restraining order if a petitioner proves past acts of abuse. Once again, *Dauterive* confirms that a showing of past abuse simply vests the trial court with discretion to do so. *See id.*, at *2-3.

Bauer also incorrectly cites *N.T. v. H.T.*, 34 Cal. App. 5th 595, 603 (2019), for the proposition that relief under Section 6300 is required if there is a showing of past abuse. (Motion, pp. 7, 15). *N.T.*'s holding was limited to whether certain alleged conduct constituted "abuse" under the DVPA. *N.T.* reversed the denial of a DVRO on the basis that the trial court abused its discretion in its determination of whether the alleged conduct at issue constituted "abuse" as that term is defined under the DVPA. *See id.*, at 603. Absent from *N.T.* is any discussion, consideration or holding as to whether relief under the DVPA is mandatory or discretionary if the petitioner sufficiently proves acts of past abuse. Likewise, absent from *N.T.* is any discussion, consideration or holding as to whether a court has discretion to deny a petition for a DVRO on the basis that the petitioner's safety would not be jeopardized and/or that there is no probability of future harm. A case is not authority for a proposition not considered. *See People v. Hatt,* 20 Cal. App. 5th 321, 326 (2018); *Jackio v. Pfeiffer*, No. 2:16-CV-2812 WBS GGH, 2019 WL 130332, at *6 (E.D. Cal. Jan. 8, 2019).

Finally, Bauer cites several treatises on California family law for the proposition that past acts of abuse is the most "important" inquiry in a DVRO proceeding. (Motion, p. 8). That past abuse may be an important factor does not mean that the issuance of a DVRO is mandatory if a petitioner demonstrates such past abuse. Again, the treatises quoted by Bauer all confirm that a DVRO "may" be issued

---

[3] The Court correctly cited *Dauterive* for the proposition that Judge Gould-Saltman was "permitted, but not required deny Hill's request for a DVRO because there was no 'factual basis' for Hill to fear future harm or contact from Bauer." (Docket 69, p. 8).

9

LINDSEY HILL'S OPPOSITION TO MOTION FOR RECONSIDERATION

if there is sufficient proof of past abuse. (*Id.*).

### D. The Court Correctly Interpreted the State Court's Discussion About Consent.

Bauer also contends that the Court committed clear error in expressing doubts as to whether the the state court decided whether or not there was past abuse, in particular whether it was clear that the state court decided that Hill consented to all of Bauer's conduct that now forms the basis for liability in Hill's Counterclaim. (Motion, pp. 10-14).

For the most part, Bauer repeats arguments that he previously made in connection with his Motion to Dismiss. For example, Bauer continues to repeat his argument concerning the state court's commentary about Hill setting limits and not considering all of the "potential consequences," incorrectly interpreting that to mean that the state court found that Hill consented to anything and everything that could have happened except that which was expressly identified by Hill as off limits. (Motion, p. 11, 13). The Court correctly rejected this argument, observing that the state court did not find that Hill consented to all, but only some, of the conduct/consequences. (Docket 69, p. 9; Brown Decl., Ex. B [Transcript, pp. 584-585]).

As previously discussed in Hill's Opposition to the Motion to Dismiss, some vague, general and/or unspecified consent to rough sex does not mean that Hill consented to anything and everything that Bauer did, including the specific acts alleged in the Counterclaims that resulted in great bodily injury. Indeed, the degree, nature and severity of force or violence used by Bauer is highly relevant to whether Hill consented to Bauer's actions. *See* Restatement (Second) of Torts § 892A (1979)("Very often the question whether the particular conduct is within the scope of the consent given **becomes a question of degree**. Minor differences in degree or extent, such as the fact that the force exerted by the actor in delivering a blow is slightly greater than would ordinarily have been contemplated, usually will not be

10

1 held to exceed the consent, although a much greater force would clearly exceed
2 it.")(Emphasis added).[4] Likewise, that Hill did not identify everything that was off
3 limits, does not mean that she consented to anything and everything. Did Hill consent
4 to being severely beaten just because that was not mentioned as being off limits?
5 Again, of course not.

6 Bauer further contends that the Court committed clear error in its determination
7 that the state court did not find that Hill consented to Bauer's conduct while she was
8 unconscious. (Motion, p. 14). Again, Bauer overreaches in his interpretation of the
9 state court's commentary. The state court's limited commentary made in passing
10 about what happened while Hill was unconscious was not a a clear and unambiguous
11 decision that nothing, including continued sex acts, occurred while Hill was either
12 unconscious, partially unconscious or coming out of consciousness. (Brown Decl.,
13 Ex. B [Transcript, pp. 584:24-27]). Rather, the state court's comment raises
14 significant doubt as to what, if anything, was being decided.

15 If nothing else, Bauer ignores the context of the state court's commentary about
16 Hill being "hit on the butt" while she was unconscious. (*Id*.). This comment was
17 made while the state court was discussing Hill being punched and hit by Bauer during
18 the second encounter. The state court was not commenting on continued sexual acts,
19 in particular anal sex, which occurred while Hill was unconscious. (*Id*.). Indeed, Hill
20 was not even claiming that the non-consensual anal sex during the first encountered
21 was a basis for granting the DVRO. At a minimum, there is sufficient doubt as to the
22 scope and purpose of the state court's limited comment. Accordingly, the Court
23 correctly found that "Judge Gould-Saltman did not find that Hill consented to Bauer

---

[4] Bauer attempts to draw a superficial distinction between conduct and the consequences of such conduct. (Motion, pp. 11-12). Bauer, however, ignores that the actual consequences of his actions are relevant to whether Hill consented to the degree, nature or severity of Bauer's conduct. For example, Hill did not consent to being punched in the face so hard that she would be hospitalized due to head trauma.

11
LINDSEY HILL'S OPPOSITION TO MOTION FOR RECONSIDERATION

continuing to engage in sex acts with her while she was unconscious. (Docket 69, p. 9).

Finally, Bauer criticizes the Court, claiming that that the Court has taken inconsistent interpretations of the state court's decision to deny Hill's petition for a DVRO. (Motion, pp. 10-11). Specifically, Bauer incorrectly contends that the Court took a different interpretation of the state court's ruling when granting defendant Niranjan Fred Thiagarajah's ("Thiagarajah") special motion to strike, and that such interpretation evidences the Court's purported clear error.

Bauer is wrong. The Court has not inconsistently characterized Judge Gould-Saltman's discussion on consent. As discussed, in ruling on Bauer's Motion to Dismiss, the Court determined that Judge Gould-Saltman found that Hill did consent to some, though not all, conduct. (Docket 69, p. 9).[5] Moreover, Bauer continues to avoid the reality that the state court's discussion on consent was made in the context of whether there was a probability of future harm.

### III. CONCLUSION

For the foregoing reasons, Hill respectfully requests that the Court deny Bauer's Motion in its entirety.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[5] In any event, the issue of whether the state court decided that Hill consented to all of the conduct alleged in Hill's counterclaims was not material to Thiagarajah's motion to strike.

| | | |
|---|---|---|
| 1 | DATED: January 13, 2022 | FREEDMAN + TAITELMAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By:   /s/ Jesse A. Kaplan |
| 5 | |       Bryan J. Freedman, Esq. |
|   | |       Jesse A. Kaplan, Esq. |
| 6 | |       Attorneys for Defendant and |
| 7 | |       Counterclaimant, Lindsey C. Hill |