KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

|  |  |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868-JVS-ADS |
| Plaintiff, | Assigned for all purposes to the Hon. James V. Selna |
| v. | **REPLY IN FURTHER SUPPORT OF PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING HIS MOTION TO DISMISS THE COUNTERCLAIM COMPLAINT** |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH, |  |
| Defendants. | Hearing Date: February 6, 2023 |
|  | Hearing Time: 1:30 p.m. |
|  | Department: 10C |
|  | Action Filed: April 25, 2022 |

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................. 1

II.     ARGUMENT ................................................................................................... 2

   A.   Ms. Hill's Belated Effort to Contest Whether She Actually Litigated Certain
        Abuse Claims Is Both Too Late and Incorrect. ................................................ 2

   B.   A California Court That Finds a Dating Relationship Necessarily Must Find
        No Past Abuse If It Denies A DVRO Petition. ................................................. 4

   C.   Ms. Hill Confuses The Legal Standard For Determining The "Necessarily
        Decided" Prong With The Legal Standard For Determining the "Actually
        Litigated" Prong. .......................................................................................... 7

III.    CONCLUSION ................................................................................................ 8

i

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Cases**

4

*A.R. v. J.V.*,
   2019 WL 1198280 (Cal. Ct. App. Mar. 14, 2019) ..................................................6

5

6

*Erika A. v. Dominic J.*,
   No. 083944, 2022 WL 17423593 (Cal. Ct. App. Dec. 6, 2022) ...........................6

7

8

*Fischer v. Fischer*,
   231 Cal. Rptr. 3d 621 (Ct. App. 2018), *as modified* (May 2018) ........................4

9

10

*Gonzales v. Oliva*,
   No. C074405, 2016 WL 828624 (Cal. Ct. App. Mar. 3, 2016) ...........................5

11

12

*In re Marriage of Fregoso and Hernandez*,
   5 Cal. App. 5th 698 (2016) ....................................................................................4

13

14

*In re Marriage of L.R. & K.A.*,
   281 Cal. Rptr. 3d 706 (2021) ................................................................................6

15

16

*In re Marriage of Lacey*,
   No. E074181, 2021 WL 1884762 (Cal. Ct. App. May 11, 2021) .........................7

17

18

*Liu v. Lee*,
   No. A152891, 2018 WL 3434888 (Cal. Ct. App. July 17, 2018) ......................6, 7

19

20

*Lucido v. Superior Ct.*,
   795 P.2d 1223 (1990) ............................................................................................8

21

22

*N.T. v. H.T.*,
   34 Cal. App. 5th 595 (2019) ..............................................................................4, 6

23

24

*Nicole G. v. Braithwaite*,
   262 Cal. Rptr. 3d 918 (2020) ................................................................................4

25

26

*People v. Garcia*,
   39 Cal. 4th 1070 (2006) ........................................................................................8

27

*Rodriguez v. Menjivar*,
   243 Cal. App. 4th 816 (2015) ....................................................................1, 4, 5, 6

28

ii

## I.    INTRODUCTION

Mr. Bauer's motion for reconsideration showed that the Court clearly erred in denying his motion to dismiss based on issue preclusion. The Court recognized that the only element of issue preclusion in dispute was whether the state court "necessarily decided" the issue of whether Mr. Bauer committed the same acts of abuse that Ms. Hill alleges in her counterclaim when the state court denied her petition for a DVRO. That question is controlled by the legal rule the California court of appeals applied in *Rodriguez v. Menjivar*, 243 Cal. App. 4th 816 (2015): it is legal error for a court to deny a DVRO once a dating relationship and past abuse have been proved. Because preclusion here is a question of state law, there is no room for this Court to engage in its own contrary interpretation of California's statutory scheme. And even if the Court were free to do so, Ms. Hill has never identified a single California case holding that a court has discretion to deny a DVRO because future harm seems unlikely, after finding proof of past abuse. Having found a dating relationship, the state court could not deny Ms. Hill's petition unless it necessarily decided that she failed to prove abuse. Ms. Hill is precluded from relitigating that issue, and the Court clearly erred in relying on its own interpretation of California law.

Aside from once again failing to identify a single case where a California court denied a DVRO despite the statutory elements being met, Ms. Hill's opposition also does not defend this Court's interpretation of the state court's factual findings on consent. Instead, Ms. Hill now asserts for the first time that she never actually litigated certain issues, such as whether non-consensual anal sex occurred or whether she could consent to the alleged injuries she suffered. But there is no question that Ms. Hill actually litigated the same claims of abuse in the DVRO proceeding that she seeks to relitigate in this court, and she previously conceded that fact. Moreover, the findings and judgment against her establish as a matter of law that the state court did decide those claims of abuse.

1

## II.    ARGUMENT

### A. Ms. Hill's Belated Effort to Contest Whether She Actually Litigated Certain Abuse Claims Is Both Too Late and Incorrect.

Ms. Hill conceded in her opposition to Mr. Bauer's motion to dismiss, and this Court agreed in its order denying Mr. Bauer's motion, that every element of issue preclusion other than the "necessarily decided" element was satisfied. *See generally* Opp. to MTD, ECF. No. 57; Order, ECF No. 69, at p. 5. Ms. Hill's attempt now to contest whether she actually litigated certain issues before the state court is both too late and incorrect.

Ms. Hill actually litigated her claim that Mr. Bauer had non-consensual anal sex with her while she was unconscious during the first encounter. She alleged it at paragraph 9 of her DVRO petition, Brown Decl., Ex. A, ECF No. 52-2, p. 9, ¶ 9, and testified to it at the DVRO proceeding, Brown Decl., Ex. B, ECF No. 52-3, Tr. 118:3-125:18, 273:6-275:15. She also testified that she had contemporaneously told one of her close friends and her AA sponsor about it. *Id.*, Tr. 125:19-127:24. She even called her close friend as a witness to attempt to corroborate her account of it, although her friend did not do so. *Id.*, Tr. 508:18-509:14. Ms. Hill's counsel also emphasized that the anal sex was a basis for the DVRO in her opening statement. *Id.*, Tr. 51:22-52:3. The state court found that it did not occur, stating: "the only evidence of anything which happened while petitioner was unconscious was having been hit on the butt in the parties' first encounter." *Id.*, Tr. 584:24-26. That is a rejection of Ms. Hill's allegations and testimony about non-consensual anal sex during the first encounter. Ms. Hill does not attempt to defend this Court's reliance in its order on Ms. Hill's testimony rather than the judge's contrary ruling. Her only response to Mr. Bauer's motion for reconsideration is to now claim at the eleventh hour that she did not actually litigate the anal sex claim, which we know from the state court record that she did.

2

Ms. Hill also actually litigated her claim that Mr. Bauer abused her by striking her during the second encounter. She alleged it in her declaration in support of the DVRO petition, Brown Decl., Ex. A, ECF No. 52-2, pp. 11-12, ¶¶ 14-16, and testified to it in the DVRO proceeding, Brown Decl., Ex. B, ECF No. 52-3, Tr. 54:14-55:10, 159:3-166:9, 378:19-380:1. Ms. Hill now argues that the state court could not have made complete findings on consent because one cannot consent to "great bodily injury." Opp., ECF No. 87, at p. 10-11. But Ms. Hill's legal argument is just an attack on the state court's consent ruling, which is exactly what issue preclusion does not allow.

The state court judge took in all the evidence about Ms. Hill's injuries, including testimony from a nurse who examined Ms. Hill after the second encounter and from a medical expert, and still determined that Ms. Hill "set limits without fully considering all the consequences and [Mr. Bauer] did not exceed the limits that [Ms. Hill] set." Brown Decl., Ex. B, ECF No. 52-3, Tr. 585:28-586:2. If the state court had found that Ms. Hill set boundaries and Mr. Bauer had engaged in conduct more severe than what was permissible under those boundaries, it would not have been able to hold that Mr. Bauer "did not exceed the limits that [Ms. Hill] set." *Id*. Tr. 586:1-2.

Indeed, this Court relied on the state court's finding of consent even though it had found "terrible injuries" as the basis for granting Mr. Thiagarajah's motion to strike. Mr. Thiagarajah argued, and this Court agreed, that his statement that Mr. Bauer brutalized Ms. Hill was not inconsistent with the state court's order denying the DVRO because the state court's comment that the injuries in the photographs were terrible was made "in the midst of [Judge Gould-Saltman] making her findings that there was insufficient evidence to support a lack of consent." Order on MTS, ECF. No. 70, at p. 14. Thus, as the Court already recognized in granting Mr. Thiagarajah's motion to strike, the state court found that Ms. Hill failed to prove lack of consent despite her alleged injuries. If the alleged injuries were of a degree that negated consent under California law, the state court would have been bound by that.

3

**B. A California Court That Finds a Dating Relationship Necessarily Must Find No Past Abuse If It Denies A DVRO Petition.**

The Court interpreted the California DVPA to mean that a state court has discretion to deny a DVRO even if it finds a past act of abuse by a preponderance of the evidence as well as the required dating relationship. Order, ECF No. 69, at pp. 6-8. But neither Ms. Hill's opposition to the motion to dismiss nor the Court's order cited a single case where that occurred. Nor does Ms. Hill cite such a case in her opposition to the motion to reconsider.[1]  In fact, when trial judges did that, California appellate courts reversed. *See, e.g., Rodriguez v. Menjivar*, 243 Cal. App. 4th 816 (2015); *N.T. v. H.T.*, 34 Cal. App. 5th 595 (2019).

Ms. Hill cites four cases in her opposition brief, but none of them help her. *See* Opp., ECF No. 87, at 5-8. In *In re Marriage of Fregoso and Hernandez*, the trial court found evidence of past acts of abuse and granted the DVRO on that basis. 5 Cal. App. 5th 698, 700 (2016). The court of appeals affirmed, finding that "[b]ecause substantial evidence supports the court's finding of abuse under the Domestic Violence Prevention Act (DVPA) we affirm the order." *Id*. In *Nicole G. v. Braithwaite*, both parties sought DVROs against the other. The trial court denied the boyfriend's request for a DVRO "finding insufficient evidence of acts of domestic abuse" and granted the girlfriend's request for a DVRO finding "there have been both acts of physical violence as well as stalking behavior." 262 Cal. Rptr. 3d 918, 923-24 (2020). The court of appeals affirmed based on the fact that "[t]here was substantial evidence of Warren's past acts towards Nicole, which constituted…abusive behavior." *Id*. at 925. In *Fischer v. Fischer*, the trial court found that a wife slapping her husband after discovering he was having an affair did not

---

[1] In Mr. Bauer's motion to reconsider, he noted that Ms. Hill has not cited a single California case where a court denied a DVRO even though the statutory elements were sufficiently proven and invited her to cite even one case where this occured. Mot. for Reconsideration, ECF No. 79, at p. 7 & n.6. This should have been an easy exercise for Ms. Hill if she were correct on the law.

constitute an "act of abuse" under the statute, and thus, denied the DVRO. 231 Cal. Rptr. 3d 621, 627 (Ct. App. 2018), *as modified* (May 10, 2018). The court of appeals affirmed. *Id*. at 633.

Finally, there is *Gonzales v. Oliva*, which Ms. Hill discusses at length. Opp., ECF No. 87, at pp. 7-8. Ms. Hill mistakenly contends that in *Gonzales*, the court of appeals affirmed the trial court's decision to deny a DVRO to the petitioner despite finding a past act of abuse, namely that the respondent had created a defamatory Facebook account and other online postings. *Id*. But the *Gonzales* trial court actually held, and the court of appeals affirmed, the opposite. In reality, the trial court denied Gonzales' DVRO petition against Oliva because it found no acts of abuse. *Id*. at *5, *7. It found that there were no physical acts of abuse, and that the defamatory Facebook account and online postings "cannot be said to have risen to the level to compel a DVPA restraining order." *Id*. (alterations omitted). This is highly instructive. For the *Gonzales* court, the conduct in question did not rise to the level of an "act of abuse" under the statute. But the court made clear that if it had found that the conduct in question constituted an act of abuse, that would "***compel*** a DVPA restraining order" (emphasis added).

While Ms. Hill has failed to cite any case supporting her position, Mr. Bauer, on the other hand, has cited multiple cases where California appellate courts have reversed trial court decisions on the grounds that where a past act of abuse is proven, it is an abuse of discretion to deny the DVRO. Ms. Hill and this Court have interpreted *Rodriguez v. Menjivar*, 243 Cal. App. 4th 816 (2015) to stand for the sole proposition that future harm is not required to issue a DVRO. Order, ECF No. 69, at pp. 6-7; Opp., ECF No. 87, at p. 8. But neither Ms. Hill nor this Court have ever addressed the bottom-line holding in *Rodriguez*: "While the trial court believed that there had been significant physical violence, it found that showing of past abuse insufficient as a matter of law. ***Because the law is otherwise***, the order denying the issuance of a DVPA protective order must be reversed, and the matter remanded for

5

the trial court to issue the restraining order in accordance with the law." *Rodriguez*, 243 Cal. App. 4th at 821 (emphasis added). Similarly, in *N.T.*, the court of appeals reversed the denial of a DVRO because it was an abuse of discretion to deny the DVRO when the statutory elements of a relationship and a prior act of abuse were met. *N.T.*, 34 Cal. App. 5th at 603.

The following cases are also instructive. In *Liu v. Lee*, the record was clear that the respondent had "disturb[ed] the peace" of the petitioner, which constitutes an act of abuse under the DVPA. 2018 WL 3434888, at *4 (Cal. Ct. App. July 17, 2018). Despite that, the trial court denied the petitioner's request for a DVRO on other grounds. *Id*. at *5. The court of appeals reversed and remanded with instructions to grant the DVRO because the past act of abuse was clear from the record. *Id*. In *A.R. v. J.V.*, the trial court denied the petitioner's request for a DVRO without providing a basis for its ruling. 2019 WL 1198280, at *1 (Cal. Ct. App. Mar. 14, 2019). The court of appeals reversed and granted the DVRO because it found that there was uncontradicted and unimpeached evidence in the record that an act of abuse occurred, and thus, it was an abuse of discretion for the trial court to deny the petition. *Id*.

To be sure, Mr. Bauer agrees that Family Code Section 6320 uses the word "may," which courts have noted gives a trial court a degree of discretion. *See* Opp., ECF No. 87, at pp. 5-6 (citing *Fischer*). But case law tells us that this discretion is not a two-way street. "The DVPA vests the court with discretion ***to issue*** a restraining order," *Erika A. v. Dominic J.*, No. 083944, 2022 WL 17423593, at *3 (Cal. Ct. App. Dec. 6, 2022), not to deny one. If a petitioner does prove an act of abuse, the trial court is divested of discretion to deny the DVRO. *See Rodriguez*, 243 Cal. App. 4th at 821*; Liu*, 2018 WL 3434888, at *4-5. Put simply, this discretion is designed to give a trial court leeway to grant DVROs in order to further the purpose of the DVPA of preventing the recurrence of domestic violence at all costs. *See In re Marriage of L.R. & K.A.*, 281 Cal. Rptr. 3d 706, 724 (2021) ("That discretion, however, must be exercised within the legal bounds of the statute and in furtherance of the statute's

6

intent and purpose."); *In re Marriage of Lacey*, No. E074181, 2021 WL 1884762, at *4 (Cal. Ct. App. May 11, 2021) ("The DVPA's protective purpose is broad both in its stated intent and its breadth of persons protected. To facilitate its purpose, the DVPA must be broadly construed."). While the DVPA is designed to provide maximum protection and thus confers discretion on courts to do just that, it is *not* designed to give trial courts discretion to find other reasons to deny DVROs where the statutory elements have been met.[2] *See Liu*, 2018 WL 3434888, at *4-5 (reversing denial of DVRO as abuse of discretion where statutory elements were met). Such a backwards interpretation makes little sense in light of the purpose of the statute.

In light of the law Mr. Bauer presented, which Ms. Hill has not countered, the denial of Ms. Hill's DVRO petition was necessarily based on a finding of no past abuse. This Court's own interpretation of the DVPA cannot supplant California state legal authority.

### C. Ms. Hill Confuses The Legal Standard For Determining The "Necessarily Decided" Prong With The Legal Standard For Determining the "Actually Litigated" Prong.

Ms. Hill attempts to defend the Court's reliance on a Ninth Circuit case involving Nevada, not California, issue preclusion law by plucking language from California cases about the standard for determining if an issue was "actually litigated" rather than whether it was "necessarily decided." Opp., ECF No. 87, at pp. 2-4. In its order, the Court cited *Little v. U.S.*, 794 F.2d 484, 487 (9th Cir. 1986) and the "any doubt" standard for its determination of whether the state court necessarily decided the issue of whether an act of abuse occurred—the only issue preclusion element in dispute. *See* Order, ECF No. 69, at pp. 5, 10.

The California Supreme Court, though, articulated a different standard for the "necessarily decided" prong: "The courts have previously required only that the issue

---

[2] It is hard to imagine that if the state court judge found that Ms. Hill had proven by a preponderance of the evidence any of the graphic acts of abuse alleged, that the judge would have denied her the DVRO.

7

1   not have been "entirely unnecessary" to the judgment in the initial proceeding.

2   *Lucido v. Superior Ct.*, 795 P.2d 1223, 1226 (1990).  Under the governing standard

3   for issuing a DVRO, the determination that Ms. Hill consented was not "entirely

4   unnecessary" to the denial of her petition.  *Lucido* also addressed how to resolve the

5   *factual* question of whether the supposedly preclusive issue was actually litigated:

6   "The parties each presented evidence and witnesses in support of their positions, and

7   certainly had the opportunity to present full cases." *Id*. at 1225. Clearly, Ms. Hill

8   presented evidence and had the opportunity to present a full case in support of her

9   petition alleging abuse.

10      Ms. Hill's opposition conflates the "necessarily decided" and "actually

11   litigated" prongs of issue preclusion. Ms. Hill primarily cites for the "any doubt"

12   standard an opinion concurring in part (not a Supreme Court holding) that expresses

13   disagreement with the opinion of the lower court on about what issues were *litigated*

14   in the prior case. *People v. Garcia,* 39 Cal. 4th 1070, 1092 (2006) (Chin, J.,

15   concurring). And none of the other decisions Ms. Hill cites support the proposition

16   that the Court should deny preclusive effect to resolution of an issue that was

17   concededly "actually litigated" in a prior case based on a doubt about whether, as a

18   matter of law, resolution of the issue was necessary to the judgment.

19      **III.   CONCLUSION**

20      For the reasons stated herein, Mr. Bauer respectfully requests that this Court

21   reconsider its order denying his Motion to Dismiss the Counterclaim Complaint.

22

23

24

25

26

27

28

8

1

2    Dated:        January 23, 2023            */s/ Blair G. Brown*
                                              Blair G. Brown (admitted *pro hac vice*)
3                                             Jon R. Fetterolf (admitted *pro hac vice*)
                                              ZUCKERMAN SPAEDER LLP
4                                             1800 M Street, N.W., Suite 1000
                                              Washington, D.C. 20036
5                                             Tel: (202) 778-1800
                                              Fax: (202) 882-8106
6                                             bbrown@zuckerman.com
                                              jfetterolf@zuckerman.com
7
                                              Nell Peyser (admitted *pro hac vice*)
8                                             ZUCKERMAN SPAEDER LLP
                                              485 Madison Avenue, 10th Floor
9                                             New York, NY 10022
                                              Tel: (212) 704-9600
10                                            Fax: (212) 704-4256
                                              npeyser@zuckerman.com
11
                                              Shawn Holley (Cal. Bar No. 136811)
12                                            Suann MacIsaac (Cal Bar No. 205659)
                                              KINSELLA WEITZMAN ISER KUMP
13                                            HOLLEY LLP
                                              808 Wilshire Boulevard., 3rd Floor
14                                            Santa Monica, CA 90401
                                              Tel: (310) 566-9800
15                                            Fax: (310) 566-9873
                                              sholley@kwikhlaw.com
16                                            smacisaac@kwikhlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO MOT. FOR RECONSIDERATION