UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00868-JVS (ADS) | Date | January 26, 2023 |
| Title | Trevor Bauer v. Lindsey C. Hill et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Motion for Reconsideration [79]</u>**

    Before the Court is a Motion for Reconsideration.  Plaintiff Trevor Bauer ("Bauer") moves this Court to reconsider its order denying his motion to dismiss Defendant Lindsey Hill's ("Hill") counterclaims.  (<u>See</u> Order, Dkt. No. 69; Mtn., Dkt. No. 79.)  Hill opposed the motion (Opp'n., Dkt. No. 87) and Bauer responded (Reply, Dkt. No. 88).

    Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e).  A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  <u>America Unites for Kids v. Lyon</u>, No. 15-2124, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation omitted).  Thus, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).

    "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  <u>Tawfilis v. Allergan, Inc.</u>, No. 15-307, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015).  The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-cv-00868-JVS (ADS)    Date  January 26, 2023

Title   Trevor Bauer v. Lindsey C. Hill et al

decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.[1]  The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

Bauer contends this Court committed clear error by applying federal law instead of state law, misinterpreting the state court's rulings, and misapplying state law. (Mtn. at 4-16.)  None of these arguments or cases presented alter the Court's ruling.  As an initial matter, the Court applied the correct legal standard for collateral estoppel. (Mtn. at 4-5; Order at 6.)  Bauer argues the Court erred in citing a Ninth Circuit case articulating a contour of the collateral estoppel rule.  However, the language Bauer contests the Court erroneously used is equivalent to the rule utilized by California state courts. Compare Little v. U.S., 794 F.2d 484, 486 (9th Cir. 1986) ("[I]f there is any doubt, collateral estoppel will not be applied), with Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc., 231 Cal. App. 4th 134, 186 (2014) ("Where there is doubt about the application of issue preclusion, it should not apply").

Further, having read Bauer's moving papers and reply brief, the Court concludes Bauer's motion presents substantially the same arguments the Court addressed in its initial order.  "A motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).  Although Bauer's motion presents cases not raised in its motion to dismiss, this neither appropriate for a motion for reconsideration, nor do these cases change the result reached in the Court's order.  See Carroll v. Nakutani, 342 F.3d 934, 945 (9th Cir. 2003) (Motions for reconsideration cannot "be used to raise arguments or present evidence for the first time

---

[1] See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-cv-00868-JVS (ADS)                              Date  January 26, 2023

Title   Trevor Bauer v. Lindsey C. Hill et al

when they could reasonably have been raised earlier in the litigation.").

      Accordingly, the Court **DENIES** Bauer's motion for reconsideration. The Court finds that oral argument is not necessary on this matter and **VACATES** the February 6, 2023 hearing . Fed R. Civ. P. 78; L.R. 7-15.

      **IT IS SO ORDERED.**