Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
  espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
  jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant and Counterclaimant
Lindsey C. Hill

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>Defendant.<br><br>LINDSEY C. HILL,<br><br>Counterclaimant,<br><br>vs. | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>Assigned to: Judge James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**DISCOVERY MATTER: DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS**<br><br>[Notice of Motion for Protective Order and to Quash Subpoenas; Joint Stipulation; and Declaration of Lindsey Hill in Support of Motion]<br><br>Date:            May 24, 2023<br>Time:            10:00 a.m.<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom:            6B |

DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS

1  TREVOR BAUER,

2              Counterdefendant.

3

4

Action Filed: April 25, 2022
Discovery Deadline: June 26, 2023
Pretrial Conference:  January 22, 2024
Trial Date: February 13, 2024

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS

## DECLARATION OF JESSE KAPLAN

I, Jesse A. Kaplan, declare as follows:

1.      I am an attorney at law, licensed to practice in the State of California.  I am a partner of Freedman + Taitelman, LLP ("F+T").  I submit this Declaration in support of Lindsey Hill's Motion for a Protective Order and to Quash, and the positions set forth in the Joint Stipulation regarding same (the "Joint Stipulation").  I have personal knowledge of the facts stated herein and, if called upon to testify, could and would testify competently thereto.

2.      On March 14, 2023, Bauer issued a Subpoena to produce documents to non-party Lisa Decker (the "Decker Subpoena").  The Decker Subpoena originally had an April 13, 2023 return date.  A true and correct copy of the Notice of the Decker Subpoena is attached hereto as **Exhibit 1**.

3.      On March 14, 2023, Bauer issued a Subpoena to produce documents to non-party Marylou Rodgers (the "Rodgers Subpoena").  The Rodgers Subpoena originally had an April 13, 2023 return date.  A true and correct copy of the Notice of the Rodgers Subpoena is attached hereto as **Exhibit 2**.

4.      On March 17, 2023, Bauer issued a Subpoena to produce documents to non-party Padres L.P. (the "Padres Subpoena").  The Padres Subpoena originally had an April 21, 2023 return date.  A true and correct copy of the Notice of the Padres Subpoena is attached hereto as **Exhibit 3**.

5.      On March 24, 2023, my co-counsel at Wesierski & Zurek LLP ("W&Z") sent Bauer's counsel a meet and confer letter pursuant to Local Rule 37-1 requesting their availability for a pre-motion conference concerning contemplated motion practice concerning various subpoenas issued by Bauer, including the Decker and Rodgers Subpoenas. A true and correct copy of that letter is attached hereto as **Exhibit 4**.

6.      On March 31, 2023, my co-counsel at W&Z sent Bauer's counsel a meet and confer letter pursuant to Local Rule 37-1 requesting their availability for a pre-motion conference concerning contemplated motion practice concerning various

1

subpoenas issued by Bauer, including the Padres Subpoena.  A true and correct copy of that letter is attached hereto as **Exhibit 5**.

7.   On April 4, 2023, Bauer's counsel sent a letter addressing some of the subpoenas and related issues.  A true and correct copy of that letter is attached hereto as **Exhibit 6**.

8.   Following the issuance of the Local Rule 37-1 letters, counsel conducted a number of meet and confer telephone calls to try to resolve the discovery disputes concerning the various subpoenas, including the Decker, Rodgers and Padres Subpoenas.[1]   Specifically, those calls occurred on the following dates: March 30, 2023; April 10, 2023; April 11, 2023; and April 13, 2023.

9.   During the meet and confer process, the parties agreed to several extensions of the return dates of the various subpoenas, including the Decker, Rodgers and Padres Subpoenas.  On April 1, 2023, Bauer agreed to extend the return dates on those subpoenas by one week.  A true and correct copy of the e-mail confirming that extension is attached hereto as **Exhibit 7**.  Subsequently, the parties agreed to extend the return dates on the Decker, Rodgers and Padres Subpoenas to April 28, 2023.  True and correct copies of the three e-mails confirming that extension are attached hereto as **Exhibit 8**.

10.   A true and correct copy of Hill's Initial Disclosures in this case are attached hereto as **Exhibit 9**.

11.   A true and correct copy of Hill's Interrogatory Responses in this case are attached hereto as **Exhibit 10**.

/ / /

/ / /

---

[1] Bauer's counsel at Zuckerman Spaeder LLP were located in either New York, New York or Washington D.C.  Hill's counsel were located in Los Angeles County and Orange County, California.

2

1        I declare under penalty of perjury under the laws of the United States of America

2    that the foregoing is true and correct. Executed this 19th day of April, 2022, at Los

3    Angeles, California.

4

5

6    _____

7    Jesse A. Kaplan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE
ORDER AND TO QUASH SUBPOENAS

# EXHIBIT 1

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>                    Plaintiff,<br><br>        v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>                    Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**NOTICE OF SUBPOENA TO LISA DECKER A/K/A LISA JACKSON COMMANDING PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**<br><br>Action Filed: April 25, 2022 |

## NOTICE OF ISSUANCE OF SUBPOENA *DUCES TECUM* TO LISA DECKER A/K/A LISA JACKSON

PLEASE TAKE NOTICE that, pursuant to the Federal Rule of Civil Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned attorneys, intends to serve a Subpoena, in the form attached hereto, on Lisa Decker a/k/a Lisa Jackson on March 14, 2023 or as soon thereafter as service may be effectuated.

Dated:          March 14, 2023          */s/ Blair G. Brown*

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

*Counsel for Plaintiff Trevor Bauer*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of March, 2023, I served a true and correct copy of the foregoing upon the following counsel via electronic mail:

WESIERSKI & ZUREK LLP
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (Bar No. 151990)
Jesse A. Kaplan, Esq. (Bar No. 255059)
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey C. Hill*

/s/ *Blair G. Brown*
Blair G. Brown

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| TREVOR BAUER | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:22-cv-00868-JVS-ADS |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Lisa Decker a/k/a Lisa Jackson
4800 Captain Freeman Pkwy, Apt. 20, Franklin, TN 37064

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Zuckerman Spaeder LLP<br>1800 M Street, N.W., Suite 1000<br>Washington, DC 20036 | Date and Time:<br><br>04/13/2023 9:30 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/14/2023

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/ Blair G. Brown |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Trevor Bauer
_____ , who issues or requests this subpoena, are:

Blair G. Brown, Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, bbrown@zuckerman.com, (202) 778-1800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

## **TO SUBPOENA *DUCES TECUM* TO LISA DECKER**

Pursuant to Federal Rule of Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned counsel, serves this subpoena on Lisa Decker a/k/a Lisa Jackson. No later than April 13, 2023, you are directed to produce the documents, tangible items and electronically stored information to counsel for Mr. Bauer. Tangible items or hard copy documents may be mailed to the following address:

> Blair G. Brown
> Zuckerman Spaeder LLP
> 1800 M Street, N.W., Suite 1000
> Washington, DC 20036
> Tel: (202) 778-1800
> Fax: (202) 882-8106
> bbrown@zuckerman.com

If you wish to produce documents electronically, we request that copies of those documents be emailed to the following counsel for Mr. Bauer:

> Blair G. Brown (bbrown@zuckerman.com)
> Jon R. Fetterolf (jfetterolf@zuckerman.com)
> Nell Z. Peyser (npeyser@zuckerman.com)
> Shawn Holley (sholley@kwikhlaw.com)

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUBPOENA OR YOUR OBLIGATIONS, PLEASE CONTACT NELL PEYSER at npeyser@zuckerman.com or (212) 897-3436.**

## **DEFINITIONS**

1. The terms "you" and "your" shall refer to Lisa Decker.

2. The term "Ms. Hill" shall refer to Lindsey C. Hill.

3. The term "Mr. Bauer" shall refer to Trevor Bauer.

4. The terms "Document" and "Documents" include but are not limited to: correspondence, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, electronic mail, other communications sent or

received; printouts, diary entries and calendars; drafts, tables, compilation tabulations, charts, graphs, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, and other written records or recordings of or relating to any conference, meeting, visit, interview, or telephone conversation; bills, statements, invoices, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other records of payment; financial and statistical data, analyses, surveys and schedules; audio recordings and video recordings and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, and photographs); microfilm and microfiche; disks, computer files, electronically stored information, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing. Every draft or non-identical copy of a document is a separate document as defined herein. A non-identical copy is a document originally identical in all relevant respects to another document, but no longer identical by virtue of any notation, modification, or attachment of any kind. A document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

5.   The phrase "possession, custody, or control" applies to:

      a.   a document in your physical custody;

      b.   a document that you own in whole or in part;

      c.   a document that you have a right by contract, statute, or otherwise to use, inspect, examine, or copy on any terms;

      d.   a document for which you have an understanding (express or implied) that you may use, inspect, examine, or copy on any terms; or

      e.   a document that you have, as a practical matter, the ability to use, inspect, examine, or copy.

4.   The term "Communication" means the receipt or transmittal of

information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically (e.g., including but not limited to, electronic mail, text message, communications and postings via any social media platform or website, or any other data transmission) or otherwise.

5. The term "Legal Proceedings Between Ms. Hill and Mr. Bauer" includes the federal civil action in which this subpoena was issued and the Domestic Violence Restraining Order ("DVRO") proceedings in the Superior Court of California, Los Angeles County.

6. The term "Ms. Hill's Claims Regarding Mr. Bauer" means any allegation made by Ms. Hill of assault, sexual assault, or non-consensual sexual conduct by Mr. Bauer, whether made to a private or public entity, including to friends, counselors, healthcare providers, law enforcement agencies, or courts.

7. The terms "any" and "all" shall each be considered to mean "any and all" as necessary to make these requests inclusive, rather than exclusive.

8. The term "including" shall mean "including but not limited to," or "including without limitation."

9. The term "concerning" shall mean referring to, relating to, discussing, describing, mentioning, noting, studying, reflecting, evaluating, analyzing, summarizing, evidencing, memorializing or being relevant to in any way.

10. The use of the singular form of any word includes the plural and vice versa.

11. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of its scope.

12. "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to bring within the scope of the request documents which might otherwise be construed to be outside its scope.

13.    The term "person" refers to a natural person, firm, association, joint venture, partnership, corporation, limited liability company, and all other forms of legal relationships, unless the context indicates otherwise, and shall be deemed to mean the plural as well as the singular.

14.    The term "social media" shall mean forms of electronic communications, including websites and applications, through which users share information, including messages.   It shall include, but is not limited to, Facebook, Twitter, MySpace, LinkedIn, Instagram, Google+, WhatsApp Messenger, Kik Messenger, Snapchat, Skype, TikTok, Reddit, Tumblr, LinkedIn, and Signal.

## INSTRUCTIONS

**1.    The relevant time period for these requests is the date when you first communicated with Ms. Hill through the present, unless otherwise indicated in a specific document request.**

2.    In responding to these requests, you must produce all documents responsive to the request that are within your possession, custody and control, regardless of the physical location of the documents. This includes, but is not limited to, documents in possession of your employees and agents, as well as responsive, non-privileged documents in the possession of your attorneys.

3.    The fact that a particular request for production provides certain examples of responsive documents that you must produce does not change the fact that other kinds of responsive documents exist, which you must also produce in response to that request.

4.    All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business.

5.    You must produce documents not otherwise responsive to a request if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

6.    Each request shall be deemed continuing so as to require supplemental

responses if you obtain or discover additional documents after the date of your initial production.

7.      Should you seek to assert any privilege or protection in objecting to the production of any record covered by this request, please (a) identify the nature of the privilege or protection that you are claiming, and (b) identify (i) the record type, e.g., letter or memorandum; (ii) the general subject matter of the record; (iii) the date of the record; and (iv) such information as is sufficient to describe the record, including its author and recipients.

8.      Produce all documents known or available to you, whether such documents are in your possession, or in the possession of, or otherwise obtainable, by you, from any person under your control.

9.      Produce electronically stored information, with the original metadata.

10.     The production of any physical documents is to be made by mail to Zuckerman Spaeder LLP (attn: Blair G. Brown), 1800 M Street N.W., Suite 1000, Washington, DC 20036, or at such other location mutually agreed by the parties, on or before **April 13, 2023** or at such time as ordered by the Court or mutually agreed upon.

11.     The production of any electronic documents is to be made to the following individuals: Shawn Holley (sholley@kwikhlaw.com), Blair Brown (bbrown@zuckerman.com), Jon Fetterolf (jfetterolf@zuckerman.com), and Nell Peyser (npeyser@zuckerman.com), on or before **April 13, 2023**, or at such time as ordered by the Court or mutually agreed upon.

12.     **Any questions about your obligations pursuant to this subpoena should be directed to Nell Peyser, who can be reached at npeyser@zuckerman.com or (212) 897-3436.**

## **DOCUMENTS REQUESTED**

1. <u>All Communications with Ms. Hill</u>, concerning:

   a. Mr. Bauer,

   b. Legal Proceedings Between Ms. Hill and Mr. Bauer,

   c. Ms. Hill's Claims Regarding Mr. Bauer,

   d. Ms. Hill's substance abuse,

   e. Ms. Hill's physical condition,

   f. Ms. Hill's mental condition,

   g. Medical evaluations or treatment of Ms. Hill,

   h. Mental health evaluations or treatment of Ms. Hill, and

   i. Substance abuse evaluations or treatment of Ms. Hill.

2. <u>All Communications with Ms. Hill</u>, concerning:

   a. Any subject matter whatsoever from April 21 through April 22, 2021, and

   b. Any subject matter whatsoever from May 15 through May 28, 2021.

3. <u>All Communications with any person</u>, concerning:

   a. Mr. Bauer,

   b. Legal Proceedings Between Ms. Hill and Mr. Bauer, and

   c. Ms. Hill's Claims Regarding Mr. Bauer.

4. <u>All Communications with any attorney advising or representing Ms. Hill or the attorney's agent or employee</u>, concerning:

   a. Legal Proceedings Between Ms. Hill and Mr. Bauer, and

   b. Ms. Hill's Claims Regarding Mr. Bauer.

For this request, Ms. Hill's attorneys include but are not limited to: Niranjan Fred Thiagarajah; Lisa Meyer; Doreen Olson; Marc Garelick; Christopher Wesierski; Michelle Prescott; Eileen Spadoni; Brett Smith; Jesse Kaplan; and Bryan Freedman. Their law firms are: Right Choice Law; Meyer, Olson, Lowy & Meyers, LLP; Wesierski & Zurek LLP; and Freedman + Taitelman, LLP. For avoidance of doubt,

this request includes all Documents, evidence, or Communications you provided to or received from any attorney representing Ms. Hill, or they provided to you.

5.     All Communications with Ms. Hill's medical or mental health providers, concerning Ms. Hill. For this request, Ms. Hill's providers include but are not limited to: physicians, nurses, psychiatrists, social workers, psychologists, substance abuse treatment providers, or other medical professionals.

6.     All Communications with any person employed by or associated with a media entity (including a news, sports, or entertainment website) or public relations firm, concerning:

    a.  Mr. Bauer,

    b.  Legal Proceedings Between Ms. Hill and Mr. Bauer, and

    c.  Ms. Hill's Claims Regarding Mr. Bauer.

7.     All Communications with Ms. Hill's former and current employers concerning Ms. Hill.

8.     All Documents, or tangible items in your possession, concerning:

    a.  Mr. Bauer,

    b.  Legal Proceedings Between Ms. Hill and Mr. Bauer,

    c.  Ms. Hill's Claims Regarding Mr. Bauer,

    d.  Ms. Hill's substance abuse,

    e.  Ms. Hill's physical condition,

    f.  Ms. Hill's mental condition,

    g.  Medical evaluations or treatment of Ms. Hill,

    h.  Mental health evaluations or treatment of Ms. Hill, and

    i.  Substance abuse evaluations or treatment of Ms. Hill.

9.     All photographs of Ms. Hill from May 15, 2021 through July 17, 2021.

10.    All Communications and other Documents, concerning any activities you engaged in or attended with Ms. Hill from May 17, 2021 through July 17, 2021, including but not limited to sporting events, travel, vacations, social gatherings, or

fitness-related activities.

11.   <u>All Communications and other Documents</u>, concerning Ms. Hill's employment, including her employment and departure from Ohana House Sober Living, the San Diego Padres, and Lululemon.

Dated:      March 14, 2023          <u>*/s/ Blair G. Brown*</u>

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

# EXHIBIT 2

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

|  |  |
|---|---|
| TREVOR BAUER,<br><br>               Plaintiff,<br><br>      v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>               Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**NOTICE OF SUBPOENA TO MARYLOU RODGERS COMMANDING PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**<br><br>Action Filed: April 25, 2022 |

1

## NOTICE OF ISSUANCE OF SUBPOENA *DUCES TECUM* TO MARYLOU

## RODGERS

2

3

4     PLEASE TAKE NOTICE that, pursuant to the Federal Rule of Civil Procedure

5 45, Plaintiff Trevor Bauer, by and through his undersigned attorneys, intends to serve

6 a Subpoena, in the form attached hereto, on Marylou Rodgers on March 14, 2023 or

7 as soon thereafter as service may be effectuated.

8

9

10 Dated:      March 14, 2023          */s/ Blair G. Brown*

11                                Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)

12                                ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000

13                                Washington, D.C. 20036
Tel: (202) 778-1800

14                                Fax: (202) 882-8106
bbrown@zuckerman.com

15                                jfetterolf@zuckerman.com

16                                Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP

17                                485 Madison Avenue, 10th Floor
New York, NY 10022

18                                Tel: (212) 704-9600
Fax: (212) 704-4256

19                                npeyser@zuckerman.com

20                                Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)

21                                KINSELLA WEITZMAN ISER KUMP
HOLLEY LLP

22                                11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025

23                                Tel: (310) 566-9800
Fax: (310) 566-9873

24                                sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

25

26

27                                *Counsel for Plaintiff Trevor Bauer*

28

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2023, I served a true and correct copy of the foregoing upon the following counsel via electronic mail:

WESIERSKI & ZUREK LLP
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (Bar No. 151990)
Jesse A. Kaplan, Esq. (Bar No. 255059)
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey C. Hill*

/s/ *Blair G. Brown*
Blair G. Brown

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | | |
|---|---|---|
| TREVOR BAUER | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  8:22-cv-00868-JVS-ADS |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   MaryLou Rodgers
                           4445 Fallsbrae Rd., Fallbrook, CA 92028

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Kinsella Weitzman Iser Kump Holley LLP<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, CA 90025 | Date and Time:<br><br>04/13/2023 9:30 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/14/2023

                    *CLERK OF COURT*
                                             OR
                                                           /s/ Blair G. Brown
_____              _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Trevor Bauer
, who issues or requests this subpoena, are:

Blair G. Brown, Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, bbrown@zuckerman.com, (202) 778-1800;
Shawn Holley, Kinsella Weitzman Iser Kump Holley LLP, 11766 Wilshire Blvd., Suite 750, Los Angeles, CA 90025, sholley@kwikhlaw.com, (310) 566-9800

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

## **TO SUBPOENA *DUCES TECUM* TO MARYLOU RODGERS**

Pursuant to Federal Rule of Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned counsel, serves this subpoena on Marylou Rodgers. No later than April 13, 2023, you are directed to produce the documents, tangible items and electronically stored information to counsel for Mr. Bauer. Tangible items or hard copy documents may be mailed to the following address:

Shawn Holley
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com

If you wish to produce documents electronically, we request that copies of those documents be emailed to the following counsel for Mr. Bauer:

Blair G. Brown (bbrown@zuckerman.com)
Jon R. Fetterolf (jfetterolf@zuckerman.com)
Nell Z. Peyser (npeyser@zuckerman.com)
Shawn Holley (sholley@kwikhlaw.com)

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUBPOENA OR YOUR OBLIGATIONS, PLEASE CONTACT NELL PEYSER at npeyser@zuckerman.com or (212) 897-3436.**

## **DEFINITIONS**

1. The terms "you" and "your" shall refer to Marylou Rodgers.

2. The term "Ms. Hill" shall refer to Lindsey C. Hill.

3. The term "Mr. Bauer" shall refer to Trevor Bauer.

4. The terms "Document" and "Documents" include but are not limited to: correspondence, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, electronic mail, other communications sent or

10

received; printouts, diary entries and calendars; drafts, tables, compilation tabulations, charts, graphs, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, and other written records or recordings of or relating to any conference, meeting, visit, interview, or telephone conversation; bills, statements, invoices, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other records of payment; financial and statistical data, analyses, surveys and schedules; audio recordings and video recordings and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, and photographs); microfilm and microfiche; disks, computer files, electronically stored information, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing. Every draft or non-identical copy of a document is a separate document as defined herein. A non-identical copy is a document originally identical in all relevant respects to another document, but no longer identical by virtue of any notation, modification, or attachment of any kind. A document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

5.  The phrase "possession, custody, or control" applies to:

    a.  a document in your physical custody;

    b.  a document that you own in whole or in part;

    c.  a document that you have a right by contract, statute, or otherwise to use, inspect, examine, or copy on any terms;

    d.  a document for which you have an understanding (express or implied) that you may use, inspect, examine, or copy on any terms; or

    e.  a document that you have, as a practical matter, the ability to use, inspect, examine, or copy.

4.  The term "Communication" means the receipt or transmittal of

information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically (e.g., including but not limited to, electronic mail, text message, communications and postings via any social media platform or website, or any other data transmission) or otherwise.

5.      The term "Legal Proceedings Between Ms. Hill and Mr. Bauer" includes the federal civil action in which this subpoena was issued and the Domestic Violence Restraining Order ("DVRO") proceedings in the Superior Court of California, Los Angeles County.

6.      The term "Ms. Hill's Claims Regarding Mr. Bauer" means any allegation made by Ms. Hill of assault, sexual assault, or non-consensual sexual conduct by Mr. Bauer, whether made to a private or public entity, including to friends, counselors, healthcare providers, law enforcement agencies, or courts.

7.      The terms "any" and "all" shall each be considered to mean "any and all" as necessary to make these requests inclusive, rather than exclusive.

8.      The term "including" shall mean "including but not limited to," or "including without limitation."

9.      The term "concerning" shall mean referring to, relating to, discussing, describing, mentioning, noting, studying, reflecting, evaluating, analyzing, summarizing, evidencing, memorializing or being relevant to in any way.

10.     The use of the singular form of any word includes the plural and vice versa.

11.     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of its scope.

12.     "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to bring within the scope of the request documents which might otherwise be construed to be outside its scope.

Case No. 8:22-cv-00868-JVS-ADS

PLAINTIFF TREVOR BAUER'S SUBPOENA TO MARYLOU RODGERS

13.    The term "person" refers to a natural person, firm, association, joint venture, partnership, corporation, limited liability company, and all other forms of legal relationships, unless the context indicates otherwise, and shall be deemed to mean the plural as well as the singular.

14.    The term "social media" shall mean forms of electronic communications, including websites and applications, through which users share information, including messages. It shall include, but is not limited to, Facebook, Twitter, MySpace, LinkedIn, Instagram, Google+, WhatsApp Messenger, Kik Messenger, Snapchat, Skype, TikTok, Reddit, Tumblr, LinkedIn, and Signal.

## INSTRUCTIONS

**1.    The relevant time period for these requests is the date when you first communicated with Ms. Hill through the present, unless otherwise indicated in a specific document request.**

2.    In responding to these requests, you must produce all documents responsive to the request that are within your possession, custody and control, regardless of the physical location of the documents. This includes, but is not limited to, documents in possession of your employees and agents, as well as responsive, non-privileged documents in the possession of your attorneys.

3.    The fact that a particular request for production provides certain examples of responsive documents that you must produce does not change the fact that other kinds of responsive documents exist, which you must also produce in response to that request.

4.    All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business.

5.    You must produce documents not otherwise responsive to a request if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

6.    Each request shall be deemed continuing so as to require supplemental

responses if you obtain or discover additional documents after the date of your initial production.

7.      Should you seek to assert any privilege or protection in objecting to the production of any record covered by this request, please (a) identify the nature of the privilege or protection that you are claiming, and (b) identify (i) the record type, e.g., letter or memorandum; (ii) the general subject matter of the record; (iii) the date of the record; and (iv) such information as is sufficient to describe the record, including its author and recipients.

8.      Produce all documents known or available to you, whether such documents are in your possession, or in the possession of, or otherwise obtainable, by you, from any person under your control.

9.      Produce electronically stored information, with the original metadata.

10.      The production of any physical documents is to be made at the offices of Kinsella Weitzman Iser Kump Holley LLP (attn: Shawn Holley), 11766 Wilshire Boulevard, Suite 750, Los Angeles, CA 90025, or at such other location mutually agreed by the parties, on or before **April 13, 2023** or at such time as ordered by the Court or mutually agreed upon.

11.      The production of any electronic documents is to be made to the following individuals: Shawn Holley (sholley@kwikhlaw.com), Blair Brown (bbrown@zuckerman.com), Jon Fetterolf (jfetterolf@zuckerman.com), and Nell Peyser (npeyser@zuckerman.com), on or before **April 13, 2023**, or at such time as ordered by the Court or mutually agreed upon.

**12.      Any questions about your obligations pursuant to this subpoena should be directed to Nell Peyser, who can be reached at npeyser@zuckerman.com or (212) 897-3436.**

# **DOCUMENTS REQUESTED**

1. <u>All Communications with Ms. Hill</u>, concerning:

   a. Mr. Bauer,

   b. Legal Proceedings Between Ms. Hill and Mr. Bauer,

   c. Ms. Hill's Claims Regarding Mr. Bauer,

   d. Ms. Hill's substance abuse,

   e. Ms. Hill's physical condition,

   f. Ms. Hill's mental condition,

   g. Medical evaluations or treatment of Ms. Hill,

   h. Mental health evaluations or treatment of Ms. Hill, and

   i. Substance abuse evaluations or treatment of Ms. Hill.

2. <u>All Communications with Ms. Hill</u>, concerning:

   a. Any subject matter whatsoever from April 21 through April 22, 2021, and

   b. Any subject matter whatsoever from May 15 through May 28, 2021.

3. <u>All Communications with any person</u>, concerning:

   a. Mr. Bauer,

   b. Legal Proceedings Between Ms. Hill and Mr. Bauer, and

   c. Ms. Hill's Claims Regarding Mr. Bauer.

4. <u>All Communications with any attorney advising or representing Ms. Hill or the attorney's agent or employee</u>, concerning:

   a. Legal Proceedings Between Ms. Hill and Mr. Bauer, and

   b. Ms. Hill's Claims Regarding Mr. Bauer.

For this request, Ms. Hill's attorneys include but are not limited to: Niranjan Fred Thiagarajah; Lisa Meyer; Doreen Olson; Marc Garelick; Christopher Wesierski; Michelle Prescott; Eileen Spadoni; Brett Smith; Jesse Kaplan; and Bryan Freedman. Their law firms are: Right Choice Law; Meyer, Olson, Lowy & Meyers, LLP; Wesierski & Zurek LLP; and Freedman + Taitelman, LLP. For avoidance of doubt,

this request includes all Documents, evidence, or Communications you provided to or received from any attorney representing Ms. Hill, or they provided to you.

5.    All Communications with Ms. Hill's medical or mental health providers, concerning Ms. Hill. For this request, Ms. Hill's providers include but are not limited to: physicians, nurses, psychiatrists, social workers, psychologists, substance abuse treatment providers, or other medical professionals.

6.    All Communications with any person employed by or associated with a media entity (including a news, sports, or entertainment website) or public relations firm, concerning:

    a.  Mr. Bauer,

    b.  Legal Proceedings Between Ms. Hill and Mr. Bauer, and

    c.  Ms. Hill's Claims Regarding Mr. Bauer.

7.    All Communications with Ms. Hill's former and current employers concerning Ms. Hill.

8.    All Documents, or tangible items in your possession, concerning:

    a.  Mr. Bauer,

    b.  Legal Proceedings Between Ms. Hill and Mr. Bauer,

    c.  Ms. Hill's Claims Regarding Mr. Bauer,

    d.  Ms. Hill's substance abuse,

    e.  Ms. Hill's physical condition,

    f.  Ms. Hill's mental condition,

    g.  Medical evaluations or treatment of Ms. Hill,

    h.  Mental health evaluations or treatment of Ms. Hill, and

    i.  Substance abuse evaluations or treatment of Ms. Hill.

9.    All photographs of Ms. Hill from May 15, 2021 through July 17, 2021.

10.   All Communications and other Documents, concerning any activities you engaged in or attended with Ms. Hill from May 17, 2021 through July 17, 2021, including but not limited to sporting events, travel, vacations, social gatherings, or

1   fitness-related activities.

2       11.   <u>All Communications and other Documents</u>, concerning Ms. Hill's

3   employment, including her employment and departure from Ohana House Sober

4   Living, the San Diego Padres, and Lululemon.

5

6

7   Dated:        March 14, 2023            <u>*/s/ Blair G. Brown*</u>

8                                           Blair G. Brown (admitted *pro hac vice*)
                                            Jon R. Fetterolf (admitted *pro hac vice*)
9                                           ZUCKERMAN SPAEDER LLP
                                            1800 M Street, N.W., Suite 1000
10                                          Washington, D.C. 20036
                                            Tel: (202) 778-1800
11                                          Fax: (202) 882-8106
                                            bbrown@zuckerman.com
12                                          jfetterolf@zuckerman.com

13                                          Nell Peyser (admitted *pro hac vice*)
                                            ZUCKERMAN SPAEDER LLP
14                                          485 Madison Avenue, 10th Floor
                                            New York, NY 10022
15                                          Tel: (212) 704-9600
                                            Fax: (212) 704-4256
16                                          npeyser@zuckerman.com

17                                          Shawn Holley (Cal. Bar No. 136811)
                                            Suann MacIsaac (Cal Bar No. 205659)
18                                          KINSELLA WEITZMAN ISER KUMP
                                            HOLLEY LLP
19                                          11766 Wilshire Boulevard, Suite 750
                                            Los Angeles, CA 90025
20                                          Tel: (310) 566-9800
                                            Fax: (310) 566-9873
21                                          sholley@kwikhlaw.com
                                            smacisaac@kwikhlaw.com

22

23

24

25

26

27

28

# EXHIBIT 3

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**NOTICE OF SUBPOENA TO PADRES L.P. COMMANDING PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**<br><br>Action Filed: April 25, 2022 |

# <u>NOTICE OF ISSUANCE OF SUBPOENA *DUCES TECUM* TO PADRES L.P.</u>

PLEASE TAKE NOTICE that, pursuant to the Federal Rule of Civil Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned attorneys, intends to serve a Subpoena, in the form attached hereto, on Padres L.P. on March 22, 2023, or as soon thereafter as service may be effectuated.

Dated:        March 17, 2023              */s/ Blair G. Brown*

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

*Counsel for Plaintiff Trevor Bauer*

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of March, 2023, I served a true and correct copy of the foregoing upon the following counsel via electronic mail:


WESIERSKI & ZUREK LLP
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (Bar No. 151990)
Jesse A. Kaplan, Esq. (Bar No. 255059)
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey C. Hill*


/s/ *Blair G. Brown*
Blair G. Brown

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| TREVOR BAUER | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  8:22-cv-00868-JVS-ADS |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Padres L.P.
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Zuckerman Spaeder LLP 1800 M Street, N.W., Suite 1000 Washington, DC 20036 | Date and Time: 04/21/2023 9:30 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         03/22/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Blair G. Brown |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Trevor Bauer
_____ , who issues or requests this subpoena, are:

Blair G. Brown, Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, bbrown@zuckerman.com, (202) 778-1800

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

## **TO SUBPOENA *DUCES TECUM* TO PADRES L.P.**

Pursuant to Federal Rule of Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned counsel, serves this subpoena on the Padres L.P. No later than April 21, 2023, you are directed to produce the documents, tangible items and electronically stored information to counsel for Mr. Bauer. Tangible items or hard copy documents may be mailed to the following address:

Blair G. Brown
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com

If you wish to produce documents electronically, we request that copies of those documents be emailed to the following counsel for Mr. Bauer:

Blair G. Brown (bbrown@zuckerman.com)
Jon R. Fetterolf (jfetterolf@zuckerman.com)
Nell Z. Peyser (npeyser@zuckerman.com)
Shawn Holley (sholley@kwikhlaw.com)

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUBPOENA OR YOUR OBLIGATIONS, PLEASE CONTACT NELL PEYSER at npeyser@zuckerman.com or (212) 897-3436.**

## **DEFINITIONS**

1. The terms "you," "your" and the "San Diego Padres" shall refer to the Padres L.P.

2. The term "Pad Squad" shall refer to the San Diego Padres ambassador or entertainment team.

3. The terms "Ms. Hill" shall refer to Lindsey C. Hill.

4. The terms "Document" and "Documents" include but are not limited to:

correspondence, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, electronic mail, other communications sent or received; printouts, diary entries and calendars; drafts, tables, compilation tabulations, charts, graphs, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, and other written records or recordings of or relating to any conference, meeting, visit, interview, or telephone conversation; bills, statements, invoices, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other records of payment; financial and statistical data, analyses, surveys and schedules; audio recordings and video recordings and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, and photographs); microfilm and microfiche; disks, computer files, electronically stored information, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing. Every draft or non-identical copy of a document is a separate document as defined herein. A non-identical copy is a document originally identical in all relevant respects to another document, but no longer identical by virtue of any notation, modification, or attachment of any kind. A document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

5.  The phrase "possession, custody, or control" applies to:

    a.  a document in your physical custody;

    b.  a document that you own in whole or in part;

    c.  a document that you have a right by contract, statute, or otherwise to use, inspect, examine, or copy on any terms;

    d.  a document for which you have an understanding (express or implied) that you may use, inspect, examine, or copy on any terms; or

    e.  a document that you have, as a practical matter, the ability to use, inspect,

examine, or copy.

4.     The term "Communication" means the receipt or transmittal of information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically (e.g., including but not limited to, electronic mail, text message, communications and postings via any social media platform or website, or any other data transmission) or otherwise.

5.     The terms "any" and "all" shall each be considered to mean "any and all" as necessary to make these requests inclusive, rather than exclusive.

6.     The term "including" shall mean "including but not limited to," or "including without limitation."

7.     The term "concerning" shall mean referring to, relating to, discussing, describing, mentioning, noting, studying, reflecting, evaluating, analyzing, summarizing, evidencing, memorializing or being relevant to in any way.

8.     The use of the singular form of any word includes the plural and vice versa.

9.     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of its scope.

10.     "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to bring within the scope of the request documents which might otherwise be construed to be outside its scope.

11.     The term "person" refers to a natural person, firm, association, joint venture, partnership, corporation, limited liability company, and all other forms of legal relationships, unless the context indicates otherwise, and shall be deemed to mean the plural as well as the singular.

## **INSTRUCTIONS**

**1.     The relevant time period for these requests is the date when Ms. Hill first became a member of the Pad Squad or became affiliated with or employed by the San Diego Padres, whichever is earliest, through the present, unless otherwise indicated in a specific document request.**

2.     In responding to these requests, you must produce all documents responsive to the request that are within your possession, custody and control, regardless of the physical location of the documents. This includes, but is not limited to, documents in possession of your employees and agents, as well as responsive, non-privileged documents in the possession of your attorneys.

3.     The fact that a particular request for production provides certain examples of responsive documents that you must produce does not change the fact that other kinds of responsive documents exist, which you must also produce in response to that request.

4.     All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business.

5.     You must produce documents not otherwise responsive to a request if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

6.     Each request shall be deemed continuing so as to require supplemental responses if you obtain or discover additional documents after the date of your initial production.

7.     Should you seek to assert any privilege or protection in objecting to the production of any record covered by this request, please (a) identify the nature of the privilege or protection that you are claiming, and (b) identify (i) the record type, e.g., letter or memorandum; (ii) the general subject matter of the record; (iii) the date of the record; and (iv) such information as is sufficient to describe the record, including its author and recipients.

8.     Produce all documents known or available to you, whether such documents are in your possession, or in the possession of, or otherwise obtainable, by you, from any person under your control.

9.     Produce electronically stored information, with the original metadata.

10.    The production of any physical documents is to be made by mail to Zuckerman Spaeder LLP (attn: Blair G. Brown), 1800 M Street N.W., Suite 1000, Washington, DC 20036, or at such other location mutually agreed by the parties, on or before **April 21, 2023** or at such time as ordered by the Court or mutually agreed upon.

11.    The production of any electronic documents is to be made to the following individuals: Shawn Holley (sholley@kwikhlaw.com), Blair Brown (bbrown@zuckerman.com), Jon Fetterolf (jfetterolf@zuckerman.com), and Nell Peyser (npeyser@zuckerman.com), on or before **April 21, 2023**, or at such time as ordered by the Court or mutually agreed upon.

12.    **Any questions about your obligations pursuant to this subpoena should be directed to Nell Peyser, who can be reached at npeyser@zuckerman.com or (212) 897-3436.**

## **DOCUMENTS REQUESTED**

1.    <u>All Documents, or tangible items in your possession,</u> concerning:

   a.  Ms. Hill;

   b.  Ms. Hill's participation as a member of the Pad Squad;

   c.  Ms. Hill's employment with the San Diego Padres or the Pad Squad;

   d.  Any medical leave or other leave of absence taken by Ms. Hill;

   e.  Any disciplinary investigation into, or action taken against, Ms. Hill in the course of her employment with the San Diego Padres or the Pad Squad;

1         f.  Ms. Hill's departure from the San Diego Padres or the Pad Squad.

2      2.  <u>All Communications with any employee, including Ms. Hill,</u>

3  concerning:

4        a.  Any medical leave or other leave of absence taken by Ms. Hill;

5        b.  Any disciplinary investigation into, or action against, Ms. Hill in the

6          course of her employment with the San Diego Padres or the Pad Squad;

7        c.  Ms. Hill's departure from the San Diego Padres or the Pad Squad.

8      3.  <u>All Communications with Ms. Hill's former and current employers</u>

9  concerning Ms. Hill.

10

11  Dated:      March 22, 2023          <u>*/s/ Blair G. Brown*</u>

12                      Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)

13                      ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000

14                      Washington, D.C. 20036
Tel: (202) 778-1800

15                      Fax: (202) 882-8106
bbrown@zuckerman.com

16                      jfetterolf@zuckerman.com

17                      Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP

18                      485 Madison Avenue, 10th Floor
New York, NY 10022

19                      Tel: (212) 704-9600
Fax: (212) 704-4256

20                      npeyser@zuckerman.com

21                      Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)

22                      KINSELLA WEITZMAN ISER KUMP
HOLLEY LLP

23                      11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025

24                      Tel: (310) 566-9800
Fax: (310) 566-9873

25                      sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

26

27

28

# EXHIBIT 4

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
THOMAS B. CUMMINGS†
LISA J. McMAINS†

LYNNE RASMUSSEN
SHERAL A. HYDE
KRISTEN R. RODRIGUEZ
CINDY A. SHAPIRO
CLAUDIA MOURAD
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
LAYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
CLAUDIA V. TINTA ROCA
GREGORY S. MILLER
CINDY L. MIJANGOS

† AMERICAN BOARD OF TRIAL
ADVOCATES (ABOTA)

ALSO ADMITTED IN
*CONNECTICUT

# WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975·1000
FACSIMILE (949) 756·0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627·2300
FACSIMILE (213) 629·2725

SENDER'S E·MAIL:
MPRESCOTT@WZLLP.COM

March 24, 2023

<u>**VIA ELECTRONIC MAIL ONLY**</u>

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
E-Mail: sholley@kwikhlaw.com ;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washington, D.C 20036
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com;
NPeyser@Zuckerman.com

    Re:   <u>Bauer v. Hill</u>
           Date of Loss:   2/8/2022
           Our File No.:   MER-5137

Dear Counsel:

In compliance with LR 7-3 and the applicable federal rules, we write to meet and confer regarding Defendant Lindsey C. Hill's intention to move to quash, object to, and/or more narrowly-tailor the document production requests propounded upon **Lafael Justin Veasau, Lisa Decker, Kyle Erikson, Olivia Finestead, Ciramely Maya, Anthony Prince, Marylou Rodgers, Frank Tortorigi, Bryan Freedman, Derek Dawson,** and **Richard Hill** included within the Notices of Subpoena Commanding Production of Documents [the "Subpoenas"] anticipated to be served upon the various parties, and produced to our office, between March 14, 2023 and March 17, 2023. As served, the document requests are overbroad and thus violative of the Ms. Hill's privacy rights.

The subpoena requesting "all communications" and/or "all documents" pertaining to Ms. Hill are not properly limited in scope and thus inadequately suited to records related to the instant case. These records may contain private, irrelevant, and/or protected information of the Defendant. Further, the outlined subpoena requests are so broad, and unlimited as to time

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 24, 2023
Page 2

and scope that they threaten an unreasonable, and unwarranted, risk of annoyance and/or embarrassment further victimizing Ms. Hill.

We believe the Requests for Production found within the Notices of Subpoena, particularly Nos. **1**(b, d-i); **2-5**; **8**(d-i), and; **9-11**, inappropriately jeopardize Ms. Hill's rights for the following reasons:

**The Document Requests Are <u>OVERBROAD, VAGUE, AND AMBIGUOUS</u>.**

A document request "is sufficient if the documents or things to be produced are of a category described with 'reasonable particularity' in the request". *FRCP* 34(b)(1)(A); *SEC v. American Beryllium & Oil Corp.* (SD NY 1968) 47 FRD 66, 68. Thus, requests for "all financial records" or "all correspondence" or "all documents relating to liability" may be objectionable for inadequate description. [As] they embrace too many subcategories to have much meaning. *Regan-Touhy v. Walgreen Co.*, (10th Cir. 2008) 526 F3d 641, 649-650. Here, for example, amid other overbroad subcategories, in Document Request No. 8, Plaintiff has requested "All documents, or tangible things in your possession, concerning:…(e) Ms. Hill's physical condition"[1].

Although the terms "by category" and "reasonable particularity" are not defined in the Rule, the apparent test is whether a respondent of average intelligence would know what items to produce. *Id*.; *In re Folding Carton Antitrust Litig*. (ND IL 1977) 76 FRD 420, 424; *Kidwiler v. Progressive Paloverde Ins. Co.* (ND WV 2000) 192 FRD 193, 202. Each of the production requests identified above propose similarly overbroad categorizations, untethered to any specified time-period, or otherwise related to Ms. Hill's encounters with Plaintiff. Further, as phrased, it is unclear what may even qualify as descriptive of Ms. Hill's physical condition: could a plane ticket? a high school graduation ring? a borrowed t-shirt? These items all may qualify under Document Request 8(e) as phrased, since they each document some *condition* of Ms. Hill's body, at some point in time, yet are obviously irrelevant to the matter at hand.

---

[1] The broad subcategories of "mental condition" and "mental health evaluation" are similarly indefinite.

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 24, 2023
Page 3

To this end, please consider narrowing the scope of the subpoenas' document requests in accordance with California and Federal law. Our office is certainly willing and available to help define an acceptable scope for the above-identified document requests. We believe that all parties will benefit through establishing appropriate targets for the subpoenaed third-parties, which will in turn promote compliance. It is also our belief that the use of vague and ambiguous categorizations will produce an opposite effect.

Finally, as was contemplated in the initial Case Management Conference between all parties, any documents produced by third-parties regarding the condition of Ms. Hill and the events underlying this suit should be considered produced pursuant to, and covered by, the applicable Protective Order.

**The Document Requests Lack <u>RELEVANCE</u>.**

Unless they become more appropriately tailored to the needs of this case, the identified Requests for Production command disclosure of irrelevant information from third parties. Here, Plaintiff cannot demonstrate a particularized need for the vast majority of the requested documents, records, or communications it seeks via subpoena.

In *People v. Cohen*, 12 Cal.App.3d 298, 90 Cal.Rptr. 612 (Cal.App. 2 Dist. Oct 26, 1970), a defendants' subpoena was denied which sought production of, "[a]ll books, records, documents and files"…"all drafts or checks issued by adjuster" within a specified period. The requests were regarded as overbroad and called for matter on which no showing of relevancy had been made. Here, Plaintiff has also not established the relevance of its expansive document requests. For example, of what relevance are "Communications with Ms. Hill, concerning: (d) Ms. Hill's substance abuse", if the communications are entirely unrelated to the encounters between Plaintiff and Ms. Hill? As phrased, document request 1(d) compels irrelevant information, at the expense of a non-party's time and effort devoted to collection.

As contemplated in the initial Case Management Conference between all parties, any documents produced by third-parties regarding the condition or communications of

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 24, 2023
Page 4


Ms. Hill, and the events underlying this suit, should be considered produced
pursuant to, and covered by, the applicable Protective Order.

**The Document Requests Seek to Invade Ms. Hill's <u>PRIVACY</u>.**

Plaintiff has not demonstrated the requisite "good cause" to invade Ms. Hill's personal
privacy rights via third-party subpoena.

In *Snibbe v. Superior Court*, the court identified that "absent a showing of a serious intrusion
into patient privacy, there is no need to balance constitutional privacy interests against the
need for discovery". (2014) 224 Cal. App. 4th 184, 196. Plaintiff's document requests from
third-parties to this matter plainly threaten such a "serious intrusion" upon Ms. Hill as to
warrant examination of her privacy interests against the need for the requested discovery.
For "[w]hen compelled disclosure intrudes on constitutionally protected areas, it cannot be
justified solely on the ground that it may lead to relevant information." *Morales v. Superior
Court*, (1979) 99 Cal.App.3d 283, 289; see also *Shelton v. Tucker* (1960) 364 U.S. 479,
483-485.

In *Shepherd v. Superior Court*, to determine whether good cause existed, the factors
considered by the court included the following categories: (1) the plaintiff's need ... in
order to effectively interview witnesses and prepare her case; (2) adverse effects which
might result from such use of photographs, and; (3) possible alternative methods of
procedure. (1976) 550 P.2d 161, 167 at footnote 4. Here, document request No. 5 seeks,
"All communications with Ms. Hill's 'medical or mental health providers' concerning Ms.
Hill", which reads as an attempt to compel unflattering or embarrassing information about
Ms. Hill, regardless of that materials' relationship to subject-matter within this case.

Further, given Plaintiff's history of "leaking" confidential material online **<u>within this very
case</u>**, Ms. Hill's private medical records and related communications must be safeguarded
adeptly. Counsel is capable of interviewing witnesses and preparing Plaintiff's case without
access to, for example, Ms. Hill's medical records which pre-date her first meeting Plaintiff
online. As phrased in the subpoenas, Plaintiff now seeks for third-parties to divulge Ms.
Hill's private information, rather than through accurately-tailored requests to the medical
providers and/or facilities used in the aftermath of the parties' physical encounters. A further

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 24, 2023
Page 5

violation of Ms. Hill's rights is an unacceptable alternative method to obtain the desired
and/or relevant treatment information. Absent amendment, the identified document
requests intrude upon Ms. Hill's constitutionally protected rights to privacy without
providing adequate justification.

Once again, as contemplated in the initial Case Management Conference between all
parties, any documents comprising private medical, treatment, or counseling
information of Ms. Hill and the events underlying this suit should be produced
pursuant to, and covered by, the applicable Protective Order.

**The Production Requests Seek Ms. Hill's <u>PRIVATE INFORMATION
FROM THIRD PARTIES</u>**

In *City of Los Angeles v. Superior Court In and For Los Angeles County*, the Court
articulated that discovery relates to "relevant to subject matter" and includes "only
those documents or photographs in possession, custody, or control of [a] party".
(1961) 196 Cal.App.2d 743, 747. Property is deemed within a party's "possession,
custody, or control" if the party has actual possession, custody, or control thereof, or
the legal right to obtain the property on demand. *In re Bankers Trust Co.* (6th Cir.
1995) 61 F3d 465, 469; *Starlight Int'l Inc. v. Herlihy* (D KS 1999) 186 FRD 626,
635; *McKesson Corp. v. Islamic Republic of Iran* (D DC 1999) 185 FRD 70, 77. A
party seeking to compel inspection typically bears the burden of establishing a
responding party's control over property in question through a principal-agent
relationship or otherwise. A legal right to obtain documents on demand constitutes
"control" for purposes of FRCP 34(a)(1). *United States v. International Union of
Petroleum & Industrial Workers, AFL-CIO* (9th Cir. 1989) 870 F2d 1450, 1452. A
party who by statute or contract has the exclusive right to command release of
property held by another may be deemed in "control" thereof and ordered to
produce the property in response to a FRCP 34 request. In *re Legato Systems, Inc.
Secur. Litig.* (ND CA 2001) 204 FRD 167, 170[2]. In this matter however, none of
the subpoenaed individual third-parties are alleged to have any express, written, or

---

[2] In this case, a party had "control" of the transcript of his deposition in other proceedings because he had
statutory right to obtain a copy of his prior testimony.

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 24, 2023
Page 6

implied agreement granting them a legal right to access Ms. Hill's medical records, treatment history, and/or employment information. Thus, document requests such as those in No. 11, seeking "All Communications and other Documents concerning Ms. Hill's employment and departure" from her various jobs are inappropriate.

It is irrelevant that any one of the subpoenaed parties may have incidental access to such documents. In *Pacific Auto. Ins. Co. v. Superior Court for Santa Barbara County*, the county's subpoena seeking request for "all correspondence, records and documents" was refused as overbroad because it made no attempt to specify particular documents, records, or contents. (1969) 273 Cal.App.2d 61. In the absence of an additional showing of need and/or the requisite specificity, the County was not entitled to discovery of all correspondence or reports and documents gathered by the third-party investigator. Similarly, in *Calcor Space Facility, Inc. v. Superior Court*, despite providing a detailed description of categories, and pages of "definitions" and "instructions", a subcontractor's request for production of categories of documents from a nonparty-competitor was not made with reasonable particularity as to justify disclosure of private/confidential material. (1997) 53 Cal.App.4th 216. Document request No. 4 attempts a similar end-run around the attorney-client and/or work product privileges without adequate justification. We request the ability to preview any such communications responsive to this request, that they may be reviewed, and/or redacted if necessary, in order to preserve the appliable privacy interests and privileges at stake.

Without amendment which attempts to more closely adhere to the subpoenaed third-parties' legal rights of possession, custody, or control, the identified document requests intrude upon Ms. Hill's constitutionally protected rights, without supplying adequate justification.

## CONCLUSION

Defendant requests that these subpoenas be reconfigured or Ms. Hill will be forced to file a Motion to Quash each of the inappropriate subpoena requests and seek sanctions to the full extent of the law. Defendant recommends that more narrowly-tailored

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 24, 2023
Page 7

requests to the identified parties be issued, confining production to materials relevant and proportionate to the accompanying legal actions.

Further, the subpoenas issued by your office must limit the documents demanded in time and scope per the Defendant's rights. Our office remains open to working this out informally. Please narrow the scope of this subpoena in accordance with well-settled California and federal law.

To this end, in order to conform to the original return date of the subpoena, we humbly request a telephonic or other written response be issued to this Meet and Confer letter within seven (7) days, on or by **March 31, 2023**.

In the alternative, should this abridged schedule be unacceptable, we request that you extend the responsive date upon the subpoena by two weeks, from **April 13, 2023 to April 27, 2023**, which will adhere to LR 37-1.

Should neither option be acceptable, our office will have no choice but to file a Motion to Quash and or Protective Order. I am happy to allow more time for us to resolve this dispute, provided you instruct the third-parties to stay the production date of the subpoena, and copy our office with said correspondence. Please call or email me to discuss any questions or concerns.

Very truly yours,

WESIERSKI & ZUREK LLP

Michelle R. Prescott

MP:BAS
cc:     Jesse Kaplan, Esq.

I1817938-1 MER-5137

# EXHIBIT 5

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
THOMAS B. CUMMINGS†
LISA J. McMAINS†

LYNNE RASMUSSEN
SHERAL A. HYDE
KRISTEN R. RODRIGUEZ
CINDY A. SHAPIRO
CLAUDIA MOURAD
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
LAYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
CLAUDIA V. TINTA ROCA
GREGORY S. MILLER
CINDY L. MIJANGOS

# WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975-1000
FACSIMILE (949) 756-0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627-2300
FACSIMILE (213) 629-2725

SENDER'S E-MAIL:
MPRESCOTT@WZLLP.COM

† AMERICAN BOARD OF TRIAL
ADVOCATES (ABOTA)

ALSO ADMITTED IN
*CONNECTICUT

March 31, 2023

**<u>VIA ELECTRONIC MAIL ONLY</u>**

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA  90025
E-Mail: sholley@kwikhlaw.com ;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washington, D.C  20036
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com;
NPeyser@Zuckerman.com

Re:   <u>Bauer v. Hill</u>
Date of Loss:   2/8/2022
Our File No.:   MER-5137

Dear Counsel:

In compliance with LR 7-3 and the applicable federal rules, we write to meet and confer regarding Defendant Lindsey C. Hill's intention to move to quash, object to, and/or more narrowly-tailor the document production requests propounded upon Ms. Hill's *former employers*: **Padres LP**; **Ohana Recovery Residence**, and; **Lululemon**, in addition those requests directed to *medical treatment facilities*: **San Diego Center for Trauma and Recovery**; **Palomar Medical Center**; **American Family Urgent Care**; **Alvarado Hospital Medical Center**, and; **Scripps Health**, included within the Notices of Subpoena Commanding Production of Documents [the "Subpoenas"] served upon the various parties, and produced to our office on March 17, 2023. As served, the document requests are overbroad and thus violative of the Ms. Hill's privacy rights.

The subpoena requesting "all communications" and/or "all documents" pertaining to Ms. Hill are not properly limited in scope and therefore inadequately suited to records related to the instant case. These records may contain private, irrelevant, and/or protected information of the Defendant. Further, the outlined subpoena requests are so broad, and unlimited as to time

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 31, 2023
Page 2

and scope that they threaten an unreasonable, and unwarranted, risk of annoyance and/or embarrassment further victimizing Ms. Hill.

We believe the identified Requests for Production found within the Notices of Subpoena to Ms. Hill's *former employers*, particularly: **Padres, LP** Nos. **1-3**; **Ohana Recovery Residence** Nos. **1-4**;, and; **Lululemon** Nos. **1-3**, infringe upon Ms. Hill's rights. We also believe that the identified Requests for Production found within the Notices of Subpoena to Ms. Hill's *medical treatment facilities*, particularly: **San Diego Center for Trauma and Recovery** Nos. **1-6**; **Palomar Medical Center** Nos. **1, 7-10**; **American Family Urgent Care** Nos. **1-2, 6-9**; **Alvarado Hospital Medical Center** Nos. **1-2, 6-9**, and; **Scripps Health** Nos. **1, 6-9**, also inappropriately jeopardize Ms. Hill's rights for the following reasons:

**The Document Requests Are <u>OVERBROAD, VAGUE, AND AMBIGUOUS</u>.**

A document request "is sufficient if the documents or things to be produced are of a category described with 'reasonable particularity' in the request". *FRCP* 34(b)(1)(A); *SEC v. American Beryllium & Oil Corp.* (SD NY 1968) 47 FRD 66, 68. Thus, requests for "all financial records" or "all correspondence" or "all documents relating to liability" may be objectionable for inadequate description. [As] they embrace too many subcategories to have much meaning. *Regan-Touhy v. Walgreen Co.*, (10th Cir. 2008) 526 F3d 641, 649-650. Here, for example, amid other overbroad subcategories, in Document Request No. 1(c) to Padres, LP, Plaintiff has requested "All documents, or tangible things in your possession, concerning:…(c) Ms. Hill's employment with the San Diego Padres or the Pad Squad".

Although the terms "by category" and "reasonable particularity" are not defined in the Rule, the apparent test is whether a respondent of average intelligence would know what items to produce. *Id*.; *In re Folding Carton Antitrust Litig*. (ND IL 1977) 76 FRD 420, 424; *Kidwiler v. Progressive Paloverde Ins. Co.* (ND WV 2000) 192 FRD 193, 202. Each of the production requests identified above propose similarly overbroad categorizations, untethered to any specified time-period, or otherwise related to Ms. Hill's encounters with, or allegations against, Plaintiff. Further, although Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. "Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, *3 (S.D. Fla. Dec. 10, 2007)(citing Chamberlain v. Farmington

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 31, 2023
Page 3

Savings Bank, 2007 WL 2786421, at *1 (D. Conn. Sept. 5, 2007)("It is well settled that the
scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26.")); 
see also Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1)(the 1970
amendments "make it clear that the scope of discovery through a subpoena is the same as that
applicable to Rule 34 and other discovery rules."); 9A Charles A. Wright and Arthur R.
Miller, Federal Practice and Procedure, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates
the provisions of Rules 26(b) and 34).

A subpoena may be quashed where it is abusive, or its purpose or intent is harassment or
improper discovery tactics. *Mattel, Inc. v. Walking Mountain Productions,* (9th Cir. 2003) 353
F.3d 792, 813-814 (subpoena was way too broad for the explanation given ... abusively
drawn" with "[n]o attempt... to try to tailor the information request to the immediate needs
of the case."). Here, in its subpoena to San Diego Center for Trauma and Recovery No. 1,
plaintiff issues the following blanket request for: "All Documents, or tangible items in your
possession, concerning any medical, psychological, emotional, or other treatment or services
rendered to Lindsey C. Hill... including, but not limited to all medical records, doctor's notes,
charts, treatment summaries, scheduling notes, and referrals".

To this end, please consider narrowing the scope of the subpoenas' document requests in
accordance with California and Federal law. Our office is certainly willing and available to
help define an acceptable scope for the above-identified document requests. We believe that
all parties will benefit through establishing appropriate targets for the subpoenaed third-
parties, which will in turn promote compliance. It is also our belief that the use of vague and
ambiguous categorizations will produce an opposite effect.

Finally, as was contemplated in the initial Case Management Conference between all parties,
any documents produced by third-parties regarding the condition of Ms. Hill and the events
underlying this suit should be considered produced pursuant to, and covered by, the
applicable Protective Order.

**The Document Requests Lack <u>RELEVANCE</u>.**

Unless they become more appropriately tailored to the needs of this case, the identified
Requests for Production command disclosure of irrelevant information from third parties.

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 31, 2023
Page 4

Here, Plaintiff cannot demonstrate a particularized need for the vast majority of the requested documents, records, or communications it seeks via subpoena.

In *People v. Cohen*, 12 Cal.App.3d 298, 90 Cal.Rptr. 612 (Cal.App. 2 Dist. Oct 26, 1970), a defendants' subpoena was denied which sought production of, "[a]ll books, records, documents and files"…"all drafts or checks issued by adjuster" within a specified period. The requests were regarded as overbroad and called for matter on which no showing of relevancy had been made. Here, Plaintiff has also not established the relevance of its expansive document requests. For example, of what relevance are "All Communications with Ms. Hill's former and current employers concerning Ms. Hill", or "All communications with Ms. Hill", if the communications are entirely unrelated to the encounters between Plaintiff and Ms. Hill? As phrased, the document request to Ohana Recovery Residences No. 3, and to Palomar Medical Center No. 8, compel irrelevant information at the expense of a non-party's time and effort devoted to collection. Further, the public policy in favor of the privacy of personnel files has further led courts to conclude that a showing of compelling need and clear relevance is required for discovery. *Matter of Hawaii Corp.*, (D. HI 1980) 88 FRD 518, 524; *Miller v. Federal Express Corp.*, (W.D. Tenn 1999) 186 FRD 376, 384 (compelling showing of relevance required).

As contemplated in the initial Case Management Conference between all parties, any documents produced by third-parties regarding the condition or communications of Ms. Hill, and the events underlying this suit, should be considered produced pursuant to, and covered by, the applicable Protective Order.

**The Document Requests Seek to Invade Ms. Hill's <u>PRIVACY</u>.**

Plaintiff has not demonstrated the requisite "good cause" to invade Ms. Hill's privacy rights via third-party subpoena.

In *Snibbe v. Superior Court*, the court identified that "absent a showing of a serious intrusion into patient privacy, there is no need to balance constitutional privacy interests against the need for discovery". (2014) 224 Cal. App. 4th 184, 196. Plaintiff's document requests from third-party former employers plainly threaten such a "serious intrusion" upon Ms. Hill as to warrant examination of her privacy interests against the need for the requested discovery. For

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 31, 2023
Page 5

"[w]hen compelled disclosure intrudes on constitutionally protected areas, it cannot be justified solely on the ground that it may lead to relevant information." *Morales v. Superior Court*, (1979) 99 Cal.App.3d 283, 289; see also *Shelton v. Tucker* (1960) 364 U.S. 479, 483-485.

In *Shepherd v. Superior Court*, to determine whether good cause existed, the factors considered by the court included the following categories: (1) the plaintiff's need … in order to effectively interview witnesses and prepare her case; (2) adverse effects which might result from such use of photographs, and; (3) possible alternative methods of procedure. (1976) 550 P.2d 161, 167 at fn. 4. Here, document request No. 1(a) to Lululemon seeks, "All Documents, or tangible items in your possession, concerning: (a) Ms. Hill", which reads as an attempt to compel unflattering or embarrassing information about Ms. Hill, regardless of that materials' relationship to subject-matter within this case. Request No. 1 within plaintiff's subpoena to Palomar Medical Center attempts similar unjustified intrusion into Ms. Hill's right of privacy.

Further, given Plaintiff's history of "leaking" confidential material online **within this very case**, Ms. Hill's private employment records and related communications must be safeguarded adeptly. Counsel is capable of interviewing witnesses and preparing Plaintiff's case without access to, for example, Ms. Hill's employment records which pre-date her first meeting Plaintiff online. As phrased in the subpoenas, Plaintiff now seeks for third-parties to divulge Ms. Hill's private or personnel information, rather than through accurately-tailored requests to her employers to examine the aftermath of the parties' physical encounters. A further violation of Ms. Hill's rights is an unacceptable alternative method to obtain the desired and/or relevant information. Absent amendment, the identified document requests intrude upon Ms. Hill's constitutionally protected rights to privacy without providing adequate justification.

Once again, as contemplated in the initial Case Management Conference between all parties, any documents comprising private medical, treatment, or counseling information of Ms. Hill and the events underlying this suit should be produced pursuant to, and covered by, the applicable Protective Order.

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 31, 2023
Page 6

**The Production Requests Seek Ms. Hill's <u>PRIVATE INFORMATION FROM THIRD PARTIES</u>**

In *City of Los Angeles v. Superior Court In and For Los Angeles County*, the Court articulated that discovery relates to "relevant to subject matter" and includes "only those documents or photographs in possession, custody, or control of [a] party". (1961) 196 Cal.App.2d 743, 747. Property is deemed within a party's "possession, custody, or control" if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand. *In re Bankers Trust Co.* (6th Cir. 1995) 61 F3d 465, 469; *Starlight Int'l Inc. v. Herlihy* (D KS 1999) 186 FRD 626, 635; *McKesson Corp. v. Islamic Republic of Iran* (D DC 1999) 185 FRD 70, 77. A party seeking to compel inspection typically bears the burden of establishing a responding party's control over property in question through a principal-agent relationship or otherwise. A legal right to obtain documents on demand constitutes "control" for purposes of FRCP 34(a)(1). *United States v. International Union of Petroleum & Industrial Workers, AFL-CIO* (9th Cir. 1989) 870 F2d 1450, 1452. A party who by statute or contract has the exclusive right to command release of property held by another may be deemed in "control" thereof and ordered to produce the property in response to a FRCP 34 request. In *re Legato Systems, Inc. Secur. Litig.* (ND CA 2001) 204 FRD 167, 170[1]. In this matter however, none of the subpoenaed employer third-parties are alleged to have any express, written, or implied agreement granting them an unlimited legal right to access Ms. Hill's employment information. Thus, document requests such as those posed to Padres, LP in No. 3, seeking "All Communications with Ms. Hill's former and current employers concerning Ms. Hill", or those posed to American Family Urgent Care in request No. 8, seeking, "All communications between you and any persons concerning Ms. Hill" are inappropriate

It is irrelevant that any one of the subpoenaed parties may have incidental access to such documents. In *Pacific Auto. Ins. Co. v. Superior Court for Santa Barbara County*, the county's subpoena seeking request for "all correspondence, records and documents" was refused as overbroad because it made no attempt to specify particular documents, records, or contents. (1969) 273 Cal.App.2d 61. In the absence of an additional showing of need and/or the requisite specificity, the County was not entitled to discovery of all correspondence or reports

---

[1] In this case, a party had "control" of the transcript of his deposition in other proceedings because he had statutory right to obtain a copy of his prior testimony.

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 31, 2023
Page 7

and documents gathered by the third-party investigator. Similarly, in *Calcor Space Facility, Inc. v. Superior Court*, despite providing a detailed description of categories, and pages of "definitions" and "instructions", a subcontractor's request for production of categories of documents from a nonparty-competitor was not made with reasonable particularity as to justify disclosure of private/confidential material. (1997) 53 Cal.App.4th 216. We request the ability to preview any such communications responsive to this request, that they may be reviewed, and/or redacted if necessary, in order to preserve the appliable privacy interests and privileges at stake.

Without amendment which attempts to more closely adhere to the subpoenaed third-parties' legal rights of possession, custody, or control, the identified document requests intrude upon Ms. Hill's constitutionally protected rights, without supplying adequate justification.

## CONCLUSION

Defendant requests that these subpoenas be reconfigured or Ms. Hill will be forced to file a Motion to Quash each of the inappropriate subpoena requests and seek sanctions to the full extent of the law. Defendant recommends that more narrowly-tailored requests to the identified parties be issued, confining production to materials relevant and proportionate to the accompanying legal actions.

Further, the subpoenas issued by your office must limit the documents demanded in time and scope per the Defendant's rights. Our office remains open to working this out informally. Please narrow the scope of this subpoena in accordance with well-settled California and federal law.

To this end, in order to conform to the original return date of the subpoena, we humbly request a telephonic or other written response be issued to this Meet and Confer letter within seven (7) days, on or by **April 7, 2023**.

In the alternative, should this abridged schedule be unacceptable, we request that you extend the responsive date upon the subpoena by two weeks, from **April 21, 2023 to May 5, 2023**, which will adhere to LR 37-1.

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
March 31, 2023
Page 8


Should neither option be acceptable, our office will have no choice but to file a Motion
to Quash and or Protective Order. I am happy to allow more time for us to resolve this
dispute, provided you instruct the third-parties to stay the production date of the
subpoena, and copy our office with said correspondence. Please call or email me to
discuss any questions or concerns.

Very truly yours,

WESIERSKI & ZUREK LLP

Brett A. Smith

MP:BAS
cc:      Jesse Kaplan, Esq.

# EXHIBIT 6



Blair G. Brown
PARTNER
Zuckerman Spaeder LLP
bbrown@zuckerman.com
(202) 778-1829

April 4, 2023

**VIA E-MAIL ONLY**

Michelle Prescott
Eileen Spadoni
Brett Smith
WESIERSKI & ZUREK LLP
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com
29 Orchard Road
Lake Forest, CA 92630

Jesse Kaplan
FREEDMAN + TAITELMAN LLP
jkaplan@ftllp.com
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

     Re:    *Bauer v. Hill*, 8:22-cv-00868-JVS-ADS

Dear Counsel:

     I write in follow-up to your March 24, 2023 letter and the parties' subsequent March 30, 2023 meet and confer regarding the third-party subpoenas commanding the production of documents that Mr. Bauer has served on Lafael Justin Veasau, Lisa Decker, Kyle Erikson, Olivia Finestead, Ciramely Maya, Anthony Prince, Marylou Rodgers, Frank Tortorigi, Derek Dawson, and Richard Hill (the "Subpoenas").

     Our position is that the Subpoenas are proper as currently drafted and that Ms. Hill's objections are meritless. However, due to our desire to work cooperatively and avoid the need to burden the Court, Mr. Bauer agrees to narrow certain requests as further explained herein.

     As an initial matter, during the meet and confer, we explained that the law is crystal clear that "a party has no standing to quash a subpoena served upon a third party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012); *see also Jiae Lee v. Dong Yeoun Lee*, 2020 WL 7890868, at *3 (C.D. Cal. Oct. 1, 2020); *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). Thus, Ms. Hill has no standing to maintain any of her objections except those as to privilege and privacy. Please let us know if you disagree and on what basis.

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
APRIL 4, 2023
PAGE 2

Below please find Mr. Bauer's position on each of the requests to which Ms. Hill has objected.

**Request No. 1(b)** asks for "All communications with Ms. Hill, concerning: Legal Proceedings Between Ms. Hill and Mr. Bauer." We understand from our meet and confer that, upon clarification that the term "Legal Proceedings Between Ms. Hill and Mr. Bauer" is indeed defined in the Subpoenas, Ms. Hill agrees to withdraw her objections to this request.

**Request No. 1(d-i)** asks for "All communications with Ms. Hill, concerning: (d) Ms. Hill's substance abuse; (e) Ms. Hill's physical condition; (f) Ms. Hill's mental condition; (g) medical evaluations or treatment of Ms. Hill; (h) mental health evaluations or treatment of Ms. Hill; (i) substance use evaluations or treatment of Ms. Hill." Relatedly, **Request No. 8(d-i)** asks for "All Documents or tangible items in your possession, concerning: (d) Ms. Hill's substance abuse; (e) Ms. Hill's physical condition; (f) Ms. Hill's mental condition; (g) medical evaluations or treatment of Ms. Hill; (h) mental health evaluations or treatment of Ms. Hill; (i) substance use evaluations or treatment of Ms. Hill."

During the meet and confer, you explained that your objection to these requests is primarily based on Ms. Hill's privacy interests.[1] While we are sensitive to the privacy interests associated with medical health and mental health information, these requests are proper because Ms. Hill has put her medical health and mental health squarely at issue. In her counterclaim, Ms. Hill alleges that: "As a direct and/or proximate result of Bauer's battery/sexual battery as alleged hereinabove, Hill has suffered **physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety,** all in an amount exceeding the jurisdictional minimum of this Court according to proof at trial." Counterclaim ¶¶ 44, 54 (emphasis added). Given Ms. Hill's allegations that Mr. Bauer caused these injuries, Mr. Bauer is entitled to discover information regarding Ms. Hill's medical health and mental health from both before and after the April/May 2021 encounters to defend himself against those allegations. Ms. Hill's right to privacy

---

[1] You also asserted a privilege objection, but we still do not understand what privilege could possibly be implicated as to these requests. You explained this objection was solely intended to protect Ms. Hill in case she accidentally forwarded a privileged document to one of these third parties. This is not a reasonable ground on which to move to quash the Subpoenas as to these requests. There is no reason to believe that Ms. Hill accidentally forwarded a privileged document to a third-party, and absent any specific basis for your concerns, the risk of this is remote. With that said, if Ms. Hill had truly accidentally forwarded a privileged document to one of these third parties and immediately thereafter asked them to refrain from reading it and/or to destroy it, we would of course be reasonable with any request to claw back such document in the unlikely event it was produced to us. However, as you know, if Ms. Hill discussed or forwarded otherwise privileged information to these third parties, that breaks the privilege. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("it is a general rule that attorney-client communications made in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality"). Without any specific reason to believe that these third parties are improperly in possession of privileged information, we strongly disagree with your privilege-based objection and would oppose any motion to quash on this basis.

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
APRIL 4, 2023
PAGE 3

does not outweigh the need for this information that is central to her counterclaim. *See, e.g.*, *Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, 2018 WL 6071089, at *3 (C.D. Cal. Mar. 7, 2018) ("Plaintiff has placed his physical and mental conditions at issue by seeking to recover damages based upon alleged [sic] extreme physical and mental harm and distress, and has affirmatively even sought to recover his medical expenses as damages in the FAC."); *Enwere v. Terman Assocs., L.P.*, 2008 WL 5146617, at *4 (N.D. Cal. Dec. 4, 2008) (a party is "entitled to discover what other causes exist for [the other party's] emotional distress, regardless of whether any such other causes occurred before the events at issue in the lawsuit or afterwards").

As a compromise, we are willing to narrow the timeframe of Request Nos. 1(d-i) and 8(d-i) to April 21, 2019 (two years before the parties' first encounter) to the present. We believe this timeframe is narrowly tailored to allow Mr. Bauer to determine whether other sources caused Ms. Hill's alleged emotional distress and/or physical injury.

**Request No. 2** asks for "All Communications with Ms. Hill, concerning: (a) Any subject matter whatsoever from April 21-22, 2021; (b) Any subject matter whatsoever from May 15-28, 2021."

During the meet and confer, you stated that you would agree to this request as to the timeframes when Ms. Hill was physically at Mr. Bauer's residence. You stated that any timeframe beyond that rendered this request too broad and would constitute a "massive discovery undertaking." As stated above, Ms. Hill does not have standing to object to a third-party subpoena on grounds of overbreadth or burden. Thus, these objections are not valid. To the extent that Ms. Hill's objections are based on privacy, Mr. Bauer appreciates the sensitivity in seeking communications about "any subject matter whatsoever" and does not do so lightly. But this request is proper given the exceedingly narrow timeframe and Ms. Hill's allegations about what occurred during that timeframe. Ms. Hill alleges that on April 21, she met Mr. Bauer at his residence, and that in the early morning on April 22, Mr. Bauer battered and sexually battered her. She further alleges that she went to Mr. Bauer's residence for a second time on the evening of May 15 or shortly after midnight on May 16, and that Mr. Bauer battered and sexually battered her. Thus, we believe the parties are in agreement that this request is acceptable as to April 21-22 and May 15-16. As to the May 17-28 timeframe, any privacy concerns are outweighed by the need for this information for two reasons. *First*, Ms. Hill alleges that she suffered physical and emotional damages, which were debilitating for the weeks after the May encounter. In her Initial Disclosures, Ms. Hill states that she is seeking damages for "jaw pain [that] lasted over month;" "concussion-like symptoms that lasted for several weeks;" "vomiting, difficulty getting out of bed and constant sleeping;" "extreme difficulty opening her mouth and [] difficulty eating;" "swelling and excruciating bruising on her face that lasted over a week;" difficulty sitting;" and "severe mental and emotional distress, depression, fear, humiliation/embarrassment and anxiety;" among other alleged injuries. We are entitled to discover her communications with these witnesses during this eleven-day timeframe because all of these communications bear on the extent of her debilitation

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
APRIL 4, 2023
PAGE 4

or incapacitation during that time. *Second*, we have reason to believe from the DVRO proceeding that Ms. Hill permanently deleted correspondence with her close confidants during this precise timeframe before the police department could collect information from her cell phone, which is suspicious to say the least. As a practical matter, Mr. Bauer has no other way of obtaining this information than to seek it directly from the third parties. Mr. Bauer will oppose any motion to quash this request.

**Request No. 3** asks for "All communications with any person concerning: (a) Mr. Bauer; (b) Legal Proceedings Between Ms. Hill and Mr. Bauer; (c) Ms. Hill's claims regarding Bauer."

During the meet and confer, it appeared that Ms. Hill's only remaining objection to this request was based on privilege. Indeed, it stretches the imagination to think that Ms. Hill would have any privacy interest in communications between the subpoenaed parties and other persons. However, we still do not understand what privilege could possibly apply to communications responsive to this request. Mr. Bauer will oppose any motion to quash this request.

**Request No. 4** asks for "All communications with any attorney advising or representing Ms. Hill or the attorney's agent or employee, concerning: (a) Legal Proceedings Between Ms. Hill and Mr. Bauer; (b) Ms. Hill's claims regarding Bauer."

During the meet and confer, it appeared that Ms. Hill's only remaining objection to this request was based on privilege as well. We explained that any communications between Ms. Hill's attorneys and third-party witnesses are not privileged under the law. You disagreed, stating that you could assert privilege or work product if an attorney was making a factual inquiry or attempting to obtain information from a witness in furtherance of Ms. Hill's DVRO or defense of this action. We urge you to reconsider your position, as it is directly contrary to basic principles of privilege and work product. *See Triple A Mach. Shop, Inc. v. State of California*, 213 Cal. App. 3d 131, 143 (Ct. App. 1989) (stating that it is axiomatic that privilege only covers communications protected by statute and that California Evidence Code § 952 "protects only the disclosure of communications between attorney and client"). Mr. Bauer will oppose any motion to quash this request.

**Request No. 5** asks for "All Communications with Ms. Hill's medical or mental health providers concerning Ms. Hill."

This request is proper for the same reasons we gave as to Request Nos. 1(d-i) and 8(d-i). However, Mr. Bauer will agree to withdraw this request on the condition that Ms. Hill agrees not to object to Mr. Bauer's subpoenas seeking information and records directly from her providers, which he has a legal right to seek. *See, e.g., Yonko v. City of Upland*, 2022 WL 2205542, at *2 (C.D. Cal. Jan. 28, 2022) (compelling medical providers compliance with subpoenas based in part on finding that mental and medical health records bore on damages claims for "severe mental anguish" and "great physical pain and injury," as well as for calculation of "future loss of wages");

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
APRIL 4, 2023
PAGE 5

*Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999) (plaintiff waived patient-therapy relationship by electing to recover damages for emotional distress and noting that "defendants must be free to test the truth of [plaintiff's] contention that she is emotionally upset *because of* the defendants' conduct"). Please let us know your position on this compromise.

**Request No. 9** asks for "All photographs of Ms. Hill from May 15, 2021 through July 17, 2021."

During the meet and confer, you clarified that your objection to this request was based on privacy, but that you would withdraw your objection if the request was narrowed to photographs of Ms. Hill's face or other areas in which she alleges she sustained injury. We do not agree with your proposed narrowing. In the Counterclaim, Ms. Hill alleges that she suffered "physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety." In the Initial Disclosures, Ms. Hill states that she is seeking damages for "jaw pain [that] lasted over month;" "concussion-like symptoms that lasted for several weeks;" "vomiting, difficulty getting out of bed and constant sleeping;" "extreme difficulty opening her mouth and [] difficulty eating;" "swelling and excruciating bruising on her face that lasted over a week;" difficulty sitting;" and "severe mental and emotional distress, depression, fear, humiliation/embarrassment and anxiety;" among other alleged injuries. Ms. Hill also states she is seeking damages for her alleged inability to start or continue her employment at Lululemon and Ohana Sober Living. In light of Ms. Hill's representations about the severity of her debilitation and incapacitation both physically and emotionally following the May encounter, our position is that all photographs of Ms. Hill—whether of her alleged physical injuries or otherwise—are discoverable, particularly considering that we have already limited this request to an exceedingly narrow timeframe. Mr. Bauer will oppose any motion to quash this request.

**Request No. 10** asks for "All Communications and other Documents concerning any activities you engaged in or attended with Ms. Hill from May 17, 2021 through July 17, 2021, including but not limited to sporting events, travel, vacations, social gatherings, or fitness-related activities."

Our position on this request is the same as our position on Request No. 9. Namely, as Ms. Hill alleges she sustained physical and emotional injuries that left her incapable of employment, we are entitled to discover information that bears on the extent of those physical and emotional injuries, *i.e.* information about how incapacitated Ms. Hill actually was in the short term following the May encounter. Moreover, Ms. Hill's objections based on privilege and privacy are baseless because this request asks for information about her activities out in public with other individuals during an exceedingly narrow timeframe. Mr. Bauer will oppose any motion to quash this request.

**Request No. 11** asks for "All Communications and other Documents concerning Ms. Hill's employment, including her employment and departure from Ohana Sober Living, the San Diego

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
APRIL 4, 2023
PAGE 6

Padres, and Lululemon."

During the meet and confer, you stated that you objected to this request as to Ohana Sober
Living and Lululemon because the request should be limited to the time period of the date of her
May encounter with Mr. Bauer through the end of her employment. We disagree. The time period
in the Subpoenas as currently drafted is the date the witness first met Ms. Hill to the present. This
is proper because Ms. Hill has put her ability to maintain employment squarely at issue. Her Initial
Disclosures state that she seeks to recover "lost wages at her job at Lululemon while she was on
medical leave" and that "[b]ecause of both the physical and me[n]tal trauma that she suffered, Hill
was unable to start" her job at Ohana Sober Living. We are thus entitled to discover information
about Ms. Hill's ability to maintain employment from both before and after her encounters with
Mr. Bauer to determine whether other sources contributed to her inability to work at Lululemon
and Ohana Sober Living. *See Robertson v. Qadri*, 2007 WL 3445084, at *3 (N.D. Cal. Nov. 13,
2007) (granting motion to compel information about plaintiff's employment history because it is
"reasonably calculated to lead to admissible evidence about plaintiff's claimed lost wages" and
because plaintiff "has not convincingly demonstrated that [this information] implicate[s] his
constitutional rights"); *Barsamian v. City of Kingsburg*, 2008 WL 2168996, at *3 (E.D. Cal. May
22, 2008) ("As Plaintiff has alleged loss of past and future earnings, documents relating to
her employment history are relevant and discoverable.").

As to the San Diego Padres, you stated that you did not believe these records were relevant.
Putting aside that Ms. Hill does not have standing to object based on relevance, Ms. Hill's
employment history is relevant for two reasons. *First*, it is certainly relevant to her allegation that
she was unable to work *as a result* of her encounters with Mr. Bauer. As stated above, we are
entitled to discover information about whether Ms. Hill had difficulty getting and/or maintaining
employment, or complying with employment guidelines, before her encounters with Mr. Bauer.
*Second*, we understand from Ms. Hill's DVRO testimony that her termination from the San Diego
Padres was related to an incident with another MLB player, Fernando Tatis, whom she compares
sexually to Mr. Bauer in numerous communications with her contacts. Ms. Hill also discusses
using her past with Mr. Tatis to get into Mr. Bauer's head in communications that were produced
in the DVRO and by PPD in this action. Ms. Hill herself has propounded discovery requests on
Mr. Bauer relating to Mr. Tatis, suggesting that she too agrees that this information is discoverable.
*See* Hill RFP No. 29 to Bauer. Thus, Ms. Hill's employment history with the San Diego Padres is
also relevant because Ms. Hill herself closely links Mr. Tatis with Mr. Bauer. Mr. Bauer will
oppose any motion to quash this request.

----     ----     ----

Finally, we write in response to your proposal that you be permitted a "first look" at any
documents produced by these third parties. We do not agree with this proposal. As explained
above, these requests do not implicate privacy or privilege concerns that would warrant entering

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
APRIL 4, 2023
PAGE 7

into a "first look" protocol. As an alternative, we propose entering into a stipulation in which the parties agree that, following the third-party document productions, if Ms. Hill's counsel contends that any document produced is private and/or privileged, the document will automatically be designated "CONFIDENTIAL" under the Protective Order and we will meet and confer regarding any claw back of the document.

We look forward to your response and we remain hopeful that the parties can resolve these issues without burdening the Court.

Sincerely,

*/s/ Blair G. Brown*

Blair G. Brown

cc:   Nell Z. Peyser (npeyser@zuckerman.com)
      Kelsey Simmerson (ksimmerson@zuckerman.com)
      Kate Mangels (kmangels@kwikhlaw.com)

# EXHIBIT 7

**Shauntece Laurant**

| | |
|---|---|
| **From:** | Peyser, Nell Z <NPeyser@zuckerman.com> |
| **Sent:** | Saturday, April 1, 2023 2:36 PM |
| **To:** | Jesse Kaplan |
| **Cc:** | Brown, Blair G.; Brett Smith; Eileen Spadoni; Michelle R. Prescott; Simmerson, Kelsey; Chen, Jer-Wei |
| **Subject:** | RE: Bauer/Hill Meet and Confer |

Jesse,

We agree to extend the return date of the third party subpoenas by one week. We expect to send you written correspondence regarding the scope of the subpoenas early next week so that the parties can continue making progress on reaching agreement.

Please provide us with current addresses or email addresses for the following individuals so that we can inform them of the extension: Lafael Justin Vaesau, Lisa Decker, Kyle Erikson, Olivia Finestead, Ciramely Maya, Anthony Prince, Marylou Rodgers, Frank Tortorigi, Derek Dawson, and Richard Hill.

Best,
Nell



**Nell Peyser**
Zuckerman Spaeder LLP
NPeyser@zuckerman.com

485 MADISON AVENUE, 10TH FLOOR • NEW YORK, NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** Jesse Kaplan <jkaplan@ftllp.com>
**Sent:** Saturday, April 1, 2023 1:52 PM
**To:** Peyser, Nell Z <NPeyser@zuckerman.com>
**Cc:** Brown, Blair G. <bbrown@zuckerman.com>; Brett Smith <bsmith@wzllp.com>; Eileen Spadoni <ESpadoni@WZLLP.COM>; Michelle R. Prescott <mprescott@WZLLP.COM>
**Subject:** Bauer/Hill Meet and Confer

**EXTERNAL**

Nell,

When we met and conferred about the various subpoenas on Thursday, you and Blair indicated that you would get back to us by Friday (yesterday) about extending the return dates on those subpoenas so that we can continue the meet and confer process.  Where do we stand on that? Thanks.

Jesse Kaplan, Esq.
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
310-201-0005
310-201-0045 facsimile
www.ftllp.com


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 8

**Shauntece Laurant**

| | |
|---|---|
| **From:** | Peyser, Nell Z <NPeyser@zuckerman.com> |
| **Sent:** | Tuesday, April 11, 2023 2:33 PM |
| **To:** | lisaxdecker@gmail.com |
| **Cc:** | Jesse Kaplan |
| **Subject:** | Bauer/Hill Subpoena |

Dear Ms. Decker:

Please be advised that I represent plaintiff Trevor Bauer in the above-referenced lawsuit.  On or about March 14, 2023, my office issued a subpoena to you seeking the production of certain documents.

We are writing to inform you that we are extending the due date for the production of the documents requested in the subpoena. The due date shall **now be April 28, 2023** instead of April 13, 2023.  Please do not produce documents prior to the new due date.

Thank you,
Nell Peyser



Nell Peyser
Zuckerman Spaeder LLP
NPeyser@zuckerman.com

485 MADISON AVENUE, 10TH FLOOR • NEW YORK,  NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**Shauntece Laurant**

| | |
|---|---|
| **From:** | Peyser, Nell Z <NPeyser@zuckerman.com> |
| **Sent:** | Tuesday, April 11, 2023 2:34 PM |
| **To:** | Mary Lou Rodgers |
| **Cc:** | Jesse Kaplan |
| **Subject:** | Bauer/Hill Subpoena |

Dear Ms. Rodgers:

Please be advised that I represent plaintiff Trevor Bauer in the above-referenced lawsuit.  On or about March 14, 2023, my office issued a subpoena to you seeking the production of certain documents.

We are writing to inform you that we are extending the due date for the production of the documents requested in the subpoena. The due date shall **now be April 28, 2023** instead of April 13, 2023.  Please do not produce documents prior to the new due date.

Thank you,
Nell Peyser



Nell Peyser
Zuckerman Spaeder LLP
NPeyser@zuckerman.com

485 MADISON AVENUE, 10TH FLOOR • NEW YORK, NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

1

**Shauntece Laurant**

| | |
|---|---|
| **From:** | Peyser, Nell Z <NPeyser@zuckerman.com> |
| **Sent:** | Tuesday, April 11, 2023 2:40 PM |
| **To:** | Connaughton, Joe |
| **Cc:** | Jesse Kaplan |
| **Subject:** | Bauer/Hill Subpoena |

Dear Mr. Connaughton:

Please be advised that I represent plaintiff Trevor Bauer in the above-referenced lawsuit.  On or about March 22, 2023, my office issued a subpoena to the Padres L.P. seeking the production of certain documents.

We are writing to inform you that we are extending the due date for the production of the documents requested in the subpoena. The due date shall **now be April 28, 2023** instead of April 21, 2023.  Please do not produce documents prior to the new due date.

Thank you,
Nell Peyser



Nell Peyser
Zuckerman Spaeder LLP
NPeyser@zuckerman.com

485 MADISON AVENUE, 10TH FLOOR • NEW YORK,  NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

# EXHIBIT 9

Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
  *espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
  *bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  *bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
  *jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Defendant/Cross-Complainant, LINDSEY C. HILL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>                Plaintiff,<br><br>       vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>                Defendant. | Case No. 8:22-cv-00868 JVS(ADSx)<br><br>**DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES**<br><br>Trial Date:          None Set |

Pursuant to <u>Federal Rule of Civil Procedure</u> 26 and <u>Local Rule</u> 26-1,

Defendant Lindsey C. Hill ("Hill") hereby makes the following Initial Disclosures,

based on information presently available.

1

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

### **PRELIMINARY STATEMENT**

1.      By identifying persons in this document, Defendant does not admit or deny the relevancy or admissibility of their testimony, or their availability or competency as witnesses.

2.      By identifying documents and tangible things in this document, Defendants do not admit or deny the relevancy or admissibility of any document or thing.

3.      Defendant reserves the right, if appropriate, to make objections to the production of any documents or tangible things or the answering of interrogatories regarding any matters discussed herein and to move for a Protective Order pursuant to Rule 26, F.R.Civ.P., before producing or allowing any discovery of the matters stated herein.

4.      In making these disclosures, Defendant does not waive the attorney-client privilege, the attorney work-product doctrine, or any other available privilege, doctrine, or immunity.

5.      These disclosures are based upon the factual information available as of the date hereof.  Discovery is only just beginning and factual investigation is continuing at this time.  Defendants reserve the right to amend, supplement or otherwise modify these disclosures in accordance with applicable Rules and any Orders entered by this Court.

## I.      **WITNESSES LIKELY TO HAVE DISCOVERABLE INFORMATION**

Based on the information presently available, and subject to further investigation of the dispute herein, Defendant identifies the following people likely to have discoverable information that Defendant may use to support its defenses:

1.      Trevor Bauer, Plaintiff/Counterdefendant, regarding the circumstances surrounding the allegations contained in the Counterclaims of Defendant/Counterclaimant Lindsey Hill;

2.      Lindsey C. Hill, Defendant/Counterclaimant regarding the

2

circumstances surrounding the allegations contained in the Complaint and Counterclaims of Defendant/Counterclaimant Lindsey Hill;

3.  Stephen Chanley, RN. of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 17, 2021, Emergency Room visit.

4.  Dr. Joshua N. Doros, of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 17, 2021, Emergency Room visit.

5.  Brigitte B. Korkuch, PA of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 17, 2021, Emergency Room visit.

6.  Asal Khosroabadi, LCSW (Social Worker) of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 18, 2021, Emergency Room visit.

7.  Officer Sullivan of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101.  Has information regarding Ms. Hill's May 18, 2021, Emergency Room interview.

8.  Detective Giddens of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101.  Has information regarding Ms. Hill's May 18, 2021, Emergency Room interview and escort to a SART certified facility for examination.

9.  Officer Morales of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101.  Has information regarding Ms. Hill's May 18, 2021, Emergency Room interview and escort to a SART certified facility for examination.

10.  Dr. Harshawn Malhi of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, regarding May 17, 2021 CT imaging of Ms. Hill.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

11.  Kelly Valencia, RN of Palomar Health Forensic Health Services – Poway, 15615 Pomerado Road, Poway, CA 92064. Has information regarding the SART examination of Ms. Hill.

12.  Dr. Varinthrej Pitis of Scripps Clinic Carmel Valley, 3811 Valley Centre Drive, San Diego, CA 92130.  Has information regarding Ms. Hill's follow up medical care on June 3, 2021.

13.  Dr. Erica Moses, San Diego Center for Trauma Recovery, 1761 Hotel Circle S, Ste. 315, San Diego, CA 92108. Has information regarding Ms. Hill's therapy following sexual assault.

14.  Investigator Russell Greene, alleged investigator for Shawn Holley of Kinsella Weitzman Iser Kump LLC.

15.  Richard Hill, who can be contacted through Counsel for Ms. Hill, who has information about the medical condition of Ms. Hill following her hospitalization on May 17, 2021. Also, received communications from attorney Dan Gilleon regarding intention to release unfavorable information about Ms. Hill to Mr. Bauer's attorneys.

16.  Lorinda Hill, who can be contacted through Counsel for Ms. Hill, who has information about the medical condition of Ms. Hill following her hospitalization on May 17, 2021.

17.  Derek Dawson, address unknown.  Has information regarding text and direct messages with Ms. Hill.

18.  Detective Kimberly Jones of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101. Has information regarding the investigation of the sexual assault of Ms. Hill by Mr. Bauer.

19.  Detective Derek Blackmon of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101. Has information regarding the investigation of the sexual assault of Ms. Hill by Mr. Bauer. [5/18/21 Body Cam Video]

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1663879-1 MER-5137

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

20.     Detective Murphy of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101. Has information regarding the investigation of the sexual assault of Ms. Hill by Mr. Bauer. [6/5/21 Body Cam Video]

21.     Kyle Erikson, cousin to Ms. Hill, 7150 West 20th Ave. #106, Lakewood, CO 80214.  Has information regarding the Ms. Hill's communications with Mr. Bauer and Mr. Bauer's sexual assault of Ms. Hill.

22.     Ciramely Maya friend of Ms. Hill, 31074 Camino del Este, Temecula, CA 92591. Has information regarding the Ms. Hill's communications with Mr. Bauer and Mr. Bauer's sexual assault of Ms. Hill.

23.     Lafael Justin Veasau friend of Ms. Hill, 9320 Artesia Blvd., Apt. 2, Bellflower, CA 90706.

24.     Madison Rasberg, address and contact information unknown.

25.     Jennifer V., address and phone number unknown.

26.     Lisa Decker, address unknown. Ms. Hill's friend and AA Sponsor. Communicated frequently with Ms. Hill in aftermath of sexual contact with Mr. Bauer and throughout DVRO proceeding.

27.     Niranjan Fred Thiagarajah, who may be contacted through counsel for Mr. Thiagarajah, who has non-privileged information about the facts and circumstances alleged in the Complaint..

28.     Michael Clevenger, address and phone number unknown. Former teammate and well-known associate of Mr. Bauer.

29.     Rachel Luba, address and phone number unknown. Mr. Bauer's Baseball Agent. Known contact with Mr. Bauer's previous Ohio accusers. Has issued public statements challenging the veracity of Ms. Hill's allegations against Mr. Bauer. Familiar with Mr. Bauer's sexual practices.

30.     Tony Prince, address unknown,  attended birthday party with Ms. Hill in Los Angeles, CA residence immediately prior to Ms. Hill's second sexual encounter with Mr. Bauer.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1663879-1 MER-5137

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

31.    Urgent Care Intake Doctor/Nurse/Medical Professional, of American Family Urgent Care, 8590 Rio San Diego Dr., #111, San Diego, CA 92108. Has information regarding Ms. Hill's medical condition on May 17, 2021. Advised Ms. Hill's referral to Alvarado Hospital Medical Center.

32.    Lynn Greenemay, Store Manager at Lululemon in San Diego regarding Ms. Hill's time off from work.

33.    Melissa Munster, Current Supervisor of Ms. Hill at Lululemon in Sand Diego, regarding Ms. Hill's residual effects of the battery and sexual battery.

34.    Marylou Rodgers Ms. Hill's supervisor at Ohana House Sober Living in San Diego, Ca.

Defendant reserves the right to amend and supplement this information as additional facts and evidence become known.

## II.    <u>DOCUMENTS DEFENDANTS MAY USE TO SUPPORT DEFENSE</u>

By identifying documents and tangible things in this document, Defendant do not admit or deny the relevancy or admissibility of any document or thing. Defendant reserves the right, if appropriate, to make objections to the production of any documents or tangible things or the answering of interrogatories regarding any matters discussed herein and to move for a Protective Order pursuant to Rule 26, F.R.C.P., before producing or allowing any discovery of the matters stated herein. In making these disclosures, Defendant does not waive the attorney-client privilege, the attorney work-product doctrine, or any other available privilege, doctrine, or immunity.  If Defendant agrees to the production of documents or tangible things, they will be produced through Defendant's counsel of record.

1.    Medical and Billing Records for Ms. Hill from Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208

2.    SART Report from Palomar Health Forensic Health Services – Poway, 15615 Pomerado Road, Poway, CA 92064, including 84 photographs.

3.    Medical and Billing Records for Ms. Hill from Dr. Erica Moses

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

of San Diego Center for Trauma Recovery, 1761 Hotel Circle S. Ste. 315, San Diego, CA 92108.

4.    Medical and Billing Records for Ms. Hill from Dr. Varinthrej Pitis of Scripps Clinic Carmel Valley, 3811 Valley Centre Drive, San Diego, CA 92130 for follow up care after in June of 2021.

5.    Extraction Report of Ms. Hill's phone regarding photographs taken of Ms. Hill between May 16, 2021 and May 18, 2021.

6.    8 Photographs of Ms. Hill taken between May 16, 2021 and May 18, 2021 documenting the injuries to Ms. Hill's face.

8.    Any and all photographs of Ms. Hill taken as part of the May 17, 2021 SART Report at Palomar Health Forensic Health Services – Poway.

9.

10    Audio of Plaintiff and Ms. Hill's telephone conversation during a "Pretext Call" made at the behest of the Pasadena Police Department on or about May 22, 2021.

11.    All documents, photographs, video and meta data produced in the DVRO hearing.

12.    "Body Cam" Video and Audio footage from PPD Officers' interview with Ms. Hill on May 18, 2021.

13.    "Body Cam" Video and Audio footage from PPD Officers' interview with Ms. Hill on June 5, 2021.

## III.    <u>CALCULATION OF DAMAGES</u>

A computation of damages claimed by Ms. Hill:

Ms. Hill seeks to recover non-economic damages caused by her injuries according to proof at trial.

Hill suffered from physical injuries to her head and face, including an acute head injury.  This resulted in pain, suffering and discomfort in Hill's head, face and jaw.  The jaw pain lasted over a month.  Hill's head injury also resulted in

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  concussion-like symptoms that lasted for several weeks.  The head injury also

2  caused vomiting, difficulty getting out of bed and constant sleeping.  Hill had

3  extreme difficulty opening her mouth and had difficulty eating.  Hill also suffered

4  from swelling and excruciating bruising on her face that lasted over a week.  Hill

5  could not sleep on her left side because of pain and swelling.  Hill also suffered

6  from bruising on her gums and a split open lip which made it difficult to eat and

7  drink.  Hill also suffered from a welt on the left side of the top of her head.

8      Hill suffered from a physical injury to her vagina/groin area.  This resulted in

9  pain, suffering and discomfort.  This also caused bruising.

10     Hill suffered from a physical injury to her buttocks.  This resulted in pain,

11  suffering and discomfort.  This also caused bruising.  She had difficulty sitting.

12     Hill suffered from a physical injury to her anus from being sodomized.  This

13  resulted in pain, suffering and discomfort.  She was also bleeding from her anus.

14     Hill suffered from injuries as result of being choked to the point of

15  unconsciousness.  This resulted in pain/headache, suffering, discomfort, being

16  lightheaded and dizzy, nausea, confusion and feeling like she could barely move her

17  body.

18     Hill also suffered from severe mental and emotional distress, depression, fear,

19  humiliation/embarrassment and anxiety.  That had a negative effect on her life.

20     Hill seeks to recover medical expenses she incurred.  This includes the

21  following providers: Alvarado Medical Center; Scripps; and Center for Trauma

22  Recovery.  Hill will produce documents reflecting the specific expenses incurred.

23     Hill seeks to recover for past and future lost wages.  Hill lost wages at her job

24  at Lululemon while she was on medical leave.  Hill will produce documentation

25  and/or other evidence reflecting the dates that she was on leave and her hourly rate.

26  Hill also seeks to recover future lost wages related to her contemplated employment

27  at the Ohana College Area Sober Living Environment as a resident life director.

28  Because of both the physical and metal trauma that she suffered, Hill was unable to

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

1   start that job.

2       Hill seeks punitive and exemplary damages from Bauer according to proof at

3   trial.

4   **IV.**   **APPLICABLE INSURANCE**

5       Defendant Hill is insured under a policy of insurance with California

6   Automobile Insurance Company with limits of $300,000 per occurrence for personal

7   liability, with a reservation of rights.

8       Defendant reserves the right to amend and/or supplement this Initial

9   Disclosure if and when additional documents are located and/or discovered during

10   the course of investigation and discovery.

11

12   DATED:  August 22, 2022   WESIERSKI & ZUREK LLP

13

14

15                    By:   /s/Christohper P. Wesierski

16                        CHRISTOPHER P. WESIERSKI
                          Attorneys for Defendant, Lindsey C. Hill

17

18   DATED:  August 22, 2022   FREEDMAN + TAITELMAN, LLP

19

20

21

22                    By:   /s/Jesse A. Kaplan

23                        JESSE A. KAPLAN
                          Attorneys for Cross-Complainant, Lindsey C.

24                        Hill

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

9

1  <u>**PROOF OF SERVICE**</u>

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3      At the time of service, I was over 18 years of age and not a party to this
4  action.  I am employed in the County of Orange, State of .  My business address is 29 Orchard Road, Lake Forest, CA 92630.

5      On August 22, 2022, I served true copies of the following document(s)
6  described as **DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES** on the interested parties in this action as follows:

7  **SEE ATTACHED SERVICE LIST**

8      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of
9  the document(s) to be sent from e-mail address canderson@wzllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a
10  reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11      I declare under penalty of perjury under the laws of the United States of
12  America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13      Executed on August 22, 2022, at Lake Forest, California.

14

15                                          /s/ CHELSEA ANDERSON
                                         _____
16                                          Chelsea Anderson

17

18

19

20

21

22

23

24

25

26

27

28

I1663879-1 MER-5137

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**SERVICE LIST**
**Bauer v. Hill**
**MER-5137**

| | |
|---|---|
| Shawn C. Holley, Esq.<br>Kate E. Mangels, Esq.<br>Suann MacIssac, Esq.<br>Kinsella Weitzman Iser Kump Holley LLP<br>808 Wilshire Blvd, Suite 300<br>Santa Monica, CA  90401<br>Phone: 310-566-9822<br>Fax: 310-566-9850<br>E-Mail: sholley@kwikhlaw.com ;<br>kmangels@kwikalaw.com;<br>smacisaac@kwikhlaw.com | Attorney for Plaintiff, Trevor Bauer |
| Blair G. Brown, Esq.<br>Jon R. Fetterolf, Esq<br>Zuckerman Spaeder LLP<br>1800 M. Street, N. W. Suite 1000<br>Washingtion, D.C  20036<br>Phone: 202-778-1800<br>Fax: 202-882-8106<br>E-Mail: bbrown@zuckerman.com;<br>jfetterolf@zuckerman.com | Attorney for Plaintiff, Trevor Bauer |
| ZUCKERMAN SPAEDER LLP Nell Z. Peyser (admitted pro hac vice) 485 Madison Ave., 10th Floor New York, NY 10022 Tel: (212) 704-9600 Fax: (212) 704-4256<br>npeyser@zuckerman.com | Attorney for Plaintiff, Trevor Bauer |
| David D. Samani, Esq.<br>Lewis Brisbois<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA  90071<br>Phone: (213) 580-6300<br>E-Mail:<br>Ken.Feldman@lewisbrisbois.com<br>David.Samani@lewisbrisbois.com | Attorney for Defendant, Niranjan Fred Thiagarajah |

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

# EXHIBIT 10

1  Christopher P. Wesierski [Bar No. 086736]
     *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
     *mprescott@wzllp.com*
3  Eileen Spadoni [Bar No. 133259]
     *espadoni@wzllp.com*
4  Brett A. Smith [Bar No. 322707]
     *bsmith@wzllp.com*
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8  Bryan J. Freedman, Esq. (SBN: 151990)
     *bfreedman@ftllp.com*
9  Jesse A. Kaplan, Esq. (SBN: 255059)
     *jkaplan@ftllp.com*
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile:  (310) 201-0045

13 Attorneys for Defendant, Lindsey C. Hill

14

15               UNITED STATES DISTRICT COURT

16     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17

18 TREVOR BAUER,                        Case No. 8:22-cv-00868 JVS(ADSx)

19            Plaintiff,                **DEFENDANT LINDSEY C HILL'S RESPONSES TO**
20     vs.                             **PLAINTIFF/COUNTERCLAIM DEFENDANT TREVOR BAUER'S**
21 LINDSEY C HILL AND NIRANJAN         **FIRST SET OF INTERROGATORIES**
   FRED THIAGARAJAH,
22
             Defendant.                Trial Date:      None Set
23

24

25     PROPOUNDING PARTY:  PLAINTIFF, TREVOR BAUER

26     RESPONDING PARTY:    DEFENDANT, LINDSEY C HILL

27     SET NO.:                    ONE

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

1    Defendant, LINDSEY C HILL, by and through its attorneys of record,

2  Wesierski & Zurek LLP, responds to plaintiff's first set of interrogatories and

3  copying as follows:

4         PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

5    After a reasonable and diligent search, this responding party will provide

6  copies of all documents in his possession, custody or control which are responsive to

7  each category set forth in this request.  These documents will be produced subject to

8  the objections set forth below.

9    Investigative efforts to locate additional documents are ongoing and will be

10  continuing during the course of this litigation. If documents are discovered which

11  fall within a category of this request and are not subject to an objection set forth

12  herein, these documents will be made available upon proper request.

13    By responding to this request and producing any document, defendant does

14  not concede that any category set forth herein seeks relevant information or seeks

15  information that is reasonably calculated to lead to the discovery of admissible

16  evidence. Defendant expressly reserves the right to any and all objections as to

17  competency, materiality, relevancy, privilege and admissibility of any documents

18  produced and the right to object to further discovery relating to the subject matter of

19  any document produced.

20    Defendant objects generally to these requests to the extent they seek

21  discovery of attorney work product and trial preparation materials or

22  communications protected by the attorney-client privilege.

23    Discovery is still at an early stage and there may be other and further

24  information affecting the Demand for Production of which this responding party

25  despite reasonable investigation and inquiry, is presently unaware.  This responding

26  party is continuing the development of facts and legal issues which are presented in

27  this matter and inquired into by the Demand for Production. This responding party

28  reserves the right to modify or to enlarge these responses with such pertinent

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

2

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  additional information and documents as may subsequently be discovered.

2  Furthermore, these responses are made by this responding party without prejudice to

3  this responding party's use or reliance at trial on subsequent discovered documents

4  or information or on documents or information omitted from these responses as a

5  result of good faith oversight, error or mistake.

6      No incidental or implied admissions are intended by the responses herein.

7  The fact that this responding party has responded or objected to any request or part

8  thereof shall not be deemed an admission that this responding party accepts or

9  admits the existence of any facts set forth or assumed by such request or that such

10  response or objection constitutes admissible evidence. The fact that this responding

11  party has responded to part or all of any request, is not intended to and shall not be

12  construed as a waiver of any part of any objection to any request.

13      In the event that any document to which an objection is made should be

14  produced inadvertently, such production shall not constitute a waiver of the

15  objection by defendant to the production of the documents produced or similar

16  documents.

17  **INTERROGATORY NO. 1:**

18      State each of your residential addresses from January 1, 2018 to the present.

19  Include the dates in which you resided at each residence.

20  **RESPONSE TO INTERROGATORY NO. 1:**

21      Objection.  Responding Party objects to this request as overbroad in terms of

22  time. Responding Party also objects to the extent it seeks information which is not

23  relevant to the pending litigation and not proportional to the needs of the case.

24  (FRCP 26(b)(1)). Responding Party objects that the request is vague and ambiguous

25  as to the term "residential addresses" and compound. Responding Party objects that

26  the interrogatory violates the privacy rights of Responding Party.

27      Without waiving, and subject to said objections, Responding Party states:

28  14585 Rutledge Sq., San Diego, CA 92128 (1/1/2018 to 12/25/2022); 1800 Captain

3

1  Freeman Pkwy, Apt 200, Franklin, TN 37064 (February 1, 2023 to present).

2  **INTERROGATORY NO. 2:**

3  State the name and address of each employer you have had from January 1,

4  2018 to the present.

5  **RESPONSE TO INTERROGATORY NO. 2:**

6  Objection.  Responding Party objects to this request as overbroad in terms of

7  time.  Responding Party also objects to the extent it seeks information which is not

8  relevant to the pending litigation and not proportional to the needs of the case.

9  (FRCP 26(b)(1).)  Responding Party objects that the interrogatory violates the

10  privacy rights of Responding Party.

11  Without waiving, and subject to said objections, Responding Party is willing

12  to limit her response to this interrogatory through December 2022. Based on that

13  limitation, she identifies Lululemon Athletica, Inc. 7007 Friars Rd., Unit 890A, San

14  Diego, CA 92108.

15  **INTERROGATORY NO. 3:**

16  State the dates of employment and job title for each employer you have had

17  from January 1, 2018 to the present.

18  **RESPONSE TO INTERROGATORY NO. 3:**

19  Objection. Responding Party objects to this request as overbroad in terms of

20  time. Responding Party also objects to the extent it seeks information which is not

21  relevant to the pending litigation and not proportional to the needs of the case.

22  (FRCP 26(b)(1).)  Responding Party objects that the interrogatory violates the

23  privacy rights of Responding Party. Without waiving, and subject to said objections,

24  Responding Party is willing to limit her response to this interrogatory through

25  December 2022.  Based on that limitation, she states: educator at Lululemon

26  Athletica, Inc. (2018-2022).

27  **INTERROGATORY NO. 4:**

28  For each employment position you have had from January 1, 2018 to the

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

1   present, state whether you resigned or were terminated from the position.

2   **RESPONSE TO INTERROGATORY NO. 4:**

3   Objection.  Responding Party objects to this request as overbroad in terms of

4   time.  Responding Party also objects to the extent it seeks information which is not

5   relevant to the pending litigation and not proportional to the needs of the case.

6   (FRCP 26(b)(1).)  Responding Party objects that the interrogatory violates the

7   privacy rights of Responding Party.  Without waiving, and subject to said

8   objections, Responding Party states: Hill resigned from Lululemon.

9   **INTERROGATORY NO. 5:**

10   State the name and address of each school or other academic or vocational

11   institution you have attended, beginning with high school.

12   **RESPONSE TO INTERROGATORY NO. 5:**

13   Objection.  Responding Party objects to this request as overbroad in terms of

14   time.  Responding Party also objects to the extent it seeks information which is not

15   relevant to the pending litigation and not proportional to the needs of the case.

16   (FRCP 26(b)(1).)  Responding Party objects that the interrogatory violates the

17   privacy rights of Responding Party.  Without waiving, and subject to said

18   objections, Responding Party states: Rancho Bernardo H.S. San Diego, CA;

19   University of San Diego; Cal. Baptist University in Riverside, and; Cal. State

20   University San Marcos.

21   **INTERROGATORY NO. 6:**

22   Identify any degree or certification you have received from any school or

23   other academic or vocational institution.

24   **RESPONSE TO INTERROGATORY NO. 6:**

25   Objection.  Responding Party objects to this request as overbroad in terms of

26   time. Responding Party also objects to the extent it seeks information which is not

27   relevant to the pending litigation and not proportional to the needs of the case.

28   (FRCP 26(b)(1)).  Responding Party objects that the interrogatory violates the

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  privacy rights of Responding Party.  Without waiving, and subject to said

2  objections, Responding Party states: H.S. Diploma (2012), B.S. Criminal Justice

3  (2017), Paralegal Certificate (2022).

4  **INTERROGATORY NO. 7:**

5      State whether you have ever been convicted of a felony.

6  **RESPONSE TO INTERROGATORY NO. 7:**

7      Objection.  Responding Party objects to this request as overbroad in terms of

8  time.  Responding Party also objects to the extent it seeks information which is not

9  relevant to the pending litigation and not proportional to the needs of the case.

10  (FRCP 26(b)(1).)  Responding Party objects that the interrogatory violates the

11  privacy rights of Responding Party.  Without waiving, and subject to said

12  objections, Responding Party states: No.

13  **INTERROGATORY NO. 8:**

14      State whether you have ever been convicted of a misdemeanor.

15  **RESPONSE TO INTERROGATORY NO. 8:**

16      Objection. Responding Party objects to this request as overbroad in terms of

17  time. Responding Party also objects to the extent it seeks information which is not

18  relevant to the pending litigation and not proportional to the needs of the case.

19  (FRCP 26(b)(1)). Responding Party objects that the interrogatory violates the

20  privacy rights of Responding Party. Responding Party objects that the information is

21  not admissible pursuant to Fed. Rules of Evid. Rule 609. Responding Party objects

22  that the information sought is inadmissible character evidence and not admissible

23  pursuant to Fed. Rules of Evid. Rule 404. Responding Party objects that the request

24  is unreasonable and propounded primarily to harass or burden Responding Party.

25  (FRCP 26(g)).

26  **INTERROGATORY NO. 9:**

27      Identify each electronic device you have used for any purpose, including

28  personal and business purposes, from April 1, 2021 to the present. For each mobile

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

1  device, identify the telephone number associated with that device. If you, or anyone
2  on your behalf, purchased any new electronic devices for your use between April 1,
3  2021 and the present, you should state that.

4  **RESPONSE TO INTERROGATORY NO. 9:**

5  Objection. Responding Party objects to this request as overbroad in terms of
6  time. Responding Party also objects to the extent it seeks information which is not
7  relevant to the pending litigation and not proportional to the needs of the case.
8  (FRCP 26(b)(1)). Responding Party objects that the interrogatory violates the
9  privacy rights of Responding Party. Responding Party objects that the interrogatory
10  is compound and contains subparts. Responding Party objects that the interrogatory
11  is overbroad in terms of scope. Without waiving, and subject to said objections
12  Responding Party states: 9.A. Devices used for personal purposes since April 1,
13  2021, two iPhones and one MacBook laptop; for work purposes, Responding Party
14  has used computers of her employer;  9.B. 858-213-6648. Responding Party
15  purchased her cell phones.

16  **INTERROGATORY NO. 10:**

17  Identify all persons with knowledge of facts concerning your cause of action
18  for sexual battery alleged in your Counterclaim.

19  **RESPONSE TO INTERROGATORY NO. 10:**

20  Objection. Responding Party objects to this request as overbroad in terms of
21  time. Responding Party objects that the interrogatory calls for attorney-client
22  privileged information. Without waiving, and subject to said objections Responding
23  Party states: Plaintiff Trevor Bauer, Responding Party Lindsey Hill, Stephen
24  Chanley, RN. of Alvarado Hospital Medical Center, 6655 Alvarado Road, San
25  Diego, CA 92120-5208, Dr. Joshua N. Doros, of Alvarado Hospital Medical Center,
26  6655 Alvarado Road, San Diego, CA 92120-5208, Brigitte B. Korkuch, PA of
27  Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-
28  5208, Asal Khosroabadi, LCSW (Social Worker) of Alvarado Hospital Medical

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Officer Sullivan of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101, Detective Giddens of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101, Officer Morales of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101, Dr. Harshawn Malhi of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Kelly Valencia, RN of Palomar Health Forensic Health Services – Poway, 15615 Pomerado Road, Poway, CA 92064, Dr. Varinthrej Pitis of Scripps Clinic Carmel Valley, 3811 Valley Centre Drive, San Diego, CA 92130, Dr. Erica Moses, San Diego Center for Trauma Recovery, 1761 Hotel Circle S, Ste. 315, San Diego, CA 92108, Richard Hill 1337 Lower Campus Road, Honolulu, HI 96822, Lorinda Hill 1337 Lower Campus Road, Honolulu, HI 96822, Detective Kimberly Jones of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101, Detective Derek Blackmon of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101, Detective Murphy of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101, Kyle Erikson, cousin to Ms. Hill, 7150 West 20th Ave. #106, Lakewood, CO 80214, Ciramely Maya friend of Ms. Hill, 31074 Camino del Este, Temecula, CA 92591, Lafael Justin Veasau friend of Ms. Hill, 9320 Artesia Blvd., Apt. 2, Bellflower, CA 90706, Lisa Decker 1800 Captain Freeman Pkwy, Apt 200, Franklin, TN 37064, Lynn Greenemay, Store Manager at Lululemon in San Diego, Melissa Munster, at Lululemon in San Diego, Marylou Rodgers at Ohana House Sober Living in San Diego, Ca., Investigator Russell Greene, alleged investigator for Shawn Holley of Kinsella Weitzman Iser Kump, LLC, in addition to as yet unidentified officials at Major League Baseball and/or the Office of its Commissioner.

**INTERROGATORY NO. 11:**

Identify all persons with knowledge of facts concerning your cause of action for battery alleged in your Counterclaim.

8

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF INTERROGATORIES

I1833787-1 MER-5137

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**RESPONSE TO INTERROGATORY NO. 11:**

Objection.  Responding Party objects to this request as overbroad in terms of time.  Responding Party objects that the interrogatory calls for attorney-client privileged information. Without waiving, and subject to said objections Responding Party states: Plaintiff Trevor Bauer, Responding Party Lindsey Hill, Stephen Chanley, RN. of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Dr. Joshua N. Doros, of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Brigitte B. Korkuch, PA of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Asal Khosroabadi, LCSW (Social Worker) of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Officer Sullivan of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101, Detective Giddens of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101, Officer Morales of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101, Dr. Harshawn Malhi of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Kelly Valencia, RN of Palomar Health Forensic Health Services – Poway, 15615 Pomerado Road, Poway, CA 92064, Dr. Varinthrej Pitis of Scripps Clinic Carmel Valley, 3811 Valley Centre Drive, San Diego, CA 92130, Dr. Erica Moses, San Diego Center for Trauma Recovery, 1761 Hotel Circle S, Ste. 315, San Diego, CA 92108, Richard Hill 1337 Lower Campus Road, Honolulu, HI 96822, Lorinda Hill 1337 Lower Campus Road, Honolulu, HI 96822, Detective Kimberly Jones of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101, Detective Derek Blackmon of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101, Detective Murphy of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101, Kyle Erikson, cousin to Ms. Hill, 7150 West 20th Ave. #106, Lakewood, CO 80214, Ciramely Maya friend of Ms. Hill, 31074 Camino del Este, Temecula, CA 92591, Lafael Justin Veasau friend of Ms. Hill, 9320 Artesia Blvd., Apt. 2, Bellflower, CA

9

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   90706, Lisa Decker 1800 Captain Freeman Pkwy, Apt 20, Franklin, TN 37064,

2   Lynn Greenemay, Store Manager at Lululemon in San Diego, Melissa Munster, at

3   Lululemon in Sand Diego, Marylou Rodgers at Ohana House Sober Living in San

4   Diego, CA., Investigator Russell Greene,alleged investigator for Shawn Holley of

5   Kinsella Weitzman Iser Kump, LLC, in addition to as yet unidentified officials at

6   Major League Baseball and/or the Office of its Commissioner.

7   **INTERROGATORY NO. 12:**

8       Identify all persons who provided medical health care services to you from

9   age eighteen (18) to the present. For each person, provide a brief description of the

10  nature of the medical health care services they provided.

11  **RESPONSE TO INTERROGATORY NO. 12:**

12      Objection. Responding Party objects to this request as overbroad in terms of

13  time. Responding Party also objects to the extent it seeks information which is not

14  relevant to the pending litigation and not proportional to the needs of the case.

15  (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

16  propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

17  Responding Party objects that this interrogatory violates the physician-patient and/or

18  psychotherapist-patient privilege held by Responding Party. Responding Party

19  objects to the extent the interrogatory violates the privacy rights of Defendant.

20  (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy);

21  *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v.*

22  *Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton*

23  *v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47). Without waiving and

24  subject to said objections, Responding Party states she will identify the health care

25  providers that provided treatment for the injuries she received from Plaintiff as

26  follows: Stephen Chanley, RN. of Alvarado Hospital Medical Center, 6655

27  Alvarado Road, San Diego, CA 92120-5208, Dr. Joshua N. Doros, of Alvarado

28  Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Brigitte

10

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   B. Korkuch, PA of Alvarado Hospital Medical Center, 6655 Alvarado Road, San

2   Diego, CA 92120-5208, Asal Khosroabadi, LCSW (Social Worker) of Alvarado

3   Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Dr.

4   Harshawn Malhi of Alvarado Hospital Medical Center, 6655 Alvarado Road, San

5   Diego, CA 92120-5208, Kelly Valencia, RN of Palomar Health Forensic Health

6   Services – Poway, 15615 Pomerado Road, Poway, CA 92064, Dr. Varinthrej Pitis of

7   Scripps Clinic Carmel Valley, 3811 Valley Centre Drive, San Diego, CA 92130, Dr.

8   Erica Moses, San Diego Center for Trauma Recovery, 1761 Hotel Circle S, Ste. 315,

9   San Diego, CA 92108, as yet unknown employees of American Urgent Care, 8590

10   Rio San Diego Dr., #111, San Diego, CA 92108.

11   **INTERROGATORY NO. 13:**

12        Identify all persons who provided mental health care services, including

13   therapy and counseling services, to you from age eighteen (18) to the present. For

14   each person, provide a brief description of the nature of the mental health care

15   services they provided.

16   **RESPONSE TO INTERROGATORY NO. 13:**

17        Objection.  Responding Party objects to this request as overbroad in terms of

18   time. Responding Party also objects to the extent it seeks information which is not

19   relevant to the pending litigation and not proportional to the needs of the case.

20   (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

21   propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

22   Responding Party objects that this interrogatory violates the physician-patient and/or

23   psychotherapist-patient privilege held by this Responding Party. Responding Party

24   objects to the extent the interrogatory violates the privacy rights of Defendant.

25   (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy);

26   *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v.*

27   *Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton*

28   *v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47). Without waiving and

11

DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR BAUER'S FIRST SET OF  INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  subject to said objections, Responding Party states she will identify the health care

2  providers that provided mental healthcare treatment for the injuries she received

3  from Plaintiff as follows: Dr. Erica Moses, San Diego Center for Trauma Recovery,

4  1761 Hotel Circle S, Ste. 315, San Diego, CA 92108.

5  **INTERROGATORY NO. 14:**

6       Identify all persons who provided addiction or substance use health care

7  services, including treatment or counseling for substance use, to you from age

8  eighteen (18) to the present. For each person, provide a brief description of the

9  nature of the addiction or substance use services they provided.

10  **RESPONSE TO INTERROGATORY NO. 14:**

11       Objection. Responding Party objects to this request as overbroad in terms of

12  time. Responding Party also objects to the extent it seeks information which is not

13  relevant to the pending litigation and not proportional to the needs of the case.

14  (FRCP 26(b)(1)). Responding Party object that the interrogatory contains subparts.

15  Responding Party objects that the request is unreasonable and propounded primarily

16  to harass or burden Responding Party. (FRCP 26(g)). Responding Party objects that

17  the interrogatory violates the privacy rights of Responding Party. Responding Party

18  objects that the information sought is inadmissible character evidence and not

19  admissible pursuant to Fed. Rules of Evid. Rule 404. Responding Party objects that

20  this interrogatory violates the physician-patient and/or psychotherapist-patient

21  privilege held by this Respondent. Responding Party objects to the extent the

22  interrogatory violates the privacy rights of Defendant. (*Stallworth v. Brollini* (ND

23  CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does*

24  1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions,*

25  *Inc.* (SD CA 2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610

26  F3d 530, 539, 541, fn. 47). Responding Party will not provide a response to the

27  interrogatory.

28

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**INTERROGATORY NO. 15:**

Identify all dates that you saw any type of health care provider from age eighteen (18) to the present. For each date, provide a brief description of the purpose of the visit, the diagnoses, and the treatment provided.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection.  Responding Party objects to this request as overbroad in terms of time. Responding Party also objects to the extent it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)). Responding Party object that the interrogatory contains subparts. Responding Party objects that the request is unreasonable and propounded primarily to harass or burden Responding Party. (FRCP 26(g)). Responding Party objects that the interrogatory violates the privacy rights of Responding Party. Responding Party objects that the information sought is inadmissible character evidence and not admissible pursuant to Fed. Rules of Evid. Rule 404. Responding Party objects that this interrogatory violates the physician-patient and/or psychotherapist-patient privilege held by this Respondent. Responding Party objects to the extent the interrogatory violates the privacy rights of Defendant. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc.* (SD CA 2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47). Without waiving and subject to said objections, Responding Party states she will identify the health care providers that provided treatment for the injuries she received from Plaintiff as follows:  Stephen Chanley, RN. of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Dr. Joshua N. Doros, of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Brigitte B. Korkuch, PA of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Asal Khosroabadi, LCSW (Social Worker) of Alvarado Hospital Medical Center, 6655

13

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   Alvarado Road, San Diego, CA 92120-5208, Dr. Harshawn Malhi of Alvarado

2   Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, Kelly

3   Valencia, RN of Palomar Health Forensic Health Services – Poway, 15615

4   Pomerado Road, Poway, CA 92064, Dr. Varinthrej Pitis of Scripps Clinic Carmel

5   Valley, 3811 Valley Centre Drive, San Diego, CA 92130, Dr. Erica Moses, San

6   Diego Center for Trauma Recovery, 1761 Hotel Circle S, Ste. 315, San Diego, CA

7   92108, and as yet unknown employees of American Urgent Care, 8590 Rio San

8   Diego Dr., #111, San Diego, CA 92108.

9        Treatment for injuries sustained as a result of Trevor Bauer's battery/sexual

10  battery.

11       Dates: May 17, 2021-May 18, 2021.

12       Dr. Erica Moses, San Diego Center for Trauma Recovery, 1761 Hotel Circle

13  S, Ste. 315, San Diego, CA 92108

14       Therapy for Trevor Bauer's battery/sexual battery.

15       Dates: June 15, 2021-August 11, 2021.

16  **INTERROGATORY NO. 16:**

17       Identify all dates that you communicated with a therapist, counselor,

18  substance use treatment provider, or other mental health care provider from age

19  eighteen (18) to the present.

20  **RESPONSE TO INTERROGATORY NO. 16:**

21       Objection.  Responding Party objects to this request as overbroad in terms of

22  time.  Responding Party also objects to the extent it seeks information which is not

23  relevant to the pending litigation and not proportional to the needs of the case.

24  (FRCP 26(b)(1).)  Responding Party object that the interrogatory contains subparts.

25  Responding Party objects that the request is unreasonable and propounded primarily

26  to harass or burden Responding Party. (FRCP 26(g)). Responding Party objects that

27  this interrogatory violates the physician-patient and/or psychotherapist-patient

28  privilege held by this Respondent. Responding Party objects that the interrogatory

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  violates the privacy rights of Responding Party. Responding Party objects that the

2  information sought is inadmissible character evidence and not admissible pursuant

3  to Fed. Rules of Evid. Rule 404. Responding Party objects to the extent the

4  interrogatory violates the privacy rights of Defendant.  (*Stallworth v. Brollini* (ND

5  CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does*

6  1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions,*

7  *Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610

8  F3d 530, 539, 541, fn. 47). Without waiving and subject to said objections,

9  Responding Party states she will identify the health care providers that provided

10  treatment for the injuries she received from Plaintiff as follows:

11        Dr. Erica Moses, San Diego Center for Trauma Recovery, 1761 Hotel Circle

12  S, Ste. 315, San Diego, CA 92108

13        Therapy for battery/sexual battery by Trevor Bauer

14        Dates: June 15, 2021-August 11, 2021.

15  **INTERROGATORY NO. 17:**

16        Provide a list of every medical and/or mental health condition of which you

17  have been diagnosed from age eighteen (18) to the present. For each, provide the

18  date and a brief description of the diagnosis.

19  **RESPONSE TO INTERROGATORY NO. 17:**

20        Objection.  Responding Party objects to this request as overbroad in terms of

21  time.  Responding Party also objects to the extent it seeks information which is not

22  relevant to the pending litigation and not proportional to the needs of the case.

23  (FRCP 26(b)(1).)  Responding Party object that the interrogatory contains subparts.

24  Responding Party objects that the request is unreasonable and propounded primarily

25  to harass or burden Responding Party. (FRCP 26(g).) Responding Party objects that

26  this interrogatory violates the physician-patient and/or psychotherapist-patient

27  privilege held by this Respondent. Responding Party objects that the interrogatory

28  violates the privacy rights of Responding Party. Responding Party objects that the

15

1  information sought is inadmissible character evidence and not admissible pursuant

2  to Fed. Rules of Evid. Rule 404.   Responding Party objects to the extent the

3  interrogatory violates the privacy rights of Defendant.  (*Stallworth v. Brollini* (ND

4  CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does*

5  1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions,*

6  *Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610

7  F3d 530, 539, 541, fn. 47).  Responding Party will not provide a response to this

8  interrogatory.

9  **INTERROGATORY NO. 18:**

10  Provide a list of every admission to a hospital or treatment facility you have

11  had from age eighteen (18) to the present. For each, provide the date and a brief

12  description of what occurred.

13  **RESPONSE TO INTERROGATORY NO. 18:**

14  Objection.  Responding Party objects to this request as overbroad in terms of

15  time.  Responding Party also objects to the extent it seeks information which is not

16  relevant to the pending litigation and not proportional to the needs of the case.

17  (FRCP 26(b)(1).)  Responding Party object that the interrogatory contains subparts.

18  Responding Party objects that the request is unreasonable and propounded primarily

19  to harass or burden Responding Party. (FRCP 26(g).) Responding Party objects that

20  this interrogatory violates the physician-patient and/or psychotherapist-patient

21  privilege held by this Respondent. Responding Party objects that the interrogatory

22  violates the privacy rights of Responding Party.  Responding Party objects that the

23  information sought is inadmissible character evidence and not admissible pursuant

24  to Fed. Rules of Evid. Rule 404.   Responding Party objects to the extent the

25  interrogatory violates the privacy rights of Defendant.  (*Stallworth v. Brollini* (ND

26  CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does*

27  1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions,*

28  *Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

16

1   F3d 530, 539, 541, fn. 47).   Without waiving and subject to said objections,

2   Responding Party states she will identify the health care facilities that provided

3   treatment for the injuries she received from Plaintiff:  Alvarado Hospital Medical

4   Center, 6655 Alvarado Road, San Diego, CA 92120-5208; Scripps Clinic Carmel

5   Valley, 3811 Valley Centre Drive, San Diego, CA 92130; San Diego Center for

6   Trauma Recovery, 1761 Hotel Circle S, Ste. 315, San Diego, CA 92108; American

7   Family Urgent Care, 8590 Rio San Diego Dr., #111, San Diego, CA 92108.

8   **INTERROGATORY NO. 19:**

9   Identify any claim, monetary demand, or filed action made by you or on your

10   behalf arising from alleged physical, mental, or emotional injuries from January 1,

11   2013 to the present.

12   **RESPONSE TO INTERROGATORY NO. 19:**

13   Objection. Responding Party objects to this request as overbroad in terms of

14   time. Responding Party also objects to the extent it seeks information which is not

15   relevant to the pending litigation and not proportional to the needs of the case.

16   (FRCP 26(b)(1)). Without waiving, and subject to said objections, Responding Party

17   states: *Lindsey Hill v. Trevor Bauer*, Superior Court for the State of California,

18   County of Los Angeles, Case no. 21STR003198, DVRO hearing.

19   **INTERROGATORY NO. 20:**

20   State the categories of damages that you seek to recover from Mr. Bauer as a

21   result of his conduct alleged in your Allegations, and for each such category the

22   amounts in dollars you seek to recover. Include in your response each category of

23   damages listed in the "Calculation of Damages" section of your Initial Disclosures at

24   pages 7 through 9.

25   **RESPONSE TO INTERROGATORY NO. 20:**

26   Objection. Responding Party objects that the request calls for the premature

27   disclosure of expert opinion. Without waiving, and subject to said objections,

28   Responding Party states:

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   Subject to and without waiving any objections stated herein, Hill responds as
2   follows: Hill seeks to recover non-economic damages for past and future physical
3   pain and suffering, mental suffering, loss of enjoyment of life, inconvenience and
4   emotional distress. Such damages are in an unliquidated amount.

5   Hill seeks to recover lost wages that she would have earned from Lululemon
6   between May 28, 2021 and July 31, 202 (approximately nine weeks) while she was
7   on leave.  At Lululemon, Hill had been working four (4) days a week, six (6) to seven
8   (7) hours a day. Hill was paid $19/hour by Lululemon.   Accordingly, she lost
9   approximately $4,100-$4,800 in lost wages during that nine (9) week period that she
10  would have otherwise earned.

11  Hill also seeks to recover future lost wages related to her contemplated
12  employment at the Ohana College Area Sober Living Environment ("Ohana") as a
13  resident life director. Hill intended on working at both Lululemon and Ohana.
14  Because of both the physical and mental trauma that she suffered, Hill was unable to
15  start that job. Ohana orally agreed to pay Hill $2,000/month. Had Hill not been
16  battered/sexually battered and prevented from working at Ohana, she would have
17  earned those wages from June 2021 through December 2022.  Accordingly, Hill lost
18  nineteen (19) months of wages from Ohana, totaling $38,000.

19  **INTERROGATORY NO. 21:**

20  State all facts that support your contention that you suffered "severe
21  emotional distress, depression, fear, humiliation/embarrassment and anxiety" (Initial
22  Disclosures at 8) as a result of Mr. Bauer's actions alleged in your Allegations.

23  **RESPONSE TO INTERROGATORY NO. 21:**

24  Objection. Responding Party objects that the request calls for the premature
25  disclosure of expert opinion. Subject to and without waiving any objections stated
26  herein, Hill responds as follows:

27  Hill experienced various symptoms which became prominent after the
28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

batteries/sexual batteries and increased over time. These symptoms have continued through the present.  Hill has suffered from anxiety, felt depressed, humiliated, embarrassed, unmotivated, exhausted, tired/fatigued, irritable, alone and isolated, detached and disconnected from the world, worthless, uncertain, emotionally numb and had difficulty concentrating and processing.  Sometimes she would feel like she was floating outside her body. She would also sometimes feel scared or easily startled. She would also often feel on guard for danger.

Hill had trouble being around others, and avoided other people or doing things that might draw attention to herself.  Hill participated less in and had less of an interest in activities such as social or physical activities. Hill would sometimes have difficulty with ordinary tasks. Hill also experienced a loss of appetite and lost weight.

Hill would frequently wake up in the night because she was having bad dreams/nightmares about the batteries/sexual batteries. She also had difficulty sleeping and suffered from inconsistent sleep because she would be thinking about and having upsetting, unpleasant, unwanted, distressing and/or terrifying memories of the batteries/sexual batteries while resting or trying to sleep. During the day, she would also frequently have upsetting, unpleasant, unwanted, distressing and/or terrifying thoughts and memories of the batteries/sexual batteries. Hill would sometimes relive the batteries/sexual batteries as if they were happening. Such distressful thoughts and memories would often occur when Hill experienced something that reminds her of the batteries/sexual batteries.

**INTERROGATORY NO. 22:**

State all facts upon which you base your affirmative defense that Mr. Bauer has failed to mitigate his damages.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection. Responding Party objects that the request calls for the premature disclosure of expert opinion. Responding Party objects that discovery of Bauer's

19

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR BAUER'S FIRST SET OF INTERROGATORIES

1   alleged damages has not been concluded, and Bauer has withheld documents and
2   information related to those alleged damages. Without waiving, and subject to said
3   objections, Responding Party states: Responding Party has not been able to
4   determine what damages Bauer is alleging in his claims, or what he did to mitigate
5   those damages because he will not provide complete responses to discovery.

6   **INTERROGATORY NO. 23:**

7       State all facts upon which you base your affirmative defense that Mr. Bauer's
8   complaint "was not filed, is not maintained in good faith, and with reasonable
9   cause."

10  **RESPONSE TO INTERROGATORY NO. 23:**

11      Objection. Responding Party objects that the request calls for the premature
12  disclosure of expert opinion. Responding Party objects that discovery of Bauer's
13  alleged damages has not been concluded, and Bauer has withheld documents and
14  information related to those alleged damages. Without waiving, and subject to said
15  objections, Responding Party states: Plaintiff's complaint contains numerous
16  mischaracterizations and includes private and/or confidential content from Ms. Hill's
17  electronic devices.

18  **INTERROGATORY NO. 24:**

19      State all facts upon which you base your affirmative defense that Mr. Bauer's
20  complaint is barred in whole or in part by the litigation privilege

21  **RESPONSE TO INTERROGATORY NO. 24:**

22      Objection. Responding Party objects that the request calls for the premature
23  disclosure of expert opinion. Without waiving, and subject to these objections,
24  Responding Party states that Bauer's causes of action are based entirely on her
25  statements to the police in connection with its official investigation. Such statements
26  are covered by the litigation privilege. Hill did not knowingly make any false
27  statements to the police.

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**INTERROGATORY NO. 25:**

Identify every physical injury you sustained as a result of your encounters with Mr. Bauer.

**RESPONSE TO INTERROGATORY NO. 25:**

Objection. Responding Party objects that the request calls for the premature disclosure of expert opinion. Without waiving, and subject to these objections, Responding Party states: Hill suffered from physical injuries to her head and face, including an acute head injury. This resulted in pain/headaches, suffering and discomfort in Hill's head, face and jaw. The jaw pain lasted over a month.  Hill's head injury also resulted in concussion-like symptoms that lasted for several weeks. The head injury also caused vomiting, difficulty getting out of bed and constant sleeping. Hill had extreme difficulty opening her mouth and difficulty eating.  Hill also suffered from swelling and excruciating bruising on her face that lasted over a week.  Hill could not sleep on her left side because of pain and swelling.  Hill also suffered from bruising on her gums and a split open lip which made it difficult to eat and drink. Hill also suffered from a welt on the left side of the top of her head.

Hill suffered from a physical injury to her vagina/groin area. This resulted in pain, suffering and discomfort. This also caused bruising.

Hill suffered from a physical injury to her buttocks. This resulted in pain, suffering and discomfort. This also caused bruising. She had difficulty sitting.

Hill suffered from a physical injury to her anus from being sodomized. This resulted in pain, suffering and discomfort. She was also bleeding from her anus.

Hill suffered from injuries as result of being choked to the point of unconsciousness. This resulted in pain/headache, suffering, discomfort, being lightheaded and dizzy, nausea, confusion and feeling like she could barely move her body.

Additionally, pursuant to Federal Rules of Civil Procedure, Rule 33(d), Hill also makes reference to the following medical records or documents which reflect her

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

21

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

1  physical injuries: (1) photographs of Hill's face, true and correct copies of which are

2  attached hereto as **Exhibit 1**; (2) medical records from Alvarado Hospital Medical

3  Center dated May 17, 2021, true and correct copies of which are attached hereto as

4  **Exhibit 2**; (3) medical records from Alvarado Hospital Medical Center produced

5  pursuant to a subpoena, true and correct copies of which are attached hereto as

6  **Exhibit 3**; (4) Scripps medical records dated June 3, 2021, true and correct copies of

7  which are attached hereto as **Exhibit 4**; SART examination records dated May 18,

8  2021, true and correct copies of which are attached separately as **Exhibit 5**.  Please

9  note that Exhibit 5 is being attached separately as it is being designated as

10  "CONFIDENTIAL" under the Court's stipulated protective order.

11  **INTERROGATORY NO. 26:**

12       For each physical injury you identified in response to the interrogatory above,

13  provide a description of each medical intervention you received to treat such injury.

14  If none, state that.

15  **RESPONSE TO INTERROGATORY NO. 26:**

16       Objection.  Responding Party objects that Propounding Party has served

17  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

18  33(a)(1). Responding Party objects that the request calls for the premature disclosure

19  of expert opinion.

20  **INTERROGATORY NO. 27:**

21       Identify the dates of all medical appointments you cancelled from May 17,

22  2021 to the present.

23  **RESPONSE TO INTERROGATORY NO. 27:**

24       Objection. Responding Party objects that Propounding Party has served

25  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

26  33(a)(1). Responding Party objects to this request as overbroad in terms of time.

27  Responding Party also objects to the extent it seeks information which is not

28  relevant to the pending litigation and not proportional to the needs of the case.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

22

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

2   propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

3   Responding Party objects that the interrogatory violates the privacy rights of

4   Defendant. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right

5   of privacy); *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16;

6   *Shaw v. Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See

7   *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).  Responding

8   Party objects that this interrogatory violates the physician-patient and/or

9   psychotherapist-patient privilege held by this Respondent.

10  **INTERROGATORY NO. 28:**

11        Identify the dates of all mental health appointments you cancelled from May

12  17, 2021 to the present.

13  **RESPONSE TO INTERROGATORY NO. 28:**

14        Objection. Responding Party objects that Propounding Party has served

15  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

16  33(a)(1). Responding Party objects to this request as overbroad in terms of time.

17  Responding Party also objects to the extent it seeks information which is not

18  relevant to the pending litigation and not proportional to the needs of the case.

19  (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

20  propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

21  Responding Party objects that this interrogatory violates the physician-patient and/or

22  psychotherapist-patient privilege held by this Respondent. Responding Party objects

23  that the interrogatory violates the privacy rights of Responding Party. Responding

24  Party objects to the extent the interrogatory violates the privacy rights of Defendant.

25  (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy);

26  *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v.*

27  *Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton*

28  *v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

23

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   **INTERROGATORY NO. 29:**

2       Identify every activity tracking app you have used from 2020 through the

3   present, as well as all of your usernames on each app, including but not limited to

4   Strava, Nike Running, FitBit, Garmin, Runkeeper, Apple Fitness, and Whoop.

5   **RESPONSE TO INTERROGATORY NO. 29:**

6       Objection. Responding Party objects that Propounding Party has served

7   interrogatories in excess of the numerical limit  of Federal Rules of Civil Procedure

8   33(a)(1). Responding Party objects to this request as overbroad in terms of time.

9   Responding Party objects that this interrogatory violates the physician-patient and/or

10  psychotherapist-patient privilege held by this Respondent. Responding Party objects

11  that the interrogatory violates the privacy rights of Responding Party. Responding

12  Party objects to the extent the interrogatory violates the privacy rights of Defendant.

13  (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy);

14  *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v.*

15  *Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton*

16  *v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

17  **INTERROGATORY NO. 30:**

18      Identify every fitness class or fitness-related activity you engaged in between

19  May 17, 2021 and July 17, 2021.

20  **RESPONSE TO INTERROGATORY NO. 30:**

21      Objection. Responding Party objects that Propounding Party has served

22  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

23  33(a)(1). Responding Party objects to this request as overbroad in terms of time.

24  Responding Party also objects to the extent it seeks information which is not

25  relevant to the pending litigation and not proportional to the needs of the case.

26  (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

27  propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

28  Responding Party objects that this interrogatory violates the physician-patient and/or

1  psychotherapist-patient privilege held by this Respondent. Responding Party objects

2  that the interrogatory violates the privacy rights of Responding Party. Responding

3  Party objects to the extent the interrogatory violates the privacy rights of Defendant.

4  (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy);

5  *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v.*

6  *Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton*

7  *v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

8  **INTERROGATORY NO. 31:**

9      Identify every leisure activity you engaged in between May 17, 2021 and July

10  17, 2021, including but not limited to sporting events, travel, vacations, and social

11  gatherings.

12  **RESPONSE TO INTERROGATORY NO. 31:**

13      Objection. Responding Party objects that Propounding Party has served

14  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

15  33(a)(1). Responding Party objects to this request as overbroad in terms of time.

16  Responding Party also objects to the extent it seeks information which is not

17  relevant to the pending litigation and not proportional to the needs of the case.

18  (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

19  propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

20  Responding Party objects that the interrogatory violates the privacy rights of

21  Responding Party. Responding Party objects to the extent the interrogatory violates

22  the privacy rights of Defendant. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD

23  439, 444 (federal right of privacy); *West Bay One, Inc. v. Does* 1-1,653 (D DC

24  2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc*. (SD CA

25  2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539,

26  541, fn. 47).

27  **INTERROGATORY NO. 32:**

28      Identify all statements made by Mr. Bauer that you contend constitute

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

25

1  admissions concerning your Allegations.

2  **RESPONSE TO INTERROGATORY NO. 32:**

3      Objection. Responding Party objects that Propounding Party has served

4  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

5  33(a)(1).

6  **INTERROGATORY NO. 33:**

7      Identify each person with whom you or any attorney, agent, or any other

8  person acting on your behalf communicated with concerning Mr. Bauer.

9  **RESPONSE TO INTERROGATORY NO. 33:**

10     Objection. Responding Party objects that Propounding Party has served

11  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

12  33(a)(1).  Responding Party objects that the interrogatory violates the attorney-client

13  privilege and/or attorney work product doctrine and seeks information that is

14  privileged. Responding Party objects that this interrogatory seeks information from

15  third parties, and/or would be unduly burdensome to compile. Responding Party

16  also objects to the extent it seeks information which is not relevant to the pending

17  litigation and not proportional to the needs of the case.  (FRCP 26(b)(1)).  Bauer's

18  claims are based on discrete communications that Hill allegedly made to the police.

19  **INTERROGATORY NO. 34:**

20     Identify all communications between you or any attorney, agent, or other

21  person acting on your behalf and any other person concerning Mr. Bauer.

22  **RESPONSE TO INTERROGATORY NO. 34:**

23     Objection. Responding Party objects that Propounding Party has served

24  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

25  33(a)(1). Responding Party objects that the interrogatory violates the attorney-client

26  privilege and/or attorney work product doctrine and seeks information that is

27  privileged. Responding Party objects that this interrogatory seeks information from

28  third parties, and/or would be unduly burdensome to compile. Responding Party

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1833787-1 MER-5137

1  also objects to the extent it seeks information which is not relevant to the pending

2  litigation and not proportional to the needs of the case.  (FRCP 26(b)(1)).  Bauer's

3  claims are based on discrete communications that Hill allegedly made to the police.

4  **INTERROGATORY NO. 35:**

5      Identify all documents containing any statements by you or any attorney,

6  agent or other person acting on your behalf concerning Mr. Bauer.

7  **RESPONSE TO INTERROGATORY NO. 35:**

8      Objection. Responding Party objects that Propounding Party has served

9  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

10  33(a)(1). Responding Party objects that the interrogatory violates the attorney-client

11  privilege and/or attorney work product doctrine and seeks information that is

12  privileged. Responding Party objects that this interrogatory seeks information from

13  third parties, and/or would be unduly burdensome to compile. Responding Party

14  also objects to the extent it seeks information which is not relevant to the pending

15  litigation and not proportional to the needs of the case.  (FRCP 26(b)(1)).  Bauer's

16  claims are based on discrete communications that Hill allegedly made to the police.

17  **INTERROGATORY NO. 36:**

18      Identify every lie or untrue statement you told to any third party regarding

19  your encounters with Mr. Bauer, including but not limited to, your lies regarding

20  "the date and location" of the encounters. See Hill Answer (ECF No. 34) ¶ 78.

21  **RESPONSE TO INTERROGATORY NO. 36:**

22      Objection. Responding Party objects that Propounding Party has served

23  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

24  33(a)(1).. Responding Party objects that the interrogatory is argumentative.

25  Responding Party also objects to the extent it seeks information which is not

26  relevant to the pending litigation and not proportional to the needs of the case.

27  (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

28  allegedly made to the police.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

27

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

**INTERROGATORY NO. 37:**

Identify every lie or untrue statement you told to Mr. Bauer at any time regarding any subject matter.

**RESPONSE TO INTERROGATORY NO. 37:**

Objection. Responding Party objects that Propounding Party has served interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure 33(a)(1). Responding Party objects that the interrogatory is argumentative. Responding Party also objects to the extent it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)).

**INTERROGATORY NO. 38:**

Identify every text message supporting your assertion that Mr. Bauer "texted [you] nonstop." See Hill Answer (ECF No. 34) ¶ 120.

**RESPONSE TO INTERROGATORY NO. 38:**

Objection. Responding Party objects that Propounding Party has served interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure 33(a)(1). Responding Party objects that the interrogatory is argumentative.

**INTERROGATORY NO. 39:**

Identify all instances you had sexual intercourse with Mr. Bauer. For each instance, provide a date and approximate time.

**RESPONSE TO INTERROGATORY NO. 39:**

Objection. Responding Party objects that Propounding Party has served interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure 33(a)(1). Responding Party objects that the interrogatory is argumentative.

**INTERROGATORY NO. 40:**

State with particularity all sexual acts to which you consented with Mr. Bauer on April 21-22, 2021.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  **RESPONSE TO INTERROGATORY NO. 40:**

2  Objection. Responding Party objects that Propounding Party has served

3  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

4  33(a)(1). Responding Party objects that the interrogatory is argumentative.

5  **INTERROGATORY NO. 41:**

6  For each sexual act you listed in response to the interrogatory above, provide

7  a brief description of how you manifested your consent.

8  **RESPONSE TO INTERROGATORY NO. 41:**

9  Objection. Responding Party objects that Propounding Party has served

10  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

11  33(a)(1). Responding Party objects that the interrogatory is argumentative.

12  **INTERROGATORY NO. 42:**

13  State with particularity all sexual acts to which you did not consent with Mr.

14  Bauer on April 21-22, 2021.

15  **RESPONSE TO INTERROGATORY NO. 42:**

16  Objection. Responding Party objects that Propounding Party has served

17  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

18  33(a)(1). Responding Party objects that the interrogatory is argumentative.

19  **INTERROGATORY NO. 43:**

20  For each alleged nonconsensual sexual act you listed in response to the

21  interrogatory above, state whether, how, and when you communicated your lack of

22  consent to Mr. Bauer, and if and when he ceased the sexual act in response to your

23  communication.

24  **RESPONSE TO INTERROGATORY NO. 43:**

25  Objection. Responding Party objects that Propounding Party has served

26  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

27  33(a)(1). Responding Party objects that the interrogatory is argumentative.

28

Case No. 8:22-cv-00868 JVS(ADSx)

I1833787-1 MER-5137

DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR BAUER'S FIRST SET OF INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1 | **INTERROGATORY NO. 44:**

2 | State with particularity all sexual acts to which you consented with Mr. Bauer

3 | on May 15-16, 2021.

4 | **RESPONSE TO INTERROGATORY NO. 44:**

5 | Objection. Responding Party objects that Propounding Party has served

6 | interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

7 | 33(a)(1). Responding Party objects that the interrogatory is argumentative.

8 | **INTERROGATORY NO. 45:**

9 | For each sexual act you listed in response to the interrogatory above, provide

10 | a brief description of how you manifested your consent.

11 | **RESPONSE TO INTERROGATORY NO. 45:**

12 | Objection. Responding Party objects that Propounding Party has served

13 | interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

14 | 33(a)(1). Responding Party objects that the interrogatory is argumentative.

15 | **INTERROGATORY NO. 46:**

16 | State with particularity all sexual acts to which you did not consent with Mr.

17 | Bauer on May 15-16, 2021.

18 | **RESPONSE TO INTERROGATORY NO. 46:**

19 | Objection. Responding Party objects that Propounding Party has served

20 | interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

21 | 33(a)(1). Responding Party objects that the interrogatory is argumentative.

22 | **INTERROGATORY NO. 47:**

23 | For each alleged nonconsensual sexual act you listed in response to the

24 | interrogatory above, state whether, how, and when you communicated your lack of

25 | consent to Mr. Bauer, and if and when he ceased the sexual act in response to your

26 | communication.

27 | **RESPONSE TO INTERROGATORY NO. 47:**

28 | Objection. Responding Party objects that Propounding Party has served

30

1 interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

2 33(a)(1). Responding Party objects that the interrogatory is argumentative.

3 **INTERROGATORY NO. 48:**

4       Identify all communications between you or any attorney, agent or other

5 person acting on your behalf with any representative of the Pasadena Police

6 Department from May 1, 2021 to the present.

7 **RESPONSE TO INTERROGATORY NO. 48:**

8       Objection. Responding Party objects that Propounding Party has served

9 interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

10 33(a)(1). Responding Party objects that this interrogatory seeks information from

11 third parties, and/or would be unduly burdensome to compile. Responding Party

12 objects to this request as overbroad in terms of time. Responding Party also objects

13 to the extent it seeks information which is not relevant to the pending litigation and

14 not proportional to the needs of the case.  (FRCP 26(b)(1)). Responding Party

15 objects that the request is vague and ambiguous. Responding Party further objects

16 that the interrogatory is argumentative.

17 **INTERROGATORY NO. 49:**

18       Identify all communications between you or any attorney, agent or other

19 person acting on your behalf with any representative of the San Diego Police

20 Department from May 1, 2021 to the present.

21 **RESPONSE TO INTERROGATORY NO. 49:**

22       Objection. Responding Party objects that Propounding Party has served

23 interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

24 33(a)(1). Responding Party objects that this interrogatory seeks information from

25 third parties, and/or would be unduly burdensome to compile. Responding Party

26 objects to this request as overbroad in terms of time. Responding Party also objects

27 to the extent it seeks information which is not relevant to the pending litigation and

28 not proportional to the needs of the case.  (FRCP 26(b)(1)). Responding Party

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

31

Case No. 8:22-cv-00868 JVS(ADSx)

DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR BAUER'S FIRST SET OF  INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  objects that the request is vague and ambiguous. Responding Party objects that the

2  interrogatory is argumentative.

3  **INTERROGATORY NO. 50:**

4      Identify all communications between you or any attorney, agent or other

5  person acting on your behalf and a representative of the media from May 1, 2021 to

6  the present.

7  **RESPONSE TO INTERROGATORY NO. 50:**

8      Objection. Responding Party objects that Propounding Party has served

9  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

10  33(a)(1). Responding Party objects that this interrogatory seeks information from

11  third parties, and/or would be unduly burdensome to compile. Responding Party

12  objects to this request as overbroad in terms of time. Responding Party also objects

13  to the extent it seeks information which is not relevant to the pending litigation and

14  not proportional to the needs of the case.  (FRCP 26(b)(1)).  Bauer's claims are

15  based on discrete communications that Hill allegedly made to the police.

16  Responding Party objects that the request is vague and ambiguous. Responding

17  Party objects that the interrogatory is argumentative.

18  **INTERROGATORY NO. 51:**

19      Identify all social media accounts maintained by you from 2020 to the

20  present, including all anonymous accounts or accounts that have since been deleted.

21  Include in your response all of your usernames on each social media account.

22  **RESPONSE TO INTERROGATORY NO. 51:**

23      Objection. Responding Party objects that Propounding Party has served

24  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

25  33(a)(1). Responding Party objects to this request as overbroad in terms of time.

26  Responding Party also objects to the extent it seeks information which is not

27  relevant to the pending litigation and not proportional to the needs of the case.

28  (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

I1833787-1 MER-5137

DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

1  propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

2  **INTERROGATORY NO. 52:**

3    Identify the dates you began and ended employment at Ohana House Sober
4  Living.

5  **RESPONSE TO INTERROGATORY NO. 52:**

6    Objection. Responding Party objects that Propounding Party has served
7  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure
8  33(a)(1).

9  **INTERROGATORY NO. 53:**

10    State whether you were terminated or resigned from your employment at
11  Ohana House Sober Living.

12  **RESPONSE TO INTERROGATORY NO. 53:**

13    Objection. Responding Party objects that Propounding Party has served
14  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure
15  33(a)(1).

16  **INTERROGATORY NO. 54:**

17    Describe the circumstances surrounding the end of your employment at
18  Ohana House Sober Living.

19  **RESPONSE TO INTERROGATORY NO. 54:**

20    Objection. Responding Party objects that Propounding Party has served
21  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure
22  33(a)(1).

23  **INTERROGATORY NO. 55:**

24    Identify all medications you have been prescribed from age eighteen (18) to
25  the present.

26  **RESPONSE TO INTERROGATORY NO. 55:**

27    Objection. Responding Party objects that Propounding Party has served
28  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF INTERROGATORIES

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  33(a)(1). Responding Party objects to this request as overbroad in terms of time.

2  Responding Party also objects to the extent it seeks information which is not

3  relevant to the pending litigation and not proportional to the needs of the case.

4  (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and

5  propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

6  Responding Party objects that this interrogatory violates the physician-patient and/or

7  psychotherapist-patient privilege held by this Respondent. Responding Party objects

8  that the interrogatory violates the privacy rights of Responding Party. (*Stallworth v.*

9  *Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One,*

10  *Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian*

11  *Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton v.*

12  *Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

13  **INTERROGATORY NO. 56:**

14      Identify all medications, including over the counter medications, you

15  consumed within the 48 hours prior to April 21, 2021.

16  **RESPONSE TO INTERROGATORY NO. 56:**

17      Objection. Responding Party objects that Propounding Party has served

18  interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure

19  33(a)(1). Responding Party objects that the interrogatory violates the privacy rights

20  of Responding Party. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444

21  (federal right of privacy); *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270

22  FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc*. (SD CA 2015) 306

23  FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn.

24  47).

25  **INTERROGATORY NO. 57:**

26      Identify all medications, including over the counter medications, you

27  consumed within the 48 hours prior to May 15, 2021.

28

**RESPONSE TO INTERROGATORY NO. 57:**

Objection. Responding Party objects that Propounding Party has served interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure 33(a)(1). Responding Party objects that the interrogatory violates the privacy rights of Responding Party. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

**SPECIAL INTERROGATORY NO. 58:**

Identify every app, calendar, or other system you use to track your menstrual cycle, and provide the information you have tracked on the app, calendar, or other system, for the calendar year 2021

**RESPONSE TO SPECIAL INTERROGATORY NO. 58:**

Objection.  Responding Party objects that Propounding Party has served interrogatories in excess of the numerical limit of Federal Rules of Civil Procedure 33(a)(1).  Responding Party objects to this request as overbroad in terms of time. Responding Party also objects to the extent it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)). Responding Party objects that the request is unreasonable and propounded primarily to harass or burden Responding Party. (FRCP 26(g)).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

35

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

I1833787-1 MER-5137

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    Responding Party objects that the interrogatory violates the privacy rights of

2   Responding Party. Responding Party objects to the extent the interrogatory violates

3   the privacy rights of Defendant. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD

4   439, 444 (federal right of privacy); *West Bay One, Inc. v. Does* 1-1,653 (D DC

5   2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc*. (SD CA

6   2015) 306 FRD 293, 301; See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539,

7   541, fn. 47).

8

9   DATED:  April 13, 2023          WESIERSKI & ZUREK LLP

10

11                         By: _____

12                         CHRISTOPHER P. WESIERSKI
                           MICHELLE R. PRESCOTT
13                         Attorneys for Defendant, Lindsey C. Hill

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I1833787-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF  INTERROGATORIES

VERIFICATION TO FOLLOW

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

## <u>PROOF OF SERVICE</u>

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 29 Orchard Road, Lake Forest, CA 92630.

4

5

On April 13, 2023, I served true copies of the following document(s) described as **DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF/COUNTERCLAIM DEFENDANT TREVOR BAUER'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

6

7

8

Shawn C. Holley, Esq.                          Attorney for Plaintiff, Trevor Bauer
Kate E. Mangels, Esq.
Suann MacIssac, Esq.

9

Kinsella Weitzman Iser Kump Holley LLP

10

11766 Wilshire Blvd., Suite 750
Los Angeles, CA  90025

11

Phone: 310-566-9822
Fax: 310-566-9850

12

E-Mail: sholley@kwikhlaw.com ;
kmangels@kwikalaw.com;

13

smacisaac@kwikhlaw.com

14

Blair G. Brown, Esq.                          Attorney for Plaintiff, Trevor Bauer
Jon R. Fetterolf, Esq.

15

Nell Peyser, Esq.
Zuckerman Spaeder LLP

16

1800 M. Street, N. W. Suite 1000
Washington, D.C  20036

17

Phone: 202-778-1800
Fax: 202-882-8106

18

E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com;

19

NPeyser@Zuckerman.com;
ksimmerson@zuckerman.com

20

21

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address aramos@wzllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

22

23

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

24

25

Executed on April 13, 2023, at Lake Forest, California.

26

27

/s/ Antonio Ramos
_____
Antonio Ramos

28

Case No. 8:22-cv-00868 JVS(ADSx)

I1833787-1 MER-5137

DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR BAUER'S FIRST SET OF  INTERROGATORIES