Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal Bar. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**DECLARATION OF BLAIR G. BROWN IN SUPPORT OF JOINT STIPULATION REGARDING HILL'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENAS**<br><br>Hearing Date: May 24, 2023<br>Hearing Time: 10:00 a.m.<br>Magistrate Judge: Autumn D. Spaeth<br>Department: 6B<br><br>Action Filed: April 25, 2022 |

I, BLAIR G. BROWN, declare and state as follows:

1.     I am an attorney licensed to practice in the District of Columbia, the State of Maryland, the State of Virginia, and the State of New York and have been admitted to practice *pro hac vice* in this action. I am a partner of the law firm Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim Defendant Trevor Bauer ("Bauer") in the above-captioned action. I have personal knowledge of the matters stated in this declaration, and I could and would testify competently about them if called upon to do so.

2.     Attached to this declaration as **Exhibit A** is a true and correct copy of Defendant/Counterclaim Plaintiff Lindsey C. Hill's ("Hill") Responses to Bauer's First Set of Requests for Admission in the above-captioned action.

3.     Attached to this declaration as **Exhibit B** is a true and correct copy of Hill's Demand For Inspection And Production Of Documents, Set One, To Bauer in the above captioned-action.

4.     Attached to this declaration as **Exhibit C** is a true and correct copy of Non-Party Padres L.P.'s Objections to Subpoena *Duces Tecum*.

5.     I declare under penalty of perjury that the foregoing is true and correct.



Executed this 28th day of April, 2023, in Washington, D.C.


                                        */s/ Blair G. Brown*
                                        Blair G. Brown

EXHIBIT A

1  Christopher P. Wesierski [Bar No. 086736]
       *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
       *mprescott@wzllp.com*
3  Eileen Spadoni [Bar No. 133259]
       *espadoni@wzllp.com*
4  Brett A. Smith [Bar No. 322707]
       *bsmith@wzllp.com*
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8  Bryan J. Freedman, Esq. (SBN: 151990)
       *bfreedman@ftllp.com*
9  Jesse A. Kaplan, Esq. (SBN: 255059)
       *jkaplan@ftllp.com*
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile:  (310) 201-0045

13 Attorneys for Defendant, Lindsey C. Hill

14

15                    UNITED STATES DISTRICT COURT

16       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17

18 TREVOR BAUER,                        Case No. 8:22-cv-00868 JVS(ADSx)

19            Plaintiff,                **DEFENDANT LINDSEY C HILL'S
                                        RESPONSES TO**
20       vs.                            **PLAINTIFF/COUNTERCLAIM
                                        DEFENDANT TREVOR BAUER'S**
21 LINDSEY C HILL AND NIRANJAN          **FIRST SET OF REQUESTS FOR**
   FRED THIAGARAJAH,                    **ADMISSION**
22
              Defendant.
23                                      Trial Date:        None Set

24

25      PROPOUNDING PARTY:  PLAINTIFF, TREVOR BAUER

26      RESPONDING PARTY:   DEFENDANT, LINDSEY C. HILL

27      SET NO.:            ONE

28
                                          1              Case No. 8:22-cv-00868 JVS(ADSx)

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975 1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  Defendant, LINDSEY C HILL, by and through its attorneys of record,

2  Wesierski & Zurek LLP, responds to plaintiff's request for admission and copying as

3  follows:

4  **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

5  After a reasonable and diligent search, this responding party will provide

6  copies of all documents in his possession, custody or control which are responsive to

7  each category set forth in this request.  These documents will be produced subject to

8  the objections set forth below.

9  Investigative efforts to locate additional documents are ongoing and will be

10  continuing during the course of this litigation.  If documents are discovered which

11  fall within a category of this request and are not subject to an objection set forth

12  herein, these documents will be made available upon proper request.

13  By responding to this request and producing any document, defendant does

14  not concede that any category set forth herein seeks relevant information or seeks

15  information that is reasonably calculated to lead to the discovery of admissible

16  evidence.  Defendant expressly reserves the right to any and all objections as to

17  competency, materiality, relevancy, privilege and admissibility of any documents

18  produced and the right to object to further discovery relating to the subject matter of

19  any document produced.

20  Defendant objects generally to these requests to the extent they seek

21  discovery of attorney work product and trial preparation materials or

22  communications protected by the attorney-client privilege.

23  Discovery is still at an early stage and there may be other and further

24  information affecting the Demand for Production of which this responding party

25  despite reasonable investigation and inquiry, is presently unaware.  This responding

26  party is continuing the development of facts and legal issues which are presented in

27  this matter and inquired into by the Demand for Production.  This responding party

28  reserves the right to modify or to enlarge these responses with such pertinent

Case No. 8:22-cv-00868 JVS(ADSx)

DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

1 | additional information and documents as may subsequently be discovered.
2 | Furthermore, these responses are made by this responding party without prejudice to
3 | this responding party's use or reliance at trial on subsequent discovered documents
4 | or information or on documents or information omitted from these responses as a
5 | result of good faith oversight, error or mistake.

6 | No incidental or implied admissions are intended by the responses herein.
7 | The fact that this responding party has responded or objected to any request or part
8 | thereof shall not be deemed an admission that this responding party accepts or
9 | admits the existence of any facts set forth or assumed by such request or that such
10 | response or objection constitutes admissible evidence. The fact that this responding
11 | party has responded to part or all of any request, is not intended to and shall not be
12 | construed as a waiver of any part of any objection to any request.

13 | In the event that any document to which an objection is made should be
14 | produced inadvertently, such production shall not constitute a waiver of the
15 | objection by defendant to the production of the documents produced or similar
16 | documents.

17 | **REQUEST FOR ADMISSION NO. 1:**

18 | Admit that you deleted your Instagram message thread with Bauer.

19 | **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

20 | Admit.

21 | **REQUEST FOR ADMISSION NO. 2:**

22 | Admit that you did not save screenshot images of all Instagram message
23 | communications with Bauer.

24 | **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

25 | Admit.

26 | **REQUEST FOR ADMISSION NO. 3:**

27 | Admit that you deleted text message communications between you and Bauer
28 | between April 18, 2021 and May 17, 2021.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you deleted some of your text message communications with Bauer after you met with the Pasadena Police on May 18, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you deleted some of your Instagram message communications with Bauer after you met with the Pasadena Police on May 18, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not save screenshot images of all text message communications with Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you communicated via text message with Lisa Decker between May 19, 2021 and May 27, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you do not have text messages with Lisa Decker from the period between May 19, 2021 and May 27, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you did not provide text messages with Lisa Decker between May 19, 2021 and May 27, 2021 to Bauer in connection with the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you did not provide text messages with Lisa Decker between May 19, 2021 and May 27, 2021 to counsel representing you in the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party objects that this Request for Admission violates the attorney-client privilege, and seeks information that is privileged.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you communicated via text message with Ciramely Maya between May 18, 2021 and May 28, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you do not have text messages with Ciramely Maya between May 18, 2021 and May 28, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you did not provide text messages with Ciramely Maya between May 18, 2021 and May 28, 2021 to Bauer in connection with the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admit.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR ADMISSION NO. 14:**

Admit that you did not provide text messages with Ciramely Maya between May 18, 2021 and May 28, 2021 to counsel representing you in the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Responding Party objects that this Request for Admission violates the attorney-client privilege, and seeks information that is privileged.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you took the video of yourself and Bauer on May 16, 2021 at approximately 9:03 a.m. PT, Bates stamped PPD0000019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Bauer was asleep in the video Bates stamped PPD0000019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you did not ask Bauer his consent to take the video Bates stamped PPD0000019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)). Whether Bauer consented to the video is irrelevant to any of the claims or defenses in this lawsuit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you provided the video Bates stamped PPD0000019 to your counsel, Bryan Freedman, on or around July 5, 2021.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Responding Party objects that this Request for Admission violates the attorney-client privilege, and seeks information that is privileged.

**REQUEST FOR ADMISSION NO. 19:**

Admit that neither you nor your counsel provided the video Bates stamped PPD0000019 to Bauer or his counsel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you were not questioned about the video Bates stamped PPD0000019 during the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you created the anonymous Twitter account @Anonymo27469351.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill allegedly made to the police.

**REQUEST FOR ADMISSION NO. 22:**

Admit that you authored the tweets from the account @Anonymo27469351 Bates stamped TB_00000006–15.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

1 allegedly made to the police.

2 **REQUEST FOR ADMISSION NO. 23:**

3      Admit that you created the anonymous Twitter account

4 @Anonymo78460811.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

6      Responding Party objects to this Request as it seeks information which is not

7 relevant to the pending litigation and not proportional to the needs of the case.

8 (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

9 allegedly made to the police.

10 **REQUEST FOR ADMISSION NO. 24:**

11      Admit that you authored the tweets from the account @Anonymo78460811

12 Bates stamped TB_00000020–22.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14      Responding Party objects to this Request as it seeks information which is not

15 relevant to the pending litigation and not proportional to the needs of the case.

16 (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

17 allegedly made to the police.

18 **REQUEST FOR ADMISSION NO. 25:**

19      Admit that you created the anonymous Twitter account

20 @Anonymo67720221.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

22      Responding Party objects to this Request as it seeks information which is not

23 relevant to the pending litigation and not proportional to the needs of the case.

24 (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

25 allegedly made to the police.

26 **REQUEST FOR ADMISSION NO. 26:**

27      Admit that you authored the tweets from the account @Anonymo67720221

28 Bates stamped TB_00000016–19.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill allegedly made to the police.

**REQUEST FOR ADMISSION NO. 27:**

Admit that in response to the letter sent by counsel for Bauer on March 10, 2022, Bates stamped TB_00000004, your lawyers sent the letter Bates stamped TB_00000025.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill allegedly made to the police.

**REQUEST FOR ADMISSION NO. 28:**

Admit that on April 21, 2021 or April 22, 2021, you consented to vaginal sex with Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admit.

**REQUEST FOR ADMISSION NO. 29:**

Admit that on April 21, 2021 or April 22, 2021 you told Bauer that you were "okay with a little bit rough."

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Hill admits that she stated that.

**REQUEST FOR ADMISSION NO. 30:**

Admit that on April 21, 2021 or April 22, 2021, you consented to being choked by Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Hill admits that she initially consented to being choked, but that she did not consent to the excessive and dangerous choking that followed.

**REQUEST FOR ADMISSION NO. 31:**

Admit that on May 15, 2021 or May 16, 2021, you consented to vaginal sex with Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admit.

**REQUEST FOR ADMISSION NO. 32:**

Admit that on May 15, 2021 or May 16, 2021, you consented to being choked by Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Hill admits that she initially consented to being choked, but that she did not consent to the excessive and dangerous choking that followed.

**REQUEST FOR ADMISSION NO. 33:**

Admit that on May 15, 2021 or May 16, 2021, you consented to being slapped by Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Admit.

**REQUEST FOR ADMISSION NO. 34:**

Admit that on May 15, 2021 or May 16, 2021, you consented to being spanked by Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Deny.

**REQUEST FOR ADMISSION NO. 35:**

Admit that on May 15, 2021 or May 16, 2021, you consented to being hit by Bauer.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Deny.

**REQUEST FOR ADMISSION NO. 36:**

Admit that on May 15, 2021 or May 16, 2021, you established a safe word with Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Admit.

**REQUEST FOR ADMISSION NO. 37:**

Admit that on May 15, 2021 or May 16, 2021, Bauer stopped the sexual encounter when you stated a portion of the safe word.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Admit.

**REQUEST FOR ADMISSION NO. 38:**

Admit that on May 15, 2021 or May 16, 2021, you told Bauer that the only action he could not do was to stick his fingers down your throat.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Hill admits that on May 15, 2021 or May 16, 2021, she told Bauer that he could not stick his fingers down her throat.  Hill denies that she told Bauer that this was the only action that he could not do.

**REQUEST FOR ADMISSION NO. 39:**

Admit that on May 15, 2021 or May 16, 2021, Bauer did not stick his fingers down your throat.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Admit.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Bauer did not have anal sex with you on May 15 or 16, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Admit.

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

I1835341-1 MER-5137

**REQUEST FOR ADMISSION NO. 41:**

Admit that you told Bauer that you had engaged in rough sex with other partners prior to April 21, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Admit.

**REQUEST FOR ADMISSION NO. 42:**

Admit that you told Bauer that you had been choked by other partners during sex prior to April 21, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Admit.

**REQUEST FOR ADMISSION NO. 43:**

Admit that you told Bauer that being choked by partners during sex was "kind of like an escape" for you.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Admit.

**REQUEST FOR ADMISSION NO. 44:**

Admit that you did not tell Bauer that you lacked experience having rough sex.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Admit.

**REQUEST FOR ADMISSION NO. 45:**

Admit that you did not tell the Sexual Assault Nurse Examiner that Bauer had anal sex with you without your consent on April 21, 2021 or April 22, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Admit.

**REQUEST FOR ADMISSION NO. 46:**

Admit that you told your counsel in the DVRO proceeding that "it is really my hope that if the media does not put out facts from my declaration or the pictures

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1835341-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1    by this evening, that we do it."

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

3           Responding Party objects that this Request for Admission violates the

4    attorney-client privilege, and seeks information that is privileged.

5    **REQUEST FOR ADMISSION NO. 47:**

6           Admit that your counsel, Bryan Freedman, submitted a photograph taken in

7    connection with the SART exam to TMZ on August 5, 2021.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

9           Responding Party objects that this Request for Admission violates the

10   attorney-client privilege, seeks information that is privileged..  Responding Party

11   also objects to this Request as it seeks information which is not relevant to the

12   pending litigation and not proportional to the needs of the case.  (FRCP 26(b)(1)).

13   Bauer's claims are based on discrete communications that Hill allegedly made to the

14   police.

15   **REQUEST FOR ADMISSION NO. 48:**

16          Admit that Judge Dianna Gould-Saltman stated that you consented to "being

17   choked."

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

19          Responding Party objects to this Request as it seeks information which is not

20   relevant to the pending litigation and not proportional to the needs of the case.

21   (FRCP 26(b)(1)).  Statements made by the court in the DVRO proceeding are not

22   relevant to the claims and defenses in this action.

23   **REQUEST FOR ADMISSION NO. 49:**

24          Admit that Judge Dianna Gould-Saltman stated that you were "not ambiguous

25   about wanting rough sex in the Parties' first encounter and wanting rougher sex in

26   the second encounter."

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

28          Responding Party objects to this Request as it seeks information which is not

                                          13

1  relevant to the pending litigation and not proportional to the needs of the case.

2  (FRCP 26(b)(1)).  Statements made by the court in the DVRO proceeding are not

3  relevant to the claims and defenses in this action.

4  **REQUEST FOR ADMISSION NO. 50:**

5      Admit that Judge Dianna Gould-Saltman stated that Bauer "did not exceed the

6  limits that petitioner set."

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

8      Responding Party objects to this Request as it seeks information which is not

9  relevant to the pending litigation and not proportional to the needs of the case.

10  (FRCP 26(b)(1)).  Statements made by the court in the DVRO proceeding are not

11  relevant to the claims and defenses in this action.

12  **REQUEST FOR ADMISSION NO. 51:**

13      Admit that Judge Dianna Gould-Saltman stated that your initial declaration

14  seeking a restraining order was "materially misleading."

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

16      Responding Party objects to this Request as it seeks information which is not

17  relevant to the pending litigation and not proportional to the needs of the case.

18  (FRCP 26(b)(1)).  Statements made by the court in the DVRO proceeding are not

19  relevant to the claims and defenses in this action.

20  **REQUEST FOR ADMISSION NO. 52:**

21      Admit that the document Bates stamped TB_00004692 is a true and correct

22  copy of a February 5, 2023, post that you made on the Instagram account belonging

23  to @soph_a.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

25      Responding Party also objects to this Request as it seeks information which is

26  not relevant to the pending litigation and not proportional to the needs of the case.

27  (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

28  allegedly made to the police.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR ADMISSION NO. 53:**

Admit the document Bates stamped TB_00000424–448 is a true and correct copy of the text messages between yourself and Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Admit.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the document Bates stamped TB_00000348–423 is a true and correct copy of the Instagram messages between yourself and Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Admit.

**REQUEST FOR ADMISSION NO. 55:**

Admit that the document Bates stamped TB_00000496–707 is a true and correct copy of text messages between yourself and Ciramely Maya.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)). Bauer's claims are based on discrete communications that Hill allegedly made to the police.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the document Bates stamped TB_00001458–1685 is a true and correct copy of text messages between yourself and Lisa Decker.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Admit.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the document Bates stamped TB_00001313–1342 is a true and correct copy of text messages between yourself and Kyle Erickson.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Admit.

15

I1835341-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 58:**

Admit that the document Bates stamped TB_00000955–965 is a true and correct copy of text messages between yourself, Kyle Erickson, and Tony Prince.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Admit.

**REQUEST FOR ADMISSION NO. 59:**

Admit that the document Bates stamped TB_00000449–468 is a true and correct copy of messages between yourself and Derek Dawson.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Admit.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the documents Bates stamped PPD0009559–9706 is a true and correct copy of text messages between yourself and Franklin.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Admit.

**REQUEST FOR ADMISSION NO. 61:**

Admit that in the text message Bates stamped PPD0009596, you asked Franklin "what should I steal" from Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Admit.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the documents Bates stamped PPD0006948–7036 is a true and correct copy of text messages between yourself and "Lafaele," a/k/a Justin Veasau.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Admit.

**REQUEST FOR ADMISSION NO. 63:**

Admit that in the text message Bates stamped PPD0007020, you sent a message to "Lafaele," a/k/a Justin Veasau, concerning Bauer in which you stated:

II835341-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

1  "being an absolute WHORE to try to get in on his 51 million".

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

3      Admit.

4  **REQUEST FOR ADMISSION NO. 64:**

5      Admit that in the text message Bates stamped PPD0007033, you sent a

6  message to "Lafaele," a/k/a Justin Veasau, in which you stated: "gimme 50 million

7  and im doing GREAT".

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

9      Admit.

10

11  DATED:  April 14, 2023          WESIERSKI & ZUREK LLP

12

13                                      By: _____

14                                          CHRISTOPHER P. WESIERSKI
                                            MICHELLE R. PRESCOTT
15                                          Attorney for Defendant, Lindsey C. Hill

16

17

18

19

20

21

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1835341-1 MER-5137

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 29 Orchard Road, Lake Forest, CA 92630.

On April 14, 2023, I served true copies of the following document(s) described as  on the interested parties in this action as follows:

| | |
|---|---|
| Shawn C. Holley, Esq.<br>Kate E. Mangels, Esq.<br>Suann MacIssac, Esq.<br>Kinsella Weitzman Iser Kump Holley LLP<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, CA  90025<br>Phone: 310-566-9822<br>Fax: 310-566-9850<br>E-Mail: sholley@kwikhlaw.com ;<br>kmangels@kwikalaw.com;<br>smacisaac@kwikhlaw.com | Attorney for Plaintiff, Trevor Bauer |
| Blair G. Brown, Esq.<br>Jon R. Fetterolf, Esq.<br>Nell Peyser, Esq.<br>Zuckerman Spaeder LLP<br>1800 M. Street, N. W. Suite 1000<br>Washingtion, D.C  20036<br>Phone: 202-778-1800<br>Fax: 202-882-8106<br>E-Mail: bbrown@zuckerman.com;<br>jfetterolf@zuckerman.com;<br>NPeyser@Zuckerman.com;<br>ksimmerson@zuckerman.com | Attorney for Plaintiff, Trevor Bauer |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address aramos@wzllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 2023, at Lake Forest, California.

/s/ Antonio Ramos
Antonio Ramos

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

# EXHIBIT B

1  Christopher P. Wesierski [Bar No. 086736]
     *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
     *mprescott@wzllp.com*
3  Eileen Spadoni [Bar No. 133259]
     *espadoni@wzllp.com*
4  Brett A. Smith [Bar No. 322707]
     *bsmith@wzllp.com*
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8  Bryan J. Freedman, Esq. (SBN: 151990)
     *bfreedman@ftllp.com*
9  Jesse A. Kaplan, Esq. (SBN: 255059)
     *jkaplan@ftllp.com*
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile:  (310) 201-0045

13 Attorneys for Defendant, Lindsey C. Hill

14

15          UNITED STATES DISTRICT COURT

16   CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17

18 TREVOR BAUER,                          Case No. 8:22-cv-00868 JVS(ADSx)

19          Plaintiff,                    **DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS.**

20     vs.                                **[C.C.P.§§2031.010 et seq.]**

21 LINDSEY C HILL AND NIRANJAN            Trial Date:        None Set
   FRED THIAGARAJAH,
22
          Defendant.
23

24

25     PROPOUNDING PARTY:  DEFENDANT, LINDSEY HILL

26     RESPONDING PARTY:   PLAINTIFF, TREVOR BAUER

27     SET NO.:            ONE

28

*(Left margin, vertical text):* WESIERSKI & ZUREK LLP  LAWYERS  29 ORCHARD ROAD  LAKE FOREST, CALIFORNIA 92630  (949) 975 1000

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LINDSEY HILL ("Hill") propounds the following Requests for Production of Documents to Plaintiff TREVOR BAUER ("Bauer" or "Plaintiff"), individually. Plaintiff is to provide a written response to this document's requests and produce documents responsive to the requests within thirty days following service hereof. Production is to occur at the offices of the Wesierski & Zurek LLP, 29 Orchard Road, Lake Forest, CA 92630. The time for such inspection shall be 10:00 a.m. within thirty (30) days after service of these requests, and continuing so long as reasonably required.

## INSTRUCTIONS AND DEFINITION OF TERMS

A.    The terms "PLAINTIFF," "YOU," and "YOUR" shall mean Plaintiff TREVOR BAUER, individually and includes all, agents and representatives for Plaintiff as well as any other person or entity acting on his behalf, pursuant to his authority, or subject to its control.

B.    Whenever the terms "DOCUMENTS" or "all DOCUMENTS" are used herein, these terms are meant to include all documents available to YOU and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or visualized by any other process, specifically including (1) all original, copies, or drafts, and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic material, however produced or reproduced, in the actual or constructive possession of you, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monograph, bulletins, manuals, speeches, audio and video tapes or memoranda, drawings, blueprints, recordings, computer discs, computer electronic or optical memory devices in readable form, computer printouts, external hard drives, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

2

retrieved by any process, test, and/or analysis, reports, and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants or consulting engineers, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, online posts and direct messages, and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

C.      In the event that YOU wish to assert a privilege as to any document for which identification is requested by any of the following requests, then as to each document subject to such assertion, YOU are requested to provide such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

D.      Whenever the term "COMPLAINT" is used in an interrogatory, it refers to the COMPLAINT filed in the matter of *Bauer v. Hill* in the United States District Court for the Central District of California, Case No. Case No. 8:22-cv-00868 JVS(ADSx).

The following is the designation of the documents to be produced for inspection:

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill fabricated allegations of sexual assault against Plaintiff Trevor Bauer" as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill … made false and malicious statements about [YOU]" as alleged in paragraph 1 of

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  YOUR COMPLAINT.

2  **REQUEST FOR PRODUCTION NO. 3:**

3       Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill

4  … generated a media blitz based on her lies" as alleged in paragraph 1 of YOUR

5  COMPLAINT.

6  **REQUEST FOR PRODUCTION NO. 4:**

7       Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted

8  to destroy Mr. Bauer's reputation and baseball career" as alleged in paragraph 1 of

9  YOUR COMPLAINT.

10  **REQUEST FOR PRODUCTION NO. 5:**

11       Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted

12  to … garner attention for herself" as alleged in paragraph 1 of YOUR

13  COMPLAINT.

14  **REQUEST FOR PRODUCTION NO. 6:**

15       Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted

16  to … extract millions of dollars from Mr. Bauer" as alleged in paragraph 1 of

17  YOUR COMPLAINT.

18  **REQUEST FOR PRODUCTION NO. 7:**

19       Produce all DOCUMENTS that support YOUR contention that "the damage

20  to Mr. Bauer has been extreme" as alleged in paragraph 1 of YOUR COMPLAINT.

21  **REQUEST FOR PRODUCTION NO. 8:**

22       Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's

23  goal was to lure Mr. Bauer into having a rougher sexual experience so she could

24  later claim this sexual experience was not what she requested and thereby lay the

25  groundwork for a financial settlement" as alleged in paragraph 3 of YOUR

26  COMPLAINT.

27  **REQUEST FOR PRODUCTION NO. 9:**

28       Produce all DOCUMENTS that support YOUR contention that "During their

I1746665-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
Demand for Inspection and Production of Documents to Plaintiff Bauer,
Set One.

1  second encounter, the two again engaged in consensual rough sex that involved the

2  rough sexual acts that Ms. Hill requested" as alleged in paragraph 3 of YOUR

3  COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 10:**

5      Produce all DOCUMENTS that support YOUR contention that "[Hill] texted

6  her close confidants to tell them that Mr. Bauer had taken things too far during

7  consensual sex" as alleged in paragraph 4 of YOUR COMPLAINT.

8  **REQUEST FOR PRODUCTION NO. 11:**

9      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

10  filed a false police report" as alleged in paragraph 5 of YOUR COMPLAINT.

11  **REQUEST FOR PRODUCTION NO. 12:**

12      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

13  allegations were false" as alleged in paragraph 6 of YOUR COMPLAINT.

14  **REQUEST FOR PRODUCTION NO. 13:**

15      Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer

16  respected the boundaries established and agreed upon with Ms. Hill" as alleged in

17  paragraph 6 of YOUR COMPLAINT.

18  **REQUEST FOR PRODUCTION NO. 14:**

19      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's

20  allegations in the DVRO Petition against Mr. Bauer were false and misleading" as

21  alleged in paragraph 8 of YOUR COMPLAINT.

22  **REQUEST FOR PRODUCTION NO. 15:**

23      Produce all DOCUMENTS that support YOUR contention that "[Hill]

24  travelled 2.5 hours each way from her home on her own volition to have sex with

25  Mr. Bauer" as alleged in paragraph 8 of YOUR COMPLAINT.

26  **REQUEST FOR PRODUCTION NO. 16:**

27      Produce all DOCUMENTS that support YOUR contention that "[Hill's]

28  contemporaneous communications with Mr. Bauer, as well as those with her friends

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Case No. 8:22-cv-00868 JVS(ADSx)

I1746665-1 MER-5137

Demand for Inspection and Production of Documents to Plaintiff Bauer,
Set One.

1  and family members, were wholly inconsistent with the allegations she submitted in

2  the DRVO Petition" as alleged in paragraph 8 of YOUR COMPLAINT.

3  **REQUEST FOR PRODUCTION NO. 17:**

4          Produce all DOCUMENTS that support YOUR contention that Ms. Hill

5  "selectively omitted medical reports that were inconsistent with her claimed injuries

6  and the alleged conduct of Mr. Bauer" as alleged in paragraph 8 of YOUR

7  COMPLAINT.

8  **REQUEST FOR PRODUCTION NO. 18:**

9          Produce all DOCUMENTS that support YOUR contention that "the Petition

10  attached photos of Ms. Hill's alleged injuries that were taken and filtered in a

11  manner to make it appear that she had suffered gruesome injuries" as alleged in

12  paragraph 8 of YOUR COMPLAINT.

13  **REQUEST FOR PRODUCTION NO. 19:**

14          Produce all DOCUMENTS that support YOUR contention that "Ms.

15  Hill…engaged in a defamatory media campaign to further smear Mr. Bauer's

16  reputation and to ensure that Ms. Hill's fabricated story gained maximum media

17  exposure" as alleged in paragraph 10 of YOUR COMPLAINT.

18  **REQUEST FOR PRODUCTION NO. 20:**

19          Produce all DOCUMENTS that support YOUR contention that "Ms. Hill …

20  also failed to preserve material evidence" as alleged in paragraph 11 of YOUR

21  COMPLAINT.

22  **REQUEST FOR PRODUCTION NO. 21:**

23          Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

24  deliberately deleted scores of text messages, videos. and photographs from her

25  phone" as alleged in paragraph 11 of YOUR COMPLAINT.

26  **REQUEST FOR PRODUCTION NO. 22:**

27          Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's

28  allegations were revealed to be false during an August 2021 hearing to determine

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

6

1  the validity of the temporary *ex parte* restraining order" as alleged in paragraph 12

2  of YOUR COMPLAINT.

3  **REQUEST FOR PRODUCTION NO. 23:**

4       Produce all DOCUMENTS that support YOUR contention that "the Court

5  concluded that Mr. Bauer did not abuse or assault Ms. Hill or engage in non-

6  consensual sex with her" as alleged in paragraph 12 of YOUR COMPLAINT.

7  **REQUEST FOR PRODUCTION NO. 24:**

8       Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was

9  motivated by desires to negatively influence Mr. Bauer's baseball performance" as

10  alleged in paragraph 13 of YOUR COMPLAINT.

11  **REQUEST FOR PRODUCTION NO. 25:**

12       Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was

13  motivated by desires to … destroy [YOUR] career" as alleged in paragraph 13 of

14  YOUR COMPLAINT.

15  **REQUEST FOR PRODUCTION NO. 26:**

16       Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was

17  motivated by desires to … gain a settlement by making false allegation against Mr.

18  Bauer" as alleged in paragraph 13 of YOUR COMPLAINT.

19  **REQUEST FOR PRODUCTION NO. 27:**

20       Produce all DOCUMENTS that support YOUR contention that "That contract

21  made [YOU] the highest paid MLB player for the 2021 season" as alleged in

22  paragraph 26 of YOUR COMPLAINT.

23  **REQUEST FOR PRODUCTION NO. 28:**

24       Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

25  searched for Mr. Bauer on the internet in order to learn more about him" as alleged

26  in paragraph 28 of YOUR COMPLAINT.

27  **REQUEST FOR PRODUCTION NO. 29:**

28       Produce all DOCUMENTS that support YOUR contention that Fernando

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1746665-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
Demand for Inspection and Production of Documents to Plaintiff Bauer,
Set One.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  Tatis is someone "with whom Ms. Hill had a prior sexual relationship" as alleged in

2  paragraph 31 of YOUR COMPLAINT.

3  **REQUEST FOR PRODUCTION NO. 30:**

4    Produce all DOCUMENTS that support YOUR contention that "While at Mr.

5  Bauer's house, and unbeknownst to him, she took pictures of the inside of his house

6  and texted them to her cousin" as alleged in paragraph 40 of YOUR COMPLAINT.

7  **REQUEST FOR PRODUCTION NO. 31:**

8    Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer

9  sought greater clarity about what, specifically, Ms. Hill meant by 'rough'" as alleged

10  in paragraph 44 of YOUR COMPLAINT.

11  **REQUEST FOR PRODUCTION NO. 32:**

12    Produce all DOCUMENTS that support YOUR contention that "The two also

13  discussed engaging in choking during sex" as alleged in paragraph 43 of YOUR

14  COMPLAINT.

15  **REQUEST FOR PRODUCTION NO. 33:**

16    Produce all DOCUMENTS that support YOUR contention that "Ms. Hill also

17  told Mr. Bauer that she had experimented with choking in the past and was

18  interested in trying it that night" as alleged in paragraph 43 of YOUR

19  COMPLAINT.

20  **REQUEST FOR PRODUCTION NO. 34:**

21    Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

22  realized while they were having sex that she was lightly bleeding because of her

23  menstrual cycle" as alleged in paragraph 46 of YOUR COMPLAINT.

24  **REQUEST FOR PRODUCTION NO. 35:**

25    Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

26  continued to brag to her friends about Mr. Bauer, alluding to … her ability to harm

27  his baseball performance, for the benefit of the Padres, her favorite baseball team"

28  as alleged in paragraph 53 of YOUR COMPLAINT.

I1746665-1 MER-5137            Case No. 8:22-cv-00868 JVS(ADSx)
Demand for Inspection and Production of Documents to Plaintiff Bauer,
Set One.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill also texted a friend that they would be able to travel to Europe together in style once she was successful in her plot to destroy Mr. Bauer by tricking him into having rough and rougher sex with her" as alleged in paragraph 56 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] told [YOU] that she started having rough sex once she became sober because it gave her a 'high'" as alleged in paragraph 62 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer sought to establish clear boundaries to govern the rough sex in which they had agreed to exchange" as alleged in paragraph 63 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer paused several times to ensure that Ms. Hill was okay and that she wished to continue. Each time, she expressed that she did" as alleged in paragraph 64 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS that support YOUR contention that "At several points during the sexual encounter, Ms. Hill requested rougher behavior from Mr. Bauer" as alleged in paragraph 65 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill did not give any indication to Mr. Bauer that she was not enjoying herself or that she wished to stop having sex" as alleged in paragraph 65 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill and

WESIERSKI & ZUREK LLP

1 | Mr. Bauer each showered separately" as alleged in paragraph 68 of YOUR
2 | COMPLAINT.

3 | **REQUEST FOR PRODUCTION NO. 43:**

4 |     Produce all DOCUMENTS that support YOUR contention that "Ms. Hill had
5 | no other visible bruises, markings, or scratches on her body" as alleged in paragraph
6 | 69 of YOUR COMPLAINT.

7 | **REQUEST FOR PRODUCTION NO. 44:**

8 |     Produce all DOCUMENTS that support YOUR contention that "At 1:57 a.m.,
9 | unbeknownst to Mr. Bauer, Ms. Hill tweeted, tagging Mr. Bauer: '@BauerOutrage
10 | Absolute diesel straight down the dick kinda energy'" as alleged in paragraph 71 of
11 | YOUR COMPLAINT.

12 | **REQUEST FOR PRODUCTION NO. 45:**

13 |     Produce all DOCUMENTS that support YOUR contention that "Ms. Hill took
14 | more than one surreptitious photograph while she was at Mr. Bauer's home. At least
15 | one of these photographs is exculpatory and was not produced in discovery by Ms.
16 | Hill during the subsequent DVRO proceeding, as she had attempted to permanently
17 | delete it" as alleged in paragraph 72 of YOUR COMPLAINT.

18 | **REQUEST FOR PRODUCTION NO. 46:**

19 |     Produce all DOCUMENTS that support YOUR contention that "Ms. Hill did
20 | not have any visible markings or bruising on her face or body except for a slightly
21 | swollen lip" as alleged in paragraph 73 of YOUR COMPLAINT.

22 | **REQUEST FOR PRODUCTION NO. 47:**

23 |     Produce all DOCUMENTS that support YOUR contention that "the picture
24 | did not reflect what she looked like when she left Mr. Bauer's house in the morning
25 | of May 16th" as alleged in paragraph 80 of YOUR COMPLAINT.

26 | **REQUEST FOR PRODUCTION NO. 48:**

27 |     Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's
28 | conversation with her friends turned to discussions as to how to 'fuck over' Mr.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  Bauer" as alleged in paragraph 84 of YOUR COMPLAINT.

2  **REQUEST FOR PRODUCTION NO. 49:**

3      Produce all DOCUMENTS that support YOUR contention that "the PPD

4  grew suspicious of Ms. Hill's versions of the events" as alleged in paragraph 88 of

5  YOUR COMPLAINT.

6  **REQUEST FOR PRODUCTION NO. 50:**

7      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's

8  discussions with her friends made clear that she wished to destroy Mr. Bauer's

9  reputation and career and to exploit him for money" as alleged in paragraph 89 of

10  YOUR COMPLAINT.

11  **REQUEST FOR PRODUCTION NO. 51:**

12      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

13  continued plotting with her AA sponsor to carefully craft her image for the purpose

14  of exploiting Mr. Bauer" as alleged in paragraph 91 of YOUR COMPLAINT.

15  **REQUEST FOR PRODUCTION NO. 52:**

16      Produce all DOCUMENTS that support YOUR contention that "She then sent

17  a tweet with an insulting remark about Mr. Bauer and wrote: 'Pussy ass bitch'" as

18  alleged in paragraph 93 of YOUR COMPLAINT.

19  **REQUEST FOR PRODUCTION NO. 53:**

20      Produce all DOCUMENTS that support YOUR contention that "The hearing,

21  which occurred over 4 days, established that Mr. Bauer had not assaulted or abused

22  Ms. Hill in any manner" as alleged in paragraph 106 of YOUR COMPLAINT.

23  **REQUEST FOR PRODUCTION NO. 54:**

24      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's

25  testimony about anal sex was not credible" as alleged in paragraph 109 of YOUR

26  COMPLAINT.

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill omitted scores of communications expressing her approval of their first sexual encounter" as alleged in paragraph 113 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also misled the Court about the nature of the injuries she allegedly sustained" as alleged in paragraph 115 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS that support YOUR contention that "the hearing revealed that photographs submitted to the Court depicting significant scratching and bruising on Ms. Hill's face were modified to create and exacerbate the appearance of injuries" as alleged in paragraph 116 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all DOCUMENTS that support YOUR contention that "the photographs attached to Ms. Hill's Petition did not accurately depict her appearance" as alleged in paragraph 117 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also misled the Court regarding her purported fear of Mr. Bauer" as alleged in paragraph 120 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 60:**

Produce all DOCUMENTS that support YOUR contention that "evidence at the hearing showed that Ms. Hill frequently sought out opportunities to see Mr. Bauer" as alleged in paragraph 122 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also falsely stated that she was 'unable to work due to my injuries'" as

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

12

I1746665-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
Demand for Inspection and Production of Documents to Plaintiff Bauer, Set One.

1  alleged in paragraph 123 of YOUR COMPLAINT.

2  **REQUEST FOR PRODUCTION NO. 62:**

3    Produce all DOCUMENTS that support YOUR contention that "Only after

4  she met with the police did she delete [text] messages" as alleged in paragraph 135

5  of YOUR COMPLAINT.

6  **REQUEST FOR PRODUCTION NO. 63:**

7    Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

8  selectively deleted information that was potentially harmful to her claim against Mr.

9  Bauer" as alleged in paragraph 136 of YOUR COMPLAINT.

10  **REQUEST FOR PRODUCTION NO. 64:**

11    Produce all DOCUMENTS that support YOUR contention that "The

12  statements made by Ms. Hill to the Pasadena Police Department that Mr. Bauer

13  sexually assaulted her were false, defamatory, and published with actual malice" as

14  alleged in paragraph 151 of YOUR COMPLAINT.

15  **REQUEST FOR PRODUCTION NO. 65:**

16    Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

17  knew that her statements to the Pasadena Police Department were false" as alleged

18  in paragraph 152 of YOUR COMPLAINT.

19  **REQUEST FOR PRODUCTION NO. 66:**

20    Produce all DOCUMENTS that support YOUR contention that "The false

21  statements made by Ms. Hill to the Pasadena Police Department are not privileged"

22  as alleged in paragraph 153 of YOUR COMPLAINT.

23  **REQUEST FOR PRODUCTION NO. 67:**

24    Produce all DOCUMENTS that support YOUR contention that "The false

25  statements by Ms. Hill have severely damaged Mr. Bauer's reputation and caused

26  him anguish, humiliation, embarrassment, and financial loss" as alleged in

27  paragraph 155 of YOUR COMPLAINT.

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

13

**REQUEST FOR PRODUCTION NO. 68:**

Produce all DOCUMENTS that support YOUR contention that "In response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers" as alleged in paragraph 156 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all DOCUMENTS that support YOUR contention that "The period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department" as alleged in paragraph 156 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 70:**

Produce all DOCUMENTS that support YOUR contention that "The false statements by Ms. Hill have severely damaged Mr. Bauer's reputation and caused him anguish, humiliation, embarrassment, and financial loss" as alleged in paragraph 156 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 71:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's defamatory statements were made with hatred, ill will, and spite, with the intent to harm Mr. Bauer or in blatant disregard of the substantial likelihood of causing him harm" as alleged in paragraph 157 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 72:**

Produce all DOCUMENTS that support YOUR contention YOUR "contract is not a contract at will and includes terms providing Mr. Bauer certain performance-based payments" as alleged in paragraph 165 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 73:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill intentionally engaged in wrongful acts that were designed, intended, and

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

14

1  substantially certain to disrupt or terminate the contractual relationship between the

2  Los Angeles Dodgers and Mr. Bauer" as alleged in paragraph 167 of YOUR

3  COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 74:**

5          Produce all DOCUMENTS that support YOUR contention that "Due to Ms.

6  Hill's wrongful acts, the contractual relationship between Mr. Bauer and the Los

7  Angeles Dodgers was disrupted" as alleged in paragraph 168 of YOUR

8  COMPLAINT.

9  **REQUEST FOR PRODUCTION NO. 75:**

10          Produce all DOCUMENTS that support YOUR contention that "Due to Ms.

11  Hill's wrongful acts… Mr. Bauer was placed on administrative leave from the Los

12  Angeles Dodgers and prevented from carrying out the duties of his contract" as

13  alleged in paragraph 168 of YOUR COMPLAINT.

14  **REQUEST FOR PRODUCTION NO. 76:**

15          Produce all DOCUMENTS that support YOUR contention that "Due to Ms.

16  Hill's wrongful acts…Mr. Bauer was not permitted to practice or play with the Los

17  Angeles Dodgers team for the duration of the 2021 MLB season and has remained

18  on administrative leave since the beginning of the 2022 MLB season" as alleged in

19  paragraph 168 of YOUR COMPLAINT.

20  **REQUEST FOR PRODUCTION NO. 77:**

21          Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer

22  has suffered financial harm by losing opportunities to earn additional income and

23  exercise rights provided by his contract with the Los Angeles Dodgers" as alleged in

24  paragraph 169 of YOUR COMPLAINT.

25  **REQUEST FOR PRODUCTION NO. 78:**

26          Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer

27  has suffered … other economic damages" as alleged in paragraph 169 of YOUR

28  COMPLAINT.

15

Case No. 8:22-cv-00868 JVS(ADSx)

I1746665-1 MER-5137

Demand for Inspection and Production of Documents to Plaintiff Bauer,
Set One.

1

2 **REQUEST FOR PRODUCTION NO. 79:**

3      Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer is

4 a party to business contracts with sponsors and other due to his reputation and

5 performance as a Major League Baseball Player with the Los Angeles Dodgers" as

6 alleged in paragraph 171 of YOUR COMPLAINT.

7 **REQUEST FOR PRODUCTION NO. 80:**

8      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill …

9 had personal relationships with Major League Baseball players before she met Mr.

10 Bauer" as alleged in paragraph 172 of YOUR COMPLAINT.

11 **REQUEST FOR PRODUCTION NO. 81:**

12      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was

13 aware that MLB players like Mr. Bauer have business contracts with sponsors and

14 others due to their reputation and performance as MLB players" as alleged in

15 paragraph 172 of YOUR COMPLAINT.

16 **REQUEST FOR PRODUCTION NO. 82:**

17      Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

18 intentionally engaged in wrongful acts that were designed, intended, and

19 substantially certain to disrupt or terminate the contractual relationships between

20 Mr. Bauer and the sponsors and others" as alleged in paragraph 173 of YOUR

21 COMPLAINT.

22

23

24

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1746665-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)

Demand for Inspection and Production of Documents to Plaintiff Bauer,
Set One.

**REQUEST FOR PRODUCTION NO. 83**:

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer has suffered financial harm by losing revenue and opportunities for revenue provided by his contracts and prospective contracts with sponsors and others" as alleged in paragraph 174 of YOUR COMPLAINT.

DATED:  January 10, 2023          WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorney for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 29 Orchard Road, Lake Forest, CA 92630.

On January 10, 2023, I served true copies of the following document(s) described as **DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS.** on the interested parties in this action as follows:

| | |
|---|---|
| Shawn C. Holley, Esq. | Attorney for Plaintiff, Trevor Bauer |
| Kate E. Mangels, Esq. | |
| Suann MacIssac, Esq. | |
| Kinsella Weitzman Iser Kump Holley LLP | |
| 808 Wilshire Blvd, Suite 300 | |
| Santa Monica, CA  90401 | |
| Phone: 310-566-9822 | |
| Fax: 310-566-9850 | |
| E-Mail: sholley@kwikhlaw.com ; | |
| kmangels@kwikalaw.com; | |
| smacisaac@kwikhlaw.com | |

| | |
|---|---|
| Blair G. Brown, Esq. | Attorney for Plaintiff, Trevor Bauer |
| Jon R. Fetterolf, Esq. | |
| Nell Peyser, Esq. | |
| Zuckerman Spaeder LLP | |
| 1800 M. Street, N. W. Suite 1000 | |
| Washingtion, D.C  20036 | |
| Phone: 202-778-1800 | |
| Fax: 202-882-8106 | |
| E-Mail: bbrown@zuckerman.com; | |
| jfetterolf@zuckerman.com; | |
| NPeyser@Zuckerman.com | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address canderson@wzllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 10, 2023, at Lake Forest, California.

_____
s/ CHELSEA ANDERSON
Chelsea Anderson

Case No. 8:22-cv-00868 JVS(ADSx)

Demand for Inspection and Production of Documents to Plaintiff Bauer, Set One.

EXHIBIT C

E. JOSEPH CONNAUGHTON (SBN 166765)
joe.connaughton@quarles.com
ADRIELLI FERRER (SBN 348068)
adrielli.ferrer@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Non-Party Padres L.P.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868-JVS-ADS |
| Plaintiff, | **NON-PARTY PADRES L.P.'S OBJECTIONS TO SUBPOENA** *DUCES TECUM* |
| v. | |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 45 et seq., Non-Party Padres L.P. ("Non-Party") provides the following written objections to the Subpoena *Duces Tecum* ("Subpoena") served by plaintiff Trevor Bauer ("Plaintiff") on March 23, 2023, in the above-captioned case. Non-Party serves these objections without prejudice to its right to assert additional and/or supplemental responses and objections at or before the production date.

## **GENERAL OBJECTIONS**

1. Nothing herein should be construed as an admission regarding the admissibility, truth, accuracy, or relevancy of any document.

/ / /

2.      Non-Party objects to the Subpoena to the extent that it seeks privileged or confidential information, including information encompassed by the attorney-client privilege and/or work product doctrine, or to the extent that it seeks to invade the privacy interests of Non-Party and other non-parties to this action.  Non-Party's inadvertent production of any privileged document or material is not to be deemed a waiver of any applicable privilege or protection, and Non-Party reserves the right to object to the introduction or other use of any privileged document or material that inadvertently may be produced.

3.      Non-Party objects to each document request to the extent that it calls for information containing or constituting proprietary, commercially sensitive, and/or confidential business information.

4.      Non-Party generally objects to the document requests on the grounds that the requests are overly broad, conjunctive, and/or disjunctive, and are not complete in and of themselves.  Further, Non-Party objects to Plaintiff's demands because they are unduly burdensome, annoying, and harassing.

5.      Non-Party objects to the document requests to the extent that they seek information equally available to Plaintiff or already in Plaintiff's possession, custody, or control.  See *Heilman v. Lyons*, 2010 WL 5168871, at *1, 2011 U.S. Dist. LEXIS 4430, at *3 (E.D. Cal. Dec. 13, 2010)) ("A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.").

6.      Non-Party objects to the document requests because they pose an undue burden—especially given that Padres L.P. is a non-party not involved in this litigation.  A party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P. 45(c)(1).  In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the

1  information to the serving party." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637
2  (C.D. Cal. 2005).  In addition, a non-party subject to a subpoena duces tecum
3  "deserve[s] extra protection from the courts." *High Tech Medical Instrumentation*
4  *v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v.*
5  *Columbia Broadcasting System*, 666 F.2d 364, 371–72 (9th Cir. 1982)).  The court
6  has "ample discretion" to quash or modify a subpoena that causes an undue burden
7  upon the non-party. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779
8  (9th Cir. 1994).

9       7.    It is possible that future discovery and independent investigation may
10 supply additional facts or information, add meaning to known facts, and may
11 establish new factual conclusions and contentions, all of which may lead to
12 additions to, changes in, or variations from the responses set forth herein.

13      8.    These responses are made without prejudice to the right of Non-Party
14 to provide supplemental, additional, or different responses or evidence at the time of
15 trial.

16      Subject to the foregoing general comments and objections, which are
17 incorporated by reference into Non-Party's responses to each one of the specific
18 document demands, Non-Party provides the following responses.

19 **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
20 **REQUEST FOR PRODUCTION NO. 1:**

21      <u>All Documents, or tangible items in your possession</u>, concerning:

22      a.    Ms. Hill;

23      b.    Ms. Hill's participation as a member of the Pad Squad;

24      c.    Ms. Hill's employment with the San Diego Padres or the Pad
25            Squad;

26      d.    Any medical leave or other leave of absence taken by Ms. Hill;

27      e.    Any disciplinary investigation into, or action taken against, Ms.
28            Hill in the course of her employment with the San Diego Padres

or the Pad Squad;

    f.    Ms. Hill's departure from the San Diego Padres or the Pad Squad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Non-Party objects to Request No. 1 on the grounds that it is vague as to the terms "concerning," "participation," "disciplinary investigation," and "action." Non-Party further objects to Request No. 1 on the grounds that it is compound, seeks documents protected by the attorney-client privilege and attorney work product doctrine, may invade the privacy of third-parties and is overly broad. Without waiving any objections, Non-Party has performed a diligent search and will produce Ms. Hill's personnel file and any non-privileged communications regarding her 2019 resignation.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications with any employee, including Ms. Hill, concerning:

    a.    Any medical leave or other leave of absence taken by Ms. Hill;

    b.    Any disciplinary investigation into, or action against, Ms. Hill in the course of her employment with the San Diego Padres or the Pad Squad;

    c.    Ms. Hill's departure from the San Diego Padres or the Pad Squad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Non-Party objects to Request No. 2 on the grounds that it is vague as to the terms "concerning," "disciplinary investigation," and "action." Non-Party further objects to Request No. 2 on the grounds that it is compound, seeks documents protected by the attorney-client privilege and attorney work product doctrine, may invade the privacy of third-parties and is overly broad. Without waiving any objections, Non-Party has performed a diligent search and will produce Ms. Hill's personnel file and any non-privileged communications regarding her 2019

1 | resignation.

2 | **REQUEST FOR PRODUCTION NO. 3:**

3 |     All Communications with Ms. Hill's former and current employers

4 | concerning Ms. Hill.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

6 |     Non-Party is unaware of any responsive documents in its possession, custody

7 | or control.

8 |

9 | Dated:  April 5, 2023          QUARLES & BRADY LLP

10 |

11 |                           By:

12 |                             E. JOSEPH CONNAUGHTON

13 |                             ADRIELLI FERRER

                            Attorneys for Non-Party Padres L.P.

## __PROOF OF SERVICE__

**Bauer v. Hill et al.**
**8:22-cv-00868-JVS-ADS**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

    At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

    On April 3, 2023, I served true copies of the following document(s) described as **NON-PARTY PADRES L.P.'S OBJECTIONS TO SUBPOENA DUCES TECUM** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid.  I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address deb.baranowski@quarles.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on April 3, 2023, at San Diego, California.

Deborah Baranowski

NON-PARTY PADRES L.P.'S OBJECTIONS TO SUBPOENA *DUCES TECUM*

**SERVICE LIST**
**Bauer v. Hill et al.**
**8:22-cv-00868-JVS-ADS**

Blair G. Brown
Jon R. Fetterolf
Nell Z. Peyser
Shawn Holley
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
Email:
bbrown@zuckerman.com
fetterolf@zuckerman.com
npeyser@zuckerman.com
sholley@kwikhlaw.com

Attorneys for Plaintiff Trevor Bauer

Christopher P. Wesierski
Michelle R. Prescott
Eileen Spadoni
Brett A. Smith
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

Bryan J. Freeman
Jesse A. Kaplan
Freedman & Taitelman, LLP
1801 Century Park West, 5th Floor
Los Angeles, CA  90067
Tel: (310) 201-0005
Fax: (310) 201-0045
Email:
bfreedman@ftllp.com
jkaplan@ftllp.com

Attorneys for Defendant Lindsey C. Hill