Bryan J. Freedman, Esq. (SBN: 151990)
bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant and Counterclaimant Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>　　　　Plaintiff,<br>　vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>　　　　Defendants.<br>LINDSEY C. HILL,<br><br>　　　　Counterclaimant,<br><br>　vs.<br><br>TREVOR BAUER,<br><br>　　　　Counter-defendant. | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>Assigned to: Judge James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**DISCOVERY MATTER: LINDSEY C. HILL'S <u>AMENDED</u> NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENAS**<br><br>[Joint Stipulation; Declarations of Jesse A. Kaplan and Lindsey C. Hill in Support of Motion]<br><br>Date:　　　　May 24, 2023<br>Time:　　　　10:00 a.m.<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom:　　6B<br><br>Action Filed: April 25, 2022<br>Discovery Deadline: June 26, 2023<br>Pretrial Conference: January 22, 2024<br>Trial Date: February 13, 2024 |

LINDSEY HILL'S <u>AMENDED</u> MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 24, 2023, at 10:00 a.m., before the Honorable Autumn D. Spaeth, Magistrate Judge, in Courtroom 6B of the United States District Court of the Central District of California, Ronald Reagan Federal Building, located at 411 W. Fourth St., Santa Ana, CA 92701, defendant and counterclaimant Lindsey Hill ("Hill") will, and hereby does, move the Court, for the following relief:

(A) Pursuant to Federal Rules of Civil Procedure, Rules 26(c) and 45(d)(3), for a protective order and to quash portions of a certain subpoena to Lisa Decker (the "Decker Subpoena") issued by plaintiff and counter-defendant Trevor Bauer ("Bauer"), in particular preventing the disclosure of the information from Decker sought in Requests 1.d. 1.i, 8.d. and 8.i of the Decker Subpoena which solely concern Hill's substance abuse, substance abuse evaluations or treatment;

(B) Pursuant to Rules 26(c) and 45(d)(3), for a protective order and to quash portions of a certain subpoena to Marylou Rodgers (the "Rodgers Subpoena") issued by Bauer, in particular preventing the disclosure of the information from Rodgers sought in Requests 1.d. 1.i, 8.d. and 8.i of the Rodgers Subpoena which solely concern Hill's substance abuse, substance abuse evaluations or treatment; and

(C) Pursuant to Rules 26(c) and 45(d)(3), for a protective order and to quash portions of a certain subpoena to the Padres L.P. (the "Padres Subpoena") issued by Bauer, in particular preventing the disclosure of information from the Padres sought in Requests 1.a-f and 2.b-c to the extent those Requests seek information concerning any disciplinary investigations, Hills departure from the Padres, and/or any Hill's personal relationship with a Padres player.

This Motion is made on the grounds that the Decker and Rodgers Subpoenas seek information concerning Hill that is both private and irrelevant to this lawsuit. The Decker and Rogers Subpoenas contain identical requests seeking documents and communications concerning Hill's substance abuse, including treatment and evaluation Hill received for her substance abuse. Hill has a privacy right in confidential

information concerning her substance abuse treatment, and Bauer cannot demonstrate any need for such information that outweighs Hill's privacy interests. Any documents from Decker and Rodgers concerning Hill's substance abuse, including treatment and evaluation for substance abuse, at least in isolation, have no relevance to this lawsuit.

Additionally, the Padres Subpoena also seeks information concerning Hill that is both private and irrelevant to this lawsuit. In particular, Bauer seeks private information concerning disciplinary investigations and Hill's departure from the Padres based on Hill's personal relationship with a Padres player. Hill has a privacy right in such employment records, and Bauer cannot demonstrate any need for such records that outweighs Hill's privacy interests. These records, in particular records concerning any disciplinary investigation or Hill's departure from the Padres, have no relevance to this lawsuit.

Before filing this Motion, the parties met and conferred pursuant to Local Rule 37-1 and made a good faith attempt to resolve this dispute but were unable to do so.

This Motion is based upon this Notice, the concurrently filed Joint Stipulation, the declarations of Jesse Kaplan and Lindsey Hill, and other such matters as the Court deems necessary and proper.

DATED: May 2, 2023              FREEDMAN + TAITELMAN, LLP

By: _____
Bryan J. Freedman, Esq.
Jesse A. Kaplan, Esq.
Attorneys for Defendant and
Counterclaimant, Lindsey C. Hill

2
LINDSEY HILL'S AMENDED MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS