Bryan J. Freedman, Esq. (SBN: 151990)
bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant and Counterclaimant
Lindsey C. Hill

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>    Plaintiff,<br><br>    vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>    Defendant.<br><br>LINDSEY C. HILL,<br><br>    Counterclaimant,<br><br>    vs.<br><br>TREVOR BAUER,<br><br>    Counter-defendant. | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>Assigned to: Judge James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**DISCOVERY MATTER: LINDSEY C. HILL'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENAS**<br><br>[Declaration of Jesse A. Kaplan filed concurrently]<br><br>Date:            May 24, 2023<br>Time:           10:00 a.m.<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom:    6B<br><br>Action Filed: April 25, 2022<br>Discovery Deadline: June 26, 2023<br>Pretrial Conference: January 22, 2024<br>Trial Date: February 13, 2024 |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENAS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE PADRES SUBPOENA

Bauer did not oppose the portion of the Motion concerning the Padres Subpoena. (Joint Stipulation ["J.S."], p. 27). Instead, Bauer notes that <u>after</u> Hill was required to prepare the Joint Stipulation, and on the day before Bauer's portion of the Joint Stipulation was due, Bauer informed Hill that he was not seeking documents from the Padres at the "present," but that he was not withdrawing any portion of the Padres Subpoena, and that he was reserving his right to seek those documents at a later date. This is too little, too late. Because Bauer is unwilling to either withdraw the offending portions of the Padres Subpoena or agree not to pursue the same materials, Hill's Motion concerning the Padres Subpoena is still ripe. As Bauer has failed to present any justification for the discovery of the documents from the Padres in dispute, the Motion should be granted as to the Padres Subpoena.

## II. THE DECKER AND RODGERS SUBPOENAS

### A. Hill's Alcoholism is Not Relevant to Emotional Distress Damages.

Bauer contends that because Hill seeks to recover damages for certain specified severe emotional distress, and has therefore placed her mental health at issue, Bauer is entitled to explore Hill's history with substance abuse and treatment for substance abuse. (J.S., pp. 14-15). Bauer has cited several cases that stand for the unremarkable proposition that by seeking emotional distress damages, Hill has placed her mental health at issue. *See Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, 2018 WL 6071089, at *3 (C.D. Cal. Mar. 7, 2018), *Enwere v. Terman Assocs., L.P.*, 2008 WL 5146617, at *4 (N.D. Cal. Dec. 4, 2008) and *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999). These cases, however, all involved motions concerning the disclosure of medical mental healthcare treatment and provider records. None of these cases concern the disclosure of substance abuse related records.

In any event, Hill has permitted Bauer to obtain her mental healthcare records. This includes the disclosure of such mental healthcare records from the healthcare

1

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENAS

providers subpoenaed by Bauer, but also specifically from Decker and Rodgers in the two subpoenas at issue. (Kaplan Decl., Ex. 1-2; Supp. Kaplan Decl., ¶ 5). For example, both the Decker and Rodger subpoenas call for the production of communications and documents concerning Hill "mental condition, medical evaluations or treatment of Ms. Hill," and "Mental health evaluations or treatment of Ms. Hill." (Kaplan Decl., Ex. 1-2). Accordingly, if Decker or Rodgers have any documents concerning Hill's mental conditional or mental health treatment, those documents will be produced, even if they also pertain to Hill's substance abuse.

Next, Bauer contends that substance abuse is a mental health condition. (J.S., p. 15). Even if true, Hill does not seek damages related to substance abuse and does not contend that Bauer's battery led her to substance abuse. (Kaplan Decl., Ex. 9-10). Medical records unrelated to the conditions put in issue by a plaintiff are not relevant and are not discoverable. *See Doe v. Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 837 F. Supp. 2d 1145, 1157 (D. Idaho 2011); *Redon v. Ruiz*, No. 13CV1765-WQH(KSC), 2015 WL 13229500, at *6 (S.D. Cal. Dec. 4, 2015).

Finally, Bauer claims that multiple courts have ordered the production of substance abuse information. (J.S., pp. 15-16). In support of this contention, Bauer cited only a single case in federal court that was based on the Federal Rules of Civil Procedure, which is readily distinguishable. *See Smith v. City of Albuquerque,* 2002 WL 35649946, at *6 (D.N.M. Apr. 16, 2002).[1] *Smith* granted a motion to compel a personal injury plaintiff to answer deposition questions about her substance abuse after her own expert included facts about her substance abuse in an expert report supporting her claims for severe emotional distress. *See id.*, at *2, 4-6. Unlike the plaintiff in *Smith*, Hill has not placed her prior history of substance abuse at issue.

/ / /

---

[1] Bauer has also cited two state court cases that where not decided based on the federal rules or California law.

2

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER AND TO QUASH SUBPOENAS

B. **Hill's Alcoholism is Not Relevant to her Ohana Lost Wage Damages**.

Bauer also contends that Hill's substance abuse history is necessary because it relates to Hill's claims for lost wages at Ohana. (J.S., p. 16). Specifically, Bauer argues that he is entitled to demonstrate that Ohana "disqualified" Hill from the position because Ohana, which is owned by Rodgers, believed that Hill's rough sex with Bauer constituted some form of "relapse." (*Id.*).

Bauer does not need the Rodgers Subpoena to explore the cause of Hill not moving forward with her employment at Ohana. Bauer ignores that in addition to the Rodgers Subpoena at issue, Bauer also issued a separate subpoena to Ohana, Hill's contemplated employer, seeking records concerning Hill's employment. The Ohana subpoena seeks, among other things, all documents and communications concerning Hill's employment with Ohana, any leave taken by Hill, any disciplinary investigation into Hill and Hill's departure from Ohana. (Supp. Kaplan Decl., Ex. 3 [Requests 1.a-d. and 2a.-c.]). Bauer also ignores that he also issued an additional subpoena to Rodgers seeking her deposition. (Supp. Kaplan Decl., Ex. 2).

Hill does not seek to prevent the disclosure of any documents responsive to the Ohana subpoena.[2] If Ohana has any documents concerning the reasons for why Hill's contemplated employment with Ohana did not commence, including for any purported reasons related to substance abuse or concerning a "relapse", those documents will be produced in response to the Ohana subpoena. Likewise, if Bauer deposes Rodgers, Bauer may question Rodgers about the reasons why Hill did not commence employment with Ohana following Bauer's battery of Hill.

Bauer, however, does need documents from Rodgers concerning Hill's time at a sober living home in 2020 to demonstrate any subjective reasons why Ohana did not commence employment with Hill in June 2021. Any such documents related to Hill's

---

[2] If Hill and Decker communicated about any decision by Ohana not to employ Hill, Hill's Motion does not seek to prevent the production of those documents.

2020 stay would be completely irrelevant to Bauer's theory that Ohana considered Hill's interactions with Bauer to be a "relapse."

### C. Hill's Alcoholism is Not Relevant to the Issue of Consent.

Bauer also contends that the details of Hill's substance abuse are relevant to the issue of consent, namely whether Hill consented to being battered and sexually battered by Bauer. (J.S., pp. 16-19). Bauer is wrong. Ultimately, the trier of fact will need to determine if Hill consented to the specific acts of violence at issue that resulted in great bodily injury, and the degree, nature and severity of force used by Bauer. The existence of consent to such action will be based on Hill's objective conduct, and whether Bauer battered Hill while she was unconscious, and could not give consent.

Even if Bauer claims that he had some discussions with Hill about her alleged motivations for wanting to have some form of "rough sex", and Hill disputes having those discussions, the details concerning Hill's history of substance abuse and treatment for substance abuse would not tend to prove the existence of any such purported discussion between Hill and Bauer. At most, Bauer would need to establish that Hill was sober following a history of substance abuse, which she does not dispute.

If Decker or Rodgers have any responsive documents concerning Hill's purported motivation to engage in some "rough sex", and those documents or communications reflect that Hill wanted to engage in rough sex because of or related to any issues with substance abuse, Hill does not object to the production of such documents.

### D. Any Waiver by Hill is Narrowly Applied.

Bauer contends that Hill has essentially made a blanket waiver of her privacy rights in any and all information concerning her substance abuse and substance abuse treatment based on certain limited disclosures of information during a prior Domestic Violence Restraining Order proceeding in the Los Angeles Superior Court (the "DVRO Proceeding"). (J.S., pp. 19-21). Bauer is wrong.

As an initial matter, Bauer's waiver argument assumes that the information at

issue is relevant. Moreover, any so-called waiver must be narrowly applied and does not create a broad blanket waiver to any and all private communications in which a certain subject matter was discussed. A waiver of privilege relates to the particular communication which has been revealed and not to all communications concerning the subject matter identified in the disclosed communication. *See Owens v. Palos Verdes Monaco*, 142 Cal.App.3d 855, 870 (1983); *Jones v. Superior Court*, 119 Cal.App.3d 534, 551 (1981). Accordingly, the scope of the waiver of a privilege is generally construed narrowly. *See Fortunato v. Superior Court*, 114 Cal.App.4th 475, 482 (2003); *San Diego Trolley, Inc. v. Superior Court,* 87 Cal.App.4th 1083, 1092 (2001).

      Here, the disclosures identified by Bauer were limited. First, Bauer references medical records after Hill was hospitalized for her injuries from Bauer. Those records simply reflect that Hill has a history of alcoholism and has been sober for a certain period time. (Dkt. No. 52-2, pp. 56-57, 73, 82). Next, Bauer references certain Hill's testimony about her alcoholism. Once again, Hill's testimony was fairly generalized, brief and did not include any specific discussions about her alcoholism or the details of her treatment at Ohana in 2020. (Dkt. 53-3 [DVRO Transcript, pp. 74-76, 97, 113-114]). Finally, Bauer references Hill's cross-examination testimony from the DVRO Proceeding concerning certain communications with Decker. That testimony, however, did not concern Hill's substance abuse. (*Id*. at pp. 403-415, 428-430). To the extent Decker produced documents in the DVRO Proceeding that reflect Hill's substance abuse, Bauer already has those documents.

DATED: May 10, 2023                FREEDMAN + TAITELMAN, LLP

By: _____
Jesse A. Kaplan, Esq.
Attorneys for Lindsey C. Hill

5
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS