1  Christopher P. Wesierski [Bar No. 086736]
     cwesierski@wzllp.com
2  Michelle R. Prescott [Bar No. 262638]
     mprescott@wzllp.com
3  Eileen Spadoni [Bar No. 133259]
     espadoni@wzllp.com
4  Brett A. Smith [Bar No. 322707]
     bsmith@wzllp.com
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8  Bryan J. Freedman, Esq. (SBN: 151990)
     bfreedman@ftllp.com
9  Jesse A. Kaplan, Esq. (SBN: 255059)
     jkaplan@ftllp.com
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile: (310) 201-0045

13 Attorneys for Defendant and Counterclaimant
   Lindsey C. Hill
14

15                 UNITED STATES DISTRICT COURT

16        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17

18 TREVOR BAUER,                          | Case No. 8:22-cv-00868 JVS (ADSx)

19        Plaintiff,                       | Assigned to: Judge James V. Selna
                                            | Referred to: Magistrate Judge Autumn
                                            | D. Spaeth
20    vs.
                                            | **DISCOVERY MATTER:**
21                                          | **SUPPLEMENTAL**
                                            | **DECLARATION OF JESSE A.**
22 LINDSEY C. HILL AND NIRANJAN            | **KAPLAN IN SUPPORT OF**
   FRED THIAGARAJAH,                        | **MOTION FOR PROTECTIVE**
                                            | **ORDER AND TO QUASH**
23                                          | **SUBPOENAS**
        Defendant.
24                                          | [Supplemental Memorandum filed
                                            | concurrently]
25 LINDSEY C. HILL,
                                            | Date:          May 24, 2023
26        Counterclaimant,                  | Time:          10:00 a.m.
                                            | Magistrate Judge: Autumn D. Spaeth
27    vs.                                   | Courtroom:     6B

28

DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE
ORDER AND TO QUASH SUBPOENAS

TREVOR BAUER,

          Counter-defendant.

Action Filed: April 25, 2022
Discovery Deadline: June 26, 2023
Pretrial Conference: January 22, 2024
Trial Date: February 13, 2024

DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS

## <u>DECLARATION OF JESSE KAPLAN</u>

I, Jesse A. Kaplan, declare as follows:

1.      I am an attorney at law, licensed to practice in the State of California.  I am a partner of Freedman + Taitelman, LLP ("F+T").  I submit this Declaration in further support of Lindsey Hill's Motion for a Protective Order and to Quash.  I have personal knowledge of the facts stated herein and, if called upon to testify, could and would testify competently thereto.

2.      On August 23, 2022, the Court issued an Order Re Scheduling Dates, a true and correct copy of which is attached hereto as **Exhibit 1**.[1]

3.      On or about March 14, 2023, Bauer issued a subpoena for Marylou Rodger's deposition.  A true and correct copy of the Rodgers deposition notice which includes that subpoena is attached hereto as **Exhibit 2**.

4.      On or about March 22, 2023, Bauer issued a subpoena to Ohana Recovery Residences ("Ohana").  A true and correct copy of the Notice of Subpoena to Ohana is attached hereto as **Exhibit 3**.

5.      In March 2023, Bauer issued subpoenas to a number of Hill's healthcare providers and to various individuals, including Rodgers and Decker.  Through those subpoenas, Bauer expressly seeks documents concerning Hill's mental healthcare.  Hill does not oppose the production of those mental healthcare documents from any of the non-parties.

6.      After the Joint Stipulation was provided to Bauer's counsel, the parties further met and conferred and agreed to jointly notify the Padres, Rodgers and Lisa Decker that the subject discovery motion was being filed, which would be heard on May 24, 2023, and that they should not produce any documents in response to the

---

[1] The parties intend to file a stipulation this week seeking to modify the deadlines in the Scheduling Order, including the discovery cut-off.   That stipulation will not seek to modify the trial date.

1

DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS

subpoenas until the court rules on the motion.   True and correct copies of the joint e-mails to those non-parties are attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of May, 2022, at Los Angeles, California.

_____
Jesse A. Kaplan

DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION FOR PROTECTIVE
ORDER AND TO QUASH SUBPOENAS

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-00868JVS(ADSx) | Date | August 23, 2022 |

Title — Trevor Bauer v Lindsey C Hill, et al

---

Present: The Honorable        **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] ORDER RE SCHEDULING DATES**

The Court has read and considered the parties Rule 26(f) Report and sets the following dates:

| | |
|---|---|
| **Jury Trial** | **February 13, 2024 at 8:30 a.m.** |
| File Findings of Fact and Conclusions of Law by January 29, 2024 | |
| **Final PreTrial Conference** | **January 22, 2024 at 11:00 a.m.** |
| File PreTrial Documents not later than January 8, 2024 | |
| File motions in limine not later than December 4, 2023 | |
| **Discovery Cut-off** | **June 26, 2023** |
| **Expert Discovery Cut-off** | **September 11, 2023** |
| Initial disclosure of Experts not later than July 24, 2023 | |
| Rebuttal disclosure of Experts not later than August 21, 2023 | |
| **Law and Motion Cut-off** | **November 27, 2023 at 1:30 p.m.** |
| Motions to be filed and served not later than October 9, 2023 | |

Counsel inform the Court in the Rule 26f report that their selection for a settlement procedure pursuant to Local Rule 16-15 is ADR #2 before the Court's. Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

**The Scheduling Conference set for August 29, 2022 at 10:30 a.m. is VACATED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

# EXHIBIT 2

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

|  |  |
|---|---|
| TREVOR BAUER,<br><br>                Plaintiff,<br><br>        v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>                Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**NOTICE OF DEPOSITION OF MARYLOU RODGERS**<br><br>Action Filed: April 25, 2022 |

## <u>NOTICE OF DEPOSITION OF MARYLOU RODGERS</u>

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rule of Civil Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned attorneys, will take the in-person oral videotaped deposition of **MaryLou Rodgers** on **May 4, 2023** beginning at **9:00am** at **Veritext Legal Solutions, 550 West C Street, Suite 800, San Diego, CA 92101**.[1]

The deposition shall be videotaped and recorded stenographically and will continue from day to day until completed before a certified court reporter duly authorized by law to administer oaths and take depositions. The oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court. Court reporting services and video recording services will be provided by Veritext Legal Solutions.

The Subpoena To Testify At A Deposition In A Civil Action for MaryLou Rodgers is enclosed herein.

---

[1] Mr. Bauer will meet and confer with Ms. Rodgers and with Ms. Hill's counsel to find a mutually agreeable date, time, and location if Ms. Rodgers and/or Ms. Hill's counsel is unavailable at the date, time, and location noticed.

| | | |
|---|---|---|
| 1 | Dated:    March 14, 2023 | */s/ Blair G. Brown* |
| 2 | | Blair G. Brown (admitted *pro hac vice*) |
| 3 | | Jon R. Fetterolf (admitted *pro hac vice*)<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street, N.W., Suite 1000 |
| 4 | | Washington, D.C. 20036<br>Tel: (202) 778-1800 |
| 5 | | Fax: (202) 882-8106<br>bbrown@zuckerman.com |
| 6 | | jfetterolf@zuckerman.com |
| 7 | | Nell Peyser (admitted *pro hac vice*)<br>ZUCKERMAN SPAEDER LLP |
| 8 | | 485 Madison Avenue, 10th Floor<br>New York, NY 10022 |
| 9 | | Tel: (212) 704-9600<br>Fax: (212) 704-4256 |
| 10 | | npeyser@zuckerman.com |
| 11 | | Shawn Holley (Cal. Bar No. 136811)<br>Suann MacIsaac (Cal Bar No. 205659) |
| 12 | | KINSELLA WEITZMAN ISER KUMP<br>HOLLEY LLP |
| 13 | | 11766 Wilshire Boulevard, Suite 750<br>Los Angeles, CA 90025 |
| 14 | | Tel: (310) 566-9800<br>Fax: (310) 566-9873 |
| 15 | | sholley@kwikhlaw.com<br>smacisaac@kwikhlaw.com |
| 16 | | |
| 17 | | *Counsel for Plaintiff Trevor Bauer* |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of March, 2023, I served a true and correct copy of the foregoing upon the following counsel via electronic mail:


WESIERSKI & ZUREK LLP
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (Bar No. 151990)
Jesse A. Kaplan, Esq. (Bar No. 255059)
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey C. Hill*


/s/ *Blair G. Brown*
Blair G. Brown

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| TREVOR BAUER | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   8:22-cv-00868-JVS-ADS |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        MaryLou Rodgers
                                   4445 Fallsbrae Rd., Fallbrook, CA 92028

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: ~~Veritext Legal Solutions~~ 550 West C Street, Suite 800 San Diego, CA 92101 | Date and Time: 05/04/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/14/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Blair G. Brown |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Trevor Bauer
_____ , who issues or requests this subpoena, are:
Blair G. Brown, Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, bbrown@zuckerman.com, (202) 778-1800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.

  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**TO SUBPOENA TO TESTIFY BY ORAL DEPOSITION TO**

**MARYLOU RODGERS**

Pursuant to Federal Rules of Procedure 30 and 45, Plaintiff Trevor Bauer, by and through his undersigned counsel, serves this subpoena on **MaryLou Rodgers**. Please take notice that beginning at **9:00am** on **May 4, 2023** at **Veritext Legal Solutions, 550 West C Street, Suite 800, San Diego, CA 92101**, Mr. Bauer, by his counsel, will take the oral deposition of MaryLou Rodgers.

The deposition shall be videotaped and recorded stenographically and will continue from day to day until completed before a certified court reporter duly authorized by law to administer oaths and take depositions. The oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court. Court reporting services and video recording services will be provided by Veritext Legal Solutions.

Mr. Bauer will meet and confer with Ms. Rodgers and with Ms. Hill's counsel to find a mutually agreeable date, time, and location if Ms. Rodgers and/or Ms. Hill's counsel is unavailable at the date, time, and location noticed.

**Ms. Rodgers should contact Mr. Bauer's counsel, Nell Peyser, at (212) 897-3436 or at npeyser@zuckerman.com, to discuss scheduling the deposition.**

| | | |
|---|---|---|
| 1 | Dated:      March 14, 2023 | _/s/ Blair G. Brown_ |
| 2 | | Blair G. Brown (admitted *pro hac vice*) |
| | | Jon R. Fetterolf (admitted *pro hac vice*) |
| 3 | | ZUCKERMAN SPAEDER LLP |
| | | 1800 M Street, N.W., Suite 1000 |
| 4 | | Washington, D.C. 20036 |
| | | Tel: (202) 778-1800 |
| 5 | | Fax: (202) 882-8106 |
| | | bbrown@zuckerman.com |
| 6 | | jfetterolf@zuckerman.com |
| 7 | | Nell Peyser (admitted *pro hac vice*) |
| | | ZUCKERMAN SPAEDER LLP |
| 8 | | 485 Madison Avenue, 10th Floor |
| | | New York, NY 10022 |
| 9 | | Tel: (212) 704-9600 |
| | | Fax: (212) 704-4256 |
| 10 | | npeyser@zuckerman.com |
| 11 | | Shawn Holley (Cal. Bar No. 136811) |
| | | Suann MacIsaac (Cal Bar No. 205659) |
| 12 | | KINSELLA WEITZMAN ISER KUMP |
| | | HOLLEY LLP |
| 13 | | 11766 Wilshire Boulevard, Suite 750 |
| | | Los Angeles, CA 90025 |
| 14 | | Tel: (310) 566-9800 |
| | | Fax: (310) 566-9873 |
| 15 | | sholley@kwikhlaw.com |
| | | smacisaac@kwikhlaw.com |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# EXHIBIT 3

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>              Plaintiff,<br><br>    v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>              Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**NOTICE OF SUBPOENA TO OHANA RECOVERY RESIDENCES COMMANDING PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**<br><br>Action Filed: April 25, 2022 |

## NOTICE OF ISSUANCE OF SUBPOENA *DUCES TECUM* TO OHANA RECOVERY RESIDENCES

PLEASE TAKE NOTICE that, pursuant to the Federal Rule of Civil Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned attorneys, intends to serve a Subpoena, in the form attached hereto, on the Ohana Recovery Residences on March 22, 2023, or as soon thereafter as service may be effectuated.

Dated:       March 17, 2023          */s/ Blair G. Brown*

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA WEITZMAN ISER KUMP
HOLLEY LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

*Counsel for Plaintiff Trevor Bauer*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of March, 2023, I served a true and correct copy of the foregoing upon the following counsel via electronic mail:

WESIERSKI & ZUREK LLP
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (Bar No. 151990)
Jesse A. Kaplan, Esq. (Bar No. 255059)
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey C. Hill*

/s/ *Blair G. Brown*
Blair G. Brown

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| TREVOR BAUER | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  8:22-cv-00868-JVS-ADS |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Ohana Recovery Residences
                  4445 Fallsbrae Road, Fallbrook, CA 92028

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Kinsella Weitzman Iser Kump Holley LLP<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, CA 90025 | Date and Time:<br><br>04/21/2023 9:30 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/22/2023

_CLERK OF COURT_

                                    OR

_____              /s/ Blair G. Brown
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Trevor Bauer
_____, who issues or requests this subpoena, are:
Blair G. Brown, Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, bbrown@zuckerman.com, (202) 778-1800;
Shawn Holley, Kinsella Weitzman Iser Kump Holley LLP, 11766 Wilshire Blvd., Suite 750, Los Angeles, CA 90025, sholley@kwikhlaw.com, (310) 566-9800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## TO SUBPOENA *DUCES TECUM* TO OHANA RECOVERY RESIDENCES

Pursuant to Federal Rule of Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned counsel, serves this subpoena on the Ohana Recovery Residences. No later than April 21, 2023, you are directed to produce the documents, tangible items and electronically stored information to counsel for Mr. Bauer. Tangible items or hard copy documents may be mailed to the following address:

Shawn Holley
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com

If you wish to produce documents electronically, we request that copies of those documents be emailed to the following counsel for Mr. Bauer:

Blair G. Brown (bbrown@zuckerman.com)
Jon R. Fetterolf (jfetterolf@zuckerman.com)
Nell Z. Peyser (npeyser@zuckerman.com)
Shawn Holley (sholley@kwikhlaw.com)

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUBPOENA OR YOUR OBLIGATIONS, PLEASE CONTACT NELL PEYSER at npeyser@zuckerman.com or (212) 897-3436.**

## DEFINITIONS

1. The terms "you" and "your" shall refer to the Ohana Recovery Residences in any location.

2. The terms "Ms. Hill" shall refer to Lindsey C. Hill.

3. The terms "Document" and "Documents" include but are not limited to: correspondence, letters, memoranda, notes, reports, papers, files, books, records,

contracts, agreements, telegrams, electronic mail, other communications sent or received; printouts, diary entries and calendars; drafts, tables, compilation tabulations, charts, graphs, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, and other written records or recordings of or relating to any conference, meeting, visit, interview, or telephone conversation; bills, statements, invoices, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other records of payment; financial and statistical data, analyses, surveys and schedules; audio recordings and video recordings and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, and photographs); microfilm and microfiche; disks, computer files, electronically stored information, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing. Every draft or non-identical copy of a document is a separate document as defined herein. A non-identical copy is a document originally identical in all relevant respects to another document, but no longer identical by virtue of any notation, modification, or attachment of any kind. A document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

4.  The phrase "possession, custody, or control" applies to:

   a.  a document in your physical custody;

   b.  a document that you own in whole or in part;

   c.  a document that you have a right by contract, statute, or otherwise to use, inspect, examine, or copy on any terms;

   d.  a document for which you have an understanding (express or implied) that you may use, inspect, examine, or copy on any terms; or

   e.  a document that you have, as a practical matter, the ability to use, inspect, examine, or copy.

4.     The term "Communication" means the receipt or transmittal of information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically (e.g., including but not limited to, electronic mail, text message, communications and postings via any social media platform or website, or any other data transmission) or otherwise.

5.     The terms "any" and "all" shall each be considered to mean "any and all" as necessary to make these requests inclusive, rather than exclusive.

6.     The term "including" shall mean "including but not limited to," or "including without limitation."

7.     The term "concerning" shall mean referring to, relating to, discussing, describing, mentioning, noting, studying, reflecting, evaluating, analyzing, summarizing, evidencing, memorializing or being relevant to in any way.

8.     The use of the singular form of any word includes the plural and vice versa.

9.     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of its scope.

10.     "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to bring within the scope of the request documents which might otherwise be construed to be outside its scope.

11.     The term "person" refers to a natural person, firm, association, joint venture, partnership, corporation, limited liability company, and all other forms of legal relationships, unless the context indicates otherwise, and shall be deemed to mean the plural as well as the singular.

## **INSTRUCTIONS**

**1.     The relevant time period for these requests is the date when Ms. Hill first became affiliated with Ohana Recovery Residences through the present,**

**unless otherwise indicated in a specific document request.**

2.     In responding to these requests, you must produce all documents responsive to the request that are within your possession, custody and control, regardless of the physical location of the documents. This includes, but is not limited to, documents in possession of your employees and agents, as well as responsive, non-privileged documents in the possession of your attorneys.

3.     The fact that a particular request for production provides certain examples of responsive documents that you must produce does not change the fact that other kinds of responsive documents exist, which you must also produce in response to that request.

4.     All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business.

5.     You must produce documents not otherwise responsive to a request if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

6.     Each request shall be deemed continuing so as to require supplemental responses if you obtain or discover additional documents after the date of your initial production.

7.     Should you seek to assert any privilege or protection in objecting to the production of any record covered by this request, please (a) identify the nature of the privilege or protection that you are claiming, and (b) identify (i) the record type, e.g., letter or memorandum; (ii) the general subject matter of the record; (iii) the date of the record; and (iv) such information as is sufficient to describe the record, including its author and recipients.

8.     Produce all documents known or available to you, whether such documents are in your possession, or in the possession of, or otherwise obtainable, by you, from any person under your control.

9.     Produce electronically stored information, with the original metadata.

10. The production of any physical documents is to be made by mail to Kinsella Weitzman Iser Kump Holley LLP (attn: Shawn Holley), 11766 Wilshire Boulevard, Suite 750 Los Angeles, CA 90025, or at such other location mutually agreed by the parties, on or before **April 21, 2023** or at such time as ordered by the Court or mutually agreed upon.

11. The production of any electronic documents is to be made to the following individuals: Shawn Holley (sholley@kwikhlaw.com), Blair Brown (bbrown@zuckerman.com), Jon Fetterolf (jfetterolf@zuckerman.com), and Nell Peyser (npeyser@zuckerman.com), on or before **April 21, 2023**, or at such time as ordered by the Court or mutually agreed upon.

12. **Any questions about your obligations pursuant to this subpoena should be directed to Nell Peyser, who can be reached at npeyser@zuckerman.com or (212) 897-3436.**

## DOCUMENTS REQUESTED

1. All Documents, or tangible items in your possession, concerning:
   a. Ms. Hill's employment with Ohana Recovery Residences;
   b. Any medical leave or other leave of absence taken by Ms. Hill;
   c. Any disciplinary investigation into, or action taken against, Ms. Hill in the course of her employment at Ohana Recovery Residences;
   d. Ms. Hill's departure from Ohana Recovery Residences.

2. All Communications with any employee, including Ms. Hill, concerning:
   a. Any medical leave or other leave of absence taken by Ms. Hill;
   b. Any disciplinary investigation into, or action taken against, Ms. Hill in the course of her employment at Ohana Recovery Residences;
   c. Ms. Hill's departure from Ohana Recovery Residences.

3. All Communications with Ms. Hill's former and current employers

1    concerning Ms. Hill.

2        4.        All Documents, communications, or tangible items in your possession,

3    concerning any work performed by Ms. Hill at Ohana Recovery Residences from May

4    17, 2021 through July 17, 2021.

5

6    Dated:        March 22, 2023              */s/ Blair G. Brown*

7                                             Blair G. Brown (admitted *pro hac vice*)
                                             Jon R. Fetterolf (admitted *pro hac vice*)
8                                             ZUCKERMAN SPAEDER LLP
                                             1800 M Street, N.W., Suite 1000
9                                             Washington, D.C. 20036
                                             Tel: (202) 778-1800
10                                            Fax: (202) 882-8106
                                             bbrown@zuckerman.com
11                                            jfetterolf@zuckerman.com

12                                            Nell Peyser (admitted *pro hac vice*)
                                             ZUCKERMAN SPAEDER LLP
13                                            485 Madison Avenue, 10th Floor
                                             New York, NY 10022
14                                            Tel: (212) 704-9600
                                             Fax: (212) 704-4256
15                                            npeyser@zuckerman.com

16                                            Shawn Holley (Cal. Bar No. 136811)
                                             Suann MacIsaac (Cal Bar No. 205659)
17                                            KINSELLA WEITZMAN ISER KUMP
                                             HOLLEY LLP
18                                            11766 Wilshire Boulevard, Suite 750
                                             Los Angeles, CA 90025
19                                            Tel: (310) 566-9800
                                             Fax: (310) 566-9873
20                                            sholley@kwikhlaw.com
                                             smacisaac@kwikhlaw.com
21

22

23

24

25

26

27

28

# EXHIBIT 4

**Shauntece Laurant**

---

| **From:** | Peyser, Nell Z <NPeyser@zuckerman.com> |
|---|---|
| **Sent:** | Tuesday, April 25, 2023 8:34 AM |
| **To:** | Mary Lou Rodgers |
| **Cc:** | Jesse Kaplan |
| **Subject:** | RE: Bauer/Hill Subpoena |

Dear Ms. Rodgers,

I write to inform you that the parties will be filing a motion with the court regarding the document subpoena you were served with. That motion will be heard on May 24, 2023. You should not produce any documents in response to the subpoena until the court rules on the motion. If the parties are able to resolve the issues amongst themselves before May 24, 2023, we will contact you and let you know when you can begin sending us documents.

Best,
Nell



**Nell Peyser**
**Zuckerman Spaeder LLP**
**NPeyser@zuckerman.com**

485 MADISON AVENUE, 10TH FLOOR • NEW YORK, NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

---

**From:** Peyser, Nell Z
**Sent:** Tuesday, April 11, 2023 5:34 PM
**To:** 'Mary Lou Rodgers' <ml@ohanarecoveryresidences.com>
**Cc:** 'Jesse Kaplan' <jkaplan@ftllp.com>
**Subject:** Bauer/Hill Subpoena

Dear Ms. Rodgers:

Please be advised that I represent plaintiff Trevor Bauer in the above-referenced lawsuit. On or about March 14, 2023, my office issued a subpoena to you seeking the production of certain documents.

We are writing to inform you that we are extending the due date for the production of the documents requested in the subpoena. The due date shall **now be April 28, 2023** instead of April 13, 2023. Please do not produce documents prior to the new due date.

Thank you,
Nell Peyser



**Nell Peyser**
**Zuckerman Spaeder LLP**
**NPeyser@zuckerman.com**

485 MADISON AVENUE, 10TH FLOOR •  NEW YORK,  NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► **Download vCard | zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**Shauntece Laurant**

| | |
|---|---|
| **From:** | Peyser, Nell Z <NPeyser@zuckerman.com> |
| **Sent:** | Tuesday, April 25, 2023 8:32 AM |
| **To:** | Connaughton, Joe |
| **Cc:** | Jesse Kaplan |
| **Subject:** | RE: Bauer/Hill Subpoena [QBLLP-ACTIVE.FID42965199] |

Dear Mr. Connaughton,

I write to inform you that the parties will be filing a motion with the court regarding the document subpoena your client was served with. That motion will be heard on May 24, 2023. You should not produce any documents in response to the subpoena until the court rules on the motion. If the parties are able to resolve the issues amongst themselves before May 24, 2023, we will contact you and let you know when you can begin sending us documents.

Best,
Nell



**Nell Peyser**
**Zuckerman Spaeder LLP**
**NPeyser@zuckerman.com**

485 MADISON AVENUE, 10TH FLOOR • NEW YORK,  NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** Connaughton, Joe <Joe.Connaughton@quarles.com>
**Sent:** Tuesday, April 11, 2023 5:47 PM
**To:** Peyser, Nell Z <NPeyser@zuckerman.com>
**Cc:** Jesse Kaplan <jkaplan@ftllp.com>
**Subject:** RE: Bauer/Hill Subpoena [QBLLP-ACTIVE.FID42965199]

**EXTERNAL**

Received.  Thank you.

Kindly let me know if any processes occur, or agreements are reached, that might impact the timing or scope of our client's production.



**Joe Connaughton | Partner**
joe.connaughton@quarles.com | D. 619-744-3645
Quarles & Brady LLP
101 West Broadway, Ninth Floor, San Diego, CA 92101-8285
quarles.com | LinkedIn
Assistant: Deb Baranowski, 619-400-1174

---

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.

**From:** Peyser, Nell Z <NPeyser@zuckerman.com>
**Sent:** Tuesday, April 11, 2023 2:40 PM
**To:** Connaughton, Joe <Joe.Connaughton@quarles.com>
**Cc:** Jesse Kaplan <jkaplan@ftllp.com>
**Subject:** Bauer/Hill Subpoena

Dear Mr. Connaughton:

Please be advised that I represent plaintiff Trevor Bauer in the above-referenced lawsuit.  On or about March 22, 2023, my office issued a subpoena to the Padres L.P. seeking the production of certain documents.

We are writing to inform you that we are extending the due date for the production of the documents requested in the subpoena. The due date shall **now be April 28, 2023** instead of April 21, 2023.  Please do not produce documents prior to the new due date.

Thank you,
Nell Peyser



**Nell Peyser**
**Zuckerman Spaeder LLP**
**NPeyser@zuckerman.com**

[zuckerman.com]

485 MADISON AVENUE, 10TH FLOOR • NEW YORK,  NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard [zuckerman.com] | zuckerman.com [zuckerman.com]

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**Shauntece Laurant**

| | |
|---|---|
| **From:** | Peyser, Nell Z <NPeyser@zuckerman.com> |
| **Sent:** | Tuesday, April 25, 2023 8:35 AM |
| **To:** | lisaxdecker@gmail.com |
| **Cc:** | Jesse Kaplan |
| **Subject:** | RE: Bauer/Hill Subpoena |

Dear Ms. Decker,

I write to inform you that the parties will be filing a motion with the court regarding the document subpoena you were served with. That motion will be heard on May 24, 2023. You should not produce any documents in response to the subpoena until the court rules on the motion. If the parties are able to resolve the issues amongst themselves before May 24, 2023, we will contact you and let you know when you can begin sending us documents.

Best,
Nell



**Nell Peyser**
**Zuckerman Spaeder LLP**
**NPeyser@zuckerman.com**

485 MADISON AVENUE, 10TH FLOOR • NEW YORK,  NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** Peyser, Nell Z
**Sent:** Tuesday, April 11, 2023 5:33 PM
**To:** 'lisaxdecker@gmail.com' <lisaxdecker@gmail.com>
**Cc:** 'Jesse Kaplan' <jkaplan@ftllp.com>
**Subject:** Bauer/Hill Subpoena

Dear Ms. Decker:

Please be advised that I represent plaintiff Trevor Bauer in the above-referenced lawsuit.  On or about March 14, 2023, my office issued a subpoena to you seeking the production of certain documents.

We are writing to inform you that we are extending the due date for the production of the documents requested in the subpoena. The due date shall **now be April 28, 2023** instead of April 13, 2023.  Please do not produce documents prior to the new due date.

Thank you,
Nell Peyser



**Nell Peyser**
**Zuckerman Spaeder LLP**
**NPeyser@zuckerman.com**

485 MADISON AVENUE, 10TH FLOOR • NEW YORK, NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► **Download vCard | zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential
and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the
intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by
return email or contact us by telephone at 202.778.1800 and permanently delete all copies.