Christopher P. Wesierski [Bar No. 086736]
cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant and Counterclaimant
Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>Defendants.<br><br>LINDSEY C. HILL,<br><br>Counterclaimant,<br><br>vs. | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>Assigned to: Judge James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**DISCOVERY MATTER: DECLARATION OF JESSE A. KAPLAN IN SUPPORT OF MOTION TO COMPEL BAUER TO PRODUCE DOCUMENTS**<br><br>[Notice of Motion to Compel; Joint Stipulation; and Declarations of Jesse A. Kaplan, Lindsey C. Hill and Blair G. Brown filed concurrently]<br><br>Date: June 14, 2023<br>Time: 10:00 a.m.<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom: 6B |

TREVOR BAUER,

Counter-defendant.

Action Filed: April 25, 2022
Discovery Deadline: June 26, 2023
Pretrial Conference: January 22, 2024
Trial Date: February 13, 2024

# DECLARATION OF JESSE KAPLAN

I, Jesse A. Kaplan, declare as follows:

1. I am an attorney at law, licensed to practice in the State of California. I am a partner of Freedman + Taitelman, LLP ("F+T"). I submit this Declaration in support of Lindsey Hill's Motion to Compel Trevor Bauer to Produce documents, and the positions set forth in the Joint Stipulation regarding same (the "Joint Stipulation"). I have personal knowledge of the facts stated herein and, if called upon to testify, could and would testify competently thereto.

2. On January 10, 2023, my co-counsel at Wesierski & Zurek LLP ("W&Z") propounded Requests for Production (Set One) on Bauer. A true and correct copy of the Requests for Production (Set One) is attached hereto as **Exhibit 1**.

3. On January 10, 2023, my co-counsel at W&Z propounded Requests for Production (Set Two) on Bauer. A true and correct copy of the Requests for Production (Set Two) is attached hereto as **Exhibit 2**.

4. On March 13, 2023, Bauer served responses to the Requests for Production (Set One). A true and correct copy of those responses is attached hereto as **Exhibit 3**.

5. On March 13, 2023, Bauer served responses to the Requests for Production (Set Two). A true and correct copy of those responses is attached hereto as **Exhibit 4**.

6. On March 22, 2023, my co-counsel at W&Z sent Bauer's counsel a meet and confer letter pursuant to Local Rule 37-1 requesting their availability for a pre-motion conference concerning contemplated motion practice about Bauer's responses to various written discovery including Bauer's responses to the Requests for Production. A true and correct copy of that letter is attached hereto as **Exhibit 5**.

7. On March 28, 2023, my co-counsel at W&Z sent Bauer's counsel an additional meet and confer letter pursuant to Local Rule 37-1 concerning Bauer's responses to the Requests for Production. A true and correct copy of that letter is

attached hereto as **Exhibit 6**.

8. Following the issuance of the Local Rule 37-1 letters, counsel conducted a number of meet and confer telephone calls to try to resolve the discovery disputes concerning Bauer's responses to the Requests for Production. Specifically, those calls occurred on the following dates: March 30, 2023, and April 13, 2023.

9. I obtained a public statement from Major League Baseball's ("MLB") website dated April 29, 2022, and entitled "Dodgers pitcher Bauer disciplined." A true and correct copy of that public statement is attached hereto as **Exhibit 7**.

10. I obtained an article from MLB's website dated April 29, 2022, and entitled "Trevor Bauer suspended 2 full seasons." A true and correct copy of that article is attached hereto as **Exhibit 8**.

11. I obtained a public statement from MLB's website dated December 22, 2022, and entitled "Major League Baseball Statement." A true and correct copy of that press release is attached hereto as **Exhibit 9**.

12. Bauer responses to Interrogatories (Set One) in this lawsuit are attached hereto as **Exhibit 10**.

13. On May 1, 2023, Bauer served Amended Initial Disclosures. A true and correct copy of the Amended Initial Disclosures is attached hereto as **Exhibit 11**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of May, 2023, at Los Angeles, California.

Jesse A. Kaplan

EXHIBIT 1

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>Defendant. | Case No. 8:22-cv-00868 JVS(ADSx)<br><br>**DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS.**<br><br>**[C.C.P.§§2031.010 et seq.]**<br><br>Trial Date: None Set |

PROPOUNDING PARTY: DEFENDANT, LINDSEY HILL

RESPONDING PARTY: PLAINTIFF, TREVOR BAUER

SET NO.: ONE

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LINDSEY HILL ("Hill") propounds the following Requests for Production of Documents to Plaintiff TREVOR BAUER ("Bauer" or "Plaintiff"), individually. Plaintiff is to provide a written response to this document's requests and produce documents responsive to the requests within thirty days following service hereof. Production is to occur at the offices of the Wesierski & Zurek LLP, 29 Orchard Road, Lake Forest, CA 92630. The time for such inspection shall be 10:00 a.m. within thirty (30) days after service of these requests, and continuing so long as reasonably required.

**INSTRUCTIONS AND DEFINITION OF TERMS**

A. The terms "PLAINTIFF," "YOU," and "YOUR" shall mean Plaintiff TREVOR BAUER, individually and includes all, agents and representatives for Plaintiff as well as any other person or entity acting on his behalf, pursuant to his authority, or subject to its control.

B. Whenever the terms "DOCUMENTS" or "all DOCUMENTS" are used herein, these terms are meant to include all documents available to YOU and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or visualized by any other process, specifically including (1) all original, copies, or drafts, and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic material, however produced or reproduced, in the actual or constructive possession of you, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monograph, bulletins, manuals, speeches, audio and video tapes or memoranda, drawings, blueprints, recordings, computer discs, computer electronic or optical memory devices in readable form, computer printouts, external hard drives, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

retrieved by any process, test, and/or analysis, reports, and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants or consulting engineers, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, online posts and direct messages, and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

C. In the event that YOU wish to assert a privilege as to any document for which identification is requested by any of the following requests, then as to each document subject to such assertion, YOU are requested to provide such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

D. Whenever the term "COMPLAINT" is used in an interrogatory, it refers to the COMPLAINT filed in the matter of *Bauer v. Hill* in the United States District Court for the Central District of California, Case No. Case No. 8:22-cv-00868 JVS(ADSx).

The following is the designation of the documents to be produced for inspection:

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill fabricated allegations of sexual assault against Plaintiff Trevor Bauer" as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill … made false and malicious statements about [YOU]" as alleged in paragraph 1 of

YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill … generated a media blitz based on her lies" as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted to destroy Mr. Bauer's reputation and baseball career" as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted to … garner attention for herself" as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted to … extract millions of dollars from Mr. Bauer" as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS that support YOUR contention that "the damage to Mr. Bauer has been extreme" as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's goal was to lure Mr. Bauer into having a rougher sexual experience so she could later claim this sexual experience was not what she requested and thereby lay the groundwork for a financial settlement" as alleged in paragraph 3 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS that support YOUR contention that "During their

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

second encounter, the two again engaged in consensual rough sex that involved the rough sexual acts that Ms. Hill requested" as alleged in paragraph 3 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] texted her close confidants to tell them that Mr. Bauer had taken things too far during consensual sex" as alleged in paragraph 4 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill filed a false police report" as alleged in paragraph 5 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill allegations were false" as alleged in paragraph 6 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer respected the boundaries established and agreed upon with Ms. Hill" as alleged in paragraph 6 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's allegations in the DVRO Petition against Mr. Bauer were false and misleading" as alleged in paragraph 8 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] travelled 2.5 hours each way from her home on her own volition to have sex with Mr. Bauer" as alleged in paragraph 8 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS that support YOUR contention that "[Hill's] contemporaneous communications with Mr. Bauer, as well as those with her friends

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

and family members, were wholly inconsistent with the allegations she submitted in the DRVO Petition" as alleged in paragraph 8 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS that support YOUR contention that Ms. Hill "selectively omitted medical reports that were inconsistent with her claimed injuries and the alleged conduct of Mr. Bauer" as alleged in paragraph 8 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS that support YOUR contention that "the Petition attached photos of Ms. Hill's alleged injuries that were taken and filtered in a manner to make it appear that she had suffered gruesome injuries" as alleged in paragraph 8 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill…engaged in a defamatory media campaign to further smear Mr. Bauer's reputation and to ensure that Ms. Hill's fabricated story gained maximum media exposure" as alleged in paragraph 10 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill … also failed to preserve material evidence" as alleged in paragraph 11 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill deliberately deleted scores of text messages, videos. and photographs from her phone" as alleged in paragraph 11 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's allegations were revealed to be false during an August 2021 hearing to determine

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

the validity of the temporary *ex parte* restraining order" as alleged in paragraph 12 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS that support YOUR contention that "the Court concluded that Mr. Bauer did not abuse or assault Ms. Hill or engage in non-consensual sex with her" as alleged in paragraph 12 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was motivated by desires to negatively influence Mr. Bauer's baseball performance" as alleged in paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was motivated by desires to … destroy [YOUR] career" as alleged in paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was motivated by desires to … gain a settlement by making false allegation against Mr. Bauer" as alleged in paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS that support YOUR contention that "That contract made [YOU] the highest paid MLB player for the 2021 season" as alleged in paragraph 26 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill searched for Mr. Bauer on the internet in order to learn more about him" as alleged in paragraph 28 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS that support YOUR contention that Fernando

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Tatis is someone "with whom Ms. Hill had a prior sexual relationship" as alleged in paragraph 31 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS that support YOUR contention that "While at Mr. Bauer's house, and unbeknownst to him, she took pictures of the inside of his house and texted them to her cousin" as alleged in paragraph 40 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer sought greater clarity about what, specifically, Ms. Hill meant by 'rough'" as alleged in paragraph 44 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all DOCUMENTS that support YOUR contention that "The two also discussed engaging in choking during sex" as alleged in paragraph 43 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill also told Mr. Bauer that she had experimented with choking in the past and was interested in trying it that night" as alleged in paragraph 43 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill realized while they were having sex that she was lightly bleeding because of her menstrual cycle" as alleged in paragraph 46 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill continued to brag to her friends about Mr. Bauer, alluding to … her ability to harm his baseball performance, for the benefit of the Padres, her favorite baseball team" as alleged in paragraph 53 of YOUR COMPLAINT.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**<u>REQUEST FOR PRODUCTION NO. 36</u>:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill also texted a friend that they would be able to travel to Europe together in style once she was successful in her plot to destroy Mr. Bauer by tricking him into having rough and rougher sex with her" as alleged in paragraph 56 of YOUR COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 37</u>:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] told [YOU] that she started having rough sex once she became sober because it gave her a 'high'" as alleged in paragraph 62 of YOUR COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 38</u>:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer sought to establish clear boundaries to govern the rough sex in which they had agreed to exchange" as alleged in paragraph 63 of YOUR COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 39</u>:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer paused several times to ensure that Ms. Hill was okay and that she wished to continue. Each time, she expressed that she did" as alleged in paragraph 64 of YOUR COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 40</u>:**

Produce all DOCUMENTS that support YOUR contention that "At several points during the sexual encounter, Ms. Hill requested rougher behavior from Mr. Bauer" as alleged in paragraph 65 of YOUR COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill did not give any indication to Mr. Bauer that she was not enjoying herself or that she wished to stop having sex" as alleged in paragraph 65 of YOUR COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 42</u>:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill and

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Mr. Bauer each showered separately" as alleged in paragraph 68 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill had no other visible bruises, markings, or scratches on her body" as alleged in paragraph 69 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS that support YOUR contention that "At 1:57 a.m., unbeknownst to Mr. Bauer, Ms. Hill tweeted, tagging Mr. Bauer: '@BauerOutrage Absolute diesel straight down the dick kinda energy'" as alleged in paragraph 71 of YOUR COMPLAINT.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill took more than one surreptitious photograph while she was at Mr. Bauer's home. At least one of these photographs is exculpatory and was not produced in discovery by Ms. Hill during the subsequent DVRO proceeding, as she had attempted to permanently delete it" as alleged in paragraph 72 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill did not have any visible markings or bruising on her face or body except for a slightly swollen lip" as alleged in paragraph 73 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS that support YOUR contention that "the picture did not reflect what she looked like when she left Mr. Bauer's house in the morning of May 16th" as alleged in paragraph 80 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's conversation with her friends turned to discussions as to how to 'fuck over' Mr.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Bauer" as alleged in paragraph 84 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS that support YOUR contention that "the PPD grew suspicious of Ms. Hill's versions of the events" as alleged in paragraph 88 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's discussions with her friends made clear that she wished to destroy Mr. Bauer's reputation and career and to exploit him for money" as alleged in paragraph 89 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill continued plotting with her AA sponsor to carefully craft her image for the purpose of exploiting Mr. Bauer" as alleged in paragraph 91 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all DOCUMENTS that support YOUR contention that "She then sent a tweet with an insulting remark about Mr. Bauer and wrote: 'Pussy ass bitch'" as alleged in paragraph 93 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all DOCUMENTS that support YOUR contention that "The hearing, which occurred over 4 days, established that Mr. Bauer had not assaulted or abused Ms. Hill in any manner" as alleged in paragraph 106 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 54:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's testimony about anal sex was not credible" as alleged in paragraph 109 of YOUR COMPLAINT.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill omitted scores of communications expressing her approval of their first sexual encounter" as alleged in paragraph 113 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also misled the Court about the nature of the injuries she allegedly sustained" as alleged in paragraph 115 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS that support YOUR contention that "the hearing revealed that photographs submitted to the Court depicting significant scratching and bruising on Ms. Hill's face were modified to create and exacerbate the appearance of injuries" as alleged in paragraph 116 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all DOCUMENTS that support YOUR contention that "the photographs attached to Ms. Hill's Petition did not accurately depict her appearance" as alleged in paragraph 117 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also misled the Court regarding her purported fear of Mr. Bauer" as alleged in paragraph 120 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 60:**

Produce all DOCUMENTS that support YOUR contention that "evidence at the hearing showed that Ms. Hill frequently sought out opportunities to see Mr. Bauer" as alleged in paragraph 122 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also falsely stated that she was 'unable to work due to my injuries'" as

alleged in paragraph 123 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all DOCUMENTS that support YOUR contention that "Only after she met with the police did she delete [text] messages" as alleged in paragraph 135 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill selectively deleted information that was potentially harmful to her claim against Mr. Bauer" as alleged in paragraph 136 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all DOCUMENTS that support YOUR contention that "The statements made by Ms. Hill to the Pasadena Police Department that Mr. Bauer sexually assaulted her were false, defamatory, and published with actual malice" as alleged in paragraph 151 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill knew that her statements to the Pasadena Police Department were false" as alleged in paragraph 152 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 66:**

Produce all DOCUMENTS that support YOUR contention that "The false statements made by Ms. Hill to the Pasadena Police Department are not privileged" as alleged in paragraph 153 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 67:**

Produce all DOCUMENTS that support YOUR contention that "The false statements by Ms. Hill have severely damaged Mr. Bauer's reputation and caused him anguish, humiliation, embarrassment, and financial loss" as alleged in paragraph 155 of YOUR COMPLAINT.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR PRODUCTION NO. 68:**

Produce all DOCUMENTS that support YOUR contention that "In response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers" as alleged in paragraph 156 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all DOCUMENTS that support YOUR contention that "The period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department" as alleged in paragraph 156 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 70:**

Produce all DOCUMENTS that support YOUR contention that "The false statements by Ms. Hill have severely damaged Mr. Bauer's reputation and caused him anguish, humiliation, embarrassment, and financial loss" as alleged in paragraph 156 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 71:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's defamatory statements were made with hatred, ill will, and spite, with the intent to harm Mr. Bauer or in blatant disregard of the substantial likelihood of causing him harm" as alleged in paragraph 157 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 72:**

Produce all DOCUMENTS that support YOUR contention YOUR "contract is not a contract at will and includes terms providing Mr. Bauer certain performance-based payments" as alleged in paragraph 165 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 73:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill intentionally engaged in wrongful acts that were designed, intended, and

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

substantially certain to disrupt or terminate the contractual relationship between the Los Angeles Dodgers and Mr. Bauer" as alleged in paragraph 167 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 74:**

Produce all DOCUMENTS that support YOUR contention that "Due to Ms. Hill's wrongful acts, the contractual relationship between Mr. Bauer and the Los Angeles Dodgers was disrupted" as alleged in paragraph 168 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 75:**

Produce all DOCUMENTS that support YOUR contention that "Due to Ms. Hill's wrongful acts… Mr. Bauer was placed on administrative leave from the Los Angeles Dodgers and prevented from carrying out the duties of his contract" as alleged in paragraph 168 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 76:**

Produce all DOCUMENTS that support YOUR contention that "Due to Ms. Hill's wrongful acts…Mr. Bauer was not permitted to practice or play with the Los Angeles Dodgers team for the duration of the 2021 MLB season and has remained on administrative leave since the beginning of the 2022 MLB season" as alleged in paragraph 168 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 77:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer has suffered financial harm by losing opportunities to earn additional income and exercise rights provided by his contract with the Los Angeles Dodgers" as alleged in paragraph 169 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 78:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer has suffered … other economic damages" as alleged in paragraph 169 of YOUR COMPLAINT.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR PRODUCTION NO. 79:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer is a party to business contracts with sponsors and other due to his reputation and performance as a Major League Baseball Player with the Los Angeles Dodgers" as alleged in paragraph 171 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 80:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill … had personal relationships with Major League Baseball players before she met Mr. Bauer" as alleged in paragraph 172 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 81:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was aware that MLB players like Mr. Bauer have business contracts with sponsors and others due to their reputation and performance as MLB players" as alleged in paragraph 172 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 82:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill intentionally engaged in wrongful acts that were designed, intended, and substantially certain to disrupt or terminate the contractual relationships between Mr. Bauer and the sponsors and others" as alleged in paragraph 173 of YOUR COMPLAINT.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR PRODUCTION NO. 83**:

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer has suffered financial harm by losing revenue and opportunities for revenue provided by his contracts and prospective contracts with sponsors and others" as alleged in paragraph 174 of YOUR COMPLAINT.

DATED: January 10, 2023

WESIERSKI & ZUREK LLP

By: [signature]

CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorney for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 29 Orchard Road, Lake Forest, CA 92630.

On January 10, 2023, I served true copies of the following document(s) described as **DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS.** on the interested parties in this action as follows:

| | |
|---|---|
| Shawn C. Holley, Esq.<br>Kate E. Mangels, Esq.<br>Suann MacIssac, Esq.<br>Kinsella Weitzman Iser Kump Holley LLP<br>808 Wilshire Blvd, Suite 300<br>Santa Monica, CA 90401<br>Phone: 310-566-9822<br>Fax: 310-566-9850<br>E-Mail: sholley@kwikhlaw.com ;<br>kmangels@kwikalaw.com;<br>smacisaac@kwikhlaw.com | Attorney for Plaintiff, Trevor Bauer |
| Blair G. Brown, Esq.<br>Jon R. Fetterolf, Esq.<br>Nell Peyser, Esq.<br>Zuckerman Spaeder LLP<br>1800 M. Street, N. W. Suite 1000<br>Washingtion, D.C 20036<br>Phone: 202-778-1800<br>Fax: 202-882-8106<br>E-Mail: bbrown@zuckerman.com;<br>jfetterolf@zuckerman.com;<br>NPeyser@Zuckerman.com | Attorney for Plaintiff, Trevor Bauer |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address canderson@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 10, 2023, at Lake Forest, California.

s/ CHELSEA ANDERSON
Chelsea Anderson

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# EXHIBIT 2

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,

Defendant.

Case No. 8:22-cv-00868 JVS(ADSx)

**DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS.**

**[C.C.P.§§2031.010 et seq.]**

Trial Date: None Set

PROPOUNDING PARTY: DEFENDANT, LINDSEY HILL

RESPONDING PARTY: PLAINTIFF, TREVOR BAUER

SET NO.: TWO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LINDSEY HILL ("Hill") propounds the following Requests for Production of Documents to Plaintiff TREVOR BAUER ("Bauer" or "Plaintiff"), individually. Plaintiff is to provide a written response to this document's requests and produce documents responsive to the requests within thirty days following service hereof. Production is to occur at the offices of the Wesierski & Zurek LLP, 29 Orchard Road, Lake Forest, CA 92630. The time for such inspection shall be 10:00 a.m. within thirty (30) days after service of these requests, and continuing so long as reasonably required.

**INSTRUCTIONS AND DEFINITION OF TERMS**

A. The terms "PLAINTIFF," "YOU," and "YOUR" shall mean Plaintiff TREVOR BAUER, individually and includes all, agents and representatives for Plaintiff as well as any other person or entity acting on his behalf, pursuant to his authority, or subject to its control.

B. Whenever the terms "DOCUMENTS" or "all DOCUMENTS" are used herein, these terms are meant to include all documents available to YOU and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or visualized by any other process, specifically including (1) all original, copies, or drafts, and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic material, however produced or reproduced, in the actual or constructive possession of you, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monograph, bulletins, manuals, speeches, audio and video tapes or memoranda, drawings, blueprints, recordings, computer discs, computer electronic or optical memory devices in readable form, computer printouts, external hard drives, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

retrieved by any process, test, and/or analysis, reports, and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants or consulting engineers, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, online posts and direct messages, and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

C. In the event that YOU wish to assert a privilege as to any document for which identification is requested by any of the following requests, then as to each document subject to such assertion, YOU are requested to provide such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

D. Whenever the term "HILL" or "Ms. Hill" is used in an interrogatory, it refers to LINDSEY C. HILL, Defendant in the above-captioned case.

E. Whenever the terms "COMPLAINT" and/or "ACTION" are used in an interrogatory, it refers to the COMPLAINT filed in the matter of *Bauer v. Hill* in the United States District Court for the Central District of California, Case No. Case No. 8:22-cv-00868 JVS(ADSx).

F. Whenever the terms "SUBJECT INCIDENT" or "INCIDENT" are used it shall mean and refer to the allegations in the COMPLAINT.

G. Whenever the term "LAW ENFORCEMENT" is used it shall mean and refer to any agency with employees responsible for enforcing laws, maintaining public order, and/or managing public safety.

H. Whenever the term "MEDICAL SERVICES" is used it shall mean and refer to health care services, examination, or treatment(s) which are performed,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

prescribed, or directed by a Physician, or anyone holding themselves out to the public as if they are acting in a similar capacity.

I. Whenever the term "WEARABLE TECHNOLOGY" is used it shall mean and refer to any technology or technological item that is used to track, record, analyze, and/or transmit personal or other biometric data, and is designed to be in-use while worn.

J. Whenever the term "TRAINING" is used it shall mean and refer to the development of any particular skill to a desired standard by instruction and/or practice.

The following is the designation of the documents to be produced for inspection:

**REQUEST FOR PRODUCTION NO. 84:**

Produce all DOCUMENTS regarding any application for a restraining order against YOU that concerned allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape, including without limitation, all non-privileged communications related to same.

**REQUEST FOR PRODUCTION NO. 85:**

Produce all photographs, videos, or motion pictures of YOU choking, battering or hitting any person, of any person being unconscious or partially unconscious, and/or any injuries any person allegedly sustained as a result of YOU.

**REQUEST FOR PRODUCTION NO. 86:**

Produce all DOCUMENTS regarding any allegations made against YOU for physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape.

**REQUEST FOR PRODUCTION NO. 87:**

Produce all DOCUMENTS containing statements, interviews or testimony YOU have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against YOU, including without limitation, any investigation conducted by

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

any LAW ENFORCEMENT authorities or Major League Baseball.

**REQUEST FOR PRODUCTION NO. 88:**

Produce all DOCUMENTS reflecting communications in connection with any actual or contemplated civil litigation against YOU, or any cease and desist letters, related to any alleged physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape.

**REQUEST FOR PRODUCTION NO. 89:**

Produce all DOCUMENTS related to any settlement agreements YOU have entered into at any time regarding allegations made against YOU for physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape.

**REQUEST FOR PRODUCTION NO. 90:**

Produce all photographs, videos or motion pictures concerning any allegation contained within YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 91:**

Produce all DOCUMENTS that reflect communications with any third-parties regarding the allegations within YOUR COMPLAINT, including without limitation, Major League Baseball, the Los Angeles Dodgers, the Major League Baseball Player's Union, any sponsors, and/or YOUR assistants, managers, or employees.

**REQUEST FOR PRODUCTION NO. 92:**

Produce all DOCUMENTS that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against YOU.

**REQUEST FOR PRODUCTION NO. 93:**

Produce all DOCUMENTS from the Major League Baseball arbitration proceeding concerning YOUR suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through discovery in that proceeding.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR PRODUCTION NO. 94:**

Produce all DOCUMENTS in connection with Major League Baseball's investigation of YOU concerning allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against YOU, including without limitation, all statements, interviews, transcripts and DOCUMENTS exchanged in connection with that investigation.

**REQUEST FOR PRODUCTION NO. 95:**

Produce all social media posts that YOU have made regarding the allegations within YOUR COMPLAINT and/or Ms. Hill, including without limitation, drafts of the same.

**REQUEST FOR PRODUCTION NO. 96:**

Produce all direct messages that YOU have sent or received regarding the allegations within YOUR COMPLAINT and/or Ms. Hill.

**REQUEST FOR PRODUCTION NO. 97:**

Produce copies of all DOCUMENTS that YOU have shared with anyone regarding the allegations within YOUR COMPLAINT and/or Ms. Hill.

**REQUEST FOR PRODUCTION NO. 98:**

Produce all non-privileged voice messages YOU have received at any time regarding the allegations within YOUR COMPLAINT and/or Ms. Hill.

**REQUEST FOR PRODUCTION NO. 99:**

Produce all copies of entries from YOUR personal calendar related to any of the allegations within YOUR COMPLAINT and/or Ms. Hill.

**REQUEST FOR PRODUCTION NO. 100:**

Produce all DOCUMENTS containing entries of any data recorded, gathered, or collected from any item of WEARABLE TECHNOLOGY worn by YOU on April 21-22, 2021 or May 15-16, 2021.

**REQUEST FOR PRODUCTION NO. 101:**

Produce copies of all MEDICAL SERVICES, treatment, or examinations

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

YOU received related to any of the allegations within YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 102:**

Produce copies of DOCUMENTS from any interview YOU have given which address any of the allegations within YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 103:**

Produce copies of all DOCUMENTS related to any TRAINING YOU have received related to resuscitation and/or the assisted medical revival of an individual.

**REQUEST FOR PRODUCTION NO. 104:**

Produce copies of all DOCUMENTS related to any TRAINING YOU have received on the topic of sexual consent at any time.

**REQUEST FOR PRODUCTION NO. 105:**

Produce copies of all DOCUMENTS related to any sexual assault or harassment policy TRAINING from any business YOU own or control.

**REQUEST FOR PRODUCTION NO. 106:**

Produce copies of all CONTRACTS which YOU allege were interfered with by HILL, or otherwise impacted by HILL's conduct, as alleged in YOUR COMPLAINT, including without limitation, any contracts with the Los Angeles Dodgers, or any sponsor.

**REQUEST FOR PRODUCTION NO. 107:**

Produce all DOCUMENTS related to any CONTRACT which YOU allege was impacted by the allegations in YOUR COMPLAINT and/or Ms. Hill, including without limitation, any contracts with the Los Angeles Dodgers, or any sponsor.

**REQUEST FOR PRODUCTION NO. 108:**

Produce all DOCUMENTS reflecting communications with any sponsor about that sponsor's termination or decision not to move forward with of any actual or potential business relationship with YOU, including without limitation, the reason for the sponsor's termination of or decision not to move forward with any actual or potential business relationship with YOU.

**REQUEST FOR PRODUCTION NO. 109:**

Produce copies of all DOCUMENTS reflecting communications YOU have had related to, or with, Derek Dawson related to Ms. Hill and/or any allegations within YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 110:**

Produce any and all DOCUMENTS which in any way support YOUR theory of liability against HILL in this ACTION.

**REQUEST FOR PRODUCTION NO. 111:**

Produce ALL DOCUMENTS identified in YOUR Rule 26 Disclosures served in this matter that are in YOUR possession, custody and/or control.

**REQUEST FOR PRODUCTION NO. 112:**

ALL DOCUMENTS that support YOUR claim for punitive damages in this matter.

**REQUEST FOR PRODUCTION NO. 113:**

Produce all documents YOU have received in connection with the DOMESTIC VIOLENCE RESTRAINING ORDER ("DOMESTIC VIOLENCE RESTRAINING ORDER" shall mean and refer to Court Case No. 21STRO03198) filed against YOU arising out of the April 21, 2021 and May 15-16, 2021, INCIDENTS identified within YOUR COMPLAINT.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR PRODUCTION NO. 114:**

Produce all DOCUMENTS related to Major League Baseball's suspension of YOU and/or placing YOU on administrative leave.

DATED: January 10, 2023

WESIERSKI & ZUREK LLP

By: [signature]

CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorney for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

9
Case No. 8:22-cv-00868 JVS(ADSx)
I1746666-1 MER-5137
Demand for Inspection and Production of Documents to Plaintiff Bauer, Set Two.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of . My business address is 29 Orchard Road, Lake Forest, CA 92630.

On January 10, 2023, I served true copies of the following document(s) described as **DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS.** on the interested parties in this action as follows:

| | |
|---|---|
| Shawn C. Holley, Esq.<br>Kate E. Mangels, Esq.<br>Suann MacIssac, Esq.<br>Kinsella Weitzman Iser Kump Holley LLP<br>808 Wilshire Blvd, Suite 300<br>Santa Monica, CA 90401<br>Phone: 310-566-9822<br>Fax: 310-566-9850<br>E-Mail: sholley@kwikhlaw.com ; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com | Attorney for Plaintiff, Trevor Bauer |
| Blair G. Brown, Esq.<br>Jon R. Fetterolf, Esq.<br>Nell Peyser, Esq.<br>Zuckerman Spaeder LLP<br>1800 M. Street, N. W. Suite 1000<br>Washingtion, D.C 20036<br>Phone: 202-778-1800<br>Fax: 202-882-8106<br>E-Mail: bbrown@zuckerman.com; jfetterolf@zuckerman.com; NPeyser@Zuckerman.com | Attorney for Plaintiff, Trevor Bauer |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address canderson@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 10, 2023, at Lake Forest, California.

s/ CHELSEA ANDERSON
Chelsea Anderson

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# EXHIBIT 3

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,

Defendants.

Case No. 8:22-cv-00868 JVS(ADSx)

Assigned for all purposes to the Hon. James V. Selna

**PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S RESPONSES TO DEFENDANT LINDSEY HILL'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS, SET ONE**

Action Filed: April 25, 2022

PROPOUNDING PARTY: DEFENDANT, LINDSEY HILL

RESPONDING PARTY: PLAINTIFF, TREVOR HILL

SET NO.: ONE

Plaintiff and Counterclaim Defendant Trevor Bauer ("Bauer") hereby responds pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34-2 of the Local Rules of the Central District of California ("Local Rules") to Defendant and Counterclaimant Lindsey Hill's ("Hill") first demand for inspection and production of documents (the "Requests"):

**GENERAL OBJECTIONS**

The following general objections apply to each of the Requests propounded by Hill and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separate numbered Requests.

1. Bauer objects to the Requests, including all of the definitions and instructions to the extent that they fail to comply with, or call for Bauer to do more than is required under the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order.

2. Bauer objects to each Request to the extent that it purports to require Bauer to respond beyond his present knowledge, information, and belief. Bauer's responses to the Requests are made to the best of his present knowledge, information, and belief. These responses and objections are made without prejudice to Bauer's right to supplement, clarify, revise, correct, or amend any and all of his responses and objections as appropriate. A failure to object will not constitute a waiver of any objection that Bauer may make as part of any future supplemental response.

3. Bauer objects to each Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

4. Bauer objects to each Request to the extent it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence.

5. Bauer objects to each Request to the extent that it is vague and ambiguous.

6.     Bauer objects to each Request to the extent that it is unreasonably cumulative or duplicative.

7.     Bauer objects to each Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. These documents will not be produced.

8.     Inadvertent production of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of Bauer's right to object to the use of such material during any later proceeding. Any such information or documents shall be immediately returned to counsel for Bauer.

9.     Bauer objects to each Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

10.     Bauer objects to each Request to the extent that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer.

11.     Bauer objects to each Request to the extent that it is a contention request. Bauer objects to any such Request on the grounds that it is premature in light of the present stage of discovery, and Bauer reserves the right to update his responses in light of any discovery.

12.     Bauer objects to each Request to the extent that it seeks information of a confidential, proprietary or sensitive personal nature that infringes on his privacy rights or the privacy rights of third parties protected under the California Constitution. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks discovery from a [party] concerning sexual matters protected by the constitutional

right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

13.     Bauer objects to each Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

14.     Bauer objects to each Request that contains no limitation on time period as overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

15.     Bauer objects to each Request to the extent it assumes any fact, event, or legal conclusion is true or that any characterization is accurate. No response shall be construed as an admission that any factual characterization contained in the Requests is accurate.

16.     Bauer reserves all objections that may be available to him at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by Bauer that such material or the information contained therein is relevant to this action or admissible evidence.

17.     The failure of Bauer to make a specific objection to a particular individual Request is not, and shall not be construed as, an admission that responsive information exists. Likewise, any statement herein that Bauer will produce any documents in response to an individual Request does not mean that Bauer in fact has any such documents, or that any such documents exists, or that Bauer will search all files maintained by any person, but instead reflects the intention of Bauer, subject to his objections, to conduct a reasonable search for responsive documents.

18.     Any information or documents produced in response to the Requests shall be subject to the Protective Order in this case. Any information or documents

stamped "CONFIDENTIAL" shall be treated as such. If Hill discloses any information or documents stamped "CONFIDENTIAL," Bauer reserves the right to seek sanctions against Hill and will seek sanctions against Hill to the fullest extent of the law.

**OBJECTIONS TO DEFINITIONS**

1. Bauer objects to the definition of "PLAINTIFF," "YOU," and "YOUR" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it includes agents, representatives, other persons, and entities acting on his behalf.

2. Bauer objects to the definition of "DOCUMENTS" to the extent that it purports to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order. Bauer further objects to this definition on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it seeks "all documents available to YOU." Bauer does not know what Hill means by "available to YOU," but to the extent this language purports to create a duty to produce materials not within his possession, custody, or control, Bauer objects. Bauer will not produce any documents that are not in his possession, custody or control.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill fabricated allegations of sexual assault against Plaintiff Trevor Bauer" as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was

previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill … made false and malicious statements about [YOU]" as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to,

documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all DOCUMENTS that support YOUR contention that "Lindsey Hill … generated a media blitz based on her lies" as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted to destroy Mr. Bauer's reputation and baseball career" as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted to … garner attention for herself" as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was

previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] wanted to … extract millions of dollars from Mr. Bauer" as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to,

documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS that support YOUR contention that "the damage to Mr. Bauer has been extreme" as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that it references a paragraph in the introduction of the Complaint that contains a general statement regarding damages. As the Complaint contains more specific allegations regarding damages, this Request is unreasonably cumulative or duplicative of the Requests asking for documents relating to those more specific allegations regarding damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's goal was to lure Mr. Bauer into having a rougher sexual experience so she could later claim this sexual experience was not what she requested and thereby lay the groundwork for a financial settlement" as alleged in paragraph 3 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS that support YOUR contention that "During their second encounter, the two again engaged in consensual rough sex that involved the rough sexual acts that Ms. Hill requested" as alleged in paragraph 3 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] texted her close confidants to tell them that Mr. Bauer had taken things too far during consensual sex" as alleged in paragraph 4 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the

extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill filed a false police report" as alleged in paragraph 5 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce

non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill allegations were false" as alleged in paragraph 6 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer respected the boundaries established and agreed upon with Ms. Hill" as alleged in paragraph 6 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Bauer incorporates by reference his General Objections and Objections to

Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's allegations in the DVRO Petition against Mr. Bauer were false and misleading" as alleged in paragraph 8 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further

objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that the DVRO decision, which found that Bauer "did not exceed the limits that [Hill] set" and found Hill's petition to be "materially misleading," speaks for itself.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] travelled 2.5 hours each way from her home on her own volition to have sex with Mr. Bauer" as alleged in paragraph 8 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS that support YOUR contention that "[Hill's] contemporaneous communications with Mr. Bauer, as well as those with her friends and family members, were wholly inconsistent with the allegations she submitted in the DVRO [sic] Petition" as alleged in paragraph 8 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS that support YOUR contention that Ms. Hill "selectively omitted medical reports that were inconsistent with her claimed injuries

and the alleged conduct of Mr. Bauer" as alleged in paragraph 8 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS that support YOUR contention that "the Petition attached photos of Ms. Hill's alleged injuries that were taken and filtered in a manner to make it appear that she had suffered gruesome injuries" as alleged in paragraph 8 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was

previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill…engaged in a defamatory media campaign to further smear Mr. Bauer's reputation and to ensure that Ms. Hill's fabricated story gained maximum media exposure" as alleged in paragraph 10 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory,

contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill … also failed to preserve material evidence" as alleged in paragraph 11 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 21</u>:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill deliberately deleted scores of text messages, videos. and photographs from her phone" as alleged in paragraph 11 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 22</u>:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's allegations were revealed to be false during an August 2021 hearing to determine the validity of the temporary ex parte restraining order" as alleged in paragraph 12 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 22</u>:**

Bauer incorporates by reference his General Objections and Objections to

Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that the DVRO testimony speaks for itself. Bauer further objects to this Request on the grounds that the DVRO decision, which found that Bauer "did not exceed the limits that [Hill] set" and found Hill's petition to be "materially misleading," speaks for itself.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS that support YOUR contention that "the Court concluded that Mr. Bauer did not abuse or assault Ms. Hill or engage in non-consensual sex with her" as alleged in paragraph 12 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the

possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that the DVRO decision, which found that Bauer "did not exceed the limits that [Hill] set" and found Hill's petition to be "materially misleading," speaks for itself.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was motivated by desires to negatively influence Mr. Bauer's baseball performance" as alleged in paragraph 13 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of

the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 25</u>:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was motivated by desires to … destroy [YOUR] career" as alleged in paragraph 13 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 26</u>:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was motivated by desires to … gain a settlement by making false allegation against Mr.

Bauer" as alleged in paragraph 13 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS that support YOUR contention that "That contract made [YOU] the highest paid MLB player for the 2021 season" as alleged in paragraph 26 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge

and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce his contract with the Los Angeles Dodgers in response to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill searched for Mr. Bauer on the internet in order to learn more about him" as alleged in paragraph 28 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory,

contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS that support YOUR contention that Fernando Tatis is someone "with whom Ms. Hill had a prior sexual relationship" as alleged in paragraph 31 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 30</u>:**

Produce all DOCUMENTS that support YOUR contention that "While at Mr. Bauer's house, and unbeknownst to him, she took pictures of the inside of his house and texted them to her cousin" as alleged in paragraph 40 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 30</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 31</u>:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer sought greater clarity about what, specifically, Ms. Hill meant by 'rough'" as alleged in paragraph 44 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 31</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that

it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all DOCUMENTS that support YOUR contention that "The two also discussed engaging in choking during sex" as alleged in paragraph 43 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory,

contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill also told Mr. Bauer that she had experimented with choking in the past and was interested in trying it that night" as alleged in paragraph 43 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill realized while they were having sex that she was lightly bleeding because of her menstrual cycle" as alleged in paragraph 46 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill continued to brag to her friends about Mr. Bauer, alluding to … her ability to harm his baseball performance, for the benefit of the Padres, her favorite baseball team" as alleged in paragraph 53 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Bauer incorporates by reference his General Objections and Objections to

Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill also texted a friend that they would be able to travel to Europe together in style once she was successful in her plot to destroy Mr. Bauer by tricking him into having rough and rougher sex with her" as alleged in paragraph 56 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work

product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS that support YOUR contention that "[Hill] told [YOU] that she started having rough sex once she became sober because it gave her a 'high'" as alleged in paragraph 62 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce

non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 38</u>:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer sought to establish clear boundaries to govern the rough sex in which they had agreed to exchange" as alleged in paragraph 63 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 38</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 39</u>:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer paused several times to ensure that Ms. Hill was okay and that she wished to continue. Each time, she expressed that she did" as alleged in paragraph 64 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 39</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 40</u>:**

Produce all DOCUMENTS that support YOUR contention that "At several points during the sexual encounter, Ms. Hill requested rougher behavior from Mr. Bauer" as alleged in paragraph 65 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 40</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the

extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill did not give any indication to Mr. Bauer that she was not enjoying herself or that she wished to stop having sex" as alleged in paragraph 65 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill and Mr. Bauer each showered separately" as alleged in paragraph 68 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill had no other visible bruises, markings, or scratches on her body" as alleged in paragraph 69 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS that support YOUR contention that "At 1:57 a.m., unbeknownst to Mr. Bauer, Ms. Hill tweeted, tagging Mr. Bauer: '@BauerOutage [sic] Absolute diesel straight down the dick kinda energy'" as alleged in paragraph 71 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge

and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill took more than one surreptitious photograph while she was at Mr. Bauer's home. At least one of these photographs is exculpatory and was not produced in discovery by Ms. Hill during the subsequent DVRO proceeding, as she had attempted to permanently delete it" as alleged in paragraph 72 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill’s possession, custody, or control, was previously provided to or from Hill’s counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to,

documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill did not have any visible markings or bruising on her face or body except for a slightly swollen lip" as alleged in paragraph 73 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS that support YOUR contention that "the picture did not reflect what she looked like when she left Mr. Bauer's house in the morning of May 16th" as alleged in paragraph 80 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's conversation with her friends turned to discussions as to how to 'fuck over' Mr. Bauer" as alleged in paragraph 84 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that

it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS that support YOUR contention that "the PPD grew suspicious of Ms. Hill's versions of the events" as alleged in paragraph 88 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory,

contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's discussions with her friends made clear that she wished to destroy Mr. Bauer's reputation and career and to exploit him for money" as alleged in paragraph 89 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill’s possession, custody, or control, was previously provided to or from Hill’s counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the

extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill continued plotting with her AA sponsor to carefully craft her image for the purpose of exploiting Mr. Bauer" as alleged in paragraph 91 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all DOCUMENTS that support YOUR contention that "She then sent a tweet with an insulting remark about Mr. Bauer and wrote: 'Pussy ass bitch'" as alleged in paragraph 93 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Bauer incorporates by reference his General Objections and Objections to

Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all DOCUMENTS that support YOUR contention that "The hearing, which occurred over 4 days, established that Mr. Bauer had not assaulted or abused Ms. Hill in any manner" as alleged in paragraph 106 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further

objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that the DVRO decision, which found that Bauer "did not exceed the limits that [Hill] set" and found Hill's petition to be "materially misleading," speaks for itself.

**REQUEST FOR PRODUCTION NO. 54:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's testimony about anal sex was not credible" as alleged in paragraph 109 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that the DVRO testimony speaks for itself. Bauer further objects to this Request on the grounds that the DVRO decision, which found that Bauer "did not exceed the limits that [Hill] set" and that "the only evidence of anything which happened while

[Hill] was unconscious was having been hit on the butt in the parties' first encounter" and found Hill's petition to be "materially misleading," speaks for itself.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill omitted scores of communications expressing her approval of their first sexual encounter" as alleged in paragraph 113 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's

Petition also misled the Court about the nature of the injuries she allegedly sustained" as alleged in paragraph 115 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects on the grounds that the DVRO testimony speaks for itself.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS that support YOUR contention that "the hearing revealed that photographs submitted to the Court depicting significant scratching and bruising on Ms. Hill's face were modified to create and exacerbate the appearance of injuries" as alleged in paragraph 116 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that

it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects on the grounds that the DVRO testimony speaks for itself.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all DOCUMENTS that support YOUR contention that "the photographs attached to Ms. Hill's Petition did not accurately depict her appearance" as alleged in paragraph 117 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further

objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also misled the Court regarding her purported fear of Mr. Bauer" as alleged in paragraph 120 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects on the grounds that the DVRO testimony speaks for itself. Bauer further objects to this Request on the grounds that the DVRO decision, which found that Bauer "did not exceed the limits that [Hill] set,"

that "[Bauer] did not pursue [Hill]," that "[Hill's] fear…had no factual basis," and found Hill's petition to be "materially misleading," speaks for itself.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 60:**

Produce all DOCUMENTS that support YOUR contention that "evidence at the hearing showed that Ms. Hill frequently sought out opportunities to see Mr. Bauer" as alleged in paragraph 122 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects on the grounds that the DVRO testimony speaks for itself. Bauer further objects to this Request on the grounds that the DVRO decision, which found that Bauer "did not exceed the limits that [Hill] set," that "[Bauer] did not pursue [Hill], she pursued him," that "[Hill] was upset that [Bauer] didn't call her," that "[Hill] wanted more of a relationship with [Bauer] that the facts, as she presented them, could realistically be expected," and found Hill's

petition to be "materially misleading," speaks for itself.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's Petition also falsely stated that she was 'unable to work due to my injuries'" as alleged in paragraph 123 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all DOCUMENTS that support YOUR contention that "Only after she met with the police did she delete [text] messages" as alleged in paragraph 135 of

YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill selectively deleted information that was potentially harmful to her claim against Mr. Bauer" as alleged in paragraph 136 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge

and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all DOCUMENTS that support YOUR contention that "The statements made by Ms. Hill to the Pasadena Police Department that Mr. Bauer sexually assaulted her were false, defamatory, and published with actual malice" as alleged in paragraph 151 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this

Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill knew that her statements to the Pasadena Police Department were false" as alleged in paragraph 152 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 66:**

Produce all DOCUMENTS that support YOUR contention that "The false

statements made by Ms. Hill to the Pasadena Police Department are not privileged" as alleged in paragraph 153 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 66</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that it asks for documents supporting a legal conclusion rather than a factual allegation.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 67</u>:**

Produce all DOCUMENTS that support YOUR contention that "The false statements by Ms. Hill have severely damaged Mr. Bauer's reputation and caused him anguish, humiliation, embarrassment, and financial loss" as alleged in paragraph 155 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 67</u>:**

Bauer incorporates by reference his General Objections and Objections to

Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents relating to his damages, in particular Request No. 70.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 68:**

Produce all DOCUMENTS that support YOUR contention that "In response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further

objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all DOCUMENTS that support YOUR contention that "The period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill’s possession, custody, or control, was previously provided to or from Hill’s counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work

product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 70:**

Produce all DOCUMENTS that support YOUR contention that "The false statements by Ms. Hill have severely damaged Mr. Bauer's reputation and caused him anguish, humiliation, embarrassment, and financial loss" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents

related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents relating to his damages, in particular Request No. 67.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 71:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill's defamatory statements were made with hatred, ill will, and spite, with the intent to harm Mr. Bauer or in blatant disregard of the substantial likelihood of causing him harm" as alleged in paragraph 157 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill’s possession, custody, or control, was previously provided to or from Hill’s counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce

non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 72:**

Produce all DOCUMENTS that support YOUR contention YOUR "contract is not a contract at will and includes terms providing Mr. Bauer certain performance-based payments" as alleged in paragraph 165 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce his contract with the Los Angeles Dodgers in response to this Request.

**REQUEST FOR PRODUCTION NO. 73:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill

intentionally engaged in wrongful acts that were designed, intended, and substantially certain to disrupt or terminate the contractual relationship between the Los Angeles Dodgers and Mr. Bauer" as alleged in paragraph 167 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 74:**

Produce all DOCUMENTS that support YOUR contention that "Due to Ms. Hill's wrongful acts, the contractual relationship between Mr. Bauer and the Los Angeles Dodgers was disrupted" as alleged in paragraph 168 of YOUR

COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball, nor will he produce documents related to the arbitration proceedings with Major League Baseball, all of which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 75:**

Produce all DOCUMENTS that support YOUR contention that "Due to Ms.

Hill's wrongful acts… Mr. Bauer was placed on administrative leave from the Los Angeles Dodgers and prevented from carrying out the duties of his contract" as alleged in paragraph 168 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 76</u>:**

Produce all DOCUMENTS that support YOUR contention that "Due to Ms. Hill's wrongful acts…Mr. Bauer was not permitted to practice or play with the Los Angeles Dodgers team for the duration of the 2021 MLB season and has remained on administrative leave since the beginning of the 2022 MLB season" as alleged in paragraph 168 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 76</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his

possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 77:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer has suffered financial harm by losing opportunities to earn additional income and exercise rights provided by his contract with the Los Angeles Dodgers" as alleged in paragraph 169 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill’s possession, custody, or control, was previously provided to or from Hill’s counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 78:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer

has suffered … other economic damages" as alleged in paragraph 169 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents relating to his damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 79:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer is a party to business contracts with sponsors and other due to his reputation and performance as a Major League Baseball Player with the Los Angeles Dodgers" as alleged in paragraph 171 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual,

or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents relating to his damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 80:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill … had personal relationships with Major League Baseball players before she met Mr. Bauer" as alleged in paragraph 172 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce

non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 81:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill was aware that MLB players like Mr. Bauer have business contracts with sponsors and others due to their reputation and performance as MLB players" as alleged in paragraph 172 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 82:**

Produce all DOCUMENTS that support YOUR contention that "Ms. Hill intentionally engaged in wrongful acts that were designed, intended, and substantially certain to disrupt or terminate the contractual relationships between Mr. Bauer and

the sponsors and others" as alleged in paragraph 173 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 83:**

Produce all DOCUMENTS that support YOUR contention that "Mr. Bauer has suffered financial harm by losing revenue and opportunities for revenue provided by his contracts and prospective contracts with sponsors and others" as alleged in paragraph 174 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this

Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents relating to his damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

DATED: March 13, 2023 ZUCKERMAN SPAEDER LLP

By: */s/ Blair G. Brown*
Blair G. Brown
Attorneys for Plaintiff Trevor Bauer

## PROOF OF SERVICE

I hereby certify that on this 13th day of March, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

## SERVICE LIST

| | |
|---|---|
| Bryan J Freedman<br>Jesse A Kaplan<br>**FREEDMAN + TAITELMAN LLP**<br>1801 Century Park West 5th Floor<br>Los Angeles, CA 90067 | *Attorneys for Lindsey C Hill*<br><br>Email:<br>bfreedman@ftllp.com<br>jkaplan@ftllp.com |
| Christopher P Wesierski<br>Brett Andrew Smith<br>Michelle R Prescott<br>Eileen Spadoni<br>**WESIERSKI & ZUREK LLP**<br>29 Orchard Road<br>Lake Forest, CA 92630 | *Attorneys for Lindsey C Hill*<br><br>Email:<br>cwesierski@wzllp.com<br>bsmith@wzllp.com<br>mprescott@wzllp.com<br>espadoni@wzllp.com |

/s/ *Blair G. Brown*

30744-00001/812721.1

PLAINTIFF TREVOR BAUER'S RESPONSES TO DEFENDANT LINDSEY HILL'S REQUEST FOR PRODUCTION, SET ONE

# EXHIBIT 4

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,

Defendants.

Case No. 8:22-cv-00868 JVS(ADSx)

Assigned for all purposes to the Hon. James V. Selna

**PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S RESPONSES TO DEFENDANT LINDSEY HILL'S DEMAND FOR INSPECTION AND PRODUCTION OF DOCUMENTS, SET TWO**

Action Filed: April 25, 2022

PROPOUNDING PARTY: DEFENDANT, LINDSEY HILL

RESPONDING PARTY: PLAINTIFF, TREVOR HILL

SET NO.: TWO

Plaintiff and Counterclaim Defendant Trevor Bauer ("Bauer") hereby responds pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34-2 of the Local Rules of the Central District of California ("Local Rules") to Defendant and Counterclaimant Lindsey Hill's ("Hill") first demand for inspection and production of documents (the "Requests"):

## GENERAL OBJECTIONS

The following general objections apply to each of the Requests propounded by Hill and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separate numbered Requests.

1. Bauer objects to the Requests, including all of the definitions and instructions to the extent that they fail to comply with, or call for Bauer to do more than is required under the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order.

2. Bauer objects to each Request to the extent that it purports to require Bauer to respond beyond his present knowledge, information, and belief. Bauer's responses to the Requests are made to the best of his present knowledge, information, and belief. These responses and objections are made without prejudice to Bauer's right to supplement, clarify, revise, correct, or amend any and all of his responses and objections as appropriate. A failure to object will not constitute a waiver of any objection that Bauer may make as part of any future supplemental response.

3. Bauer objects to each Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

4. Bauer objects to each Request to the extent it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence.

5. Bauer objects to each Request to the extent that it is vague and ambiguous.

6. Bauer objects to each Request to the extent that it is unreasonably cumulative or duplicative.

7. Bauer objects to each Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. These documents will not be produced.

8. Inadvertent production of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of Bauer's right to object to the use of such material during any later proceeding. Any such information or documents shall be immediately returned to counsel for Bauer.

9. Bauer objects to each Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

10. Bauer objects to each Request to the extent that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer.

11. Bauer objects to each Request to the extent that it is a contention request. Bauer objects to any such Request on the grounds that it is premature in light of the present stage of discovery, and Bauer reserves the right to update his responses in light of any discovery.

12. Bauer objects to each Request to the extent that it seeks information of a confidential, proprietary or sensitive personal nature that infringes on his privacy rights or the privacy rights of third parties protected under the California Constitution. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks discovery from a [party] concerning sexual matters protected by the constitutional

right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

13.     Bauer objects to each Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

14.     Bauer objects to each Request that contains no limitation on time period as overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

15.     Bauer objects to each Request to the extent it assumes any fact, event, or legal conclusion is true or that any characterization is accurate. No response shall be construed as an admission that any factual characterization contained in the Requests is accurate.

16.     Bauer reserves all objections that may be available to him at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by Bauer that such material or the information contained therein is relevant to this action or admissible evidence.

17.     The failure of Bauer to make a specific objection to a particular individual Request is not, and shall not be construed as, an admission that responsive information exists. Likewise, any statement herein that Bauer will produce any documents in response to an individual Request does not mean that Bauer in fact has any such documents, or that any such documents exists, or that Bauer will search all files maintained by any person, but instead reflects the intention of Bauer, subject to his objections, to conduct a reasonable search for responsive documents.

18.     Any information or documents produced in response to the Requests shall be subject to the Protective Order in this case. Any information or documents

stamped "CONFIDENTIAL" shall be treated as such. If Hill discloses any information or documents stamped "CONFIDENTIAL," Bauer reserves the right to seek sanctions against Hill and will seek sanctions against Hill to the fullest extent of the law.

**OBJECTIONS TO DEFINITIONS**

1. Bauer objects to the definition of "PLAINTIFF," "YOU," and "YOUR" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it includes agents, representatives, other persons, and entities acting on his behalf.

2. Bauer objects to the definition of "DOCUMENTS" to the extent that it purports to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order. Bauer further objects to this definition on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it seeks "all documents available to YOU." Bauer does not know what Hill means by "available to YOU," but to the extent this language purports to create a duty to produce materials not within his possession, custody, or control, Bauer objects. Bauer will not produce any documents that are not in his possession, custody or control.

3. Bauer objects to the definition of "SUBJECT INCIDENT" or "INCIDENT" on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous in that it refers to every allegation in the COMPLAINT. Bauer understands this term to be synonymous with "allegations in the COMPLAINT" and shall interpret it that way.

4. Bauer objects to the definition of "LAW ENFORCEMENT" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it includes all agencies with employees responsible for enforcing laws, maintaining public order, and/or managing public safety. Bauer understands this term to be referring to the Pasadena Police Department.

5. Bauer objects to the definition of "TRAINING" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it refers to the development of any skill to a desired standard by instruction and practice. This definition is so vague that Bauer cannot in good faith comprehend it.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 84:**

Produce all DOCUMENTS regarding any application for a restraining order against YOU that concerned allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape, including without limitation, all non-privileged communications related to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "communications," "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or

equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control relating to Hill's application for a restraining order to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 85:**

Produce all photographs, videos, or motion pictures of YOU choking, battering or hitting any person, of any person being unconscious or partially unconscious, and/or any injuries any person allegedly sustained as a result of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "motion pictures," "choking," "battering," "hitting," "unconscious," "partially unconscious," and

"injuries" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control relating to Hill to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 86:**

Produce all DOCUMENTS regarding any allegations made against YOU for physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control relating to Hill's allegations against Bauer to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 87:**

Produce all DOCUMENTS containing statements, interviews or testimony YOU have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against YOU, including without limitation, any investigation conducted by any LAW ENFORCEMENT authorities or Major League Baseball.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to

discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control containing statements, interviews or testimony he or his counsel have provided to the Pasadena Police Department relating to Hill's allegations to the extent they can be found after a reasonably diligent search. Bauer will not produce documents related to any interviews or investigation conducted by Major League Baseball for which he has a

contractual duty to maintain as confidential or are otherwise protected from disclosure.

**REQUEST FOR PRODUCTION NO. 88:**

Produce all DOCUMENTS reflecting communications in connection with any actual or contemplated civil litigation against YOU, or any cease and desist letters, related to any alleged physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "communications," "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," "rape," and "contemplated civil litigation" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other

duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control relating to Hill's actual or contemplated civil litigation against him, or any cease and desist letters involving Hill, to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 89:**

Produce all DOCUMENTS related to any settlement agreements YOU have entered into at any time regarding allegations made against YOU for physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," "rape," and "settlement agreements" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks

information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy."). Bauer further objects because any settlement agreements, to the extent they exist, are protected from discovery as confidential and the need for confidentiality is not outweighed by Hill's need for such information. *Marsh v. Bloomberg Inc.*, 2017 WL 2224250, at *2 (N.D. Cal. May 22, 2017) ("Plaintiff has not demonstrated that her

need for discovering confidential settlement agreements outweighs the need for confidentiality of the parties to those settlement agreements.").

Bauer will not produce any documents in response to this Request, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 90:**

Produce all photographs, videos or motion pictures concerning any allegation contained within YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "motion pictures" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 91:**

Produce all DOCUMENTS that reflect communications with any third-parties regarding the allegations within YOUR COMPLAINT, including without limitation, Major League Baseball, the Los Angeles Dodgers, the Major League Baseball

Player's Union, any sponsors, and/or YOUR assistants, managers, or employees.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 91</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "communications," "sponsors," "assistants," "managers," and "employees" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents, including but not limited to financial and/or business information, that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will not produce documents that reflect communications with Major League Baseball, the Los Angeles Dodgers, or the Major League Baseball Player's Union that are subject to a contractual duty of confidentiality or are otherwise protected from disclosure. Bauer

is willing to meet and confer with Hill's counsel regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 92:**

Produce all DOCUMENTS that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "communications," "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Bauer will not produce any documents in response to this Request, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 93:**

Produce all DOCUMENTS from the Major League Baseball arbitration proceeding concerning YOUR suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through discovery in that proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's

possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Bauer will not produce any documents in response to this Request, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 94:**

Produce all DOCUMENTS in connection with Major League Baseball's investigation of YOU concerning allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against YOU, including without limitation, all statements, interviews, transcripts and DOCUMENTS exchanged in connection with that investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Bauer incorporates by reference his General Objections and Objections to

Definitions set forth above. Bauer further objects to the terms "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required

to justify an obvious invasion of an interest fundamental to personal autonomy.").

Bauer will not produce any documents in response to this Request, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 95:**

Produce all social media posts that YOU have made regarding the allegations within YOUR COMPLAINT and/or Ms. Hill, including without limitation, drafts of the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "social media" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive social media posts in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 96:**

Produce all direct messages that YOU have sent or received regarding the allegations within YOUR COMPLAINT and/or Ms. Hill.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 96</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "direct messages" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case in that it does not specify whether it is seeking Bauer's direct messages with Hill, or with other persons. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive direct messages with Hill in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**<u>REQUEST FOR PRODUCTION NO. 97</u>:**

Produce copies of all DOCUMENTS that YOU have shared with anyone regarding the allegations within YOUR COMPLAINT and/or Ms. Hill.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 97</u>:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or

documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer is willing to meet and confer with Hill's counsel regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 98:**

Produce all non-privileged voice messages YOU have received at any time regarding the allegations within YOUR COMPLAINT and/or Ms. Hill.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "voice messages" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the

possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive voice messages in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 99:**

Produce all copies of entries from YOUR personal calendar related to any of the allegations within YOUR COMPLAINT and/or Ms. Hill.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "personal calendar" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer is willing to

meet and confer with Hill's counsel regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 100:**

Produce all DOCUMENTS containing entries of any data recorded, gathered, or collected from any item of WEARABLE TECHNOLOGY worn by YOU on April 21-22, 2021 or May 15-16, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "personal calendar" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 101:**

Produce copies of all MEDICAL SERVICES, treatment, or examinations YOU received related to any of the allegations within YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it

is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer responds that he has conducted a reasonably diligent search and does not have any non-privileged, responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 102:**

Produce copies of DOCUMENTS from any interview YOU have given which address any of the allegations within YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "interview" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it

seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer will not produce the documents related to any interviews with Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving the foregoing objections, Bauer responds that he has conducted a reasonably diligent search and, apart from any interviews with Major League Baseball which he will not produce, Bauer does not have any other non-privileged, responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 103:**

Produce copies of all DOCUMENTS related to any TRAINING YOU have received related to resuscitation and/or the assisted medical revival of an individual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "resuscitation," and "assisted medical revival" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and,

thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer responds that he has conducted a reasonably diligent search and does not have any non-privileged, responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 104:**

Produce copies of all DOCUMENTS related to any TRAINING YOU have received on the topic of sexual consent at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to

this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 105:**

Produce copies of all DOCUMENTS related to any sexual assault or harassment policy TRAINING from any business YOU own or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "business YOU own or control" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory,

contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer responds that, because the allegations in the Complaint are not regarding "sexual assault or harassment" at any place of business that Bauer "owns or controls" whatsoever, Bauer will not produce any documents in response to this Request, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 106:**

Produce copies of all CONTRACTS which YOU allege were interfered with by HILL, or otherwise impacted by HILL's conduct, as alleged in YOUR COMPLAINT, including without limitation, any contracts with the Los Angeles Dodgers, or any sponsor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive contracts which Bauer alleges were interfered with by Hill in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 107:**

Produce all DOCUMENTS related to any CONTRACT which YOU allege was impacted by the allegations in YOUR COMPLAINT and/or Ms. Hill, including without limitation, any contracts with the Los Angeles Dodgers, or any sponsor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents related to any contract which he alleges were interfered with in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 108:**

Produce all DOCUMENTS reflecting communications with any sponsor about that sponsor's termination or decision not to move forward with of any actual or potential business relationship with YOU, including without limitation, the reason for the sponsor's termination of or decision not to move forward with any actual or potential business relationship with YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Bauer incorporates by reference his General Objections and Objections to

Definitions set forth above. Bauer further objects to the term "communications" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents relating to sponsors at issue in this lawsuit in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 109:**

Produce copies of all DOCUMENTS reflecting communications YOU have had related to, or with, Derek Dawson related to Ms. Hill and/or any allegations within YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "communications" as vague, ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer further objects to this Request on the grounds that it is not comprehensible as written. Bauer interprets it to mean communications with Derek Dawson related to Hill or allegations in the Complaint. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or

control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 110:**

Produce any and all DOCUMENTS which in any way support YOUR theory of liability against HILL in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents supporting his claims against Hill and his damages. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration

proceedings.

Based on the foregoing objections, including the vagueness, overbreadth, and duplicative nature of a request for "*any and all documents* which *in any way* support Mr. Bauer's theory of liability against Hill," Bauer will not produce any documents in response to this Request, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 111:**

Produce ALL DOCUMENTS identified in YOUR Rule 26 Disclosures served in this matter that are in YOUR possession, custody and/or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents supporting his claims against Hill and his damages. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 112:**

ALL DOCUMENTS that support YOUR claim for punitive damages in this

matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request on the grounds that it is unreasonably cumulative or duplicative of the other Requests asking for documents supporting his claims against Hill and his damages. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 113:**

ALL DOCUMENTS YOU have received in connection with the DOMESTIC VIOLENCE RESTRAINING ORDER ("DOMESTIC VIOLENCE RESTRAINING ORDER" shall mean and refer to Court Case No. 21STRO03198) filed against YOU arising out of the April 21, 2021 and May 15-16, 2021, INCIDENTS identified within YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the term "received" as vague,

ambiguous, and overbroad because Hill has not provided a definition of this term. Bauer interprets it to mean documents received from Hill or from third party subpoenas in the DVRO proceeding. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents he received from Hill or from third party subpoenas in the DVRO proceeding in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 114:**

Produce all DOCUMENTS related to Major League Baseball's suspension of YOU and/or placing YOU on administrative leave.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further

objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

DATED: March 13, 2023

ZUCKERMAN SPAEDER LLP

By: */s/ Blair G. Brown*
Blair G. Brown
Attorney for Plaintiff Trevor Bauer

**PROOF OF SERVICE**

I hereby certify that on this 13th day of March, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

**SERVICE LIST**

Bryan J Freedman
Jesse A Kaplan
**FREEDMAN + TAITELMAN LLP**
1801 Century Park West 5th Floor
Los Angeles, CA 90067

*Attorneys for Lindsey C Hill*

Email:
bfreedman@ftllp.com
jkaplan@ftllp.com

Christopher P Wesierski
Brett Andrew Smith
Michelle R Prescott
Eileen Spadoni
**WESIERSKI & ZUREK LLP**
29 Orchard Road
Lake Forest, CA 92630

*Attorneys for Lindsey C Hill*

Email:
cwesierski@wzllp.com
bsmith@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com

/s/ *Blair G. Brown*

# EXHIBIT 5

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
THOMAS B. CUMMINGS†
LISA J. McMAINS†
LYNNE RASMUSSEN
SHERAL A. HYDE
KRISTEN R. RODRIGUEZ
CINDY A. SHAPIRO
CLAUDIA MOURAD
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
LAYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
CLAUDIA V.TINTA ROCA
GREGORY S. MILLER
CINDY L. MIJANGOS

† AMERICAN BOARD OF TRIAL ADVOCATES (ABOTA)
ALSO ADMITTED IN *CONNECTICUT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975-1000
FACSIMILE (949) 756-0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627-2300
FACSIMILE (213) 629-2725

SENDER'S E-MAIL:
CWESIERSKI@WZLLP.COM

March 22, 2023

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Blvd, Suite 300
Santa Monica, CA 90401
E-Mail: sholley@kwikhlaw.com ;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washingtion, D.C 20036
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com

Re: Bauer v. Hill
Date of Loss: 2/8/2022
Our File No.: MER-5137

Dear Counsel:

In compliance with LR 7-3 and the applicable federal rules, we write to meet and confer regarding Plaintiff's responses to Defendant's Special Interrogatories, Requests for Production and Requests for Admission. We ask that you review our issues with Plaintiff's responses and then provide available dates for counsel to further meet and confer in a conference call regarding same.

**A. Plaintiff's Responses to Special Interrogatories**

Mr. Bauer has not signed the verification for these responses. An unsigned copy of a verification is attached. As you know, each interrogatory must be answered "under oath" and signed by the answering party. (FRCP 33(b)(3), (5))

> Pursuant to Rule 33, "[t]he person who makes the answers [to the interrogatories] must sign them, and the attorney who objects must sign any objection." Fed.R.Civ.P. 33(b)(5). "This requirement is critical because 'interrogatories serve not only as a discovery device but as a means of producing

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 2

> admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory."

*Huthnance v. District of Columbia* 255 F.R.D. 297 (D.D.C. 2008). See also, *Cabales v. U.S.* 51 F.R.D. 498, (S.D.N.Y. 1970) aff'd (2d Cir. 1971) 447 F.2d 1358 - Unsigned and unverified writing did not qualify as an answer to interrogatory.

**B. Plaintiff's Responses to Requests for Admission**

Plaintiff objected and refused to respond to the three requests for admission which asked him to admit he had been accused by Madison Rasberg, Meghan Kistemaker and Jennifer Villegas of sexual assault. The objections are without merit.

Defendant propounded only three Requests for Admission, seeking to inquire into other accusations of sexual assault against Plaintiff. Plaintiff first objects that the terms "accused" and "sexual assault" are "undefined, vague, ambiguous, and subject to varying interpretations." To clarify, for purposes of these requests, the definition of "accused" means "to charge (a person) judicially or publicly with an offense." Black's Law Dictionary 23 (8th ed. 2004). The definition of "sexual assault" shall have the meaning set forth in FRE 413:

> In this rule and Rule 415, "sexual assault" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:
>
> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
>
> (2) contact, without consent, between any part of the defendant's body--or an object--and another person's genitals or anus;
>
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
>
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 3

> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).

Plaintiff also contends the requests are overbroad because they are unlimited as to time. Defendant will agree to limit the time period for these requests to 2012 to the present.

Plaintiff then objects on privacy grounds, as well as relevance. However, Plaintiff's own allegations place his sexual history squarely at issue, because he is claiming that Major League Baseball ("MLB") suspended him on administrative leave solely due to Defendant's allegations of sexual assault.

Plaintiff filed his Complaint on April 25, 2022, alleging defamation, tortious interference with contract and prospective economic advantage. Complaint, Dkt. No. 1 ¶¶ 150-157; 164-174. Plaintiff contends that "[i]n response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers." Complaint, Dkt. No. 1 ¶ 156. He further alleges that "[d]ue to Ms. Hill's wrongful acts, the contractual relationship between Mr. Bauer and the Los Angeles Dodgers was disrupted. Mr. Bauer was placed on administrative leave from the Los Angeles Dodgers and prevented from carrying out the duties of his contract." Complaint, Dkt. No. 1 ¶ 168. Plaintiff also claims that Defendant's comments caused him to lose contracts and prospective contracts with sponsors and others. Complaint, Dkt. No. 1 ¶ 174.

In reality, MLB investigated Plaintiff because Defendant was not the only one to come forward with complaints of sexual assault and battery. Defendant is entitled to show that MLB's decision to suspend Plaintiff was not based solely on her complaint of sexual assault. She is also entitled to show that Plaintiff's suspension and the multiplicity of complaints were the reason Plaintiff lost his sponsorship contracts.

The right to privacy is not absolute. In appropriate circumstances, this right must be balanced against other important interests. *Hill v. National Collegiate Athletic Assn*., 7 Cal.4th 1, 37 (1994). "On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial. Thus courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery." *Vinson v. Superior Ct.,* 43 Cal.3d 833, 842 (1987). In filing a lawsuit, a plaintiff implicitly waives his right to privacy

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 4

as to "discovery directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit." *Id.*

The cases on which Plaintiff relies for his privacy objections do not support a blanket exclusion of all privacy-related inquiries. In fact, Plaintiff's citation to *John B. v. Superior Ct.*, 38 Cal.4th 1177, 1200 (2006), actually supports disclosure of the information. In that case, plaintiff-wife "Bridget" sued defendant-husband "John", under theories of intentional and negligent infliction of emotional distress, fraud, and negligence, alleging husband infected her with HIV. Both parties contended the other had infected them. *Id.* at 1183.

Plaintiff propounded discovery regarding the Defendant's medical and sexual history, to which Defendant objected on privacy grounds. *Id.* at 1185. In balancing Defendant's privacy interests against the countervailing interests to find that the discovery was permissible, the court explained that "[b]y putting his own medical condition at issue, John has 'substantially lowered' his expectation of privacy even further." *Id.* at 1199. Other than limiting the time period, the court permitted discovery into a broad range of information that Bridget contended might lead to evidence to support her claims, including the date of John's "first sexual encounter with a man"; "the number of sexual encounters with men he has had in the five years prior to his relationship with Bridget"; "the date of his last sexual encounter with a man prior to the date of his engagement to Bridget"; and, "the date of every sexual encounter he had with a man between his engagement to Bridget and the wedding." *Id.* at 1184.

Moreover, the court clarified that if the plaintiff adduced evidence to suggest that the defendant might have been infected earlier than reflected in the record, "then she may be entitled to discovery covering a broader time period." *Id.* at 1201. Thus, the discovery permitted by the court was broad and designed to permit the plaintiff to gather evidence reasonably available for the period of time during which the defendant might have contracted the HIV virus and passed the virus to her.

*Williams v. Superior Ct.,* 3 Cal.5th 531, 540 (2017), on which Plaintiff also relies, likewise recognized that: "Courts must instead place the burden on the party asserting a privacy interest to establish its extent and the seriousness of the prospective invasion, and against that showing must weigh the countervailing interests the opposing party identifies, as *Hill* requires. *Id.* at 557. The court concluded that therefore the defendant's "privacy objection does not support the denial of statewide discovery." *Id.* at 559.

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 5

Federal courts also recognize that privacy concerns must yield when the information sought is integral to the case. For example, in *Condit v. Dunne*, 225 F.R.D. 100 (S.D.N.Y. 2004), the plaintiff was a former United States Congressman who brought a defamation suit against an author and media commentator based on statements made regarding the disappearance and death of a Washington intern. *Id.* at 102. Defendant filed a motion to compel the Congressman to provide deposition testimony regarding his sexual relationships with three specific individuals, because he refused to answer such questions. *Id.* The plaintiff cross-moved for an order of protection barring defendant from inquiring into those areas during discovery. *Id.*

The *Condit* court found that New York law applied, but analyzed plaintiff's privacy rights under both New York and California law. It concluded that "even if California's privacy privilege did apply, it would not apply so broadly as plaintiff avers." *Id.* at 109. The court ruled that:

> While the questions regarding plaintiff's personal relationships will likely encroach on his right to privacy, the information regarding Ms. Levy is available from no other source known to defendant. Further, plaintiff's exercise of his privacy rights directly impinges on the defendant Dunne's right to a fair trial. Defendant has the right to explore avenues of discovery that could reasonably lead to admissible information regarding any of plaintiff's claims or defendant's possible defenses. Fed.R.Civ.P. 26(b)(1). To deny defendant access to any information that may support a defense of substantial truth would deny defendant his right to due process. The public interest in discovery vastly outweighs plaintiff's privacy interest.

*Id*. at 109.

Similarly, in *Allen v. G.D. Searle & Co.,* 122 F.R.D. 580, 581 (D. Or. 1988), a product liability case in which plaintiffs claimed their contraceptive IUDs caused pelvic inflammatory disease, the court held that the defendant was entitled to inquire into their sexual histories because it was relevant to the issue of causation. The court ruled: "Plaintiffs (including

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 6

Anthony Paul Allen) must respond to Searle's discovery requests regarding their sexual histories, including request for the names of sexual partners." *Id*. at 582.

The Ninth Circuit reached the same conclusion in another product liability case, *Coursen v. A.H. Robins Co.,* 764 F.2d 1329 (9th Cir. 1985). It found no error in the district court's admission of evidence of plaintiffs' sexual history based on the conclusion that "the jury might find that sexual activity with multiple partners may have caused the infection and not the IUD," despite the fact that such evidence was "arguable marginally relevant" and "potentially highly prejudicial." *Id.* at 1339-40.

The same analysis applies here. Plaintiff claims that Defendant is responsible for his MLB suspension and resulting loss of MLB and sponsorship contracts. Defendant is entitled to show that she was not the only accuser, and that Plaintiff's suspension and losses are due to what was revealed to be a pattern and practice of abusing women. The fact that the MLB was presented with three additional accusations besides Defendant's goes directly to the issues of causation and damages, and therefore outweigh any claimed privacy rights. *Tierno v. Rite Aid Corp.,* 2008 U.S. Dist. LEXIS 58748, at *7-8 (N.D. Cal. July 31, 2008) (store managers' right to privacy in their contact information outweighed by other side's interest in identifying witnesses, especially when a protective order is in place.)

Plaintiff has refused to either admit or deny the Requests for Admission. "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Federal Rules of Civil Procedure, full and efficient discovery, not evasion and word play." *Marchland v. Mercy Med. Ctr.,* 22 F.3d 933, 938 (9th Cir. 1994). Further, such "evasive denials" may be deemed admissions. Fed.R.Civ.P. 36(a) *Asea, Inc. v. Southern Pacific Transportation Co*., 669 F.2d 1242, 1245 (9th Cir. 1982); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250 (C.D. Cal. 2006). Defendant is entitled to a proper response that either admits or denies these requests, and hereby requests same from Plaintiff.

**C. Plaintiffs Responses to Requests for Production**

Plaintiff's responses to Requests for Production contained meritless objections. The responses also do not indicate whether Plaintiff has responsive documents. For instance, where Plaintiff appears to be agreeing to produce documents he responds:

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 7

> "Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search".

This response is evasive and does not comply with Rule 34, which requires Plaintiff to " either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request". (Fed. Rules Civ. Proc., rule 34 (b)(2)(B)). Moreover, if Plaintiff is unable to produce the document he must state that a diligent search and reasonable inquiry has been made in an effort to locate the document and then state the reasons why he cannot comply. (See *Searock v. Stripling* (11th Cir. 1984) 736 F2d 650, 653-654—sanctions inappropriate if party made good faith effort to locate; *Dunn v. Trans World Airlines, Inc*. (9th Cir. 1978) 589 F2d 408, 415—no abuse of discretion to deny dismissal motion where plaintiff's medical records, in custody of her treating hospital, no longer in existence.)

Plaintiff's "responses" indicate he had not completed a diligent search and reasonable inquiry before responding to the written discovery. He is not permitted to do the search for the documents *after* he responds to the discovery requests. Please have Plaintiff provide further responses to Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10,11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42,43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 90, 95, 96, 98, 100, 104, 106, 107, 108, 109, 111, 112, 113, 114, and 140.

### 1. Plaintiff's Objections to the Requests for Production Based on "Contention" Discovery Are Not Well-Taken

Plaintiff has objected to each of the Requests for Production "on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery." This objection is not well-taken, especially given that we are in the process of scheduling numerous depositions for which the document production will be necessary exhibits.

Contention requests for production are appropriate "to bring to light the parties' position in an informed and controlled manner that winnows down the resolution of a dispute." *Burnett & Morand Partnership v. Estate of Youngs,* 2011 WL 1237950, at *2–3 (S.D. Ind. Apr. 4, 2011). As the court observed in *JP Morgan Chase Bank, N.A. v. Winget*, 2010 WL 11691473,

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 8

at *1 (E.D. Mich. May 21, 2010), such discovery is well within the permissible scope under the federal rules:

> The requests made by defendant here ask for documents which support the claims of the plaintiff. This type of "contention" request is an attempt to clarify the basis of the opposing parties' claims and is permissible.

Here, we have a discovery cut-off in a few short months, and as mentioned above, we are attempting to schedule various depositions. The Requests for Production are not "premature," and we request that Plaintiff provide proper responses to these Requests. *Avdeef v. Google, Inc.,* 2015 WL 11150706, at *1 (N.D. Tex. July 21, 2015) (expressly ordering production in response to contention requests); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 219 (C.D. Cal. 2009) ("such document requests complement Rule 33(a)(2), which allows a party to propound contention interrogatories.")

Please provide supplemental responses to the Requests for Production, along with any additional documents not produced.

**2. The Objections Based on Information "Equally Available" or "Equally Known" to Defendant Are Improper**

As to every single Request for Production, Plaintiff indicates he is objecting and withholding records that constitute "information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer." Plaintiff asserts the same in the General Objections to the Special Interrogatories. This is not a proper objection, particularly since Plaintiff's generic responses make it impossible for Defendant to determine whether any responsive documents or information were provided or withheld.

"[T]o the extent [a responding party] objects that certain requests…seek information equally available to [the requesting party] 'courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.' [Citation.]" *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Thus, "[i]t is 'not usually a ground for objection that the information is equally available to the interrogator

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 9

or is a matter of public record.' [Citation.]" *City Consumer Servs., Inc. v. Horne,* 100 F.R.D. 740, 747 (D. Utah 1983).

Here, the issue is compounded by the fact that documents and information were exchanged by the parties as part of the domestic violence proceedings, police investigation and MLB proceedings, so that Defendant has no idea what Plaintiff may be withholding based on the premise that she is already aware of, or in possession of, the documents or information.

Plaintiff therefore needs to provide proper responses to the Requests for Production and Special Interrogatories that remove these inappropriate objections and provide all responsive information and documents.

**3. The Objections to the Definitions in the Requests for Production Cannot Limit Plaintiff's Duty to Respond to Discovery**

Plaintiff prefaces his responses to the Requests for Production with an objection to the definition of "YOU" because it is "overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it includes agents, representatives, other persons, and entities acting on his behalf." Plaintiff goes on to state that he "will not produce any documents that are not in his possession, custody or control."

Plaintiff cannot arbitrarily restrict his obligations under the federal rules in this fashion. "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum and Indus. Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Thus, "[a] party responding to a Rule 34 production request ... 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.' [Citation.]" *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992); *A. Farber & Partners, Inc. v. Garber*, *supra*, 234 F.R.D. at 189.

"Simply put, if a person, corporation, or a person's attorney or agent can pick up a telephone and secure the document, that individual or entity controls it." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 382–83 (D.N.M. 2018). Here, Plaintiff has/had agents, employees and representatives. Plaintiff is obligated to produce all responsive documents within his practical control, including those held by such persons. Supplemental production and responses to the Requests for Production are necessary.

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 10

**4. The Assertion of Privilege Based On The Attorney-Client Privilege, The Work Product Doctrine, Or "Any Other Privilege Or Immunity From Production" Requires Production of a Privilege Log**

The "universally accepted means" of claiming that requested documents are privileged is the production of a document-by-document privilege log. See *Corvello v. New England Gas Co., Inc.,* 243 F.R.D. 28, 33 (D.R.I. 2007) (discussing requirement in the context of Rule 45); *Martinez v. City of Fresno*, 2006 WL 3762050, at *6 (E.D. Cal. 2006) (over-generalized descriptions that fail to adequately identify specific documents are insufficient in a privilege log).

Parties withholding documents as privileged must identify and describe the documents in sufficient detail to enable the demanding party "to assess the claim" of privilege or protection. [FRCP 26(b)(5)(A)(ii); and see FRCP 45(e)(2)(A) (applicable to documents withheld under subpoena); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 FRD 407, 410—**failure to provide sufficient information may constitute waiver of privilege**].

Plaintiff has objected to every request on the grounds of some privilege and failed to describe a single document in any detail that he claims is subject to this privilege and which is being withheld. Because Defendant cannot ascertain whether Plaintiff's asserted objections on grounds of "the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production" are validly stated or subject to challenge, demand is hereby made that Plaintiff provide a proper privilege log.

Moreover, the responding party must identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail must be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)]

**D. Documents and Information Relating to Plaintiff's "Confidential Arbitration Proceedings" Are Discoverable**

Plaintiff objected to the Requests for Production, Requests for Admission and Special Interrogatories, stating that he was refusing to disclose documents and information "that Bauer has a statutory, contractual, or other obligation to maintain as confidential, including,

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 11

but not limited to, information related to confidential arbitration proceedings." However, the MLB proceedings are directly relevant for the reasons set forth above. Whether the decision to suspend Plaintiff was made because of multiple accusations, or hinged only on Defendant's testimony, is materially probative of the defense in this case.

The MLB proceedings are not truly "confidential." Member-teams have access to that information. Unquestionably, that information bears on Plaintiff's claimed injury to reputation and ability to secure another player contract (which he has now apparently done). The proceedings may also be disclosed pursuant to legal process, such as a court order or subpoena.

The "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Therefore, even when arbitration proceedings are conducted under rules of confidentiality, any subsequent related litigation is not subsumed by or subject to those rules.

"A party may not rely on the mere existence of a confidentiality agreement to avoid public access to judicial proceedings, particularly where, as here, the plaintiff has failed to describe any prejudice that would result from disclosure." *Doe, Inc. v. Roe,* 2021 WL 3622423, at *3 (D.D.C. Apr. 28, 2021). "There is a strong presumption that judicial proceedings and documents are a matter of public record." *Istithmar World PJSC v. Amato*, 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013).

In fact, courts presented with the issue of whether confidential arbitration records are subject to public disclosure routinely emphasize their unwillingness "to deem parties' reliance on continuing confidentiality to overcome the public's right of access." *In re Fort Totten Metrorail Cases*, 960 F.Supp.2d 2, 9 (D.D.C. 2013). This is especially true when a party-litigant such as Plaintiff hales others into court to avail himself of the judicial process. Such a "plaintiff may not rely on the confidentiality of arbitration—or the embarrassing subject matter of the arbitration—to avoid the presumption of public access that comes with litigation in the federal courts." *Doe, supra*, 2021 WL 3622423, at *3. "Now that plaintiff has chosen to avail itself of the courts, it may not entirely avoid the presumption of public access." *Id.*

As explained by the court in *Scott D. Boras Inc. v. Sheffield*, 2009 WL 3444937, at *1 (S.D.N.Y. Oct. 26, 2009), the fact that arbitration proceedings are conducted under MLB confidentiality provisions does not preempt the public's right to access. The plaintiff in *Boras*

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 12

was an MLB player who sought to seal his Petition to Confirm Arbitration Award and supporting exhibits, including the full text of the Arbitrator's Award and agreements between the parties. *Id.* Plaintiff argued that the parties had stipulated to confidentiality, the League's rules required confidentiality, and the information contained in the documents was "of a highly confidential and sensitive nature, relating to, e.g., proprietary business matters such as salary negotiation strategy[.]" *Id.*

The court disagreed, holding that:

> Having reviewed Boras' Memorandum in Response, the Petition, and supporting Exhibits, I conclude that the presumption in favor of public access outweighs concerns for the parties' confidentiality of the general matters discussed in the Petition and arbitration proceeding. In addition, "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable." [Citation.]

*Id.* The *Boras* court concluded that while "proprietary business matters" were subject to protection, the public policy of allowing transparency and access to the judicial process prevailed over confidentiality concerns as to the remaining matters.

Similarly, the court in *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684–85 (D.Kan. 2004), noted that "a general concern for protecting confidentiality does not equate to privilege. Thus information and documents are not shielded from discovery merely because they are confidential." Accord *Sonnino v. Univ. of Kansas Hospital Auth.*, 2004 WL 769325 *3 (D.Kan. April , 2004)(holding that "[p]arties cannot create a privilege against civil discovery by mere written agreement" and that "litigants cannot shield otherwise discoverable information from disclosure to others by agreeing to maintain its confidentiality, and cannot modify the Federal Rules of Civil Procedure by agreement").

In this case, Plaintiff has sued Defendant based on the premise that her allegations resulted in his MLB suspension and the cancellation of his endorsement contracts. To the extent that the MLB considered and relied on the testimony of Plaintiff's other accusers, that information is necessarily relevant to whether Plaintiff's allegations have any merit. Plaintiff here has failed to demonstrate that disclosure of the information sought is somehow necessary to "preserve privacy in a matter of [a] sensitive and highly personal nature," and not motivated by a desire

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 13

"to avoid the annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019).

Therefore, this objection is not well-taken, and Defendant requests further responses and production of documents relating to the MLB proceedings.

**E. Defendant Requests a Date Certain for Completion of Plaintiff's "Rolling Production"**

Plaintiff's counsel's March 15, 2023 correspondence indicates the intent to make a "rolling production." Defendant requests that the parties set a date certain for the completion of that production, prior to the commencement of depositions that the parties are in the process of scheduling.

Courts and parties routinely set deadlines for completing rolling productions:

> Rolling production usually involves (1) a large volume of documents; (2) an agreement; (3) a deadline; and (4) a signed declaration, under oath, when the requested documents have all been produced. As far as the Court can tell there is a large volume of documents, but none of the other criteria have been met. Accordingly, the Court finds that BP shall produce or make available for inspection and copying all documents requested within thirty (30) days of entry of this Order and submit a verification, under oath, that all requested documents responsive to the RFPs have been produced or made available for inspection and copying. Again, the parties are under a continuous duty to supplement discovery responses as it becomes known that original production was incomplete or inaccurate.

*Abraham v. BP Am. Prod. Co*., 2010 WL 11435746, at *3 (D.N.M. May 11, 2010).

Because "information is often useful only if it is timely," we ask that Plaintiff provide a definitive date for completion of production and submit a verification under oath upon completion. *Gilmore v. U.S. Dep't of Energy*, 33 F.Supp.2d 1184, 1189 (N.D. Cal. 1998) (interpreting federal Freedom of Information Act.)

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 14

**F. Plaintiff's Use of Boilerplate "General Objections" is Improper**

Plaintiff stated boilerplate General Objections in response to the Special Interrogatories, Requests for Production and Requests for Admission, which were then also incorporated into every discovery response. The objections are not particularized, and fail to specify the aspects of each discovery request that Plaintiff contends is objectionable. Instead, Plaintiff generically asserts objections based on vagueness, ambiguity, overbreadth, undue burden, and relevance in response to every single discovery request that Defendant propounded.

"[U]nexplained and unsupported boilerplate objections are improper." *Duran v. Cisco Sys., Inc.,* 258 F.R.D. 375, 379 (C.D. Cal. 2009) (citing *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.,* 408 F.3d 1142, 1149 (9th Cir.) ("We hold that boilerplate objections or blanket refusals inserted into a response to a ... request for production ... are insufficient to assert a privilege."), cert. denied, 546 U.S. 939 (2005); *McLeod, Alexander, Powel Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable.)

Courts are loathe to uphold such boilerplate objections. *Gorrel v. Sneath*, 292 F.R.D. 629, 632-33 (E.D. Cal. 2013) ("Boilerplate objections to a request for production are not sufficient.") This is particularly true as to the types of objections asserted by Plaintiff in this case. For example, "[o]bjections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Plaintiff has provided no information demonstrating the alleged undue burden associated with responding to any request.

Similarly, Plaintiff's unspecified objections of "vagueness" and "ambiguity" are improper because they do not identify what Plaintiff claims not to understand about the request. "In general, it is not grounds for objection that the request is 'ambiguous' unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply." *Milbank, Tweed, Hadley & McCloy LLP v. Milbank Holding Corp.,* 2006 WL 8434708, at *4 (C.D. Cal. Oct. 24, 2006). Plaintiff is required to "exercise common sense and attribute ordinary definitions to terms in discovery requests." *Sanchez Y Martin, S.A. v. Dos Amigos,*

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 15

*Inc*., 2019 U.S. Dist. LEXIS 23694, at *11 (S.D. Cal. Feb. 13, 2019); *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012).

As the objecting party, Plaintiff "must show specifically" how the information requested "is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982). "[T]he mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Id.* Otherwise, how can the parties meet and confer in an effort to resolve discovery disputes? Therefore, we request that Plaintiff provide proper responses to the Special Interrogatories, Requests for Production and Requests for Admission, that remove these inappropriate objections, or otherwise specify in what way a particular request is objectionable so that the parties may meet and confer on the issue.

**G. Further Meet and Confer Discussions**

Obviously, we would like to resolve these issues so that we may concentrate on getting this case ready for trial. Please provide a prompt response so that we can agree on as many of these issues as we are able, and if needed, present the remainder to the Court for resolution.

We propose that you provide your availability for a call to discuss these matters in more detail on or before March 27, 2023. Thank you for your anticipated courtesy and cooperation.

Respectfully,

WESIERSKI & ZUREK LLP

Michelle R. Prescott

/es
cc: Jesse Kaplan, Esq.

I1820297-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 22, 2023
Page 16

I1820297-1 MER-5137

# EXHIBIT 6

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
THOMAS B. CUMMINGS†
LISA J. McMAINS†
LYNNE RASMUSSEN
SHERAL A. HYDE
KRISTEN R. RODRIGUEZ
CINDY A. SHAPIRO
CLAUDIA MOURAD
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
LAYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
CLAUDIA V.TINTA ROCA
GREGORY S. MILLER
CINDY L. MIJANGOS

† AMERICAN BOARD OF TRIAL ADVOCATES (ABOTA)
ALSO ADMITTED IN *CONNECTICUT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975-1000
FACSIMILE (949) 756-0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627-2300
FACSIMILE (213) 629-2725

SENDER'S E-MAIL:
CWESIERSKI@WZLLP.COM

March 28, 2023

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Blvd, Suite 300
Santa Monica, CA 90401
E-Mail: sholley@kwikhlaw.com ;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washington, D.C 20036
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com

Re: Bauer v. Hill
Date of Loss: 2/8/2022
Our File No.: MER-5137

Dear Counsel:

In anticipation of our meet and confer call on March 30, 2023, we write to clarify and further elaborate on the issues we raised in our March 22, 2023 meet and confer letter. More specifically, we wanted to address the deficiencies in Plaintiff's responses to the Requests for Production and why we believe further responses are in order.

**A. First Set of Requests for Production**

**1. Requests Nos. 1 through 83:**

Each and every one of these Requests quotes directly from allegations in Plaintiff's Complaint. Plaintiff's objections are not well-taken, as explained in our earlier correspondence. More specifically, Defendant cannot tell whether Plaintiff is producing responsive documents or standing on his objections.

Rule 34 is meant to "'end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 28, 2023
Page 2

objections.' This is the very confusion that has arisen here." *Guarriello v. Family Endowment Partners, LP,* No. 14-13351, 2015 WL 12953233, *2 (D. Mass. Dec. 21, 2015) (quoting Fed. R. Civ. P. 34 advisory committee notes for 2015 amendment). "If Defendants have withheld any responsive information on the basis of an objection, Plaintiffs are entitled to know that …" *Id*. Under Rule 34(b)(2)(C), a "proper written response should also provide sufficient information for the requesting party, and the court, to be satisfied that the responding party conducted an adequate investigation for responsive materials." *In re Rivera,* No. 16-4676, 2017 WL 5163695, *3 (C.D. Cal. Apr. 14, 2017).

For the same reasons, as previously indicated, Defendant requests a privilege log identifying documents withheld on claims of privilege or work product protections.

**B. Second Set of Requests for Production**

**1. Requests Nos. 84, 85, 86, 87, 88:**

These Requests seek documents relating to any allegations against Plaintiff for claims of physical violence, sexual assault, battery and rape. Plaintiff's reputation is unquestionably at issue in this defamation action, and Defendant has a right to this information. Evidence of a defamation plaintiff's reputation is routinely discovered by examining the nature and outcome of other legal proceedings initiated by and against that plaintiff. See, e.g., *Bularz v. Prudential Ins. Co.,* 93 F.3d 372, 379 (7th Cir. 1996) (evidence of prior fraud action against plaintiff was "relevant to determining whether [plaintiff's] reputation was already compromised at the time that Prudential allegedly defamed him, and thus to the jury's computation of damages"); *Marcone v. Penthouse Int'l Magazine for Men*, 754 F.2d 1072, 1078-79 (3d Cir. 1985) (evidence of prior criminal activity relevant to mitigating damage to reputation for alleged libel relating to statement about specific criminal act). Similarly, these documents are relevant to causation and whether other allegations against Bauer were the cause of any harm to his reputation. These documents also are relevant to the issue of whether any of Ms. Hill' statements were at least substantially true.

**2. Request No. 89:**

This Request seeks any settlement agreements that Plaintiff has entered into relating to claims of physical violence, sexual assault, battery and rape. This information is relevant for the same reasons listed above. Settlement agreements are not protected from discovery because the

I1824508-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 28, 2023
Page 3

"existence of the settlement and/or its terms (are) generally not privileged." *Grupo Conmudex, S.A. DE C.V., et al, v. SPX Corp*., *et al.*, 331 F. Supp.2d 623, 629 (N.D. Ohio 2004).

**3. Request No. 90:**

Plaintiff's objections to this Request for photographs, videos or motions pictures is not well-taken. To address Plaintiff's objections, Defendant clarifies that the term "motion picture" as used herein is consistent with the definition provided in the Copyright Act of 1976, 17 U.S.C § 101, which provides: "'Motion pictures' are audiovisual works consisting of a series of related images, which when shown in succession, impart an impression of motion, together with accompanying sounds, if any."

**4. Requests Nos. 91, 92, 93, 94:**

These Requests relate to Major League Baseball ("MLB") communications, investigation and proceedings involving Plaintiff which are clearly at the heart of Plaintiff's allegations. This information is critical to Ms. Hill's defense, as she needs to demonstrate that the MLB considered more than just her complaints in reaching its decision. Again, these documents are relevant to Mr. Bauer's alleged damages, causation and the substantial truth of any of Ms. Hill's statements. As we pointed out in our prior meet and confer correspondence, there is case authority on point holding that the confidentiality provisions of MLB proceedings must yield to the greater interest in public access to litigation.

**5. Request No. 95:**

To the extent Plaintiff posted on social media regarding the allegations in his Complaint, that content must be produced because it is relevant to a claim or defense in the case. *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434 (S.D. Ind. 2010). Because Plaintiff professes not to understand the term "social media," Defendant clarifies that it shall have the meaning set forth in the Oxford Dictionary; to wit, "websites and applications that enable users to create and share content or to participate in social networking."

**6. Request No. 96:**

I1824508-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 28, 2023
Page 4

Plaintiff objects to this Request for his "direct messages" regarding the Complaint and/or Ms. Hill, claiming not to understand the phrase. Quite simply, all communications between Plaintiff and Defendant are relevant, be they through instant messaging, texts, Facebook or Instagram posts, TikTok videos, or whatever form they may take. To clarify in response to Plaintiff's objection that the Request is unduly vague because it does not specify whether it is seeking Plaintiff's communications or those of third parties, the Request is not limited to exchanges with Ms. Hill. If Plaintiff communicated with third parties (except for counsel) regarding Ms. Hill, Defendant is entitled to that information.

**7. Requests Nos. 97, 98, 99:**

These Requests seek documents, voicemail messages and calendar entries relating to the Complaint and/or Ms. Hill. Plaintiff "may not unilaterally withhold [responsive] documents" by qualifying the scope of production to documents which he claims are (1) privileged; (2) in his control; or (3) related to Defendant. *Johnson v. Kraft Foods N. Am*., 236 F.R.D. 535, 541 (D. Kan. 2006). "If a party intends to withhold information or documents responsive to a discovery request based on" an objection, that objection "must be lodged" in its RPD responses. *Id.* See also *Bryant v. Mattel, Inc*., No. 04-09049, 2007 WL 5430893, *5 (C.D. Cal. May 18, 2007) ("responses are inadequate to the extent [party] has restricted its production [and such] restrictions suggest that [party] might be excluding documents that are responsive to the request based upon its unilateral determination" of what documents are discoverable).

**8. Requests Nos. 100, 101:**

If Plaintiff received any medical treatment or examinations "related to any of the allegations" in his Complaint, Defendant has a right to such information. If Plaintiff is not making such contentions and has no responsive documents, he must so state. Similarly, the Request for data recorded on Plaintiff's wearable technology during the two events at issue in this lawsuit is relevant to his veracity and credibility regarding his version of events.

**9. Request No. 102:**

Plaintiff objects to this request for interviews with MLB and refuses to produce any such documents. For the reasons already set forth, Defendant has a right to such information

I1824508-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 28, 2023
Page 5

notwithstanding any contractual confidentiality clause. The Protective Order in this action will adequately protect against disclosure of such information.

**10. Requests Nos. 104, 105:**

Plaintiff's education and training on the subject of sexual assault/harassment are relevant for obvious reasons. So, too, are any such policies that Plaintiff has adopted in his own businesses.

**11. Requests Nos. 106, 107, 108:**

These Requests go to damages, and Plaintiff's responses suggest that he is not undertaking to follow up with his sponsors, prospective sponsors or other contractual relationships to produce relevant documents. As we explained in our March 22, 2023 meet and confer letter, Plaintiff has an affirmative duty to do so, particularly since the information is not available to Defendant from any other source.

**12. Request No. 109:**

This Request seeks documents reflecting communications between Plaintiff and Derek Dawson regarding Ms. Hill or the allegations in Plaintiff's Complaint. To clarify, the term "communications" means all manner of transmitting information, including emails, text messages, letters, instant messaging, telephone calls, voicemails, and all other means of exchanging information. It does not appear that any such records were produced, and Defendant cannot determine from Plaintiff's response whether he actually undertook to search for and produce same.

**13. Requests Nos. 110, 111, 112, 113, 114:**

All of these Requests are in the nature of contention discovery, and call for Plaintiff to produce documents in support of the Complaint's allegations, MLB's suspension, Plaintiff's punitive damages claims and the like. Plaintiff's objections are not well-taken, and if Plaintiff has any responsive documents, they must be produced pursuant to Fed.R.Civ.P. 34.

**C. Third Set of Requests for Production**

**1. Requests Nos. 115, 116, 117, 118:**

I1824508-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 28, 2023
Page 6

Plaintiff asserted a litany of objections and stated that he was refusing to produce documents responsive to Requests Nos. 115, 116, 117, and 118. These Requests seek communications between Plaintiff and Madison Rasberg, and any photographs or videos of Plaintiff and Ms. Rasberg together. Plaintiff has categorically objected and states: "Bauer will not produce any documents in response to this Request, to the extent any exist."

Again, these documents are relevant to the issues of Mr. Bauer's alleged damages, causation and substantial truth. As you are aware, Ms. Rasberg presented text messages with Plaintiff and videos of her interactions with Plaintiff to the MLB arbitration. Since Mr. Bauer is suing Ms. Hill on the premise that her claims against him were the reason for his suspension and subsequent loss of endorsements, this evidence is material because it bears on whether Ms. Hill's claims were the basis for the MLB's decision, or whether other evidence also factored into that decision.

**2. Requests Nos. 119 and 120:**

These two Requests seek records of Ms. Rasberg's accusations against Plaintiff regarding physical violence and assault, and any records from the MLB addressing such allegations. Again, these documents are relevant to the issues of Mr. Bauer's alleged damages, causation and substantial truth. Mr. Bauer's allegations against Ms. Hill go directly to the issue of his reputation, and what evidence the MLB considered in determining that suspension was appropriate. There is no privilege that attaches to arbitration proceedings merely because the parties have stipulated to confidentiality. *Scott D. Boras Inc. v. Sheffield*, 2009 WL 3444937, at *1 (S.D.N.Y. Oct. 26, 2009).

**3. Requests Nos. 121, 122, 123, 124, 125:**

These Requests seek communications, photographs and videos of Plaintiff interacting with Meghan Kistemaker and/or her family. We are informed and believe that Ms. Kistemaker also presented evidence at the MLB arbitration, and therefore, this information is directly relevant to Ms. Hill's defense.

**4. Requests Nos. 126, 127, 128, 129, 130:**

Ms. Kistemaker sought a Temporary Restraining Order ("TRO") against Plaintiff in Ohio, and this evidence was also presented at the MLB arbitration. Defendant is entitled to

I1824508-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 28, 2023
Page 7

production of documents responsive to these Requests, which seek documents regarding the TRO proceedings as well as MLB's consideration of those allegations.

**5. Requests Nos. 131, 132, 133, 134, 135, 136, 137:**

In a similar vein, these Requests seek Plaintiff's communications, photographs and videos of Jennifer Villegas' interaction with Plaintiff. We are informed and believe that Ms. Villegas provided such information to both the MLB and the Pasadena Police Department. Such information is directly relevant to Plaintiff's claims of defamation and damage to his reputation.

**6. Requests Nos. 138, 139:**

Since the very basis for Plaintiff's claims against Defendant are his suspension from the MLB, we do not see how Plaintiff can stand on his objections to these Requests, which call for records of the MLB proceedings. As explained in our initial meet and confer communication, contractual confidentiality does not relieve a party that has availed himself of the judicial process from complying with valid and relevant discovery demands. Here, where Plaintiff's own allegations have placed the MLB proceedings squarely in issue, Plaintiff has a duty to respond to Defendant's requests in good faith.

**7. Request No. 140:**

This Requests seeks any cease and desist letters that Plaintiff sent to any third party. Plaintiff objects and purports to arbitrarily limit his production to Ms. Hill alone. This is improper. Evidence that Plaintiff sought to stop others from allegedly disparaging him is relevant as an admission that Ms. Hill was not the only person making accusations, and that Plaintiff's reputation was already tarnished in the industry. *Condit v. Dunne*, 225 F.R.D. 100, 110 n.4 (S.D.N.Y. 2004) ("[D]amages may be mitigated by plaintiff's own actions causing damage to his reputation," and " '[g]enerally, when damages are sought for loss of reputation, the plaintiff's personal history is relevant and discoverable.' ") (quoting *Weber v. Multimedia Entm't,* No. 97 Civ. 0682 PKL THK, 1997 WL 729039, at *2 (S.D.N.Y Nov. 24, 1997)); *Pagano v. Hadley*, 100 F.R.D. 758, 760 (D. Del. 1984) (same); *Nichols v. Philadelphia Tribune Co*., 22 F.R.D. 89, 91 (E.D. Pa. 1958) (holding that in a defamation action, "the reputation of the plaintiff is pertinent thereto and evidence of general bad character or reputation of the plaintiff is admissible in mitigation of damages").

I1824508-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
March 28, 2023
Page 8

We look forward to speaking with you about these matters in more detail on Thursday.

Respectfully,

WESIERSKI & ZUREK LLP

Brett A. Smith

/es

cc: Jesse Kaplan, Esq.

I1824508-1 MER-5137

# EXHIBIT 7




NEWS             SCORES             SCHEDULE             STATS

# Dodgers pitcher Bauer disciplined

April 29th, 2022

Share 

Commissioner Robert D. Manfred, Jr. announced today that following an extensive investigation by MLB's Department of Investigations, Los Angeles Dodgers pitcher Trevor Bauer has received a suspension for 324 championship season games (representing two full seasons) without pay, effective today, for violating Major League Baseball's Joint Domestic Violence, Sexual Assault and Child Abuse Policy.

In accordance with the terms of the Policy, the Commissioner's Office will not issue any further statements at this point in time.

Did you like this story? 

OFFICIAL INFORMATION

HELP/CONTACT US

MORE MLB SITES & AFFILIATES

CAREERS

 

CONNECT WITH MLB

Terms of Use    Privacy Policy    Legal Notices    Contact Us    Do not Sell or Share My Personal Data

© 2023 MLB Advanced Media, LP. All rights reserved.

# EXHIBIT 8



# Trevor Bauer suspended 2 full seasons

April 29th, 2022

Juan Toribio
@juanctoribio

Share

LOS ANGELES -- Trevor Bauer has been suspended for two full seasons by Major League Baseball following the league's investigation of domestic violence and sexual assault allegations made against him.

That suspension, which will be without pay, begins on Friday and does not include the 99 regular-season games the Dodgers right-hander has missed since being placed on administrative leave on July 2, 2021.

The Dodgers released the following statement after the announcement of the suspension:

"Today we were informed that MLB has concluded its investigation into allegations that have been made against Trevor Bauer, and the Commissioner has issued his decision regarding discipline. The Dodgers organization takes all allegations of this nature very seriously and does not condone or excuse any acts of domestic violence or sexual assault.

"We've cooperated fully with MLB's investigation since it began, and we fully support MLB's Joint Domestic Violence, Sexual Assault and Child Abuse Policy, and the Commissioner's enforcement of the Policy. We understand that Trevor has the right to appeal the Commissioner's decision. Therefore, we will not comment further until the process is complete."

Bauer tweeted that he will appeal the 324-game suspension, which is the longest ever issued for someone who violated the MLB-MLBPA Joint Domestic Violence, Sexual Assault and Child Abuse Policy. He will be the first player to appeal a suspension under this policy.

"In the strongest possible terms, I deny committing any violation of the league's domestic violence & sexual assault policy," Bauer wrote on Twitter. "I am appealing this action and expect to prevail. As we have throughout this process, my representatives & I respect the confidentiality of the proceedings."

Bauer's contract with the Dodgers will expire before his suspension ends. This was to be the second season of a three-year, $102 million contract that Bauer signed prior to the 2021 season. He was due $64 million over the last two years of that deal, which ends at the conclusion of the 2023 season. The suspension will end roughly a month into the 2024 season.

Bauer, 31, was placed on paid administrative leave after a San Diego woman accused him of sexual assault during two sexual encounters. The woman also submitted a temporary ex parte restraining order against him. Bauer maintained he did nothing wrong, saying the encounters were consensual.

Office announced that it would not pursue a criminal case against Bauer.

Major League Baseball had been conducting a separate investigation of its own over the last nine months in order to determine if Bauer violated the league's domestic violence policy. Under the joint domestic violence policy agreed upon by MLB and the MLBPA, the Commissioner's Office has the ability to suspend a player even if he has not been charged or convicted in court.

While that investigation was ongoing, MLB and the MLBPA agreed to extend Bauer's leave multiple times. He missed the final 81 regular-season games in 2021 and the first 18 games of the 2022 season. Bauer, whose leave was set to expire on Friday, has been paid while away from the club.

There have been multiple instances of players receiving a suspension under the joint domestic violence policy even after criminal charges were dropped. One such example came in August 2019, when Bauer's current teammate, Julio Urías, was suspended 20 games after an incident that May in which he was arrested for investigation of possible misdemeanor domestic battery. Urías accepted the discipline without appeal.

Did you like this story?

In this story:

Trevor Bauer

***Juan Toribio*** *covers the Dodgers for MLB.com. Follow him on Twitter @juanctoribio.*

## You may have missed...

3 takeaways from the Dodgers' up-and-down road trip

April 27th, 2023

Gonsolin's return brings much-needed boost to rotation

April 26th, 2023

No. 1 in Power Rankings is no shock. But after that ...

April 9th, 2023

Early impressions that are turning heads

April 5th, 2023

OFFICIAL INFORMATION

HELP/CONTACT US

MORE MLB SITES & AFFILIATES

CAREERS

Terms of Use Privacy Policy Legal Notices Contact Us Do not Sell or Share My Personal Data

© 2023 MLB Advanced Media, LP. All rights reserved.

CONNECT WITH MLB

# EXHIBIT 9




# Major League Baseball statement

December 22nd, 2022

Major League Baseball issued the following statement today regarding the decision rendered by Arbitrator Martin F. Scheinman in the matter pertaining to Trevor Bauer:

"Today, the neutral arbitrator selected by MLB and the MLBPA affirmed that Trevor Bauer violated Major League Baseball's Joint Domestic Violence, Sexual Assault and Child Abuse Policy.

"After an exhaustive review of the available evidence the neutral arbitrator upheld an unpaid suspension of 194 games. As part of the decision, the arbitrator reinstated Mr. Bauer effectively immediately, with a loss of pay covering the 144 games he was suspended during the 2022 season. In addition, the arbitrator docked Bauer's salary for the first 50 games of the 2023 season (i.e., the period covering March 30, 2023 to May 23, 2023). While we believe a longer suspension was warranted, MLB will abide by the neutral arbitrator's decision, which upholds baseball's longest-ever active player suspension for sexual assault or domestic violence.

"We understand this process was difficult for the witnesses involved and we thank them for their participation. Due to the collectively bargained confidentiality provisions of the joint program, we are unable to provide further details at this

Did you like this story?

OFFICIAL INFORMATION

HELP/CONTACT US

MORE MLB SITES & AFFILIATES

CAREERS

 

CONNECT WITH MLB

Terms of Use    Privacy Policy    Legal Notices    Contact Us    Do not Sell or Share My Personal Data

© 2023 MLB Advanced Media, LP. All rights reserved.

# EXHIBIT 10

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,

Defendants.

Case No. 8:22-cv-00868 JVS(ADSx)

Assigned for all purposes to the Hon. James V. Selna

**PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S RESPONSES TO DEFENDANT LINDSEY HILL'S SPECIAL INTERROGATORIES, SET ONE**

Action Filed: April 25, 2022

PROPOUNDING PARTY: DEFENDANT, LINDSEY HILL

RESPONDING PARTY: PLAINTIFF, TREVOR HILL

SET NO.: ONE

Plaintiff and Counterclaim Defendant Trevor Bauer ("Bauer" or "Plaintiff") hereby responds to Defendant and Counterclaimant Lindsey Hill's ("Hill" or "Defendant") first set of Special Interrogatories (the "Interrogatories"):

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

The following general objections apply to each of the Interrogatories propounded by Hill and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separate numbered Interrogatories.

1. Bauer objects to the Interrogatories to the extent that they fail to comply with, or call for Bauer to do more than is required under the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order.

2. Bauer objects to each Interrogatory to the extent that it purports to require Bauer to respond beyond his present knowledge, information, and belief. Bauer's responses to the Interrogatories are made to the best of his present knowledge, information, and belief. These responses and objections are made without prejudice to Bauer's right to supplement, clarify, revise, correct, or amend any and all of his responses and objections as appropriate. A failure to object will not constitute a waiver of any objection that Bauer may make as part of any future supplemental response.

3. Bauer objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

4. Bauer objects to each Interrogatory to the extent it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence.

5. Bauer objects to each Interrogatory to the extent that it is vague and ambiguous.

6. Bauer objects to each Interrogatory to the extent that it is unreasonably cumulative or duplicative.

7.      Bauer objects to each Interrogatory to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Such information will not be produced.

8.      Inadvertent production of any information subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of Bauer's right to object to the use of such material during any later proceeding. Any such information shall be immediately returned to counsel for Bauer.

9.      Bauer objects to each Interrogatory to the extent that it seeks documents or information that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

10.     Bauer objects to each Interrogatory to the extent that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer.

11.     Bauer objects to each Interrogatory to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

12.     Bauer objects to each Interrogatory that contains no limitation on time period as overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

13.     Bauer reserves all objections that may be available to him at any hearing or trial or on any motion to the use or admissibility of any information produced. The

production of any information does not constitute an admission by Bauer that the information contained therein is relevant to this action or admissible evidence.

14. Any information produced in response to the Interrogatories shall be subject to the Protective Order in this case. Any information or documents designated "CONFIDENTIAL" shall be treated as such. If Hill discloses any information or documents designated "CONFIDENTIAL," Bauer reserves the right to seek sanctions against Hill and will seek sanctions against Hill to the fullest extent of the law.

By this reference, the foregoing objections are incorporated fully in each of the individual objections set forth below, and each individual objection is made subject to and without waiving such general objections.

**RESPONSES TO INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY all contracts that YOU allege were interfered with by any act of Ms. Hill that forms a basis for liability in this ACTION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Bauer incorporates by reference the Preliminary Statement and General Objections set forth above. Bauer further objects that the Interrogatory seeks information from third parties or otherwise not within Bauer's personal knowledge. Bauer further objects to the Interrogatory to the extent that it seeks documents or information that Bauer has a statutory, contractual, or other duty to maintain as confidential. Subject to and without waiving the foregoing objections, Bauer responds as follows:

The Los Angeles Dodgers; Fanatics, Inc.; Gatorade; Lids; Panini America; The Topps Company, Inc.; Nike, Inc.; and Budweiser. Bauer further experienced a reduction in sales of Bauer merchandise, including on his website, BauerOutage.com and by his company, Momentum. Bauer further experienced a reduction in YouTube revenue. Bauer's discovery and investigation is ongoing and Bauer reserves the right to supplement this response.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all third-parties, including sponsors, that ended any actual or potential business relationship with YOU as a result of any alleged acts by HILL that form a basis for liability in this ACTION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Bauer incorporates by reference the Preliminary Statement and General Objections set forth above. Bauer further objects that the Interrogatory seeks information from third parties or otherwise not within Bauer's personal knowledge. Bauer further objects to the Interrogatory to the extent that it seeks documents or information that Bauer has a statutory, contractual, or other duty to maintain as confidential. Subject to and without waiving the foregoing objections, Bauer responds as follows:

The Los Angeles Dodgers; Fanatics, Inc.; Gatorade; Lids; Panini America; The Topps Company, Inc.; Nike, Inc.; Budweiser; McLaren; Bose. Bauer further experienced a reduction in sales of Bauer merchandise, including on his website, BauerOutage.com and by his company, Momentum. Bauer further experienced a reduction in YouTube revenue. Bauer's discovery and investigation is ongoing and Bauer reserves the right to supplement this response.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY with specificity all defamatory statements about YOU made by Ms. Hill that forms a basis for liability in this ACTION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Bauer incorporates by reference the Preliminary Statement and General Objections set forth above. Bauer further objects that the Interrogatory seeks information from third parties or otherwise not within Bauer's personal knowledge. Subject to and without waiving the foregoing objections, Bauer responds as follows:

Hill's statements to the Pasadena Police Department that Bauer sexually assaulted her. These statements include but are not limited to statements made during

recorded interviews with representatives of the Pasadena Police Department on May 18, 2021 and June 5, 2021. These statements also include, but are not limited to, statements made during interviews with Deputy District Attorney Fernanda Barreto. These statements include, but are not limited to:

- "Like I was just like coming out of being unconscious, and then that's when I really started feeling like he was like hitting me really hard."
- "Like hitting me and then, um, I felt like one really hard hit to like my eye, like both eyes, but to point where I tried to open my eyes, and I just saw black. And then that's when I knew. I was like, this is like bad news. Like my alarm system was going off. And then like I felt closed, um, fist to my jaw, which is like still really messed up."
- "I kind of like snapped back into my body because the pain was like so gnarly. But like he flipped me over, and he was just like punching me on the top of the like crotch right there. Um, and it's like really bruised, and like they did all the pictures of that."
- "I would never tie anything to getting the actual shit beat out of me."
- "Like I never ever insinuated like to get my head hit so hard, or punching like my vagina."
- "Which is because like the first time it was one of like the gnarliest experiences I've ever had, and like I would've never dreamed."

Hill's representatives also made false claims of sexual assault on her behalf and with her knowledge. These statements include, but are not limited to, the statement made by Bryan Freedman to *TMZ* in which he stated in regards to a photograph of Hill: "Look at this picture. No one – absolutely no one – can consent to this, logically or legally. Trevor Bauer's team continues to try to abuse an assault victim. They need to stop. Now."

Bauer's discovery and investigation is ongoing and Bauer reserves the right to supplement this response.

**<u>SPECIAL INTERROGATORY NO. 4</u>:**

IDENTIFY all witnesses to any defamatory statement made by Ms. Hill that forms a basis for liability in this ACTION.

**<u>RESPONSE TO SPECIAL INTERROGATORY NO. 4</u>:**

Bauer incorporates by reference the Preliminary Statement and General Objections set forth above. Bauer further objects that the Interrogatory seeks information from third parties or otherwise not within Bauer's personal knowledge. Bauer further objects to the Interrogatory on the basis that it is overbroad and unduly burdensome and seeks information that is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Bauer responds as follows: Officers of the Pasadena Police Department, including but not limited to Detective Kimberly Jones, Sergeant Derek Locklin, Detective Murphy, and Deputy District Attorney Fernanda Barreto, as well as Bryan Freedman and representatives of *TMZ.* Bauer's discovery and investigation is ongoing and Bauer reserves the right to supplement this response.

**<u>SPECIAL INTERROGATORY NO. 5</u>:**

IDENTIFY all Social Media accounts that YOU have personally maintained or have been maintained at YOUR direction, at any time.

**<u>RESPONSE TO SPECIAL INTERROGATORY NO. 5</u>:**

Bauer incorporates by reference the Preliminary Statement and General Objections set forth above. Bauer further objects to the Interrogatory on the basis that "Social Media accounts" is undefined and subject to various interpretations. Bauer further objects to the Interrogatory on the basis that it is overbroad as to time. Bauer further objects to the Interrogatory because it is overbroad and unduly burdensome to the extent that it seeks information related to Social Media accounts maintained in connection with Bauer's business entities and seeks information that is not relevant or proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Bauer responds as

follows:

- Instagram: @baueroutage
- Twitter: @BauerOutage
- TikTok: @Baueroutageofficial
- YouTube: @BauerOutage
- Facebook: www.facebook.com/TrevorBauerOfficial

DATED: March 13, 2023

ZUCKERMAN SPAEDER LLP

By: */s/ Blair G. Brown*
Blair G. Brown
Attorney for Plaintiff Trevor Bauer

**VERIFICATION**

I have reviewed Plaintiff/Counterclaim Defendant Trevor Bauer's Responses to Defendant Lindsey Hill's Special Interrogatories, Set One and declare under penalty of perjury that the information provided in these Responses is true and correct to the best of my knowledge, information, and belief as of this date.

Executed this ___th day of March 2023.

________________________________
Trevor Bauer

**PROOF OF SERVICE**

I hereby certify that on this 13th day of March, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

**SERVICE LIST**

| | |
|---|---|
| Bryan J Freedman<br>Jesse A Kaplan<br>**FREEDMAN + TAITELMAN LLP**<br>1801 Century Park West 5th Floor<br>Los Angeles, CA 90067 | *Attorneys for Lindsey C Hill*<br><br>Email:<br>bfreedman@ftllp.com<br>jkaplan@ftllp.com |
| Christopher P Wesierski<br>Brett Andrew Smith<br>Michelle R Prescott<br>Eileen Spadoni<br>**WESIERSKI & ZUREK LLP**<br>29 Orchard Road<br>Lake Forest, CA 92630 | *Attorneys for Lindsey C Hill*<br><br>Email:<br>cwesierski@wzllp.com<br>bsmith@wzllp.com<br>mprescott@wzllp.com<br>espadoni@wzllp.com |

/s/ *Blair G. Brown*

EXHIBIT 11

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

v.

LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,

Defendants.

Case No. 8:22-cv-00868-JVS-ADS
Assigned for all purposes to the Hon. James V. Selna

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES**

Action Filed: April 25, 2022

Plaintiff Trevor Bauer, through undersigned counsel, hereby provides the following amended initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) based on the information reasonably available to Plaintiff as of today. Plaintiff reserves the right to modify, amend, or otherwise supplement these disclosures in light of new information. Plaintiff's enumeration of certain categories of potentially relevant information or custodians of such information does not waive Plaintiff's right to later object to the discovery of any information on the basis of any applicable privilege, the work product doctrine, relevance, undue burden, or any other valid objection. Plaintiff's disclosures represent a good faith effort to identify information he reasonably believes is relevant to the claims and defenses asserted in this case. All of the disclosures set forth below are made subject to the above objections and qualifications.

**(i)     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Plaintiff identifies the below individuals who are likely to have discoverable information that Plaintiff may use to support his claims based upon reasonably available information at this time. Since discovery is still in the initial stages, Plaintiff reserves the right to identify additional individuals if he learns that additional individuals have knowledge or information that he may use to support his claims. Plaintiff also reserves the right to rely on any individual identified by Defendant Hill or any third-party witnesses that become known to Plaintiff through discovery or otherwise. Subject to those qualifications, the following individuals are likely to have discoverable information:

1.     **Trevor Bauer** – Mr. Bauer can be contacted through his undersigned counsel. Mr. Bauer is likely to have discoverable information about: 1) his communications with Ms. Hill and encounters with Ms. Hill; 2) the Domestic Violence Restraining Order proceeding referenced in the Complaint; 3)

media reports regarding Ms. Hill's claims, and 4) the financial and professional harm he suffered.

2. **Lindsey C. Hill** – Ms. Hill can be contacted through her counsel of record. Ms. Hill is likely to have discoverable information about: 1) her communications with Plaintiff and her encounters with Plaintiff; 2) her communications with the Pasadena Police Department about Plaintiff; 3) the Domestic Violence Restraining Order proceeding referenced in the Complaint; 4) her communications with third parties about Plaintiff; 5) her statements to the media and on social media about Plaintiff; 6) the concealment of a highly material made video made by Ms. Hill on May 16, 2021, at Plaintiff's home.

3. **Detective Kimberly Jones** – Pasadena Police Department, 100 North Garfield Avenue, Pasadena, CA 91101, (626) 744-4501. Detective Jones is likely to have discoverable information about: 1) Ms. Hill's report to the Pasadena Police Department; 2) Detective Jones' investigation of Ms. Hill's allegations; 3) Detective Jones' communications with Ms. Hill.

4. **Sergeant Derek Locklin** – Pasadena Police Department, 100 North Garfield Avenue, Pasadena, CA 91101, (626) 744-4501. Sergeant Locklin is likely to have discoverable information about: 1) Ms. Hill's report to the Pasadena Police Department; 2) Sergeant Locklin's investigation of Ms. Hill's allegations; 3) Sergeant Locklin's communications with Ms. Hill.

5. **Detective Brian Murphy** – Pasadena Police Department, 100 North Garfield Avenue, Pasadena, CA 91101, (626) 744-4501. Detective Murphy is likely to have discoverable information about: 1) Ms. Hill's report to the Pasadena Police Department; 2) Detective Murphy's investigation of Ms. Hill's allegations; 3) Detective Murphy's communications with Ms. Hill.

6. **Jeffrey A. Becker, CPA** – 21031 Ventura Blvd. Suite 1000, Woodland Hills, CA 91364, (818) 598-6525. Mr. Becker is likely to have discoverable information about: 1) Plaintiff's economic damages.

7. **Morgan Blank –** Ms. Blank can be contacted through Plaintiff's counsel. Ms. Blank is likely to have discoverable information about: 1) Plaintiff's contracts with sponsors who ended their business relationships with him between June 2021 and mid-August 2021 following Ms. Hill's false allegations; 2) Plaintiff's economic damages.

8. **Tosh Semlacher** – Mr. Semlacher can be contacted through Plaintiff's counsel. Mr. Semlacher is likely to have discoverable information about: 1) Plaintiff's contracts with sponsors who ended their business relationships with him between June 2021 and mid-August 2021 following Ms. Hill's false allegations; 2) Plaintiff's economic damages.

9. **Fanatics, Inc.** – Fanatics, Inc. can be contacted through Scott Gershenbaum, 8100 Nations Way, Jacksonville, FL 32256, (904) 412-7876. Fanatics, Inc. is likely to have discoverable information about: 1) the termination of Plaintiff's sponsorship contract with Fanatics Inc.; 2) Plaintiff's economic damages.

10. **Panini America** – Panini America can be contacted through Alex Carbajal, 5325 FAA Blvd, Ste 100, Irving, TX 75061, (817) 662-5300. Panini America is likely to have discoverable information about: 1) the termination of Plaintiff's sponsorship contract with Panini America; 2) Plaintiff's economic damages.

11. **Lids** – Lids can be contacted through Sarah Lim, 7676 Interactive Way, Suite 300, Indianapolis, IN 46278, (888) 814-4287. Lids is likely to have discoverable information about: 1) the termination of Plaintiff's sponsorship contract with Lids; 2) Plaintiff's economic damages.

12. **Bryan Freedman** – 1801 Century Park West, 5th Floor, Los Angeles, CA 90067, (310) 201-0005. Mr. Freedman is likely to have discoverable information about: 1) statements he made to the media regarding Ms. Hill's allegations; 2) the concealment of a highly material made video made by Ms. Hill on May 16, 2021, at Plaintiff's home.

13. **Frank Tortorigi** – Address Unknown, (256) 783-6841. Mr. Tortorigi is likely to have discoverable information about: 1) his communications with Ms. Hill regarding Hill's allegations and regarding Plaintiff; 2) Ms. Hill's alleged physical and emotional injuries.

14. **Olivia Finestead** – 3100 Village Plans Blvd., C-3 #202, Franklin, TN 37064, (913) 710-4616. Ms. Finestead is likely to have discoverable information about: 1) her communications with Ms. Hill regarding Hill's allegations and regarding Plaintiff; 2) Ms. Hill's alleged physical and emotional injuries.

15. **Padres L.P.** – The Padres can be contacted through Joseph Connaughton, 101 West Broadway, Ninth Floor, San Diego, CA 92101, (619) 237-5200.

The Padres are likely to have discoverable information about: 1) Ms. Hill's employment history; 2) Ms. Hill's alleged economic damages.

16. Plaintiff explicitly incorporates by reference all individuals identified by Ms. Hill in her Initial Disclosures, dated August 22, 2022.

**(ii) A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the disclosing party's possession, custody, or control and that may be used to support the disclosing party's claims or defenses, unless solely for impeachment.**

1. Plaintiff's communications with Ms. Hill.

2. Documents and other materials produced in discovery and/or admitted into evidence in the Domestic Violence Restraining Order proceeding that Ms. Hill brought against Plaintiff; filings in that proceeding; and the transcripts of that proceeding.

3. Publications in the media regarding Plaintiff resulting from Ms. Hill's false allegations.

4. Plaintiff's contracts with sponsors who ended their business relationships with him between June 2021 and mid-August 2021 following Ms. Hill's false allegations.

5. Accounting records.

**(iii) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiff seeks damages caused solely by the words and actions of Ms. Hill in the following categories:

1. Presumed damages resulting from Plaintiff's defamation per se claim in a nominal amount. For avoidance of doubt, Plaintiff clarifies that he does not seek damage to his reputation, will present no evidence of damage to his reputation, and will ask the jury to award nominal damages if it finds that Ms. Hill's statements were defamatory per se.

2. Compensatory damages resulting from the financial loss Plaintiff suffered between June 2021 and mid-August 2021 as a result of Ms. Hill's statements and conduct, including his business contracts and opportunities. Specifically, Plaintiff seeks compensatory damages in the amounts listed below:

a. Plaintiff seeks damages in the amount of approximately $250,000 that he lost on his contract with Fanatics, Inc. due to Ms. Hill's statements and conduct.

b. Plaintiff seeks damages in the amount of approximately $8,000, as well as royalty payments in an amount to be determined, that he lost on his contract with Lids due to Ms. Hill's statements and conduct.

c. Plaintiff seeks damages in the amount of approximately $15,000 that he lost on his contract with Panini America due to Ms. Hill's statements and conduct.

d. Plaintiff seeks damages in the amount of approximately $20,000 that he lost from reduction in sales of Bauer merchandise through his website BauerOutage.com due to Ms. Hill's statements and conduct.

e. Plaintiff seeks damages in the amount of approximately $15,000 that he lost from reduction in YouTube revenue due to Ms. Hill's statements and conduct.

3. Punitive damages in an amount to be determined at trial.

4. Plaintiff expressly reserves the right to supplement his disclosure regarding his damages.

**(iv) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable

Dated: May 1, 2023

ZUCKERMAN SPAEDER LLP

*/s/ Blair G. Brown*

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

*Attorneys for Plaintiff*
*Trevor Bauer*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

WESIERSKI & ZUREK LLP
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (Bar No. 151990)
Jesse A. Kaplan, Esq. (Bar No. 255059)
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey C. Hill*

/s/ *Blair G. Brown*