Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Blvd, Suite 300
Santa Monica, CA 90401
Phone: 310-566-9822
Fax: 310-566-9850
E-Mail: sholley@kwikhlaw.com; kmangels@kwikalaw.com
smacisaac@kwikhlaw.com

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washington, D.C 20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com; jfetterolf@zuckerman.com
NPeyser@Zuckerman.com

Attorneys for Plaintiff/counter-defendant Trevor Bauer

Christopher P. Wesierski [Bar No. 086736]
   cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
   mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
   espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
   bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
   bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
   jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant and Counterclaimant
Lindsey C. Hill

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

TREVOR BAUER,

      Plaintiff,

    vs.

LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,

      Defendant.

LINDSEY C. HILL,

      Counterclaimant,

    vs.

TREVOR BAUER,

      Counter-defendant.

Case No. 8:22-cv-00868 JVS (ADSx)

Assigned to: Judge James V. Selna
Referred to: Magistrate Judge Autumn D. Spaeth

**DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL BAUER TO PRODUCE DOCUMENTS**

[Notice of Motion to Compel; and Declarations of Jesse A. Kaplan, Lindsey Hill and Blair G. Brown in filed concurrently]

Date:  June 14, 2023
Time:  10:00 a.m.
Magistrate Judge: Autumn D. Spaeth
Courtroom:      6B

Action Filed: April 25, 2022
Discovery Deadline: June 26, 2023
Pretrial Conference:  January 22, 2024
Trial Date: February 13, 2024

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

# **TABLE OF CONTENTS**

I.   HILL'S INTRODUCTORY STATEMENT ...........................................................1

II.   BAUER'S INTRODUCTORY STATEMENT .....................................................4

III.   THE REQUESTS FOR PRODUCTION AT ISSUE.........................................7

A. The Requests for Production Concerning Bauer's Allegations that Hill's Statements Resulted in Bauer Being Disciplined by MLB (Requests 68, 69 and 114). ..........................................................................................................................7

HILL'S POSITION: ...................................................................................................10

1. Any purported confidentiality concerning the MLB investigation and Arbitration is not a valid basis for refusing to produce discoverable information… ...............................................................................................................11

2. MLB's discipline of Bauer is relevant as it concerned the same conduct and occurrences at issue in this lawsuit.................................................................................12

3.  The documents are relevant to Hill's substantial truth defense....................13

4.  The requested documents are directly relevant to causation and harm. .......15

BAUER'S POSITION: ...............................................................................................17

1.  The documents sought are not relevant to causation and harm. ...................19

2. Bauer and Hill are both bound by confidentiality agreements that prohibit them from disclosing information about MLB's discipline and the arbitration…….......................................................................................................22

3. MLB's discipline and the arbitration are not relevant to the claims and

defenses in this action and do not warrant invading Bauer's privacy interests………..................................................................................26

4. The documents sought are not relevant to Hill's substantial truth defense and do not warrant invading Bauer's privacy interest in sexual matters. ................28

B. The Requests for Production Concerning Statements Made by Bauer in MLB's Investigation about Hill and Others or to Law Enforcement about Others (Request 87 and 92). ..................................................................................32

HILL'S POSITION: ...............................................................35

BAUER'S POSITION: ............................................................36

C. The Requests for Production Concerning the MLB Arbitration (Request 93)…… ...................................................................................36

HILL'S POSITION: ...............................................................38

BAUER'S POSITION: ............................................................38

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

## JOINT STIPULATION REGARDING DEFENDANT AND COUNTERCLAIMANT HILL'S MOTION TO COMPEL

Pursuant to Local Rule 37-2, defendant and counterclaimant Lindsey Hill and plaintiff and counter-defendant Trevor Bauer submit this Joint Stipulation (the "Joint Stipulation") relating to Hill's Motion to Compel the production of documents from Bauer in response to Requests for Production 68-69, 87, 92-93 and 114. Following multiple conferences of counsel conducted on March 30, 2023, and April 13, 2023, the parties were unable to reach agreement with respect to the discovery dispute at issue.

## I.   HILL'S INTRODUCTORY STATEMENT

Through her Motion to Compel, Hill seeks the production of documents related to disciplinary proceedings initiated by Major League Baseball ("MLB") concerning Bauer's violation of MLB's and the Major League Baseball Players Association Joint Domestic Violence, Sexual Assault and Child Abuse Policy (the "Domestic Violence Policy").

According to publicly available information from MLB, on July 2, 2021, MLB placed Bauer on administrative leave following Bauer's battery and sexual battery of Hill. (Kaplan Decl., Ex. 8; Docket No. 1 [Complaint, ¶ 156]). Around the same time, MLB undertook an investigation of Bauer which concluded in approximately April 2022. (*Id*.). Hill actively participated in MLB's investigation and met with and was interviewed by MLB and its then Vice President of Investigations & Deputy General Counsel. (Hill Decl., ¶ 2). While MLB was undertaking its investigation, Bauer's administrative leave was extended multiple times. (Kaplan Decl., Ex. 8; Docket No. 1 [Complaint, ¶ 156]).

On April 29, 2022, MLB publicly announced that it had suspended Bauer for 324 games (two full seasons) for violating the Domestic Violence Policy. (Kaplan Decl., Ex. 7-8). While not publicized by MLB, MLB's suspension apparently concerned Bauer's actions towards Hill and other victims.

Bauer appealed the suspension which resulted in an arbitration proceeding (the

1

"MLB Arbitration").  (Kaplan Decl., Ex. 8-9).  Again, Hill actively participated in the MLB Arbitration which, in part, concerned Bauer's battery and sexual battery of Hill.  (Hill Decl., ¶ 3).  Notably, Hill testified for 3-4 days during the MLB Arbitration, which included multiple days of cross-examination by Bauer's attorneys, who are also attorneys of record in this lawsuit.  (*Id*.).  Hill's father also testified in the MLB Arbitration.  (Hill Decl., ¶ 4).  At least one other victim, Madison Rasberg, also participated and testified in the MLB Arbitration.  (Hill Decl., ¶ 5).

In December 2022, MLB announced that the arbitrator in the MLB Arbitration affirmed that Bauer had violated the Domestic Violence Policy and upheld 194 games of the 324-game suspension.  (Kaplan Decl., Ex. 9).  According to MLB, the 194-game suspension was the longest handed down under the Domestic Violence Policy.  (*Id*).  Notably, MLB made a public statement about Bauer's suspension being upheld which stated in pertinent part as follows:

> "Today, the neutral arbitrator selected by MLB and the MLBPA affirmed that Trevor Bauer violated Major League Baseball's Joint Domestic Violence, Sexual Assault and Child Abuse Policy.
>
> "After an exhaustive review of the available evidence the neutral arbitrator upheld an unpaid suspension of 194 games. As part of the decision, the arbitrator reinstated Mr. Bauer effective immediately, with a loss of pay covering the 144 games he was suspended during the 2022 season. In addition, the arbitrator docked Bauer's salary for the first 50 games of the 2023 season (i.e., the period covering March 30, 2023 to May 23, 2023). While we believe a longer suspension was warranted, MLB will abide by the neutral arbitrator's decision, which upholds baseball's longest-ever active player suspension for sexual assault or domestic violence.

(Kaplan Decl., Ex. 9).

In an obvious attempt to preempt the imminent news of Bauer's suspension, on April 25, 2022, mere days before the suspension was publicly announced, Bauer filed this defamation lawsuit against Hill and her attorney, claiming that Hill defamed Bauer by allegedly telling the police that that Bauer sexually assaulted her.  (Docket No. 1

2

[Complaint, ¶ 151]).  Hill subsequently filed a Counterclaim against Bauer for battery and sexual battery.  (Docket No. 36).

Through discovery, Hill has propounded several Requests for Production that seek documents related to MLB's investigation of Bauer, MLB's discipline of Bauer for violating the Domestic Violence Policy, and Bauer's challenge of that suspension through the MLB Arbitration.  Bauer has refused to produce any responsive documents, claiming that the purported confidential nature of those proceedings somehow overrides Hill's entitlement to otherwise discoverable and relevant information.  Bauer is wrong.  That such information is purportedly confidential does not shield it from discovery.

Moreover, the requested documents are plainly relevant for three independent reasons.  First, MLB's investigation, imposition of discipline and the ensuing MLB Arbitration against Bauer based on his violation of the Domestic Violence Policy were all based, at least in part, on Bauer's battery of Hill and are therefore highly relevant to both Bauer's affirmative claims for defamation and tortious interference, and Hill's claims for battery and sexual battery.  In simple terms, those proceedings, at least in part, concerned precisely the same events and occurrences that are at issue in this lawsuit – Bauer's battery and sexual battery of Hill.

Second, information from MLB's investigation of Bauer and the MLB Arbitration concerning Bauer's battery of victims other than Hill is also directly relevant to Hill's substantial truth defense.  Bauer must demonstrate that Hill's statements were false, or at least <u>not</u> substantially true.  Likewise, as a defamation defendant, Hill is entitled to demonstrate that even if her statements were not literally true, they were at least substantially true as Bauer has battered other victims.  Accordingly, Hill is entitled to discover information concerning Bauer's battery of other victims, in particular evidence of Bauer's violence towards other victims that MLB and/or the arbitrator in the MLB Arbitration relied on to conclude that Bauer violated the Domestic Violence Policy.

3

1    Third, Bauer has also placed MLB's discipline of Bauer at issue by alleging that

2  Hill's allegedly defamatory statements to the police resulted in harm, namely that Hill's

3  statements resulted in MLB taking disciplinary action against Bauer. Accordingly,

4  MLB's discipline of Bauer, which apparently included accusations made by Hill along

5  with other victims, is highly relevant to Bauer's alleged damages, and whether Hill's

6  alleged defamatory statements to the police caused Bauer harm and resulted in

7  discipline by MLB.

8  **II.      BAUER'S INTRODUCTORY STATEMENT**

9    Hill's entire motion to compel rests upon a misrepresentation of Bauer's claims

10  and damages. Bauer has alleged claims for defamation per se and tortious interference

11  with contract against Hill. He alleges that Hill made a false and defamatory report to

12  the Pasadena Police Department accusing Bauer of sexual assault. As described in

13  prior filings, Bauer and Hill discussed rough sex on multiple occasions, and Hill—

14  following her first sexual encounter with Bauer—demanded to be choked, slapped

15  and to experience "all the pain." In prior public testimony, she has not disputed that

16  Bauer stopped whenever she told him to stop during their two sexual encounters.

17  Nonetheless, she filed a false police report accusing Bauer of assault during their

18  second sexual encounter.

19    Bauer further alleges that Hill's defamatory statements caused him presumed

20  reputational harm, as well as certain business harm, from June 2021 through mid-

21  August 2021. During that timeframe, Bauer, a professional MLB pitcher, was on paid

22  administrative leave from his position as a result of Hill's allegations.[1] Under the

23  collective bargaining agreement that governed Bauer's employment relationship,

24  administrative leave is not discipline. Brown Decl., Ex. A (DV Policy) at § II.B.

25    The thrust of Hill's motion is that she can discover private information about

26

27  _____

[1] *Trevor Bauer's administrative leave extended*, https://www.mlb.com/news/trevor-

28  bauer-administrative-leave-extended (July 8, 2021) (discussing Hill's allegations).

MLB's "discipline" because, according to Hill, the discipline is the basis of Bauer's damages. That is incorrect. As Bauer has made clear, he seeks *no* damages from Hill relating to MLB's discipline. Indeed, Bauer filed this action *before* MLB imposed any discipline and has never sought damages for such discipline. His damages are limited to June 2021 through mid-August 2021, well before the suspension and arbitration. Hill's argument that Bauer has placed MLB's discipline at issue is a non-starter.

On May 1, 2023, Bauer served Hill with amended initial disclosures that set forth with painstaking precision the harm he alleges Hill caused and the damages he seeks in this matter. Specifically, for his defamation per se claim, where reputational damages are presumed under the law, Bauer seeks only presumed nominal damages. *See* Kaplan Decl., Ex. 11 (Bauer's Amended Initial Disclosures). For his tortious interference claim and defamation per se claim, Bauer also seeks compensatory damages in the following categories, between June 2021 and mid-August 2021: amounts lost on sponsorship contracts with three companies and amounts lost from reduction in Bauer merchandise sales and YouTube revenue.

In the June through mid-August 2021 timeframe, there were no public allegations from any other women, MLB's discipline had not yet been imposed, and the arbitration had not yet occurred. Thus, Bauer's sponsorship and business losses that occurred between June and mid-August 2021 could have only been the result of *Hill's* defamatory statements. Needless to say, Bauer's damages theory—which does not include redress for any harm resulting from MLB's discipline, the arbitration, or the impact of Hill's words on his professional baseball career whatsoever—renders any information about MLB's discipline and the arbitration entirely irrelevant.

Nevertheless, a mere two days after Bauer served his amended initial disclosures, Hill delivered Bauer the instant motion to compel principally based on her misunderstanding that the information sought is relevant because Bauer seeks damages based on MLB's discipline. It is unclear why Hill has filed an entire motion to compel based on a misrepresentation of the damages Bauer seeks, as she admits in

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

her motion that Bauer does not seek these damages. Her admission is a concession that her discovery requests seek irrelevant materials and should be denied.

Furthermore, Hill's requests should be denied for several additional reasons. First, the collectively bargained Sexual Assault and Domestic Violence Policy ("DV Policy") between MLB and MLB Player's Association ("MLBPA") contains strict confidentiality provisions—provisions that the DV Policy characterizes as being "essential to the success of this Policy['s]" goals of taking an absolute stand against domestic violence, protecting players' rights, and protecting accusers. According to MLB's written objections to a subpoena served by Hill for these same documents, Hill signed a separate confidentiality agreement with MLB in relation to the very documents she now seeks. Courts have consistently held that when both parties have previously contracted for confidentiality, and thus have a reasonable expectation of confidentiality, courts will not dispose of confidentiality provisions in arbitration agreements when the information is sought in a subsequent civil lawsuit.

Second, the discipline and arbitration are irrelevant because they are distinct proceedings about Bauer's employment, under a materially different legal standard than this case, and involve third parties who are not part of this case. The discipline and arbitration were a labor dispute interpreting the collectively bargained DV Policy. The standard there was whether MLB had "just cause" for disciplining Bauer. This federal court proceeding involves common law claims of defamation, tortious interference, and battery evaluated under a preponderance of the evidence standard. Accordingly, the discipline and arbitration are irrelevant, and, even if they were marginally relevant, Bauer's strong privacy interests in his employment disciplinary history and the privacy interests of others outweigh Hill's need for the information.

Third, the Court should reject out of hand Hill's argument that MLB's discipline and arbitration are relevant to Hill's substantial truth defense. Hill contends that if Bauer allegedly battered another woman, then Hill's false statements to police that Bauer battered her are substantially true. But California law permits a defense of

6

substantial truth if the substance of the statement is true irrespective of *minor* inaccuracies. Hill cannot be shielded for falsely telling police that Bauer sexually assaulted her by showing some other woman allegedly accused him of sexual assault.

Ultimately, the Court need not look further than Bauer's amended initial disclosures to dispose of Hill's motion. Bauer has not placed MLB's discipline or the arbitration at issue, as he does not seek any damages based on harm Hill caused to his professional baseball career. That is the bottom line and it should end the analysis.

## III.   THE REQUESTS FOR PRODUCTION AT ISSUE

### A.   The Requests for Production Concerning Bauer's Allegations that Hill's Statements Resulted in Bauer Being Disciplined by MLB (Requests 68, 69 and 114).

**REQUEST FOR PRODUCTION NO. 68:**

Produce all DOCUMENTS that support YOUR contention that "In response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers" as alleged in paragraph 156 of YOUR COMPLAINT.[2]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory,

---

[2] The term "COMPLAINT" is defined as Bauer's Complaint in this lawsuit.

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all DOCUMENTS that support YOUR contention that "The period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to

8

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 114:**

Produce all DOCUMENTS related to Major League Baseball's suspension of YOU and/or placing YOU on administrative leave.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory,

9

contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**HILL'S POSITION:**

Hill seeks to compel Bauer to respond to three separate Requests (68, 69 and 114) which concern Bauer's allegations that Hill's allegedly defamatory statements to the police resulted in MLB discipline.  In response to all three Requests, Bauer has asserted boilerplate objections and has affirmatively refused to produce "documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential."

Generally, parties may obtain discovery "that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). On a motion to compel discovery, the moving party carries the "initial burden of demonstrating relevance." *United States v. McGraw-Hill Cos., Inc.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014).  Once relevance has been established, the burden then shifts to the non-moving party to show that discovery should be disallowed and to support its objections with evidence. *See id.*  The scope of discovery under the Federal Rules is "extremely

10

broad." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information "has no conceivable bearing on the case." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

As will be discussed below, these Requests seek information that is highly relevant to the claims and defenses in this lawsuit for three independent reasons.[3]  Even if Bauer has any privacy rights in connection with the requested documents, such privacy rights are outweighed by Hill's need for such information through discovery. *See Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 657 (1975).

## 1. <u>Any purported confidentiality concerning the MLB investigation and Arbitration is not a valid basis for refusing to produce discoverable information.</u>

As an initial matter, Bauer vaguely contends that documents from the MLB Investigation (and MLB Arbitration) are somehow shielded from discovery due to the purported confidential nature of those proceedings.  That information is confidential does not shield it from discovery.  *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004) ("To the extent that Plaintiff is objecting to providing these materials on the basis of confidentiality, the Court overrules the objection. As noted above, a general concern for protecting confidentiality does not equate to privilege. Thus information and documents are not shielded from discovery merely because they are confidential."); *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 665

---

[3] Bauer has also asserted a number of boilerplate objections that do not apply and/or are not valid objections.  Bauer objects on the ground that the requested documents are in Hill's custody, control or are equally available to Hill.  This is neither true nor a valid objection.  Bauer also objects on the ground that the Requests are overly broad, not proportional to this case or are unduly burdensome.  These objections are boilerplate in nature and do not apply. Bauer also asserts attorney-client privilege and work product objections.  Hill does not seek to compel Bauer to produce his communications with his counsel, unless there were other parties to those communications and the privilege was waived.

11

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

(7th Cir. 2009); *Goro v. Flowers Foods, Inc.*, No. 17-CV-02580-JLS-JLB, 2018 WL 9515178, at \*5 (S.D. Cal. Dec. 11, 2018).

Likewise, that there may be some agreement or policy to maintain information as confidential is not a valid basis to withhold otherwise discoverable documents or information. *See Gotham Holdings,* 580 F.3d at 665 ("Second, even if the agreement had purported to block disclosure, such a provision would be ineffectual. Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off."); *Zucchella v. Olympusat, Inc.*, No. CV197335DSFPLAX, 2020 WL 8483772, at \*3, 9, 18 (C.D. Cal. Nov. 2, 2020) (compelling defendant to answer questions at his deposition about "me too" accusations of sexual harassment despite the fact that he had entered into confidentiality agreements with the women he harassed). This principle applies equally to any agreement to maintain the confidentiality of an arbitration proceeding. *See Gotham Holdings,* 580 F.3d at 665 (affirming order compelling the production of documents from an arbitration proceeding despite an agreement that such information would be maintained as confidential).

Accordingly, Bauer's objections based on the purported confidentiality of MLB's investigation, MLB's discipline of Bauer and the MLB Arbitration are without merit.

### 2. <u>MLB's discipline of Bauer is relevant as it concerned the same conduct and occurrences at issue in this lawsuit.</u>

MLB's imposition of discipline against Bauer for violating the Domestic Violence Policy was based, at least in part, on Bauer's battery of Hill and is therefore highly relevant to both Bauer's affirmative claims for defamation and tortious interference, and Hill's claims for battery and sexual battery. Hill's Requests seek documents related to MLB's discipline of Bauer that would be highly probative of whether Bauer battered Hill, and in turn, whether Hill's allegedly defamatory statements to the police were true.

12

Presumably, there was some factual and evidentiary basis for MLB's decision to discipline Bauer.  Indeed, in a public statement, MLB notes that there was "an exhaustive review of the available evidence" which was at least reviewed at the MLB Arbitration.  (Kaplan Decl., Ex. 9).  At some point, likely on multiple occasions, MLB must have communicated with and provided Bauer or his representatives with documentation reflecting MLB's findings concerning Hill's allegations, whether Bauer battered Hill, why MLB was suspending Bauer for 324 games for violating its Domestic Violence Policy, and what facts and evidence, including documentary evidence, MLB relied on in reaching those conclusions.  Conversely, Bauer or his representatives presumably communicated with MLB about Hill and Hill's accusations, and took positions as to what did or did not happen.  Those documents would be directly relevant to the claims and defenses in this lawsuit.

### 3.   The documents are relevant to Hill's substantial truth defense.

As discussed above, MLB's discipline of Bauer for violation of the Domestic Violence policy was apparently not limited to Bauer's battery of Hill.  Such discipline was also the result of Bauer's battery of other women.  Documents reflecting MLB's discipline Bauer based on his battery of other women is directly relevant to Hill's substantial truth defense.[4]

A statement is not defamatory if it is "substantially true".  *Bauer v. Hill*, No. 822CV00868JVSADSX, 2022 WL 18397513, at *7 (C.D. Cal. Nov. 23, 2022); *Bauer v. Athletic Media Co.*, No. CV222062MWFAGRX, 2022 WL 18586268, at *10011 (C.D. Cal. Dec. 5, 2022); *McGarry v. University of San Diego*, 154 Cal. App. 4th 97, 112 (2007). "Under California law, [a d]efendant can defeat a libel action by proving that the allegedly libelous publication, although not literally true in every detail, is

---

[4] While Hill's Answer asserts the affirmative defense of substantial truth, as a public figure, Bauer bears the burden of establishing falsity.  *See Issa v. Applegate*, 31 Cal. App. 5th 689, 703 (2019); *Bauer v. Hill*, No. 822CV00868JVSADSX, 2022 WL 18397513, at *7 (C.D. Cal. Nov. 23, 2022).

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO
COMPEL

substantially true in its implication, that the gist of the article, when read as a whole, is true." *Wynberg v. Nat'l Enquirer, Inc.*, 564 F. Supp. 924, 927 (C.D. Cal. 1982).

Under the substantial truth doctrine, a statement is not considered false unless it would have a "different effect" on the listener or reader than the literal truth. *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 517 (1991); *Bauer v. Athletic Media Co.*, No. CV222062MWFAGRX, 2022 WL 18586268, at *10 (C.D. Cal. Dec. 5, 2022); *Hayward v. Watsonville Reg.-Pajaronian & Sun*, 265 Cal. App. 2d 255, 262 (1968).

Here, Bauer claims that Hill defamed him by falsely telling the police that Bauer sexually assaulted her. (Docket No. 1 [Complaint, ¶ 151]). Through discovery, Bauer has identified six statements that Hill allegedly made to the police about Bauer hitting her hard, hitting her in the face/head, and hitting her in the crotch/vagina that he claims are defamatory. Specifically, in Bauer's interrogatory responses, Bauer identified the following alleged statements that Hill made to the police:

• "Like I was just like coming out of being unconscious, and then that's when I really started feeling like he was like hitting me really hard."

• "Like hitting me and then, um, I felt like one really hard hit to like my eye, like both eyes, but to point where I tried to open my eyes, and I just saw black. And then that's when I knew. I was like, this is like bad news.

• Like my alarm system was going off. And then like I felt closed, um, fist to my jaw, which is like still really messed up."

• "I kind of like snapped back into my body because the pain was like so gnarly. But like he flipped me over, and he was just like punching me on the top of the like crotch right there. Um, and it's like really bruised, and like they did all the pictures of that."

• "I would never tie anything to getting the actual shit beat out of me."

• "Like I never ever insinuated like to get my head hit so hard, or punching like my vagina."

• "Which is because like the first time it was one of like the gnarliest

14

experiences I've ever had, and like I would've never dreamed."

(Kaplan Decl., Ex. 10).

Even if any of these statements were literally false (which they were not), and Bauer did not forcibly hit Hill, Hill is entitled to prove that the gist of what she allegedly said was true because Bauer battered other victims. If Bauer battered victims other than Hill, Hill's allegedly false statements (that she was forcibly battered or hit by Bauer) would be at least substantially true as her statements would not have produced a different effect on the listener than statements that Bauer battered other women. Stated differently, from a defamation standpoint, there is no material difference between a statement that Bauer battered person A and the statement that Bauer battered person B. Both would have the same effect on the listener. Accordingly, documents evidencing that Bauer battered other women are relevant to the issue of substantial truth.

## 4. <u>The requested documents are directly relevant to causation and harm</u>.

By asserting claims for defamation and tortious interference, Bauer has placed the issue of causation directly at issue. *See Roe v. Puig*, No. CV2011064FMOMRWX, 2021 WL 4340518, at *5–6 (C.D. Cal. July 14, 2021). MLB's disciplinary proceedings are directly relevant to Bauer's claim that Hill's accusations to the police that Bauer battered her resulted in some harm. *See Puig*, 2021 WL 4340518, at *5–6. *Puig* is instructive. In *Puig*, the plaintiff asserted claims for sexual assault and false imprisonment against the defendant, an MLB player. The player filed counterclaims against the plaintiff for defamation, the gist of which was that the plaintiff's accusations of sexual misconduct resulted in the defendant not been hired by a professional baseball team. *See id.* The plaintiff moved to compel documents from the defendant concerning MLB disciplinary materials. *See id*. *Puig* granted the plaintiff's motion to compel such disciplinary materials, finding that they were relevant to the issue of causation:

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

1  Plaintiff is entitled to conduct discovery to determine whether another
2  reason – Puig's disciplinary history and status within the sport – could
3  be the proximate cause of, or have contributed to, his current
   unemployment. If so, this could considerably undermine his claim or
4  mitigate Plaintiff's potential liability in the action. That's enough to
5  establish that these materials could plausibly be relevant to Defendant's
   defamation claim and Plaintiffs defenses.

6

7  *Puig*, 2021 WL 4340518, at *6.

8      Here, the rationale in *Puig* is even more applicable based on Bauer's allegations

9  that Hill's statements resulted in MLB discipline.   Specifically, Bauer alleges that

10 Hill's allegedly defamatory statements directly impacted his career as a professional

11 baseball player:

12     In response to Ms. Hill's false allegations of sexual assault, Major
       League Baseball placed Mr. Bauer on administrative leave, which
13     prevented him from performing his job as a pitcher for the Los Angeles
14     Dodgers. The period of Mr. Bauer's administrative leave was extended
       due to the pending criminal investigation of Mr. Bauer initiated by Ms.
15     Hill's false statements to the Pasadena Police Department.

16

17 (Complaint, ¶ 156).

18     Based on these allegations, Bauer has placed MLB's discipline directly at issue.

19 Hill is entitled to discover the extent to which her statements to the police impacted

20 MLB.  Likewise, Hill is also entitled to discover whether statements she made about

21 Bauer, that are not the basis for Bauer's defamation claim, caused MLB to take action.

22 Hill is also entitled to discover whether Bauer's battery of other women caused MLB

23 to take any action, and whether evidence of Bauer's battery of other victims contributed

24 to any actions or decisions made by MLB.

25     On May 1, 2023, mere days before Hill provided this Joint Stipulation to Bauer,

26 Bauer attempted to walk-back his allegations that he was seeking to recover damages

27 for certain reputational harm.  In particular, Bauer amended his Initial Disclosures to

28 state that he was only seeking "presumed" damages and actual damages for some other

16

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

specific financial losses that Bauer allegedly suffered as a result of Hill's statements. (Kaplan Decl., Ex. 11).  That Bauer has now limited his recovery to presumed damages and specific economic harm, does not mean that causation is no longer at issue and Hill is precluded from proving that Hill did not cause such assumed harm.  The jury still must determine a "reasonable" amount of compensation for any assumed harm that "necessarily result[ed]" from the allegedly defamatory publications.  *See Sommer v. Gabor*, 40 Cal. App. 4th 1455, 1472 (1995); CACI 1700.  Accordingly, Hill still is entitled to present evidence concerning causation.

**BAUER'S POSITION:**

Hill states that she "seeks to compel Bauer to respond to three separate Requests (68, 69 and 114) which concern Bauer's allegations that Hill's allegedly defamatory statements to the police resulted in MLB discipline."[5] Fatal to Hill's motion, Bauer does not seek any damages related to MLB's discipline. He solely seeks damages related to his business losses from the two-and-a-half-month period after Hill made her false allegations and *before* any discipline was even imposed or any allegations from other women were made public. Although Bauer was on paid administrative leave during that two-and-a-half month period, that administrative leave was not discipline. *See* Brown Decl., Ex. A (DV Policy) at § II.B. Thus, Hill's entire position rests on a mischaracterization of Bauer's claimed damages and the documents she seeks are wholly irrelevant.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[5] Hill's arguments regarding these requests apply to more than just these three requests. For instance, she asserts that information about the arbitration and other women is relevant, even though none of that information is encompassed within these three requests about how "Hill's allegedly defamatory statements to the police resulted in MLB discipline" (although later requests seek such information).  For ease of reference, Bauer will respond to Hill's arguments even if those arguments apply to other requests.

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

defense." Although "relevance for discovery purposes is defined very broadly, it is not without boundaries" and "[d]istrict courts need not condone the use of discovery to engage in fishing expeditions." *Insight Psychology & Addiction, Inc. v. City of Costa Mesa*, 2021 WL 6102425, at *1 (C.D. Cal. Oct. 29, 2021). "[T]he requesting party bears the initial burden of demonstrating the discovery is relevant." *Nguyen v. City of Garden Grove*, 2023 WL 2558536, at *2 (C.D. Cal. Feb. 2, 2023) (Spaeth, J.). "Once relevance has been shown, the party resisting discovery bears the burden to show discovery should be disallowed and to support any objections." *Id.*

As Hill acknowledges, her requests also implicate Bauer's and third parties' significant privacy interests. Article I, section 1 of the California Constitution recognizes the right to privacy, which includes sexual relations and an individual's employment history. *John B. v. Superior Court*, 38 Cal.4th 1177, 1198 (2006); *Grobee v. Corr. Corp. of Am.*, 2014 WL 229266, at *2 (S.D. Cal. Jan. 17, 2014). Those privacy rights extend to discovery in federal court. *See* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.").

Under California law, "[w]here the case involves an obvious invasion of an interest fundamental to personal autonomy, ... a 'compelling interest' must be present to overcome the vital privacy interest. If, in contrast, the privacy interest is less central, or in bona fide dispute, general balancing tests are employed." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 34 (1994). Sexual matters involve a fundamental interest. *Boler v. Superior Court*, 201 Cal.App.3d 467 (Ct. App. 1987) ("The constitutional right of sexual privacy, both within and without the marital relationship, is a fundamental liberty arising from both the United States and the California Constitutions.").

Under the balancing test, "[t]he party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that is serious." *Williams v.*

18

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

*Superior Ct.*, 3 Cal. 5th 531, 552 (2017). "The party seeking information may raise in response whatever legitimate and important countervailing interests disclosure serves, while the party seeking protection may identify feasible alternatives that serve the same interests or protective measures that would diminish the loss of privacy." *Id.* The Court then balances those considerations. *Id.*

1. **The documents sought are not relevant to causation and harm.**

Hill contends that by asserting claims for defamation per se and tortious interference, Bauer has placed the MLB investigation and arbitration directly at issue. As stated above, Hill's argument is based entirely on a mischaracterization of Bauer's claims and damages. Contrary to Hill's retelling of Bauer's allegations, Bauer does not allege that Hill's false and defamatory statements resulted in harm to him in the form of MLB's investigation, suspension, and arbitration. He does not allege that Hill harmed his contract with the Dodgers or his career as a professional baseball player at all. *See* Kaplan Decl., Ex. 11 (Bauer's Amended Initial Disclosures). Hill is not free to rewrite Bauer's claims.

Bauer asserts two claims in this lawsuit—one for defamation per se and another for tortious interference. Both claims are based on Hill's false statements to the police that Bauer sexually assaulted her. For his defamation per se claim, he only seeks presumed reputational damages in a nominal amount. *See id*. For avoidance of doubt, Bauer will not seek to prove damages to his reputation and will ask the Court to instruct the jury to award nominal damages if it finds Hill's statements were defamatory per se. *See id*. For his tortious interference claim and defamation per se claim, Bauer also seeks compensatory damages resulting from three sponsorship contracts that he lost between June 2021 and mid-August 2021, as well as from a reduction in sales of his branded merchandise and YouTube revenue from that same timeframe. *See id*. During the June through mid-August 2021 timeframe, the only information known to the public was Hill's allegations. There were no public allegations from any other woman until mid-August 2021. And to state the obvious,

19

the discipline and the arbitration had not yet occurred. Thus, the only possible cause for Bauer's sponsorship and business losses from that narrow timeframe could have been Hill's defamatory words.

Hill likens this case to *Roe v. Puig*, 2021 WL 4340518 (C.D. Cal. July 14, 2021), but her analysis is based on her misreading of Bauer's claims and damages. In *Puig*, MLB player Yasiel Puig filed a counterclaim against the plaintiff alleging that her false allegations of sexual misconduct resulted in him being "unable to acquire a contract with a Major League Baseball team." *Id*. at *1. There, the court held that the plaintiff was entitled to discovery on sports and work-related discipline because Puig had directly put at issue whether the plaintiff's false statements were the cause of him not being signed by any team or whether there were other causes.[6] *Id*. at *6. Here, Bauer does not allege that Hill's defamatory statements resulted in MLB discipline or otherwise impacted his career as a professional baseball player, and he does not seek any damages for those harms. Bauer only seeks damages from sponsorship contracts and business opportunities he lost for the approximately two-and-a-half-month period where Hill's false allegations were the only accusations known to the public and no MLB discipline had yet been imposed. At that point, MLB would not publicly announce its disciplinary decision—that it was suspending Bauer for two seasons—for almost another year.

In a throwaway paragraph at the tail-end of her motion, Hill concedes that she understands the narrow damages Bauer seeks. She bemoans that Bauer served amended initial disclosures "attempt[ing] to walk-back his allegations" days before she provided this joint stipulation to him. Obviously, there was no gamesmanship on Bauer's part—he had no knowledge of Hill's forthcoming motion to compel when he

---

[6] However, the *Puig* court rejected the plaintiff's attempts to seek discovery on circumstances where other women accused Puig of sexual assault. *Roe v. Puig*, 2021 WL 4340518, at *1.

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

served his amended disclosures on May 1, 2023.[7] And in any event, Bauer is free to shape his own theory of his case and to determine what damages he seeks, even if his theory renders irrelevant documents that Hill desires.

After Hill's concession that Bauer does not seek damages based on MLB's discipline, her last-ditch argument is that even though Bauer only seeks presumed reputational damages in a nominal amount for his defamation per se claim, she is still entitled to present evidence concerning causation and damages on that. Not so. For a defamation per se claim, a plaintiff is not required to show causation or damages; they are presumed. *Contento v. Mitchell*, 28 Cal. App. 3d 356, 358 (Ct. App. 1972) ("in an action for damages based on language defamatory Per se, damage to plaintiff's reputation is conclusively presumed and he need not introduce any evidence of actual damages in order to obtain or sustain an award of damages"); *Barnes-Hind, Inc. v. Superior Ct.*, 181 Cal. App. 3d 377, 382 (Ct. App. 1986) (same); *In re Sangha*, 597 B.R. 902, 913–14 (Bankr. C.D. Cal. 2019) ("Damage to one's reputation is also ***presumed*** from a false charge of a crime."). Therefore, "one guilty of a libel per se is liable to the person libeled for at least nominal damages." *Di Giorgio Fruit Corp. v. Am. Fed'n of Lab. & Cong. of Indus. Organizations*, 215 Cal. App. 2d 560, 577 (Ct. App. 1963). Here, Bauer will not introduce any evidence of reputational damages because they are conclusively presumed, and if Hill is found liable, he will seek an award of nominal damages. Hill argues that, even so, the jury must still determine a reasonable amount of compensation for the presumed reputational harm, which entitles her to discovery on reputational harm. But her argument only makes sense if she is planning to argue to the jury that, if she is found liable, Bauer's

---

[7] Indeed, from the parties' meet and confers, Bauer did not understand this dispute to be ripe and was surprised to receive Hill's motion, particularly considering it implicates interests of third parties (MLB and MLBPA) who were subpoenaed by Hill for the same information and who have refused to produce documents on largely the same basis as Bauer's refusal to produce, but have not yet had an opportunity to confer with the parties.

21

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

reputational damages should be more than nominal. Surely, that is not Hill's position.

## 2. Bauer and Hill are both bound by confidentiality agreements that prohibit them from disclosing information about MLB's discipline and the arbitration.

The materials concerning MLB's discipline and arbitration are not discoverable for a second, independent reason: they are private and confidential pursuant to contract and thus may not be disclosed. As one circuit court aptly stated: an "attack on the confidentiality provision [of an arbitration agreement] is, in part, an attack on the character of arbitration itself." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008). As a result, federal courts routinely protect the contents of confidential arbitrations from disclosure. *See, e.g., Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc.,* 2005 WL 1522783, at *3-4 (E.D.N.Y., June 28, 2005) (denying plaintiff's motion to compel production of confidential arbitration award between defendant and third-party on grounds that it "promotes federal policy and encourages ADR"); *ITT Educ. Servs., Inc. v. Arce,* 533 F.3d 342, 347-48 (5th Cir. 2008) (affirming preliminary injunction enjoining attorney from introducing evidence from prior arbitration in subsequent proceeding between new parties in violation of arbitration confidentiality clause).

The contract at issue is the DV Policy, which is an attachment to the Collective Bargaining Agreement ("CBA") between MLB and MLBPA. *See* Brown Decl. Ex. A. The DV Policy sets forth the rules and procedures governing MLB's disciplinary process for handling sexual assault and domestic violence allegations against players. While the CBA as a whole contains some confidentiality protections for certain information, such as player financial and health information, the DV Policy is the portion of the CBA with separate and truly robust confidentiality provisions. The DV Policy is designed to "take[] an absolute stand against domestic violence [and] sexual assault," to "protect[] the legal and procedural rights of Players," and to "provide[] assistance to victims and families." *Id.* at 1. To achieve these important goals, the DV

22

Policy states that "confidentiality of Player information is **essential to the success of this policy**." *Id*. at 11 (emphasis added). The DV Policy goes on to explain that "all information obtained by the Commissioner's Office through its investigation of an alleged Covered Act is confidential" and that the "Commissioner's Office, the Players Association, the Clubs, the Joint Policy Board and any third parties who are consulted under this Policy are prohibited from disclosing confidential information . . . ." *Id*. Indeed, MLB and MLBPA recognized when negotiating and drafting the DV Policy that the Policy could only be an effective and successful tool for addressing sexual assault allegations, protecting the rights of players, and safeguarding alleged victims if absolute confidentiality was maintained.

In accordance with the DV Policy's strict confidentiality protections, MLB, MLBPA, and the Dodgers have all resoundingly objected to producing any documents to Hill in this lawsuit. *See* Brown Decl., Exs. B, C, and D (objections to Hill's subpoenas from MLB, MLBPA, and the Dodgers).[8] Of particular importance are MLB's objections. MLB's objections are primarily based on the fact that "MLB is restricted from disclosing by law, contract, confidentiality agreement or order; including, without limitation, the confidentiality provisions of the collectively-bargained Basic Agreement between the 30 Major League Clubs and the Major League Baseball Players Association (the 'Basic Agreement'), the Joint Domestic Violence, Sexual Assault and Child Abuse Policy attached to the Basic Agreement, and the Confidential Agreement between Defendant [Hill] and MLB." *See* Brown Decl., Ex. B at 2, 4, 5, 6, 7-8, 9, 10.

While MLB, along with the MLBPA, the Dodgers, and Bauer cite the DV Policy's confidentiality provisions as a basis to object to Hill's discovery of investigation and arbitration materials, MLB also objects on the independent basis

---

[8] Bauer also served his own written objections to the subpoenas Hill served on MLB, MLBPA, and the Dodgers for the same information she seeks here. *See* Brown Decl., Exs. E, F, and G.

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

that it executed a separate contract with Hill, which MLB refers to as a "Confidential
Agreement between Defendant and MLB," that also prohibits disclosure of this
information.  It is disappointing, to say the least, that Hill failed to disclose to the
Court that she signed, let alone agreed to, a separate confidentiality agreement with
MLB prohibiting her and MLB from disclosing the very information she now seeks.
This alone eviscerates Hill's argument that the Court should disregard the
confidentiality protections associated with MLB's discipline and the arbitration.
Where the party seeking the documents also contracted for confidentiality, courts are
even more reluctant to dispose of confidentiality provisions. *See Lawrence E. Jaffe
Pension Plan v. Household Int'l, Inc.*, 2004 WL 1821968, at \*2 (D. Colo. Aug. 13,
2004) ("a court should not cavalierly disregard the expectations of the parties to an
arbitration as memorialized in their confidentiality agreement"); *Petrobras Am., Inc.
v. Samsung Heavy Indus. Co.*, 2019 WL 3759840, at \*2 (S.D. Tex. Aug. 9, 2019)
(where both parties contracted for arbitration confidentiality, one party could not use
confidential arbitration materials in a subsequent civil lawsuit).

Overall, these facts are outcome-determinative in favor of Bauer. In every case
Hill cites for her argument that contracted-for confidentiality is not a basis to withhold
documents in a civil lawsuit, two factors were met: 1) the party withholding the
documents was the one who put the confidential information at issue in the first place;
and 2) the party seeking the discovery was not bound by the confidentiality
protections he or she sought to bypass. *See, e.g., DIRECTV, Inc. v. Puccinelli*, 224
F.R.D. 677, 685 (D. Kan. 2004) (where plaintiff put information about confidential
settlement agreements at issue and defendant was not a party to those agreements,
court held that plaintiff "may not shield otherwise discoverable information from
disclosure *to others* merely by agreeing to maintain its confidentiality") (emphasis
added). Similarly, in *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664 (7th
Cir. 2009), the defendant relied on a previous arbitration award to support its view of
the merits in a subsequent lawsuit but refused to disclose documents related to the

24

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO
COMPEL

arbitration because of confidentiality. The court ordered disclosure of the documents related to the arbitration, finding that: "Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off." *Gotham Holdings,* 580 F.3d at 665. In *DIRECTV* and *Gotham*, it made sense for the courts to order disclosure because it is unfair to allow a defamation plaintiff to contract for confidentiality and then use that as a shield to withhold discovery that directly bears on his claims or alleged damages, where the party seeking the discovery never agreed to uphold confidentiality in the first place. Here, neither of these two factors is present. First, Bauer has not put the MLB investigation and arbitration at issue. His claims and alleged damages are entirely unrelated to those events. *See* supra pp. 19-22.  Second, according to MLB's own objections, Hill herself voluntarily agreed to and is bound by the strong confidentiality protections, both through the DV Policy itself as well as through her own separate agreement with MLB, that she now seeks to dismantle. *Petrobras Am., Inc.*, 2019 WL 3759840, at *3 ("*Gotham* stands for the proposition that parties can contract to forgo using certain documents—even in private lawsuits that they file").

Finally, this Court must also consider the important public policy objectives of encouraging ADR, arbitration, and in a related context, settlement agreements. Indeed, federal courts treat "confidentiality [as] a paradigmatic aspect of arbitration." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008). Courts have accordingly placed significant weight on the interests of confidentiality versus the need for information. *See, e.g.*, *Moser v. Health Ins. Innovations, Inc.*, 2019 WL 2996950, at *3 (S.D. Cal. July 8, 2019) (balancing privacy interests and requiring disclosure of certain information in settlement agreement subject to confidentiality agreement but issuing protective order to safeguard certain confidential information); *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt.*, 2005 WL 1522783 (E.D.N.Y. June 28, 2005) (finding need for specific monetary award from arbitration not compelling to overcome privacy interests). If the Court forces Bauer to disclose

confidential information about MLB's discipline, both Bauer's and Hill's bargained-for expectation of confidentiality in the disciplinary process and arbitration would be wholly illusory.

### 3. **MLB's discipline and the arbitration are not relevant to the claims and defenses in this action and do not warrant invading Bauer's privacy interests.**

Hill also misses the mark in contending that the documents and materials related to Bauer's suspension and the arbitration challenging the suspension are relevant to Bauer's interactions with Hill. According to Hill, relevance exists based on the purported similarity between (1) a suspension by a private employer, followed by a confidential labor arbitration, in which Hill was not a party, interpreting a collective bargaining agreement and (2) this federal court proceeding involving California common law claims of defamation, tortious interference and battery. The actions by Bauer's employer, however, are not relevant to the issues in this case and cannot overcome Bauer's privacy interests in his confidential employment history.

As to relevance, both Bauer's suspension by MLB and subsequent arbitration hearing involved distinct issues from this proceeding. The suspension and arbitration concerned a labor dispute between Bauer and his employer, which required interpreting provisions of MLB's DV Policy. That Policy is not at issue here. The Court need not read the Policy, interpret the Policy, or determine a violation of the Policy. Whether certain acts were violations (or not) of that Policy has no bearing on whether Hill (or Bauer) violated California law. Moreover, the standard for the suspension and arbitration was whether the Commissioner of Major League Baseball had "just cause" for disciplining Bauer—a completely different standard than what the factfinder applies here. *See* Brown Decl., Ex. A (DV Policy) at § III.A.

Unlike the DVRO proceeding between Hill and Bauer—which applied California law under a preponderance of the evidence standard to the exact question at issue here—Bauer's suspension by his private employer and follow-on arbitration

26

proceeding are irrelevant. Indeed, Hill has now characterized the DVRO as a separate proceeding "immaterial to what is at issue in this lawsuit." Dkt. No. 93 at 14-15. If the DVRO is immaterial under Hill's view, then a suspension by Bauer's employer and confidential labor arbitration interpreting a collective bargaining agreement are even further afield.

The type of information Hill seeks confirms the irrelevance of both the suspension and arbitration. For example, she requests discovery to obtain "MLB's findings concerning [her] allegations, whether Bauer battered Hill, why MLB was suspending Bauer for 324 games for violating its Domestic Violence Policy, and what facts and evidence, including documentary evidence, MLB relied on in reaching those conclusions." But the reasons Bauer's employer took disciplinary action against him have no relevance to the claims at issue in this case. The basis for Bauer's suspension from his job is not an element of any claim or defense here, in particular where Bauer is not claiming damages related to that suspension. *See supra.* Indeed, Bauer filed this lawsuit before the suspension was imposed or announced and before the arbitration occurred or was initiated. Accordingly, Hill's attempts to determine why Bauer was suspended from his work, or an arbitrator reduced his suspension under the terms of the collective bargaining agreement, are irrelevant.

In addition, Hill cannot overcome the strong privacy interests held by Bauer in the materials concerning the suspension and arbitration—all of which are confidential. Hill has not made any substantive argument disputing either that (1) Bauer has substantial privacy interests in the highly sensitive and confidential arbitration materials and (2) that her subpoena would be a serious invasion of those privacy interests.

California law is clear that Bauer has a privacy interest in his employment records, including disciplinary history, and in matters involving his sexual relations. Indeed, in response to a subpoena for Hill's employment records relating in part to Hill being fired from her employment with the San Diego Padres based on

27

inappropriate sexual conduct with another MLB player (a subpoena which Bauer no longer seeks), Hill claimed that "[o]ften, there must be a compelling and opposing interest justifying the discovery" into employment records. Dkt. No. 93 at 28 (citing *Davis v. Super. Ct.*, 7 Cal. App. 4th 1008, 1014 (Ct. App. 1992)). She further argued that "[a] litigant's employment records such as employer investigations or disciplinary records are typically both private and irrelevant." Dkt. No. 93 at 28. The same is true here, where the arbitration and basis for discipline were confidential, and those matters involve a fundamental privacy interest—sexual relations. Hill's discovery request would be a serious intrusion into confidential matters concerning Bauer's private employment history and sexual relations—including those with third parties not part of this case.

Hill has not come close to showing the necessary need for the documents to overcome the vital privacy interests held by Bauer. *See James v. US Bancorp*, 2021 WL 1890787, at *3 (C.D. Cal. May 11, 2021) ("Discovery of personnel files should be limited to material that is 'clearly relevant' and not otherwise readily obtainable."). She asserts, in one conclusory sentence, that "[e]ven if Bauer has any privacy rights in connection with the requested documents, such privacy rights are outweighed by Hill's need for such information through discovery." That bare assertion is insufficient. Accordingly, her motion should be rejected.

## 4. **The documents sought are not relevant to Hill's substantial truth defense and do not warrant invading Bauer's privacy interest in sexual matters.**

Hill next argues relevance based on a wholesale misunderstanding of defamation law. According to Hill, "[e]ven if any of [her] statements [to the police] were literally false," Hill is nonetheless "entitled to prove that the gist of what she allegedly said was true because Bauer [allegedly] battered other victims." There is no support for this rewrite of defamation law. Hill seeks to use this novel understanding to dig into Bauer's private employment and sexual history in an effort to belatedly justify her false statement.

28

Black letter defamation law instructs that "[i]f the defamatory statement is a specific allegation of the commission of a particular crime, the statement is true if the plaintiff did commit that crime." *Hughes v. Hughes*, 122 Cal. App. 4th 931, 937–38 (Ct. App. 2004) (quoting Restatement Second of Torts, § 581A, cmt. c); *see also* Restatement § 581A, cmt. c ("It is . . . the truth or falsity of the particular charge that is to be determined."). Therefore, "[a] specific charge of one crime is not justified by proof of the commission of another crime of the same kind." Restatement (Second) of Torts § 581A,  cmt. f. (1977); *Substantial truth test: specific defamatory charges*, Smolla, 1 Law of Defamation § 5:20 (2d ed.) ("A statement that John committed adultery with Mary is not justified as substantially true by proof that John committed adultery with Sue.").

Consistent with those basic principles, "California law permits the defense of substantial truth" where "the substance of the charge be proved true, irrespective of *slight inaccuracy* in the details." *Dickinson v. Cosby*, 17 Cal.App.5th 655, 691 (Ct. App. 2017) (citation omitted) (emphasis added); *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991) ("*Minor inaccuracies* do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified." (citation omitted) (emphasis added)). Courts also look at whether the defamatory statements "would have a different effect on the mind of the reader [or listener] from that which the pleaded truth would have produced." *Masson*, 501 U.S. at 517.  The "effect on the mind of the reader is a way to evaluate if inaccuracies between a statement and reality are minor enough that the gist, sting, or substance of the statement is still true." *Appel v. Wolf*, 2021 WL 5234424, at *11 (S.D. Cal. Nov. 9, 2021).

Bauer has identified six false statements made by Hill to law enforcement officers with the Pasadena Police Department. In those statements, Hill relayed alleged acts of assault by Bauer against her. Hill was not reporting anything about Bauer's sexual encounters with third parties or his general character. The "pleaded truth" is that Bauer did not sexually assault Hill or engage in any of the acts described

by Hill in her six statements. Her statements—that a sexual assault occurred—are false because they have a "different effect on the mind" of the Pasadena Police than the pleaded truth—that no assault occurred. *See Alszeh v. Home Box Off.*, 67 Cal. App. 4th 1456, 1461 (Ct. App. 1998) ("The 'average reader' is a reasonable member of the audience to which the material was originally addressed.").

Hill's assertion that Bauer allegedly assaulted other women at some other place at some unidentified time has no bearing on the "substantial truth" of her own report about her sexual encounter with Bauer. *See Appel*, 2021 WL 5234424, at *11 ("Wolf could not prove the truth of one crime with proof of a different one." (citing Restatement Second of Torts, § 581A)). Her claim of unidentified alleged assaults concerning other women at unknown times and places is not a "minor inaccuracy" regarding her six specific statements to the police about her own encounter. *See Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 2019 WL 281370, at *11 (N.D. Cal. Jan. 22, 2019) ("Courts which have rejected claims for defamation on this basis [of substantial truth] have done so where the statements were inaccurate in only a minor way.").

This new defense—in essence, that she apparently mistakenly reported her own alleged sexual assault instead of some other person's alleged assault—is not "the sort of inaccuracy that is commonplace in the forum of robust debate." *Masson*, 501 U.S. at 519. Instead, the 'gist' of Hill's report to the police was that she had been assaulted—not that Bauer was a 'batterer' or had assaulted some other woman. And certainly the 'effect' on the Pasadena Police officers would have been 'different' if Hill reported some unknown woman's alleged assault at an unknown time in an unknown jurisdiction. But, unlike a newspaper that might report the wrong name, Hill did not make a mistake when she reported herself as a victim of a crime. She does not claim that she actually intended to report a different crime against a different person. Indeed, Hill had no personal knowledge of any findings—or even allegations—of assault against Bauer when she made her report. Hill's sole purpose was to file a false

30

report against Bauer based on their sexual encounter—not anyone else's.

Hill cannot turn her false statement into truth by pointing to some alleged misconduct between Bauer and a third party. Accordingly, any materials or documents concerning any other women are irrelevant and not subject to discovery.

Moreover, even if somehow such materials or documents had some minimal relevance to substantial truth, Hill has not shown a compelling need for the information about other women. The information Hill seeks involves Bauer's sexual relations with third parties, which implicates both Bauer's and any third parties' fundamental privacy interests in sexual matters. Bauer and such third parties possess a reasonable expectation of privacy in their sexual history, in particular given the confidentiality of the arbitration proceeding. Hill's attempted intrusion into those private affairs would certainly be serious. Indeed, Hill now purports to reveal, apparently for the first time in any public setting, the name of an individual who she claims participated in that confidential proceeding.[9] As is clear, Hill will use this litigation to engage in a fishing expedition to publicize private, confidential, and irrelevant matters.

Against those important and fundamental privacy interests, Hill makes no serious effort to show a compelling need for the information. The California Supreme Court has held that "where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity and the compelled disclosure [must] be narrowly drawn to assure maximum protection of the constitutional interests at stake." *John B.*, 38 Cal. 4th at 1199. "It is therefore essential to measure the closeness of the fit between the requested discovery and the allegations of the complaint." *Id.*; *Fults v. Superior Court*, 88 Cal. App. 3d 899, 903 (Cal. Ct.

---

[9] Given the confidentiality of the arbitration proceeding, Bauer will not confirm or deny the accuracy of Hill's statement.

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

App. 1979) (denying requests for answers regarding sexual conduct where they "are unaccompanied by any affirmative showing that they are likely to turn up material information"); *Boler*, 201 Cal. App. 3d at 474 (reversing trial court's order compelling responses regarding sexual conduct with third parties, even if filed under seal, because it was "an impermissible intrusion into the sexual privacy of Boler and the unknown women"). Accordingly, "California courts have held that answering questions about one's sexual relationships, including the identities of former partners, will not be required absent a compelling interest." *Lopez v. UPS Supply Chain Sols., Inc.*, 2022 WL 17185002, at *4 (C.D. Cal. June 30, 2022). Put another way, "[d]isclosure is not warranted simply because doing so may lead to relevant information. Instead, it must be shown that it is reasonable to infer that the inquiry will be productive." *Id.*

Hill has not even attempted to argue that she has a compelling interest in Bauer's employment records concerning allegations by other women. As a result, there is no basis justifying Hill's serious invasion of fundamental privacy interests held by Bauer and third parties.

### B. <u>The Requests for Production Concerning Statements Made by Bauer in MLB's Investigation about Hill and Others or to Law Enforcement about Others (Request 87 and 92).</u>

**<u>REQUEST FOR PRODUCTION NO. 87:</u>**

Produce all DOCUMENTS containing statements, interviews or testimony YOU have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against YOU, including without limitation, any investigation conducted by any LAW ENFORCEMENT authorities or Major League Baseball.[10]

/ / /

---

[10] "LAW ENFORCEMENT" is defined in the Requests as "any agency with employees responsible for enforcing laws, maintaining public order, and/or managing public safety."

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon

33

1  sexual privacy may only be done on the basis of practical necessity"); *Williams v.*
2  *Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required
3  to justify an obvious invasion of an interest fundamental to personal autonomy.").

4         Subject to and without waiving the foregoing objections, Bauer will produce
5  non-privileged, responsive documents in his possession, custody or control containing
6  statements, interviews or testimony he or his counsel have provided to the Pasadena
7  Police Department relating to Hill's allegations to the extent they can be found after a
8  reasonably diligent search. Bauer will not produce documents related to any interviews
9  or investigation conducted by Major League Baseball for which he has a contractual
10 duty to maintain as confidential or are otherwise protected from disclosure.

11 **REQUEST FOR PRODUCTION NO. 92:**

12        Produce all DOCUMENTS that reflect communications with Major League
13 Baseball regarding allegations of physical violence, abuse, sexual battery, sexual
14 abuse, battery, assault, and/or rape against YOU.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

16        Bauer incorporates by reference his General Objections and Objections to
17 Definitions set forth above. Bauer further objects to the terms "communications,"
18 "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault,"
19 and "rape" as vague, ambiguous, and overbroad because Hill has not provided a
20 definition of any of these terms. Bauer further objects to this Request to the extent that
21 it is overly broad, unduly burdensome, and not proportional to the needs of the case.
22 Bauer further objects to this Request to the extent that it seeks information or
23 documents that are neither relevant to any claims or defenses in this case nor reasonably
24 calculated to lead to discovery of admissible evidence. Bauer further objects to this
25 Request because it contains no limitation on time period and, thus, is overly broad and
26 not relevant to the claims or defenses of any party and not reasonably calculated to lead
27 to the discovery of admissible evidence. Bauer further objects to this Request on the
28 grounds that it seeks information that already is in Hill's possession, custody, or

34

control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Bauer will not produce any documents in response to this Request, to the extent any exist.

**HILL'S POSITION:**

Hill seeks to compel Bauer to respond to two separate Requests (87 and 92) which concern all statements and communications made by Bauer in connection with MLB's investigation or to law enforcement concerning comparable accusations of violence. Bauer has only agreed to produce responsive communications made to the Pasadena Police Department concerning Hill. Conversely, Bauer has refused to produce any responsive documents concerning statements or communications made to MLB about Hill. Moreover, Bauer has also refused to produce communications to law enforcement about allegations of physical violence, abuse, sexual battery, sexual

35

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

1    abuse, battery, assault, and/or rape made against Bauer by anyone other than Hill.

2        For the same reasons discussed above, Bauer's communications or statements

3    about Hill to MLB are directly relevant to this lawsuit.[11]  In fact, such statements may

4    qualify as admissions or at least can be used to impeach Bauer.  Moreover, statements

5    concerning other victims are relevant to the issues of substantial truth and causation.

6    **BAUER'S POSITION:**

7        Hill offers no additional arguments unique to Request Nos. 87 or 92.  For the

8    same reasons as discussed above, documents, statements, and communications

9    regarding the MLB disciplinary process are both confidential and irrelevant to the

10    claims and issues in this case.  In particular, allegations concerning other women have

11    no bearing on the "substantial truth" of Hill's false allegations about her sexual

12    encounter with Bauer.

13        **C.**    **The Requests for Production Concerning the MLB Arbitration**

14           **(Request 93)**.

15    **REQUEST FOR PRODUCTION NO. 93:**

16        Produce all DOCUMENTS from the Major League Baseball arbitration

17    proceeding concerning YOUR suspension from Major League Baseball, including

18    without limitation, all pleadings, briefs, statements, interviews, transcripts,

19    DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through

20    discovery in that proceeding.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

22        Bauer incorporates by reference his General Objections and Objections to

23    Definitions set forth above. Bauer further objects to this Request to the extent that it is

24

---

25    [11] Again, Bauer has asserted a number of boilerplate objections that do not apply and/or

26    are not valid objections.  In addition to the objections previously discussed in Footnote

27    2, Bauer objects to certain words being undefined.  This is not a valid objection.  These Requests intend to use the ordinary and plain English definitions for the terms

28    identified in Bauer's objections.

overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Bauer will not produce any documents in response to this Request, to the extent any exist.

/ / /

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

**HILL'S POSITION:**

Hill seeks to compel Bauer to produce documents in response to Request 93 which seeks documents from the MLB Arbitration, including without limitation, all pleadings, briefs, statements, interviews, transcripts, documents exchanged in that proceeding, and documents produced through discovery in that proceeding.  Again, Bauer has refused to produce any documents responsive to Request 93, and has instead, asserted only objections.

For the same reasons discussed above, these documents are highly relevant to the issues of substantial truth and causation.[12]  They are also highly relevant because the MLB Arbitration was based, at least in part, on Bauer's battery of Hill.  Again, Hill testified about Bauer's battery for several days and was extensively cross-examined by Bauer's counsel in the MLB Arbitration.

Presumably, Bauer also provided testimony at the MLB Arbitration concerning Hill.  Presumably, there was extensive briefing or other writings by both Bauer and MLB in the MLB Arbitration.  Presumably, there was some discovery during the MLB Arbitration.  Finally, there was clearly an arbitration award or decision whereby the arbitrator upheld a significant portion of the suspension (194 games).  That award presumably addressed the veracity of Hill's accusations that Bauer battered her, and would likely include a discussion of the evidence that the arbitrator relied on to support his findings.  This would all be the same information and evidence that would be relevant to whether Bauer battered Hill and the veracity of Hill's statements to the police that Bauer battered her.

**BAUER'S POSITION:**

Hill primarily relies on her prior arguments in support of Request No. 93 and Bauer incorporates his responses to those arguments. Hill further contends that

---

[12] Again, Bauer has asserted a number of boilerplate objections that do not apply and/or are not valid objections.  These objections were addressed in Footnotes 2 and 5.

38

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO COMPEL

Request No. 93 seeks relevant information because, "[p]resumably, there was extensive briefing or other writing by Bauer and MLB in the MLB Arbitration" and that any arbitration award "presumably addressed the veracity of Hill's accusations." But any briefings, writings, or awards focused on the interpretation and application of the collective bargaining agreement between MLB and MLBPA. Those issues are not "the same" as the issues before this Court. Hill's argument regarding Request No. 93 highlights that her discovery requests seek irrelevant information and should be denied.


DATED: May 18, 2023          FREEDMAN + TAITELMAN, LLP



                             By:   /s/ Jesse Kaplan
                                 Bryan J. Freedman, Esq.
                                 Jesse A. Kaplan, Esq.
                                 Attorneys for Defendant and
                                 Counterclaimant Lindsey C. Hill



DATED:  May 18, 2023          ZUCKERMAN SPAEDER LLP



                             By:  /s/ Blair G. Brown
                                 BLAIR G. BROWN
                                 JON R. FETTEROLF
                                 NELL PEYSER
                                 Attorneys for Plaintiff/counter-defendant
                                 Trevor Bauer

DISCOVERY MATTER: JOINT STIPULATION REGARDING HILL'S MOTION TO
COMPEL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 22-00868JVS(ADSx) | Date | August 23, 2022 |
| Title | Trevor Bauer v Lindsey C Hill, et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] ORDER RE SCHEDULING DATES**

The Court has read and considered the parties Rule 26(f) Report and sets the following dates:

**Jury Trial** **February 13, 2024 at 8:30 a.m.**
  File Findings of Fact and Conclusions of Law by January 29, 2024
**Final PreTrial Conference** **January 22, 2024 at 11:00 a.m.**
  File PreTrial Documents not later than January 8, 2024
  File motions in limine not later than December 4, 2023
**Discovery Cut-off** **June 26, 2023**
**Expert Discovery Cut-off** **September 11, 2023**
  Initial disclosure of Experts not later than July 24, 2023
  Rebuttal disclosure of Experts not later than August 21, 2023
**Law and Motion Cut-off** **November 27, 2023 at 1:30 p.m.**
  Motions to be filed and served not later than October 9, 2023

Counsel inform the Court in the Rule 26f report that their selection for a settlement procedure pursuant to Local Rule 16-15 is ADR #2 before the Court's. Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

**The Scheduling Conference set for August 29, 2022 at 10:30 a.m. is VACATED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |