Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal Bar. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

TREVOR BAUER,

    Plaintiff,

    v.

LINDSEY C. HILL and NIRANJAN
FRED THIAGARAJAH,

    Defendants.

Case No. 8:22-cv-00868-JVS-ADS
Assigned for all purposes to the Hon.
James V. Selna
Referred to: Magistrate Judge Autumn D.
Spaeth

**DECLARATION OF BLAIR G.
BROWN IN SUPPORT OF JOINT
STIPULATION REGARDING HILL'S
MOTION TO COMPEL BAUER TO
PRODUCE DOCUMENTS**

Hearing Date: June 14, 2023
Hearing Time: 10:00 a.m.
Magistrate Judge: Autumn D. Spaeth
Department: 6B

Action Filed: April 25, 2022

1    I, BLAIR G. BROWN, declare and state as follows:

2    1.    I am an attorney licensed to practice in the District of Columbia, the

3    State of Maryland, the Commonwealth of Virginia, and the State of New York and

4    have been admitted to practice *pro hac vice* in this action. I am a partner of the law

5    firm Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim

6    Defendant Trevor Bauer ("Bauer") in the above-captioned action. I have personal

7    knowledge of the matters stated in this declaration, and I could and would testify

8    competently about them if called upon to do so.

9    2.    Attached to this declaration as **Exhibit A** is a true and correct copy of

10   the Joint Domestic Violence, Sexual Assault and Child Abuse Policy, which is an

11   attachment to the collectively bargained Basic Agreement between Major League

12   Baseball and the Major League Baseball Players Association.

13   3.    Attached to this declaration as **Exhibit B** is a true and correct copy of

14   Non-Party Major League Baseball's Responses and Objections to Defendant Hill's

15   Subpoena to Produce Documents, Information, or Objects in a Civil Action.

16   4.    Attached to this declaration as **Exhibit C** is a true and correct copy of

17   Non-Party Major League Baseball Players Association's Responses and Objections

18   to Defendant Hill's Subpoena to Produce Documents, Information, or Objects in a

19   Civil Action.

20   5.    Attached to this declaration as **Exhibit D** is a true and correct copy of a

21   letter from the Los Angeles Dodgers LLC to Defendant Hill's counsel objecting to

22   Defendant Hill's Subpoena to Produce Documents, Information, or Objects in a Civil

23   Action.

24   6.    Attached to this declaration as **Exhibit E** is a true and correct copy of

25   Bauer's Objections to Defendant Hill's Subpoena to Produce Documents,

26   Information, or Objects in a Civil Action to Non-Party Major League Baseball.

27   7.    Attached to this declaration as **Exhibit F** is a true and correct copy of

28   Bauer's Objections to Defendant Hill's Subpoena to Produce Documents,

1  Information, or Objects in a Civil Action to Non-Party Major League Baseball
2  Players Association.

3      8.    Attached to this declaration as **Exhibit G** is a true and correct copy of
4  Bauer's Objections to Defendant Hill's Subpoena to Produce Documents,
5  Information, or Objects in a Civil Action to the Los Angeles Dodgers LLC.

6      9.    I declare under penalty of perjury that the foregoing is true and correct.

7

8

9  Executed this 17th day of May, 2023, in Washington, D.C.

10

11                                    */s/ Blair G. Brown*
12                                    Blair G. Brown

EXHIBIT A

**ATTACHMENT 52**

**Joint Domestic Violence, Sexual Assault and Child Abuse Policy**

Major League Baseball and the Major League Baseball Players Association (herein "the Parties") desire to formulate a Domestic Violence, Sexual Assault and Child Abuse Policy and Program that:

- takes an absolute stand against domestic violence, sexual assault and child abuse;

- protects the legal and procedural rights of Players;

- provides assistance to victims and families, especially information and referrals to available resources;

- recognizes that Players may also be the victims in intimate relationships;

- focuses on education and prevention, including training on this policy;

- utilizes the most effective methods and resources for therapeutic intervention for abusers and those abused; and

- allows for therapeutic programs for Players and for the imposition of appropriate discipline on Players.

## I.     Definitions.

***Domestic violence*** is a pattern of abusive behavior in any intimate relationship that is used by one partner to gain or maintain power and control over another intimate partner.   It occurs in heterosexual and same sex relationships and impacts individuals from all economic, educational, cultural, age, gender, racial, and religious demographics. Domestic violence includes, but is not limited to, physical or sexual violence, emotional and/or psychological intimidation, verbal violence, stalking, economic control, harassment, physical intimidation, or injury. Notwithstanding this definition, a single incident of abusive behavior in any intimate relationship, or a single incident of abusive behavior involving a female member of a Player's family who is domiciled with him, may subject a Player to discipline under this Policy.

***Sexual assault*** refers to a range of behaviors, including a completed nonconsensual sex act, an attempted nonconsensual sex act, and/or nonconsensual sexual contact. Lack of consent is inferred when a person uses force, harassment, threat of force, threat of adverse personnel or disciplinary action, or other coercion, or when the victim is asleep, incapacitated, unconscious or legally incapable of consent.

***Child abuse*** is any act or failure to act on the part of a parent or caretaker which results in death, serious physical or emotional harm, sexual abuse or exploitation of

1

a child who is under the age of 18 or not an emancipated minor, or any act or failure to act which presents an imminent risk of such harm to such a child.

This policy covers acts of child abuse, domestic violence and sexual assault (together, "Covered Act") as defined above.

## II. Investigation of Incidents.

**A. Process.** The procedures set forth in this Policy shall be triggered when the Commissioner's Office provides the Players Association with written notification that it is investigating an allegation that a Player has engaged in a Covered Act ("Notification"). Unless otherwise expressly stated, the Basic Agreement remains in effect and its relevant provisions apply under this Policy.

**B. Administrative Leave.** Under the Basic Agreement, the Commissioner may immediately place a Player accused of a Covered Act on Administrative Leave, effective as early as the date of the Notification, and may keep the Player on Administrative Leave for up to seven (7) days, including the date of Notification, subject to the Player's right to challenge that decision set forth below. The Commissioner's Office may ask the Players Association to consent to a one-time extension of the initial seven-day Administrative Leave period for an additional seven (7) days (for a total of fourteen (14) days), which consent shall not be unreasonably withheld. Alternatively, the Commissioner's Office may defer placing the Player on Administrative Leave until the Player is either charged with a crime by law enforcement, or the Commissioner's Office receives credible information corroborating the allegations. The Commissioner's placement of a Player on Administrative Leave shall not be considered disciplinary under this Policy.

    **1. Challenge to Administrative Leave Placement.** Although Administrative Leave under paragraph B above is not disciplinary, a Player placed on such leave may request an in-person or telephonic hearing before the Grievance Arbitration Panel (the "Arbitration Panel") within 24 hours of such request to seek reinstatement to the active roster while the Commissioner's Office investigates the allegations. The Arbitration Panel shall issue a ruling on such reinstatement request within 24 hours of the close of the hearing. If the Arbitrator is not available in that time frame, the request shall be heard by an alternate Arbitrator selected by the Parties. The Parties shall mutually select a standing alternate Arbitrator who is a member of the National Academy of Arbitrators and not otherwise employed by the Parties for any other purpose. The Arbitration Panel shall remove the Player from Administrative Leave if it determines that (a) the allegations that the Player engaged in a Covered Act are not supported by credible information, or (b) that allowing the Player to remain active during the Commissioner's Office's investigation is consistent with the safety of the victim(s) and will not cause significant disruption to the Player's Club.

2. **Player Status on Administrative Leave.** While on Administrative Leave, a Player shall continue to receive the salary and Major League service to which he otherwise would be entitled but for his placement on Administrative Leave.  A Player placed on Administrative Leave shall be placed on the Major League Restricted List for purposes of the Club's Reserve List limits.  A Player on Administrative Leave shall be ineligible to participate in any of his Club's games, including Major League Spring Training games where tickets are sold; however, a Player on Administrative Leave during Spring Training shall be allowed to participate in Spring Training "B" games where no tickets are sold.  At the request of the Club and with the consent of the Commissioner's Office, which shall not be unreasonably withheld, the Player may participate in non-public practices or workouts, or at the Club's spring training facility, where all Basic Agreement provisions regarding rehabilitation work will apply.

3. **Evaluation.**  During the period of Administrative Leave (including any extension thereof), or within seven (7) days of an off-season incident, the Commissioner may refer a Player to be evaluated by the Joint Policy Board pursuant to Section IV below.  The Commissioner may also require a Player to be evaluated by the Joint Policy Board as a condition of deferral of Administrative Leave.

4. **Family Outreach.**  Immediately following Notification, the Joint Policy Board, pursuant to internal procedures that it will adopt, will refer affected persons to intervention services under Section IV.D., including the MLB Player, Partner and Family Helpline established under Section VIII below.

5. **Investigation.**  Under the Basic Agreement, the Commissioner's Office may conduct an investigation of the Player's alleged conduct during the period of Administrative Leave.  The investigation, including the rights of the Player and the Parties, is governed by the relevant provisions of the 2017–2021 Basic Agreement.  Subject to the Player's rights under the Basic Agreement and the "Domestic Violence Investigations" letter agreement attached hereto as Addendum A, the Player and the Players Association shall cooperate with the investigation, including making the Player available for an investigatory interview during his period of Administrative Leave.

6. **Conference.**  Prior to the conclusion of the period of Administrative Leave, the Parties shall meet to discuss the matter.  The Parties' discussion shall be considered confidential and not admissible in any Grievance challenging discipline that may be imposed on the Player.

7. **Timing of Potential Discipline.**  Upon the conclusion of the initial period of Administrative Leave (including any extension thereof), if any, the Commissioner may reinstate the Player from the Restricted List and return

3

him from Administrative Leave, may impose immediate discipline on the Player, may request that the Players Association further extend the period of Administrative Leave, may defer a disciplinary determination until a later date, or may impose a paid suspension pending resolution of legal proceedings as described in Section III.C.2 below.

    **a.  Immediate Discipline.**  If the Commissioner elects to discipline the Player upon the conclusion of the Administrative Leave, the Commissioner's Office shall notify the Player and the Players Association in writing, by no later than 6 P.M. (ET) on the last day of the Player's Administrative Leave, of the discipline that the Commissioner is imposing.  The discipline shall become effective immediately, and shall be governed by Section III below.

    **b.  Extension of Administrative Leave.**  The Commissioner's Office may request that the initial period of Administrative Leave (including any extension thereof) be extended in order for it to complete its investigation.  The Players Association shall consider such a request in good faith.  If any extension is agreed upon, the deadlines and procedures described in this Section likewise will be extended, and the Player's status shall remain the same during the remainder of the extended Administrative Leave, unless otherwise agreed to by the Parties.

    **c.  Deferral of Discipline.**  The Commissioner may decide to defer discipline of a Player pending resolution of a criminal or civil matter arising out of the conduct, or in order to complete its investigation. The Player and the Players Association shall be notified in writing, by no later than 6 P.M. of the last day of the Player's Administrative Leave, of the Commissioner's decision to defer discipline.  The Player shall be removed from the Restricted List on the following day. The decision of the Commissioner to defer discipline shall not be evidence in any Grievance challenging discipline that the Commissioner may ultimately impose.  All time limitations under the Basic Agreement for either imposing discipline or filing a Grievance shall be stayed if the Commissioner determines to defer disciplinary action.

    **d.  Paid Suspension Pending Resolution of Legal Proceedings.**  The Commissioner may impose a paid suspension on the Player pending resolution of legal proceedings as described in Section III.C.2 below.  In addition, the paid suspension may be converted to an unpaid disciplinary suspension when the legal proceedings are completed under III.C.2 below or if the Commissioner determines that he has just cause to impose an unpaid disciplinary suspension.

**III.   Discipline.**

**A. Commissioner Discipline.**  The Commissioner may discipline a Player who commits a Covered Act for just cause. In addition, a Player's failure to comply with his Treatment Plan adopted pursuant to Section IV below may be an independent violation of this Policy.  A Player's failure to comply with his Treatment Plan will be determined by the Joint Policy Board under Section IV.F below.

**B. Club Discipline.**

**1.**  Initial authority to discipline Players for events that include violations of this Policy (including all aspects of the incident from which the alleged violation arose) shall repose with the Commissioner's Office.  The Commissioner's Office will retain authority to discipline Players under this Policy until it provides the Players Association and the Player with notice that it is transferring such authority to the Club.  Such a transfer may occur at any time before the completion of the Commissioner's Office investigation, but no later than that date.  If the Commissioner's Office does not transfer its authority, no Club may take any disciplinary or adverse action against a Player arising from an incident involving a Covered Act; except that nothing in this section is intended to address whether (i) a Club may take adverse action in response to a Player's failure to render his services due to a disability resulting directly from a physical injury or mental condition arising from his violation of the Policy, or (ii) a Club may withhold salary from a Player for any period he is unavailable because of legal proceedings or incarceration arising from his violation of the Policy.  If the Commissioner's Office notifies a Club, the Player and the Players Association that the Commissioner's Office will not impose discipline, a Club may discipline a Player who commits a Covered Act for just cause, regardless of whether the Commissioner's Office had previously placed the player on Administrative Leave pursuant to this policy or conducted an investigation.  A decision by the Commissioner to defer his disciplinary decision pursuant to Section II.B(7)(c) shall not trigger a Club's right to discipline in an absence of a notification to the Club, the Player and the Players Association that the Commissioner will not impose discipline.  The fact that a Club rather than the Commissioner imposed discipline on a Player shall not be relied on by a Player in challenging whether the discipline was supported by just cause.

**2.**  If a Club attempts to take disciplinary action against a Player in violation of Section III.B.1, the Players Association may seek emergency relief from the Arbitration Panel, which may enjoin that disciplinary action if it determines that the Player has a substantial likelihood of demonstrating such a violation of Section III.B.1.

**C. Just Cause.** This Policy arises in part from the increased recognition and understanding of the seriousness and harm resulting from Domestic Violence, Sexual Assault and Child Abuse.  As a result, precedent and past practice under the Basic Agreement regarding the discipline of Players for Covered Acts are not relevant in assessing discipline under this Policy.  The Arbitration Panel

may consider precedent from past cases not involving Covered Acts. In evaluating the just cause of the level of discipline imposed under the Policy, the Arbitration Panel may consider aggravating and mitigating factors where relevant and appropriate.

1. **Forms of Discipline.**

   The discipline imposed by the Commissioner or a Club may include any discipline authorized by the Basic Agreement or the Uniform Player's Contract.

2. **Paid Suspension Pending Resolution of Criminal Matter.**

   a. In certain cases, the Commissioner may decide that he is not in a position to impose discipline until the resolution of a criminal or legal proceeding, but that allowing the Player to play during the pendency of the criminal or legal proceeding would result in substantial and irreparable harm to either the Club or Major League Baseball. In such exceptional cases, the Commissioner may suspend the Player with pay pending resolution of the criminal or legal proceeding (or until the Commissioner determines that he has just cause to impose an unpaid, disciplinary suspension).

   b. If the Commissioner ultimately imposes such discipline on the Player, and such discipline is upheld by the Arbitration Panel, the Player may elect to be credited with "time served" for the period in which he was suspended with pay; if he does so, he shall be required to serve any remaining period of his unpaid suspension. Any salary that the Player was paid by his Club during his suspension must be repaid by the Player if the suspension is converted to an unpaid disciplinary suspension. The Commissioner's Office and Players Association shall agree on a written payment schedule, in the form of an order issued by the Arbitration Panel, which will result in the full repayment of the money owed by the Player to his Club.

   c. The Arbitration Panel shall have jurisdiction to review a challenge by a Player or the Players Association of a paid suspension pending resolution of a criminal matter against the standard of prior arbitral precedent.

D. **Procedures for Challenging Discipline Imposed by the Commissioner.**

1. **Arbitration Panel Review.** The Arbitration Panel shall have jurisdiction to review a challenge by a Player or the Players Association of any discipline imposed under the Policy, except as otherwise limited herein. As already noted, the procedures for challenging discipline set forth in the Basic Agreement apply except as otherwise stated herein.

2. **Conduct of Arbitration.**  The Players Association and the Player will be represented during the Grievance Procedure and arbitration proceedings only by in-house counsel of the Players Association and/or by outside counsel appointed by the Player Association.  The Commissioner's Office will be represented only by in-house counsel of the Commissioner's Office and/or by outside counsel appointed by the Commissioner's Office.

3. **Discovery:**  After the Commissioner's Office imposes discipline on a Player under this Policy, the Player and the Commissioner's Office are required to provide each other with all documents obtained from governmental entities that relate to the matter at issue unless such disclosure is prohibited by applicable law or court or other governmental order.  The parties' discovery obligations are otherwise as set forth in the current Basic Agreement.

4. **Burden of Proof.**  In any case involving discipline imposed under this Policy, the Commissioner's Office shall have the burden of proving that the Player committed a Covered Act:

   a. A criminal conviction for an offense involving a Covered Act or a plea of guilty, no contest or *nolo contendere*, to an offense involving a Covered Act, whether a misdemeanor or felony, shall satisfy the Commissioner's Office's burden of proving a violation.  In cases involving a criminal conviction or a plea of guilty, no contest or *nolo contendere,* the burden shall be on the Player to establish that notwithstanding the conviction or plea, the Player did not engage in a Covered Act.

   b. A Player may be subjected to disciplinary action for just cause by the Commissioner for a violation of this Policy in the absence of a conviction or a plea of guilty to a crime involving a Covered Act.

5. **Suspensions.**

   a. Unless otherwise provided herein, all suspensions under this Policy shall be without pay, and the Player will be placed on the Restricted List and will not accrue Major League service. A Player suspended during the offseason under this Policy will be placed on the Restricted List immediately upon public announcement.

   b. At the request of the Club and with the consent of the Commissioner's Office, which shall not be unreasonably withheld, the Player may participate in non-public practices or workouts, or at the Club's spring training facility, where all Basic Agreement provisions regarding rehabilitation work will apply.

   c. During the term of his suspension, a Player may consent to an assignment to a Minor League affiliate of his Club for a duration not to

7

exceed six (6) days for a Player suspended for a period that encompasses between ten (10) and twenty (20) games; ten (10) days for a Player suspended for a period that encompasses between twenty-one (21) and thirty (30) games; twelve (12) days for a Player suspended for a period that encompasses between thirty-one (31) and fifty (50) games; and fifteen (15) days for a Player suspended for a period that encompasses fifty-one (51) games or more.  The Player will receive neither pay nor Major League service and will remain on the Restricted List during such an assignment; however, the Player will be treated as if he were a Major League Player on the road for purposes of hotel accommodations and daily meal and tip allowances.

**d.** A Player who is suspended while in the Minor Leagues who is then selected to or otherwise placed on the 40-Man Roster before such suspension is complete shall continue his suspension at the Major League level.

## IV.     Treatment and Intervention.

**A. Joint Policy Board.** The Parties shall establish a treatment board (herein "Joint Policy Board").  The Joint Policy Board shall be responsible for evaluating, and where treatment is appropriate, supervising the treatment of Players who have committed or are alleged to have committed Covered Acts.  It may also provide evaluation and treatment to Players who voluntarily request the Board's assistance.

**B. Composition of Joint Policy Board.**  The Treatment Board shall be composed of two representatives from each of the Parties ("Party Representatives) and three experts in the field of Domestic Violence, Sexual Assault and/or Child Abuse who are jointly chosen by the parties ("Expert Representatives"), one of whom shall serve in rotation in each instance where Notification is given by the Commissioner's Office to the Players Association under Section II.A above.  Thus, five members of the Joint Policy Board (four Party representatives and one Expert Representative) shall constitute the Joint Policy Board in each instance where Notification is given. The Expert Representatives shall all serve one-year terms, renewable by agreement of the Parties.

**C. Referral to Joint Policy Board.**  A Player will be referred to the Joint Policy Board when the Commissioner's Office provides the Notification referenced in Section II.A above.  The Player will submit to an initial evaluation conducted by one of the Expert Representatives ("Initial Evaluation") or by another expert unanimously designated by the Board. The Expert Representative or the other expert shall share with the Joint Policy Board his or her recommendations for a Treatment Plan (if any), but shall not provide to the Joint Policy Board any other documents that relate to the Initial Evaluation.

8

**D. Treatment Plan.**  After the Initial Evaluation is conducted, and consultations with the other Expert Representatives of the Joint Policy Board and, if appropriate, outside experts and/or the Player's spouse or partner occur, the Expert Representative on the Board who conducted the Initial Evaluation shall develop a Treatment Plan for the Player if he or she recommends such a Plan. The Joint Policy Board shall approve, by majority vote, that Treatment Plan or return it to the Expert Representative to reconsider and resubmit.  Once the Treatment Plan is approved, the Expert Representative involved shall be responsible for providing a copy of the Treatment Plan to the Player.  The Expert Representative shall also assume responsibility for overseeing the Player's compliance with the Treatment Plan, including identifying appropriate health care professionals in the Player's home city to provide counseling and intervention.   The health care professionals treating the Player must provide the Expert Representative, at a frequency identified in the Treatment Plan, with regular, standardized written status reports that detail the Player's progress and compliance with the Treatment Plan.

**E. Treatment Plan Content.**  The Plan prescribed by the Joint Policy Board for the Player may include the following non-exhaustive list of prescribed and/or prohibited actions by a Player:

1.  Submission to psychological and other evaluations (including but not limited to those assessing domestic violence, child abuse, sexual assault and drug and/or alcohol testing if separately directed or required under the Joint Drug Agreement) as deemed necessary;

2.  Attendance at prescribed counseling and other therapeutic sessions;

3. Participation in educational training specific to understanding the effects of abuse on victims and their families, including children, and the components of healthy relationships and healthy confrontation;

4. Compliance with relevant court orders and/or agreements between the Player and alleged victim, including but not limited to support;

5. Relocation from shared a home temporarily or indefinitely;

6.  Acceptance of limits on the contact methods, frequency, and subject matter with partner/spouse/children, and designated others;

7. Relinquishment of all weapons and agreement not to secure more;

8. Compliance with any other reasonable direction designed to promote safety for the partner/spouse, children, Player, and any other person at risk; or

9. Any other relief designed to promote safety and further the objectives of this Policy.

9

**F. Treatment Plan Non-Compliance.**

**1.** The Commissioner may discipline a Player who commits a Covered Act (whether or not the same person was involved in the initial complaint), including a Player in a Treatment Plan under this Policy.

**2.** Except as provided in Section F.1 above, a majority vote of the Joint Policy Board will determine whether the Player has violated his Treatment Plan. If the Player has done so, he will be subject to discipline for just cause solely by the Commissioner pursuant to Section III above. Before making its determination, the Player or his representative may provide information to the Joint Policy Board in the Player's defense. The Joint Policy Board will make its determination whether a Player has failed to cooperate with an Initial Evaluation, or comply with a Treatment Plan, by applying the following criteria:

**a.** A Player who refuses to submit to an Initial Evaluation, including any follow-up meetings or tests requested by the Expert Representative, will be deemed to have violated his Treatment Plan.

**b.** A Player who consistently fails to participate in mandatory sessions with his assigned health care professional will be deemed to have failed to comply with his Treatment Plan.

**c.** Absent a compelling justification, a Player will be presumed to have failed to comply with his Treatment Plan if his assigned health care professional informs the Treatment Board in a status report that the Player is not cooperating with the requirements of his Treatment Plan.

**G. Treatment Plan Modification.** The Joint Policy Board may periodically revise a Player's Treatment Plan or extend its end date on its own initiative, or on the recommendation of the Player's assigned health care professionals.

**H. Communication.** The Joint Policy Board shall make available a general partner/spouse and Family information and referral package when a Plan is implemented for a Player. The Player's Treatment Plan will not be shared with the partner/spouse absent agreement of the Player. With the exception of any statements or press releases made by the Office of the Commissioner pursuant to Section IX below, all information related to a Player's involvement with the Joint Policy Board shall be kept completely confidential.

**V. Return to Active Status.** All returns to active status for a Player from a suspension that is upheld (or not challenged) are subject to a certification of fitness from his assigned health care professional and an agreement by the Player to adhere going forward to any Plan prescribed by the Joint Policy Board.

VI. **Confidentiality.**   The confidentiality of Player information is essential to the success of this Policy.  To ensure that confidentiality is protected, the Parties agree to the following confidentiality provisions:

A. **Definition.**  All information related to, arising from or considered in connection with the evaluation, counseling and treatment of a Player by the Joint Policy Board, and all information obtained by the Commissioner's Office through its investigation of an alleged Covered Act, is confidential, provided that this definition excludes information that has previously been made public or is made public by a source other than the Player, the Players Association or the Commissioner's Office.

B. **Prohibition on Disclosure.**   The Commissioner's Office, the Players Association, the Clubs, the Joint Policy Board and any third parties who are consulted under this Policy are prohibited from disclosing confidential information that they already possess as defined above, except (i) in connection with or in anticipation of a grievance or potential grievance involving discipline or potential discipline under this Policy; (ii) to inform the Player's Club of the Player's treatment under the Policy; (iii) where necessary to effectively administer a Player's treatment under the Policy; or (iv) where disclosure is required by law, including court order, and is not subject to any claim of privilege.  If the Commissioner's Office or the Joint Policy Board or any of their agents receive a subpoena or other legal process seeking confidential information, the Commissioner's Office will notify the Players Association and give it an opportunity to intervene and oppose disclosure of the confidential information.  Each Party is responsible for ensuring that the individuals to whom they disclose confidential information under this Policy maintain the confidentiality of the information, and each Party will be deemed responsible for any unauthorized disclosures by persons to whom they provide confidential information.

C. **Public Disclosure of Discipline.**  The Commissioner's Office may issue a statement announcing (i) the discipline of a Player under this Policy, including the length of any suspension, (ii) that a Player has been placed on administrative leave pending an investigation under the Policy, or (iii) that the Commissioner's Office has stayed its investigation of an alleged incident under this Policy pending resolution of a criminal matter.  The Commissioner's Office will not otherwise make announcements related to Covered Acts or alleged Covered Acts under this Policy.  Notwithstanding the foregoing, if a Player, the Players Association or the Player's representative makes statements challenging the discipline or denying the alleged conduct, the Commissioner's Office may make a statement in response to such comments.  The Player's Club may issue a public statement in response to the announcement of a Player's discipline under this Policy, provided that a draft of the statement is sent to the Players Association at least sixty (60) minutes prior to its issuance, and the Club considers in good faith any comments provided by the Players Association.  If allegations related to a Player's alleged violation of the Policy become public

11

through a source other than the Commissioner's Office, a Club or their respective agents, the Commissioner's Office may issue a public statement that it is conducting an investigation of the allegations, and the Players Association may issue a public statement that it is monitoring the situation. Neither party shall disclose any confidential information.

**D. Enforcement.** Either the Commissioner's Office of the Players Association may file a grievance under Article XI of the Basic Agreement if the other Party violates the Confidentiality provisions of this Policy. The Party bringing the grievance has the burden of proof with respect to establishing the violation. Media reports that do not identify a source of confidential information do not establish a violation of the Confidentiality provisions of this Policy without additional evidence.

## VII. Training, Education and Community Outreach.

**A. Training/Education Committee.** The parties shall form a joint Domestic Violence, Sexual Assault and Child Abuse Policy Committee ("Policy Committee") that will be comprised of three representatives of the Players Association, three representatives of the Commissioner's Office, and an outside non-voting Domestic Violence, Child Abuse and/or Sexual Assault specialist who shall be selected jointly by the parties.

**B. Training/Education Programs**. The Policy Committee shall determine appropriate education and training programs for Players and their families. All aspects of the training and education program, including the frequency and content of training and the selection of the training staff, shall be determined jointly by the parties through the Policy Committee. All training and education shall be presented in English and Spanish, and any statements made by Players in such training or education sessions shall be kept strictly confidential by the individuals conducting the training.

**C. Community Outreach.** The Policy Committee will develop an annual program of public outreach on the topic of domestic violence and other crimes against women. The program may include donations to local and national organizations, public service announcements featuring Players, domestic violence awareness days at ballparks, domestic violence informational fairs, websites, pamphlets and an educational presence at Major League ballparks, spring training sites, fanfests, and jewel events such as the All Star Game and Postseason Series.

## VIII. Resources for Players and Their Families.

**A. Confidential Assistance Program.** The Parties shall contract with a mutually-agreed upon domestic violence services provider to offer support services to Players, Players' families, and victims on a confidential basis. The vendor shall maintain a 24-hour helpline (both in English and Spanish), staffed by Masters-

12

level or highly experienced counselors with the capacity to refer callers to a health care professional in their local area with expertise in domestic violence and family counseling. With the exception of general usage statistics, the Parties shall not be provided with any confidential information regarding usage of the service by Players or their families.

**B. Family Resources.** The Parties, through the Policy Committee, shall develop a plan for the publication of referral information, websites, and resources (including hotlines, shelters and outreach facilities) for spouses, partners and families of Players in every Major League city, spring training site and in the home countries of all Players.

## IX.  Funding.

All programs pursuant to this Policy shall be jointly funded through either the Industry Growth Fund or the International Signings Tax Fund.

## X.  Comparable Programs for MLB, Club, and PA Personnel

The Parties agree that Major League Baseball, its affiliated businesses, every Club and the Players Association shall institute Domestic Violence, Sexual Assault and Child Abuse Policies that are comparable both in terms of scope and discipline for their respective employees, managers, executives, and owners. The cost of implementing and administering these comparable policies will be the responsibility of the individual organization.

Effective December 1, 2016.

EXHIBIT B

KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN #243780
alauridsen@keker.com
DEEVA SHAH #319937
dshah@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Third Party
MAJOR LEAGUE BASEBALL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-CV-00868- JVS-ADS |
| Plaintiff, | **THIRD PARTY MAJOR LEAGUE BASEBALL'S RESPONSES AND OBJECTIONS TO DEFENDANT HILL'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION** |
| v. | |
| LINDSEY C. HILL, | |
| Defendants. | Trial Date:   None Set |

Pursuant to Federal Rule of Civil Procedure 45, non-party Major League Baseball ("MLB") objects and responds to Defendant Lindsey C. Hill's ("Hill") Subpoena to Produce Documents, Information, or Objects ("the Subpoena") dated April 5, 2023 and commanding production of documents on April 25, 2023.

Nothing contained in any response is intended to be an admission, concession, or waiver by MLB regarding the existence, relevance, materiality, or admissibility of any documents or information.  MLB also expressly reserves the rights to (i) object on any appropriate ground to the use of any information or documents provided in response to the Subpoena at any time and in any proceeding, and (ii) assert further objections to the discoverability, relevance, and/or admissibility of any such information or documents on any appropriate grounds.

MLB's responses to the Subpoena are based on MLB's reasonable, good-faith investigation of documents and information falling within the particular requests for production, during the timeline for MLB's response. MLB reserves the right to supplement and/or amend these responses should future investigation indicate that such supplementation and/or amendment is necessary.

## **GENERAL OBJECTIONS**

1.      MLB objects to the Requests to the extent they purport to impose burdens or duties upon MLB that exceed the requirements or permissible scope of non-party discovery set forth in Rule 45 of the Federal Rules of Civil Procedure and any other applicable rule or law.

2.      MLB further objects to the Subpoena as Defendant did not properly serve the subpoena and served by mail in contravention of the requirements for service as set forth in Rule 45 of the Federal Rules of Civil Procedure.  MLB's responses and objections do not constitute a waiver of MLB's rights to contest Defendant's improper method of service.

3.     MLB further objects to the Subpoena as unduly burdensome because it fails to specify a lawful place of compliance pursuant to Fed. R. Civ. P. 45(c).[1] MLB is headquartered in New York, New York, and the Subpoena specifies a place of compliance in Loma Linda, California, more than 100 miles from where MLB is headquartered.

4.     MLB further objects to the Subpoena as unduly burdensome because it provided an insufficient period for MLB to respond.

5.     MLB further objects to the Requests in the Subpoena as overly board, unduly burdensome, vague, unclear or ambiguous as Defendant has not defined any of the terms in the Requests.  Without waiver of its objections, MLB has made reasonable assumptions as to Defendant's intended meaning and has responded accordingly.

6.     MLB further objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, and/or any other applicable privilege or protection.

7.     MLB further objects to the Requests to the extent they seek the disclosure of information which MLB is restricted from disclosing by law, contract, confidentiality agreement or order; including, without limitation, the confidentiality provisions of the collectively-bargained Basic Agreement between the 30 Major League Clubs and the Major League Baseball Players Association (the "Basic Agreement"), the Joint Domestic Violence, Sexual Assault and Child Abuse Policy attached to the Basic Agreement, and the Confidential Agreement between Defendant and MLB.

---

[1] MLB uses the case caption from the Central District of California matter for these responses and objections but does not concede by such use that the Central District of California is the district where subpoena compliance is required pursuant to Federal Rule of Civil Procedure 45.

8.     MLB further objects to the Requests to the extent they seek documents that are not relevant to and disproportionate to the subject matter of Trevor Bauer v. Lindsey C. Hill, Case No. 8:22-cv-00868-JVS-ADS (S.D. Cal.) (the "underlying action") and are not reasonably calculated to lead to the discovery of admissible evidence.

9.     MLB further objects to the Requests to the extent they seek documents that are publicly available, already within Defendant's possession, custody, or control, or more readily available to Defendant through other more convenient or less burdensome sources, including Plaintiff.

10.     MLB further objects to the Requests to the extent they seek expert testimony, legal conclusions, or legal contentions.

11.     MLB further objects to the Requests insofar as they seek disclosure of information which is confidential, proprietary, or that MLB is restricted from disclosing because it implicates the privacy rights of third parties and/or discloses their private health information protected by law.

12.     MLB further objects to the Requests to the extent they are unduly burdensome, overbroad, and ambiguous. MLB further objects to Requests seeking "all" or "any" documents as overbroad and unduly burdensome. MLB further objects to the Requests to the extent they are cumulative and/or duplicative of one another.

13.     Each of these General Objections is by this reference incorporated fully in each individual response set forth below, and each individual response is made subject to and without waiver of such General Objections.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION
## REQUEST FOR PRODUCTION NO. 1:

All evidence produced during the appeal of Trevor Bauer's suspension.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the objections above that are incorporated by reference here,

3

MLB objects that this Request is overbroad and unduly burdensome to the extent it requests "[a]ll evidence." MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent it seeks any potential evidence regarding investigations of allegations of misconduct unrelated to the underlying action. MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent that the information sought is not relevant to any claims or defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. MLB further objects that this Request is overbroad, vague, and ambiguous as to timeframe. MLB further objects that this Request is overbroad, vague, and ambiguous as to "evidence produced" and the scope of what information falls within this Request. MLB further objects that this Request seeks information that is more readily available to Defendant through less burdensome sources than third-party MLB.

MLB further objects that this Request calls for documents regarding information that MLB is prohibited from disclosing by law, contract, confidentiality agreement or order; including, without limitation, the Basic Agreement and the Joint Domestic Violence, Sexual Assault and Child Abuse Policy attached to the Basic Agreement, and the Confidential Agreement between Defendant and MLB. MLB further objects that this Request seeks disclosure of information which MLB is restricted from disclosing because it implicates the privacy rights of third parties and/or discloses their private health information.

**REQUEST FOR PRODUCTION NO. 2:**

All transcripts from any witness that presented testimony during the appeal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the objections above that are incorporated by reference here, MLB objects that this Request is overbroad and unduly burdensome to the extent it requests "[a]ll transcripts from any witness." MLB further objects that this Request

is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of
the underlying action to the extent it seeks any potential evidence regarding
investigations of allegations of misconduct unrelated to the underlying action. MLB
further objects that this Request is overbroad, unduly burdensome, not relevant, and
disproportionate to the needs of the underlying action to the extent that the
information sought is not relevant to any claims or defenses in this case, nor
reasonably calculated to lead to discovery of admissible evidence. MLB further
objects that this Request is overbroad, vague, and ambiguous as to timeframe.
MLB further objects that this Request seeks information that is more readily
available to Defendant through less burdensome sources than third-party MLB.

MLB further objects to the extent that this Request seeks privileged materials
and work product created by MLB in the course of internal investigations led by
attorneys and conducted in anticipation of litigation, including potential grievance
arbitrations or disciplinary actions involving players. Any such investigation
materials reflect attorneys' legal judgments, legal advice, mental impressions and
analysis and thus are entitled to protection from disclosure by the attorney-client
privilege and/or the attorney work product doctrine. MLB further objects that this
Request calls for documents regarding information that MLB is prohibited from
disclosing by law, contract, confidentiality agreement or order; including, without
limitation, the Basic Agreement and the Joint Domestic Violence, Sexual Assault
and Child Abuse Policy attached to the Basic Agreement, and the Confidential
Agreement between Defendant and MLB. MLB further objects that this Request
seeks disclosure of information which MLB is restricted from disclosing because it
implicates the privacy rights of third parties and/or discloses their private health
information.

**REQUEST FOR PRODUCTION NO. 3:**

All evidence relied upon in rendering a decision regarding Trevor Bauer's
suspension appeal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the objections above that are incorporated by reference here, MLB objects that this Request is overbroad and unduly burdensome to the extent it requests "[a]ll evidence relied upon." MLB further objects to this Request as vague, ambiguous, and nonsensical as MLB did not "render a decision regarding Trevor Bauer's suspension appeal." MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent it seeks any potential evidence regarding investigations of allegations of misconduct unrelated to the underlying action. MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent that the information sought is not relevant to any claims or defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. MLB further objects that this Request is overbroad, vague, and ambiguous as to timeframe. MLB further objects that this Request is overbroad, vague, and ambiguous as to "evidence relied upon in rendering a decision" and the scope of what information falls within this Request. MLB further objects that this Request seeks information that is more readily available to Defendant through less burdensome sources than third-party MLB.

MLB further objects to the extent this Request seeks privileged material under the arbitral privilege regarding the analysis and deliberative process for the arbitrator's decision. MLB further objects that this Request calls for documents regarding information that MLB is prohibited from disclosing by law, contract, confidentiality agreement or order; including, without limitation, the Basic Agreement and the Joint Domestic Violence, Sexual Assault and Child Abuse Policy attached to the Basic Agreement, and the Confidential Agreement between Defendant and MLB. MLB further objects that this Request seeks disclosure of information which MLB is restricted from disclosing because it implicates the

1    privacy rights of third parties and/or discloses their private health information.

2    **REQUEST FOR PRODUCTION NO. 4:**

3         The final determination and reasoning for Trevor Bauer's suspension.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

5         In addition to the objections above that are incorporated by reference here,

6    MLB objects that this Request is overbroad, unduly burdensome, not relevant, and

7    disproportionate to the needs of the underlying action to the extent it seeks any

8    potential evidence regarding investigations of allegations of misconduct unrelated

9    to the underlying action. MLB further objects that this Request is overbroad, unduly

10    burdensome, not relevant, and disproportionate to the needs of the underlying

11    action to the extent that the information sought is not relevant to any claims or

12    defenses in this case, nor reasonably calculated to lead to discovery of admissible

13    evidence. MLB further objects that this Request is overbroad, vague, and

14    ambiguous as to timeframe. MLB further objects that this Request is overbroad,

15    vague, and ambiguous as to "determination and reasoning" and the scope of what

16    information falls within this Request. MLB further objects that this Request seeks

17    information that is more readily available to Defendant through less burdensome

18    sources than third-party MLB.

19         MLB further objects to the extent that this Request seeks privileged materials

20    and work product created by MLB in the course of internal investigations led by

21    attorneys and conducted in anticipation of litigation, including potential grievance

22    arbitrations or disciplinary actions involving players. Any such investigation

23    materials reflect attorneys' legal judgments, legal advice, mental impressions and

24    analysis and thus are entitled to protection from disclosure by the attorney-client

25    privilege and/or the attorney work product doctrine. MLB further objects that this

26    Request calls for documents regarding information that MLB is prohibited from

27    disclosing by law, contract, confidentiality agreement or order; including, without

28    limitation, the Basic Agreement and the Joint Domestic Violence, Sexual Assault

7

THIRD PARTY MAJOR LEAGUE BASEBALL'S RESPONSES AND OBJECTIONS TO DEFENDANT HILL'S
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION
Case No. 8:22-CV-00868- JVS-ADS

and Child Abuse Policy attached to the Basic Agreement, and the Confidential Agreement between Defendant and MLB. MLB further objects that this Request seeks disclosure of information which MLB is restricted from disclosing because it implicates the privacy rights of third parties and/or discloses their private health information.

**REQUEST FOR PRODUCTION NO. 5:**

All evidence of complaints against Trevor Bauer for sexual assault.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the objections above that are incorporated by reference here, MLB objects that this Request is overbroad and unduly burdensome to the extent it requests "[a]ll evidence of complaints." MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent it seeks any potential evidence regarding investigations of allegations of misconduct unrelated to the underlying action. MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent that the information sought is not relevant to any claims or defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. MLB further objects that this Request is overbroad, vague, and ambiguous as to timeframe. MLB further objects that this Request is overbroad, vague, and ambiguous as to "evidence of complaints" and the scope of what information falls within this Request. MLB further objects that this Request seeks information that is more readily available to Defendant through less burdensome sources than third-party MLB.

MLB further objects to the extent that this Request seeks privileged materials and work product created by MLB in the course of internal investigations led by attorneys and conducted in anticipation of litigation, including potential grievance arbitrations or disciplinary actions involving players. Any such investigation

materials reflect attorneys' legal judgments, legal advice, mental impressions and analysis and thus are entitled to protection from disclosure by the attorney-client privilege and/or the attorney work product doctrine. MLB further objects that this Request calls for documents regarding information that MLB is prohibited from disclosing by law, contract, confidentiality agreement or order; including, without limitation, the Basic Agreement and the Joint Domestic Violence, Sexual Assault and Child Abuse Policy attached to the Basic Agreement, and the Confidential Agreement between Defendant and MLB. MLB further objects that this Request seeks disclosure of information which MLB is restricted from disclosing because it implicates the privacy rights of third parties and/or discloses their private health information.

**REQUEST FOR PRODUCTION NO. 6:**

To include all documents concerning Initial Evaluation, treatment plan and Joint Policy Board findings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the objections above that are incorporated by reference here, MLB objects that this Request is overbroad and unduly burdensome to the extent it requests "[a]ll documents." MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent it seeks any potential evidence regarding investigations of allegations of misconduct unrelated to the underlying action. MLB further objects that this Request is overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the underlying action to the extent that the information sought is not relevant to any claims or defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. MLB further objects that this Request is overbroad, vague, and ambiguous as to timeframe. MLB further objects that this Request is overbroad, vague, and ambiguous as to documents "concerning" particular information and the scope of what information

falls within this Request. MLB further objects that this Request as vague and ambiguous because "Initial Evaluation," "treatment plan," and "Joint Policy Board findings" are not defined in the Request. MLB further objects that this Request seeks information that is more readily available to Defendant through less burdensome sources than third-party MLB.

MLB further objects to the extent that this Request seeks privileged materials and work product created by MLB in the course of internal investigations led by attorneys and conducted in anticipation of litigation, including potential grievance arbitrations or disciplinary actions involving players. Any such investigation materials reflect attorneys' legal judgments, legal advice, mental impressions and analysis and thus are entitled to protection from disclosure by the attorney-client privilege and/or the attorney work product doctrine. MLB further objects that this Request calls for documents regarding information that MLB is prohibited from disclosing by law, contract, confidentiality agreement or order; including, without limitation, the Basic Agreement and the Joint Domestic Violence, Sexual Assault and Child Abuse Policy attached to the Basic Agreement, and the Confidential Agreement between Defendant and MLB. MLB further objects that this Request seeks disclosure of information which MLB is restricted from disclosing because it implicates the privacy rights of third parties and/or discloses their private health information. MLB further objects that this Request seeks disclosure of private and confidential medical information which MLB is restricted from disclosing because of medical privilege, physician-patient privilege, and because of the confidential and private nature of such information.

Dated: April 25, 2023

KEKER, VAN NEST & PETERS LLP


By: /s/ *R. Adam Lauridsen*

R. ADAM LAURIDSEN
DEEVA SHAH
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
alauridsen@keker.com
dshah@keker.com

Attorneys for Third Party
MAJOR LEAGUE BASEBALL

11

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On 4/25/2023, I served the following document(s):

**THIRD PARTY MAJOR LEAGUE BASEBALL'S RESPONSES AND OBJECTIONS TO DEFENDANT HILL'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION**

☑   by regular **UNITED STATES MAIL** by placing Original in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

☑   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Michelle R. Prescott                                         *Counsel for Defendant Hill*
29 Orchard Road
Lake Forest, CA 92630
mprescott@wzllp.com

ABI Document Support Services
10459 Mountain View Avenue, Suite A
Loma Linda, CA 92354
retrievalmo@abidss.com

Executed on 4/25/2023, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Dori Chan

# EXHIBIT C

1  MICHAEL RUBIN (CAL. BAR NO. 80618)
   mrubin@altber.com
2  ROBIN S. THOLIN (CAL. BAR NO. 344845)
3  rtholin@altber.com
   Altshuler Berzon LLP
4  177 Post Street, Suite 300
   San Francisco, CA 94108
5  Telephone: 415-421-7151
6  Facsimile: 415-362-8064
7
   *Attorneys for Third Party*
8  *Major League Baseball Players Association*
9
10                    UNITED STATES DISTRICT COURT
11                   SOUTHERN DISTRICT OF NEW YORK
12

| | |
|---|---|
| 13  TREVOR BAUER, | Case No. 8:22-cv-00868-JVS-ADS |
| 14              Plaintiff, | |
| 15        vs. | **THIRD PARTY MAJOR LEAGUE BASEBALL PLAYERS** |
| 16  LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH, | **ASSOCIATION'S RESPONSES AND OBJECTIONS TO SUBPOENA** |
| 17              Defendants. | |

18
19
20
21
22
23
24
25
26
27
28

1       Pursuant to Rules 26 and 45(d)(2)(B) of the Federal Rules of Civil Procedure,

2   non-party Major League Baseball Players Association ("MLBPA") hereby objects

3   to the Subpoena to Produce Documents, Information, or Objects or to Permit

4   Inspection of Premises in a Civil Action ("Subpoena") that was mailed to MLBPA

5   on or about April 5, 2023 by, or on behalf of, Lindsey C. Hill ("Hill" or

6   "Defendant"), the defendant and cross-complainant in *Trevor Bauer v. Lindsey C.*

7   *Hill*, Case No. 8:22-cv-00868-JVS-ADS (C.D. Cal.) (the "underlying action").

8   MLBPA reserves its right to amend or supplement this objection at a later date.

9       Nothing set forth in these responses is intended to be an admission,

10  concession, or waiver by MLBPA regarding the existence, relevance, materiality, or

11  admissibility of any documents or information. MLBPA expressly reserves the

12  rights (i) to object on any appropriate ground to the use of any information or

13  documents provided in response to the Subpoena at any time and in any proceeding,

14  and (ii) to assert further objections to the discoverability, relevance, and/or

15  admissibility of any such information or documents on any appropriate grounds.

16                          **GENERAL OBJECTIONS**

17      MLBPA asserts and incorporates by reference the following general

18  objections, whether or not separately set forth in response to each Document

19  Request, to each and every Request set forth in the Subpoena. Any more specific

20  objections asserted below are in addition to these General Objections. No failure to

21  restate a General Objection may constitute or be construed as a waiver or limitation

22  of that objection or any other objection.

23      1.  MLBPA objects to the Requests to the extent they purport to impose

24  burdens or duties upon MLBPA that exceed the requirements or permissible scope

25  of non-party discovery as set forth in Rule 45 of the Federal Rules of Civil

26  Procedure and any other applicable rule or law.

27      2.  MLBPA further objects to the Subpoena as Defendant did not properly

28  serve the Subpoena in compliance with the service requirements set forth in Rule

                                          2

45(b) of the Federal Rules of Civil Procedure, including because Defendant mailed the Subpoena or caused the Subpoena to be mailed to MLBPA without having sought or obtained prior court approval for such alternative service by mail and without having had any justification for such alternative service. None of MLBPA's responses and objections hereto are intended or may be construed as a waiver of MLBPA's rights to contest Defendant's improper method of service.

3.  MLBPA further objects to the Subpoena as defective and unduly burdensome because it fails to specify a lawful place of compliance as required by Rule 45(c) of the Federal Rules of Civil Procedure. Defendant mailed the Subpoena or caused the Subpoena to be mailed to MLBPA at MLBPA's headquarters in New York City, yet the Subpoena specifies that MLBPA shall produce the requested documents in Loma Linda, California, which is more than 100 miles from where MLBPA is headquartered.

4.  MLBPA further objects to the Subpoena as unduly burdensome because it provided an insufficient period for MLBPA to respond.

5.  MLBPA further objects to the Requests in the Subpoena as overly broad, unduly burdensome, vague, unclear, and ambiguous as Defendant has not defined any of the terms in the Requests. Without waiving any of these or other objections, MLBPA has made reasonable assumptions as to Defendant's intended meaning and has attempted in good faith to respond accordingly.

6. MLBPA further objects to the Requests as overbroad, vague, and ambiguous as to timeframe.

7.  MLBPA further objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the attorney work product doctrine, the associational privilege applicable to internal union communications and strategic communications with bargaining unit members, the common interest privilege, the joint defense privilege, and/or any other applicable privilege or protection.

1      8. MLBPA further objects to the Requests to the extent they seek the

2  disclosure of information that MLBPA is prohibited or restricted from disclosing by

3  law, contract, confidentiality agreement or order, including, without limitation, by

4  the confidentiality provisions of the collectively-bargained Basic Agreement

5  between MLBPA and the 30 Major League Clubs (the "Basic Agreement"), the

6  Joint Domestic Violence, Sexual Assault and Child Abuse Policy attached to and

7  incorporated into the Basic Agreement.

8      9. MLBPA further objects to the Requests to the extent they seek documents

9  regarding information that is protected from disclosure as communications between

10  the union, its employees, and its members pertaining to representational matters,

11  contract interpretation, and bargaining.

12      10.  MLBPA further objects to the Requests to the extent they seek

13  documents that are not relevant to the subject matter of the underlying action and are

14  not reasonably calculated to lead to the discovery of admissible evidence, and to the

15  extent it would be disproportionately burdensome for MLBPA to search for and

16  produce those documents as in light of their lack of relevance and Defendant's

17  ability to obtain the requested Documents from other parties or sources.

18      11.  MLBPA further objects to the Requests to the extent they seek

19  documents that are publicly available, are already within Defendant's possession,

20  custody, or control, or more readily available to Defendant through other more

21  convenient or less burdensome sources, including Plaintiff Bauer.

22      12.  MLBPA further objects to the Requests to the extent they seek expert

23  testimony, legal conclusions, or legal contentions.

24      13.  MLBPA further objects to the Requests insofar as they seek disclosure of

25  information that is confidential, proprietary, or that MLBPA is prohibited or

26  restricted from disclosing because that information implicates the privacy rights of

27  third parties and/or discloses private health information that is protected by law.

28

4

14. MLBPA further objects to the Requests to the extent they are unduly burdensome, overbroad, and ambiguous. MLBPA objects to Requests seeking "all" or "any" documents as overbroad and unduly burdensome. MLBPA objects to the Requests to the extent they are cumulative and/or duplicative of one another.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All evidence produced during the appeal of Trevor Bauer's suspension.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the objections above that are incorporated by reference herein, MLBPA objects that this Request is overbroad and unduly burdensome to the extent it requests "[a]ll evidence." MLBPA further objects that this Request is overbroad, vague, and ambiguous as to "evidence produced" and the scope of what information falls within this Request.

### REQUEST FOR PRODUCTION NO. 2:

All transcripts from any witness that presented testimony during the appeal.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to the objections above that are incorporated by reference herein, MLBPA objects that this Request is overbroad and unduly burdensome to the extent it requests "[a]ll transcripts from any witness."

MLBPA further objects to the extent that this Request seeks privileged materials and work product created by MLBPA in the course of internal investigations led by attorneys and conducted in anticipation of litigation, including potential grievance arbitrations or disciplinary actions involving players. Any such investigation materials reflect attorneys' legal judgments, legal advice, mental impressions and analysis and thus are entitled to protection from disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or communications between the union, its employees, and its members pertaining to representational matters, contract interpretation, and bargaining.

5

1 | **REQUEST FOR PRODUCTION NO. 3:**

2 | All evidence relied upon in rendering a decision regarding Trevor Bauer's

3 | suspension appeal.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

5 | In addition to the objections above that are incorporated by reference herein,

6 | MLBPA objects that this Request is overbroad and unduly burdensome to the extent

7 | it requests "[a]ll evidence relied upon." MLBPA further objects to this Request as

8 | vague, ambiguous, and meaningless as MLBPA did not "render a decision regarding

9 | Trevor Bauer's suspension appeal." MLBPA further objects that this Request is

10 | overbroad, vague, and ambiguous as to "evidence relied upon in rendering a

11 | decision" and the scope of what information falls within this Request.

12 | MLBPA further objects to the extent this Request seeks privileged material

13 | under the arbitral privilege regarding the arbitrators' analysis and deliberative

14 | process.

15 | **REQUEST FOR PRODUCTION NO. 4:**

16 | The final determination and reasoning for Trevor Bauer's suspension.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18 | In addition to the objections above that are incorporated by reference herein,

19 | MLBPA further objects that this Request is overbroad, vague, and ambiguous as to

20 | "determination and reasoning" and the scope of what information falls within the

21 | scope of this Request.

22 | MLBPA further objects to the extent that this Request seeks privileged

23 | materials and work product created by MLBPA in the course of internal

24 | investigations led by attorneys and conducted in anticipation of litigation, including

25 | potential grievance arbitrations or disciplinary actions involving players. Any such

26 | investigation materials reflect attorneys' legal judgments, legal advice, mental

27 | impressions and analysis and thus are entitled to protection from disclosure by the

28 | attorney-client privilege and/or the attorney work product doctrine and/or

6

1 communications between the union, its employees, and its members pertaining to

2 representational matters, contract interpretation, and bargaining.

3 **REQUEST FOR PRODUCTION NO. 5:**

4     All evidence of complaints against Trevor Bauer for sexual assault.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

6     In addition to the objections above that are incorporated by reference herein,

7 MLBPA objects that this Request is overbroad and unduly burdensome to the extent

8 it requests "[a]ll evidence of complaints." MLBPA further objects that this Request

9 is overbroad, vague, and ambiguous as to "evidence of complaints" and the scope of

10 what information falls within this Request.

11     MLBPA further objects to the extent that this Request seeks privileged

12 materials and work product created by MLBPA in the course of internal

13 investigations led by attorneys and conducted in anticipation of litigation, including

14 potential grievance arbitrations or disciplinary actions involving players. Any such

15 investigation materials reflect attorneys' legal judgments, legal advice, mental

16 impressions and analysis and thus are entitled to protection from disclosure by the

17 attorney-client privilege and/or the attorney work product doctrine and/or

18 communications between the union, its employees, and its members pertaining to

19 representational matters, contract interpretation, and bargaining.

20 **REQUEST FOR PRODUCTION NO. 6:**

21     To include all documents concerning Initial Evaluation, treatment plan and

22 Joint Policy Board findings.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

24     In addition to the objections above that are incorporated by reference herein,

25 MLBPA objects that this Request is overbroad and unduly burdensome to the extent

26 it requests "[a]ll documents." MLBPA further objects that this Request is overbroad,

27 vague, and ambiguous as to documents "concerning" particular information and the

28 scope of what information falls within this Request. MLBPA further objects that this

7

1  Request as vague and ambiguous because the Request does not define the terms

2  "Initial Evaluation," "treatment plan," and "Joint Policy Board findings."

3       MLBPA further objects to the extent that this Request seeks privileged

4  materials and work product created by MLBPA in the course of internal

5  investigations led by attorneys and conducted in anticipation of litigation, including

6  potential grievance arbitrations or disciplinary actions involving players. Any such

7  investigation materials reflect attorneys' legal judgments, legal advice, mental

8  impressions and analysis and thus are entitled to protection from disclosure by the

9  attorney-client privilege and/or the attorney work product doctrine and/or

10  communications between the union, its employees, and its members pertaining to

11  representational matters, contract interpretation, and bargaining. MLBPA further

12  objects that this Request seeks disclosure of private and confidential medical

13  information which MLBPA is restricted from disclosing because of medical

14  privilege, physician-patient privilege, and because of the confidential and private

15  nature of such information.

16

17  DATED:  April 25, 2023

18

19

20                              By:  /s/ Michael Rubin
                                    Attorneys for Third Party Major League
21                                  Baseball Players Association

22

23

24

25

26

27

28

                                        8

<u>**PROOF OF SERVICE**</u>

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108.  On April 25, 2023, I served the following document(s):

**THIRD PARTY MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION'S RESPONSES AND OBJECTIONS TO SUBPOENA**

on the parties as designated below:

<u>**By First-Class Mail:**</u> I am familiar with Altshuler Berzon LLP's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

<u>**By Electronic Mail:**</u> I caused such document(s) to be served via electronic mail on the parties in this action by transmitting true and correct copies to the following email address(es):

| | |
|---|---|
| Bryan J Freedman | *Attorneys for Lindsey C Hill* |
| Jesse A Kaplan | |
| **FREEDMAN + TAITELMAN LLP** | |
| 1801 Century Park West 5th Floor | |
| Los Angeles, CA 90067 | |
| Email:  bfreedman@ftllp.com | |
|         jkaplan@ftllp.com | |

| | |
|---|---|
| Christopher P Wesierski | *Attorneys for Lindsey C Hill* |
| Brett Andrew Smith | |
| Michelle R Prescott | |
| Eileen Spadoni | |
| **WESIERSKI & ZUREK LLP** | |
| 29 Orchard Road | |
| Lake Forest, CA 92630 | |
| Email:  cwesierski@wzllp.com | |
|         bsmith@wzllp.com | |
|         mprescott@wzllp.com | |
|         espadoni@wzllp.com | |

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.  Executed April 25, 2023, at San Francisco, California.

3

4                                              _____
                                                        Isabella Kearns
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D



**DANIEL L. MARTENS**
**SENIOR VICE PRESIDENT & GENERAL COUNSEL**

**1000 VIN SCULLY AVENUE**
**LOS ANGELES, CALIFORNIA 90012**

April 24, 2023

**<u>VIA E-MAIL AND U.S. MAIL</u>**

Michelle R. Prescott, Esq.
29 Orchard Road
Lake Forest, California 92630
E-mail: *mprescott@wzllp.com*

   Re: Objections to Subpoena

Dear Ms. Prescott:

   I have been provided with a copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena') that your office issued in the matter encaptioned *Trevor Bauer v. Lindsey C. Hill*, United States District Court Case No. 8:22-cv-00868-JVS-ADS.

   Los Angeles Dodgers LLC (the "Dodgers") hereby objects to the Subpoena in its entirety on the grounds that it was not properly served, noticed, delivered, and/or issued, and that it is not timely. The Dodgers further object to the Subpoena on the grounds that it is overbroad, unduly burdensome, and oppressive. The Dodgers object to the Subpoena on the grounds that it seeks information and/or documents that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. In addition, the Dodgers object on the grounds that the Subpoena invades the right to privacy under the California Constitution and/or other applicable law, and seeks confidential and/or proprietary documents and information.

   Based on the objections set forth above, the Dodgers will not produce any documents in response to the Subpoena. If you would like to discuss this matter, please feel free to contact me at (323) 224-1322 or DMartens@ladodgers.com.

   Very truly yours,

Daniel L. Martens
Senior Vice President & General Counsel

cc:  Jon R. Fetterolf (via e-mail only)
  *JFetterolf@zuckerman.com*

EXHIBIT E

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868 JVS(ADSx) |
| Plaintiff, | Assigned for all purposes to the Hon. James V. Selna |
| vs. | |
| LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH, | **PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S SUBPOENA TO MAJOR LEAGUE BASEBALL** |
| Defendants. | Action Filed:        April 25, 2022 |

30744-00002/812684.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Trevor Bauer hereby objects to Defendant Lindsey Hill's Subpoena to Major League Baseball commanding production of documents on April 25, 2023.

**RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED FROM MAJOR LEAGUE BASEBALL**

**REQUEST FOR PRODUCTION NO. 1:**

All evidence produced during the appeal of Trevor Bauer's suspension.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Bauer objects to this Request on the grounds that it seeks documents that Major League Baseball has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential employment actions and arbitration proceedings. Bauer further objects to this Request on the grounds that disclosure of records relating to Major League Baseball's investigation, suspension, and arbitration would squarely violate both the Basic Agreement between Major League Baseball and the Major League Baseball Players Association, and the Confidential Agreement between Hill and Major League Baseball.

Bauer further objects to this Request on the grounds that it seeks information of a confidential, proprietary or sensitive personal nature that infringes on his privacy rights or the privacy rights of third parties protected under the California Constitution. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks discovery from a [party] concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"). Bauer further objects to this Request on the grounds that it seeks employment-related records that Bauer has a right to keep private under both federal and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July 8, 2008).

Bauer further objects to this Request on the ground that there is no "compelling

1  interest" that would justify Major League Baseball violating its contractual duty to
2  uphold the confidentiality of the requested information or would justify intrusion into
3  Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th
4  531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious
5  invasion of an interest fundamental to personal autonomy."). There is no "compelling
6  interest" because the information sought by this Request is not relevant to any claims
7  or defenses in this case, nor reasonably calculated to lead to discovery of admissible
8  evidence. This Request seeks financial, business, employment, and/or personal
9  information that goes beyond the scope of information relevant to any party's claims,
10 defenses, or damages. Finally, Bauer objects to this Request because it is overly broad
11 in that it is not restricted to a reasonable period of time.

12 **REQUEST FOR PRODUCTION NO. 2:**

13       All transcripts from any witness that presented testimony during the appeal.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

15       Bauer objects to this Request on the grounds that it seeks documents that Major
16 League Baseball has a statutory, contractual, or other duty to maintain as confidential,
17 including, but not limited to, documents related to confidential employment actions
18 and arbitration proceedings. Bauer further objects to this Request on the grounds that
19 disclosure of these transcripts would squarely violate both the Basic Agreement
20 between Major League Baseball and the Major League Baseball Players Association,
21 and the Confidential Agreement between Hill and Major League Baseball.

22       Bauer further objects to this Request on the grounds that it seeks information
23 of a confidential, proprietary or sensitive personal nature that infringes on his privacy
24 rights or the privacy rights of third parties protected under the California Constitution.
25 *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks
26 discovery from a [party] concerning sexual matters protected by the constitutional
27 right of privacy, the intrusion upon sexual privacy may only be done on the basis of
28 practical necessity"). Bauer further objects to this Request on the grounds that it seeks

1  employment-related records in which Bauer has a right to keep private under both
2  federal and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D.
3  Cal. July 8, 2008).

4      Bauer further objects to this Request on the grounds that there is no
5  "compelling interest" that would justify Major League Baseball violating its
6  contractual duty to uphold the confidentiality of the requested information or would
7  justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v.*
8  *Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required
9  to justify an obvious invasion of an interest fundamental to personal autonomy.").
10 There is no "compelling interest" because the information sought by this Request is
11 not relevant to any claims or defenses in this case, nor reasonably calculated to lead
12 to discovery of admissible evidence. This Request seeks financial, business,
13 employment, and/or personal information that goes beyond the scope of information
14 relevant to any party's claims, defenses, or damages.

15 **REQUEST FOR PRODUCTION NO. 3:**

16     All evidence relied upon in rendering a decision regarding Trevor Bauer's
17 suspension appeal.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

19     Bauer objects to this Request on the grounds that it assumes facts, events, and
20 legal conclusions that are not accurate. Major League Baseball did not render a
21 decision on the suspension appeal.

22     Bauer further objects to this Request on the grounds that it seeks documents
23 that Major League Baseball has a statutory, contractual, or other duty to maintain as
24 confidential, including, but not limited to, documents related to confidential
25 employment actions and arbitration proceedings. Bauer further objects to this Request
26 on the grounds that disclosure of records relating to Major League Baseball's
27 investigation, suspension, and arbitration would squarely violate both the Basic
28 Agreement between Major League Baseball and the Major League Baseball Players

1   Association, and the Confidential Agreement between Hill and Major League
2   Baseball.

3       Bauer further objects to this Request on the grounds that it seeks information
4   of a confidential, proprietary or sensitive personal nature that infringes on his privacy
5   rights or the privacy rights of third parties protected under the California Constitution.
6   *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks
7   discovery from a [party] concerning sexual matters protected by the constitutional
8   right of privacy, the intrusion upon sexual privacy may only be done on the basis of
9   practical necessity"). Bauer further objects to this Request on the grounds that it seeks
10  employment-related records that Bauer has a right to keep private under both federal
11  and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July
12  8, 2008).

13      Bauer further objects to this Request on the grounds that there is no
14  "compelling interest" that would justify Major League Baseball violating its
15  contractual duty to uphold the confidentiality of the requested information or would
16  justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v.*
17  *Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required
18  to justify an obvious invasion of an interest fundamental to personal autonomy.").
19  There is no "compelling interest" because the information sought by this Request is
20  not relevant to any claims or defenses in this case, nor reasonably calculated to lead
21  to discovery of admissible evidence. This Request seeks financial, business,
22  employment, and/or personal information that goes beyond the scope of information
23  relevant to any party's claims, defenses, or damages.

24      Bauer also objects to this request to the extent it seeks the grounds, analysis,
25  and deliberative process for the arbitrator's decision on the ground of arbitral
26  privilege. *See National Hockey League Players' Ass'n. v. Bettman*, 1994 U.S. Dist.
27  LEXIS 1160 at *25 (S.D.N.Y. Feb. 4, 1994).

28

5
PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S
SUBPOENA TO MAJOR LEAGUE BASEBALL

1  **REQUEST FOR PRODUCTION NO. 4:**

2  The final determination and reasoning for Trevor Bauer's suspension.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

4  Bauer objects to this Request on the grounds that it assumes facts, events, and

5  legal conclusions that are not accurate. Major League Baseball did not render a

6  decision on the suspension appeal.

7  Bauer further objects to this Request on the grounds that it seeks documents

8  that Major League Baseball has a statutory, contractual, or other duty to maintain as

9  confidential, including, but not limited to, documents related to confidential

10  employment actions and arbitration proceedings. Bauer further objects to this Request

11  on the grounds that disclosure of records relating to Major League Baseball's

12  investigation, suspension, and arbitration would squarely violate both the Basic

13  Agreement between Major League Baseball and the Major League Baseball Players

14  Association, and the Confidential Agreement between Hill and Major League

15  Baseball.

16  Bauer further objects to this Request on the grounds that it seeks information

17  of a confidential, proprietary or sensitive personal nature that infringes on his privacy

18  rights or the privacy rights of third parties protected under the California Constitution.

19  *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

20  discovery from a [party] concerning sexual matters protected by the constitutional

21  right of privacy, the intrusion upon sexual privacy may only be done on the basis of

22  practical necessity"). Bauer further objects to this Request on the grounds that it seeks

23  employment-related records that Bauer has a right to keep private under both federal

24  and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

25  8, 2008).

26  Bauer further objects to this Request on the grounds that there is no

27  "compelling interest" that would justify Major League Baseball violating its

28  contractual duty to uphold the confidentiality of the requested information or would

1  justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v.*
2  *Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required
3  to justify an obvious invasion of an interest fundamental to personal autonomy.").
4  There is no "compelling interest" because the information sought by this Request is
5  not relevant to any claims or defenses in this case, nor reasonably calculated to lead
6  to discovery of admissible evidence. This Request seeks financial, business,
7  employment, and/or personal information that goes beyond the scope of information
8  relevant to any party's claims, defenses, or damages.

9      Bauer also objects to this request to the extent it seeks the grounds, analysis,
10 and deliberative process for the arbitrator's decision on the ground of arbitral
11 privilege. *See National Hockey League Players' Ass'n. v. Bettman*, 1994 U.S. Dist.
12 LEXIS 1160 at *25 (S.D.N.Y. Feb. 4, 1994).

13 **REQUEST FOR PRODUCTION NO. 5:**

14     All evidence of complaints against Trevor Bauer for sexual assault.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16     Bauer objects to this Request on the grounds that it seeks documents that Major
17 League Baseball has a statutory, contractual, or other duty to maintain as confidential,
18 including, but not limited to, documents related to confidential employment actions
19 and arbitration proceedings. Bauer further objects to this Request on the grounds that
20 disclosure of responsive records, to the extent they exist, would squarely violate both
21 the Basic Agreement between Major League Baseball and the Major League Baseball
22 Players Association, and the Confidential Agreement between Hill and Major League
23 Baseball.

24     Bauer further objects to this Request on the grounds that it seeks information
25 of a confidential, proprietary or sensitive personal nature that infringes on his privacy
26 rights or the privacy rights of third parties protected under the California Constitution.
27 *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks
28 discovery from a [party] concerning sexual matters protected by the constitutional

1  right of privacy, the intrusion upon sexual privacy may only be done on the basis of
2  practical necessity"). Bauer further objects to this Request on the grounds that it seeks
3  employment-related records that Bauer has a right to keep private under both federal
4  and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July
5  8, 2008).

6      Bauer further objects to this Request on the grounds that there is no
7  "compelling interest" that would justify Major League Baseball violating its
8  contractual duty to uphold the confidentiality of the requested information or would
9  justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v.*
10 *Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required
11 to justify an obvious invasion of an interest fundamental to personal autonomy.").
12 There is no "compelling interest" because the information sought by this Request is
13 not relevant to any claims or defenses in this case, nor reasonably calculated to lead
14 to discovery of admissible evidence. This Request seeks financial, business,
15 employment, and/or personal information that goes beyond the scope of information
16 relevant to any party's claims, defenses, or damages. Finally, Bauer objects to this
17 Request because it is overly broad in that it is not restricted to a reasonable period of
18 time.

19 **REQUEST FOR PRODUCTION NO. 6:**

20     To include all documents concerning Initial Evaluation, treatment plan and
21 Joint Policy Board findings.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

23     Bauer objects to this Request on the grounds that it is incomprehensible and
24 ambiguous as written. Bauer further objects to this Request because "Initial
25 Evaluation," "treatment plan," and "Joint Policy Board findings" are not defined in
26 the Requests. Bauer responds below to the best of his understanding and reserves all
27 rights to supplement his response if and when Hill's counsel clarifies what this
28 Request seeks.

30744-00002/812684.1

8

PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S
SUBPOENA TO MAJOR LEAGUE BASEBALL

1    Bauer objects to this Request on the grounds that it seeks documents that Major

2   League Baseball has a statutory, contractual, or other duty to maintain as confidential,

3   including, but not limited to, documents related to confidential employment actions

4   and arbitration proceedings. Bauer further objects to this Request on the grounds that

5   disclosure of records relating to Major League Baseball's investigation, suspension,

6   and arbitration would squarely violate both the Basic Agreement between Major

7   League Baseball and the Major League Baseball Players Association, and the

8   Confidential Agreement between Hill and Major League Baseball.

9    Bauer further objects to this Request on the grounds that it seeks information

10   of a confidential, proprietary or sensitive personal nature that infringes on his privacy

11   rights or the privacy rights of third parties protected under the California Constitution.

12   *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

13   discovery from a [party] concerning sexual matters protected by the constitutional

14   right of privacy, the intrusion upon sexual privacy may only be done on the basis of

15   practical necessity"). Bauer further objects to this Request on the grounds that it seeks

16   employment-related records that Bauer has a right to keep private under both federal

17   and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

18   8, 2008).

19    Bauer further objects to this Request on the grounds that there is no

20   "compelling interest" that would justify Major League Baseball violating its

21   contractual duty to uphold the confidentiality of the requested information or would

22   justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v.*

23   *Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required

24   to justify an obvious invasion of an interest fundamental to personal autonomy."25 ).

25   There is no "compelling interest" because the information sought by this Request is

26   not relevant to any claims or defenses in this case, nor reasonably calculated to lead

27   to discovery of admissible evidence. This Request seeks financial, business,

28   employment, and/or personal information that goes beyond the scope of information

relevant to any party's claims, defenses, or damages. Finally, Bauer objects to this Request because it is overly broad in that it is not restricted to a reasonable period of time.

DATED:  April 21, 2023               ZUCKERMAN SPAEDER LLP


By:  */s/ Blair G. Brown*
     Blair G. Brown
     Attorneys for Plaintiff Trevor Bauer

10

PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S
SUBPOENA TO MAJOR LEAGUE BASEBALL

## PROOF OF SERVICE

I hereby certify that on this 21st day of April, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

## SERVICE LIST

Bryan J Freedman
Jesse A Kaplan
**FREEDMAN + TAITELMAN LLP**
1801 Century Park West 5th Floor
Los Angeles, CA 90067

*Attorneys for Lindsey C Hill*

Email:
bfreedman@ftllp.com
jkaplan@ftllp.com

Christopher P Wesierski
Brett Andrew Smith
Michelle R Prescott
Eileen Spadoni
**WESIERSKI & ZUREK LLP**
29 Orchard Road
Lake Forest, CA 92630

*Attorneys for Lindsey C Hill*

Email:
cwesierski@wzllp.com
bsmith@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com

/s/ Blair G. Brown

30744-00002/812684.1

PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S SUBPOENA TO MAJOR LEAGUE BASEBALL

# EXHIBIT F

1  KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
   Shawn Holley (Cal. Bar No. 136811)
2  Suann MacIsaac (Cal. Bar No. 205659)
   11766 Wilshire Boulevard, Suite 750
3  Los Angeles, CA 90025
   Tel: (310) 566-9800
4  Fax: (310) 566-9873
   sholley@kwikhlaw.com
5  smacisaac@kwikhlaw.com

6  ZUCKERMAN SPAEDER LLP
   Blair G. Brown (admitted *pro hac vice*)
7  Jon R. Fetterolf (admitted *pro hac vice*)
   1800 M Street, N.W., Suite 1000
8  Washington, D.C. 20036
   Tel: (202) 778-1800
9  Fax: (202) 882-8106
   bbrown@zuckerman.com
10 jfetterolf@zuckerman.com

11 ZUCKERMAN SPAEDER LLP
   Nell Z. Peyser (admitted *pro hac vice*)
12 485 Madison Ave., 10th Floor
   New York, NY 10022
13 Tel: (212) 704-9600
   Fax: (212) 704-4256
14 npeyser@zuckerman.com

15 *Attorneys for Plaintiff*

16            UNITED STATES DISTRICT COURT
17            CENTRAL DISTRICT OF CALIFORNIA
                    SOUTHERN DIVISION
18

19 TREVOR BAUER,                        | Case No. 8:22-cv-00868 JVS(ADSx)

20        Plaintiff,                    | Assigned for all purposes to the Hon. James V. Selna

21     vs.

22 LINDSEY C. HILL AND NIRANJAN         | **PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S SUBPOENA TO MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION**
   FRED THIAGARAJAH,
23
          Defendants.
24

25                                       | Action Filed:      April 25, 2022

26

27

28

30744-00002/812684.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Trevor Bauer hereby objects to Defendant Lindsey Hill's Subpoena to Major League Baseball Players Association ("MLBPA") commanding production of documents on April 25, 2023.

## RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED FROM MLBPA

### REQUEST FOR PRODUCTION NO. 1:

All evidence produced during the appeal of Trevor Bauer's suspension.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Bauer objects to this Request on the grounds that it seeks information covered by the attorney-client privilege, the work product doctrine, common interest privilege and protection, or any other privilege or immunity from production.

Bauer further objects to this Request on the grounds that it seeks documents that MLBPA has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential employment actions and arbitration proceedings. Bauer further objects to this Request on the grounds that disclosure of records relating to the appeal of Bauer's suspension would squarely violate the Basic Agreement between Major League Baseball and MLBPA.

Bauer further objects to this Request on the grounds that it seeks information of a confidential, proprietary or sensitive personal nature that infringes on his privacy rights or the privacy rights of third parties protected under the California Constitution. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks discovery from a [party] concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"). Bauer further objects to this Request on the grounds that it seeks employment-related records that Bauer has a right to keep private under both federal and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July 8, 2008).

1    Bauer further objects to this Request on the ground that there is no "compelling

2   interest" that would justify MLBPA violating its contractual duty to uphold the

3   confidentiality of the requested information or would justify intrusion into Bauer's

4   constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556

5   (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of

6   an interest fundamental to personal autonomy."). There is no "compelling interest"

7   because the information sought by this Request is not relevant to any claims or

8   defenses in this case, nor reasonably calculated to lead to discovery of admissible

9   evidence. This Request seeks financial, business, employment, and/or personal

10  information that goes beyond the scope of information relevant to any party's claims,

11  defenses, or damages. Finally, Bauer objects to this Request because it is overly broad

12  in that it is not restricted to a reasonable period of time.

13  **REQUEST FOR PRODUCTION NO. 2:**

14   All transcripts from any witness that presented testimony during the appeal.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

16   Bauer objects to this Request on the grounds that it seeks information covered

17  by the attorney-client privilege, the work product doctrine, common interest privilege

18  and protection, or any other privilege or immunity from production.

19   Bauer further objects to this Request on the grounds that it seeks documents

20  that MLBPA has a statutory, contractual, or other duty to maintain as confidential,

21  including, but not limited to, documents related to confidential employment actions

22  and arbitration proceedings. Bauer further objects to this Request on the grounds that

23  disclosure of these transcripts would squarely violate the Basic Agreement between

24  Major League Baseball and MLBPA.

25   Bauer further objects to this Request on the grounds that it seeks information

26  of a confidential, proprietary or sensitive personal nature that infringes on his privacy

27  rights or the privacy rights of third parties protected under the California Constitution.

28  *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

3

1  discovery from a [party] concerning sexual matters protected by the constitutional
2  right of privacy, the intrusion upon sexual privacy may only be done on the basis of
3  practical necessity"). Bauer further objects to this Request on the grounds that it seeks
4  employment-related records in which Bauer has a right to keep private under both
5  federal and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D.
6  Cal. July 8, 2008).

7      Bauer further objects to this Request on the grounds that there is no
8  "compelling interest" that would justify MLBPA violating its contractual duty to
9  uphold the confidentiality of the requested information or would justify intrusion into
10  Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th
11  531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious
12  invasion of an interest fundamental to personal autonomy."). There is no "compelling
13  interest" because the information sought by this Request is not relevant to any claims
14  or defenses in this case, nor reasonably calculated to lead to discovery of admissible
15  evidence. This Request seeks financial, business, employment, and/or personal
16  information that goes beyond the scope of information relevant to any party's claims,
17  defenses, or damages.

18  **REQUEST FOR PRODUCTION NO. 3:**

19      All evidence relied upon in rendering a decision regarding Trevor Bauer's
20  suspension appeal.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

22      Bauer objects to this Request on the grounds that it assumes facts, events, and
23  legal conclusions that are not accurate. MLBPA did not render a decision on the
24  suspension appeal.

25      Bauer further objects to this Request on the grounds that it seeks information
26  covered by the attorney-client privilege, the work product doctrine, common interest
27  privilege and protection, or any other privilege or immunity from production.

28      Bauer further objects to this Request on the grounds that it seeks documents

1   that MLBPA has a statutory, contractual, or other duty to maintain as confidential,

2   including, but not limited to, documents related to confidential employment actions

3   and arbitration proceedings. Bauer further objects to this Request on the grounds that

4   disclosure of records relating to Major League Baseball's investigation, suspension,

5   and arbitration would squarely violate the Basic Agreement between Major League

6   Baseball and MLBPA.

7      Bauer further objects to this Request on the grounds that it seeks information

8   of a confidential, proprietary or sensitive personal nature that infringes on his privacy

9   rights or the privacy rights of third parties protected under the California Constitution.

10   *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

11   discovery from a [party] concerning sexual matters protected by the constitutional

12   right of privacy, the intrusion upon sexual privacy may only be done on the basis of

13   practical necessity"). Bauer further objects to this Request on the grounds that it seeks

14   employment-related records that Bauer has a right to keep private under both federal

15   and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

16   8, 2008).

17      Bauer further objects to this Request on the grounds that there is no

18   "compelling interest" that would justify MLBPA violating its contractual duty to

19   uphold the confidentiality of the requested information or would justify intrusion into

20   Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th

21   531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious

22   invasion of an interest fundamental to personal autonomy."). There is no "compelling

23   interest" because the information sought by this Request is not relevant to any claims

24   or defenses in this case, nor reasonably calculated to lead to discovery of admissible

25   evidence. This Request seeks financial, business, employment, and/or personal

26   information that goes beyond the scope of information relevant to any party's claims,

27   defenses, or damages.

28      Bauer also objects to this request to the extent it seeks the grounds, analysis,

1  and deliberative process for the arbitrator's decision on the ground of arbitral

2  privilege. *See National Hockey League Players' Ass'n. v. Bettman*, 1994 U.S. Dist.

3  LEXIS 1160 at *25 (S.D.N.Y. Feb. 4, 1994).

4  **REQUEST FOR PRODUCTION NO. 4:**

5       The final determination and reasoning for Trevor Bauer's suspension.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

7       Bauer objects to this Request on the grounds that it assumes facts, events, and

8  legal conclusions that are not accurate. MLBPA did not render a decision on the

9  suspension appeal.

10       Bauer further objects to this Request on the grounds that it seeks information

11  covered by the attorney-client privilege, the work product doctrine, common interest

12  privilege and protection, or any other privilege or immunity from production.

13       Bauer further objects to this Request on the grounds that it seeks documents

14  that MLBPA has a statutory, contractual, or other duty to maintain as confidential,

15  including, but not limited to, documents related to confidential employment actions

16  and arbitration proceedings. Bauer further objects to this Request on the grounds that

17  disclosure of records relating to Major League Baseball's investigation, suspension,

18  and arbitration would squarely violate the Basic Agreement between Major League

19  Baseball and MLBPA.

20       Bauer further objects to this Request on the grounds that it seeks information

21  of a confidential, proprietary or sensitive personal nature that infringes on his privacy

22  rights or the privacy rights of third parties protected under the California Constitution.

23  *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

24  discovery from a [party] concerning sexual matters protected by the constitutional

25  right of privacy, the intrusion upon sexual privacy may only be done on the basis of

26  practical necessity"). Bauer further objects to this Request on the grounds that it seeks

27  employment-related records that Bauer has a right to keep private under both federal

28  and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

1  8, 2008).

2  Bauer further objects to this Request on the grounds that there is no

3  "compelling interest" that would justify MLBPA violating its contractual duty to

4  uphold the confidentiality of the requested information or would justify intrusion into

5  Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th

6  531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious

7  invasion of an interest fundamental to personal autonomy."). There is no "compelling

8  interest" because the information sought by this Request is not relevant to any claims

9  or defenses in this case, nor reasonably calculated to lead to discovery of admissible

10  evidence. This Request seeks financial, business, employment, and/or personal

11  information that goes beyond the scope of information relevant to any party's claims,

12  defenses, or damages.

13  Bauer also objects to this request to the extent it seeks the grounds, analysis,

14  and deliberative process for the arbitrator's decision on the ground of arbitral

15  privilege. *See National Hockey League Players' Ass'n. v. Bettman*, 1994 U.S. Dist.

16  LEXIS 1160 at *25 (S.D.N.Y. Feb. 4, 1994).

17  **REQUEST FOR PRODUCTION NO. 5:**

18  All evidence of complaints against Trevor Bauer for sexual assault.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

20  Bauer objects to this Request on the grounds that it seeks information covered

21  by the attorney-client privilege, the work product doctrine, common interest privilege

22  and protection, or any other privilege or immunity from production.

23  Bauer further objects to this Request on the grounds that it seeks documents

24  that MLBPA has a statutory, contractual, or other duty to maintain as confidential,

25  including, but not limited to, documents related to confidential employment actions

26  and arbitration proceedings. Bauer further objects to this Request on the grounds that

27  disclosure of responsive records, to the extent they exist, would squarely violate the

28  Basic Agreement between Major League Baseball and MLBPA.

7

1    Bauer further objects to this Request on the grounds that it seeks information

2    of a confidential, proprietary or sensitive personal nature that infringes on his privacy

3    rights or the privacy rights of third parties protected under the California Constitution.

4    *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

5    discovery from a [party] concerning sexual matters protected by the constitutional

6    right of privacy, the intrusion upon sexual privacy may only be done on the basis of

7    practical necessity"). Bauer further objects to this Request on the grounds that it seeks

8    employment-related records that Bauer has a right to keep private under both federal

9    and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

10   8, 2008).

11   Bauer further objects to this Request on the grounds that there is no

12   "compelling interest" that would justify MLBPA violating its contractual duty to

13   uphold the confidentiality of the requested information or would justify intrusion into

14   Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th

15   531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious

16   invasion of an interest fundamental to personal autonomy."). There is no "compelling

17   interest" because the information sought by this Request is not relevant to any claims

18   or defenses in this case, nor reasonably calculated to lead to discovery of admissible

19   evidence. This Request seeks financial, business, employment, and/or personal

20   information that goes beyond the scope of information relevant to any party's claims,

21   defenses, or damages. Finally, Bauer objects to this Request because it is overly broad

22   in that it is not restricted to a reasonable period of time.

23   **REQUEST FOR PRODUCTION NO. 6:**

24   To include all documents concerning Initial Evaluation, treatment plan and

25   Joint Policy Board findings.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27   Bauer objects to this Request on the grounds that it is incomprehensible and

28   ambiguous as written. Bauer further objects to this Request because "Initial

30744-00002/812684.1                                      8

Evaluation," "treatment plan," and "Joint Policy Board findings" are not defined in the Requests. Bauer responds below to the best of his understanding and reserves all rights to supplement his response if and when Hill's counsel clarifies what this Request seeks.

Bauer objects to this Request on the grounds that it seeks information covered by the attorney-client privilege, the work product doctrine, common interest privilege and protection, or any other privilege or immunity from production.

Bauer further objects to this Request on the grounds that it seeks documents that MLBPA has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential employment actions and arbitration proceedings. Bauer further objects to this Request on the grounds that disclosure of records relating to Major League Baseball's investigation, suspension, and arbitration would squarely violate the Basic Agreement between Major League Baseball and MLBPA.

Bauer further objects to this Request on the grounds that it seeks information of a confidential, proprietary or sensitive personal nature that infringes on his privacy rights or the privacy rights of third parties protected under the California Constitution. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks discovery from a [party] concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"). Bauer further objects to this Request on the grounds that it seeks employment-related records that Bauer has a right to keep private under both federal and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July 8, 2008).

Bauer further objects to this Request on the grounds that there is no "compelling interest" that would justify MLBPA violating its contractual duty to uphold the confidentiality of the requested information or would justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th

531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy."). There is no "compelling interest" because the information sought by this Request is not relevant to any claims or defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. This Request seeks financial, business, employment, and/or personal information that goes beyond the scope of information relevant to any party's claims, defenses, or damages. Finally, Bauer objects to this Request because it is overly broad in that it is not restricted to a reasonable period of time.

DATED:  April 21, 2023          ZUCKERMAN SPAEDER LLP

By:  */s/ Blair G. Brown*
      Blair G. Brown
      Attorneys for Plaintiff Trevor Bauer

## PROOF OF SERVICE

I hereby certify that on this 21st day of April, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

## SERVICE LIST

Bryan J Freedman
Jesse A Kaplan
**FREEDMAN + TAITELMAN LLP**
1801 Century Park West 5th Floor
Los Angeles, CA 90067

*Attorneys for Lindsey C Hill*

Email:
bfreedman@ftllp.com
jkaplan@ftllp.com

Christopher P Wesierski
Brett Andrew Smith
Michelle R Prescott
Eileen Spadoni
**WESIERSKI & ZUREK LLP**
29 Orchard Road
Lake Forest, CA 92630

*Attorneys for Lindsey C Hill*

Email:
cwesierski@wzllp.com
bsmith@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com

/s/ Blair G. Brown

30744-00002/812684.1

PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S
SUBPOENA TO MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION

# EXHIBIT G

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868 JVS(ADSx) |
| Plaintiff, | Assigned for all purposes to the Hon. James V. Selna |
| vs. | |
| LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH, | **PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S SUBPOENA TO LOS ANGELES DODGERS, LLC** |
| Defendants. | Action Filed:     April 25, 2022 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Trevor Bauer hereby objects to Defendant Lindsey Hill's Subpoena to Los Angeles Dodgers, LLC (the "Dodgers") commanding production of documents on April 25, 2023.

## RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED FROM THE DODGERS

**REQUEST FOR PRODUCTION NO. 1:**

Contract with Trevor Bauer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Bauer objects to this Request on the ground that it seeks employment-related records that Bauer has a right to keep private under both federal and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July 8, 2008). Bauer further objects to this Request on the ground that there is no "compelling interest" that would justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy."). There is no "compelling interest" because the information sought by this Request is no longer relevant to any claims or defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. This Request seeks financial, business, employment, and/or personal information that goes beyond the scope of information relevant to any party's claims, defenses, or damages.

**REQUEST FOR PRODUCTION NO. 2:**

Communications with (meaning to or from) Trevor Bauer, or his representatives, regarding contract breach, change in terms of contract, suspension, evidence of payments made under the contract, for any payment due but not made[,] evidence of the reasons such payment was not made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Bauer objects to this Request on the grounds that it assumes facts, events, and

1  legal conclusions that are not accurate. There was no breach of Bauer's contract with

2  the Dodgers.

3      Bauer further objects to this Request on the grounds that it seeks documents

4  that the Dodgers have a statutory, contractual, or other duty to maintain as

5  confidential, including, but not limited to, documents related to confidential

6  employment actions and disputes covered under the grievance procedure set forth in

7  the Basic Agreement between Major League Baseball and the Major League Baseball

8  Players Association. Bauer further objects to this Request on the grounds that

9  disclosure of records responsive to this Request would squarely violate the Major

10 League Uniform Player's Contract between the Dodgers and Bauer.

11     Bauer further objects to this Request on the grounds that it seeks information

12 of a confidential, proprietary or sensitive personal nature that infringes on his privacy

13 rights or the privacy rights of third parties protected under the California Constitution.

14 *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

15 discovery from a [party] concerning sexual matters protected by the constitutional

16 right of privacy, the intrusion upon sexual privacy may only be done on the basis of

17 practical necessity"). Bauer further objects to this Request on the grounds that it seeks

18 employment-related records that Bauer has a right to keep private under both federal

19 and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

20 8, 2008).

21     Bauer further objects to this Request on the ground that there is no "compelling

22 interest" that would justify the Dodgers violating their contractual duty to uphold the

23 confidentiality of the requested information or would justify intrusion into Bauer's

24 constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556

25 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of

26 an interest fundamental to personal autonomy."). There is no "compelling interest"

27 because the information sought by this Request is not relevant to any claims or

28 defenses in this case, nor reasonably calculated to lead to discovery of admissible

PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S
SUBPOENA TO LOS ANGELES DODGERS, LLC

1  evidence. This Request seeks financial, business, employment, and/or personal
2  information that goes beyond the scope of information relevant to any party's claims,
3  defenses, or damages. Finally, Bauer objects to this Request because it is overly broad
4  in that it is not restricted to a reasonable period of time.

5  **REQUEST FOR PRODUCTION NO. 3:**

6      All communications with Trevor Bauer, or his representatives, regarding
7  suspension or fines and reasons for suspension and/or fines.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9      Bauer objects to this Request on the grounds that it seeks documents that the
10  Dodgers have a statutory, contractual, or other duty to maintain as confidential,
11  including, but not limited to, documents related to confidential employment actions
12  and disputes covered under the grievance procedure set forth in the Basic Agreement
13  between Major League Baseball and the Major League Baseball Players Association.
14  Bauer further objects to this Request on the grounds that disclosure of records
15  responsive to this Request would squarely violate the Major League Uniform Player's
16  Contract between the Dodgers and Bauer.

17      Bauer further objects to this Request on the grounds that it seeks information
18  of a confidential, proprietary or sensitive personal nature that infringes on his privacy
19  rights or the privacy rights of third parties protected under the California Constitution.
20  *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks
21  discovery from a [party] concerning sexual matters protected by the constitutional
22  right of privacy, the intrusion upon sexual privacy may only be done on the basis of
23  practical necessity"). Bauer further objects to this Request on the grounds that it seeks
24  employment-related records that Bauer has a right to keep private under both federal
25  and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July
26  8, 2008).

27      Bauer further objects to this Request on the ground that there is no "compelling
28  interest" that would justify the Dodgers violating their contractual duty to uphold the

1    confidentiality of the requested information or would justify intrusion into Bauer's

2    constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556

3    (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of

4    an interest fundamental to personal autonomy."). There is no "compelling interest"

5    because the information sought by this Request is not relevant to any claims or

6    defenses in this case, nor reasonably calculated to lead to discovery of admissible

7    evidence. This Request seeks financial, business, employment, and/or personal

8    information that goes beyond the scope of information relevant to any party's claims,

9    defenses, or damages. Finally, Bauer objects to this Request because it is overly broad

10   in that it is not restricted to a reasonable period of time.

11   **REQUEST FOR PRODUCTION NO. 4:**

12        All evidence relied upon in determining there was a breach of contract.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

14        Bauer objects to this Request on the grounds that it assumes facts, events, and

15   legal conclusions that are not accurate. There was no breach of Bauer's contract with

16   the Dodgers.

17        Bauer further objects to this Request on the grounds that it seeks documents

18   that the Dodgers have a statutory, contractual, or other duty to maintain as

19   confidential, including, but not limited to, documents related to confidential

20   employment actions and disputes covered under the grievance procedure set forth in

21   the Basic Agreement between Major League Baseball and the Major League Baseball

22   Players Association. Bauer further objects to this Request on the grounds that

23   disclosure of records responsive to this Request would squarely violate the Major

24   League Uniform Player's Contract between the Dodgers and Bauer.

25        Bauer further objects to this Request on the grounds that it seeks information

26   of a confidential, proprietary or sensitive personal nature that infringes on his privacy

27   rights or the privacy rights of third parties protected under the California Constitution.

28   *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

1    discovery from a [party] concerning sexual matters protected by the constitutional

2    right of privacy, the intrusion upon sexual privacy may only be done on the basis of

3    practical necessity"). Bauer further objects to this Request on the grounds that it seeks

4    employment-related records that Bauer has a right to keep private under both federal

5    and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

6    8, 2008).

7        Bauer further objects to this Request on the ground that there is no "compelling

8    interest" that would justify the Dodgers violating their contractual duty to uphold the

9    confidentiality of the requested information or would justify intrusion into Bauer's

10    constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556

11    (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of

12    an interest fundamental to personal autonomy."). There is no "compelling interest"

13    because the information sought by this Request is not relevant to any claims or

14    defenses in this case, nor reasonably calculated to lead to discovery of admissible

15    evidence. This Request seeks financial, business, employment, and/or personal

16    information that goes beyond the scope of information relevant to any party's claims,

17    defenses, or damages. Finally, Bauer objects to this Request because it is overly broad

18    in that it is not restricted to a reasonable period of time.

19    **REQUEST FOR PRODUCTION NO. 5:**

20        All evidence relied upon in determining that Trevor Bauer should be

21    suspended.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

23        Bauer objects to this Request on the grounds that it assumes facts, events, and

24    legal conclusions that are not accurate. The Dodgers did not make any discipline

25    determinations.

26        Bauer further objects to this Request on the grounds that it seeks documents

27    that the Dodgers have a statutory, contractual, or other duty to maintain as

28    confidential, including, but not limited to, documents related to confidential

1   employment actions and disputes covered under the grievance procedure set forth in

2   the Basic Agreement between Major League Baseball and the Major League Baseball

3   Players Association. Bauer further objects to this Request on the grounds that

4   disclosure of records responsive to this Request would squarely violate the Major

5   League Uniform Player's Contract between the Dodgers and Bauer.

6   Bauer further objects to this Request on the grounds that it seeks information

7   of a confidential, proprietary or sensitive personal nature that infringes on his privacy

8   rights or the privacy rights of third parties protected under the California Constitution.

9   *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

10  discovery from a [party] concerning sexual matters protected by the constitutional

11  right of privacy, the intrusion upon sexual privacy may only be done on the basis of

12  practical necessity"). Bauer further objects to this Request on the grounds that it seeks

13  employment-related records that Bauer has a right to keep private under both federal

14  and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

15  8, 2008).

16  Bauer further objects to this Request on the ground that there is no "compelling

17  interest" that would justify the Dodgers violating their contractual duty to uphold the

18  confidentiality of the requested information or would justify intrusion into Bauer's

19  constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556

20  (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of

21  an interest fundamental to personal autonomy."). There is no "compelling interest"

22  because the information sought by this Request is not relevant to any claims or

23  defenses in this case, nor reasonably calculated to lead to discovery of admissible

24  evidence. This Request seeks financial, business, employment, and/or personal

25  information that goes beyond the scope of information relevant to any party's claims,

26  defenses, or damages. Finally, Bauer objects to this Request because it is overly broad

27  in that it is not restricted to a reasonable period of time.

28

30744-00002/812684.1

7

PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S
SUBPOENA TO LOS ANGELES DODGERS, LLC

1  **REQUEST FOR PRODUCTION NO. 6:**

2      All evidence of complaints against Trevor Bauer for sexual assault.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

4      Bauer objects to this Request on the grounds that it seeks documents that the

5  Dodgers have a statutory, contractual, or other duty to maintain as confidential,

6  including, but not limited to, documents related to confidential employment actions

7  and disputes covered under the grievance procedure set forth in the Basic Agreement

8  between Major League Baseball and the Major League Baseball Players Association.

9  Bauer further objects to this Request on the grounds that disclosure of records

10 responsive to this Request would squarely violate the Major League Uniform Player's

11 Contract between the Dodgers and Bauer.

12     Bauer further objects to this Request on the grounds that it seeks information

13 of a confidential, proprietary or sensitive personal nature that infringes on his privacy

14 rights or the privacy rights of third parties protected under the California Constitution.

15 *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks

16 discovery from a [party] concerning sexual matters protected by the constitutional

17 right of privacy, the intrusion upon sexual privacy may only be done on the basis of

18 practical necessity"). Bauer further objects to this Request on the grounds that it seeks

19 employment-related records that Bauer has a right to keep private under both federal

20 and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July

21 8, 2008).

22     Bauer further objects to this Request on the ground that there is no "compelling

23 interest" that would justify the Dodgers violating their contractual duty to uphold the

24 confidentiality of the requested information or would justify intrusion into Bauer's

25 constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556

26 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of

27 an interest fundamental to personal autonomy."). There is no "compelling interest"

28 because the information sought by this Request is not relevant to any claims or

30744-00002/812684.1                                    8

defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. This Request seeks financial, business, employment, and/or personal information that goes beyond the scope of information relevant to any party's claims, defenses, or damages. Finally, Bauer objects to this Request because it is overly broad in that it is not restricted to a reasonable period of time.

**REQUEST FOR PRODUCTION NO. 7:**

To include all documents concerning Initial Evaluation, treatment plan and Joint Policy Board findings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Bauer objects to this Request on the grounds that it is incomprehensible and ambiguous as written. Bauer further objects to this Request because "Initial Evaluation," "treatment plan," and "Joint Policy Board findings" are not defined in the Requests. Bauer responds below to the best of his understanding and reserves all rights to supplement his response if and when Hill's counsel clarifies what this Request seeks.

Bauer further objects to this Request on the grounds that it seeks documents that the Dodgers have a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential employment actions and disputes covered under the grievance procedure set forth in the Basic Agreement between Major League Baseball and the Major League Baseball Players Association. Bauer further objects to this Request on the grounds that disclosure of records responsive to this Request would squarely violate the Major League Uniform Player's Contract between the Dodgers and Bauer.

Bauer further objects to this Request on the grounds that it seeks information of a confidential, proprietary or sensitive personal nature that infringes on his privacy rights or the privacy rights of third parties protected under the California Constitution. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a [party] seeks discovery from a [party] concerning sexual matters protected by the constitutional

right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"). Bauer further objects to this Request on the grounds that it seeks employment-related records that Bauer has a right to keep private under both federal and California law. *Tierno v. Rite Aid Corp.*, 2008 WL 2705089, at *5 (N.D. Cal. July 8, 2008).

Bauer further objects to this Request on the ground that there is no "compelling interest" that would justify the Dodgers violating their contractual duty to uphold the confidentiality of the requested information or would justify intrusion into Bauer's constitutionally-protected privacy rights. *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy."). There is no "compelling interest" because the information sought by this Request is not relevant to any claims or defenses in this case, nor reasonably calculated to lead to discovery of admissible evidence. This Request seeks financial, business, employment, and/or personal information that goes beyond the scope of information relevant to any party's claims, defenses, or damages. Finally, Bauer objects to this Request because it is overly broad in that it is not restricted to a reasonable period of time.

DATED:  April 21, 2023          ZUCKERMAN SPAEDER LLP


                                By:  */s/ Blair G. Brown*
                                     Blair G. Brown
                                     Attorneys for Plaintiff Trevor Bauer

## PROOF OF SERVICE

I hereby certify that on this 21st day of April, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

## SERVICE LIST

Bryan J Freedman
Jesse A Kaplan
**FREEDMAN + TAITELMAN LLP**
1801 Century Park West 5th Floor
Los Angeles, CA 90067

*Attorneys for Lindsey C Hill*

Email:
bfreedman@ftllp.com
jkaplan@ftllp.com

Christopher P Wesierski
Brett Andrew Smith
Michelle R Prescott
Eileen Spadoni
**WESIERSKI & ZUREK LLP**
29 Orchard Road
Lake Forest, CA 92630

*Attorneys for Lindsey C Hill*

Email:
cwesierski@wzllp.com
bsmith@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com

/s/ *Blair G. Brown*

30744-00002/812684.1

PLAINTIFF TREVOR BAUER'S OBJECTIONS TO DEFENDANT LINDSEY HILL'S
SUBPOENA TO LOS ANGELES DODGERS, LLC