KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>                  Plaintiff,<br><br>     vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>                  Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br><br>Assigned to: Judge James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE JOINT STIPULATION ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND CERTAIN EXHIBITS TO THE DECLARATIONS OF BLAIR G. BROWN AND JESSE KAPLAN IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Proposed Order*]<br><br>Date:  June 28, 2023<br>Time:  10:00 a.m.<br>Magistrate Judge:  Autumn D. Spaeth |

1 | Courtroom: 6B

2

3        Pursuant to Local Rule 79-5, Plaintiff Trevor Bauer ("Bauer") respectfully

4   moves this Court for leave to file under seal certain exhibits attached to, and narrowly-

5   tailored portions of, the parties' Joint Stipulation on Bauer's Motion for a Protective

6   Order and to Quash Third Party Subpoenas ("Joint Stipulation").[1]

7        Specifically, Bauer seeks to file under seal: (i) narrowly-tailored portions of the

8   Joint Stipulation and accompanying declarations and exhibits that disclose the

9   identities of third parties whose private sexual histories are discussed in the Joint

10  Stipulation—as well as explicit references to descriptions of Bauer's purported sexual

11  conduct with those third parties—disclosure of which would violate their and Bauer's

12  rights to sexual privacy under the California and U.S. Constitutions; and (ii) exhibits

13  that have been designated "Confidential" by a third-party—the Pasadena Police

14  Department—under the parties' Protective Order (ECF No. 78) and which implicate

15  third parties' rights to sexual privacy, including all references in the Joint Stipulation

16  to the content of those exhibits. Pursuant to Local Rule 79-5.2.2(a)(i), this Motion is

17  accompanied by the Declaration of Blair G. Brown in Support of Bauer's

18  Administrative Motion to Seal and a proposed order in accordance with Local Rule

19  79-5.2.2(a)(ii).

20                              **ARGUMENT**

21  **A. Legal Standard.**

22        The Ninth Circuit employs two standards for evaluating a request to seal: (1)

23

24  [1] Because Hill submitted her portion of the Joint Stipulation to Bauer on the evening
    it was due to the Court, there was no opportunity for Hill to take a final position on
25  Bauer's sealing request before this filing had to occur. However, counsel for the
    parties previously discussed the issues, and Bauer understands that Hill either takes
26  no position on or opposes Bauer's administrative motion to seal. If Hill determines
    that she opposes the motion, Bauer expects that she will advise the Court accordingly.
27  If Hill takes no position, counsel for Bauer or Hill will so inform the Court.

28

ADMINISTRATIVE MOTION TO SEAL

8772154.1

the "compelling reasons" standard, for materials used at trial or filed as part of dispositive motions; and (2) the more lenient "good cause" standard for materials used as part of non-dispositive motions during the pendency of an action. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Bauer seeks to seal information in the parties' non-dispositive Joint Stipulation; thus, the "good cause" standard applies to this request. The "good cause" standard requires a showing that "specific prejudice or harm will result" if the information at issue is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "When a court grants a protective order for information produced during discovery, it has already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1213.

Here, Bauer seeks to seal portions of the Joint Stipulation and accompanying exhibits that disclose the identities and sexual histories of third parties. Bauer also seeks to seal two exhibits in their entireties that contain documents produced by the Pasadena Police Department that were designated confidential, as well as portions of the Joint Stipulation referencing those exhibits. Bauer will address each of these sealing requests in turn.

**B. There Is Good Cause To Seal Portions Of The Joint Stipulation And Accompanying Declarations Disclosing The Names of Third Parties And Their Purported Sexual Histories With Bauer.**

There is good cause to seal portions of the Joint Stipulation and accompanying exhibits that contain confidential personally identifying information about third parties as well as explicit discussions of their purported sexual acts with Bauer in this non-dispositive motion. Such sexual privacy interests are zealously safeguarded under the California and U.S. Constitution. *See Boler v. Superior Court*, 201 Cal.App.3d 467, 473 (Ct. App. 1987) ("The constitutional right of sexual privacy, both within and without the marital relationship, is a fundamental liberty arising from both the United States and the California Constitutions."); *see also Sparks v. Mamer*, 2020 WL

3

2513675, at *2 (D. Nev. May 15, 2020) (granting motion to seal and stating that "common sense suggests that one's sexual propensities and sexual history comprise the most intimate details of a person's life" and "[t]here is an inherent interest in keeping such details private.").

Courts in this Circuit overwhelmingly agree that there is an overriding interest in shielding the identities of third parties to protect their confidential sexual history, and that this interest outweighs any presumption of public access to the records under both the "good cause" and higher "compelling reasons" standards. *See Korte v. Dollar Tree Stores, Inc.*, 2013 WL 2604472, at *17 (E.D. Cal. June 11, 2013) (granting motion to seal names of third-parties who made sexual harassment complaints against defendant); *Doe I-XIX v. Boy Scouts of Am.*, 2017 WL 9288099, at *9 (D. Idaho Nov. 20, 2017) (granting motion to seal names of child victims of sexual abuse); *Ancier v. Egan*, 2015 WL 6757528, at *6 (D. Haw. Nov. 4, 2015) (granting motion to seal names of other alleged perpetrators of sexual abuse not parties to the action even though some of the names were already in the public record because identification could "promote public scandal" and "continued public identification is not necessary to either the prosecution or defense of this action"); *see also Ellis v. Costco Wholesale Corp.*, 2015 WL 2453158, at *10 (N.D. Cal. May 22, 2015) (granting motion to seal names of third-parties who made gender discrimination complaints against agent of defendant).

Here, the Joint Stipulation and accompanying exhibits contain the names of third parties from whom Hill seeks discovery about their alleged sexual histories with Bauer, including broad sweeping information about rough sexual practices she contends they engaged in with Bauer, as well as any allegations of sexual assault Hill contends they made against Bauer. These third parties have not consented to their identities being made public in this case, particularly in the context of being subpoenaed in a high-profile federal court case to disclose confidential information about their sexual histories. Bauer similarly does not consent to the identities of his

ADMINISTRATIVE MOTION TO SEAL

8772154.1

past sexual partners being disclosed in this case to which they are not parties. To publicly release the names of these individuals against their wills would be an unprecedented invasion of their and Bauer's sexual privacy interests. Indeed, courts in this District routinely quash subpoenas seeking discovery into the identities of past sexual partners for this very reason. *Makor v. BNSF Ry. Co.,* 2015 WL 13358362, at *3 (C.D. Cal. Jan. 5, 2015) (denying discovery of identity of third-party sexual partner who "may be able to provide defendant with relevant information" because the third party "has a strong privacy interest in protecting her sexual history, in protecting her identity as someone who may be HIV positive, and in protecting herself from being subjected to questioning regarding these and related sensitive matters"). It follows that the Court should, at minimum, seal the identities of the third parties—especially at this juncture before the Court has even ruled on the motion.

Moreover, the personally identifying information about third parties that Bauer seeks to seal is entitled to a designation of "Confidential" under the Protective Order entered in this case. *See* ECF No. 78 (defining confidential information to include visual depictions of sexual acts, communications with non-parties that are sexual in nature, personally identifiable information, and anything that qualifies for protection under Federal Rule of Civil Procedure 26(c) or other applicable legal requirements). While a confidentiality designation alone is not a basis for sealing, the fact that these portions of the Joint Stipulation would be designated "Confidential" under the Protective Order is yet another factor that supports sealing under the "good cause" standard.

The explicit references in Hill's portion of the stipulation to alleged sexual acts between Bauer and the third parties implicate similar privacy concerns. *See Makor*, 13358362, at *3; *Mamer*, 2020 WL 2513675, at *2. Indeed, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Permitting

1  reference to explicit details of Bauer's alleged sexual history with women who are not

2  a part of this case would both "gratify private spite" and "promote public scandal." In

3  particular given that the Court has not yet ruled on whether Hill's subpoenas to these

4  women are enforceable, there are compelling reasons to seal the sexual history

5  references in the Joint Stipulation.

**C. There Is Good Cause To Seal Exhibits To The Joint Stipulation Containing Documents Designated Confidential By The Pasadena Police Department Relating To The Sexual Histories Of The Third Parties.**

8  There is also good cause to seal Exhibit J to the Brown Declaration and Exhibit

9  2 to the Kaplan Declaration in their entireties, as well as references to those exhibits

10  in the Joint Stipulation. Those exhibits contain portions of documents that the

11  Pasadena Police Department produced and designated "Confidential" in this case.

12  And no party has sought to challenge that designation. Specifically, the exhibits

13  consist of portions of the Pasadena Police Department's report concerning sexually

14  explicit information about three of the third parties at issue—two of whom have

15  objected to the disclosure of any materials concerning them.

16  Under Local Rule 79-5.2.2(b), Bauer's counsel conferred with the Pasadena

17  Police Department (as well as Hill's counsel) regarding the sealing of these exhibits

18  on June 5, 2023. The Pasadena Police Department confirmed that it seeks to maintain

19  confidentiality of these records because they "may implicate, among other things,

20  third party privacy interests." Brown Decl. Ex. A (email from Pasadena Police

21  Department attorney confirming its position on sealing following meet and confer).

22  Like the Pasadena Police Department, Bauer also seeks to seal these exhibits

23  and any references to them in the Joint Stipulation because these exhibits are subject

24  to the same sexual privacy concerns as discussed above. Exhibit J to the Brown

25  Declaration contains detailed information about one of the third parties' sexually

26  explicit communications with Bauer. That third party has objected to the subpoena,

27  stating that compliance would "require[] disclosure of privacy that I am entitled to as

28  well as Mr. Bauer." *See* Brown Decl. iso Joint Stipulation at Ex. F. Exhibit 2 to the

6

Kaplan Declaration contains detailed information concerning another third party's health records and explicit details about her sexual history with Bauer, as well as photographs and other explicit records. That third party has also objected to the subpoena, stating: "the subpoena infringes on my right to privacy, and more specifically, my right to sexual privacy under the California Constitution" and "deposition or document production from me—both of which would be against my will—would only serve to harass, embarrass, and humiliate me." *See* Brown Decl. iso Joint Stipulation at Ex. G. Given that disclosure of any portions of these exhibits would undermine these third parties' respective desires to keep their most private sexual history from being exposed in a high-profile litigation to which they are not parties, good cause exists to seal Exhibit J to the Brown Declaration and Exhibit 2 to the Kaplan Declaration.

## CONCLUSION

For the reasons set forth above, there is good cause to file portions of the Joint Stipulation and accompanying declarations and exhibits under seal, with a redacted version available to the public, and Exhibit J to the Brown Declaration and Exhibit 2 to the Kaplan Declaration entirely under seal. Thus, Bauer respectfully requests that the Court grant his administrative motion to file under seal.

ADMINISTRATIVE MOTION TO SEAL

8772154.1

Dated:     June 7, 2023                    */s/ Blair G. Brown*
                                           Blair G. Brown (admitted *pro hac vice*)
                                           Jon R. Fetterolf (admitted *pro hac vice*)
                                           Zuckerman Spaeder LLP
                                           1800 M Street, N.W., Suite 1000
                                           Washington, D.C. 20036
                                           Tel: (202) 778-1800
                                           Fax: (202) 882-8106
                                           bbrown@zuckerman.com
                                           jfetterolf@zuckerman.com

                                           Nell Peyser (admitted *pro hac vice*)
                                           Zuckerman Spaeder LLP
                                           485 Madison Avenue, 10th Floor
                                           New York, NY 10022
                                           Tel: (212) 704-9600
                                           Fax: (212) 704-4256
                                           npeyser@zuckerman.com

                                           Shawn Holley (Cal. Bar No. 136811)
                                           Suann MacIsaac (Cal Bar No. 205659)
                                           Kinsella Weitzman Iser Kump Holley LLP
                                           808 Wilshire Boulevard., 3rd Floor
                                           Santa Monica, CA 90401
                                           Tel: (310) 566-9800
                                           Fax: (310) 566-9873
                                           sholley@kwikhlaw.com
                                           smacisaac@kwikhlaw.com

ADMINISTRATIVE MOTION TO SEAL

8772154.1

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on this 7th day of June, 2023, I caused to be served a true

3   and correct copy of the sealed filing discussed herein via electronic mail:

4

5                                       **SERVICE LIST**

6

7       Bryan J Freedman                     *Attorneys for Lindsey C Hill*

8       Jesse A Kaplan
        **Freedman + Taitelman LLP**        Email:

9       1801 Century Park West 5th Floor     bfreedman@ftllp.com

10      Los Angeles, CA 90067                jkaplan@ftllp.com

11      Christopher P Wesierski              *Attorneys for Lindsey C Hill*

12      Brett Andrew Smith
        Michelle R Prescott                  Email:

13      Eileen Spadoni                       cwesierski@wzllp.com
        **Wesierski & Zurek LLP**            bsmith@wzllp.com

14      29 Orchard Road                      mprescott@wzllp.com

15      Lake Forest, CA 92630                espadoni@wzllp.com

16

17

18

19

20

21

22                                  */s/ Blair G. Brown*

23                                  Blair G. Brown

24

25

26

27

28

9

ADMINISTRATIVE MOTION TO SEAL

8772154.1