| | |
|---|---|
| 1 | KINSELLA WEITZMAN ISER KUMP HOLLEY LLP |
| | Shawn Holley (Cal. Bar No. 136811) |
| 2 | Suann MacIsaac (Cal. Bar No. 205659) |
| | 808 Wilshire Boulevard., 3rd Floor |
| 3 | Santa Monica, CA 90401 |
| | Tel: (310) 566-9800 |
| 4 | Fax: (310) 566-9873 |
| | sholley@kwikhlaw.com |
| 5 | |
| | ZUCKERMAN SPAEDER LLP |
| 6 | Blair G. Brown (admitted *pro hac vice*) |
| | Jon R. Fetterolf (admitted *pro hac vice*) |
| 7 | 1800 M Street, N.W., Suite 1000 |
| | Washington, D.C. 20036 |
| 8 | Tel: (202) 778-1800 |
| | Fax: (202) 882-8106 |
| 9 | bbrown@zuckerman.com |
| | jfetterolf@zuckerman.com |
| 10 | |
| | ZUCKERMAN SPAEDER LLP |
| 11 | Nell Z. Peyser (admitted *pro hac vice*) |
| | 485 Madison Avenue, 10th Floor |
| 12 | New York, NY 10022 |
| | Tel: (212) 704-9600 |
| 13 | Fax: (212) 704-4256 |
| | npeyser@zuckerman.com |
| 14 | |
| | *Attorneys for Plaintiff* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868-JVS-ADS |
| Plaintiff, | Assigned to: Judge James V. Selna |
| vs. | Referred to: Magistrate Judge Autumn D. Spaeth |
| LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH, | **PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE JOINT STIPULATION ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND CERTAIN EXHIBITS TO THE DECLARATIONS OF BLAIR G. BROWN AND JESSE KAPLAN IN SUPPORT THEREOF** |
| Defendants. | [*Filed concurrently with Proposed Order*] |
| | Date: June 28, 2023 |
| | Time: 10:00 a.m. |
| | Magistrate Judge: Autumn D. Spaeth |

Courtroom: 6B

Pursuant to Local Rule 79-5, Plaintiff Trevor Bauer ("Bauer") respectfully moves this Court for leave to file under seal certain exhibits attached to, and narrowly-tailored portions of, the parties' Joint Stipulation on Bauer's Motion for a Protective Order and to Quash Third Party Subpoenas ("Joint Stipulation").[1]

Specifically, Bauer seeks to file under seal: (i) narrowly-tailored portions of the Joint Stipulation and accompanying declarations and exhibits that disclose the identities of third parties whose private sexual histories are discussed in the Joint Stipulation—as well as explicit references to descriptions of Bauer's purported sexual conduct with those third parties—disclosure of which would violate their and Bauer's rights to sexual privacy under the California and U.S. Constitutions; and (ii) exhibits that have been designated "Confidential" by a third-party—the Pasadena Police Department—under the parties' Protective Order (ECF No. 78) and which implicate third parties' rights to sexual privacy, including all references in the Joint Stipulation to the content of those exhibits. Pursuant to Local Rule 79-5.2.2(a)(i), this Motion is accompanied by the Declaration of Blair G. Brown in Support of Bauer's Administrative Motion to Seal and a proposed order in accordance with Local Rule 79-5.2.2(a)(ii).

## ARGUMENT

**A. Legal Standard.**

The Ninth Circuit employs two standards for evaluating a request to seal: (1)

---

[1] Because Hill submitted her portion of the Joint Stipulation to Bauer on the evening it was due to the Court, there was no opportunity for Hill to take a final position on Bauer's sealing request before this filing had to occur. However, counsel for the parties previously discussed the issues, and Bauer understands that Hill either takes no position on or opposes Bauer's administrative motion to seal. If Hill determines that she opposes the motion, Bauer expects that she will advise the Court accordingly. If Hill takes no position, counsel for Bauer or Hill will so inform the Court.

the "compelling reasons" standard, for materials used at trial or filed as part of dispositive motions; and (2) the more lenient "good cause" standard for materials used as part of non-dispositive motions during the pendency of an action. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Bauer seeks to seal information in the parties' non-dispositive Joint Stipulation; thus, the "good cause" standard applies to this request. The "good cause" standard requires a showing that "specific prejudice or harm will result" if the information at issue is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "When a court grants a protective order for information produced during discovery, it has already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1213.

Here, Bauer seeks to seal portions of the Joint Stipulation and accompanying exhibits that disclose the identities and sexual histories of third parties. Bauer also seeks to seal two exhibits in their entireties that contain documents produced by the Pasadena Police Department that were designated confidential, as well as portions of the Joint Stipulation referencing those exhibits. Bauer will address each of these sealing requests in turn.

**B. There Is Good Cause To Seal Portions Of The Joint Stipulation And Accompanying Declarations Disclosing The Names of Third Parties And Their Purported Sexual Histories With Bauer.**

There is good cause to seal portions of the Joint Stipulation and accompanying exhibits that contain confidential personally identifying information about third parties as well as explicit discussions of their purported sexual acts with Bauer in this non-dispositive motion. Such sexual privacy interests are zealously safeguarded under the California and U.S. Constitution. *See Boler v. Superior Court*, 201 Cal.App.3d 467, 473 (Ct. App. 1987) ("The constitutional right of sexual privacy, both within and without the marital relationship, is a fundamental liberty arising from both the United States and the California Constitutions."); *see also Sparks v. Mamer*, 2020 WL

2513675, at *2 (D. Nev. May 15, 2020) (granting motion to seal and stating that "common sense suggests that one's sexual propensities and sexual history comprise the most intimate details of a person's life" and "[t]here is an inherent interest in keeping such details private.").

Courts in this Circuit overwhelmingly agree that there is an overriding interest in shielding the identities of third parties to protect their confidential sexual history, and that this interest outweighs any presumption of public access to the records under both the "good cause" and higher "compelling reasons" standards. *See Korte v. Dollar Tree Stores, Inc.*, 2013 WL 2604472, at *17 (E.D. Cal. June 11, 2013) (granting motion to seal names of third-parties who made sexual harassment complaints against defendant); *Doe I-XIX v. Boy Scouts of Am.*, 2017 WL 9288099, at *9 (D. Idaho Nov. 20, 2017) (granting motion to seal names of child victims of sexual abuse); *Ancier v. Egan*, 2015 WL 6757528, at *6 (D. Haw. Nov. 4, 2015) (granting motion to seal names of other alleged perpetrators of sexual abuse not parties to the action even though some of the names were already in the public record because identification could "promote public scandal" and "continued public identification is not necessary to either the prosecution or defense of this action"); *see also Ellis v. Costco Wholesale Corp.*, 2015 WL 2453158, at *10 (N.D. Cal. May 22, 2015) (granting motion to seal names of third-parties who made gender discrimination complaints against agent of defendant).

Here, the Joint Stipulation and accompanying exhibits contain the names of third parties from whom Hill seeks discovery about their alleged sexual histories with Bauer, including broad sweeping information about rough sexual practices she contends they engaged in with Bauer, as well as any allegations of sexual assault Hill contends they made against Bauer. These third parties have not consented to their identities being made public in this case, particularly in the context of being subpoenaed in a high-profile federal court case to disclose confidential information about their sexual histories. Bauer similarly does not consent to the identities of his

past sexual partners being disclosed in this case to which they are not parties. To publicly release the names of these individuals against their wills would be an unprecedented invasion of their and Bauer's sexual privacy interests. Indeed, courts in this District routinely quash subpoenas seeking discovery into the identities of past sexual partners for this very reason. *Makor v. BNSF Ry. Co.*, 2015 WL 13358362, at *3 (C.D. Cal. Jan. 5, 2015) (denying discovery of identity of third-party sexual partner who "may be able to provide defendant with relevant information" because the third party "has a strong privacy interest in protecting her sexual history, in protecting her identity as someone who may be HIV positive, and in protecting herself from being subjected to questioning regarding these and related sensitive matters"). It follows that the Court should, at minimum, seal the identities of the third parties—especially at this juncture before the Court has even ruled on the motion.

Moreover, the personally identifying information about third parties that Bauer seeks to seal is entitled to a designation of "Confidential" under the Protective Order entered in this case. *See* ECF No. 78 (defining confidential information to include visual depictions of sexual acts, communications with non-parties that are sexual in nature, personally identifiable information, and anything that qualifies for protection under Federal Rule of Civil Procedure 26(c) or other applicable legal requirements). While a confidentiality designation alone is not a basis for sealing, the fact that these portions of the Joint Stipulation would be designated "Confidential" under the Protective Order is yet another factor that supports sealing under the "good cause" standard.

The explicit references in Hill's portion of the stipulation to alleged sexual acts between Bauer and the third parties implicate similar privacy concerns. *See Makor*, 13358362, at *3; *Mamer*, 2020 WL 2513675, at *2. Indeed, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Permitting

reference to explicit details of Bauer's alleged sexual history with women who are not a part of this case would both "gratify private spite" and "promote public scandal." In particular given that the Court has not yet ruled on whether Hill's subpoenas to these women are enforceable, there are compelling reasons to seal the sexual history references in the Joint Stipulation.

**C. There Is Good Cause To Seal Exhibits To The Joint Stipulation Containing Documents Designated Confidential By The Pasadena Police Department Relating To The Sexual Histories Of The Third Parties.**

There is also good cause to seal Exhibit J to the Brown Declaration and Exhibit 2 to the Kaplan Declaration in their entireties, as well as references to those exhibits in the Joint Stipulation. Those exhibits contain portions of documents that the Pasadena Police Department produced and designated "Confidential" in this case. And no party has sought to challenge that designation. Specifically, the exhibits consist of portions of the Pasadena Police Department's report concerning sexually explicit information about three of the third parties at issue—two of whom have objected to the disclosure of any materials concerning them.

Under Local Rule 79-5.2.2(b), Bauer's counsel conferred with the Pasadena Police Department (as well as Hill's counsel) regarding the sealing of these exhibits on June 5, 2023. The Pasadena Police Department confirmed that it seeks to maintain confidentiality of these records because they "may implicate, among other things, third party privacy interests." Brown Decl. Ex. A (email from Pasadena Police Department attorney confirming its position on sealing following meet and confer).

Like the Pasadena Police Department, Bauer also seeks to seal these exhibits and any references to them in the Joint Stipulation because these exhibits are subject to the same sexual privacy concerns as discussed above. Exhibit J to the Brown Declaration contains detailed information about one of the third parties' sexually explicit communications with Bauer. That third party has objected to the subpoena, stating that compliance would "require[] disclosure of privacy that I am entitled to as well as Mr. Bauer." *See* Brown Decl. iso Joint Stipulation at Ex. F. Exhibit 2 to the

Kaplan Declaration contains detailed information concerning another third party's health records and explicit details about her sexual history with Bauer, as well as photographs and other explicit records. That third party has also objected to the subpoena, stating: "the subpoena infringes on my right to privacy, and more specifically, my right to sexual privacy under the California Constitution" and "deposition or document production from me—both of which would be against my will—would only serve to harass, embarrass, and humiliate me." *See* Brown Decl. iso Joint Stipulation at Ex. G. Given that disclosure of any portions of these exhibits would undermine these third parties' respective desires to keep their most private sexual history from being exposed in a high-profile litigation to which they are not parties, good cause exists to seal Exhibit J to the Brown Declaration and Exhibit 2 to the Kaplan Declaration.

## CONCLUSION

For the reasons set forth above, there is good cause to file portions of the Joint Stipulation and accompanying declarations and exhibits under seal, with a redacted version available to the public, and Exhibit J to the Brown Declaration and Exhibit 2 to the Kaplan Declaration entirely under seal. Thus, Bauer respectfully requests that the Court grant his administrative motion to file under seal.

| | |
|---|---|
| Dated:     June 7, 2023 | /s/ Blair G. Brown |
| | Blair G. Brown (admitted *pro hac vice*) |
| | Jon R. Fetterolf (admitted *pro hac vice*) |
| | Zuckerman Spaeder LLP |
| | 1800 M Street, N.W., Suite 1000 |
| | Washington, D.C. 20036 |
| | Tel: (202) 778-1800 |
| | Fax: (202) 882-8106 |
| | bbrown@zuckerman.com |
| | jfetterolf@zuckerman.com |
| | |
| | Nell Peyser (admitted *pro hac vice*) |
| | Zuckerman Spaeder LLP |
| | 485 Madison Avenue, 10th Floor |
| | New York, NY 10022 |
| | Tel: (212) 704-9600 |
| | Fax: (212) 704-4256 |
| | npeyser@zuckerman.com |
| | |
| | Shawn Holley (Cal. Bar No. 136811) |
| | Suann MacIsaac (Cal Bar No. 205659) |
| | Kinsella Weitzman Iser Kump Holley LLP |
| | 808 Wilshire Boulevard., 3rd Floor |
| | Santa Monica, CA 90401 |
| | Tel: (310) 566-9800 |
| | Fax: (310) 566-9873 |
| | sholley@kwikhlaw.com |
| | smacisaac@kwikhlaw.com |