Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal Bar. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

v.

LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,

Defendants.

Case No. 8:22-cv-00868-JVS-ADS
Assigned for all purposes to the Hon. James V. Selna
Referred to: Magistrate Judge Autumn D. Spaeth

**DECLARATION OF BLAIR G. BROWN IN SUPPORT OF JOINT STIPULATION REGARDING BAUER'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH THIRD-PARTY SUBPOENAS**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Hearing Date: June 28, 2023

Hearing Time: 10:00 a.m.
Magistrate Judge: Autumn D. Spaeth
Department: 6B

Action Filed: April 25, 2022

I, BLAIR G. BROWN, declare and state as follows:

1.      I am an attorney licensed to practice in the District of Columbia, the States of Maryland and New York, and the Commonwealth of Virginia and have been admitted to practice *pro hac vice* in this action. I am a partner of the law firm Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim Defendant Trevor Bauer ("Bauer") in the above-captioned action. I have personal knowledge of the matters stated in this declaration, and I could and would testify competently about them if called upon to do so.

2.      Attached to this declaration as **Exhibit A** is a true and correct redacted copy of the subpoena to Jane Doe 1.

3.      Attached to this declaration as **Exhibit B** is a true and correct redacted copy of the subpoena to Jane Doe 2.

4.      Attached to this declaration as **Exhibit C** is a true and correct redacted copy of the subpoena to Jane Doe 3.

5.      Attached to this declaration as **Exhibit D** is a true and correct redacted copy of the subpoena to Jane Doe 4.

6.      Attached to this declaration as **Exhibit E** is a true and correct redacted copy of the subpoena to Jane Doe 5.

7.      Attached to this declaration as **Exhibit F** is a true and correct redacted copy of the email from Jane Doe 1 objecting to the subpoena.

8.      Attached to this declaration as **Exhibit G** is a true and correct redacted copy of the email from Jane Doe 2 objecting to the subpoena.

9. Attached to this declaration as **Exhibit H** is a true and correct redacted copy of Bauer's Objections to Defendant Hill's Subpoenas To Testify At A Deposition and To Produce Documents to Janes Does 1, 2, 3, 4, and 5.

10. Attached to this declaration as **Exhibit I** is a true and correct redacted copy of Hill's response to Bauer's Objections to Defendant Hill's Subpoenas To Testify At A Deposition and To Produce Documents to Janes Does 1, 2, 3, 4, and 5.

11. Attached to this declaration as **Exhibit J** is a true and correct copy of a document filed under seal.

12. Attached to this declaration as **Exhibit K** is a true and correct redacted copy of Bauer's counterclaim against Jane Doe 3.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of June, 2023, in Washington, D.C.

*/s/ Blair G. Brown*

Blair G. Brown

# EXHIBIT A

# JANE DOE 1

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,

Defendant.

Case No. 8:22-cv-00868 JVS(ADSx)

**NOTICE OF DEPOSITION OF** JANE DOE 1

Action Filed: April 25, 2022

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rule of Civil Procedure 45, Defendant LINDSEY C. HILL, by and through the undersigned attorneys, will take the videotaped deposition of JANE DOE 1 pursuant to the Subpoena to Testify at Deposition in a Civil Action attached hereto as

Exhibit "A" on May 31, 2023 beginning at 2:00 p.m. via Zoom.

If for any reason the taking of the deposition is not completed on the scheduled date, it shall be continued from day to day, excluding Sundays and holidays until completed.

Notice is further given that under Fed.R.Civ.P. 30(b)(2) that the deposition may be recorded stenographically and may also be recorded by real-time transcription and/or by videotape.

PLEASE TAKE FURTHER NOTICE that under Fed.R.Civ.P. 45 the deponent is required to produce the following documents at the time of deposition:

1. All communications JANE DOE 1 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 1, or about JANE DOE 1 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 1, or of JANE DOE 1 being unconscious or partially unconscious, and/or any injuries JANE DOE 1 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 1 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 1 at any time.

5. All documents regarding any accusations by JANE DOE 1 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 1 has received from Major League Baseball that address any allegations JANE DOE 1 has made against Trevor Bauer.

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

NOTICE IS HEREBY GIVEN that deponent's deposition transcript may be the official record and may be used in lieu of testimony at the time of trial of the above-entitled action.

NOTICE IS HEREBY GIVEN that the oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court.

DATED: May 15, 2023

WESIERSKI & ZUREK LLP

By: [signature]

CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 29 Orchard Road, Lake Forest, CA 92630.

On May 15, 2023, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF** JANE DOE 1 on the interested parties in this action as follows

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
Phone: 310-566-9822
Fax: 310-566-9850
E-Mail: sholley@kwikhlaw.com; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com

Attorney for Plaintiff, Trevor Bauer

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washingtion, D.C 20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com; jfetterolf@zuckerman.com; NPeyser@Zuckerman.com; ksimmerson@zuckerman.com

Attorney for Plaintiff, Trevor Bauer

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dmurphy@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2023, at Lake Forest, California.

Deborah K. Cooper
Deborah K. Cooper

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Trevor Bauer
*Plaintiff*
v.
Lindsey C. Hill and Niranjan Fred Thiagarajah
*Defendant*

Civil Action No. 8:22-cv-00868-JVS-ADS

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: JANE DOE 1

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA Zoom<br>Meeting ID: 88950935725; Passcode: 073199 | Date and Time:<br>05/31/2023 2:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michelle R. Prescott
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lindsey C. Hill, who issues or requests this subpoena, are:
Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:22-cv-00868-JVS-ADS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

1. All communications JANE DOE 1 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 1, or about JANE DOE 1 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 1, or of JANE DOE 1 being unconscious or partially unconscious, and/or any injuries JANE DOE 1 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 1 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 1 at any time.

5. All documents regarding any accusations by JANE DOE 1 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 1 has received from Major League Baseball that address any allegations JANE DOE 1 has made against Trevor Bauer.

# EXHIBIT B

# JANE DOE 2

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>Defendant. | Case No. 8:22-cv-00868 JVS(ADSx)<br><br>**NOTICE OF DEPOSITION OF** JANE DOE 2<br><br>Action Filed: April 25, 2022 |

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rule of Civil Procedure 45, Defendant LINDSEY C. HILL, by and through the undersigned attorneys, will take the videotaped deposition of JANE DOE 2 pursuant to the Subpoena to Testify at Deposition in a Civil Action attached hereto as

Exhibit "A" on May 30, 2023 beginning at 10:00 a.m. via Zoom.

If for any reason the taking of the deposition is not completed on the scheduled date, it shall be continued from day to day, excluding Sundays and holidays until completed.

Notice is further given that under Fed.R.Civ.P. 30(b)(2) that the deposition may be recorded stenographically and may also be recorded by real-time transcription and/or by videotape.

PLEASE TAKE FURTHER NOTICE that under Fed.R.Civ.P. 45 the deponent is required to produce the following documents at the time of deposition:

1. All communications JANE DOE 2 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 2, or about JANE DOE 2 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 2, or of JANE DOE 2 being unconscious or partially unconscious, and/or any injuries JANE DOE 2 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 2 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 2 at any time.

5. All documents regarding any accusations by JANE DOE 2 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 2 has received from Major League Baseball that address any allegations JANE DOE 2 has made against Trevor Bauer.

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

NOTICE IS HEREBY GIVEN that deponent's deposition transcript may be the official record and may be used in lieu of testimony at the time of trial of the above-entitled action.

NOTICE IS HEREBY GIVEN that the oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court.

DATED: May 15, 2023

WESIERSKI & ZUREK LLP

By: ______________________
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 29 Orchard Road, Lake Forest, CA 92630.

On May 15, 2023, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF** JANE DOE 2 on the interested parties in this action as follows:

| | |
|---|---|
| Shawn C. Holley, Esq.<br>Kate E. Mangels, Esq.<br>Suann MacIssac, Esq.<br>Kinsella Weitzman Iser Kump Holley LLP<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, CA 90025<br>Phone: 310-566-9822<br>Fax: 310-566-9850<br>E-Mail: sholley@kwikhlaw.com;<br>kmangels@kwikalaw.com;<br>smacisaac@kwikhlaw.com | Attorney for Plaintiff, Trevor Bauer |
| Blair G. Brown, Esq.<br>Jon R. Fetterolf, Esq.<br>Nell Peyser, Esq.<br>Zuckerman Spaeder LLP<br>1800 M. Street, N. W. Suite 1000<br>Washingtion, D.C 20036<br>Phone: 202-778-1800<br>Fax: 202-882-8106<br>E-Mail: bbrown@zuckerman.com;<br>jfetterolf@zuckerman.com;<br>NPeyser@Zuckerman.com;<br>ksimmerson@zuckerman.com | Attorney for Plaintiff, Trevor Bauer |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dmurphy@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2023, at Lake Forest, California.

Deborah K. Cooper
Deborah K. Cooper

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Trevor Bauer
*Plaintiff*
v.
Lindsey C. Hill and Niranjan Fred Thiagarajah
*Defendant*

Civil Action No. 8:22-cv-00868-JVS-ADS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: JANE DOE 2

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA Zoom<br>Meeting ID: 88608846361; Passcode: 443124 | Date and Time:<br>05/30/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michelle R. Prescott

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lindsey C. Hill, who issues or requests this subpoena, are:

Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:22-cv-00868-JVS-ADS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________

________________________________________________________________

______________________________________ on *(date)* __________ ; or

❐ I returned the subpoena unexecuted because: ______________________________

________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

________________________________
*Server's signature*

________________________________
*Printed name and title*

________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

1. All communications JANE DOE 2 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 2, or about JANE DOE 2 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 2, or of JANE DOE 2 being unconscious or partially unconscious, and/or any injuries JANE DOE 2 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 2 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 2 at any time.

5. All documents regarding any accusations by JANE DOE 2 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 2 has received from Major League Baseball that address any allegations JANE DOE 2 has made against Trevor Bauer.

# EXHIBIT C

# JANE DOE 3

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>Defendant. | Case No. 8:22-cv-00868 JVS(ADSx)<br><br>**NOTICE OF DEPOSITION OF** JANE DOE 3<br><br>Action Filed: April 25, 2022 |

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rule of Civil Procedure 45, Defendant LINDSEY C. HILL, by and through the undersigned attorneys, will take the videotaped deposition of JANE DOE 3 pursuant to the Subpoena to Testify at Deposition in a Civil Action attached hereto as

Exhibit "A" on May 31, 2023 beginning at 10:00 a.m. via Zoom.

If for any reason the taking of the deposition is not completed on the scheduled date, it shall be continued from day to day, excluding Sundays and holidays until completed.

Notice is further given that under Fed.R.Civ.P. 30(b)(2) that the deposition may be recorded stenographically and may also be recorded by real-time transcription and/or by videotape.

PLEASE TAKE FURTHER NOTICE that under Fed.R.Civ.P. 45 the deponent is required to produce the following documents at the time of deposition:

1. All communications JANE DOE 3 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 3, or about JANE DOE 3 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 3, or of JANE DOE 3 being unconscious or partially unconscious, and/or any injuries JANE DOE 3 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 3 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 3 at any time.

5. All documents regarding any accusations by JANE DOE 3 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 3 has received from Major League Baseball that address any allegations JANE DOE 3 has made against Trevor Bauer.

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

NOTICE IS HEREBY GIVEN that deponent's deposition transcript may be the official record and may be used in lieu of testimony at the time of trial of the above-entitled action.

NOTICE IS HEREBY GIVEN that the oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court.

DATED: May 15, 2023

WESIERSKI & ZUREK LLP

By: /s/ Michelle Prescott

CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 29 Orchard Road, Lake Forest, CA 92630.

On May 15, 2023, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF** JANE DOE 3 on the interested parties in this action as follows:

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
Phone: 310-566-9822
Fax: 310-566-9850
E-Mail: sholley@kwikhlaw.com; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com

Attorney for Plaintiff, Trevor Bauer

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washingtion, D.C 20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com; jfetterolf@zuckerman.com; NPeyser@Zuckerman.com; ksimmerson@zuckerman.com

Attorney for Plaintiff, Trevor Bauer

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dmurphy@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2023, at Lake Forest, California.

Deborah K. Cooper
Deborah K. Cooper

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Trevor Bauer
*Plaintiff*
v.
Lindsey C. Hill and Niranjan Fred Thiagarajah
*Defendant*

Civil Action No. 8:22-cv-00868-JVS-ADS

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: JANE DOE 3

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA Zoom<br>Meeting ID: 88997402442; Passcode: 799622 | Date and Time:<br>05/31/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michelle R. Prescott

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lindsey C. Hill, who issues or requests this subpoena, are:

Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:22-cv-00868-JVS-ADS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

1. All communications JANE DOE 3 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 3, or about JANE DOE 3 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 3, or of JANE DOE 3 u being unconscious or partially unconscious, and/or any injuries JANE DOE 3 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 3 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 3 at any time.

5. All documents regarding any accusations by JANE DOE 3 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 3 has received from Major League Baseball that address any allegations JANE DOE 3 has made against Trevor Bauer.

# EXHIBIT D

# JANE DOE 4

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,

Defendant.

Case No. 8:22-cv-00868 JVS(ADSx)

**NOTICE OF DEPOSITION OF** JANE DOE 4

Action Filed: April 25, 2022

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rule of Civil Procedure 45, Defendant LINDSEY C. HILL, by and through the undersigned attorneys, will take the videotaped deposition of JANE DOE 4 pursuant to the Subpoena to Testify at Deposition in a Civil Action attached hereto as Exhibit

"A" on June 1, 2023 beginning at 10:00 a.m. via Zoom.

If for any reason the taking of the deposition is not completed on the scheduled date, it shall be continued from day to day, excluding Sundays and holidays until completed.

Notice is further given that under Fed.R.Civ.P. 30(b)(2) that the deposition may be recorded stenographically and may also be recorded by real-time transcription and/or by videotape.

PLEASE TAKE FURTHER NOTICE that under Fed.R.Civ.P. 45 the deponent is required to produce the following documents at the time of deposition:

1. All communications JANE DOE 4 has had with Trevor Bauer, or his representative(s), at any time.
2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 4, or about JANE DOE 4 being unconscious.
3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 4, or of JANE DOE 4 being unconscious or partially unconscious, and/or any injuries JANE DOE 4 allegedly sustained as a result of Trevor Bauer.
4. All photographs or videos JANE DOE 4 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 4 at any time.
5. All documents regarding any accusations by JANE DOE 4 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.
6. All documents JANE DOE 4 has received from Major League Baseball that address any allegations JANE DOE 4 has made against Trevor Bauer.

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

NOTICE IS HEREBY GIVEN that deponent's deposition transcript may be the official record and may be used in lieu of testimony at the time of trial of the above-entitled action.

NOTICE IS HEREBY GIVEN that the oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court.

DATED: May 15, 2023

WESIERSKI & ZUREK LLP

By: Michelle Prescott

CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 29 Orchard Road, Lake Forest, CA 92630.

On May 15, 2023, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF** JANE DOE 4 on the interested parties in this action as follows:

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
Phone: 310-566-9822
Fax: 310-566-9850
E-Mail: sholley@kwikhlaw.com; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com

Attorney for Plaintiff, Trevor Bauer

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washingtion, D.C 20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com; jfetterolf@zuckerman.com; NPeyser@Zuckerman.com; ksimmerson@zuckerman.com

Attorney for Plaintiff, Trevor Bauer

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dmurphy@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2023, at Lake Forest, California.

Deborah K. Cooper
Deborah K. Cooper

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Trevor Bauer
*Plaintiff*
v.
Lindsey C. Hill and Niranjan Fred Thiagarajah
*Defendant*

Civil Action No. 8:22-cv-00868-JVS-ADS

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: JANE DOE 4

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA Zoom<br>Meeting ID: 85726784062; Passcode: 279368 | Date and Time:<br>06/01/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michelle R. Prescott
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lindsey C. Hill, who issues or requests this subpoena, are:

Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:22-cv-00868-JVS-ADS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

1. All communications JANE DOE 4 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 4, or about JANE DOE 4 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 4, or of JANE DOE 4 being unconscious or partially unconscious, and/or any injuries JANE DOE 4 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 4 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 4 g at any time.

5. All documents regarding any accusations by JANE DOE 4 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 4 has received from Major League Baseball that address any allegations JANE DOE 4 has made against Trevor Bauer.

# EXHIBIT E

# JANE DOE 5

Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,

Defendant.

Case No. 8:22-cv-00868 JVS(ADSx)

**NOTICE OF DEPOSITION OF JANE DOE 5**

Action Filed: April 25, 2022

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rule of Civil Procedure 45, Defendant LINDSEY C. HILL, by and through the undersigned attorneys, will take the videotaped deposition of JANE DOE 5 pursuant to the Subpoena to Testify at Deposition in a Civil Action attached hereto as Exhibit

"A" on May 30, 2023 beginning at 2:00 p.m. via Zoom.

If for any reason the taking of the deposition is not completed on the scheduled date, it shall be continued from day to day, excluding Sundays and holidays until completed.

Notice is further given that under Fed.R.Civ.P. 30(b)(2) the deposition may be recorded stenographically and may also be recorded by real-time transcription and/or by videotape.

PLEASE TAKE FURTHER NOTICE that under Fed.R.Civ.P. 45 the deponent is required to produce the following documents at the time of deposition:

1. All communications JANE DOE 5 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 5, or about JANE DOE 5 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 5, or of JANE DOE 5 being unconscious or partially unconscious, and/or any injuries JANE DOE 5 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 5 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 5 at any time.

5. All documents regarding any accusations by JANE DOE 5 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 5 has received from Major League Baseball that address any allegations JANE DOE 5 has made against Trevor Bauer.

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

NOTICE IS HEREBY GIVEN that deponent's deposition transcript may be the official record and may be used in lieu of testimony at the time of trial of the above-entitled action.

NOTICE IS HEREBY GIVEN that the oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court.

DATED: May 15, 2023

WESIERSKI & ZUREK LLP

By: [signature]

CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 29 Orchard Road, Lake Forest, CA 92630.

On May 15, 2023, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF** JANE DOE 5 on the interested parties in this action as follows:

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
Phone: 310-566-9822
Fax: 310-566-9850
E-Mail: sholley@kwikhlaw.com; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com

Attorney for Plaintiff, Trevor Bauer

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washingtion, D.C 20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com; jfetterolf@zuckerman.com; NPeyser@Zuckerman.com; ksimmerson@zuckerman.com

Attorney for Plaintiff, Trevor Bauer

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dmurphy@wzllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2023, at Lake Forest, California.

Deborah K. Cooper
Deborah K. Cooper

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Trevor Bauer
*Plaintiff*
v.
Lindsey C. Hill and Niranjan Fred Thiagarajah
*Defendant*

Civil Action No. 8:22-cv-00868-JVS-ADS

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: JANE DOE 5

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA Zoom<br>Meeting ID: 87381092087; Passcode: 032575 | Date and Time:<br>05/30/2023 2:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/12/2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michelle R. Prescott

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lindsey C. Hill, who issues or requests this subpoena, are:
Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

1. All communications JANE DOE 5 has had with Trevor Bauer, or his representative(s), at any time.

2. All documents reflecting communications with Trevor Bauer about him choking or hitting JANE DOE 5 or about JANE DOE 5 being unconscious.

3. All photographs, videos or motion pictures of Trevor Bauer choking or hitting JANE DOE 5 or of JANE DOE 5 being unconscious or partially unconscious, and/or any injuries JANE DOE 5 allegedly sustained as a result of Trevor Bauer.

4. All photographs or videos JANE DOE 5 has taken, recorded, or caused to be recorded, depicting Trevor Bauer and JANE DOE 5 at any time.

5. All documents regarding any accusations by JANE DOE 5 of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6. All documents JANE DOE 5 has received from Major League Baseball that address any allegations JANE DOE 5 has made against Trevor Bauer.

# EXHIBIT F

# JANE DOE 1

**From:** JANE DOE 1
**Sent:** Friday, May 19, 2023 4:02 PM
**To:** mprescott@wzllp.com
**Cc:** Peyser, Nell Z
**Subject:** Re: 8:22-cv-00868-JVS-ADS Bauer v Hill/Thiagarajah

**EXTERNAL**

Just to clarify, I object to EXHIBIT 1 - Documents To Be Produced

JANE DOE 1

On Fri, May 19, 2023 at 2:47 PM JANE DOE 1 wrote:

> Good Afternoon
>
> This email is to formally object to the subpoena to testify at a deposition in a civil action (8:22-cv-00868-JVS-ADS)
>
> My name is JANE DOE 1 . I reside in JANE DOE 1 and I am a citizen of the United States of America.
>
> I object to the subpoena for the reasons following:
>
> * I do not consent to the testimony over zoom. There is no longer a judicial emergency and zoom is not acceptable. I reside more than 100 miles from the Central District of California.
> * The subpoena is vague and imposes undue burden and expenses.
> * It requires disclosure of privacy that I am entitled to as well as Mr. Bauer.
> * I have never had contact or communication with Mr. Bauer in person.
>
> JANE DOE 1

# EXHIBIT G

# JANE DOE 2

**From:** JANE DOE 2
**Sent:** Tuesday, May 30, 2023 4:26 PM
**To:** Kelly Atherton
**Cc:** Michelle R. Prescott; Eileen Spadoni; Brett Smith; sholley@kwikhlaw.com; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com; Brown, Blair G.; Fetterolf, Jon R.; Peyser, Nell Z; Simmerson, Kelsey; bfreedman@ftllp.com; jkaplan@ftllp.com
**Subject:** Re: Bauer v. Hill

**EXTERNAL**

To whom it may concern:

I write to object to the subpoena I received in the Bauer/Hill matter. I object to having my deposition taken and to producing any documents for the following reasons.

First, the subpoena infringes on my right to privacy, and more specifically, my right to sexual privacy under the California Constitution.

Second, there is no compelling need for this information that would outweigh my strong privacy interests. I have never publicly accused Mr. Bauer of sexual assault or of any nonconsensual sexual contact.

Third, I have never testified in any proceeding concerning Mr. Bauer, including the arbitration proceeding between Mr. Bauer and Major League Baseball.

Fourth, I have never personally provided any information to the Pasadena Police Department or to any other branch of law enforcement in California concerning Mr. Bauer.

Fifth, I have never personally provided any information to the media, including to the Washington Post, concerning Mr. Bauer.

Sixth, In light of the above facts, any deposition or document production from me—both of which would be against my will—would only serve to harass, embarrass, and humiliate me.

Seventh, the subpoena is also improper because it seeks my deposition via Zoom, and virtual testimony may not be used to evade the 100 mile limitation contained in the instructions to the Rule 45 subpoena I was served with.

Eighth, in light of the above facts, the testimony and documents sought are not relevant to any proceeding between Mr. Bauer and Ms. Hill, and can only be sought for purposes of harassment.

Ninth, I will not accept any subpoena, legal documents, or any other requests via electronic mail.

Lastly, I object to the use of my name in any public filing regarding this subpoena, as to do so would be nothing shorting of harassment and wholly improper.

In light of the above, I strongly urge you to withdraw the subpoena based on my objections and the facts I have stated above. I will not be appearing for any deposition and I will not be producing any documents responsive to the subpoena.

JANE DOE 2

On May 25, 2023, at 3:27 PM, Kelly Atherton <KAtherton@wzllp.com> wrote:

JANE DOE 2, please see the attached revised correspondence.

Thank you.

Kelly Atherton
Assistant for Christopher P. Wesierski
**Wesierski & Zurek LLP**
29 Orchard Road, Lake Forest, CA 92630
Tel. No. (949) 975-1000
Fax. No. (949) 756-0517
Email katherton@wzllp.com

<image001.png>

Follow us on:
<image002.png>

<image003.png>

<image004.png>

<image005.png>

Confidential Communication: Emails from this firm normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. This communication and all attachments are confidential, in anticipation of litigation or in furtherance of litigation. The attorney client privilege, work product doctrine and privacy rights of the sender, recipients and third parties are specifically asserted as to this communication and all attachments, in addition to all other protections afforded by law, including without limitation, HIPAA, physician/patient privilege, trade secret, tax privacy, copyright and trademark laws. If you believe that you received this email in error, please do not read this email or any attached items. Please delete the email and all attachments, including any copies thereof, and inform the sender that you have deleted the email, all attachments and any copies thereof. Thank you.

<JANE DOE 2      - depo not going forward (I1865670xC2BA8).pdf>

# EXHIBIT H



Blair G. Brown
PARTNER
Zuckerman Spaeder LLP
bbrown@zuckerman.com
(202) 778-1829

May 17, 2023

**VIA E-MAIL ONLY**

Michelle Prescott
Eileen Spadoni
Brett Smith
WESIERSKI & ZUREK LLP
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com
29 Orchard Road
Lake Forest, CA 92630

Jesse Kaplan
FREEDMAN + TAITELMAN LLP
jkaplan@ftllp.com
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

**Re: *Bauer v. Hill*, 8:22-cv-00868-JVS-ADS**

Dear Counsel:

I write regarding the Subpoenas To Testify At A Deposition and To Produce Documents that you intend to serve on JANE DOE 4, JANE DOE 5, JANE DOE 2, JANE DOE 3, and JANE DOE 1 (the "Subpoenas").

Bauer objects to these Subpoenas – both their commands to produce documents and to testify – for the reasons set forth below. Absent any resolution between the parties for Hill to withdraw the Subpoenas, Bauer intends to move to quash the Subpoenas in their entireties. Please let us know your availability to meet and confer regarding this dispute on or before **May 26, 2023**.

Bauer objects to the Subpoenas because they seek testimony and documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. For reasons set forth in our portion of the joint stipulation on Hill's motion to compel, documents and testimony from these individuals would have no bearing on the claims at issue, causation, damages, or Hill's substantial truth defense. With respect to the latter, black letter defamation law instructs that "[i]f the defamatory statement is a specific allegation of the commission of a particular crime, the statement is true if the plaintiff did commit that crime." *Hughes v. Hughes*, 122 Cal. App. 4th 931, 937–38 (Ct. App. 2004) (quoting Restatement Second of Torts, § 581A, cmt. c). Therefore, "[a] specific charge of one crime is not justified by proof of the commission of another crime of the same kind." Restatement (Second) of Torts § 581A, cmt.

f. (1977); *Substantial truth test: specific defamatory charges*, Smolla, 1 Law of Defamation § 5:20 (2d ed.) ("A statement that John committed adultery with Mary is not justified as substantially true by proof that John committed adultery with Sue."). California law only permits a substantial truth defense if "the substance of the charge be proved true, irrespective of *slight inaccuracy* in the details." *Dickinson v. Cosby*, 17 Cal.App.5th 655, 691 (Ct. App. 2017) (citation omitted) (emphasis added). Whether or not Bauer allegedly assaulted other women at some other place and time has no bearing on the "substantial truth" of Hill's own report about her sexual encounter with Bauer. *Appel v. Wolf,* 2021 WL 5234424, at *11 (S.D. Cal. Nov. 9, 2021) ("Wolf could not prove the truth of one crime with proof of a different one.").

Even if the testimony of these witnesses has any minimal relevance (it does not), Hill cannot show a compelling need for the information. Under California law, "[w]here the case involves an obvious invasion of an interest fundamental to personal autonomy, ... a 'compelling interest' must be present to overcome the vital privacy interest." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 34 (1994). Sexual matters involve a fundamental interest. *Boler v. Superior Court*, 201 Cal. App. 3d 467 (Ct. App. 1987); *Lopez v. UPS Supply Chain Sols., Inc.*, 2022 WL 17185002, at *4 (C.D. Cal. June 30, 2022) ("California courts have held that answering questions about one's sexual relationships, including the identities of former partners, will not be required absent a compelling interest."). Given that the material sought bears no relevance to any claims or defenses in this action, there can be no compelling interest that would outweigh this serious invasion of fundamental privacy interests held by Bauer and third parties. The only conceivable purpose of these Subpoenas is to harass and embarrass Bauer and thus the Subpoenas cannot stand.

Moreover, Bauer objects to the Subpoenas to the extent they seek testimony and information relating to the confidential disciplinary process and arbitration proceeding between Bauer and his former employer, MLB.[1] Indeed, the Policy governing MLB's disciplinary process requires utmost confidentiality, which the Policy states is "essential to the success of this Policy." Disclosure of confidential information would severely undermine the Policy's purpose of taking an absolute stand against sexual assault, protecting players' rights, and protecting accusers. Bauer must uphold his confidentiality obligations. From MLB's and MLBPA's objections to Hill's subpoenas to them, Bauer understands that MLB and MLBPA strongly share his view of confidentiality as to this information. Bauer also understands from MLB's objections that Hill too has confidentiality obligations based on a separate agreement she executed with MLB. It is extremely troubling that Hill seeks to dismantle confidentiality protections as to Bauer and other accusers (to the extent any participated in MLB's disciplinary process), while she herself contracted for confidentiality as to her own involvement in MLB's discipline.

---

[1] Due to Bauer's confidentiality obligations, he will neither confirm nor deny the participation of any of these individuals in MLB's disciplinary process and/or the arbitration.

We also have concerns regarding the timing of the depositions, which are noticed for May 30, May 31, and June 1, 2023. Given that this dispute will likely require motion practice, and the Court will not have an opportunity to issue any rulings before June 1, the depositions must be postponed. Moreover, certain issues regarding these depositions and the requested documents will likely be resolved at the June 14 hearing, which makes it even less proper to conduct these depositions before that date. Please confirm by May 19, 2023, that you will advise JANE DOE 4, JANE DOE 5, JANE DOE 2, JANE DOE 3, and JANE DOE 1 that the depositions will not go forward on the dates noticed and to forego any production of documents and other materials until Bauer's objections are resolved. Please copy us on those communications.

We look forward to conferring with you on this issue.

Sincerely,

*/s/ Blair G. Brown*

Blair G. Brown

cc: Jon Fetterolf (jfetterolf@zuckerman.com)
Nell Z. Peyser (npeyser@zuckerman.com)
Kelsey Simmerson (ksimmerson@zuckerman.com)
Kate Mangels (kmangels@kwikhlaw.com)

# EXHIBIT I

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
ARPINEH YEREMIAN
THOMAS B. CUMMINGS†
LISA J. McMAINS†
LYNNE RASMUSSEN
KRISTEN R. RODRIGUEZ
CLAUDIA MOURAD
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
LAYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
CLAUDIA V.TINTA ROCA
GREGORY S. MILLER
CINDY L. MIJANGOS
ERIC J. STENBERG

† AMERICAN BOARD OF TRIAL ADVOCATES (ABOTA)
ALSO ADMITTED IN *CONNECTICUT

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975-1000
FACSIMILE (949) 756-0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627-2300
FACSIMILE (213) 629-2725

SENDER'S E-MAIL:
MPRESCOTT@WZLLP.COM

May 19, 2023

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Blvd, Suite 300
Santa Monica, CA 90401
E-Mail: sholley@kwikhlaw.com;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washington, D.C. 20036
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com

Re: Bauer v. Hill
Date of Loss: 2/8/2022
Our File No.: MER-5137

Dear Counsel:

We write to respond to your May 17, 2023 correspondence regarding the Subpoenas to Testify and Produce Documents directed to JANE DOE 4, JANE DOE 5, JANE DOE 2 JANE DOE 3, and JANE DOE 1 (the "Subpoenas").

***Lack of Standing***

As you have so often argued, Mr. Bauer lacks standing to challenge these subpoenas on any grounds other than claims of "personal right or privilege" in the information sought. *Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012); see also *Jiae Lee v. Dong Yeoun Lee*, 2020 WL 7890868, at *3 (C.D. Cal. Oct. 1, 2020); *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.,* 299 F.R.D. 638, 643 (E.D. Cal. 2014).

Accordingly, Mr. Bauer has no basis to assert objections on grounds that the Subpoenas seek "testimony and documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence."

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 2

***Established Federal Law Provides the Information Sought is Relevant & Admissible***

Moreover, those objections are not well-taken. "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243 (M.D.N.C. 2010). Where a prima facie showing of discoverability has been made by the party seeking discovery, "the burden shifts ... to the resisting party to show 'lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.' [Citation.]" *Desrosiers v. MAG Industrial Automation Sys., LLC*, 675 F.Supp.2d 598, 601 (D.Md. 2009).

Here, Plaintiff's Complaint for defamation and contractual interference repeatedly attacks the credibility and veracity of Defendant's statements regarding Plaintiff's conduct, as follows:

> 86. Ms. Hill's report to the police was false, misleading, and defamatory. Ms. Hill's attorney later told the media that Ms. Hill had made a report to the police alleging that Mr. Bauer had sexually assaulted her, and the media widely reported that there was a criminal investigation of Mr. Bauer by law enforcement.
>
> * * *
>
> 104. In addition to issuing false and defamatory statements, Ms. Hill's attorneys released to the media the altered and filtered photographs included with her Petition. Release of the altered photographs served no purpose other than to defame Mr. Bauer by giving the media a false and misleading portrait of Ms. Hill's alleged injuries.
>
> * * *
>
> 151. The statements made by Ms. Hill to the Pasadena Police Department that Mr. Bauer sexually assaulted her were false, defamatory, and published with actual malice.

I1860655-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 3

152. Ms. Hill knew that her statements to the Pasadena Police Department were false.

153. The false statements made by Ms. Hill to the Pasadena Police Department are not privileged, because reports of a crime that are intentionally false or made with reckless disregard for the truth are not privileged.

154. Because Ms. Hill's false statements accused Mr. Bauer of a serious crime and maligned him in his profession, those statements constitute defamation per se and Mr. Bauer's injury is presumed.

155. The false statements by Ms. Hill have severely damaged Mr. Bauer's reputation and caused him anguish, humiliation, embarrassment, and financial loss.

156. In response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers. The period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department.

165. Mr. Bauer is a party to a contract of employment with the Los Angeles Dodgers Major League Baseball franchise. The contract is not a contract at will and includes terms providing Mr. Bauer certain performance-based payments and opportunities to opt-out of the contract in consecutive years.

166. Ms. Hill was aware that Mr. Bauer had a contract of employment with the Los Angeles Dodgers.

167. By making a false report to the Pasadena Police Department and conducing a malicious campaign to defame Mr. Bauer and destroy his reputation and career, Ms. Hill intentionally engaged

I1860655-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 4

> in wrongful acts that were designed, intended, and substantially certain to disrupt or terminate the contractual relationship between the Los Angeles Dodgers and Mr. Bauer.
>
> 168. Due to Ms. Hill's wrongful acts, the contractual relationship between Mr. Bauer and the Los Angeles Dodgers was disrupted. Mr. Bauer was placed on administrative leave from the Los Angeles Dodgers and prevented from carrying out the duties of his contract. Mr. Bauer was not permitted to practice or play with the Los Angeles Dodgers team for the duration of the 2021 MLB season and has remained on administrative leave since the beginning of the 2022 MLB season.
>
> 169. Due to Ms. Hill's wrongful acts, Mr. Bauer has suffered financial harm by losing opportunities to earn additional income and exercise rights provided by his contract with the Los Angeles Dodgers and suffered other economic damages.

As the allegations quoted above make clear, Plaintiff has essentially accused Defendant of fabricating false claims of sexual assault and battery for financial gain. This makes the information sought by the Subpoenas relevant and admissible as "propensity evidence" and as material evidence of credibility.

FRE 415 provides: "In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation." The statute "was designed in large part to help the victims of sexual assault prevail in such swearing contests by allowing them to rebut defendants' arguments of consent or lack of intent with evidence that they have been accused before." *Frank v. Cnty. of Hudson*, 924 F. Supp. 620, 627 (D.N.J. 1996).

Your letter argues an inapplicable standard. We are in federal court, not California state court, and therefore none of the authorities you cite are persuasive or even applicable. The FRE provide a far different test for discovery and admissibility of such evidence, and Defendant has no obligation to "show a compelling need for the information."

I1860655-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 5

***The Subpoenas Seek Relevant "Propensity Evidence"***

Rule 415, "together with its companions Fed. R. Evid. 413 (Evidence of Similar Crimes in Sexual Assault Cases) and Fed. R. Evid. 414 (Evidence of Similar Crimes in Child Molestation Cases), was passed to make an exception to Fed. R. Evid. 404(b), which imposed a blanket prohibition on propensity evidence." *Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1267-68 (9th Cir. 2000) (citations omitted). More precisely, FRE 413, 414, and 415 collectively "supersede[ ] Rule 404(b)'s restriction" on propensity evidence, *United States v. Guardia*, 135 F.3d 1326, 1329 (10th Cir. 1998), "by establishing a presumption—but not 'a blank check'—favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct [Citation.]". *United States v. Sioux,* 362 F.3d 1241, 1244 (9th Cir. 2004).

In enacting this Legislation, Congress expressly determined that evidence of a defendant's sexual conduct is highly probative of his propensity to commit further sexual offenses, and often justifies the risk of unfair prejudice. See 140 Cong. Rec. H8968-01, H8992 (daily ed. Aug. 21, 1994) (Stmt of Rep. Molinari); 140 Cong. Rec. S12990-01, S12990 (daily ed. Sept. 20, 1994) (Stmt of Rep. Dole); see also 137 Cong. Rec. S4925, 4928 (daily ed. Apr. 24, 1991). Accordingly, Congress directed courts to "liberally construe [Rules 413-415] to provide the basis for a fully informed decision of sexual assault . . . cases." FRE 413 Historical Notes (quoting 140 Cong. Rec. H8991-92 (daily ed. Aug. 21, 1994) (Stmt of Rep. Molinari).) Courts, in turn, have applied the rules mindful of the "strong legislative judgment that evidence of prior sexual crimes should ordinarily be admissible." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (citing legislative history).

It is generally accepted that a party-litigant with a propensity to commit acts similar to those at issue is more likely to have committed these types of acts on another, and therefore such evidence is relevant and in conformity with FRE 401 and 402. *Doe v. Glanzer*, *supra,* 232 F.3d at 1268. Here, Plaintiff's interactions and sexual history with others who have raised claims similar to those made by Defendant are clearly relevant and discoverable under FRE 415.

I1860655-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 6

***The Subpoenas Seek Relevant "Credibility Evidence"***

In addition to its probative value as propensity evidence, Congress intended that such evidence be used to assess the credibility of the defendant and the victim:

> If there is conclusive evidence that the defendant has previously engaged in similar acts--such as a prior conviction . . . for rape--then the defense's claim of . . . fabrication would normally amount to a contention that the victim made up a false charge of rape against a person who just happened to be a rapist. The inherent probability of such a coincidence gives similar crimes evidence a high degree of probative value.

137 Cong. Rec. S4925, 4928 (daily ed. Apr. 24, 1991); see also 140 Cong. Rec. S12990-01, S12990 (daily ed. Sept. 20, 1994) (Stmt of Rep. Dole) ("Similarly, sexual assault cases, where adults are the victims, often turn on difficult credibility determinations. . . . Knowledge that the defendant has committed rapes on other occasions is frequently critical in assessing the relative plausibility of these claims and accurately deciding cases . . . .").

Courts have routinely admitted evidence of past sexual offenses for these purposes, in accordance with Congress's finding that such evidence is necessary to resolve credibility disputes in sexual assault cases. *Doe v. Smith*, 470 F.3d 341, 346 (7th Cir. 2006) (dean's conviction for pedophilic conduct against another boy admissible against school district; discredits school district's theory that dean was merely benevolent educator); *Cleveland v. KFC Nat. Management Co.,* 948 F.Supp. 62, 66 (N.D. Ga. 1996) (manager's past sexual misconduct admissible against employer to corroborate plaintiff's allegations); *United States v. McGuire*, 627 F.3d 622, 627 (7th Cir. 2010) (affirming admission of evidence that priest molested other victims; evidence "material" because defendant contended that current victim was lying); *U.S. v. Batton*, 602 F.3d 1191, 602 F.3d at 1198 (10th Cir. 2010) (affirming admission of prior sexual assault conviction; conviction easily proved, and was a "crucial piece of evidence" in light of defendant's blanket denial of victim's allegations); *United States v. Benally*, 500 F.3d 1085, 1092 (10th Cir. 2007) (evidence of past sexual offenses relevant because whether charged assault occurred was "hotly disputed"); *United States v. Enjady*, 134 F.3d 1427, 1429, 1434 (10th Cir. 1998) (past rape relevant to propensity and to rebut defendant's denial of current rape charge).

I1860655-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 7

As quoted above, Plaintiff's allegations place Defendant's credibility squarely at issue in this case, and the Subpoenas seek relevant and admissible evidence that bears directly on the arbitrator's determination of the veracity of the parties.

***Plaintiff Cannot Stipulate Away the Right to Public Disclosure***

There is no privilege that attaches to arbitration proceedings merely because the parties have stipulated to confidentiality, and any such contractual provision is not a bar to discovery. "Contracts bind only the parties. No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off." *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 665 (7th Cir. 009). "[L]itigants' preference for secrecy does not create a legal bar to disclosure." *Gotham*, *supra*, 580 F.3d at 665.

In that case, the issue was whether confidential documents related to an arbitration agreement could be disclosed pursuant to a third-party subpoena. *Gotham*, *supra*, 580 F.3d at 665. 2009). The Seventh Circuit affirmed the district court's decision directing the documents be produced. *Id*. In so doing, the *Gotham* court explained that while the parties were entitled to agree they would not voluntarily disclose information related to the arbitration, that did not prevent disclosure pursuant to a legal right of access. *Id.* at 665-66. "Indeed, we have stated more broadly that a person's desire for confidentiality is not honored in litigation." *Id.* at 665.

*Scott D. Boras Inc. v. Sheffield*, 2009 WL 3444937, at *1 (S.D.N.Y. Oct. 26, 2009), speaks directly to this issue. In that case, plaintiff Boras moved the District Court for an order granting leave to file under seal his Petition to Confirm Arbitration Award arising from MLB proceedings and supporting exhibits, including the full text of the Arbitrator's Award and agreements between the parties. Like Plaintiff in this case, Boras argued that the documents should remain under seal because "1) the parties agreed that anything said, presented or discussed during the arbitration would be kept confidential—an agreement the arbitrator adopted and approved; (2) the parties relied on that agreement, the arbitrator's adoption of the agreement, and the Major League Baseball Players Association's regulations promoting confidentiality of arbitral proceedings[.]" *Id*. at *1.

Boras also argued that contain information of a highly confidential and sensitive nature, relating to, e.g., proprietary business matters such as salary negotiation strategy, and that because the parties were public figures, the information would likely be widely disseminated to the media. *Id.*

I1860655-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 8

However, the court in *Boras* was not persuaded by these arguments, and ruled as follows:

> Having reviewed Boras' Memorandum in Response, the Petition, and supporting Exhibits, I conclude that the presumption in favor of public access outweighs concerns for the parties' confidentiality of the general matters discussed in the Petition and arbitration proceeding. In addition, "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable." By contrast, the proprietary business matters discussed in the Petition, Exhibits, and arbitration proceedings do justify confidentiality. Therefore, Boras is directed to refile copies of its Petition and supporting Exhibits redacted to omit proprietary business matters. The unredacted copies may remain filed under seal.

*Boras, supra*, 2009 WL 3444937, at *1.

The court's ruling in *Boras* is consistent with the holdings of other courts considering confidentiality provisions in collective bargaining agreements. Generally, claims of privilege are in derogation of the public's right to every person's evidence and are disfavored by the courts. *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996); *In re Zuniga*, 714 F.2d 632, 637-38 (6th Cir. 1983).

Because evidentiary privileges "operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored." *Mem'l Hosp. v. Shadur,* 664 F.2d 1058, 1061 (7th Cir. 1981). "With very limited exceptions, federal courts have generally declined to grant requests for new privileges." *Pearson v. Miller*, 211 F.3d 57, 67 (3d Cir. 2000). Therefore, the party invoking a privilege bears the burden of establishing its existence and the alleged privilege must be narrowly construed. *U.S. Fidelity & Guar. v. Dick Corp./Baiton Malow*, 215 F.R.D. 503, 506 (W.D. Pa. 2003). Here, Plaintiff has provided no justification for the invocation of a disfavored privilege to "block the judicial fact-finding function."

You cite the MLB and MLBPA objections to the subpoenas directed to those organizations as further reason to object on confidentiality grounds, but that actually mitigates in favor of enforcing the Subpoenas, because Defendant has been unable to obtain the information

I1860655-1 MER-5137

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
May 19, 2023
Page 9

sought directly from them. Defendant has every right to pursue relevant, admissible evidence
from alternative sources, such as through the Subpoenas.

***Request for Further Meet and Confer Communications***

Now that we have extended the discovery deadlines, we can agree to defer the deposition
dates and document production until we have had a chance to fully address these issues and
determine whether law and motion is necessary. We will notify the deponents that their
depositions and production will not go forward as scheduled.

Please advise of your availability next week to discuss these matters in more detail.

We appreciate your anticipated courtesy and cooperation on this issue.

Very truly yours,

WESIERSKI & ZUREK LLP

Michelle R. Prescott

MP
cc:    Jesse Kaplan, Esq.

I1860655-1 MER-5137

# EXHIBIT J

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

CONFIDENTIAL PPD0000229

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

CONFIDENTIAL

PPD0000230

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

CONFIDENTIAL PPD0000297

# EXHIBIT K

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
4/17/2023 3:50:41 PM
Filing ID 15843273

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Laurence B. Hirsch (022501)
lbh@jaburgwilk.com
Ian M. Fischer (026239)
imf@jaburgwilk.com

**Zuckerman Spaeder LLP**
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106

Jon R. Fetterolf (*Pro Hac Vice To Be Requested)*
jfetterolf@zuckerman.com
Kelsey Simmerson *(Pro Hac Vice To Be Requested)*
ksimmerson@zuckerman.com

Attorneys for Defendant

JABURG WILK
LAW FIRM

**SUPERIOR COURT OF ARIZONA**

**COUNTY OF MARICOPA**

JANE DOE 3,

Plaintiff,

v.

Trevor Andrew Bauer,

Defendant.

Trevor Andrew Bauer,

Counterclaimant,

v.

JANE DOE 3,

Counterdefendant,

Case No. CV2022-016483

**DEFENDANT TREVOR ANDREW BAUER'S ANSWER AND COUNTERCLAIM**

Assigned to the Hon. Scott Blaney

Answering Plaintiff JANE DOE 3 's Complaint and the Amendment thereto, Defendant Trevor Andrew Bauer admits, denies, and alleges as follows:

1. Admits that this Court has jurisdiction, that venue is proper, and that tier 3 designation is appropriate.

2. Admits that JANE DOE 3 is the plaintiff and Mr. Bauer is the defendant.

3. Denies that Mr. Bauer ever assaulted JANE DOE 3.

4. Denies that Mr. Bauer ever sexually assaulted JANE DOE 3.

5. Denies each and every allegation not specifically and expressly admitted herein.

6. Denies JANE DOE 3's demand for relief.

7. Denies that JANE DOE 3 is entitled to any damages based on her allegations.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint and the Amendment thereto fails, in whole or in part, to state a claim upon for which relief can be granted.

2. Service of the Summons and Complaint in this matter upon Mr. Bauer was insufficient.

3. Plaintiff and Defendant's single sexual encounter was consensual.

4. One or more of the claims made in Plaintiff's Complaint and the Amendment thereto are barred by the statute of limitations.

5. Plaintiff's Complaint and the Amendment thereto is brought without substantial justification and Mr. Bauer is entitled to his reasonable attorneys' fees and expenses and damages for having to defend against it.

6. Plaintiff's Complaint and the Amendment thereto is brought solely or primarily for harassment and Mr. Bauer is entitled to his reasonable attorneys' fees and expenses and damages for having to defend against it.

JABURG WILK LAW FIRM

7. Mr. Bauer reserves the right to amend his Answer and affirmative defenses, should a factual basis become known, to include every affirmative defense as set forth in Arizona Rules of Civil Procedure 8(d) and 12(b) and case law.

WHEREFORE, having fully answered, Trevor Andrew Bauer prays:

(a) that all claims asserted against him in this action be dismissed and that Plaintiff takes nothing thereby;

(b) that he recover his costs incurred herein pursuant to A.R.S. §§ 12-341 and 12-349;

(c) that he recover double damages up to $5,000 pursuant to A.R.S. § 12-349;

(d) that he recover his reasonable attorneys' fees incurred herein pursuant to A.R.S. § 12-349; and

(e) for such other relief as the Court may deem just and proper.

**COUNTERCLAIM**

Defendant/Counterclaimant Trevor Bauer alleges as follows:

**NATURE OF THE ACTION**

1. Counterdefendant JANE DOE 3 is a self-proclaimed actress, pageant queen, and entrepreneur, who is seeking for the third time to extort Trevor Bauer, a professional baseball player, for millions of dollars. Mr. Bauer and JANE DOE 3 had a single, consensual sexual encounter in December 2020. Following that encounter, JANE DOE 3 claimed she was pregnant and later demanded $1.6 million to terminate her pregnancy. Trevor declined JANE DOE 3's demand and instead told her that the decision whether to have the child was her own and that he would support her decision, including paying any necessary medical expenses or child support payments required by law. Believing she was pregnant, Mr. Bauer provided JANE DOE 3 with several thousand dollars to reimburse her for medical expenses purportedly related to her pregnancy. When JANE DOE 3 told Mr. Bauer that she intended to terminate the pregnancy, he paid

JABURG WILK LAW FIRM

expenses that he believed were for the procedure. In total, Mr. Bauer paid JANE DOE 3 $8,761.09 for expenses related to her alleged pregnancy and its subsequent termination.

2. Months later, in the wake of very public, false and defamatory sexual assault allegations against Mr. Bauer, JANE DOE 3, through counsel, sent a demand letter to Mr. Bauer's attorneys and for the first time accused Mr. Bauer of various improprieties, echoing claims made by his public accuser and asserting that she had suffered emotional distress as a result of terminating her pregnancy. After Mr. Bauer's counsel provided a transcript of an audio recording in which JANE DOE 3 asked for $1.6 million to terminate the pregnancy and sought medical records to support that she had ever been pregnant or terminated her pregnancy, JANE DOE 3's counsel ceased their representation of her.

3. Based on JANE DOE 3's demand letter and failure to provide any medical records to substantiate her pregnancy or termination thereof, Mr. Bauer now believes that JANE DOE 3 fabricated her pregnancy to try to extort him for money.

4. In the wake of this extortion attempt, Mr. Bauer has learned that JANE DOE 3 has serious credibility issues, which further causes him to believe that JANE DOE 3 was never pregnant. She has been the subject of multiple restraining orders for harassment. She has been charged with multiple "extreme DUIs." In March 2021, while she was allegedly pregnant and in need of $1.6 million to terminate her alleged pregnancy, JANE DOE 3 was arrested and charged with misdemeanor assault for throwing a glass at someone, causing cuts to his face. In her publicly available YouTube "video diaries," JANE DOE 3 has said that she is looking for a man who can fund a lavish lifestyle. In another video, she claimed that she was arrested several times after police suspected her of prostitution. She has spoken publicly about filing other reports of sexual assault, against individuals ranging from her ex-boyfriend, to at least one other professional athlete, and even her Uber driver. JANE DOE 3 has approached multiple news outlets with her claims against Mr. Bauer; all have declined to publish her false and defamatory allegations.

JABURG WILK LAW FIRM

5. Mr. Bauer now brings this action to expose and seek redress for JANE DOE 3's fraudulent conduct.

## FACTUAL ALLEGATIONS

**A. JANE DOE 3 Fabricated a Pregnancy**

6. On April 18, 2020, JANE DOE 3 contacted Mr. Bauer by replying to his Instagram story.

7. Mr. Bauer responded to JANE DOE 3's message two days later, and the two began exchanging messages.

8. In April 2020, Mr. Bauer was a Major League Baseball player for the Cincinnati Reds.

9. Because of the COVID-19 pandemic, Mr. Bauer was living in Scottsdale, Arizona, waiting for the season to resume.

10. JANE DOE 3 also resided in Scottsdale, Arizona.

11. On May 16, 2020, JANE DOE 3 visited Mr. Bauer at his house.

12. The two did not have sexual intercourse during the May 16, 2020 visit.

13. Mr. Bauer and JANE DOE 3 continued to communicate periodically throughout the summer and fall of 2020.

14. In November and early December 2020, after Mr. Bauer returned to Arizona when the 2020 baseball season ended, JANE DOE 3 visited Mr. Bauer at his house a few times.

15. At no point during these visits in November and early December 2020 did Mr. Bauer physically harm or threaten JANE DOE 3.

16. At no point during these visits in November and early December 2020 did Mr. Bauer and JANE DOE 3 have sexual intercourse.

17. On the night of December 13, 2020, JANE DOE 3 came to Mr. Bauer's house.

JABURG WILK LAW FIRM

18. During that visit, JANE DOE 3 told Mr. Bauer that she wanted to have sex with him, and the two agreed to have sex.

19. All sexual activity between JANE DOE 3 and Mr. Bauer was consensual.

20. Mr. Bauer's condom broke while having sex with JANE DOE 3.

21. Mr. Bauer and JANE DOE 3 became concerned that JANE DOE 3 would become pregnant. They discussed that JANE DOE 3 would attempt to obtain Plan B medication to prevent pregnancy.

22. Later that day, after JANE DOE 3 had left, Mr. Bauer sent JANE DOE 3 multiple text messages asking whether she had obtained Plan B.

23. After receiving no response to his text messages, Mr. Bauer sent a message to JANE DOE 3: "I would ask that you communicate with me about what's going on as it potentially has a very large impact on my life. I don't feel that's too much to ask, especially as this is a very time sensitive issue. I need to know if you were able to see your doctor and if you were able to get and take plan[]B."

24. The following day, JANE DOE 3 replied that she met with her nurse practitioner.

25. JANE DOE 3 sent Mr. Bauer a screenshot of a prescription for Levonorgestrel, or Plan B.

26. On December 16, 2020, JANE DOE 3 sent Mr. Bauer a photograph of a lined sheet of paper on which she had written expenses totaling $286.54 purportedly incurred in obtaining Plan B.

27. Mr. Bauer asked JANE DOE 3 for her Venmo account name, which JANE DOE 3 provided. JANE DOE 3 also told Mr. Bauer: "We take tips."

28. That same day, Mr. Bauer sent JANE DOE 3 a Venmo payment for $300, with a pill emoji as the subject of the payment.

29. On January 7, 2021, JANE DOE 3 asked Mr. Bauer whether she could sleep over at his house.

JABURG WILK LAW FIRM

30. Mr. Bauer said no.

31. On January 14, 2021, JANE DOE 3 sent Mr. Bauer a message saying that she visited her doctor and needed to speak with him to "get something off my chest as soon as possible."

32. Mr. Bauer responded to JANE DOE 3's message asking if she was pregnant.

33. JANE DOE 3 replied that the conversation was "best for in-person."

34. Mr. Bauer met JANE DOE 3 in person on January 14, 2021.

35. During the meeting JANE DOE 3 told Mr. Bauer that she was pregnant.

36. Following their in-person meeting, JANE DOE 3 sent Mr. Bauer a message stating: "I went to the store + bought a test on the way to take one with you but I don't know."

37. JANE DOE 3 never took a pregnancy test with Mr. Bauer present.

38. On January 15, 2021, JANE DOE 3 sent Mr. Bauer a disappearing Instagram photograph.

39. In response to the photograph, Mr. Bauer wrote: "That's definitely two lines," an apparent reference to a disappearing photograph of a purported pregnancy test.

40. That same day, JANE DOE 3 told Mr. Bauer: "I heard if you have another sexual encounter, it can confuse the womb and reverse everything." Mr. Bauer replied, "Is that so?! (laughing face emoji)," to which JANE DOE 3 said: "Yes. It could work, I think it could work." JANE DOE 3 later asked Mr. Bauer, "Well hm. I mean, do you want to try to reverse everything?"

41. Mr. Bauer later sent JANE DOE 3 an audio message asking whether she would consider terminating her pregnancy. JANE DOE 3 responded to Mr. Bauer, saying, "Answer: No. I thought of some reasons why."

JABURG WILK LAW FIRM

42. On February 20, 2021, JANE DOE 3 asked Mr. Bauer to pay for medical expenses she claimed were associated with her pregnancy. Of those expenses, she told Mr. Bauer:

> I know you don't want to know and don't need extra info and I'll try not to go too detailed but I woke early feeling very sick. My stomach was hurting immensely and I had to call 911. I had a bad reaction to these prenatals I decided to get before I had my 1st doc visit. I didn't have anyone to call (esp if they would have asked me health questions and if I am pregnant in front of whomever was to take me to the ER) so I have an ambulance and ER visit from 1/17/2021.
>
> And I believe I told you in January, that the fools at my soon to be old doctors office messed up the STI/std lab work I had requested on 1/12/21 (since lack of full protection) and then they tried to bill my insurance knowing I always pay out of pocket and don't have insurance. So I have to call the knuckleheads next week to get that sorted.
>
> Anyhow, thanks for understanding so I won't feel obligated to explain next time.
>
> Thanks.
>
> 4,241.96.

43. The following day, Mr. Bauer sent JANE DOE 3 two Venmo payments totaling $2,741.96.

44. Mr. Bauer explained to JANE DOE 3 that the Venmo application prevented him from paying the entire amount and that he would send her the remaining payment when the application allowed.

45. On March 3, 2021, Mr. Bauer sent JANE DOE 3 a Venmo payment for $1,500—for a total of $4,241.96—to pay for JANE DOE 3's claimed medical expenses.

46. On March 3, 2021, following several attempts by Mr. Bauer between the end of February and early March 2021, to speak with her, JANE DOE 3 agreed to meet Mr. Bauer in person.

JABURG WILK LAW FIRM

47. At their March 3, 2021 meeting, JANE DOE 3 told Mr. Bauer that she would terminate the pregnancy only if Mr. Bauer agreed to pay her $1 million.

48. Later in the conversation, JANE DOE 3 revised the amount, stating that she would terminate the pregnancy for $1.6 million.

49. JANE DOE 3 also asked Mr. Bauer to donate his sperm to her, so that if she decided to have a baby later in life, she could use his sperm.

50. Shocked by JANE DOE 3's request, Mr. Bauer created an audio recording for his records documenting their conversation.

51. The following day, Mr. Bauer sought clarification via text message:

> Sorry to hear you couldn't sleep but wanted to get back to you regarding our meeting last night. Obviously this is ultimately your decision, and I support whatever decision you choose. I know sometimes you don't feel it, but I am trying to help and support you in the best way I know how. And as we discussed, sometimes I have trouble understanding when you're joking or being serious because you laugh when you're nervous. You made a couple of statements last night that confused me, and I want to make sure I understand clearly what you were proposing, so if you could explain again exactly what you want so I better understand, I'd really appreciate it.

52. JANE DOE 3 replied several days later, on March 10, 2021: "No, no, I was not joking with what I said. That was my proposition to if I were to terminate and move forward with my life."

53. Mr. Bauer told JANE DOE 3 that he could not pay her $1.6 million to terminate the pregnancy:

> Thanks for getting back to me. I guess I understand now that you were serious with your proposition. That's just not something I can do. At the end of the day, this is your decision. Whatever your decision may be, please know that I will support you. As I have said before, my only desire is to make this easier for you and that is why you need to be comfortable with your decision without any outside influences. Please let me know how I can help.

JABURG WILK LAW FIRM

54. On March 25, 2021, JANE DOE 3 sent Mr. Bauer a message asking him to come to her house to again discuss her alleged pregnancy.

55. Given JANE DOE 3's demand for $1.6 million on March 3, 2021, Mr. Bauer used his phone to record their in-person meeting.

56. JANE DOE 3 first discussed the possibility of putting the baby up for adoption.

57. Mr. Bauer responded that he would consent to putting the baby up for adoption.

58. JANE DOE 3 also said that she was considering keeping the baby.

59. Mr. Bauer told JANE DOE 3 that he was not interested in raising a child with her, but that he would pay for necessary expenses.

60. At another point during their conversation, JANE DOE 3 asked Mr. Bauer if he would be upset if she named the baby after him.

61. Mr. Bauer told JANE DOE 3 that she could name the child whatever she wanted.

62. Throughout the conversation, Mr. Bauer repeatedly told JANE DOE 3 that any decision regarding the alleged pregnancy was her choice and that he would support her in any decision she made.

63. JANE DOE 3 again told Mr. Bauer that she would terminate the pregnancy only if he paid her $1.6 million:

> **Mr. Bauer:** I just wanted to understand kind of where your head's at and all that. I guess last time we talked, you had been talking to some friends about your decision to keep it or not to keep it and about thinking what you wanted to do in the future. . . . So I guess I was just curious to understand . . . what conclusion you came to on that front.
>
> JANE DOE 3**:** I told you I would do it for a million bucks. And I knew you were going to say no. So I was like, well, I've got to keep it now.

JABURG WILK LAW FIRM

> **Mr. Bauer:** Well, you said a million the first time and then you said 1.6 the second time.
>
> JANE DOE 3**:** It's 1.6. Because I did the math. And I said, okay what's really going to go into this whole situation? And I was doing math. And I said I divided it and I did a percentage of it. But (indiscernible). Well, because I thought – because I told you the reason why. I was like, well I have other things I want to – I do have other things I want to do in my life. . . .

64. At the end of their conversation, JANE DOE 3 attempted to have sex with Mr. Bauer. Mr. Bauer declined.

65. That same day, JANE DOE 3 asked Mr. Bauer via text message to pay for purported recent medical expenses.

66. Mr. Bauer asked JANE DOE 3 to send photographs of test results and bills.

67. JANE DOE 3 sent several photographs to Mr. Bauer, including of the outside of an envelope, a portion of a bill she purportedly received, and a close-up of a description of various medical tests.

68. None of the photographs included JANE DOE 3's name or any information identifying JANE DOE 3 as the patient or recipient of the services.

69. On March 26, 2021, Mr. Bauer told JANE DOE 3 in a text message that if she decided to terminate the pregnancy, he would pay for a car service to take her to and from the appointment, as he was out of town and unable to drive her to the appointment.

70. Five days later, JANE DOE 3 messaged Mr. Bauer asking what car service he used and whether he would pay for her to take a luxury or premium SUV.

71. Mr. Bauer replied that he would cover the cost of transportation.

72. The next day, April 1, 2021, Mr. Bauer sent JANE DOE 3 a Venmo payment for $4,219.13, which he believed to be the costs associated with JANE DOE 3's purported pregnancy termination.

73. JANE DOE 3 did not confirm that she had terminated the pregnancy.

JABURG WILK
LAW FIRM

74. On April 2, 2021, Mr. Bauer sent JANE DOE 3 a text message asking her how she was doing. JANE DOE 3 did not reply.

75. On April 4, 2021, Mr. Bauer sent JANE DOE 3 an Instagram message to check in on her, asking if she was doing okay. JANE DOE 3 did not reply.

76. On April 13, 2021, JANE DOE 3 finally replied to Mr. Bauer:

> Hey, Trevor. I'm doing swell thanks. Hey how are you feeling? Sorry it took me a while. **Had an eye procedure – that's another story. My bambi eyes are finally open**.[1]

77. Mr. Bauer asked whether JANE DOE 3's "other procedure" —to terminate her alleged pregnancy—had "gone okay." JANE DOE 3 did not reply.

78. Mr. Bauer texted JANE DOE 3 a second time to ask how her procedure had gone and whether she had terminated the alleged pregnancy. JANE DOE 3 did not reply.

79. JANE DOE 3 never confirmed that she had indeed terminated her alleged pregnancy. JANE DOE 3 never sent Mr. Bauer any medical records showing that she had terminated her alleged pregnancy.

80. The last communication between Mr. Bauer and JANE DOE 3 occurred on June 2, 2021, when JANE DOE 3 texted Mr. Bauer to ask about the camera and microphone settings that he used in creating his video content.

**B. Months Later, JANE DOE 3 Resurfaced to Demand $3.6 Million**

81. In the months following their last communication, Mr. Bauer was falsely accused of sexual assault by Lindsey Hill and placed on administrative leave from the Los Angeles Dodgers pending an investigation by MLB.

---

[1] According to a video posted on JANE DOE 3's publicly available YouTube channel on or around March 26, 2021, she discussed that she had recently undergone LASIK surgery. According to the American Academy of Ophthalmology, women who are pregnant should not have LASIK surgery. *LASIK - Laser Eye Surgery*, AMERICAN ACADEMY OF OPHTHALMOLOGY, HTTPS://WWW.AAO.ORG/EYE-HEALTH/TREATMENTS/LASIK (last visited April 17, 2023).

JABURG WILK LAW FIRM

82. Those allegations were widely reported and included allegations that, among other actions, Mr. Bauer and Ms. Hill had rough sex, during which he used Ms. Hill's hair to choke her unconscious.

83. On January 25, 2022, more than a year after the two had sex and nine months after JANE DOE 3 purportedly terminated her alleged pregnancy, JANE DOE 3, through attorneys, sent a demand letter to Mr. Bauer's attorneys.

84. In the demand letter, JANE DOE 3 claimed that she had suffered damages resulting from her pregnancy termination. She also claimed, for the first time, that Mr. Bauer had become aggressive during their sexual encounter, echoing claims made by Ms. Hill.

85. She demanded payment of $3.6 million.

86. In response to the demand letter, Mr. Bauer's attorneys asked JANE DOE 3's attorneys to provide records pertaining to JANE DOE 3's alleged pregnancy and its termination.

87. Mr. Bauer's attorneys also informed JANE DOE 3's attorneys of the audio recording in which JANE DOE 3 asked Mr. Bauer for $1.6 million in exchange for terminating the purported pregnancy, and previewed hundreds of pages of text and Instagram messages that firmly contradict JANE DOE 3's false allegations.

88. Following multiple requests for medical records—which JANE DOE 3's attorneys never provided—JANE DOE 3's attorneys ceased representation of her and did not contact Mr. Bauer or his attorneys again.

**C. This Lawsuit is Another Attempt to Harass and Extort Mr. Bauer**

89. On December 14, 2022, JANE DOE 3 filed a *pro se* complaint in this Court. On February 1, 2023, JANE DOE 3 filed a *pro se* amendment to the complaint containing false allegations against Mr. Bauer, including that Mr. Bauer physically and sexually assaulted her.

JABURG WILK LAW FIRM

90. In her third attempt to extract millions of dollars from Mr. Bauer, she has changed her story again and introduced new false allegations, and again, such allegations are firmly contradicted by the text and Instagram messages between them.

91. For example, JANE DOE 3 now claims that a "white male wearing a ski mask, driving a truck similar to the Defendant's truck" tailgated and followed her.

92. Mr. Bauer has never tailgated and followed JANE DOE 3, nor has anyone else done so in his truck.

93. In fact, JANE DOE 3 texted Mr. Bauer about this alleged incident on December 21, 2020:

> JANE DOE 3**:** So I had someone in a truck follow then chase me down and back my car into a garbage bin, turn their high beams on me. Police are still outside my place now and because I recorded just enough they're able to get an idea for the make and model and are searching that area.
>
> My intuition said I was going to have a gun pulled on me.
>
> **Mr. Bauer:** Are you okay? And did you get a gun pulled on you?
>
> JANE DOE 3**:** No. but am safe with police here. . . .
>
> **Mr. Bauer:** It's very hard for me to relate to any of that as it's never happened to me. I'm sorry to hear you have this happen to you repeatedly though. I wish I understood more about your life so some of that made sense.

94. On the date that JANE DOE 3 texted Mr. Bauer about this alleged incident, Mr. Bauer was not in Arizona.

95. JANE DOE 3 further claims, for the first time, that when Mr. Bauer visited her home on March 25, 2021, he "disrobe[d] himself without care while my bedroom windows are wide open for all to see," and that he told her "he will no longer be in a relationship with me if I have this baby."

96. The audio recording of Mr. Bauer's meeting with JANE DOE 3 at her house shows that this new claim is false.

JABURG WILK LAW FIRM

97. During the meeting on March 25, 2021, Mr. Bauer repeatedly told JANE DOE 3 that he would support her decision as to her alleged pregnancy.

98. During that meeting, it was JANE DOE 3 who sought to engage in sexual intercourse with Mr. Bauer.

99. Mr. Bauer texted JANE DOE 3 following their March 25, 2021 meeting, stating: "Also you're such a tease for the way you came on to me tonight."

**COUNT ONE – Fraud**

100. Mr. Bauer incorporates by reference all preceding allegations as though fully set forth herein.

101. JANE DOE 3 told Mr. Bauer that she was pregnant.

102. JANE DOE 3 was not pregnant in 2021.

103. JANE DOE 3 told Mr. Bauer that she had terminated her pregnancy.

104. Those representations were false.

105. JANE DOE 3 knew that she was not pregnant.

106. JANE DOE 3 knew that she did not terminate her pregnancy in 2021.

107. JANE DOE 3 intended that Mr. Bauer would act on her false statements that she was pregnant and terminated her pregnancy.

108. Mr. Bauer did not know that JANE DOE 3's statements that she was pregnant and terminated her pregnancy were false and reasonably and justifiably relied on MJANE DOE 3's statements.

109. Because of JANE DOE 3's representations that she was pregnant and that she intended to terminate the pregnancy, Mr. Bauer paid JANE DOE 3 $8,761.09.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Trevor Bauer demands judgment against Counterdefendant JANE DOE 3 as follows:

i. An award of general and punitive damages in appropriate amounts to be established at trial;

JABURG WILK LAW FIRM

ii. Counterclaimant's reasonable costs and expenses, including attorneys' fees; and

iii. Such other and further relief as the Court deems just and appropriate to protect Counterclaimant's rights and interests.

**DEMAND FOR JURY TRIAL**

Counterclaimant demands a trial by jury on all issues so triable.

DATED this 17th day of April, 2023.

**Jaburg & Wilk, P.C.**

/s/Ian M. Fischer
Laurence B. Hirsch
Ian M. Fischer
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012

**Zuckerman Spaeder LLP**
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Jon R. Fetterolf (*Pro Hac Vice To Be Requested)*
Kelsey Simmerson *(Pro Hac Vice To Be Requested)*

Attorneys for Defendant

**ORIGINAL E-FILED** and **COPY** of the foregoing mailed this 17th day of April, 2023 to:

JANE DOE 3
Plaintiff

/s/Debra Gower

JABURG WILK LAW FIRM