Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal Bar. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>    Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**DECLARATION OF JON R. FETTEROLF IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Hearing Date: July 24, 2023<br>Hearing Time: 1:30 p.m.<br>District Judge: James V. Selna<br>Department: 10C<br><br>Action Filed: April 25, 2022 |

1        I, JON R. FETTEROLF, declare and state as follows:

2        1.     I am an attorney licensed to practice in the District of Columbia and the State of New York and have been admitted to practice *pro hac vice* in this action. I am a partner of the law firm Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim Defendant Trevor Bauer in the above-captioned action. I have personal knowledge of the matters stated in this declaration, and I could and would testify competently about them if called upon to do so.

2.     I was counsel for Bauer during the Los Angeles Superior Court Domestic Violence Restraining Order ("DVRO") proceeding in which Defendant/Counterclaim Plaintiff Lindsey Hill was denied a restraining order against Bauer.

3.     A video, produced in this action, of Hill smiling in Bauer's bed on May 16, 2021 following what she claims was a sexual assault was not produced by Hill in the DVRO proceeding. *See* Dkt. 53, 114-2 at 12.

4.     The video was responsive to discovery requests propounded by Bauer in that proceeding.

5.     Counsel for Hill in the DVRO proceeding represented that all relevant material had been produced. *See, e.g.*, Petitioner's Opposition to Respondent's Motion to Compel and Motion for Sanctions for Spoliation of Evidence (Aug. 16, 2021) at 2 (attached as Exhibit A) ("There is simply nothing in Ms. Hill's possession and control that is relevant to the within request for Domestic Violence Restraining Order that exists and has not yet been produced."); Dkt. 52-3 at 87 (Tr. of Hearing on Motion to Compel and Motion for Sanctions for Spoliation of Evidence (Aug. 16, 2021) at 22) ("So for counsel to come and say that we've either deleted, failed to produce, modified, it's not accurate. . .. [T]hey have everything we have.").

6.     Attached to this declaration as **Exhibit A** is a true and correct copy of Petitioner's Opposition to Respondent's Motion to Compel and Motion for Sanctions for Spoliation of Evidence (Aug. 16, 2021) filed in the DVRO proceeding.

7. Attached to this declaration as **Exhibit B** is a true and correct copy Respondent's Motion to Compel and Motion for Sanctions for Spoliation of Evidence filed in the DVRO proceeding.

Executed this 14th day of June, 2023, in Washington, D.C.

_____

Jon R. Fetterolf

EXHIBIT A

1  MEYER, OLSON, LOWY & MEYERS, LLP
2      3161 Michelson Drive, Suite 1160
       Irvine, California 90067
3           Tel: (949) 397-3977
           Fax: (949) 800-1309
4
       Lisa Helfend Meyer, State Bar No. 106105
5      Doreen Marie Olson, Esq., State Bar No. 165293
       Marc H. Garelick, Esq., State Bar No. 258278
6
   Attorneys for Petitioner,
7  LINDSEY HILL

**FILED**
Superior Court of California
County of Los Angeles

**AUG 1 6 2021**

Sherri R. Carter, Executive Officer/Clerk of Court
By: C. Andrews, Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10

11  In re the Matter of

12  Petitioner:      LINDSEY HILL

13     And

14  Respondent:   TREVOR BAUER

15

16

17

Case No.: 21STRO03198
[Dept 35]

**PETITIONER'S OPPOSITION TO
RESPONDENT'S MOTION TO
COMPEL AND MOTION FOR
SANCTIONS FOR SPOILATION OF
EVIDENCE**

**Trial Dates:  8/16-8/19/2021
Time: 8:30 a.m.
Dept. 35**

18         Petitioner, LINDSEY HILL ("Ms. Hill"), submits the within Opposition to

19  Respondent's, Trevor Bauer ("Mr. Bauer"), latest filing of Motions at the eleventh hour in

20  another attempt to delay this proceeding or attempt to exclude Ms. Hill from putting on her

21  case. For purposes of efficient and Judicial Resources, Ms. Hill responds to both

22  Respondent's Motion to Compel and Motion for Sanctions for Spoilation of Evidence in

23  one pleading. We request that both motions be denied in their entirety.

**I.**

**INTRODUCTION**

26         The theme of Mr. Bauer's litigation has been to attack, attack and attack.

27  Respondent has gone on a bullying rampage to attempt to find any impropriety as an

28  excise for his physical and sexual assault of Ms. Hill. The latest attack is Mr. Bauer's

*Left margin vertical text:* MEYER, OLSON, LOWY & MEYERS, LLP
3161 Michelson DRIVE, Suite 1160 · Irvine, California 92612

*Far left vertical text:* 08-20-21

**1**

1   request for Ms. Hill to prove a negative, namely that Ms. Hill produce records that do not

2   exist (and somehow prove they do not exist) and to punish Ms. Hill for "deletion" of videos

3   by a third party social media company (Instagram) and communications with other third

4   parties that she does not normally keep. Despite no formal discovery, Ms. Hill has

5   cooperated with a fishing expedition of her entire life. Her intimate and very personal

6   medical records have been released. Her therapy notes have been released. She has

7   cooperated and signed protective orders so that her hospital records would be released

8   as well as the SART exam held by the Pasadena Police Department. To the extent

9   information was on her phone or could be obtained by a third party it was produced,

10  including texts with thirds parties, texts with Respondent and social media messages.

11  There is simply nothing in Ms. Hill's possession and control that is relevant to the within

12  request for Domestic Violence Restraining Order that exists and has yet to be produced.

13  There is no reason why this case cannot go forward and no reason why it should be

14  delayed any further because Respondent *believes* additional documents *may* exist.

15  Unless he can affirmatively prove that the records do exist, he cannot speculate and

16  create an endless loop of additional document requests, continuances and then further

17  requests.

18       As to a request for sanctions due to spoilation of evidence, Respondent's

19  contentions are completely speculative. He speculates that after the assault, Petitioner

20  was immediately in litigation mode and ready to run to Court. That is simply not the facts

21  of this case. Petitioner is a domestic violence victim. She was embarrassed, injured and

22  in pain after the second physical and sexual assault. So much so that she had to go to

23  the hospital and undergo intrusive and comprehensive medical exams for her injuries.

24  She needed time to recover from the shock of what happened. She sought the protection

25  of the Pasadena Police Department who should thought would protect her. She followed

26  their requests, had multiple interviews with them, cooperated with a cold call to

27  Respondent and allowed them to take a full copy of her phone. She did not file a civil

28  lawsuit. She did not retain an attorney. It was not until weeks later when the Pasadena

**2**

1  Police Department continued to make promises of an arrest and pressing charges that

2  never came to fruition that Petitioner was forced to take action on her own. Upon retaining

3  counsel, she had her phone again imaged for specific documents, she stopped her

4  custom and practice of deleting records to keep room on her phone or because she was

5  embarrassed to what had occurred. She did everything she could to maintain the record

6  at that point.

7  There is simply no nefarious ploy to destroy records. There is no bad faith or bad

8  acts by Petitioner. There is only cooperation, voluntary production of records and an effort

9  to move forward with this hearing as expeditiously as possible so that she can seek the

10  protection that she needs and move on with her life. Accordingly, Respondent's last

11  second motions should be denied in their entirety.

**II.**

## **MOTION TO COMPEL ADDITIONAL RECORDS**

14  Ms. Hill has been overly cooperative throughout the process of this matter. As the

15  Court recalls, no specific requests of discovery were made to Ms. Hill prior to the first

16  setting of this Request for a Domestic Violence Restraining Order. Mr. Bauer is requesting

17  four categories of documents, as follows: 1) additional medical records; 2) gaps in text

18  messages; 3) access to live photo features; and 4) production of additional photos. As will

19  be discussed in Ms. Olson's declaration all of these requests have been completely

20  complied with to the extent that documents are in the possession, custody or control of Ms.

21  Hill or for Ms. Hill to make diligent and reasonable efforts to obtain. There are no additional

22  medical records to produce. There are gaps in text messages because Ms. Hill and the

23  third party did not communicate with each other over text message during that time period.

24  We have provided all of the metadata and native images for the requested photos. We

25  have provided the additional photos on her phone during that time period. In good faith, we

26  have complied with every single request made by Respondent's counsel. As such, this

27  Motion to Compel should be denied in its entirety.

28  / / /

MEYER, OLSON, LOWY & MEYERS, LLP
3161 Michelson DRIVE, Suite 1160 · Irvine, California 92612

08/20/21

**3**

### III.

### THE MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE SHOULD BE DENIED

Mr. Bauer wants Ms. Hill sanctioned for deleting information that he believes is relevant to his case. However, it will be shown at the time of trial that Ms. Hill deleted information regularly from her phone for two reasons: 1) storage capacity on her phone; and 2) embarrassment that she was still in contact with Mr. Bauer after her friends told her not to see him again. Ms. Hill never deleted anything in contemplation of litigation. She never deleted things purposefully that would hurt her case or selectively kept things that helped her case. In fact, when she decided to go seek protection and meet with counsel, she back up her phone with a forensic expert and changed her custom and practice of regularly deleting items. Since that date, Ms. Hill stopped with the practice and has not removed anything from her phone. See attached declaration of Rory Montez.

Further, Mr. Bauer purports that Ms. Hill deleted texted between the Parties on both text messages and Instagram. However, Mr. Bauer was a participant in those exchanges and should have those records himself. In fact, Mr. Bauer's counsel first sent Ms. Hill's team the text messages between the Parties after ex parte notice was given for the request for a Domestic Violence Temporary Restraining Orders.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IN RE MATTER OF HILL / BAUER                          OPPOSITION TO MOTIONS

## IV.

## CONCLUSION

For the reasons set forth herein, Ms. Hill respectfully requests that the Court deny Respondent's Motion to Compel as all documents in Ms. Hill's custody, possession and control have been produced. Further, Ms. Hill requests that the Motion for Sanctions for spoilation of evidence should be denied in its entirety as the documents that were deleted were done before Ms. Hill contemplated litigation in her normal course and practice.

Dated: August 15, 2021         MEYER, OLSON, LOWY & MEYERS, LLP

By: _____
     LISA HELEND MEYER, ESQ.
     DOREEN MARIE OLSON, ESQ.
     MARC H. GARELICK, ESQ.
     Attorneys for Petitioner
     LINDSEY HILL

MEYER, OLSON, LOWY & MEYERS, LLP
3161 Michelson DRIVE · Irvine, California 92612

08/20/21

EXHIBIT B

1  KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
   SHAWN HOLLEY (SBN 136811)
2  sholley@kwikhlaw.com
   KATE MANGELS (SBN 301811)
3  kmangels@kwikhlaw.com
   808 Wilshire Boulevard, 3rd Floor
4  Santa Monica, CA  90401
   Telephone: (310) 566-9800
5  Facsimile: (310)566-9850

6  ZUCKERMAN SPAEDER LLP
   JON R. FETTEROLF (admitted *pro hac vice*)
7  jfetterolf@zuckerman.com
   1800 M Street NW, Suite 1000
8  Washington, DC 20036-5807
   Telephone:  (202) 778-1800
9  Facsimile:   (202) 822-8106

10  Attorneys for Respondent TREVOR BAUER

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13

14  LINDSEY HILL,                          CASE NO. 21STRO03198

15            Petitioner,                  **RESPONDENT TREVOR BAUER'S**
                                           **MOTION IN LIMINE FOR SANCTIONS**
16       vs.                               **FOR SPOLIATION OF EVIDENCE OR,**
                                           **IN THE ALTERNATIVE, FOR AN**
17  TREVOR BAUER,                          **EVIDENTIARY HEARING ON**
                                           **PETITIONER'S INTENTIONAL**
18            RESPONDENT.                  **DESTRUCTION OF EVIDENCE**

19
                                           Date:    August 16, 2021
20                                         Time:    8:30 a.m.
                                           Dept.:   35
21
                                           Action Filed:      June 29, 2021
22                                         Hearing Date:      August 16, 2021

23

24

25

26

27

28

747664.1

MR. BAUER'S MOTION IN LIMINE FOR SANCTIONS                                7888003.2

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 16, 2021, Respondent Trevor Bauer ("Mr. Bauer") will move for an order dismissing the case, or, in the alternative, for an evidentiary hearing.

This motion is made pursuant to California Code of Civil Procedure §§ 2023.010, 2023.030, California Evidence Code § 413, California Law, all other applicable provisions of statutory and common law, and the inherent powers of this Court. This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Shawn Holley, all of the pleadings and records on file in this action, and on such other and further oral and documentary evidence as may be presented at or before the hearing of this matter.

DATED: August 13, 2021            KINSELLA WEITZMAN ISER KUMP HOLLEY LLP


By: 

_____
Shawn Holley
Kate Mangels
Attorneys for Respondent
TREVOR BAUER


ZUCKERMAN SPAEDER LLP


By: 

_____
Jon R. Fetterolf
Attorney for Respondent
TREVOR BAUER

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

747664.1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................... 4

II.   FACTUAL BACKGROUND .............................................................................. 5

III.  LEGAL STANDARD .......................................................................................... 9

IV.   ARGUMENT ........................................................................................................ 9

    A.   Petitioner Intentionally Deleted Instagram And Text Messages When Litigation Was Reasonably Foreseeable. ........................................ 9

    B.   The Deleted Messages Are Highly Relevant. ......................................... 11

    C.   Dismissal Of The Case Is Warranted. .................................................... 13

    D.   At A Minimum, Adverse Inferences, Evidence Sanctions, And Issue Sanctions Are Required. ............................................................. 15

    E.   If The Court Does Not Dismiss Based On This Motion, An Evidentiary Hearing Is Necessary. .......................................................... 16

V.    CONCLUSION .................................................................................................. 17

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## **TABLE OF AUTHORITIES**

**Page(s)**

**State Cases**

*Cedars-Sinai Med. Ctr. v. Superior Ct.*,
    18 Cal. 4th 1 (1998) .................................................................. 4, 13, 15

*Reeves v. MV Transp., Inc.*,
    186 Cal. App. 4th 666 (Cal. Ct. App 2010) .................................................. 9

*Williams v. Russ*,
    167 Cal. App. 4th 1215 (2008) ................................................ 9, 12, 13, 14

*Woodell v. Bernstein*,
    2015 WL 9589483 (Cal. Ct. App. Dec. 30, 2015) ................................... 10

**Federal Cases**

*Apple, Inc. v. Samsung Elecs Co.*,
    888 F. Supp. 2d 976 (N.D. Cal. 2012) .................................................... 10

*Corp. v. Ivantis, Inc.*,
    2020 WL 10501850 (C.D. Cal. June 17, 2020), reconsideration denied 2020
    WL 5914552 (C.D. Cal. July 30, 2020) ................................................... 10

**State Statutes**

Cal. Civ. Proc. Code § 2023.030(b) ........................................................ 15

Cal. Civ. Proc. Code § 2023.030(c) ........................................................ 15

Evidence Code § 413 .............................................................................. 15

MR. BAUER'S MOTION IN LIMINE FOR SANCTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

"The intentional destruction of evidence is a grave affront to the cause of justice and deserves our unqualified condemnation." *Cedars-Sinai Med. Ctr. v. Superior Ct.*, 18 Cal. 4th 1, 4, (1998). Petitioner has committed that grave affront to justice in multiple ways in this case. She has—according to her own counsel's declaration—"*deleted everything* she had on Instagram DM *after* the assault, as she didn't want to have to see Mr. Bauer's name on her phone." Holley Decl., Ex. A (Olson Decl. ¶ 8) (emphasis added). That intentional destruction of relevant evidence when litigation was reasonably foreseeable deserves not only condemnation, but sanctions. In particular, Petitioner's deletion of her entire Instagram conversation with Respondent—which she knew was relevant by including her own cherrypicked selection of such messages in her declaration—has deprived Respondent from accessing two highly relevant videos. Those videos, according to Petitioner's comments about them in her messages, show purported bruising after Petitioner's first encounter with Mr. Bauer around her buttocks and vaginal area. In response to Respondent's concern, Petitioner stated "U gucci - i[']m into it." Holley Decl., Ex. B at 1-3. Because of Petitioner's intentional deletion, those videos are no longer available.

Petitioner also deleted text messages with two individuals mentioned in her declaration— "Lisa" (Lisa Jackson) and "Mely" (Ciramely Maya). *See* Pet. Decl. ¶ 20. Despite Petitioner's counsel representing to the Court both in writing and during a hearing on this issue that Petitioner "doesn't have messages from four months ago," Holley Decl., Ex. G at 29, Petitioner managed— only after being ordered by the Court—to produce messages between herself and both of these individuals from four months ago. However, both the messages from Ms. Jackson and Ms. Maya are missing a critical period of time in May following Petitioner's return from the hospital. Petitioner frequently communicated with these individuals, and it appears that these messages during this time period were deleted.

Petitioner has destroyed any potential of fairness and justice in this proceeding by intentionally deleting highly relevant evidence when she knew litigation was imminent. In such egregious intentional instances of spoliation, along with what appear to be numerous incorrect

1  representations to the Court, dismissal is an appropriate sanction. At a minimum, an evidence

2  sanction precluding Petitioner from introducing any evidence of bruising after the second sexual

3  encounter is appropriate for her failure to preserve evidence showing bruising after the first sexual

4  encounter—bruising that she apparently wrote she was "into." Respondent respectfully requests an

5  evidentiary hearing on this spoliation issue if the Court does not find that dismissal is appropriate

6  on the papers.

7  **II.   FACTUAL BACKGROUND**

8      Because the full factual background is set out in Respondent's motion to dismiss,

9  Respondent provides only the relevant facts here.

10      Following Petitioner and Respondent's first consensual rough sex encounter on April 21 –

11  22, 2021, Petitioner sent Respondent two videos via Instagram on April 29. The first was sent on

12  April 29 at 9:38 a.m. Respondent asked, at 11:24 a.m., "What on earth was that from?!," to which

13  Petitioner replied "HAHAHAHA you got me good." Holley Decl., Ex. B at 1. Respondent,

14  confused, asked "What was it??" Petitioner said "I have no idea probably your thumb lol Just a

15  bruise in the shape of a fingerprint Dead."[1] *Id.* at 1-2. When Respondent asked "Where at?,"

16  Petitioner then sent another video in response, describing it as "Right by my prized possession

17  HA." *Id.* at 2. Respondent expressed concern, replying "Oh gosh. I don't know if that was me or

18  not but sorry if it was!" Petitioner replied "U gucci – *im into it.*" *Id.* at 2-3 (emphasis added).

19      Throughout the brief time in which Petitioner and Respondent interacted, Petitioner

20  frequently texted with her best friend, Ms. Maya. Petitioner told Ms. Maya that Respondent is an

21  "amazing human" the day after Petitioner and Respondent had rough sex for the first time. Holley

22  Decl., Ex. C at 2. Petitioner also texted with Ms. Jackson, describing how she wanted Respondent

23  to "[g]ive me 50 million dollars" after their first sexual encounter, and calling him "choke out

24  player." Holley Decl., Ex. D at 4.

25

26  ───────────────

27  [1] In later messages with Respondent, Petitioner stated that she wanted "another handprint on my

28  @$$," suggesting that one of the videos showed a bruise on her buttocks. Holley Decl., Ex. K.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    Following the second sexual encounter on May 16, Petitioner told her cousin, on May 18,

2    that Petitioner's father "is getting an attorney." Holley Decl., Ex. L. Petitioner met with San Diego

3    police on May 17 and 18, and with the Pasadena police on May 21. Pet. Decl. ¶¶ 22-24. For a

4    month, Petitioner waited eagerly for Respondent to be arrested. When Respondent was not

5    arrested, she told her friend she would have to file a civil case. Holley Decl., Ex. C at 7. To get her

6    allegations in the public eye, she filed a DVRO request and instructed her attorneys to make sure

7    her request was publicized in the media. *See* Respondent Mot'n to Dismiss.

8    Respondent does not have access to text messages between Ms. Maya and Petitioner from

9    May 18 to May 28. However, on May 29, Ms. Maya asked "How do I deactivate my insta[gram

10   account]?" Holley Decl., Ex. C at 5. Petitioner explained "you have to do it from a computer [a]nd

11   then [I] googled how to do it lololol." *Id.* On June 3, Petitioner told Ms. Jackson "I think im

12   posting this last pic before I have to deactivate and my life changed forever." Holley Decl., Ex. D

13   at 7. Ms. Jackson emphatically replied "YOURE SUPPOSED TO BE STRUGGLING

14   MENTALLY NOT POSTING" and "DO NOT POST ANYTHING." *Id.*

15   In filing her DVRO request, Petitioner cherrypicked multiple Instagram messages with

16   Respondent, excluding the messages that discredited her false narrative. Part of what Petitioner

17   excluded were the two videos she sent on April 29 showing purported bruising following the first

18   sexual encounter as well as her commentary on those videos. In her declaration in support of her

19   DVRO request, Petitioner also mentioned both Ms. Jackson and Ms. Maya. *See* Pet. Decl. ¶ 20.

20   After Respondent became aware of potential litigation, he saved the Instagram messages

21   with Petitioner available to him. The videos sent by Petitioner on April 29, 2021, were no longer

22   accessible, and he could not download them, but the videos themselves were referenced in the

23   Instagram message chain that he was able to save and preserve. At some point later, Respondent

24   could no longer access these messages, presumably because Petitioner either deleted them or

25   removed him as a follower on Instagram.  Following the filing of the DVRO request, Respondent

26   also subpoenaed Ms. Maya and Ms. Jackson. Ms. Maya provided text messages with Petitioner

27   dating back to June 18. Because Ms. Maya's iCloud settings auto-deleted messages after 30 days,

28

1  she did not have the entire relevant text message chain with Petitioner. Ms. Jackson has evaded

2  service of the subpoena and continues to do so.

3      On August 3, counsel for Respondent sent a letter to counsel for Petitioner asking for the

4  Instagram videos from April 29, and for the relevant messages between Petitioner and Ms.

5  Jackson and Ms. Maya. *See* Holley Decl., Ex. E.

6      In response, Petitioner's counsel represented that "Ms. Hill *deleted everything* she had on

7  Instagram DM *after* the assault, as she didn't want to have to see Mr. Bauer's name on her phone."

8  Holley Decl., Ex. F at 1. As to Ms. Maya, Petitioner's counsel stated that Petitioner "does not have

9  messages from Ms. Maya from 4-months ago." *Id.* Petitioner also refused to produce messages

10 from Ms. Jackson "based on privacy concerns." *Id.* at 2. Respondent then filed a motion to

11 compel. In response, Petitioner's counsel reiterated, under penalty of perjury, the same statements

12 she made in her letter. Holley Decl., Ex. A (Olson Decl. ¶ 8).

13     At a hearing on Respondent's motion to compel on August 9, 2021, the Court ordered

14 Petitioner to produce a number of records, text messages and other information. Holley Decl., Ex.

15 G. As to the deletion of the Instagram messages, Petitioner's counsel said "as an offer of proof . . .

16 my client deleted the Instagram videos." *Id.* at 22-23. Petitioner's counsel also stated that "if there

17 was any imaging done [of the phone,] it must have been done by Pasadena Police Department,"

18 and not by Petitioner or her counsel. *Id.* at 22; *see also id.* at 30 ("The Court: did you have

19 somebody image her phone? Ms. Olson: No. Recover and print out the texts between her and

20 Trevor."). The Court told Petitioner's counsel to "find out" when the Instagram chain was deleted,

21 as "it would certainly be relevant to know when it was deleted. I'm sure they [technology experts]

22 can give us down to the minute when it was deleted." The Court explained that the deletion "is a

23 spoliation issue." *Id.* at 25.

24     As to the text messages, Petitioner's counsel represented that Petitioner "doesn't have

25 messages from four months ago," and she did not "think I have anything outside of what you

26 [Respondent's counsel] have." *Id.* at 29 ("I know [Petitioner] doesn't have things going back four

27 months."). Petitioner's counsel did not explain why Petitioner would not have these messages.

28

MR. BAUER'S MOTION IN LIMINE FOR SANCTIONS

On August 10, Petitioner's counsel produced documents to Respondent. The production did not include the two Instagram videos and did not include a critical time period of text messages with Ms. Jackson and Ms. Maya. Despite the Court ordering Petitioner to explain when she deleted the Instagram chain with Respondent, Petitioner provided no such information to Respondent. Petitioner also did not produce text messages between herself and Respondent, with her counsel stating that they "are trying to obtain the native file of the limited text messages between Ms. Hill and Mr. Bauer that were downloaded from Ms. Hill's phone on June 28, 2021." Holley Decl., Ex. H. As of the date of this motion, those "limited" messages, which appears to relate to only text messages, have not been provided.

Instead, Petitioner produced the following to Respondent: (1) a single Instagram screenshot from April 29, at 9:09 pm, as purported evidence that the Instagram videos sent the morning of April 29 were "disappearing videos" and thus unavailable; (2) the messages Petitioner recovered from Instagram, which dated back only to May 4, 2021, and which Petitioner did not attempt to recover until July 15; (3) text messages between Petitioner and Lisa Jackson from April 14 to May 18, and from May 28 to July 31, but with no messages from May 19 to May 27; and (4) text messages between Petitioner and Ciramely Maya from April 18 to May 17, and from May 29 to June 20, with no text messages from May 18 to May 28. Petitioner had frequent and near daily communications with both Ms. Jackson and Ms. Maya in the other time periods, yet for both sets of messages Petitioner has failed to produce messages over roughly the same timeframe after her return from the hospital.

Although Petitioner's counsel told the Court that Petitioner did not have messages from four months ago, Petitioner did in fact have some of those messages. Furthermore, a Cellebrite extraction (which Petitioner provided in response to an order to produce native images and metadata for photos) revealed that an extraction of the phone was performed on *June 28*—only one day before the DVRO request was filed in this case, and more than a month after litigation was foreseeable in this matter. Despite representations to the Court and Respondent's counsel that no imaging had been done, and that there were no messages from months ago, it is clear that Petitioner's phone was imaged on June 28, 2021. Holley Decl., Ex. I at 1.

### III. <u>LEGAL STANDARD</u>

"Spoliation of evidence means the destruction or significant alteration of evidence or the failure to preserve evidence for another's use in pending or future litigation." *Williams v. Russ*, 167 Cal. App. 4th 1215, 1223 (2008). Spoliation is "subject to a broad range of punishment, including monetary, issue, evidentiary, and terminating sanctions." *Id.* In assessing spoliation sanctions, courts evaluate the culpability of the spoliating party and whether "the destroyed records were relevant to the party's claim or defense." *Reeves v. MV Transp., Inc.*, 186 Cal. App. 4th 666, 681–682 (Cal. Ct. App 2010). As described below, Petitioner intentionally deleted messages highly relevant to Respondent's defense, warranting the most severe sanctions.

### IV. <u>ARGUMENT</u>

Respondent understands there to be the following instances in which it appears Petitioner has deleted evidence:

- Petitioner has "deleted everything she had on Instagram DM after the assault," including two relevant videos she sent to Respondent. Holley Decl., Ex. A (Olson Decl. ¶ 8). Despite the Court's instruction to provide the date and time of the deletion of the Instagram messages and videos with Respondent, Petitioner has not provided such information.

- Petitioner does not have, and in all likelihood deleted, text messages between herself and Ms. Maya and Ms. Jackson over a similar time period from mid to late May.

- Petitioner appears to have deleted text messages with Respondent.

As described below, this intentional deletion of relevant evidence warrants dismissal, or, in the alternative, an evidentiary hearing to determine the full scope of the destruction of evidence.

#### A. **Petitioner Intentionally Deleted Instagram And Text Messages When Litigation Was Reasonably Foreseeable.**

There is no dispute that Petitioner, in the words of her counsel, "deleted *everything* she had on Instagram DM after the assault." Holley Decl., Ex. A (Olson Decl. ¶ 8). (emphasis added); *see* Holley Decl., Ex. G at 22-23 ("as an offer of proof . . . my client deleted the Instagram videos").

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    That intentional deletion is spoliation. As the Court explained, "I agree. It is a spoliation issue." *Id.*

2    at 25.

3          The Court told Petitioner's counsel to "find out" when the Instagram chain was deleted, as

4    "it would certainly be relevant to know when" it was "deleted" and technical experts "can give us

5    down to the minute when it was deleted." Petitioner has not provided any proof of the time of

6    deletion of the Instagram messages or the two videos. Her counsel has offered a bare assertion—

7    not in a declaration from Petitioner or her counsel—that "[t]he deletion [of the videos] occurred on

8    or before April 29, 2021." Holley Decl., Ex. H. Of course the videos, which were sent *on* April 29,

9    could not have been deleted *before* April 29. The only support for deletion on April 29 is a

10   screenshot of Petitioner's Instagram from April 29 at 9:09 p.m., which is not relevant to the

11   presence or absence of the videos, which were sent at 9:38 *a.m.* and around 11:30 *a.m. Compare*

12   Holley Decl., Ex. J at 1 (Petitioner's screenshot); *with* Exhibit B at 1-3 (Respondent's Instagram

13   messages with Petitioner).[2] Petitioner has simply ignored the Court's directive to provide any

14   evidence as to when the videos or Instagram messages were deleted.

15          Instead, Petitioner's counsel has conceded that these messages were deleted "*after the*

16   *assault.*" Holley Decl., Ex. A (Olson Decl. ¶ 8). (emphasis added). At that point, litigation was

17   certainly reasonably foreseeable and Petitioner had a duty to preserve evidence. *See Apple, Inc. v.*

18   *Samsung Elecs Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) (duty to preserve evidence "is

19   triggered . . . as soon as a potential claim is identified"); *Woodell v. Bernstein*, 2015 WL 9589483,

20   at *7 n.5 (Cal. Ct. App. Dec. 30, 2015) ("the court did not abuse its discretion when it determined

21   that Woodell deliberately destroyed critical evidence when contemplating litigation"). Indeed,

22   Petitioner's father was in touch with a lawyer two days after Petitioner last saw Respondent,

23   further demonstrating she knew litigation was reasonably foreseeable. *See Corp. v. Ivantis, Inc.*,

24

25   _____

26   [2] As the Instagram FAQ Petitioner relies on shows, "After you send a disappearing photo or video
     to someone, you'll see the status of the message (example: Delivered, Opened, Replayed,
     Screenshot) as part of your conversation in Direct." Holley Decl., Ex. J at 2. No status of

27   Petitioner's video messages are shown in Petitioner's counsel's letter, because she has not
     provided the relevant part of her messages with Respondent, as they are deleted.

28

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   2020 WL 10501850, at *4 (C.D. Cal. June 17, 2020), reconsideration denied 2020 WL 5914552

2   (C.D. Cal. July 30, 2020) ("retention of outside counsel" factor in determining litigation was

3   reasonably foreseeable).

4          In addition to the deletion of the Instagram chain, Petitioner has also appeared to have

5   deleted her text messages with Respondent. Petitioner's counsel has represented that they only

6   have "limited" messages between Petitioner and Respondent, and stated that they would produce

7   these messages but these have not been received as of the filing of this motion.

8          As to text messages between Petitioner and Ms. Jackson and Ms. Maya, Petitioner's

9   counsel also represented that Petitioner did not have messages from four months ago. Holley

10  Decl., Ex. G. Given the intentional deletion of Instagram messages, it is highly probable that

11  Petitioner also deleted her own text messages too. Although it now appears that some messages

12  from Ms. Jackson and Ms. Maya have been recovered, both sets are missing messages from a

13  critical time period—for more than a week following Petitioner's hospital visits.

14         Petitioner has provided no statements or evidence regarding the apparent deletion of her

15  text messages with Ms. Jackson and Ms. Maya, no explanation as to why counsel represented that

16  such messages did not exist, no explanation as to how or when the messages were recovered, or

17  why both sets of messages are missing a similar critical time period in May. Instead, Petitioner's

18  recent production reveals that she and her counsel waited to image her phone until June 28—one

19  day before filing the DVRO request, and over a month after a lawyer was contacted by her father.

20  This unjustified delay allowed for more time for messages to be deleted.

21         **B.      The Deleted Messages Are Highly Relevant.**

22         Petitioner's deletion of her entire Instagram conversation with Respondent, as well as

23  messages between Petitioner and Ms. Jackson and Ms. Maya is inexcusable conduct because those

24  messages are very relevant to Respondent's defense of the unfounded DVRO request.

25         Petitioner recognized the importance of the Instagram messages by including in her own

26  declaration several pages of what appears to be contemporaneous screenshots of such messages—

27  even after she deleted the conversation with Respondent. Petitioner cannot be permitted to

28  selectively choose the messages that she believed helped her, while deleting those that undermine

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   her allegations and preventing Respondent and the Court from accessing such messages. *See*

2   *Williams*, 167 Cal. App. 4th at 1224 (affirming terminating sanction where there was an "inference

3   that, after cherry-picking favorable new information from the file, Williams chose to stand by and

4   allow the rest of the files to be destroyed").

5       In particular, videos that Petitioner sent of purported bruising "right by my prized

6   possession" following the first rough sexual encounter are critical to Petitioner's purported

7   allegations that the second sexual encounter with Respondent constituted sexual assault. After

8   sharing these videos with Respondent--who expressed concern—-Petitioner said "U gucci – I'm

9   into it." Holley Decl., Ex. B. On May 8, Petitioner told her friend that Respondent "slap[ped]" her

10  "clit" and that Respondent should "[g]ive me 50 million dollars," with no expression that the

11  conduct was out of bounds or unwanted. Holley Decl., Ex. D at 4.

12      In her declaration, however, Petitioner made no mention of any bruising in her description

13  of the first sexual encounter. And she told a SANE nurse that she did not have bruising after the

14  first sexual encounter, and thus she did not expect any bruising the second time around. *See* Ex. M

15  (under seal). Accordingly, the two videos Petitioner sent of her purported bruising are highly

16  relevant to Petitioner's changing narrative of events.

17      Likewise, the missing text messages from Ms. Jackson and Ms. Maya after Petitioner's

18  hospital visits are relevant. Petitioner confided in both individuals about her encounters with

19  Respondent. *See* Holley Decl., Ex. C at 2, Ex. D at 4. She was open with both individuals about

20  using this proceeding to harm Respondent, and her motivations for filing a DVRO request once

21  the criminal investigation was not proceeding how she wanted. *See* Holley Decl., Ex. C at 7. It is

22  critical to evaluating Petitioner's credibility to see what she told Ms. Jackson and Ms. Maya in the

23  days following the second sexual encounter.

24      As a result of the deletion of these relevant messages, Respondent has been severely

25  prejudiced. Because Respondent has made a "initial prima facie showing that the responding party

26  in fact destroyed evidence that had a substantial probability of damaging the moving party's ability

27  to establish an essential element of his claim or defense," the burden to show the absence of

28  prejudice is on Petitioner. See *Williams*, 167 Cal. App. 4th at 1227. She cannot meet that burden.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

As the California Supreme Court has explained, "[w]ithout knowing the content and weight of the spoliated evidence, it would be impossible for the jury to meaningfully assess what role the missing evidence would have played in the determination of the underlying action." *Cedars–Sinai*, 18 Cal.4th at 14. The same is true here. Petitioner has deleted two highly relevant videos, and over a week of text messages in a critical period with individuals she conceded she believes are relevant to her case. Respondent's inability to access that evidence substantially prejudices him. It does not matter that Respondent has received some messages or was able to preserve the Instagram messages and a screenshot showing Petitioner sent two videos (but not the videos themselves). *Williams*, 167 Cal. App. 4th at 1225 ("Finally, Williams's assertion that some of the missing documents could be found elsewhere is faulty [because] . . . it has nothing to do with whether Williams acted intentionally."). The prejudicial, intentional deletion of critical evidence requires sanctions.

**C.     Dismissal Of The Case Is Warranted.**

The Court has the authority to grant "[a] terminating sanction . . . in the first instance," even "without a violation of prior court orders," where there is an "egregious case[ ] of intentional spoliation of evidence." *Williams*, 167 Cal. App. 4th at 1223. That egregious case is present here, where Petitioner intentionally deleted her entire Instagram conversation with Respondent, has ignored this Court's order to provide evidence of when the deletion occurred, has failed to produce relevant text messages with individuals that Petitioner has identified in her declaration as witnesses, and where Petitioner's counsel has provided shifting explanations as to what was preserved and when.

Courts have approved terminating sanctions in situations with less willful violations than are at issue here. In *Williams*, the plaintiff in a malpractice action stored the client file he received from the defendant in a storage facility, but then became delinquent on payments for the facility. As a result, the client file was destroyed. *Id.* at 1224-25. The defendant asked for the client file in discovery (some of which he had previously copied), but could not obtain it due to the plaintiff's destruction. *Id.* The California Court of Appeals affirmed the dismissal of the action because "there was ample evidence to support a finding that Williams intentionally destroyed the file," and

1    the plaintiff could not show that the defendant could "adequately reconstruct the client file" from

2    other documents. *Id.* at 1227.

3       This case is a clearer example of "egregious" conduct with "intentional" destruction than

4    *Williams.* Where in *Williams* there was a dispute over whether the plaintiff was negligent in

5    permitting the storage facility to destroy documents, no one disputes that Petitioner intentionally

6    deleted her entire Instagram history with Respondent—her counsel unequivocally confirmed this

7    in her own declaration and during a hearing before the Court. Although Petitioner's counsel now

8    argues that the two videos were "disappearing," she has not provided any evidence supporting this

9    statement, relying only on an irrelevant screenshot. There is no ability to reconstruct the videos as

10    far as Respondent is aware, and Petitioner has not claimed to be able to retrieve them.

11    Furthermore, it appears that Petitioner also deleted her text messages with Respondent.

12       The intentional deletion of the bulk of communications between Petitioner and Respondent

13    would justify dismissal on its own, but Petitioner has also failed to produce over a week's worth of

14    text messages with Ms. Maya and Ms. Jackson after Petitioner returned from the hospital. Given

15    the concession that Petitioner deleted Instagram messages, it is likely these messages too were

16    deleted. Again, Respondent has no basis to reconstruct what Petitioner revealed in those messages.

17       This pattern of litigation misconduct does not end with the destruction of evidence, as

18    Petitioner's counsel also violated a protective order in this case by providing a confidential

19    photograph to the media. *See* Respondent Mot'n to Dismiss. Furthermore, Petitioner's counsel has

20    provided shifting explanations as to whether, when, and how Petitioner's relevant evidence on her

21    phone was preserved. Counsel declared that Petitioner did not have messages that were four

22    months old, and that only the Pasadena Police—not Petitioner or her counsel—had imaging of her

23    phone. Yet when ordered to produce documents, four-month-old messages somehow reappeared.

24    Worse yet, after telling the Court and opposing counsel that Petitioner's phone was not imaged, a

25    Cellebrite report provided with their later document production showed that it was, in fact, imaged

26    on June 28. *See* Holley Decl., Ex. I at 1. There is no justification for the failure to inform the Court

27    and Respondent of this information, nor is there any justification for waiting until June 28 to

28    image Petitioner's phone. All of this misconduct supports dismissal here.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

**D.    At A Minimum, Adverse Inferences, Evidence Sanctions, And Issue Sanctions Are Required.**

While outright dismissal is certainly appropriate here, to the extent the Court disagrees, a variety of additional sanctions may be imposed. For example, courts may allow an "evidentiary inference that evidence which one party has destroyed or rendered unavailable was unfavorable to that party." *Cedars-Sinai*, 18 Cal. 4th at 11 ("This evidentiary inference, currently set forth in Evidence Code section 413 and in the standard civil jury instructions, has a long common law history."). Because the adverse inference from spoliation of evidence is rooted in the common law (and the compelling logic of drawing an adverse inference from the destruction or concealment of evidence), the Court's power to draw such an inference exists even in the absence of ordinary civil discovery. Here, the Court should draw the adverse inference that the two Instagram videos, and the messages between Petitioner and Ms. Jackson and Ms. Maya that appear to have been destroyed, were unfavorable to Petitioner.

The Court also has the authority to grant an "evidence sanction" as Petitioner has failed to comply with the orders to produce the Instagram videos (including evidence as to when the videos were deleted) and all relevant text messages with Ms. Jackson and Ms. Maya. The "evidence sanction" "prohibit[s] any party engaging in the misuse of the discovery process from introducing designated matters in evidence." Cal. Civ. Proc. Code § 2023.030(c). Accordingly, because Petitioner has failed to produce videos showing bruising which she playfully told Respondent she was "into," she should be precluded from relying on any other evidence of bruising concerning her sexual encounters with Respondent, which includes a prohibition on introducing photographs or testimony regarding alleged bruising from the second sexual encounter.

Finally, the Court should also grant an "issue sanction" for Petitioner's misconduct. Cal. Civ. Proc. Code § 2023.030(b) ("The court may impose an issue sanction ordering that designated facts shall be taken as established in the action in accordance with the claim of the party adversely affected by the misuse of the discovery process."). The issue sanction the Court should grant here is to take as a fact that Petitioner's first sexual encounter with Respondent was consensual, rough

1  sex that caused bruising that Petitioner did not suggest was inappropriate, and that any other

2  bruising in the second rough sexual encounter was similar in nature to the first.

3  **E.    If The Court Does Not Dismiss Based On This Motion, An Evidentiary Hearing Is Necessary.**

4

5  There is no dispute that Petitioner "*deleted everything* she had on Instagram DM *after* the

6  assault"—i.e. when litigation was reasonably foreseeable. She also has not produced, and instead

7  has likely deleted, messages in May between herself and Ms. Jackson and Ms. Maya, as well as

8  text messages with Respondent. If the Court is not inclined to dismiss Petitioner's DVRO request

9  based on this motion, an evidentiary hearing is necessary to understand the full scope of the

10  destruction of evidence.

11  An evidentiary hearing would allow an inquiry into the following facts that Petitioner has

12  not provided:

13  (1) The date and time of the deletion of Petitioner's Instagram messages with Respondent,

14      including the deletion of the two videos.

15  (2) Whether the two videos, even if they were "disappearing videos" as Petitioner's

16      counsel claims, could have been recovered if Petitioner had not deleted her entire

17      Instagram history with Respondent.

18  (3) The reason for the missing text messages with Ms. Jackson and Ms. Maya over a

19      similar time period in May.

20  (4) How the produced messages with Ms. Jackson and Ms. Maya were recovered after

21      Petitioner's counsel represented that messages from four months ago did not exist.

22  (5) The contents of the imaging of Petitioner's phone on June 28.

23  (6) Whether Petitioner deleted her text messages with Respondent.

24  (7) The basis for counsel's representation to the Court and to opposing counsel that

25      Petitioner's phone was never imaged.

26

27

28

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## V.   <u>CONCLUSION</u>

The Court should dismiss Petitioner's request for a DVRO or, in the alternative, grant an evidentiary hearing before any scheduled hearing of the merits of the DVRO petition begins in order to understand the scope of the evidence and issues in the merits hearing.

DATED: August 13, 2021            KINSELLA WEITZMAN ISER KUMP
                                  HOLLEY LLP


By:

_____
Shawn Holley
Attorney for Respondent
TREVOR BAUER


_____

ZUCKERMAN SPAEDER LLP


By:

_____
Jon R. Fetterolf (admitted *pro hac vice*)
Attorney for Respondent
TREVOR BAUER

MR. BAUER'S MOTION IN LIMINE FOR SANCTIONS