| | |
|---|---|
| 1 | Bryan J. Freedman, Esq. (SBN: 151990) |
| | bfreedman@ftllp.com |
| 2 | Jesse A. Kaplan, Esq. (SBN: 255059) |
| | jkaplan@ftllp.com |
| 3 | FREEDMAN + TAITELMAN, LLP |
| | 1801 Century Park West, 5th Floor |
| 4 | Los Angeles, California 90067 |
| | Telephone: (310) 201-0005 |
| 5 | Facsimile: (310) 201-0045 |

Attorneys for Defendant and Counterclaimant
Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868 JVS (ADSx) |
| Plaintiff, | Assigned to: Judge James V. Selna |
| vs. | Referred to: Magistrate Judge Autumn D. Spaeth |
| LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH, | **DISCOVERY MATTER: LINDSEY C. HILL'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR TO COMPEL** |
| Defendant. | [Declaration of Jesse A. Kaplan filed concurrently] |
| LINDSEY C. HILL, | |
| Counterclaimant, | Date:  June 28, 2023 |
| vs. | Time:  10:00 a.m. |
| | Magistrate Judge: Autumn D. Spaeth |
| TREVOR BAUER, | Courtroom:  6B |
| Counter-defendant. | Action Filed: April 25, 2022 |
| | Discovery Deadline: September 1, 2023 |
| | Pretrial Conference: January 22, 2024 |
| | Trial Date: February 13, 2024 |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. CONFIDENTIALITY AGREEMENTS DO NOT PROHIBIT THE DISCOVERY AT ISSUE

In the Joint Stipulation, Bauer proclaims that the materials at issue are not discoverable because "they are they are private and confidential pursuant to contract" and that the disclosure of such materials would be contrary to the parties' contractual "expectation" of confidentiality. (J.S., pp. 22-26). Bauer is wrong on all counts.

First, Bauer ignores that the DV Policy that he relies on contains an express exception to the prohibition on disclosure "**where disclosure is required by law, including court order, and is not subject to any claim of privilege**." (Brown Decl., Ex. A, p. 11 [DV Policy, § VI.B,]). Courts routinely permit discovery of information covered by a confidentiality agreement when such agreement contains exceptions that require disclosure that is involuntary and/or required by law. *See Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665-666 (7th Cir. 2009); *Moser v. Health Ins. Innovations*, Inc., 2019 WL 2996950, at *3 (S.D. Cal. July 8, 2019). When such exceptions are included, the parties expressly anticipate that confidential information can be disclosed in future litigation. *See Moser,* WL 2996950, at *3. Any confidentiality concerns can be addressed through a stipulated protective order that limits disclosure outside of the litigation. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2004 WL 1821968, at *3 (D. Colo. Aug. 13, 2004).

Here, Bauer is required by law, in particular F.R.C.P 26(b)(1) and 34, to produce the requested relevant documents. Accordingly, any prohibition on disclosure in the DV Policy simply does not apply to these circumstances where disclosure is required under the Federal Rules of Civil Procedure or ordered by the Court. This exception alone is fatal to Bauer's confidentiality objections.

Second, the cases cited by Bauer confirm that even without the express exception identified above, confidentiality agreements will not shield relevant information from discovery. *See DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 684-85 (D. Kan. 2004);

*Gotham Holdings*, 580 F.3d at 665; *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgt., Inc.*, 2005 WL 1522783, at *3-4 (E.D.N.Y., June 28, 2005). Any expectation of confidentiality in an arbitration proceeding based on a confidentiality agreement, which does not exist here, must be balanced against a litigant's countervailing interest in having the "the opportunity to broadly discover information in support of its case." *Fireman's Fund,* WL 1522783, at *3-4 . In doing so, the Court must consider the relevance of the information covered by the confidentiality agreement. *Id*. (ruling that although a Phase I arbitration award as to liability was relevant and subject to disclosure, the relevance of the Phase II arbitration award with the specific monetary amount of damages was "highly questionable and unlikely to lead to discovery of admissible evidence.").

Bauer also incorrectly contends that he should not be compelled to produce documents based on speculation that a so-called confidentiality agreement between Hill and MLB prohibits Hill's disclosure of the documents at issue, and that she is trying to "bypass" that agreement. (J.S., pp. 23-25).[1] That provision states as follows:

> Except to the extent disclosure is required under the Policy or applicable law, MLB and Hill agree to keep this Agreement confidential. **Subject to the exclusions outlined in the Policy**,[2] **MLB agrees** to adhere to the Policy's obligation that it **keep confidential any statements made by Hill to MLB** concerning or relating to her allegations against Bauer during, or as part of, the MLB Investigation ("Confidential Information").

(Supp. Kaplan Decl., Ex. 1) (Emphasis added). For multiple reasons, this provision does not prevent Hill from pursuing discovery concerning the MLB proceedings. First, it places no confidentiality obligations on Hill other than to keep the agreement itself

---

[1] Bauer fails to present any basis for any argument that Hill is independently bound to the DV Policy to which she was not a party.

[2] The tern "Policy" is defined in the agreement as "Major League Baseball's Joint Domestic Violence, Sexual Assault and Child Abuse Policy."

confidential. Absent from the agreement is any requirement that Hill maintain any information related to MLB's investigation or the subsequent arbitration confidential. It also places no limitations on Hill's ability to obtain and use information about MLB's investigation or arbitration, from any source, including Bauer or MLB. Second, the agreement only imposed confidentiality obligations on MLB, which are limited to statements Hill made to MLB. Finally, any confidentiality obligations under this agreement are expressly subject to the "exclusions" in the DV Policy discussed above.

Bauer also contends that Hill is not entitled to the MLB discovery because she, not Bauer, placed the MLB proceedings at issue. Bauer has failed to present any authority for this proposition. Additionally, Bauer placed the subject matter of the MLB proceedings - his battery of Hill - at issue through his defamation claims.

## II. THE RELEVANCE OF THE REQUESTED DOCUMENTS

### A. Materials from the MLB Arbitration and Investigation Related to Bauer's Interactions with Hill are Directly Relevant.

In the Joint Stipulation, Bauer bizarrely contends that information from the MLB proceedings about his interactions with Hill are not relevant. (J.S., pp. 26-28). Bauer attempts to make superficial distinctions between what was at issue in the MLB proceedings and this lawsuit, ignoring that both proceedings were based, at least in part, on identical facts – Bauer's battery and sexual assault of Hill.

Even if the MLB proceedings addressed whether Bauer violated the DV Policy, and whether MLB' suspension was justified based on such violation(s), Bauer's suspension was based, at least in part, on his battery and/or sexual assault of Hill. Given that both proceedings involved the same underlying facts, the MLB proceedings are directly relevant to this lawsuit. Notably, Bauer does not dispute that there was extensive evidence from the MLB proceeding concerning his interactions with Hill or that there was discovery and information exchanged with MLB concerning his interactions with Hill. He also does not dispute that there were writings from the MLB proceedings, including briefs, where he took positions on his interactions with Hill.

3

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Similarly, he does not dispute that he provided statements to MLB and testified about Hill, and that there transcripts of those proceedings exist. Bauer also does not dispute that there was documentary evidence presented about his interactions with Hill. Finally, because the arbitration award is governed by the Federal Arbitration Act, the arbitrators' findings would potentially have preclusive effect on Bauer. *See C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1099–1100 (9th Cir. 1987); *Taines v. Bear, Stearns & Co.*, 855 F.2d 862, *2-3 (9th Cir. 1988); *Galilea, LLC v. Pantaenius Am. Ltd.*, No. CV18131BLGSPWTJC, 2021 WL 2250862, at *4-5 (D. Mont. Apr. 14, 2021). At a minimum, they would provide a virtual roadmap of all of the evidence presented concerning Bauer's interactions with Hill. Bauer has readily used transcripts and evidence from a prior Superior Court DVRO proceeding to try to advance his claims and defenses. (*See e.g.,* Dkt. No. 52-3). Bauer cannot attempt to utilize evidence from one proceeding, but prevent Hill's use of relevant evidence from another.

### B. Materials from the MLB Arbitration and Investigation Relating to Other Victims are Directly Relevant under F.R.E. 415.

As extensively briefed in connection with Bauer's Motion for a protective order, evidence of Bauer's sexual assaults of other victims is directly relevant under Fed. R. Evid. 415 ("Rule 415") to prove that he has a propensity to engage in similar misconduct. In the interest of judicial economy, Hill reincorporates the arguments and evidence that she made in opposition to Bauer's Motion for a protective order. Again, Bauer does not dispute that at least one specifically identified victim testified at the MLB Arbitration about Bauer sexually assaulting her, and that she also provided MLB and the arbitrators with videos that evidence such sexual assaults. Such evidence, which that victim voluntarily disclosed, is clearly directly relevant under Rule 415. Likewise, documents reflecting Bauer's position concerning that victim's accusations of sexual assault are also directly relevant under Rule 415. Again, the arbitrators' findings would have potential preclusive effect and provide a roadmap of such

evidence.

### C. Substantial Truth.

Bauer incorrectly contends that a statement that a defamation plaintiff committed a specific crime against one person can never be substantially true if the plaintiff in reality only committed the same specific crime against others. (J.S., pp. 28-30). The cases cited by Bauer confirm that an accusation that a defamation plaintiff committed a particular crime is substantially true as long as long as the plaintiff committed a single act of that crime at some point in time. *See Hughes v. Hughes*, 122 Cal. App. 4th 931, 937-38 (2004)("[I]f a defamatory statement is a specific allegation of the commission of a particular crime, the statement is true if the plaintiff did commit that crime."); *Appel v. Wolf*, No. 21-CV-1466-L-BGS, 2021 WL 5234424, *10 (S.D. Cal. Nov. 9, 2021). Moreover, *Appel* is readily distinguishable as that court rejected the defendant's attempt to prove the truth of his statement that the plaintiff engaged in particularized misconduct (securities fraud) with purported evidence of entirely different conduct (false Medicare claims). *See Appel*, 2021 WL 5234424 at *10. Here, Hill does not seek discovery concerning different misconduct. Hill has laid a foundation that Bauer committed the same crimes, and that the details of those crimes are strikingly similar to the details of the same crimes perpetrated by Bauer against Hill.

DATED: June 14, 2023        FREEDMAN + TAITELMAN, LLP

By: _____
Jesse A. Kaplan, Esq.
Attorneys for Lindsey C. Hill