1  Shawn Holley (Cal. Bar No. 136811)
   Suann C. MacIsaac (Cal Bar. 205659)
2  KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
   808 Wilshire Boulevard., 3rd Floor
3  Santa Monica, CA 90401
   Tel: (310) 566-9800
4  Fax: (310) 566-9873
   sholley@kwikhlaw.com
5  smacisaac@kwikhlaw.com

6  Blair G. Brown (admitted *pro hac vice*)
   Jon R. Fetterolf (admitted *pro hac vice*)
7  ZUCKERMAN SPAEDER LLP
   1800 M Street, N.W., Suite 1000
8  Washington, D.C. 20036
   Tel: (202) 778-1800
9  Fax: (202) 882-8106
   bbrown@zuckerman.com
10 jfetterolf@zuckerman.com

11 Nell Z. Peyser (admitted *pro hac vice*)
   ZUCKERMAN SPAEDER LLP
12 485 Madison Ave., 10th Floor
   New York, NY 10022
13 Tel: (212) 704-9600
   Fax: (212) 704-4256
14 npeyser@zuckerman.com

15 *Attorneys for Plaintiff*

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA
                    SOUTHERN DIVISION
18

19 TREVOR BAUER,                          Case No. 8:22-cv-00868-JVS-ADS
                                          Assigned for all purposes to the Hon.
20              Plaintiff,                James V. Selna

21      v.                                **DECLARATION OF NELL Z.
                                          PEYSER IN SUPPORT OF MOTION
22 LINDSEY C. HILL and NIRANJAN           FOR SANCTIONS**
   FRED THIAGARAJAH,
23                                        Hearing Date: July 24, 2023
                Defendants.              Hearing Time: 01:30 p.m.
24                                        District Judge: James V. Selna
                                          Department: 10C
25
                                          Action Filed: April 25, 2022
26
                                          **REDACTED VERSION OF
27                                        DOCUMENT PROPOSED TO BE
                                          FILED UNDER SEAL**
28

                                          DECL. OF NELL Z. PEYSER
                                          Case No. 8:22-cv-00868-JVS-ADS

1    I, NELL Z. PEYSER, declare and state as follows:

2        1.    I am an attorney licensed to practice in the State of New York and have

3    been admitted to practice *pro hac vice* in this action. I am an associate of the law firm

4    Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim

5    Defendant Trevor Bauer in the above-captioned action. I have personal knowledge

6    of the matters stated in this declaration, and I could and would testify competently

7    about them if called upon to do so.

8        2.    On June 2, 2023, my co-counsel Blair G. Brown sent a letter to counsel

9    for Defendant/Counterclaim Plaintiff Lindsey Hill. The letter explained in detail that

10   Hill had tampered with at least four witnesses, and that Bauer intended to file a

11   motion for sanctions seeking dismissal of Hill's counterclaims. The letter also

12   requested a meet and confer. A true and correct redacted copy of that letter, with

13   attachments, is attached as **Exhibit N.**

14       3.    As of June 14, 2023, Hill's counsel has not responded to the meet-and-

15   confer letter.

16       4.    On May 19, 2023, Doe informed Mr. Brown and me that she felt that

17   Hill was attempting to have Doe say things in this matter that were not true.

18       5.    On April 11, 2023, Roe informed me that she received an "over the top,

19   threatening" message from Hill. Roe informed me that she provided the message to

20   Hill's counsel. Roe informed me that she hired counsel due to the threat.

21       6.    Based on where Lisa Decker was served and where Hill resides, my

22   understanding is that Decker and Hill live either in the same apartment or apartment

23   complex in Franklin, Tennessee.

24       7.    Bauer has subpoenaed Dawson for documents and a deposition. Dawson

25   has not responded even though the subpoena return date was April 14, 2023.

26       8.    The parties met and conferred regarding Hill's objection to Request for

27   Admission Number 52, and Hill's counsel said they would return with a reply. To

28   this date, there has been no reply.

9.  Attached to this declaration as **Exhibit A** is a true and correct copy of messages between Lindsey Hill and Frank Tortorigi.

10.  Attached to this declaration as **Exhibit B** is a true and correct redacted copy of excerpts of messages produced by Roe between Roe and Hill as well as Roe and Olivia Finestead, with Roe's name redacted.

11.  Attached to this declaration as **Exhibit C** is a true and correct copy of an Instagram post by Derek Dawson's partner with Hill's replies.

12.  Attached to this declaration as **Exhibit D** is a true and correct copy of excerpts of messages between Dawson and Hill, produced by Bauer in this case.

13.  Attached to this declaration as **Exhibit E** is a true and correct copy of Dawson's deposition transcript from the Los Angeles Superior Court Domestic Violence Restraining Order proceeding.

14.  Attached to this declaration as **Exhibit F** is a true and correct redacted copy of messages between Doe and Hill, with Doe's name redacted.

15.  Attached to this declaration as **Exhibit G** is a true and correct copy of email correspondence between Kyle Erickson and me.

16.  Attached to this declaration as **Exhibit H** is a true and correct copy of email correspondence between Justin Vaesau and me.

17.  Attached to this declaration as **Exhibit I** is a true and correct copy of email correspondence between Olivia Finestead and me.

18.  Attached to this declaration as **Exhibit J** is a true and correct copy of excerpts of a Hill's response to Bauer's Requests for Admissions.

19.  Attached to this declaration as **Exhibit K** is a true and correct copy of excerpts of messages between Ciramely Maya and Hill.

20.  Attached to this declaration as **Exhibit L** is a true and correct redacted copy of Hill's initial disclosures in this action.

21.  Attached to this declaration as **Exhibit M** is a true and correct copy of Tortorigi's correspondence with me.

22.     Attached to this declaration as **Exhibit O** is a true and correct copy of excerpts of messages between Hill and Decker.

23.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of June, 2023, in New York, NY.

Nell Z. Peyser

# EXHIBIT A



11:35

◀ Slack

**LINDSEY HILL**
lindseyhilll

**fuckjerry** Cakes are great for any occasion

❤️

Gawd

11:33 AM

So bauer (the guy I am in a legal battle w) plans on subpoenaing you for our text messages from when it happened, I'm dying laughing, if you get one just reply to it with "I have no access to these materials"
1.) they already have all of our messages idk why they are asking again
2.) who would have access to messages from 2 years ago 😂😂

But yeah just respond to it saying I have nothing related to this that I have in my possession

So stupid moi I cant. Just know you don't have to do shit for it

Also gonna unsend and delete this once u see it 😂

Call me if u get one and I'll tell u what to do

Message...

FT_0000001

**11:57**

**LH**

Lindsey >

dodger wants me to come to La later

Get that dodger dog inside me now

Moi ew and omg go

What r u doing

$51 million contract

DODGER DOG

🐶

laying in bed mOi

DODGER DOG INSIDE MY PADRES PUSSY

HAHHAHAHAHAHAHA

MOI I WANNA BE IN UR BED

MOI HAHAHAHAHAHSHAHAHA

THATS FUNNY AF

YEA

MOI YEA

HahahahahahhahahaHAHAHAHHAH

iMessage



FT_0000003



11:58

LH

Lindsey

Moi me too

I need details immediately

Moi where is his gucci

Moi find it

Apr 22, 2021 at 1:33 AM

Moi we have been texting all night

Talking*

No sex

Apr 22, 2021 at 3:22 AM

Oh MY GOD MOI

Apr 22, 2021 at 7:48 AM

No

Moi

He choked me so hard i PASSED OUT DURING SEX

Like I BLACKED OUT

THATS NEVER HAPOENED TO NE

IT WAS SO HOT

iMessage



FT_0000006

# EXHIBIT B



10:07

LH

Lindsey

or nothing can ever have me see you
differently ❤️

Sent as Text Message

Mon, Apr 10 at 4:53 PM

I just want you to understand- you're
fucking evil  Roe   I despise you, my
family despises you and you have zero
place in this situation. You make up lies,
steal residents adivan and total your car,
buy ambien in Mexico, and so much
more. When I'm asked about you, I will
burn you to the fucking ground and
expose you just like you think you are
doing to me. Everyone in my life and in
this case will speak the truth about you

Don't call my fucking dad anymore, we're
on the right side of justice and want you
nowhere near it. Evil bitch. I'll have every
past resident testify against your
character

I'm sorry Lindsey.  I don't have any desire
to be part of any of this.
You can believe whatever you choose.
I'm not sure how or why this is laid at my
feet
My car accident was due to a medical
disorder backed by neurologist.
You can call any and every resident my
truth stands in the light.
I hope you find the peace that you
deserve

Sent as Text Message

iMessage

Roe   -Ohana_00000195

Redacted - Nonrelevant



EXHIBIT C

9:32

## Comments

**soph_a** 33w
Is #mcm still a thing and can I still post about Father Day even though that was yesterday? 😁 @doubled05 watching you be a Dad to these two is a gift. I've learned so much and have been deeply humbled in all that I think and say I am. There is a MUCH larger effort, a different muscle one needs to build when you are nurturing small ones into being. It is a special muscle. One only parents, caregivers posess. Thank you for leading the way. Thank you for showing up fully, for efforting towards the good, the hard, the fun, the not so fun and everything that lives in between this. We love you more than the sun, moon, stars in the whole sky. Yes, even Reese Dawson 💖😘 #happyfathersday

**lindseyhilll** 1d
Sure would be a shame for me to hand over to you the police footage of his interview I just received where he is defending violent abuse against women. Telling them not to believe me. Go ahead, ask him the real truth. Pretty pathetic you want to raise children with somebody like that. He cant run from the truth of what he did to me and my family anymore

Reply

**lindseyhilll** 1d
@lindseyhilll before it goes public with court and Bauers side uses it publicly in their defense, I highly advise you have Derek tell you the truth about what he did before you see the video.

❤️ 🙌 🔥 👏 🥲 😍 😶 😂

Add a comment as melwvd...

TB_00004692

# EXHIBIT D

8:08

**LINDSEY HILL**
lindseyhilll

APR 19, 12:22 PM

You replied to their story

Don't tag this 🤡 !!!!!

Im going to his house wednesday

I already have my hooks in



You know how I roll

Dude, i knew it before i sent the message

Ewwwwwwwwe

Message...

TB_00000457



5:58

**LINDSEY HILL**
lindseyhilll

If you don't tell him "Tatis was better" after you are done via dm, this is an ultimate fail

Im literally going to get in his head

And find pine tar 😉

Trust me I know what im doing

I can get in his head

Ugh

Linds

You're worth more than this nonsense

Ugh. Hes so intriguing to me tho.

Sure, in an I want to punch him in the face kind of way

Hes a whackadoodle. Like Clev.

No wonder they are best friends

Message...

TB_00000459



**Lindsey** ›

You good?

Just read a very interesting article that made me think of you. Not knowing the situation, I won't say too much, but wanted to check in either way.

Recovering. Legally cant talk about anything, but what you see in the media right now is really going down

But im okay ❤️

Thank you for reaching out

Ok good. Here if you need anything.

Tuesday 7:29 PM

Are you in SD?

Can we meet up?

Please let me know.

With the fam now. Will let you

iMessage



8:18

LH

Lindsey >

So sorry they dragged u into this
wrf

Wtf

It's fine

Still so confused on what it is but
know i love u and truth always
wins!

Our dms literally say nothing bad
what in the fuck

Thursday 9:14 PM

Can ya fill me in now? Im still so
confused

I'm just as confused

Can you please just open up to
me about what it is about

You can send a voice memo

I can't. Same way you can't. I'm
sorry. I wanted to talk to you
yesterday for that reason.

iMessage

MCLM 000440

TD_00000463



8:17

LH

Lindsey ›

Is it a good thing?

I need to stay pretty hidden for
the next few days so idk if ill be
able to

Just dont let me stress and tell
me

I don't want to text, Linds

You gotta trust me

Im so confused

Is it good or bad

Can you call me?

Tomorrow

Can you at least make me feel
better about what this is lol

You are making this worse for me!

I found out about this thing from
a random phone call today. I text
you to be sure it was true.

iMessage

MCLM 000447

TB_00000464



8:18

**LH**

Lindsey ›

You are making this worse for me!

I found out about this thing from a random phone call today. I text you to be sure it was true.

They know things and have things that you may think were private. They asked me about it.

I don't want to text.

Oh man. Well whatever it is you know im fully open about my story

I have nothing to hide and do not fear anything!!

Random that they called you

1 Reply

Ok good. That's all I need to know

Random that they called you

Yeah, i thought it was a prank

iMessage

MOLM 000446

TB_00000465

8:13

LH

Lindsey >

Random that they called you

Yeah, i thought it was a prank

Oh yeah they are gonna lie and say that im a prostitute and all this crazy shit! And i know they will bring up my stuff about tatis and clev and whoever

Literally nothing to hide

So you can tell me!!! Texting about that is okay

Was it about when you took me to the hospital lol

Nah, I don't want to be involved any more than I already am apparently

Good call on your part

What the hell could they involve you with? Lol

iMessage



TB_00000466

8:19

LH

Lindsey >

By who? Literally what the hell

My lawyer

they are trying to pin something
bad about you? Wtf

No. Not at all.

I didn't do anything

Trying to pin something bad on
me?

I don't know

this is extremely disheartening
that you even brought it up with
me then. In the future, don't re
traumatize a victim who did
nothing wrong by doing this.

Are you serious? I reached out to
you right when this was brought
to me. I asked to speak to you in
person. Don't try to guilt me into

iMessage

MCLM 000450

TD_00000467

8:19

LH

Lindsey >

me?

I don't know

this is extremely disheartening that you even brought it up with me then. In the future, don't re traumatize a victim who did nothing wrong by doing this.

Are you serious? I reached out to you right when this was brought to me. I asked to speak to you in person. Don't try to guilt me into feeling bad here. I have done nothing.

Usually people don't forget the people who were there for them in the darkest times. I'm pretty damn hurt right now.

I hope you are ok, and keeping true to yourself. My thoughts are with you. I have nothing more to say on this matter. Please don't text me.

Delivered

iMessage

MCLM 000451
TD_00000468

EXHIBIT E

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                   FOR THE COUNTY OF LOS ANGELES
 3
 4       _____
                                        )
 5       In re the Matter of            )
                                        )
 6       Petitioner: LINDSEY HILL       ) Case No.
                                        ) 21STRO03198
 7              vs.                      )
                                        )
 8       Respondent: TREVOR BAUER       )
         _____
 9
10              REMOTE DEPOSITION OF DEREK RICHARD DAWSON
11                   Thursday, August 12, 2021
12                            Volume I
13
14
15
16
17
18
19
20
21
22       Reported Remotely and Stenographically by:
23       Gail E. Kennamer, CSR 4583, CCRR
24       Job No. 4759595
25       Pages 1 - 78
```

                                                         Page 1

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                  FOR THE COUNTY OF LOS ANGELES
 3
 4        _____
                                          )
 5        In re the Matter of             )
                                          )
 6        Petitioner: LINDSEY HILL        ) Case No.
                                          ) 21STRO03198
 7                vs.                      )
                                          )
 8        Respondent: TREVOR BAUER        )
          _____
 9
10
11              Remote Deposition of Derek Richard Dawson,
12        Volume I, taken on behalf of Petitioner, beginning at
13        2:04 p.m. and ending at 3:28 p.m.; Thursday,
14        August 12, 2021, before Gail E. Kennamer, CSR 4583, CCRR.
15
16
17
18
19
20
21
22
23
24
25
                                                      Page  2
```

```
 1       REMOTE APPEARANCES:

 2

 3       For Petitioner:

 4

 5            MEYER, OLSON, LOWY & MEYERS, LLP

 6            BY: MARC H. GARELICK, ESQ.

 7            3161 Michelson Drive, Suite 1160

 8            Irvine, California 90067

 9            mg@molfamlaw.com

10

11

12       For Respondent:

13

14            KINSELLA WEITZMAN ISER KUMP & HOLLEY LLP

15            BY: KATE MANGELS, ESQ.

16            808 Wilshire Boulevard, 3rd Floor

17            Santa Monica, California 90401

18            kmangels@kwikhlaw.com

19

20

21

22

23

24

25       (Continued on following page.)

                                            Page 3
```

```
 1        REMOTE APPEARANCES (Continued):

 2


 3        For the Deponent:

 4


 5             GILLEON LAW FIRM

 6             BY: DANIEL M. GILLEON, ESQ.

 7             1320 Columbia Street, Suite 200

 8             San Diego, California 92101-3436

 9             dmg@mglawyers.com

10

11

12

13

14

15

16

17

18

19

20        Also Remotely Present:

21             Lindsey Hill - Petitioner

22             Brittany Rodriguez - Meyer, Olson, Lowy & Meyers, LLP

23

24

25

                                                    Page  4
```

```
 1                          INDEX

 2    WITNESS                              EXAMINATION

 3    DEREK RICHARD DAWSON

 4    Volume I

 5

 6                          BY MR. GARELICK          7

 7                          BY MS. MANGELS          69

 8

 9

10    Questions the witness is instructed or refuses not to

11    answer are located on the following pages:

12

13                PAGE                LINE

14                 10                  9

15                 11                  6

16                 25                  12

17

18

19

20

21

22

23

24

25
```

```
 1                        EXHIBITS

 2      NUMBER                                    PAGE

 3      Exhibit 1      Letter dated July 5, 2021      24

 4                     to Ms. Shawn Holley with

 5                     attachments

 6

 7      Exhibit 2      Instagram Direct Message       36

 8                     April 19 - 5:58 p.m.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                              Page  6
```

```
 1                    Thursday, August 12, 2021

 2                         2:04 p.m.

 3

 4

 5            MR. GARELICK:  I'm Marc Garelick on behalf of

 6       petitioner who is present in the room.

 7            MS. MANGELS:  Kate Mangels from Kinsella

 8       Weitzman Iser Kump & Holley LLP on behalf of respondent,

 9       Trevor Bauer.

10            MR. GILLEON:  Dan Gilleon for the deponent.

11

12                    DEREK RICHARD DAWSON,

13       a witness herein, having been administered an oath, was

14       examined, and testified as follows:

15

16            THE REPORTER:  Thank you.

17         Counsel may proceed.

18

19                    -EXAMINATION-

20                                                  14:04

21       BY MR. GARELICK:

22         Q.   Can you please state your full name for the

23       record.

24         A.   Derek Richard Dawson.

25         Q.   Mr. Dawson, have you ever had your deposition  14:04
```

Page 7

```
 1              I also had a consecutive conversation going on with     14:32

 2       your client via text that was pretty intense as well.

 3              I also was interviewed by Pasadena Police Department

 4       which was very intense.

 5              Q.   Okay.                                                14:32

 6              A.   I had a conversation with Russell Greene.   It

 7       was very intense.

 8              Q.   Okay.

 9              A.   Those things aren't in the daily scope of my

10       life, so to me they are intense.                               14:32

11              Q.   I understand.

12              So why did you believe that your conversations with

13       the defense team were intense?

14              A.   The severity of this case in general is very

15       intense, Mr. Garelick, it's not something that I'm used        14:33

16       to.   I apologize.

17              Q.   So the attention that you are referencing is

18       from Mr. Bauer's defense team and the Pasadena Police

19       Department?

20              A.   And your client and Mr. Greene.                     14:33

21              Q.   Right.

22                   MS. HILL:   He reached out to me.

23         BY MR. GARELICK:

24              Q.   Did my client reach out to you?

25              A.   I did reach out to your client, yes.   I can hear   14:33
```

                                                              Page 31

```
 1          A.   Correct.                                    15:02

 2          Q.   Okay.  Okay.  And then if you scroll down just a

 3      little bit more.  More.

 4          You respond:

 5          "Dude, i knew it before i sent the message."      15:02

 6          "Ewwwwwwwwe."

 7          Right?

 8          A.   I did.

 9          Q.   What did you mean by that?

10          A.   It didn't surprise me.                      15:02

11          Q.   And why didn't it surprise you?

12          A.   It didn't surprise me because I know Lindsey

13      enough to know that that's something she would do.

14          Q.   Okay.  And if you can now -- We need to go two

15      pages down from this.                                15:02

16          Okay.  You now say:

17          "If you don't tell him, 'Tatis was better' after you

18      are done via dm, this is an ultimate fail."

19          Do you see that?

20          A.   I do.                                       15:03

21          Q.   Okay.  And is that meant to be a joke?

22          A.   Correct.  It is.

23          Q.   Okay.  And do you believe that Ms. Hill's

24      responses, "Im literally going to get in his head And find

25      pine tar," wink, as a joke too?                      15:03
```

Page 53

```
 1              A.    Now or at the time I read them?          15:03

 2              Q.    At the time you read them.

 3              A.    Not sure.  I don't remember.

 4              Q.    Okay.  Did you believe Lindsey to be a sarcastic

 5       person?                                              15:03

 6              A.    Did I believe Lindsey to be sarcastic?  No.

 7              Q.    She's not sarcastic?

 8              (Reporter clarification.)

 9              A.    I don't know.

10              Q.    So looking back at this now, did you believe it   15:03

11       was literal?

12              A.    Yes.

13              Q.    Okay.  And why did you believe it was literal?

14       Or why do you believe now it is literal?  Excuse me.

15              A.    The way I interpreted it.                15:04

16              Q.    Scroll down a little bit more.  You can see

17       we're about a minute away here.

18              A.    I'm not in any hurry.

19              Q.    Okay.  It says:

20              "Ugh.  Hes so intriguing to me tho."           15:04

21              And you respond:

22              "Sure, in an I want to punch him in the face kind of

23       way."

24              Do you see that?

25              A.    I do.                                    15:04
```

Page 54

 1          Q.   Okay.  And would you say they are relevant at        15:19

 2     the case in hand for the same reasons you testified

 3     earlier to?

 4          A.   With all due respect, Mr. Garelick, we're

 5     sitting here for a reason; right?                               15:20

 6               MR. GARELICK:  So motion to strike as

 7     nonresponsive.

 8          Q.   So I'm asking is if the --

 9          A.   It's not nonresponsive at all.  Yes, I do feel

10     they are relevant.                                             15:20

11          Q.   Right.  I'm asking if you believe that they are

12     relevant for the same reasons that you testified earlier.

13     That's it.

14          A.   Which message specifically are you referring to,

15     Mr. Garelick?                                                  15:20

16          Q.   All of them.

17          A.   Earlier you were asking me regarding Fernando

18     Tatis.  You never asked me about a specific message.

19          Q.   Okay.  Well, why do you believe these text

20     messages between you and Ms. Hill on these, Tuesday           15:20

21     through Thursday, are relevant to the within matter?

22          A.   In my opinion, they show intent.

23          Q.   Okay.  What part of this shows intent?  If you

24     can scroll up a little bit.

25          A.   The messages from your client.                      15:20

                                                          Page 67

```
 1            This is just my opinion.  It's not my job to sit here  15:20
 2      and find out what happened.
 3            I am giving you messages that obviously both parties
 4      find relevant.  Obviously, we are sitting here talking
 5      about it.                                                    15:21
 6            So your client states, I will paraphrase here, but
 7      something about "I will literally get in his head.  I'm
 8      going to find pine tar."  I'm going to -- I don't remember
 9      the others, but --
10            Q.   So you believe that --                           15:21
11            A.   Your questioning --
12            (Reporter clarification.)
13            (Simultaneous speaking.)
14            A.   I would question the intent of the relationship
15      prior to them meeting.                                      15:21
16            Q.   Thank you.
17            I'm just going to ask one more question, and then I
18      will met Ms. Mangels take over.
19            You believe the intent of the relationship is a
20      legitimate excuse for what happened to Ms. Hill             15:21
21      afterwards?
22            A.   I don't know what happened to Ms. Hill
23      afterwards.
24                 MR. GARELICK:  Okay.  Thank you.
25            You can take the screen down, Brittany.               15:22
```

Page 68

# EXHIBIT F



EXHIBIT G

| | |
|---|---|
| **From:** | Kyle Erickson <kyle88erickson@gmail.com> |
| **Sent:** | Tuesday, April 25, 2023 1:19 PM |
| **To:** | Peyser, Nell Z |
| **Subject:** | Bauer v. Hill Subpoena Response |

**EXTERNAL**

Nell:

I am not in possession of any documents, information, or objects to present in response to the Document Subpoena at this time.

Thank you,

**Kyle Erickson**

# EXHIBIT H

**From:** Lafaele Vaesau <lvaesau@yahoo.com>
**Sent:** Tuesday, May 16, 2023 6:14 PM
**To:** Peyser, Nell Z
**Subject:** Re: Correspondence regarding Bauer v. Hill

**EXTERNAL**

I don't have any documents associated with Lindsey Hill that date back to that time anymore. My phone settings is set to delete messages after a year because of how fast my storage fills. I know that during the time of the investigation, people from the MLB had aquired what I had, as far as texts between me and Lindsey Hill.

On Tuesday, May 16, 2023, 10:34 AM, Peyser, Nell Z <NPeyser@zuckerman.com> wrote:

Of course, Lafaele. I'm happy to clarify however I can.

On the document subpoena itself, there is a list of eleven categories of documents you should search your devices for. The categories include, for example, all of your communications with Ms. Hill concerning Mr. Bauer, all of your communications with Ms. Hill about anything at all from April 21-22, 2021 and May 15-28, 2021, all of your communications with Ms. Hill about her physical and mental health conditions, all photographs you have of Ms. Hill from May 15-July 17, 2021, all communications with Ms. Hill about any social or leisure activities she attended from May 15-July 17, 2021, and all communications with Ms. Hill about her employment and departure from Lululemon. These are just some examples. There are a few more categories as well.

Let me know if it would be helpful to speak more by phone about this.

Thanks,

Nell



**Nell Peyser**
**Zuckerman Spaeder LLP**
**NPeyser@zuckerman.com**

1

485 MADISON AVENUE, 10TH FLOOR • NEW YORK, NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** Lafaele Vaesau <lvaesau@yahoo.com>
**Sent:** Tuesday, May 16, 2023 12:44 PM
**To:** Peyser, Nell Z <NPeyser@zuckerman.com>
**Subject:** Re: Correspondence regarding Bauer v. Hill

**EXTERNAL**

Good morning Peyser,

I wanted to get some clarification on what documents I am supposed to be providing.

On Tuesday, May 16, 2023, 8:30 AM, Peyser, Nell Z <NPeyser@zuckerman.com> wrote:

Dear Lafaele,

Please see the attached correspondence.

Best,
Nell



Nell Peyser
Zuckerman Spaeder LLP
NPeyser@zuckerman.com

2

485 MADISON AVENUE, 10TH FLOOR • NEW YORK,  NY 10022-5871
212.897.3436 direct • 212.704.4256 fax

► **Download vCard | zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential
and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the
intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by
return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

# EXHIBIT I

**From:**          Olivia Finestead <livfinestead@gmail.com>
**Sent:**          Tuesday, May 2, 2023 9:18 AM
**To:**            Peyser, Nell Z
**Subject:**       Re: Nothing to produce for Subpoena

**EXTERNAL**

I have nothing for you. I am not meeting with you wasting my time I have nothing at all for your rapist client

On Mon, May 1, 2023 at 10:20 AM Peyser, Nell Z <NPeyser@zuckerman.com> wrote:

> Dear Ms. Finestead,
>
>
> I write to inform you that we are postponing your deposition scheduled for May 9 in the Bauer v. Hill matter. We will notify you with a new date in the coming weeks. Please note that if the new date does not work with your schedule, we are happy to work with you to find a date, time, and location that is more convenient for you.
>
>
> Best,
>
> Nell
>
>

>
> **Nell Peyser**
> **Zuckerman Spaeder LLP**
> **NPeyser@zuckerman.com**
>
> 485 MADISON AVENUE, 10TH FLOOR • NEW YORK, NY 10022-5871
> 212.897.3436 direct • 212.704.4256 fax
>
>
> ► Download vCard | zuckerman.com
>
> This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

**From:** Olivia Finestead <livfinestead@gmail.com>
**Sent:** Wednesday, March 29, 2023 3:32 PM
**To:** Brown, Blair G. <bbrown@zuckerman.com>; Fetterolf, Jon R. <JFetterolf@zuckerman.com>; Peyser, Nell Z
<NPeyser@zuckerman.com>; sholley@kwikhlaw.com
**Subject:** Nothing to produce for Subpoena

**EXTERNAL**

I have no documents relating to your subpoena to be produced.

Warmest regards,

Olivia Finestead

EXHIBIT J

Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
  espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
  jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Defendant, Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>              Plaintiff,<br><br>      vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>              Defendant. | Case No. 8:22-cv-00868 JVS(ADSx)<br><br>**DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF/COUNTERCLAIM DEFENDANT TREVOR BAUER'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Trial Date:          None Set |

PROPOUNDING PARTY:  PLAINTIFF, TREVOR BAUER

RESPONDING PARTY:    DEFENDANT, LINDSEY C. HILL

SET NO.:                      ONE

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   Defendant, LINDSEY C HILL, by and through its attorneys of record,

2   Wesierski & Zurek LLP, responds to plaintiff's request for admission and copying as

3   follows:

4   **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

5       After a reasonable and diligent search, this responding party will provide

6   copies of all documents in his possession, custody or control which are responsive to

7   each category set forth in this request.  These documents will be produced subject to

8   the objections set forth below.

9       Investigative efforts to locate additional documents are ongoing and will be

10  continuing during the course of this litigation.  If documents are discovered which

11  fall within a category of this request and are not subject to an objection set forth

12  herein, these documents will be made available upon proper request.

13      By responding to this request and producing any document, defendant does

14  not concede that any category set forth herein seeks relevant information or seeks

15  information that is reasonably calculated to lead to the discovery of admissible

16  evidence.  Defendant expressly reserves the right to any and all objections as to

17  competency, materiality, relevancy, privilege and admissibility of any documents

18  produced and the right to object to further discovery relating to the subject matter of

19  any document produced.

20      Defendant objects generally to these requests to the extent they seek

21  discovery of attorney work product and trial preparation materials or

22  communications protected by the attorney-client privilege.

23      Discovery is still at an early stage and there may be other and further

24  information affecting the Demand for Production of which this responding party

25  despite reasonable investigation and inquiry, is presently unaware.  This responding

26  party is continuing the development of facts and legal issues which are presented in

27  this matter and inquired into by the Demand for Production.  This responding party

28  reserves the right to modify or to enlarge these responses with such pertinent

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

2

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

1  additional information and documents as may subsequently be discovered.

2  Furthermore, these responses are made by this responding party without prejudice to

3  this responding party's use or reliance at trial on subsequent discovered documents

4  or information or on documents or information omitted from these responses as a

5  result of good faith oversight, error or mistake.

6      No incidental or implied admissions are intended by the responses herein.

7  The fact that this responding party has responded or objected to any request or part

8  thereof shall not be deemed an admission that this responding party accepts or

9  admits the existence of any facts set forth or assumed by such request or that  such

10  response or objection constitutes admissible evidence.  The fact that this responding

11  party has responded to part or all of any request, is not intended to and shall not be

12  construed as a waiver of any part of any objection to any request.

13      In the event that any document to which an objection is made should be

14  produced inadvertently, such production shall not constitute a waiver of the

15  objection by defendant to the production of the documents produced or similar

16  documents.

17  **REQUEST FOR ADMISSION NO. 1:**

18      Admit that you deleted your Instagram message thread with Bauer.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

20      Admit.

21  **REQUEST FOR ADMISSION NO. 2:**

22      Admit that you did not save screenshot images of all Instagram message

23  communications with Bauer.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

25      Admit.

26  **REQUEST FOR ADMISSION NO. 3:**

27      Admit that you deleted text message communications between you and Bauer

28  between April 18, 2021 and May 17, 2021.

Case No. 8:22-cv-00868 JVS(ADSx)

I1835341-1 MER-5137

DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you deleted some of your text message communications with Bauer after you met with the Pasadena Police on May 18, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you deleted some of your Instagram message communications with Bauer after you met with the Pasadena Police on May 18, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not save screenshot images of all text message communications with Bauer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you communicated via text message with Lisa Decker between May 19, 2021 and May 27, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you do not have text messages with Lisa Decker from the period between May 19, 2021 and May 27, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

Case No. 8:22-cv-00868 JVS(ADSx)
I1835341-1 MER-5137
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**REQUEST FOR ADMISSION NO. 9:**

Admit that you did not provide text messages with Lisa Decker between May 19, 2021 and May 27, 2021 to Bauer in connection with the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you did not provide text messages with Lisa Decker between May 19, 2021 and May 27, 2021 to counsel representing you in the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party objects that this Request for Admission violates the attorney-client privilege, and seeks information that is privileged.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you communicated via text message with Ciramely Maya between May 18, 2021 and May 28, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you do not have text messages with Ciramely Maya between May 18, 2021 and May 28, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you did not provide text messages with Ciramely Maya between May 18, 2021 and May 28, 2021 to Bauer in connection with the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admit.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  **REQUEST FOR ADMISSION NO. 14:**

2      Admit that you did not provide text messages with Ciramely Maya between

3  May 18, 2021 and May 28, 2021 to counsel representing you in the DVRO

4  proceeding.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

6      Responding Party objects that this Request for Admission violates the

7  attorney-client privilege, and seeks information that is privileged.

8  **REQUEST FOR ADMISSION NO. 15:**

9      Admit that you took the video of yourself and Bauer on May 16, 2021 at

10  approximately 9:03 a.m. PT, Bates stamped PPD0000019.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

12      Admit.

13  **REQUEST FOR ADMISSION NO. 16:**

14      Admit that Bauer was asleep in the video Bates stamped PPD0000019.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

16      Admit.

17  **REQUEST FOR ADMISSION NO. 17:**

18      Admit that you did not ask Bauer his consent to take the video Bates stamped

19  PPD0000019.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

21      Responding Party objects to this Request as it seeks information which is not

22  relevant to the pending litigation and not proportional to the needs of the case.

23  (FRCP 26(b)(1)).  Whether Bauer consented to the video is irrelevant to any of the

24  claims or defenses in this lawsuit.

25  **REQUEST FOR ADMISSION NO. 18:**

26      Admit that you provided the video Bates stamped PPD0000019 to your

27  counsel, Bryan Freedman, on or around July 5, 2021.

28

I1835341-1 MER-5137

Case No. 8:22-cv-00868 JVS(ADSx)
DEFENDANT LINDSEY C HILL'S RESPONSES TO PLAINTIFF TREVOR
BAUER'S FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Responding Party objects that this Request for Admission violates the attorney-client privilege, and seeks information that is privileged.

**REQUEST FOR ADMISSION NO. 19:**

Admit that neither you nor your counsel provided the video Bates stamped PPD0000019 to Bauer or his counsel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you were not questioned about the video Bates stamped PPD0000019 during the DVRO proceeding.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you created the anonymous Twitter account @Anonymo27469351.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill allegedly made to the police.

**REQUEST FOR ADMISSION NO. 22:**

Admit that you authored the tweets from the account @Anonymo27469351 Bates stamped TB_00000006–15.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Responding Party objects to this Request as it seeks information which is not relevant to the pending litigation and not proportional to the needs of the case. (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  relevant to the pending litigation and not proportional to the needs of the case.

2  (FRCP 26(b)(1)).  Statements made by the court in the DVRO proceeding are not

3  relevant to the claims and defenses in this action.

4  **REQUEST FOR ADMISSION NO. 50:**

5       Admit that Judge Dianna Gould-Saltman stated that Bauer "did not exceed the

6  limits that petitioner set."

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

8       Responding Party objects to this Request as it seeks information which is not

9  relevant to the pending litigation and not proportional to the needs of the case.

10  (FRCP 26(b)(1)).  Statements made by the court in the DVRO proceeding are not

11  relevant to the claims and defenses in this action.

12  **REQUEST FOR ADMISSION NO. 51:**

13       Admit that Judge Dianna Gould-Saltman stated that your initial declaration

14  seeking a restraining order was "materially misleading."

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

16       Responding Party objects to this Request as it seeks information which is not

17  relevant to the pending litigation and not proportional to the needs of the case.

18  (FRCP 26(b)(1)).  Statements made by the court in the DVRO proceeding are not

19  relevant to the claims and defenses in this action.

20  **REQUEST FOR ADMISSION NO. 52:**

21       Admit that the document Bates stamped TB_00004692 is a true and correct

22  copy of a February 5, 2023, post that you made on the Instagram account belonging

23  to @soph_a.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

25       Responding Party also objects to this Request as it seeks information which is

26  not relevant to the pending litigation and not proportional to the needs of the case.

27  (FRCP 26(b)(1)).  Bauer's claims are based on discrete communications that Hill

28  allegedly made to the police.

WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

EXHIBIT K



**8:14**

‹ 4

lindsey 🎾 ›

Judgment free zone 🤍

Sun, Mar 12 at 3:31 PM

Hi sorry I've been on mental health vacay but yes love and miss you too! Just surrounding myself with the sober crew and doing the best I can one day at a time!

Sat, Mar 18 at 5:53 PM

Call me. I just got served

Sat, Mar 18 at 7:14 PM

Love you so sorry again I might be asleep if you call back bc I'm two hours ahead but I can call you tomorrow too ❤️

Ill call you at some point in the next couple days

Delivered

Tue, Apr 4 at 5:40 PM

➤ You stopped sharing location with lindsey 🍋.

iMessage

CM_0000159

EXHIBIT L

1  Christopher P. Wesierski [Bar No. 086736]
   *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
   *mprescott@wzllp.com*
3  Eileen Spadoni [Bar No. 133259]
   *espadoni@wzllp.com*
4  Brett A. Smith [Bar No. 322707]
   *bsmith@wzllp.com*
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8  Bryan J. Freedman, Esq. (SBN: 151990)
   *bfreedman@ftllp.com*
9  Jesse A. Kaplan, Esq. (SBN: 255059)
   *jkaplan@ftllp.com*
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile:  (310) 201-0045

13 Attorneys for Defendant/Cross-
   Complainant, LINDSEY C. HILL
14

15

16          UNITED STATES DISTRICT COURT

17     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

18 TREVOR BAUER,                          Case No. 8:22-cv-00868 JVS(ADSx)

19          Plaintiff,                    **DEFENDANT LINDSEY C. HILL'S
                                          INITIAL DISCLOSURES**
20     vs.
                                          Trial Date:       None Set
21 LINDSEY C HILL AND NIRANJAN
22 FRED THIAGARAJAH,

23          Defendant.

24

25

26          Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1,

27 Defendant Lindsey C. Hill ("Hill") hereby makes the following Initial Disclosures,

28 based on information presently available.

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## **PRELIMINARY STATEMENT**

1.    By identifying persons in this document, Defendant does not admit or deny the relevancy or admissibility of their testimony, or their availability or competency as witnesses.

2.    By identifying documents and tangible things in this document, Defendants do not admit or deny the relevancy or admissibility of any document or thing.

3.    Defendant reserves the right, if appropriate, to make objections to the production of any documents or tangible things or the answering of interrogatories regarding any matters discussed herein and to move for a Protective Order pursuant to Rule 26, F.R.Civ.P., before producing or allowing any discovery of the matters stated herein.

4.    In making these disclosures, Defendant does not waive the attorney-client privilege, the attorney work-product doctrine, or any other available privilege, doctrine, or immunity.

5.    These disclosures are based upon the factual information available as of the date hereof.  Discovery is only just beginning and factual investigation is continuing at this time.  Defendants reserve the right to amend, supplement or otherwise modify these disclosures in accordance with applicable Rules and any Orders entered by this Court.

## I.    WITNESSES LIKELY TO HAVE DISCOVERABLE INFORMATION

Based on the information presently available, and subject to further investigation of the dispute herein, Defendant identifies the following people likely to have discoverable information that Defendant may use to support its defenses:

1.    Trevor Bauer, Plaintiff/Counterdefendant, regarding the circumstances surrounding the allegations contained in the Counterclaims of Defendant/Counterclaimant Lindsey Hill;

2.    Lindsey C. Hill, Defendant/Counterclaimant regarding the

2

circumstances surrounding the allegations contained in the Complaint and Counterclaims of Defendant/Counterclaimant Lindsey Hill;

3.  Stephen Chanley, RN. of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 17, 2021, Emergency Room visit.

4.  Dr. Joshua N. Doros, of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 17, 2021, Emergency Room visit.

5.  Brigitte B. Korkuch, PA of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 17, 2021, Emergency Room visit.

6.  Asal Khosroabadi, LCSW (Social Worker) of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208 . Has information regarding Ms. Hill's May 18, 2021, Emergency Room visit.

7.  Officer Sullivan of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101.  Has information regarding Ms. Hill's May 18, 2021, Emergency Room interview.

8.  Detective Giddens of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101.  Has information regarding Ms. Hill's May 18, 2021, Emergency Room interview and escort to a SART certified facility for examination.

9.  Officer Morales of the San Diego Police Department, 1401 Broadway, San Diego, CA 92101.  Has information regarding Ms. Hill's May 18, 2021, Emergency Room interview and escort to a SART certified facility for examination.

10.  Dr. Harshawn Malhi of Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208, regarding May 17, 2021 CT imaging of Ms. Hill.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11.     Kelly Valencia, RN of Palomar Health Forensic Health Services – Poway, 15615 Pomerado Road, Poway, CA 92064. Has information regarding the SART examination of Ms. Hill.

12.     Dr. Varinthrej Pitis of Scripps Clinic Carmel Valley, 3811 Valley Centre Drive, San Diego, CA 92130.  Has information regarding Ms. Hill's follow up medical care on June 3, 2021.

13.     Dr. Erica Moses, San Diego Center for Trauma Recovery, 1761 Hotel Circle S, Ste. 315, San Diego, CA 92108. Has information regarding Ms. Hill's therapy following sexual assault.

14.     Investigator Russell Greene, alleged investigator for Shawn Holley of Kinsella Weitzman Iser Kump LLC.

15.     Richard Hill, who can be contacted through Counsel for Ms. Hill, who has information about the medical condition of Ms. Hill following her hospitalization on May 17, 2021. Also, received communications from attorney Dan Gilleon regarding intention to release unfavorable information about Ms. Hill to Mr. Bauer's attorneys.

16.     Lorinda Hill, who can be contacted through Counsel for Ms. Hill, who has information about the medical condition of Ms. Hill following her hospitalization on May 17, 2021.

17.     Derek Dawson, address unknown.  Has information regarding text and direct messages with Ms. Hill.

18.     Detective Kimberly Jones of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101. Has information regarding the investigation of the sexual assault of Ms. Hill by Mr. Bauer.

19.     Detective Derek Blackmon of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101. Has information regarding the investigation of the sexual assault of Ms. Hill by Mr. Bauer. [5/18/21 Body Cam Video]

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

20. Detective Murphy of the Pasadena Police Department, 207 Garfield Ave., Pasadena, CA 91101. Has information regarding the investigation of the sexual assault of Ms. Hill by Mr. Bauer. [6/5/21 Body Cam Video]

21. Kyle Erikson, cousin to Ms. Hill, 7150 West 20th Ave. #106, Lakewood, CO 80214. Has information regarding the Ms. Hill's communications with Mr. Bauer and Mr. Bauer's sexual assault of Ms. Hill.

22. Ciramely Maya friend of Ms. Hill, 31074 Camino del Este, Temecula, CA 92591. Has information regarding the Ms. Hill's communications with Mr. Bauer and Mr. Bauer's sexual assault of Ms. Hill.

23. Lafael Justin Veasau friend of Ms. Hill, 9320 Artesia Blvd., Apt. 2, Bellflower, CA 90706.

24. Madison Rasberg, address and contact information unknown.

25. Doe ., address and phone number unknown.

26. Lisa Decker, address unknown. Ms. Hill's friend and AA Sponsor. Communicated frequently with Ms. Hill in aftermath of sexual contact with Mr. Bauer and throughout DVRO proceeding.

27. Niranjan Fred Thiagarajah, who may be contacted through counsel for Mr. Thiagarajah, who has non-privileged information about the facts and circumstances alleged in the Complaint..

28. Michael Clevenger, address and phone number unknown. Former teammate and well-known associate of Mr. Bauer.

29. Rachel Luba, address and phone number unknown. Mr. Bauer's Baseball Agent. Known contact with Mr. Bauer's previous Ohio accusers. Has issued public statements challenging the veracity of Ms. Hill's allegations against Mr. Bauer. Familiar with Mr. Bauer's sexual practices.

30. Tony Prince, address unknown, attended birthday party with Ms. Hill in Los Angeles, CA residence immediately prior to Ms. Hill's second sexual encounter with Mr. Bauer.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

31.     Urgent Care Intake Doctor/Nurse/Medical Professional, of American Family Urgent Care, 8590 Rio San Diego Dr., #111, San Diego, CA 92108. Has information regarding Ms. Hill's medical condition on May 17, 2021. Advised Ms. Hill's referral to Alvarado Hospital Medical Center.

32.     Lynn Greenemay, Store Manager at Lululemon in San Diego regarding Ms. Hill's time off from work.

33.     Melissa Munster, Current Supervisor of Ms. Hill at Lululemon in Sand Diego, regarding Ms. Hill's residual effects of the battery and sexual battery.

34.     Roe          Ms. Hill's supervisor at Ohana House Sober Living in San Diego, Ca.

Defendant reserves the right to amend and supplement this information as additional facts and evidence become known.

## II.   DOCUMENTS DEFENDANTS MAY USE TO SUPPORT DEFENSE

By identifying documents and tangible things in this document, Defendant do not admit or deny the relevancy or admissibility of any document or thing. Defendant reserves the right, if appropriate, to make objections to the production of any documents or tangible things or the answering of interrogatories regarding any matters discussed herein and to move for a Protective Order pursuant to Rule 26, F.R.C.P., before producing or allowing any discovery of the matters stated herein. In making these disclosures, Defendant does not waive the attorney-client privilege, the attorney work-product doctrine, or any other available privilege, doctrine, or immunity.  If Defendant agrees to the production of documents or tangible things, they will be produced through Defendant's counsel of record.

1.     Medical and Billing Records for Ms. Hill from Alvarado Hospital Medical Center, 6655 Alvarado Road, San Diego, CA 92120-5208

2.     SART Report from Palomar Health Forensic Health Services – Poway, 15615 Pomerado Road, Poway, CA 92064, including 84 photographs.

3.     Medical and Billing Records for Ms. Hill from Dr. Erica Moses

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

6

of San Diego Center for Trauma Recovery, 1761 Hotel Circle S. Ste. 315, San Diego, CA 92108.

      4.     Medical and Billing Records for Ms. Hill from Dr. Varinthrej Pitis of Scripps Clinic Carmel Valley, 3811 Valley Centre Drive, San Diego, CA 92130 for follow up care after in June of 2021.

      5.     Extraction Report of Ms. Hill's phone regarding photographs taken of Ms. Hill between May 16, 2021 and May 18, 2021.

      6.     8 Photographs of Ms. Hill taken between May 16, 2021 and May 18, 2021 documenting the injuries to Ms. Hill's face.

      8.     Any and all photographs of Ms. Hill taken as part of the May 17, 2021 SART Report at Palomar Health Forensic Health Services – Poway.

      9.

      10     Audio of Plaintiff and Ms. Hill's telephone conversation during a "Pretext Call" made at the behest of the Pasadena Police Department on or about May 22, 2021.

      11.     All documents, photographs, video and meta data produced in the DVRO hearing.

      12.     "Body Cam" Video and Audio footage from PPD Officers' interview with Ms. Hill on May 18, 2021.

      13.     "Body Cam" Video and Audio footage from PPD Officers' interview with Ms. Hill on June 5, 2021.

## III.   <u>CALCULATION OF DAMAGES</u>

A computation of damages claimed by Ms. Hill:

Ms. Hill seeks to recover non-economic damages caused by her injuries according to proof at trial.

Hill suffered from physical injuries to her head and face, including an acute head injury. This resulted in pain, suffering and discomfort in Hill's head, face and jaw. The jaw pain lasted over a month. Hill's head injury also resulted in

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  concussion-like symptoms that lasted for several weeks.  The head injury also

2  caused vomiting, difficulty getting out of bed and constant sleeping.  Hill had

3  extreme difficulty opening her mouth and had difficulty eating.  Hill also suffered

4  from swelling and excruciating bruising on her face that lasted over a week.  Hill

5  could not sleep on her left side because of pain and swelling.  Hill also suffered

6  from bruising on her gums and a split open lip which made it difficult to eat and

7  drink.  Hill also suffered from a welt on the left side of the top of her head.

8      Hill suffered from a physical injury to her vagina/groin area.  This resulted in

9  pain, suffering and discomfort.  This also caused bruising.

10     Hill suffered from a physical injury to her buttocks.  This resulted in pain,

11 suffering and discomfort.  This also caused bruising.  She had difficulty sitting.

12     Hill suffered from a physical injury to her anus from being sodomized.  This

13 resulted in pain, suffering and discomfort.  She was also bleeding from her anus.

14     Hill suffered from injuries as result of being choked to the point of

15 unconsciousness.  This resulted in pain/headache, suffering, discomfort, being

16 lightheaded and dizzy, nausea, confusion and feeling like she could barely move her

17 body.

18     Hill also suffered from severe mental and emotional distress, depression, fear,

19 humiliation/embarrassment and anxiety.  That had a negative effect on her life.

20     Hill seeks to recover medical expenses she incurred.  This includes the

21 following providers: Alvarado Medical Center; Scripps; and Center for Trauma

22 Recovery.  Hill will produce documents reflecting the specific expenses incurred.

23     Hill seeks to recover for past and future lost wages.  Hill lost wages at her job

24 at Lululemon while she was on medical leave.  Hill will produce documentation

25 and/or other evidence reflecting the dates that she was on leave and her hourly rate.

26 Hill also seeks to recover future lost wages related to her contemplated employment

27 at the Ohana College Area Sober Living Environment as a resident life director.

28 Because of both the physical and metal trauma that she suffered, Hill was unable to

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8

1    start that job.

2        Hill seeks punitive and exemplary damages from Bauer according to proof at

3    trial.

4    **IV.    <u>APPLICABLE INSURANCE</u>**

5        Defendant Hill is insured under a policy of insurance with California

6    Automobile Insurance Company with limits of $300,000 per occurrence for personal

7    liability, with a reservation of rights.

8        Defendant reserves the right to amend and/or supplement this Initial

9    Disclosure if and when additional documents are located and/or discovered during

10   the course of investigation and discovery.

11

12   DATED:  August 22, 2022        WESIERSKI & ZUREK LLP

13

14

15                                By:        /s/Christohper P. Wesierski

16                                CHRISTOPHER P. WESIERSKI
                                  Attorneys for Defendant, Lindsey C. Hill

17

18   DATED:  August 22, 2022         FREEDMAN + TAITELMAN, LLP

19

20

21

22                                By:        /s/Jesse A. Kaplan

23                                JESSE A. KAPLAN
                                  Attorneys for Cross-Complainant, Lindsey C.

24                                Hill

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of .  My business address is 29 Orchard Road, Lake Forest, CA 92630.

On August 22, 2022, I served true copies of the following document(s) described as **DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address canderson@wzllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 22, 2022, at Lake Forest, California.

/s/ CHELSEA ANDERSON
Chelsea Anderson

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1
2

**SERVICE LIST**
**Bauer v. Hill**
**MER-5137**

3
4
5
6
7
8
9

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
808 Wilshire Blvd, Suite 300
Santa Monica, CA  90401
Phone: 310-566-9822
Fax: 310-566-9850
E-Mail: sholley@kwikhlaw.com ;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Attorney for Plaintiff, Trevor Bauer

10
11
12
13

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washingtion, D.C  20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com

Attorney for Plaintiff, Trevor Bauer

14
15
16
17

ZUCKERMAN SPAEDER LLP Nell Z.
Peyser (admitted pro hac vice) 485
Madison Ave., 10th Floor New York,
NY 10022 Tel: (212) 704-9600 Fax:
(212) 704-4256
npeyser@zuckerman.com

Attorney for Plaintiff, Trevor Bauer

18
19
20
21
22

David D. Samani, Esq.
Lewis Brisbois
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071
Phone: (213) 580-6300
E-Mail:
Ken.Feldman@lewisbrisbois.com
David.Samani@lewisbrisbois.com

Attorney for Defendant, Niranjan Fred Thiagarajah

23
24
25
26
27
28

I1663879-1 MER-5137

DEFENDANT LINDSEY C. HILL'S INITIAL DISCLOSURES

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

EXHIBIT M

| | |
|---|---|
| **From:** | Frank Tortorigi <fjtortorigi12@gmail.com> |
| **Sent:** | Monday, April 10, 2023 10:48 AM |
| **To:** | Peyser, Nell Z |
| **Cc:** | Stuart Smith |
| **Subject:** | Re: Bauer case |

**EXTERNAL**

Hi Nell,

I just wanted to follow up with you from our conversation last week. I have not found anything in my records in relation to the subpoena. Please let me know if there anything I need to do further on my end.

Best,
Frank

On Tue, Apr 4, 2023 at 12:33 PM Frank Tortorigi <fjtortorigi12@gmail.com> wrote:
  Great, my number is (256) 783-6841. I look forward to hearing from you.

  On Tue, Apr 4, 2023 at 12:20 PM Peyser, Nell Z <NPeyser@zuckerman.com> wrote:

  That works. I'll call you then. What's the best number to reach you?


  **From:** Frank Tortorigi <fjtortorigi12@gmail.com>
  **Sent:** Tuesday, April 4, 2023 2:45 PM
  **To:** Peyser, Nell Z <NPeyser@zuckerman.com>
  **Subject:** Re: Bauer case


  **EXTERNAL**

  Hi Nell,


  Thank you for getting back to me so quickly. Unfortunately I will be working during that time tomorrow morning. Are we able to move our phone call to Thursday 10am PT?


  Please let me know if that works for you.


  Best,

1

Frank


On Tue, Apr 4, 2023 at 10:34 AM Peyser, Nell Z <NPeyser@zuckerman.com> wrote:

Hi Frank,


I appreciate you reaching out and I understand your concerns. Are you available to speak tomorrow at 10am PT?


Best,

Nell




**Nell Peyser**
Zuckerman Spaeder LLP
NPeyser@zuckerman.com


485 MADISON AVENUE, 10TH FLOOR • NEW YORK, NY 10022-5871
212.897.3436 direct • 212.704.4256 fax


▶ Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.


**From:** Frank Tortorigi <fjtortorigi12@gmail.com>
**Sent:** Tuesday, April 4, 2023 12:55 PM
**To:** Peyser, Nell Z <NPeyser@zuckerman.com>
**Subject:** Bauer case


**EXTERNAL**

Hi there,


I wanted to contact you about the subpoena that has been delivered to me. I have spoken with Mr. Smith he has encouraged me to get in touch with you. I would like to schedule a time fora phone call with you because I don't want waste any time or money about this case.


As a bystander, I do not have anything that would help with this matter. Please let me know if we can schedule a call this week. I look forward to hearing from you.


Best regards,

Frank Tortorigi

**To:** Peyser, Nell Z[NPeyser@zuckerman.com]
**From:** Stuart Smith[ses81@bellsouth.net]
**Sent:** Wed 5/17/2023 8:38:00 PM (UTC)
**Subject:** Fw: Hill v Bauer

**EXTERNAL**

enclosed text thread

----- Forwarded Message -----
**From:** Frank Tortorigi <fjtortorigi12@gmail.com>
**To:** Stuart Smith <ses81@bellsouth.net>
**Sent:** Wednesday, May 17, 2023 at 03:08:49 PM CDT
**Subject:** Re: Hill v Bauer

**LINDSEY HILL**
lindseyhilll

fuckjerry Cakes are great for any occasion

❤️

Gawd

11:33 AM

So bauer (the guy I am in a legal battle w) plans on subpoenaing you for our text messages from when it happened, I'm dying laughing, if you get one just reply to it with "I have no access to these materials"
1.) they already have all of our messages idk why they are asking again
2.) who would have access to messages from 2 years ago 😂😂

But yeah just respond to it saying I have nothing related to this that I have in my possession

So stupid moi I cant. Just know you don't have to do shit for it

Also gonna unsend and delete this once u see it 😂

Call me if u get one and I'll tell u what to do

 Message...   

On Wed, May 17, 2023 at 1:06 PM Frank Tortorigi <fjtortorigi12@gmail.com> wrote:

11:57

LH

Lindsey >

dodger wants me to come to La later

Get that dodger dog inside me now

Moi ew and omg go

What r u doing

$51 million contract

DODGER DOG



laying in bed mOi

DODGER DOG INSIDE MY PADRES PUSSY

HAHHAHAHAHAHAHA

MOI I WANNA BE IN UR BED

MOI HAHAHAHAHAHSHAHAHA

THATS FUNNY AF

YEA

MOI YEA

HahahahahahhahahaHAHAHAHHAH

iMessage





11:58

LH

Lindsey ›

Moi me too

I need details immediately

Moi where is his gucci

Moi find it

Apr 22, 2021 at 1:33 AM

Moi we have been texting all night

Talking*

No sex

Apr 22, 2021 at 3:22 AM

Oh MY GOD MOI

Apr 22, 2021 at 7:48 AM

No

Moi

He choked me so hard i PASSED OUT DURING SEX

Like I BLACKED OUT

THATS NEVER HAPOENED TO NE

IT WAS SO HOT

iMessage



On Tue, May 16, 2023 at 9:06 AM Stuart Smith <ses81@bellsouth.net> wrote:

 I just looked this up on the internet............crazy.

 I knew about his suspension from MLB but not the whole story.


 If you can find anything from her to you, I suggest you produce that

 SES

EXHIBIT N



ZUCKERMAN
SPAEDER

Blair G. Brown
PARTNER
Zuckerman Spaeder LLP
bbrown@zuckerman.com
(202) 778-1829

June 2, 2023

**VIA E-MAIL ONLY**

Michelle Prescott
Eileen Spadoni
Brett Smith
WESIERSKI & ZUREK LLP
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com
29 Orchard Road
Lake Forest, CA 92630

Jesse Kaplan
FREEDMAN + TAITELMAN LLP
jkaplan@ftllp.com
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Re:   *Bauer v. Hill*, 8:22-cv-00868-JVS-ADS

Dear Counsel:

I write regarding Lindsey Hill's recent attempts to tamper with witnesses in this matter and her spoliation of evidence. Bauer intends to file a motion for sanctions seeking dismissal of Hill's counterclaims for such serious and flagrant misconduct. Please let us know your availability to meet and confer regarding this issue on or before June 8, 2023.

Hill has sought to threaten, intimidate, or harass at least four witnesses. First, Hill threatened Derek Dawson, who communicated with Hill about Bauer and whom Hill deposed in the DVRO proceeding. Hill also identified Dawson as a witness in her initial disclosures. In an Instagram post that Dawson's partner posted for Father's Day 2022, Hill responded—nearly nine months later—"sure would be a shame for me to hand over to you the police footage of [Dawson's] interview I just received where he is defending violent abuse against women." Ex. A. She further stated: "before it goes public with [the] court and Bauers side uses it publicly in their defense, I highly advise you have Derek tell you the truth about what he did before you see the video." *Id.* The video of Dawson's interview with police is subject to the Protective Order in this case. Hill's description of that video is itself a violation of the Order. Moreover, Hill's warning that she would further violate the Protective Order to release a video about someone whose messages and testimony are unfavorable toward Hill is a clear threat.

Second, Hill threatened            Roe            , whom Bauer has subpoenaed and Hill has

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
JUNE 2, 2023
PAGE 2

identified as a witness in her initial disclosures. Bauer's counsel is aware that    Roe    received a
text message from Hill concerning that subpoena, which    Roe    found so threatening that she
contacted Bauer's counsel. Hill has not produced a copy of that message, despite the fact that Hill
produced screenshots of some other communications with    Roe    and that this communication
is equally responsive to our document requests. This, in itself, raises serious doubts about Hill's
effort to preserve, collect and produce all responsive communications. In any event, it is our
understanding that you, Hill's counsel, have a copy of this message directly from    Roe   . Please
immediately produce that message and any related messages you possess.

Third, Hill threatened    Doe    —whom Hill identified as a witness in her initial
disclosures and has improperly subpoenaed.  One month before sending that subpoena, Hill told
Doe   , seemingly in reference to another matter, "Don't forget I have all the screenshots of you
fucking married men[.] Go to hell." Ex. B. Hill then sent    Doe    a subpoena for purported
documents concerning accusations    Doe    made against Bauer, and documents    Doe
supposedly possessed of Bauer hitting or choking her. But    Doe    has never met Bauer in person.
It strains credulity that Hill was unaware of this fact given that her and    Doe    had been
corresponding for months and given that the discovery in this case shows that    Doe    and Bauer
never had sexual relations. Accordingly, there appears to have been no factual basis for sending
the subpoena apart from intimidation and harassment.

Fourth, Hill instructed Franklin Tortorigi to ignore a valid subpoena and lie to Bauer's
counsel—and then tried to hide her misconduct. Hill and Tortorigi communicated about Bauer
before and after her first encounter with Bauer. Although Tortorigi initially followed Hill's
direction not to produce his responsive messages, he later produced those messages. They included
Hill's direction to Tortorigi that he should "just respond to [the subpoena] saying I have nothing
related to this that I have in my possession." Ex. C. She called the subpoena "So stupid moi I cant"
and told Tortorigi: "Just know you don't have to do shit for it." *Id.* Moreover, Hill has apparently
deleted her exchange with Tortorigi, seeking to cover up her misconduct. As she told Tortorigi:
"also gonna unsend and delete this [message] once u see it," followed by a laughing/crying emoji.
*Id.* Hill's recent production includes no messages from Tortorigi, suggesting she did in fact delete
her entire message history with him.

These acts of misconduct support the most severe sanctions, including dismissal. *See
Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016) ("[W]itness tampering is among
the most grave abuses of the judicial process, and as such it warrants a substantial sanction.");
*Erickson v. Newmar Corp.*, 87 F.3d 298, 304 (9th Cir. 1996) ("Witness tampering like perjured
testimony tends to subvert the entire judicial process and its principle function of ascertainment of
the truth."). And given that other witnesses Bauer has subpoenaed—including Justin Vaesau, Kyle
Erickson, and Olivia Finestead—have claimed not to possess any responsive documents, a real
concern exists that Hill has tampered with those witnesses as well. Hill herself has produced some
messages with Vaesau and Erickson—both of whom she identified in her initial disclosures—

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
JUNE 2, 2023
PAGE 3

indicating her awareness that they have responsive messages.

In addition, Hill has admitted in her responses to Bauer's Requests for Admission that she does not have messages between her and her two closest friends, Lisa Decker and Ciramely Maya, over an important time period following her second encounter with Bauer in May 2018. Hill's concession establishes spoliation of evidence, which is itself deserving of sanctions. Federal Rule of Civil Procedure 37(e) authorizes the imposition of sanctions where "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." If the spoliation causes prejudice, the court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). If the spoliating party "acted with the intent to deprive another party of the information's use in the litigation," the Court may "presume that the lost information was unfavorable to the party"; "instruct the jury that it may or must presume the information was unfavorable to the party"; or "dismiss the action or enter a default judgment." The Committee Notes for Subdivision (e) state that the rule embodies the "common-law duty" of "potential litigants ... to preserve relevant information when litigation is reasonably foreseeable."

Litigation in this matter was reasonably foreseeable to Hill in May 2021 when she made the false police report and contacted an attorney to assist her with her criminal complaint and filing civil litigation against Bauer. *See RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 503 (C.D. Cal. 2022) ("the duty to preserve arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation"). Nonetheless, Hill testified in the DVRO that she deleted messages, even after she made her false police report on May 18, 2021. Tr. 440:9-17 ("Lindsey, did you delete any texts or dm messages after you were released from the hospital? A Yes."). She testified that no one told her to preserve evidence "until we received [Bauer's counsel's] letter about preservation" (Tr. 440:18-22)—which was sent on July 2, 2021, after Hill had already filed a petition for restraining order against Bauer on June 28, 2021. It appears from discovery in the DVRO that some parts of Hill's phone were preserved around the time of filing the restraining order on June 28, 2021.

Hill's recent production raises further concerns about Hill's preservation of evidence. That production does not include messages with Franklin Tortorigi,                    Roe                 , or       Doe
      —all of whom Hill texted about Bauer. The production also fails to include messages with Lisa Decker and Ciramely Maya after July 2021. But Maya has already produced messages with Hill about Bauer going into 2023, including when Maya asked to talk to Hill about receiving a subpoena in this case. Hill's apparent failure to produce and/or preserve these messages raises more spoliation issues. We are still reviewing Hill's recent production, which we received last night, and may identify additional issues regarding missing communications and potential spoliation.

MICHELLE PRESCOTT
EILEEN SPADONI
BRETT SMITH
JESSE KAPLAN
JUNE 2, 2023
PAGE 4

     By deleting messages and not taking any proactive steps to save her messages when litigation was foreseeable—including during a period in which she had counsel—Hill acted unreasonably. *See Tan v. Konnektive Rewards, LLC*, No. 20-CV-1082-LL-DDL, 2023 WL 2669869, at *4 (S.D. Cal. Mar. 28, 2023) ("Reasonable steps to preserve the text message might have included taking a screenshot, saving the message to the cloud, or backing up her phone. These methods were readily available to Plaintiff, and her failure to take such "affirmative steps" to preserve the text message was unreasonable."). As to Ms. Maya, these messages cannot be restored or replaced through discovery as Ms. Maya has not produced messages from May 2021. And although the Pasadena Police Department discovery has some of Ms. Decker's messages from the missing time period, it does not have all of them. Accordingly, Bauer is prejudiced by Hill's failure to preserve her messages, and her intentional spoliation of evidence is deserving of sanctions.

     This misconduct continues Hill's pattern of disregard for the judicial process dating back to the DVRO proceeding, including her deliberate failure, as well as her counsel Bryan Freedman, to produce the exculpatory May 16 video during the DVRO proceeding. And Hill's misleading petition caused the DVRO court to find that she was "materially misleading."

     Hill's actions support severe sanctions and we intend to file a motion seeking such sanctions, including dismissal. We look forward to conferring with you on this issue.

     Sincerely,

     */s/ Blair G. Brown*

     Blair G. Brown

cc:   Jon Fetterolf (jfetterolf@zuckerman.com)
     Nell Z. Peyser (npeyser@zuckerman.com)
     Kelsey Simmerson (ksimmerson@zuckerman.com)
     Kate Mangels (kmangels@kwikhlaw.com)

# EXHIBIT A



9:32

**Comments**

**soph_a** 33w
Is #mcm still a thing and can I still post about Father Day even though that was yesterday? 😁 @doubled05 watching you be a Dad to these two is a gift. I've learned so much and have been deeply humbled in all that I think and say I am. There is a MUCH larger effort, a different muscle one needs to build when you are nurturing small ones into being. It is a special muscle. One only parents, caregivers posess. Thank you for leading the way. Thank you for showing up fully, for efforting towards the good, the hard, the fun, the not so fun and everything that lives in between this. We love you more than the sun, moon, stars in the whole sky. Yes, even Reese Dawson 💖 🤢

#happyfathersday

**lindseyhilll** 1d
Sure would be a shame for me to hand over to you the police footage of his interview I just received where he is defending violent abuse against women. Telling them not to believe me. Go ahead, ask him the real truth. Pretty pathetic you want to raise children with somebody like that. He cant run from the truth of what he did to me and my family anymore

Reply

**lindseyhilll** 1d
@lindseyhilll before it goes public with court and Bauers side uses it publicly in their defense, I highly advise you have Derek tell you the truth about what he did before you see the video.

❤️ 🙌 🔥 👏 🥹 😍 😶 😂

Add a comment as melwvd...

EXHIBIT B



EXHIBIT C

11:35

◀ Slack

‹  **LINDSEY HILL**
   lindseyhilll

**fuckjerry** Cakes are great for
any occasion

❤️

Gawd

11:33 AM

So bauer (the guy I am in a legal battle
w) plans on subpoenaing you for our
text messages from when it happened,
I'm dying laughing, if you get one just
reply to it with "I have no access to
these materials"
1.) they already have all of our
messages idk why they are asking
again
2.) who would have access to
messages from 2 years ago 😂😂

But yeah just respond to it saying I have
nothing related to this that I have in my
possession

So stupid moi I cant. Just know you
don't have to do shit for it

Also gonna unsend and delete this
once u see it 😂

Call me if u get one and I'll tell u what to
do

Message...

EXHIBIT O

Pretty soon I'm gonna be like

HEY RICH BITCH

DECEASED

EVERY MORNING

YEP

hopping in the god damn RANGE ROVER

You can make it rain daily

on the way to our beauty salon

Yessssss

I fucking hate everyone at the DAs office

Its actually to a sickening point

Ive never heard of anything like this

Ugh I know

Like someone just not getting arrested

WHEN YOU REPORT A CRIME



YOU ARE SUPPOSED TO GET FUCKING ARRESTED

i honestly feel so sick about it today

Fucking hell

I know you do. I wish there was something I could do to help.

LD 63

that would be a terrible mistake

Thank god i asked u

Ok we will stick with ZERO posts

ONE HUNNIF

HUNNID

I know you want to but it's terrible for your case

HUNNID

Nothing. Zilch. Zip. Nada.

You're a ghost. He ruined your life. You're basically just trying to not kill yourself and stay out of the mental ward

You're it a happy summer beach babe posting on IG

NOT

They will use that shit against you

ALL SO TRUE

nothing. GHOST MODE HAS BEEN SOLIDIFIED

SECURE THE BAG.

OMG DAKOTA

I MISS HIM

makota_diller



FOLLOWED HIM

LD 78