**EXHIBIT 1**

| | |
|---|---|
| **From:** | Simmerson, Kelsey |
| **To:** | Michelle R. Prescott; Christopher Wesierski; espadoni@wzllp.com; Brett Smith; Bryan Freedman; Jesse Kaplan |
| **Cc:** | Brown, Blair G.; Peyser, Nell Z; KMangels@kwikhlaw.com; Chen, Jer-Wei |
| **Subject:** | Bauer v. Hill, 8-22-cv-00868-JVS (C.D. Cal) |
| **Date:** | Wednesday, March 15, 2023 2:36:07 PM |
| **Attachments:** | image001.png |
| | Dawson - Notice of Doc Subpoena.pdf |

Counsel,

Please find attached a notice of subpoena commanding the production of documents from Derek Dawson.

Best,

Kelsey



**Kelsey Simmerson**
**Zuckerman Spaeder LLP**
ksimmerson@zuckerman.com

1800 M STREET NW, SUITE 1000 • WASHINGTON, DC 20036-5807
202.778.1993 direct • 202.822.8106 fax

► **Download vCard** | **zuckerman.com**

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful. If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**NOTICE OF SUBPOENA TO DEREK DAWSON COMMANDING PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**<br><br>Action Filed: April 25, 2022 |

Case No. 8:22-cv-00868-JVS-ADS
PLAINTIFF TREVOR BAUER'S SUBPOENA TO DEREK DAWSON

# NOTICE OF ISSUANCE OF SUBPOENA *DUCES TECUM* TO DEREK DAWSON

PLEASE TAKE NOTICE that, pursuant to the Federal Rule of Civil Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned attorneys, intends to serve a Subpoena, in the form attached hereto, on Derek Dawson on March 15, 2023 or as soon thereafter as service may be effectuated.

Dated: March 15, 2023        */s/ Blair G. Brown*

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

*Counsel for Plaintiff Trevor Bauer*

Case No. 8:22-cv-00868-JVS-ADS
PLAINTIFF TREVOR BAUER'S SUBPOENA TO DEREK DAWSON

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2023, I served a true and correct copy of the foregoing upon the following counsel via electronic mail:

WESIERSKI & ZUREK LLP
Christopher P. Wesierski (Bar No. 086736)
Michelle R. Prescott (Bar No. 262638)
Eileen Spadoni (Bar No. 133259)
Brett A. Smith (Bar No. 322707)
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP
Bryan J. Freedman, Esq. (Bar No. 151990)
Jesse A. Kaplan, Esq. (Bar No. 255059)
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey C. Hill*

/s/ *Blair G. Brown*
Blair G. Brown

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| TREVOR BAUER | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:22-cv-00868-JVS-ADS |
| LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Derek Dawson
c/o Gilleon Law Firm, 1320 Columbia Street, Suite 200, San Diego, CA 92101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Kinsella Weitzman Iser Kump Holley LLP<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, CA 90025 | Date and Time:<br>04/14/2023 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/15/2023

*CLERK OF COURT*

OR

_____      /s/ Blair G. Brown
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Trevor Bauer
, who issues or requests this subpoena, are:
Blair G. Brown, Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, bbrown@zuckerman.com, (202) 778-1800;
Shawn Holley, Kinsella Weitzman Iser Kump Holley LLP, 11766 Wilshire Blvd., Suite 750, Los Angeles, CA 90025, sholley@kwikhlaw.com, (310) 566-9800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
## TO SUBPOENA *DUCES TECUM* TO DEREK DAWSON

Pursuant to Federal Rule of Procedure 45, Plaintiff Trevor Bauer, by and through his undersigned counsel, serves this subpoena on Derek Dawson. No later than April 14, 2023, you are directed to produce the documents, tangible items and electronically stored information to the following counsel for Mr. Bauer:

> Shawn Holley
> Kinsella Weitzman Iser Kump Holley LLP
> 11766 Wilshire Boulevard, Suite 750
> Los Angeles, CA 90025
> Tel: (310) 566-9800
> Fax: (310) 566-9873
> sholley@kwikhlaw.com

To the extent you produce documents electronically, we request that additional copies of each document be emailed to:

> Blair G. Brown (bbrown@zuckerman.com)
> Jon R. Fetterolf (jfetterolf@zuckerman.com)
> Nell Z. Peyser (npeyser@zuckerman.com)

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUBPOENA OR YOUR OBLIGATIONS, PLEASE CONTACT NELL PEYSER at npeyser@zuckerman.com or (212) 897-3436.**

## DEFINITIONS

1. The terms "you" and "your" shall refer to Derek Dawson.

2. The term "Ms. Hill" shall refer to Lindsey C. Hill.

3. The term "Mr. Bauer" shall refer to Trevor Bauer.

4. The terms "Document" and "Documents" include but are not limited to: correspondence, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, electronic mail, other communications sent or received; printouts, diary entries and calendars; drafts, tables, compilation tabulations,

charts, graphs, recommendations, accounts, worksheets, logs, and work papers; minutes, notes, summaries, and other written records or recordings of or relating to any conference, meeting, visit, interview, or telephone conversation; bills, statements, invoices, and other records of any obligation or expenditure; canceled checks, vouchers, receipts, and other records of payment; financial and statistical data, analyses, surveys and schedules; audio recordings and video recordings and cassettes and transcripts thereof; affidavits, transcripts of testimony, statements, interviews, and conversations; printed matter (including published articles, speeches, newspaper clippings, press releases, and photographs); microfilm and microfiche; disks, computer files, electronically stored information, film, tapes, and other sources from which information can be obtained, including materials used in electronic data processing. Every draft or non-identical copy of a document is a separate document as defined herein. A non-identical copy is a document originally identical in all relevant respects to another document, but no longer identical by virtue of any notation, modification, or attachment of any kind. A document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

5. The phrase "possession, custody, or control" applies to:

    a. a document in your physical custody;

    b. a document that you own in whole or in part;

    c. a document that you have a right by contract, statute, or otherwise to use, inspect, examine, or copy on any terms;

    d. a document for which you have an understanding (express or implied) that you may use, inspect, examine, or copy on any terms; or

    e. a document that you have, as a practical matter, the ability to use, inspect, examine, or copy.

4. The term "Communication" means the receipt or transmittal of information in the form of facts, ideas, inquiries or otherwise, in writing, orally,

electronically (e.g., including but not limited to, electronic mail, text message, communications and postings via any social media platform or website, or any other data transmission) or otherwise.

5. The term "Legal Proceedings Between Ms. Hill and Mr. Bauer" includes the federal civil action in which this subpoena was issued and the Domestic Violence Restraining Order ("DVRO") proceedings in the Superior Court of California, Los Angeles County.

6. The term "Ms. Hill's Claims Regarding Mr. Bauer" means any allegation made by Ms. Hill of assault, sexual assault, or non-consensual sexual conduct by Mr. Bauer, whether made to a private or public entity, including to friends, counselors, healthcare providers, law enforcement agencies, or courts.

7. The terms "any" and "all" shall each be considered to mean "any and all" as necessary to make these requests inclusive, rather than exclusive.

8. The term "including" shall mean "including but not limited to," or "including without limitation."

9. The term "concerning" shall mean referring to, relating to, discussing, describing, mentioning, noting, studying, reflecting, evaluating, analyzing, summarizing, evidencing, memorializing or being relevant to in any way.

10. The use of the singular form of any word includes the plural and vice versa.

11. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of its scope.

12. "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to bring within the scope of the request documents which might otherwise be construed to be outside its scope.

13. The term "person" refers to a natural person, firm, association, joint

venture, partnership, corporation, limited liability company, and all other forms of legal relationships, unless the context indicates otherwise, and shall be deemed to mean the plural as well as the singular.

14. The term "social media" shall mean forms of electronic communications, including websites and applications, through which users share information, including messages. It shall include, but is not limited to, Facebook, Twitter, MySpace, LinkedIn, Instagram, Google+, WhatsApp Messenger, Kik Messenger, Snapchat, Skype, TikTok, Reddit, Tumblr, LinkedIn, and Signal.

## INSTRUCTIONS

**1. The relevant time period for these requests is the date when you first communicated with Ms. Hill through the present, unless otherwise indicated in a specific document request.**

2. In responding to these requests, you must produce all documents responsive to the request that are within your possession, custody and control, regardless of the physical location of the documents. This includes, but is not limited to, documents in possession of your employees and agents, as well as responsive, non-privileged documents in the possession of your attorneys.

3. The fact that a particular request for production provides certain examples of responsive documents that you must produce does not change the fact that other kinds of responsive documents exist, which you must also produce in response to that request.

4. All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business.

5. You must produce documents not otherwise responsive to a request if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

6. Each request shall be deemed continuing so as to require supplemental responses if you obtain or discover additional documents after the date of your initial

production.

7. Should you seek to assert any privilege or protection in objecting to the production of any record covered by this request, please (a) identify the nature of the privilege or protection that you are claiming, and (b) identify (i) the record type, e.g., letter or memorandum; (ii) the general subject matter of the record; (iii) the date of the record; and (iv) such information as is sufficient to describe the record, including its author and recipients.

8. Produce all documents known or available to you, whether such documents are in your possession, or in the possession of, or otherwise obtainable, by you, from any person under your control.

9. Produce electronically stored information, with the original metadata.

10. The production of any physical documents is to be made at the offices of Kinsella Weitzman Iser Kump Holley LLP (attn: Shawn Holley), 11766 Wilshire Boulevard, Suite 750, Los Angeles, CA 90025, or at such other location mutually agreed by the parties, on or before **April 14, 2023** or at such time as ordered by the Court or mutually agreed upon.

11. The production of any electronic documents is to be made to the following individuals: Shawn Holley (sholley@kwikhlaw.com), Blair Brown (bbrown@zuckerman.com), Jon Fetterolf (jfetterolf@zuckerman.com), and Nell Peyser (npeyser@zuckerman.com), on or before **April 14, 2023**, or at such time as ordered by the Court or mutually agreed upon.

12. **Any questions about your obligations pursuant to this subpoena should be directed to Nell Peyser, who can be reached at npeyser@zuckerman.com or (212) 897-3436.**

### DOCUMENTS REQUESTED

1. <u>All Communications with Ms. Hill</u>, concerning:

   a. Mr. Bauer,

   b. Legal Proceedings Between Ms. Hill and Mr. Bauer,

      c. Ms. Hill's Claims Regarding Mr. Bauer,

      d. Ms. Hill's substance abuse,

      e. Ms. Hill's physical condition,

      f. Ms. Hill's mental condition,

      g. Medical evaluations or treatment of Ms. Hill,

      h. Mental health evaluations or treatment of Ms. Hill, and

      i. Substance abuse evaluations or treatment of Ms. Hill.

2. <u>All Communications with Ms. Hill</u>, concerning:

      a. Any subject matter whatsoever from April 21 through April 22, 2021, and

      b. Any subject matter whatsoever from May 15 through May 28, 2021.

3. <u>All Communications with any person</u>, concerning:

      a. Mr. Bauer,

      b. Legal Proceedings Between Ms. Hill and Mr. Bauer, and

      c. Ms. Hill's Claims Regarding Mr. Bauer.

4. <u>All Communications with any attorney advising or representing Ms. Hill or the attorney's agent or employee</u>, concerning:

      a. Legal Proceedings Between Ms. Hill and Mr. Bauer, and

      b. Ms. Hill's Claims Regarding Mr. Bauer.

For this request, Ms. Hill's attorneys include but are not limited to: Niranjan Fred Thiagarajah; Lisa Meyer; Doreen Olson; Marc Garelick; Christopher Wesierski; Michelle Prescott; Eileen Spadoni; Brett Smith; Jesse Kaplan; and Bryan Freedman. Their law firms are: Right Choice Law; Meyer, Olson, Lowy & Meyers, LLP; Wesierski & Zurek LLP; and Freedman + Taitelman, LLP. For avoidance of doubt, this request includes all documents, evidence, or communications you provided to or received from any attorney representing Ms. Hill, or they provided to you.

5. <u>All Communications with Ms. Hill's medical or mental health providers</u>, concerning Ms. Hill. For this request, Ms. Hill's providers include but are not limited

to: physicians, nurses, psychiatrists, social workers, psychologists, substance abuse treatment providers, or other medical professionals.

6. <u>All Communications with any journalist or other person employed by or associated with a media entity (including a news, sports, or entertainment website) or public relations firm</u>, concerning:

    a. Mr. Bauer,
    b. Legal Proceedings Between Ms. Hill and Mr. Bauer, and
    c. Ms. Hill's Claims Regarding Mr. Bauer.

7. <u>All Communications with Ms. Hill's former and current employers</u> concerning Ms. Hill..

8. <u>All Documents, or tangible items in your possession</u>, concerning:

    a. Mr. Bauer,
    b. Legal Proceedings Between Ms. Hill and Mr. Bauer,
    c. Ms. Hill's Claims Regarding Mr. Bauer,
    d. Ms. Hill's substance abuse,
    e. Ms. Hill's physical condition,
    f. Ms. Hill's mental condition,
    g. Medical evaluations or treatment of Ms. Hill,
    h. Mental health evaluations or treatment of Ms. Hill, and
    i. Substance abuse evaluations or treatment of Ms. Hill.

9. <u>All photographs of Ms. Hill from May 15, 2021 through July 17, 2021</u>.

10. <u>All Communications and other Documents</u>, concerning any activities you engaged in or attended with Ms. Hill from May 17, 2021 through July 17, 2021, including but not limited to sporting events, travel, vacations, social gatherings, or fitness-related activities.

11. <u>All Communications and other Documents</u>, concerning Ms. Hill's employment, including her employment and departure from Ohana House Sober Living, the San Diego Padres, and Lululemon.

12. <u>All Communications from Ms. Hill or any of her representatives</u>, including but not limited to text messages, voicemails, emails, and social media messages and comments, threatening you or your family members for providing information in the Legal Proceedings Between Ms. Hill and Mr. Bauer.

Dated:     March 15, 2023         */s/ Blair G. Brown*

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com