KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard., Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9600
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
Ivano Ventresca (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com
iventresca@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868-JVS-ADS |
| Plaintiff, | Assigned to: Judge James V. Selna |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S APPLICATION FOR LEAVE TO FILE DOCUMENTS CONDITIONALLY UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.2(b)** |
| LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH, | |
| Defendants. | Date: July 31, 2023<br>Time: 01:30 p.m.<br>Courtroom: 10C<br>Action Filed: April 25, 2022 |

In connection with Defendant Hill's opposition to Plaintiff Bauer's Motion for Sanctions, Hill has filed an application for an order to conditionally seal Exhibit 4 to the Kaplan Declaration and narrowly-tailored references to that Exhibit in Hill's opposition brief. *See* ECF No. 140. Defendant Hill has taken no position on whether these documents should be permanently sealed. Plaintiff Bauer submits this response to Hill's sealing application to advise the Court of his position that the documents should be permanently sealed.

There are compelling reasons to permanently seal Exhibit 4 and all references thereto.[1]

First, Exhibit 4 has already been filed under seal in this case in connection with an earlier motion, and thus, the Court has already determined that Exhibit 4 warrants sealing. *See* ECF No. 118 (granting Bauer's application to seal Exhibit 4 in its entirety, albeit under the "good cause" standard).

Second, Exhibit 4 has been designated as "CONFIDENTIAL" by the producing party, the Pasadena Police Department, under the parties' Protective Order (ECF No. 78) because it implicates a third party's and Bauer's rights to sexual privacy. No party has sought to challenge that designation. Under Local Rule 79-5.2.2(b), counsel for both parties conferred with the Pasadena Police Department regarding the sealing of Exhibit 4 and all references thereto on July 7, 2023. The Pasadena Police Department confirmed that it seeks to maintain confidentiality of this exhibit.

Third, Exhibit 4 should be sealed because it contains confidential information about Bauer's and a third party, Doe's, sexually explicit communications. Such sexual

---

[1] The Ninth Circuit employs two standards for evaluating a request to seal: (1) the "compelling reasons" standard, for materials used at trial or filed as part of dispositive motions; and (2) the more lenient "good cause" standard for materials used as part of non-dispositive motions during the pendency of an action. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). As Bauer is seeking dismissal based on Hill's witness tampering, the "compelling reasons" standard applies.

privacy interests are zealously safeguarded under the California and U.S. Constitution. *See Boler v. Superior Court*, 201 Cal.App.3d 467, 473 (Ct. App. 1987) ("The constitutional right of sexual privacy, both within and without the marital relationship, is a fundamental liberty arising from both the United States and the California Constitutions."); *see also Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (granting motion to seal and stating that "common sense suggests that one's sexual propensities and sexual history comprise the most intimate details of a person's life" and "[t]here is an inherent interest in keeping such details private.").

Fourth, this third party, Doe, does not consent to her identity or the information contained in Exhibit 4 being made public, particularly in the context of a high-profile federal court case. Indeed, Doe objected to a subpoena served on her by Hill (that was later quashed), stating that disclosure of her explicit communications with Bauer would "require[] disclosure of privacy that I am entitled to as well as Mr. Bauer." *See* ECF No. 115-2 at 55. Courts in this Circuit overwhelmingly agree that there is an overriding interest in shielding the identities of third parties to protect their confidential sexual history, and that this interest outweighs any presumption of public access to the records under both the "good cause" and higher "compelling reasons" standards. *See Korte v. Dollar Tree Stores, Inc.*, 2013 WL 2604472, at *17 (E.D. Cal. June 11, 2013) (granting motion to seal names of third-parties who made sexual harassment complaints against defendant); *Doe I-XIX v. Boy Scouts of Am.*, 2017 WL 9288099, at *9 (D. Idaho Nov. 20, 2017) (granting motion to seal names of child victims of sexual abuse); *Ancier v. Egan*, 2015 WL 6757528, at *6 (D. Haw. Nov. 4, 2015) (granting motion to seal names of other alleged perpetrators of sexual abuse not parties to the action even though some of the names were already in the public record because identification could "promote public scandal" and "continued public identification is not necessary to either the prosecution or defense of this action"). Given that disclosure of Exhibit 4 would undermine Doe's desire to keep her most private sexual history from being exposed in a high-profile litigation to which she is

not a party, compelling reasons exists to seal Exhibit 4.

Thus, Bauer respectfully requests that the Court grant Hill's application to file Exhibit 4 and all references thereto under seal and order that these materials remain under seal permanently.

| Dated: July 11, 2023 | */s/ Blair G. Brown* |
|---|---|
| | Blair G. Brown (admitted *pro hac vice*) |
| | Jon R. Fetterolf (admitted *pro hac vice*) |
| | Ivano Ventresca (admitted *pro hac vice*) |
| | Zuckerman Spaeder LLP |
| | 1800 M Street, N.W., Suite 1000 |
| | Washington, D.C. 20036 |
| | Tel: (202) 778-1800 |
| | Fax: (202) 882-8106 |
| | bbrown@zuckerman.com |
| | jfetterolf@zuckerman.com |
| | iventresca@zuckerman.com |
| | |
| | Nell Peyser (admitted *pro hac vice*) |
| | Zuckerman Spaeder LLP |
| | 485 Madison Avenue, 10th Floor |
| | New York, NY 10022 |
| | Tel: (212) 704-9600 |
| | Fax: (212) 704-4256 |
| | npeyser@zuckerman.com |
| | |
| | Shawn Holley (Cal. Bar No. 136811) |
| | Suann MacIsaac (Cal Bar No. 205659) |
| | Kinsella Holley Iser Kump Steinsapir LLP |
| | 11766 Wilshire Boulevard., Suite 750 |
| | Los Angeles, CA 90025 |
| | Tel: (310) 566-9800 |
| | Fax: (310) 566-9850 |
| | sholley@khiks.com |
| | smacisaac@khiks.com |