Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant/CounterClaimant,
Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

TREVOR BAUER,

Plaintiff,

vs.

LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,

Defendants.

LINDSEY C. HILL,

Counterclaimant,

vs.

TREVOR BAUER,

Counter-Defendant.

Case No. 8:22-cv-00868 JVS (ADSx)

Assigned for all purposes to the Hon. James V. Selna
Referred to Magistrate Judge Autumn D. Spaeth

**DEFENDANT AND COUNTERCLAIMANT LINDSEY HILL'S EX PARTE APPLICATION REQUESTING MODIFICATION OF THE SCHEDULING ORDER; DECLARATION OF MICHELLE PRESCOTT**

Action Filed: April 25, 2022
Discovery Deadline: September 1, 2023
Pretrial Conference: January 22, 2024
Trial Date: February 13, 2024

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 5

A. Major League Baseball Records .......... 5

B. Bauer's Deposition Should Proceed In-Person on a Reasonable Date and at a Reasonable Time .......... 10

II. LEGAL ARGUMENT .......... 11

A. Bauer Should be Ordered to Comply With Judge Spaeth's June 28, 2023 Order .......... 11

B. There Is A Good Cause For Granting This Ex Parte Application .......... 13

C. The Alternative Deposition Method Plaintiff Proposes Would Not Satisfy Defendant's Particular and Legitimate Need for In-Person Deposition. .......... 15

III. CONCLUSION .......... 18

# TABLE OF AUTHORITIES


**Page(s)**

**Federal Cases**

*Arrocha v. McAuliffe*,
109 F.R.D. 397 (D. D.C. 1986) .......... 17

*Chamorro v. Puerto Rican Cars, Inc.*,
304 F.3d 1 (1st Cir. 2002) .......... 12

*Donovan v. Mazzola*,
*716 F. 2d 1226, 12240 (9th Cir 1983)* .......... 12

*Eckert Cold Storage, Inc. v. Belh*,
943 F. Supp. 1230, 133(E.D. Cal. 1996) .......... 14

*Farquhar v. Shelden*,
116 F.R.D. 70 (E.D.Mich.1987) .......... 16, 17

*Gawhara for Ready Made Clothes Co. v. Evergreen Marine Corp*.,
2001 AMC 2797 (W.D. Cal. 2001) .......... 15, 17, 18

*HMG Prop. Investors*
847 F.2d 908, 916 (1st Cir. 1988) .......... 12

*Hyde & Death v. Baker*,
24 F. 3d 1162, 1166-67 (9th Cir. 1994) .......... 18

*Jackson v. Laureate, Inc*.,
186 F.R.D. 605 (E.D. Cal. 1999) .......... 14, 15

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .......... 14

*Loucas G. Matsas Salvage & Towing Maritime Co. v. M/T Cold Spring*,
1997 U.S. Dist. LEXIS 2415 (E.D. La. Mar. 5, 1997) .......... 15

*Semiserve Inc. v. Semicon Servs.*,
LLC, 2014 U.S. Dist. LEXIS 198013 (C.D. Cal. 2014.) .......... 14

*Sunglass Designs, Inc. v. Wild Style Sunglasses*,
No. CV-08-1984-PHX-DGC, 2009 WL 2827953 (D. Ariz. 2009) .......... 12


WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

*U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624 ........ 15, 16, 17

*United States v. Ayres*, 166 F.3d 991, 994 (9th Cir.1999) ........ 12

*United States v. Harper*, Nos. CV-09-0703-PHX-JAT, MC-09-00035-PHX-JAT, 2009 WL 2983204 (D. Ariz. 2009) ........ 12

*United States v. Rylander*, 400 U.S. 752, 757 (1983) ........ 12

*In re Walker*, 257 B.R. 493 (Bankr. N.D. Ohio 2001) ........ 12

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) ........ 14

**State Cases**

*Buchanan v. State*, 575 So. 2d 704 (Fla. 3d DCA 1991) ........ 17

**Rules**

Federal Rule of Civil Procedure 16(b)(4) ........ 14

Rule 16 ........ 14

Rule 26(c)(2) ........ 16

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and counterclaimant Lindsey Hill ("Hill") submits this Ex Parte Application seeking a limited extension of the discovery motion cutoff and expert disclosure dates in order to complete meet and confer communications with counsel for plaintiff and counterdefendant Trevor Bauer ("Bauer") regarding production of the Major League Baseball ("MLB") records as ordered by Judge Spaeth, and to address the scheduling of Bauer's deposition. Hill does not seek to continue the January 22, 2024 Pretrial Conference or the February 13, 2024 trial date. The only modifications Hill requests are as follows:

| | Current Deadlines | Proposed Deadlines |
|---|---|---|
| Non-Expert Discovery Cut-Off | 9/1/2023 | 10/2/2022 |
| Initial Disclosure of Experts | 9/8/2023 | 10/9/2023 |
| Rebuttal Disclosure of Experts | 10/13/2023 | 10/27/2023 |
| Expert Discovery Cut-Off | 11/10/2023 | 11/27/2023 |

On August 3, 2023, at approximately noon, Plaintiff's counsel was provided notice of the ex parte application. Plaintiff's counsel advised that they would oppose the ex parte application, but that they were willing to stipulate to extend the deadlines for the purpose of allowing more time for depositions only. They would not agree to the dates proposed by counsel for Hill. Counsel for Hill informed counsel for Plaintiff that they still intended to seek ex parte relief because Plaintiff's proposed deadlines did not provide enough time to obtain, review and provide the MLB documents to the experts or incorporate them into the depositions yet to be taken. Declaration of Michelle Prescott ("Prescott Decl."). ¶16, Ex. E.

### A. Major League Baseball Records

On May 18, 2023 Defendant filed her Motion to Compel Plaintiff to Produce documents, specifically seek to enforce requests for MLB records. Declaration of

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Michelle Prescott ("Prescott Decl."). ¶ 3; On June 28, 2023, Judge Spaeth granted in part Hill's Motion to Compel Further Responses and ordered production by Bauer of MLB records responsive to the following requests:

> **REQUEST FOR PRODUCTION NO. 87:**
>
> Produce all DOCUMENTS containing statements, interviews or testimony YOU have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against YOU, including without limitation, any investigation conducted by any LAW ENFORCEMENT authorities or Major League Baseball.
>
> **REQUEST FOR PRODUCTION NO. 92:**
>
> Produce all DOCUMENTS that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against YOU.
>
> **REQUEST FOR PRODUCTION NO. 114:**
>
> Produce all DOCUMENTS related to Major League Baseball's suspension of YOU and/or placing YOU on administrative leave.

Prescott Decl. ¶ 4; Exh. A. Judge Spaeth gave Bauer 30 days to produce the documents and further written responses, such that they were due on or before July 28, 2023 *Id*.

After carefully considering the fully briefed Motion, and Plaintiff's Opposition thereto, Judge Spaeth granted in part Defendant's Motion. Judge Spaeth specifically noted "the Court is not bound by the MLB's contract requirements of confidentiality with Bauer and Hill and that Bauer has waived his privacy objections by failing to assert them. . ." in regards to Defendant's Request for Production ("RFP") No. 114 seeking documents related to MLB's suspension of Bauer. See Prescott Decl. ¶ 4; Exh. A, Transcript 51:19-22.

Judge Spaeth also determined that Defendant was entitled to documents containing statements, interviews, or testimony Bauer provided in connection with any investigations concerning physical violence, abuse, sexual battery, sexual abuse,

battery, assault and/or rape, including any investigations conducted by law enforcement or MLB, in response to Hill's RFP No. 87. Specifically, Judge Spaeth determined the "investigations conducted by MLB or law enforcement have all the same underlying facts at issue in this case, and while there may be a privacy right, it does not apply to these specific documents, and the interests are outweighed by Hill's compelling need for the information for the claims and defenses at issue." See Prescott Decl. ¶ 4; Exh. A, Transcript 52:1-6.

Finally, Judge Spaeth also determined that Defendant was entitled to documents reflecting Bauer's communications with MLB regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape in response to Hill's RFP No. 92. Judge Spaeth concluded Hill "has met her burden of establishing that the requested information is relevant and that any rights of privacy are outweighed by Hill's compelling need for the information for the claims and defenses asserted in this case." Prescott Decl. ¶ 4; Exh. A, Transcript 52:8-12.

Bauer served his supplemental responses on July 28, 2023. Prescott Decl., ¶ 5, Exh. B.

Despite Judge Spaeth's clear overruling of Bauer's objections based on privacy and confidentiality, in his supplemental responses, he again asserted the same objections and refused to produce the transcripts, his notice of suspension, the arbitration award, or any of the other information called for by these requests.

Instead, Bauer stated:

> Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents, related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.
>
> * * *
>
> Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his



WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

> possession, custody or control to the extent they can be found after a reasonably diligent search.

Prescott Decl., ¶ 5; Exh. B. Rather than providing the substantive responses that Judge Spaeth ordered, Bauer simply added more objections to his supplemental responses. *Id*. More critically, Bauer produced very few MLB documents, which consisted mostly of information already in the public domain, such as tweets by his agent and the MLB, a Forbes article, and press releases. Prescott Decl., ¶ 5.

On July 31, 2023, counsel for Hill wrote a meet and confer letter to Bauer's counsel regarding the deficiencies in the responses and the dearth of MLB production. Prescott Decl., ¶ 7; Exh. C. In order to correct certain typographical errors, on August 2, 2023, Bauer's counsel served Corrected Amended Responses to the Requests for Production. Prescott Decl., ¶ 8; Exh. D. Bauer's counsel purported to add even more belated objections to their responses, instead of narrowing the issues as Judge Spaeth ordered. *Id.* In fact, Judge Spaeth determined at the June 28, 2023 hearing that because Bauer had not asserted privacy objections in his initial responses, he could not do so at a later date. Exh. A, Transcript, p. 51:15-22. Bauer did not produce any additional MLB documents in connection with his Corrected Amended Responses. Prescott Decl., ¶ 8; Exh. D.

On August 2, 2023, counsel followed up with a telephonic meet and confer conference. Prescott Decl., ¶ 9. The parties discussed in detail the deposition schedule, the MLB production records, the rescheduling of Bauer's deposition and the extension of the discovery deadlines on this case as follows:

1. Nonexpert discovery cut-off 10/2/2022
2. Initial Expert Disclosures 10/9/2023
3. Rebuttal Disclosures 10/27/2023
4. Expert Discovery cut-off 11/27/2023

Prescott Decl., ¶ 10; Exh. E. The parties also discussed the fact that counsel for Hill would need to bring this Ex Parte Application to seek modification of the Amended

Scheduling Order if they were not able to come to agreement. Prescott Decl., ¶ 10.

Unfortunately, the parties were unable to timely reach agreement on this matter. Therefore, counsel for Hill brings this Ex Parte Application in an abundance of caution.

The MLB records are critical, which is why Hill's counsel went to the time and expense of bringing a motion to compel their production. Prescott Decl., ¶ 14. As Judge Spaeth acknowledged, they go directly to Bauer's claims for defamation and interference with contract, and are not subject to any confidentiality provision binding on this Court. Prescott Decl., ¶ 4; Exh. A.

The parties have, with considerable difficulty, scheduled the depositions of more than 15 witnesses in the month of August, beginning on August 4. Prescott Decl., ¶ 11. The MLB documents are absolutely necessary for these depositions, and Hill's defense is substantially impaired by not having access to the MLB records before the depositions proceed. Prescott Decl., ¶ 11. Counsel for Hill is being unfairly prejudiced by the refusal to produce these documents in compliance with Judge Spaeth's Order, when they are integral to prepare for depositions as well as Ms. Hill's defense.

In order to timely bring Bauer's lack of compliance before Judge Spaeth, Hill requests that the Court modify the Amended Scheduling Order to extend the deadline for close of nonexpert discovery from September 1, 2023 to October 2, 2023. Hill further requests that the Court modify the Amended Scheduling Order as follows:

1. Initial Expert Disclosures 10/9/2023
2. Rebuttal Disclosures 10/27/2023
3. Expert Discovery cut-off 11/27/2023

Bauer's counsel has not yet indicated whether they agree to these extensions, and has indicated a willingness to work on the deposition scheduling to facilitation all parties' attendance. Prescott Decl., ¶ 11. Counsel for Hill has already prepared a Joint Stipulation seeking to address the issue of the MLB record production. Prescott Decl., ¶ 13. Because Hill is just seeking extension of discovery deadlines, and not continuance of the trial date, no party will be prejudiced by the brief extension of

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

deadlines sought by Hill.

**B. Bauer's Deposition Should Proceed In-Person on a Reasonable Date and at a Reasonable Time**

Bauer is currently under contract playing baseball in Japan, according to his attorneys. For months, Hill's counsel has been requesting dates for Bauer to appear for an in-person deposition. Prescott Decl., ¶ 15. However, Bauer's counsel has taken the position that he will only appear remotely. *Id.*

Worse still, the only date that Bauer's counsel has offered for deposition is the last day on which discovery must be completed, August 25, 2023, beginning at 5:00 p.m. PST. This is simply untenable, for several reasons.

Hill has a right to depose Bauer in person, since he is the party-litigant who haled her before this Court and selected this jurisdiction. Moreover, it is questionable whether such a proceeding would satisfy the prerequisites for valid, admissible deposition testimony.

It is anticipated that Bauer's deposition will take a full 7 hours. Prescott Decl., ¶ 15. It is unreasonable for Bauer's counsel to demand that the deposition be taken on the last day for completion of depositions, beginning at the end of the day, apparently to continue until midnight. Further, what if there is an instruction not to answer or other discovery dispute that needs to be addressed? Counsel for Hill would not be able to seek emergency relief from the Magistrate Judge in their only opportunity to depose Bauer.

Counsel for Hill therefore requests that the deadline for the nonexpert discovery cutoff be extended from September 1, 2023 to October 2, 2023. This will allow the parties to obtain and review the MLB documents, and schedule Bauer's deposition in more timely fashion.

The MLB documents are not just relevant to nonexpert discovery. Hill has retained experts to address various issues, as well as Bauer's claims for defamation and loss of endorsement contracts. Prescott Decl., ¶ 14. Clearly, the MLB documents are

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

necessary for all of these experts' reviews and opinions.

At present, the Amended Scheduling Order provides for the following expert disclosure deadlines:

Initial Disclosures – September 8, 2023

Rebuttal Disclosures – October 13, 2023

Expert Discovery Cutoff – November 10, 2023

Following the Magistrate Judge's procedures, Hill has prepared a Joint Stipulation addressing Bauer's failure to comply with Judge Spaeth's Order and the setting of Bauer's deposition to be heard on August 30, 2023. Assuming that Judge Spaeth orders production of the MLB documents, the experts will need sufficient time to review them and form their opinions. Hill therefore requests that expert disclosure and discovery deadlines be continued for as follows:

Initial Disclosures – October 9, 2023

Rebuttal Disclosures – October 27, 2023

Expert Discovery Cutoff – November 27, 2023

Hill is not seeking to continue the deadlines for filing Motions in Limine, hearing the Final Pre Trial Conference, filing the Findings of Fact and Conclusions of Law, or the trial date. Hill is merely attempting to keep this case on track by completing discovery in orderly fashion. The need for an extension of time is not due to any action or inaction on Hill's part, and no party will be prejudiced by the brief extensions sought by Hill. To the contrary, the extensions of the nonexpert and expert discovery deadlines will allow the parties to more fully pursue meet and confer efforts on these matters, seek appropriate relief from the Magistrate Judge, and avoid delay of the final adjudication of this case. Hill therefore respectfully requests that this Ex Parte Application be granted.

## II. LEGAL ARGUMENT

### A. Bauer Should be Ordered to Comply With Judge Spaeth's June 28, 2023 Order

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Hill has good grounds to seek extension of the discovery deadlines as requested herein, as she has a substantial likelihood of prevailing on the relief she seeks from Judge Spaeth. Her only burden necessary to prevail on a Motion seeking to compel compliance with Judge Spaeth's June 28, 2023 Order is to show that Bauer has not complied with the Court's Order. *Sunglass Designs, Inc. v. Wild Style Sunglasses*, No. CV-08-1984-PHX-DGC, 2009 WL 2827953, at *1 (D. Ariz. 2009) (citing *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir.1999)). It was never made clear to counsel for Hill in meet and confer communications why Bauer's counsel believes they can stand on privacy and confidentiality objections that have already been overruled by this Court, and simply disregard Judge Spaeth's Order, refusing to produce relevant documents.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

"It is self-evident that 'courts cannot function if litigants may, with impunity, disobey lawful orders.'" *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002) (quoting *HMG Prop. Investors*, 847 F.2d 908, 916 (1st Cir. 1988) (upholding a dismissal with prejudice of plaintiff's case for plaintiff's failure to file a court ordered status report after the plaintiff was forewarned that failure to comply with the order could result in dismissal with prejudice).

There are punitive measures that Hill could seek because of Bauer's refusal to comply with Judge Spaeth's Order, but that is not what Hill requests here. Refusal to abide by a Court's Order is disrespectful and grounds for a finding of contempt. After "a prima facie showing of contempt is made, the burden shifts to the alleged contemnor to show why he or she should not be held in contempt." *United States v. Harper*, Nos. CV-09-0703-PHX-JAT, MC-09-00035-PHX-JAT, 2009 WL 2983204, at *1 (D. Ariz. 2009) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983), and *Ayres*, 166 F.3d at 994). Such a showing must be established "categorically and in detail." *In re Walker*, 257 B.R. 493, 497 (Bankr. N.D. Ohio 2001) (quoting *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)). Hill has no intention of asking for a contempt finding; she merely wants production of the MLB documents that Bauer was ordered to produce.

As Judge Spaeth acknowledged, "the Court is not bound by the MLB's contract requirements of confidentiality with Bauer and Hill, and that Bauer has waived his privacy objections by failing to assert them in his initial response to the RFP." Exh. A, Transcript, p. 51. Judge Spaeth further found that "Hill has met her burden of establishing that the requested information is relevant and that any rights of privacy are outweighed by Hill's compelling need for the information for the claims and defenses asserted in this case." Exh. A, Transcript, pp. 51-52.

Clearly, if Bauer was suspended and lost endorsement contracts because of testimony by other accusers before the MLB, this is directly relevant to his claims of defamation and interference with contract against Hill. Counsel for Bauer already lost the Motion to Compel and should be made to comply with Judge Spaeth's Order.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Because Hill has acted with all due haste in attempting to meet and confer about Bauer's July 28, 2023 production and responses, and has promptly brought this Motion seeking to amend the Amended Scheduling Order as to the discovery motion cutoff and expert disclosure dates only, Hill respectfully submits that she is entitled to the relief requested. Counsel for Bauer could have made production and provided supplemental responses before July 28, as Judge Spaeth suggested, but they declined to do so. Instead, they waited until the last day, so that Hill had only two days in which to meet and confer and seek to prepare a joint stipulation.

Hill has shown good cause and prompt action to address Bauer's refusal to produce the MLB documents that Judge Spaeth found were relevant and not subject to any confidentiality or privacy protections. Hill therefore respectfully requests that the Court grant this Ex Parte Application in order to allow the parties to pursue meaningful meet and confer communications, follow the Court's procedures for filing a Joint Stipulation, and achieve resolution of this significant issue as soon as possible.

**B. There Is A Good Cause For Granting This Ex Parte Application**

The Court is permitted to grant ex parte relief upon a showing of "good cause." "Such application shall state the reasons therefore, and may be granted upon

a showing of good cause." *Semiserve Inc. v. Semicon Servs.*, LLC, 2014 U.S. Dist. LEXIS 198013 (C.D. Cal. 2014.) Federal Rule of Civil Procedure 16(b)(4) states that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment of the Scheduling Order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the Scheduling Order if the moving party shows that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Id*.

The focus of the inquiry is on the moving party, and if the moving party has not been diligent, the motion to modify a Scheduling Order may be denied. *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (good cause exists "if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension"); *Johnson, supra*, 975 F.2d at 609. Here, good cause exists for the Court to continue dates in the Amended Scheduling Order with respect to the discovery deadlines for nonexpert and expert discovery.

In determining whether good cause exists, courts look to see: "(1) that [the party] was diligent in assisting the Court in creating a workable Rule 16 order ...; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference ...; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order." *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)).

In this case, Hill filed her Motion to Compel production of the MLB documents in May of 2023. Prescott Decl., ¶ 3. Bauer was ordered to produce those documents no later than July 28, 2023. Prescott Decl., ¶ 4; Exh. A. Despite Judge

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Spaeth's Order, Bauer reasserted his objections and refused to produce the MLB transcripts, submissions, arbitration order, and other relevant documents. Hill has brought this Ex Parte Application with all due diligence, just three business days later after meeting and conferring with Bauer's counsel, in order to allow her to seek relief from Bauer's refusal to comply with that Order and refusal to make reasonable accommodations for his deposition as addressed below.

### C. The Alternative Deposition Method Plaintiff Proposes Would Not Satisfy Defendant's Particular and Legitimate Need for In-Person Deposition.

Bauer is currently under contract playing baseball in Japan, according to his attorneys. For months, Hill's counsel has been requesting dates for Bauer to appear for an in-person deposition. Prescott Decl., ¶ 15. However, Bauer's counsel has taken the position that he will only appear remotely. *Id.*

Worse still, the only date that Bauer's counsel has offered for deposition is the last day on which depositions must be completed; i.e., August 25, 2023, beginning at 5:00 p.m. PST. *Id.* This is simply untenable, for several reasons.

First, Hill has a right to conduct an in-person deposition of Bauer. "When a plaintiff elects to file a lawsuit in a particular jurisdiction, it assumes the responsibility of making itself available to the forum." *Gawhara for Ready Made Clothes Co. v. Evergreen Marine Corp.*, 2001 AMC 2797, 2802 (W.D. Cal. 2001).

Not only would Japan need to have the necessary facilities to conduct a videoconferencing deposition, "a court reporter from this jurisdiction familiar with the rules of the court and authorized to record testimony would be another likely, if not indispensable, attendee." *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 629. Additionally, the deposition officer must also be authorized to administer oaths in the district where the witness is located. *See Loucas G. Matsas Salvage & Towing Maritime Co. v. M/T Cold Spring*, 1997 U.S. Dist. LEXIS 2415, *5-*6 (E.D. La. Mar. 5, 1997) (excluding testimony of witness who was located in Poland because oath was

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

administered by court reporter in New Orleans). Certainly, these issues are more easily resolved with an in-person deposition.

Then, too, there is the issue of what happens if there is an instruction not to answer or other discovery dispute that counsel for Hill feels must be brought before the Magistrate Judge to resolve. As the court noted in *U.S. v. $160,066.98 from Bank of America*, depositions conducted in foreign countries are inherently problematic:

> [The Court's] authority would be compromised in this case by the remoteness of a deposition venue in [Paraguay], even leaving aside the question whether special arrangements would be required through the host country's government or judicial system. It would be logistically difficult and inefficient to resolve disputes that may arise in the course of that discovery without a federal judge or magistrate in the country applying the rules applicable to the litigation in this jurisdiction. The court's authority to intervene in the foreign nationals' depositions aboard could be similarly compromised...

*U.S. v. $160,066.98, supra*, 202 F.R.D. at 630.

A deposition notice is all that is needed to require the attendance of parties at their depositions. "[A]n 'examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.' " *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D.Mich.1987) (citation omitted). Bauer has not moved for a protective order making special arrangements for his deposition in this case.

Even presuming that Japan has adequate facilities available, and that issues involving the administering of oaths could be worked out and discovery disputes could be minimized, converting an in-person deposition to videoconferencing would be prejudicial to Hill's defense. The authentication of documents becomes particularly necessary in a case such as this, where numerous documents being relied on by the parties are at issue. There are literally thousands of pages in the Pasadena Police Department ("PPD") records and Domestic Violence Restraining Order proceedings

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

("DVRO") that have been produced and will be the subject of examination. Prescott Decl., ¶ 14. Hill has every reason to believe that Judge Spaeth's June 28, 2023 Order will be enforced, and that thousands of pages of additional MLB documents will also be produced. *Id.*

Any writing offered in evidence should be accompanied by competent proof showing its genuineness. *Buchanan v. State*, 575 So. 2d 704 (Fla. 3d DCA 1991). "Exhibit creation and authentication are a reasonably anticipated component" of the defense of this case and therefore, the need for in-person deposition becomes more acute. *U.S. v. $160,066.98*, 202 F.R.D. at 629. It would be difficult to question the Plaintiff with any degree of comprehension and understanding concerning the PPD and DVRO records, and the MLB production, without Plaintiff and his representatives being personally present.

A videoconference deposition would prevent Hill from gathering such evidence. She would be further disadvantaged without the opportunity "to see the witness and to evaluate the witness' demeanor, facial reactions and expressions." *Arrocha v. McAuliffe*, 109 F.R.D. 397, 402 (D. D.C. 1986). This is because videoconferencing, while it is streamed in by video, is not conducted in "real time" and in some parts of the world has considerable delay in transmission with related problems in video quality.

"Unless an opposing party prevents the plaintiff from appearing in the forum, a plaintiff's failure to make itself available to the proceedings in the forum justifies the dismissal of the complaint." *Gawhara, supra*, 2001 AMC at 2802. Here, Hill is not intending to seek dismissal. Rather, she is quite reasonably requesting the Court's assistance in extending discovery deadlines to allow her to meet and confer with Bauer's counsel to resolve the issues surrounding the setting of his deposition, and seek assistance of the Magistrate Judge if necessary to more reasonably schedule his testimony. "[The Defendants] should not be forced to litigate this case without the benefit of deposing [España's] witnesses and examining the documents, which provide

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

the basis for [España's] claims." *Id*. at 2804, citing *Hyde & Death v. Baker*, 24 F.3d 1162, 1166-67 (9th Cir. 1994).

## III. CONCLUSION

The parties have acted diligently in conducting discovery in this complex case, and have resolved many discovery issues informally. Other than the refusal to produce the MLB documents that Judge Spaeth ordered to be disclosed, and the issues surrounding Bauer's deposition, Hill does not anticipate that more law and motion will be required. By extending the requested deadlines and allowing counsel to engage in further meet and confer efforts, the Court will facilitate the parties' attempts to resolve the recently-arisen discovery disputes in this case, and streamline issues for trial. Hill therefore respectfully requests that this Ex Parte Application to modify the Amended Scheduling Order be granted.

DATED: August 3, 2023

WESIERSKI & ZUREK LLP

By: /s/ Michelle R. Prescott
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorney for Defendant, Lindsey C. Hill

**DECLARATION OF MICHELLE R. PRESCOTT**

I, Michelle R. Prescott, declare:

1. I am an attorney at law licensed to practice before all the courts of the State of California and am a partner with Wesierski & Zurek LLP, counsel of record for defendant/counterclaimant, Lindsey C. Hill.

2. The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true. If called as a witness, I could and would competently testify to these facts.

3. On May 18, 2023 Defendant filed her Motion to Compel Plaintiff to Produce documents, specifically seek to enforce requests for MLB records.

4. On June 28, 2023, Judge Spaeth granted in part Hill's Motion to Compel Further Responses and ordered production by Bauer of MLB records responsive to Requests for Production Nos. 87, 92, and 114, as well as supplemental responses. A true and correct copy of excerpts of Judge Spaeth's June 28, 2023 ruling are attached as **Exhibit A**. Judge Spaeth gave Bauer 30 days to produce the records and indicated that the parties could agree to an earlier production date. See Exhibit A.

5. Bauer served his supplemental responses on July 28, 2023. A true and correct copy of Bauer's supplemental responses to the Requests for Production Nos. 87, 92, and 114 is attached as **Exhibit B**.

6. Rather than providing the substantive responses that Judge Spaeth ordered, Bauer simply added more objections to his supplemental responses. More critically, Bauer produced very few MLB documents, which consisted mostly of information already in the public domain, such as tweets by his agent and the MLB, a Forbes article, and press releases.

7. On July 31, 2023, I wrote a meet and confer letter to Bauer's counsel regarding the deficiencies in the responses and the dearth of MLB production. A true and correct copy of the July 31, 2023 letter is attached as **Exhibit C**.

8. In order to correct certain typographical errors, on August 2, 2023,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

Bauer's counsel served Corrected Amended Responses to the Requests for Production. A true and correct copy of Bauer's Corrected Amended Responses is attached as Exhibit D. Bauer's counsel purported to add even more belated objections to their responses, instead of narrowing the issues as Judge Spaeth ordered. In fact, Judge Spaeth determined at the June 28, 2023 hearing that because Bauer had not asserted privacy objections in his initial responses, he could not do so at a later date. Exh. A, Transcript, p. 51:15-22. Bauer did not produce any additional MLB documents in connection with his Corrected Amended Responses.

9. On August 2, 2023, all counsel followed up with a telephonic meet and confer conference. The parties discussed in detail the deposition schedule, the availability of certain third party witnesses, the possibility of rescheduling Bauer's deposition for two four-hour sessions on consecutive dates, and other proposals to resolve their discovery disputes.

10. In our meet and confer discussions on August 2, 2023, I advised Bauer's counsel that we would be bringing this Ex Parte Application unless we could agree to extend the discovery deadlines. I proposed that the parties stipulate to continuing the dates in the Scheduling Order as follows:

1. Nonexpert discovery cut-off 10/2/2022
2. Initial Expert Disclosures 10/9/2023
3. Rebuttal Disclosures 10/27/2023
4. Expert Discovery cut-off 11/27/2023

A true and correct copy of my August 2, 2023 email is attached as **Exhibit D**. Bauer's counsel indicated that they would consider the stipulation, but needed to confer among themselves first.

11. The parties have, with considerable difficulty, scheduled the depositions of more than 15 witnesses in the month of August, beginning on August 4. The MLB documents are absolutely necessary for these depositions, and Hill's defense is substantially impaired by not having access to the MLB records before the depositions

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

proceed. Counsel for Hill is being unfairly prejudiced by the refusal to produce these documents in compliance with Judge Spaeth's Order, when they are integral to prepare for depositions as well as Ms. Hill's defense. Bauer's counsel has not yet indicated whether they agree to these extensions, and has indicated a willingness to work on the deposition scheduling to facilitation all parties' attendance.

12. Out of an abundance of caution, we moved forward with the Ex Parte Application to protection the deadlines.

13. My office also sent Bauer's counsel a proposed Joint Stipulation regarding enforcement of Judge Spaeth's Order on the MLB documents, seeking to have the MLB issue heard on August 30, 2023.

14. The MLB records are critical, which is why my office went to the time and expense of bringing a motion to compel their production. As Judge Spaeth acknowledged, they go directly to Bauer's claims for defamation and interference with contract, and are not subject to any confidentiality provision binding on this Court. There are literally thousands of pages in the Pasadena Police Department ("PPD") records and Domestic Violence Restraining Order proceedings ("DVRO") that have been produced and will be the subject of examination. Hill has every reason to believe that Judge Spaeth's June 28, 2023 Order will be enforced, and that thousands of pages of additional MLB documents will also be produced. Given the volume of the PPD, DVRO and MLB documents, taking Bauer's deposition in an in-person proceeding would alleviate much of the delay and burden in attempting to screenshare documents through remote proceedings overseas. The MLB documents are not just relevant to nonexpert discovery. Hill has retained experts to address her various issues, as well as Bauer's claims for defamation and loss of endorsement contracts. Clearly, the MLB documents are necessary for all of these experts' reviews and opinions.

15. Bauer is currently under contract playing baseball in Japan, according to his attorneys. For months, Hill's counsel has been requesting dates for Bauer to appear for an in-person deposition. However, Bauer's counsel has taken the position that he

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

will only appear remotely. Worse still, the only date that Bauer's counsel has offered for deposition is the last day on which discovery must be completed, August 25, 2023, beginning at 5:00 p.m. PST. It is anticipated that Bauer's deposition will take a full 7 hours. It is unreasonable for Bauer's counsel to demand that the deposition be taken on the last day for completion of depositions, beginning at the end of the day, apparently to continue until midnight. Further, what if there is an instruction not to answer or other discovery dispute that needs to be addressed? Counsel for Hill would not be able to seek emergency relief from the Magistrate Judge in their only opportunity to depose Bauer.

16. On August 3, 2023, at approximately noon, I provided Plaintiff's counsel with notice of the ex parte application. Plaintiff's counsel advised that they would oppose the ex parte application, but that they were willing to stipulate to extend the deadlines for the purpose of allowing more time for depositions only. They would not agree to the dates proposed by counsel for Hill. I informed counsel for Plaintiff we still intended to seek ex parte relief because the deadlines proposed by Plaintiff's counsel did not provide enough time to obtain, review and provide the MLB documents to the experts or incorporate their content into the depositions yet to be taken. Attached hereto as **Exhibit "E"** is a true and correct copy of the email.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 3rd day of August, 2023, at Lake Forest, California.

/s/Michelle R. Prescott

Michelle R. Prescott

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000