# EXHIBIT B

1  KINSELLA HOLLY ISER KUMP STEINSAPIR LLP
   Shawn Holley (Cal. Bar No. 136811)
2  Suann MacIsaac (Cal. Bar No. 205659)
   11766 Wilshire Boulevard, Suite 750
3  Los Angeles, CA 90025
   Tel: (310) 566-9800
4  Fax: (310) 566-9873
   sholley@khiks.com
5  smacisaac@khiks.com

6  ZUCKERMAN SPAEDER LLP
   Blair G. Brown (admitted *pro hac vice*)
7  Jon R. Fetterolf (admitted *pro hac vice*)
   1800 M Street, N.W., Suite 1000
8  Washington, D.C. 20036
   Tel: (202) 778-1800
9  Fax: (202) 882-8106
   bbrown@zuckerman.com
10 jfetterolf@zuckerman.com

11 ZUCKERMAN SPAEDER LLP
   Nell Z. Peyser (admitted *pro hac vice*)
12 485 Madison Ave., 10th Floor
   New York, NY 10022
13 Tel: (212) 704-9600
   Fax: (212) 704-4256
14 npeyser@zuckerman.com

15 *Attorneys for Plaintiff*

16              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
17                   SOUTHERN DIVISION

18

19 TREVOR BAUER,                      Case No. 8:22-cv-00868 JVS(ADSx)

20          Plaintiff,                Assigned for all purposes to the Hon.
                                      James V. Selna
21     vs.
                                      **PLAINTIFF/ COUNTERCLAIM**
22 LINDSEY C. HILL AND NIRANJAN       **DEFENDANT TREVOR BAUER'S**
   FRED THIAGARAJAH,                  **AMENDED RESPONSES TO**
23                                    **DEFENDANT LINDSEY HILL'S**
            Defendants.              **REQUESTS FOR PRODUCTION**
24                                    **NOS. 68, 69, 87, 92, and 114**

25                                    Action Filed:    April 25, 2022

26 PROPOUNDING PARTY:  DEFENDANT, LINDSEY HILL

27 RESPONDING PARTY:   PLAINTIFF, TREVOR BAUER

28 SET NO.:            ONE

---

Plaintiff and Counterclaim Defendant Trevor Bauer ("Bauer") hereby provides amended responses pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34-2 of the Local Rules of the Central District of California ("Local Rules") to Defendant and Counterclaimant Lindsey Hill's ("Hill") Requests for Production Nos. 68, 69, 87, 92, and 114.

## GENERAL OBJECTIONS

The following general objections apply to each of the Requests propounded by Hill and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separate numbered Requests.

1.     Bauer objects to the Requests, including all of the definitions and instructions to the extent that they fail to comply with, or call for Bauer to do more than is required under the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order.

2.     Bauer objects to each Request to the extent that it purports to require Bauer to respond beyond his present knowledge, information, and belief.  Bauer's responses to the Requests are made to the best of his present knowledge, information, and belief. These responses and objections are made without prejudice to Bauer's right to supplement, clarify, revise, correct, or amend any and all of his responses and objections as appropriate. A failure to object will not constitute a waiver of any objection that Bauer may make as part of any future supplemental response.

3.     Bauer objects to each Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

4.     Bauer objects to each Request to the extent it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence.

5.     Bauer objects to each Request to the extent that it is vague and ambiguous.

8819067.1

6.     Bauer objects to each Request to the extent that it seeks information covered by the attorney-client privilege (including common interest privileged), the work product doctrine (including the common interest work product doctrine), or any other privilege or immunity from production. These documents will not be produced.

7.     Inadvertent production of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of Bauer's right to object to the use of such material during any later proceeding. Any such information or documents shall be immediately returned to counsel for Bauer.

8.     Bauer objects to each Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

9.     Bauer objects to each Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

10.    Bauer objects to each Request to the extent it assumes any fact, event, or legal conclusion is true or that any characterization is accurate. No response shall be construed as an admission that any factual characterization contained in the Requests is accurate.

11.    Bauer reserves all objections that may be available to him at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by Bauer that such material or the information contained therein is relevant to this action or admissible evidence.

12.    The failure of Bauer to make a specific objection to a particular individual Request is not, and shall not be construed as, an admission that responsive

1  information exists. Likewise, any statement herein that Bauer will produce any

2  documents in response to an individual Request does not mean that Bauer in fact has

3  any such documents, or that any such documents exists, or that Bauer will search all

4  files maintained by any person, but instead reflects the intention of Bauer, subject to

5  his objections, to conduct a reasonable search for responsive documents.

6       13.    Bauer has streamlined his claims and demands for damages to focus his

7  case on Hill's false and malicious statements and improper conduct and to eliminate

8  potentially extraneous and irrelevant evidence.

9       14.    Any information or documents produced in response to the Requests

10  shall be subject to the Protective Order in this case. Any information or documents

11  stamped "CONFIDENTIAL" shall be treated as such. If Hill discloses any

12  information or documents stamped "CONFIDENTIAL," Bauer reserves the right to

13  seek sanctions against Hill and will seek sanctions against Hill to the fullest extent of

14  the law.

15  **<u>OBJECTIONS TO DEFINITIONS</u>**

16       1.    Bauer objects to the definition of "PLAINTIFF," "YOU," and "YOUR"

17  on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not

18  proportional to the needs of the case in that it includes agents, representatives, other

19  persons, and entities acting on his behalf.

20       2.    Bauer objects to the definition of "DOCUMENTS" to the extent that it

21  purports to impose obligations beyond those permitted by the Federal Rules of Civil

22  Procedure, the Local Rules, and/or any other applicable rule or court order. Bauer

23  further objects to this definition on the grounds that it is overly broad, unduly

24  burdensome, vague, ambiguous, and not proportional to the needs of the case in that

25  it seeks "all documents available to YOU." Bauer does not know what Hill means by

26  "available to YOU," but to the extent this language purports to create a duty to

27  produce materials not within his possession, custody, or control, Bauer objects. Bauer

28  will not produce any documents that are not in his possession, custody or control.

4

Case 8:22-cv-00868-JVS-ADS   Document 159-3   Filed 08/03/23   Page 6 of 19   Page ID
#:5108

## AMENDED RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

**REQUEST FOR PRODUCTION NO. 68:**

Produce all DOCUMENTS that support YOUR contention that "In response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

8819067.1

1   Bauer will not produce the documents related to the administrative leave and
2   suspension imposed by Major League Baseball for which he has a contractual duty to
3   maintain as confidential. Subject to and without waiving that objection and the other
4   foregoing objections, Bauer will produce nonprivileged, responsive documents in his
5   possession, custody or control to the extent they can be found after a reasonably
6   diligent search.

7   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

8   Bauer incorporates by reference his General Objections and Objections to
9   Definitions set forth above. Bauer further objects to this Request to the extent that it
10   seeks information covered by the attorney-client privilege (including the common
11   interest attorney-client privilege), the work product doctrine (including the common
12   interest attorney work product doctrine), or any other privilege or immunity from
13   production. Bauer further objects to this Request to the extent that it seeks documents
14   that Bauer has a statutory, contractual, or other duty to maintain as confidential,
15   including, but not limited to, documents related to confidential arbitration
16   proceedings. Bauer further objects to this Request to the extent that it is overly broad,
17   unduly burdensome, and not proportional to the needs of the case. Bauer further
18   objects to this Request to the extent that it seeks financial and/or business information
19   that goes beyond the scope of information relevant to his claim for damages.

20   Subject to and without waiving the foregoing objections, Bauer withdraws his
21   contention that Hill caused Bauer's administrative leave and is not seeking any
22   damages or relief on that basis. Therefore, there are no responsive documents to
23   produce.

24
25
26
27
28

PLAINTIFF TREVOR BAUER'S AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS
FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.1

**REQUEST FOR PRODUCTION NO. 69:**

Produce all DOCUMENTS that support YOUR contention that "The period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably

7

1  diligent search.

2  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

3        Bauer incorporates by reference his General Objections and Objections to

4  Definitions set forth above. Bauer further objects to this Request to the extent that it

5  seeks information covered by the attorney-client privilege (including the common

6  interest attorney-client privilege), the work product doctrine (including the common

7  interest attorney work product doctrine), or any other privilege or immunity from

8  production. Bauer further objects to this Request to the extent that it seeks documents

9  that Bauer has a statutory, contractual, or other duty to maintain as confidential,

10  including, but not limited to, documents related to confidential arbitration

11  proceedings. Bauer further objects to this Request to the extent that it is overly broad,

12  unduly burdensome, and not proportional to the needs of the case. Bauer further

13  objects to this Request to the extent that it seeks financial and/or business information

14  that goes beyond the scope of information relevant to his claim for damages.

15        Subject to and without waiving the foregoing objections, Bauer withdraws his

16  contention that the period of Mr. Bauer's administrative leave was extended due to

17  the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false

18  statements to the Pasadena Police Department, and he is not seeking any damages or

19  relief on that basis. Therefore, there are no responsive documents to produce.

20        **REQUEST FOR PRODUCTION NO. 1**:

21        Produce all DOCUMENTS containing statements, interviews or testimony

22  YOU have provided in connection with any investigation regarding allegations of

23  physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape

24  made against YOU, including without limitation, any investigation conducted by

25  any LAW ENFORCEMENT authorities or Major League Baseball.

26        **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

27        Bauer incorporates by reference his General Objections and Objections to

28  Definitions set forth above. Bauer further objects to the terms "physical violence,"

"abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A

9

1   'compelling interest' is still required to justify an obvious invasion of an interest

2   fundamental to personal autonomy.").

3          Subject to and without waiving the foregoing objections, Bauer will produce

4   non-privileged, responsive documents in his possession, custody or control

5   containing statements, interviews or testimony he or his counsel have provided in

6   connection with any law enforcement investigation of to the Pasadena Police

7   Department relating to Hill's allegations to the extent they can be found after a

8   reasonably diligent search. Bauer will not produce documents related to any

9   interviews or investigation conducted by Major League Baseball for which he has a

10  contractual duty to maintain as confidential or are otherwise protected from

11  disclosure.

12  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

13         Bauer incorporates by reference his General Objections and Objections to

14  Definitions set forth above. Bauer further objects to this Request to the extent that it

15  seeks information covered by the attorney-client privilege (including the common

16  interest attorney-client privilege), the work product doctrine (including the common

17  interest work product doctrine), or any other privilege or immunity from production.

18         Subject to and without waiving the foregoing objections, Bauer will produce

19  non-privileged, responsive documents in his possession, custody or control

20  containing statements, interviews, or testimony he or his counsel have provided in

21  connection with any investigation regarding allegations of physical violence, abuse,

22  sexual battery, sexual abuse, battery, assault, and/or rape made against Bauer,

23  including such statements, interviews, or testimony made to law enforcement

24  agencies and Major League Baseball.

25         Documents, if any, containing statements, interviews, or testimony Mr. Bauer

26  or his counsel provided in connection with the MLB arbitration are not responsive to

27  this request because the arbitration proceeding is not an investigation and the MLB

28  investigation of Mr. Bauer had concluded prior to the commencement of the

10

8819067.1

1  arbitration proceeding. If this Request were to be construed to apply to the MLB

2  arbitration proceedings, Bauer objects to the Request on the grounds asserted above

3  in this Response and on the additional grounds of overbreadth, proportionality, his

4  and the involved third parties' contractual duty to maintain the confidentiality of the

5  arbitration proceedings, and his and the involved third parties' rights to privacy

6  under the California and United States Constitutions that Hill has not overcome by

7  showing a compelling need for the information.

8       Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will

9  describe the nature of the documents, communications, or tangible things not

10  produced or disclosed—and do so in a manner that, without revealing information

11  itself privileged or protected, will enable other parties to assess the claim. Pursuant

12  to California Evidence Code § 952, the attorney-client privilege extends to those

13  who are "present to further the interest of the client in the consultation or those to

14  whom disclosure is reasonably necessary for the transmission of the information or

15  the accomplishment of the purpose for which the lawyer is consulted."

16       The documents responsive to this request are communications between or

17  among: Bauer's counsel, Bauer's counsel and counsel for the Major League

18  Baseball Players Association (MLBPA), with whom Bauer and his counsel have a

19  common interest privilege and protection and who is a person encompassed by the

20  privilege afforded by California Evidence Code § 952; Bauer and his counsel;

21  Bauer, his counsel, and his consultants; Bauer and his consultants; and his

22  consultants for the purposes of providing and facilitating legal advice and

23  representation. All such communications were to further the interest of the client in

24  the legal representation or those to whom disclosure is reasonably necessary for the

25  transmission of the information or the accomplishment of the purpose for which the

26  lawyer is consulted.

27       No other third persons are parties to these communications. Pursuant to

28  Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required

11

1   to assess the claim of privilege.

2   **REQUEST FOR PRODUCTION NO. 2:**

3       Produce all DOCUMENTS that reflect communications with Major League

4   Baseball regarding allegations of physical violence, abuse, sexual battery, sexual

5   abuse, battery, assault, and/or rape against YOU.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7       Bauer incorporates by reference his General Objections and Objections to

8   Definitions set forth above. Bauer further objects to the terms "communications,"

9   "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault,"

10   and "rape" as vague, ambiguous, and overbroad because Hill has not provided a

11   definition of any of these terms. Bauer further objects to this Request to the extent

12   that it is overly broad, unduly burdensome, and not proportional to the needs of the

13   case. Bauer further objects to this Request to the extent that it seeks information or

14   documents that are neither relevant to any claims or defenses in this case nor

15   reasonably calculated to lead to discovery of admissible evidence. Bauer further

16   objects to this Request because it contains no limitation on time period and, thus, is

17   overly broad and not relevant to the claims or defenses of any party and not

18   reasonably calculated to lead to the discovery of admissible evidence. Bauer further

19   objects to this Request on the grounds that it seeks information that already is in

20   Hill's possession, custody, or control, was previously provided to or from Hill's

21   counsel, is publicly available, is in the possession of third parties, or is equally

22   available to, or equally within the knowledge and possession of, Hill as it is to

23   Bauer. Bauer further objects to this Request to the extent that it seeks information

24   covered by the attorney-client privilege, the work product doctrine, or any other

25   privilege or immunity from production. Bauer further objects to this Request to the

26   extent that it seeks documents that Bauer has a statutory, contractual, or other duty

27   to maintain as confidential, including, but not limited to, documents related to

28   confidential arbitration proceedings.

8819067.1

1    Bauer further objects because this Request seeks documents protected by the

2 right to privacy under the California Constitution, both as to Bauer and any third

3 parties, to the extent such third parties exist, and Hill has not shown a compelling

4 need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th

5 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant

6 concerning sexual matters protected by the constitutional right of privacy, the

7 intrusion upon sexual privacy may only be done on the basis of practical

8 necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A

9 'compelling interest' is still required to justify an obvious invasion of an interest

10 fundamental to personal autonomy.").

11    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

12    Bauer incorporates by reference his General Objections and Objections to

13 Definitions set forth above. Bauer objects to this request as overbroad and

14 disproportionate.  Bauer further objects to this Request to the extent that it seeks

15 information covered by the attorney-client privilege (including the common interest

16 attorney-client privilege), the work product doctrine (including the common interest

17 work product doctrine), or any other privilege or immunity from production.

18    Documents, if any, that reflect communications with Major League Baseball

19 in connection with the MLB arbitration will not be produced.  Bauer objects to the

20 production of documents concerning the arbitration proceeding on the additional

21 grounds of overbreadth, proportionality, his and the involved third parties'

22 contractual duty to maintain the confidentiality of the arbitration proceedings, and

23 his and the involved third parties' rights to privacy under the California and United

24 States Constitutions that Hill has not overcome by showing a compelling need for

25 the information.

26    Subject to and without waiving the foregoing objections, Bauer will produce

27 non-privileged, responsive documents in his possession, custody or control that

28 reflect communications with Major League Baseball regarding allegations of

8819067.1

1  physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape

2  against Bauer.

3           Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will

4  describe the nature of the documents, communications, or tangible things not

5  produced or disclosed—and do so in a manner that, without revealing information

6  itself privileged or protected, will enable other parties to assess the claim. Pursuant

7  to California Evidence Code § 952, the privilege extends to those who are "present

8  to further the interest of the client in the consultation or those to whom disclosure is

9  reasonably necessary for the transmission of the information or the accomplishment

10 of the purpose for which the lawyer is consulted."

11          The privileged documents possibly responsive to this request are

12 communications between or among: Bauer's counsel, Bauer's counsel and counsel

13 for the Major League Baseball Players Association (MLBPA), with whom Bauer

14 and his counsel have a common interest privilege and protection and who is a

15 person encompassed by the privilege afforded by California Evidence Code § 952;

16 Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his

17 consultants; and his consultants for the purposes of providing and facilitating legal

18 advice and representation. All such communications were to further the interest of

19 the client in the legal representation or those to whom disclosure is reasonably

20 necessary for the transmission of the information or the accomplishment of the

21 purpose for which the lawyer is consulted.

22          No other third persons are parties to these communications. Pursuant to

23 Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required

24 to assess the claim of privilege.

25 **REQUEST FOR PRODUCTION NO. 3:**

26          Produce all DOCUMENTS related to Major League Baseball's suspension of

27 YOU and/or placing YOU on administrative leave.

28 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

14

1   Bauer incorporates by reference his General Objections and Objections to
2   Definitions set forth above. Bauer further objects to this Request on the grounds that
3   it seeks information that already is in Hill's possession, custody, or control, was
4   previously provided to or from Hill's counsel, is publicly available, is in the
5   possession of third parties, or is equally available to, or equally within the
6   knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this
7   Request to the extent that it seeks information covered by the attorney-client
8   privilege, the work product doctrine, or any other privilege or immunity from
9   production. Bauer further objects to this Request to the extent that it seeks
10  documents that Bauer has a statutory, contractual, or other duty to maintain as
11  confidential, including, but not limited to, documents, related to confidential
12  arbitration proceedings. Bauer further objects to this Request to the extent that it is
13  overly broad, unduly burdensome, and not proportional to the needs of the case.
14  Bauer further objects to this Request to the extent that it seeks financial and/or
15  business information that goes beyond the scope of information relevant to his claim
16  for damages.

17  Bauer will not produce the documents related to the administrative leave and
18  suspension imposed by Major League Baseball for which he has a contractual duty
19  to maintain as confidential.  Subject to and without waiving that objection and the
20  other foregoing objections, Bauer will produce non-privileged, responsive
21  documents in his possession, custody or control to the extent they can be found after
22  a reasonably diligent search.

23  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

24  Bauer incorporates by reference his General Objections and Objections to
25  Definitions set forth above. Bauer further objects to this Request to the extent that it
26  seeks information covered by the attorney-client privilege (including the common
27  interest attorney-client privilege), the work product doctrine (including the common
28  interest work product doctrine), or any other privilege or immunity from production.

15

8819067.1

1     Subject to and without waiving the foregoing objections, Bauer will produce

2   non-privileged, responsive documents in his possession, custody or control related

3   to Major League Baseball's suspension of him and/or placing him on administrative

4   leave. Bauer does not construe this Request to include documents concerning the

5   arbitration proceeding because the arbitration proceeding is distinct from, and came

6   after, the administrative leave and suspension.

7     If this Request were to be construed to apply to the MLB arbitration

8   proceedings, Bauer objects to the Request on the grounds asserted above in this

9   Response and on the additional grounds of overbreadth, proportionality, his and the

10   involved third parties' contractual duty to maintain the confidentiality of the

11   arbitration proceedings, and his and the involved third parties' rights to privacy

12   under the California and United States Constitutions that Hill has not overcome by

13   showing a compelling need for the information.

14     Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will

15   describe the nature of the documents, communications, or tangible things not

16   produced or disclosed—and do so in a manner that, without revealing information

17   itself privileged or protected, will enable other parties to assess the claim. Pursuant

18   to California Evidence Code § 952, the privilege extends to those who are "present

19   to further the interest of the client in the consultation or those to whom disclosure is

20   reasonably necessary for the transmission of the information or the accomplishment

21   of the purpose for which the lawyer is consulted." The documents responsive to this

22   request are communications between or among Bauer's counsel, Bauer's counsel

23   and counsel for the Major League Baseball Players Association (MLBPA), with

24   whom Bauer and his counsel have a common interest privilege and protection and

25   who is a person encompassed by the privilege afforded by California Evidence

26   Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer

27   and his consultants; and his consultants for the purposes of providing and

28   facilitating legal advice and representation

8819067.1

1        All such communications were to further the interest of the client in the legal

2  representation or those to whom disclosure is reasonably necessary for the

3  transmission of the information or the accomplishment of the purpose for which the

4  lawyer is consulted.

5        No other third persons are parties to these communications. Pursuant to

6  Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required

7  to assess the claim of privilege.

17  DATED:  July 28, 2023          ZUCKERMAN SPAEDER LLP

20                    By:  */s/ Blair G. Brown*

                              Blair G. Brown

                              Attorneys for Plaintiff Trevor Bauer

PLAINTIFF TREVOR BAUER'S AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.1

## PROOF OF SERVICE

I hereby certify that on this 28th day of July, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

## SERVICE LIST

Bryan J Freedman
Jesse A Kaplan
**FREEDMAN + TAITELMAN LLP**
1801 Century Park West 5th Floor
Los Angeles, CA 90067

*Attorneys for Lindsey C Hill*

Email:
bfreedman@ftllp.com
jkaplan@ftllp.com

Christopher P Wesierski
Brett Andrew Smith
Michelle R Prescott
Eileen Spadoni
**WESIERSKI & ZUREK LLP**
29 Orchard Road
Lake Forest, CA 92630

*Attorneys for Lindsey C Hill*

Email:
cwesierski@wzllp.com
bsmith@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com

/s/ Blair G. Brown

---

PLAINTIFF TREVOR BAUER'S AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.1