# EXHIBIT C

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
ARPINEH YEREMIAN

THOMAS B. CUMMINGS†
LISA J. McMAINS†
LYNNE RASMUSSEN
KRISTEN R. RODRIGUEZ
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
LAYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
GREGORY S. MILLER
ERIC J. STENBERG
JOSHUA A. NUZZO
NADEZHDA B. OSIPOVA

† AMERICAN BOARD OF TRIAL
ADVOCATES (ABOTA)

ALSO ADMITTED IN
*CONNECTICUT

## WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975-1000
FACSIMILE (949) 756-0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627-2300
FACSIMILE (213) 629-2725

SENDER'S E-MAIL:
MPRESCOTT@WZLLP.COM

July 31, 2023

### VIA ELECTRONIC MAIL ONLY

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washingtion, D.C 20036
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com;
NPeyser@Zuckerman.com;
ksimmerson@zuckerman.com

Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
E-Mail: sholley@kwikhlaw.com ;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Re:   Bauer v. Hill
      Date of Loss:   2/8/2022
      Our File No.:   MER-5137

Dear Counsel:

In compliance with LR 7-3 and the applicable federal rules, we write to meet and confer regarding Plaintiff's deficient supplemental/amended responses to Defendant's Requests for Production, **Nos. 87. 92, and 114**. We ask that you *immediately* review our issues with Plaintiff's responses, and *immediately* thereafter provide available dates for counsel to further meet and confer via conference call today or tomorrow. The deadline for Defendant to file a Motion to Compel is August 2, so we must act with due haste.

  A. **Plaintiff's Attempts to Unilaterally Amend His Complaint to Narrow the Scope of Discovery Violates Multiple Discovery Rules.**

Plaintiff's attempts to circumvent discovery authorized by the Court by claiming that he no longer intends to seek damages based on the period of his administrative leave are evasive and do not comply with good faith obligations imposed on litigants in Federal Court. Pursuant

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
July 31, 2023
Page 2

to the 2015 amendment to Rule 26: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Information within this scope of discovery need not be admissible in evidence to be discoverable.* Fed. R. Civ. P. 26(b)(1) (emphasis added).

Plaintiff's claims consist of three causes of action against Defendant Lindsey Hill: (1) Defamation Per Se, and; (3)/(4) Tortious Interference with Contract and Prospective Economic Advantage. As of the date of this letter, Plaintiff has not filed any amended pleadings, and therefore the complaint filed by Plaintiff on April 25, 2022 remains operative. (*See* Dkt. No. 1).

Plaintiff was entitled to amend his complaint to withdraw or amend the third and fourth causes of action as a matter of right within twenty-one days after service of Defendant's responsive pleading pursuant to Fed R. Civ. P. 15 *et seq*. Defendant served her answer to Plaintiff's complaint on July 19, 2022 via CM/ECF. (See Dkt. No. 34). Accordingly, Plaintiff had until August 9, 2022 to amend his complaint without seeking leave to amend. Plaintiff failed to amend his complaint within the prescribed time period for amendments as a matter of right. Defendant is entitled to discovery regarding the tortious interference with contract and prospective economic advantage claims pled in Plaintiff's operative complaint, in addition to her counter-claims.

Simply stated, Plaintiff's allegations of damage to his reputation and interference with his contracts as pled are not so limited in scope. Plaintiff instead relies on the bald allegation that he has "suffered financial harm by losing opportunities for revenue provided by his contracts and prospective contracts with sponsors and others." (See Dkt. No. 1 ¶ 174). Under Fed R. Civ. P. 26, Defendant remains entitled to discover information related to Plaintiff's "contracts and prospective contracts with sponsors and others". Further, Defendant remains entitled to utilize discovery as a means to evaluate the consistency of any previous representations made

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
July 31, 2023
Page 3

by Plaintiff regarding the subject-matter of his lawsuit, as well as to discover the content or conclusions of any official investigations on these very same topics.

Plaintiff, in fact, continues to rely on his allegations as pled by indicating that he is seeking damages for Defendant's alleged contractual interference with the agreements between himself and Fanatics, Inc., Lids, Panini America, and YouTube (for example, Plaintiff's Responses to Special Interrogatories, Set Two, propounded by Defendant Response Nos. 8, 10, 11, 16). Plaintiff's attempt to rely on his allegations as pled to support certain damages, while denying others, is inappropriate.

Plaintiff's attempt to once again unilaterally withdraw, haphazardly circumscribe, and/or "move the goalposts" on his causes of action concerning his contract claims is nothing more than a dilatory tactic, intended to confuse the scope of issues at stake in this matter and obstruct valid discovery as ordered by Judge Spaeth.

Accordingly, Defendant requests that Plaintiff provide the information requested by Defendant in her Requests for Production of Documents, **Nos. 87. 92, and 114**.

Any such further failure to do so will result in a subsequent motion to compel production of the Court-ordered documents, and very likely result in sanctions in accordance with FRCP Rule 37.

### B. Plaintiff's Amended Initial Disclosures Fail to Comply with Rule 26.

Plaintiff's Amended Initial Disclosures served May 1, 2023 which purport to limit the scope of damages sought by Plaintiff to "presumed damages resulting from Plaintiff's defamation per se claim in a nominal amount." and "compensatory damages resulting from the financial loss Plaintiff suffered between June 2021 and mid-August 2021 . . ." fail to comply with the standards governing initial Rule 26 disclosures.

"Parties should be put on notice of the factual and legal contentions of the opposing party, and the initial disclosure requirements eliminate surprise and trial by ambush. *See, e.g., Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014)." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017). "In the event that a party

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
July 31, 2023
Page 4

learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them "in a timely manner." *See* Fed. R. Civ. P. 26(e)." *Id* at 241. When a party "*learns that in some material respect the disclosure or response is incomplete or incorrect*" and where "*corrective information has not otherwise been made known to the other parties during the discovery process or in writing,*" the duty to supplement is triggered. *Am. Gen. Life Ins. Co. v. Vistana Condo. Owners Ass'n*, No. 212CV01324JADNJK, 2016 WL 1611585, at *2 (D. Nev. Apr. 21, 2016) (emphasis added).

Here, Plaintiff filed his complaint on April 25, 2022 and filed his initial disclosures on August 22, 2022. In both his complaint (which remains operative, as discussed above) and in his initial disclosures, Plaintiff sought "compensatory damages resulting from the financial loss Plaintiff suffered a result of Defendant's defamatory statements, including his business contracts and opportunities." (Plaintiff's Initial Disclosures ¶ 3(iii)(2)). Plaintiff maintained this position throughout the litigation for over eight months.

In the amended disclosures, Plaintiff revealed that he only intended to pursue damages against Defendant for the period between June 2021 and mid-August 2021, over one year after filing his original complaint. Plaintiff forced Defendants to respond to allegations of damages that Plaintiff is now attempting to dismiss through improper channels. Plaintiff's supplemental/amended responses served July 28, 2023 are yet another feckless attempt to achieve the same end-result: unlawful concealment of evidence compelled by Court order.

### C. Plaintiff Has Failed to Comply With Judge Spaeth's Order at the June 28, 2023 Hearing on Defendant's Motion to Compel

At the June 28, 2023 discovery hearing before Judge Spaeth, the Court specifically ruled that Defendant had met her burden of proving the relevance of the documents sought by her Requests for Production, as follows:

> With regard to RFP No. 114, because the tortious interference with contract allegation still exists in this case -- claim -- I am granting the motion to compel. I find that the information is relevant to the claims asserted in

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
July 31, 2023
Page 5

> this case, that the Court is not bound by the MLB's contract requirements of confidentiality with Bauer and Hill, and that Bauer has waived his privacy objections by failing to assert them in his initial response to the RFP.
>
> With regard to RFP No. 87, I am granting the motion to compel RFP No. 87. I find that Hill has met her burden to establish that the requested information is relevant. The investigations conducted by MLB or law enforcement have all the same underlying facts at issue in this case, and while there may be a privacy right, it does not apply to these specific documents, and the interests our outweighed by Hill's compelling need for the information for the claims and defenses at issue.
>
> Now, with regard to RFP No. 92, I'm granting the motion to compel as to RFP No. 92. I find that Hill has met her burden of establishing that the requested information is relevant and that any rights of privacy are outweighed by Hill's compelling need for the information for the claims and defenses asserted in this case.

6/28/2023 Transcript, pp. 51-52. Plaintiff has produced only a handful of press releases, social media posts, and other publicly-available information along with further responses that purport to add additional objections. That was not the intention of Judge Spaeth's Order. Plaintiff must immediately produce the MLB transcripts, as well as all communications between Plaintiff, the MLB and the Commissioner, as required by the Court's Order.

    **D.    The Common-Interest Work Product Doctrine is Inapplicable to the Discovery Compelled by Judge Spaeth.**

In addition to reasserting the same discredited objections invalidated by Judge Spaeth during the June 28, 2023 joint hearings, in supplementing/amending his responses to **RFP Nos. 87,**

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
July 31, 2023
Page 6


**92, and 114**[1], Plaintiff adds "the common-interest work product doctrine" as a last-ditch attempt to obstruct rightful discovery.

As a threshold matter, Plaintiff's artificial limitation upon discovery premised upon its definition of "investigation" is indefensible. The dictionary[2] defines an "investigation" as "a systematic examination" and/or "to conduct an official inquiry". The proceedings of MLB arbitration so qualify. Further, Defendant is also aware that Plaintiff has been subject to multiple police and other investigations of the sort described in RFP No. 87[3], including additional lawsuits and restraining orders containing strikingly similar allegations to those of Defendant. It is inconceivable that plaintiff has not offered a single piece of evidence within any of these matters. Despite his commitments to produce non-privileged documents within his possession, no such documents have as yet been produced.

Any claims based upon the purported confidentiality of MLB proceedings have been previously addressed within our offices' March 22, 2023 letter, identifying that any such documents are discoverable (*see Section D*). On June 28, 2023, Judge Spaeth ruled that Ms. Hill's interests in these materials "outweighed" Bauer and the MLB's respective interests in privacy. In addressing this topic, the Court merely noted Plaintiff's failure to object based upon privacy; it did not invite the interposition of this objection in Plaintiff's supplemental responses.

Moreover, there has been no indication that any previous investigation or MLB proceeding was performed in California. A non-resident's privileges are not able to be retroactively applied. Bauer professes to be a Texas resident. The mere filing of this lawsuit in California does not avail Plaintiff of privileges/protections enjoyed by residents of California. There is no nexus between the MLB investigation, its findings, and Plaintiff's subsequent appeal and suspension, and the state of California. Plaintiff's objections based upon common-interest privilege or California Evidence Code § 952 are therefore immaterial.

---

[1] Inaccurately labeled as RFP Nos. 1-3 within Plaintiff's supplemental/amended responses.

[2] Merriam-Webster.com

[3] To avoid all doubt, these include, but are not limited to: physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape.

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
July 31, 2023
Page 7

Plaintiff's newfound reliance upon common interest privilege is mistaken. Any evidentiary representations by Plaintiff, or records of affiliated interviews for the purposes of investigation cannot be properly regarded as intended for the purpose(s) of legal representation. As you know, Defendant is entitled to most, if not all, of plaintiffs communications to any investigating authorities. Specifically, when such communications were intended to determine the circumstances and characterizations attendant to plaintiff's misconduct.

According to this Court, Hill's need for the information supersedes Bauer's and the third party's rights to privacy under the constitutions of the United States and California. We request that plaintiff comply, or face sanction per FRCP 37, et al. Plaintiff's supplemental production of documents consists largely of press releases and public disclosures. Plaintiff failed to produce any MLB documents or transcripts, contrary to Judge Spaeth's order. We hereby request that Plaintiff immediately comply with Judge Spaeth's order and produce all relevant documents.

### E. Plaintiff's Descriptions under FRCP 26(b)(5)(A)(ii) are Inadequate.

Plaintiff has failed to comply with FRCP 26(b)(5)(A)(ii), in describing "the nature of the documents, communications, or tangible things not produced or disclosed". Plaintiff's descriptions are threadbare, devoid of any basis in law.

It strains credulity that Plaintiff submitted no evidence, nor proffered any testimony within any of the investigations or proceedings in question related to physical violence, sexual abuse/battery, and the like. It is similarly inconceivable that Plaintiff was not issued any documents outlining the evidence within such proceedings, the determinations of fact-finders, or affiliated punitive actions.

Principally, the balance of communications described within Plaintiff's objections do not appear to be privileged. For example, the common-interest privilege applies when a third party is *necessary* to convey legal advice (such as an interpreter, or an accountant helping to translate dense financial information for the benefit of a client). Oppositely, here Bauer cites to communications with "consultants", a generic title which neither describes the individual(s)' necessity, nor their qualifications to provide/facilitate legal advice or

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
July 31, 2023
Page 8

representation. A person, or entity's, privilege shielding production is earned, and narrowly reserved.

### F. Further Meet and Confer Discussions

As has been our practice, we would like to resolve these issues. Please provide a prompt response so that we can agree on as many of these issues as we are able, and if needed, present the remainder to the Court for resolution. We propose that you provide your availability for a call to discuss these matters in more detail **no later than August 1, 2023**. Thank you for your anticipated courtesy and cooperation.

Very truly yours,

WESIERSKI & ZUREK LLP

Michelle R. Prescott
Senior Partner

MP:BAS
cc: Jesse Kaplan, Esq.