# EXHIBIT D

KINSELLA HOLLY ISER KUMP STEINSAPIR LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@khiks.com
smacisaac@khiks.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>    Plaintiff,<br><br>    vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>    Defendants. | Case No. 8:22-cv-00868 JVS(ADSx)<br><br>Assigned for all purposes to the Hon. James V. Selna<br><br>**PLAINTIFF/ COUNTERCLAIM DEFENDANT TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, and 114**<br><br>Action Filed:    April 25, 2022 |

PROPOUNDING PARTY:   DEFENDANT, LINDSEY HILL

RESPONDING PARTY:    PLAINTIFF, TREVOR BAUER

SET NO.:              ONE

---

PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2

Plaintiff and Counterclaim Defendant Trevor Bauer ("Bauer") hereby provides amended responses pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34-2 of the Local Rules of the Central District of California ("Local Rules") to Defendant and Counterclaimant Lindsey Hill's ("Hill") Requests for Production Nos. 68, 69, 87, 92, and 114.

## GENERAL OBJECTIONS

The following general objections apply to each of the Requests propounded by Hill and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separate numbered Requests.

1. Bauer objects to the Requests, including all of the definitions and instructions to the extent that they fail to comply with, or call for Bauer to do more than is required under the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order.

2. Bauer objects to each Request to the extent that it purports to require Bauer to respond beyond his present knowledge, information, and belief. Bauer's responses to the Requests are made to the best of his present knowledge, information, and belief. These responses and objections are made without prejudice to Bauer's right to supplement, clarify, revise, correct, or amend any and all of his responses and objections as appropriate. A failure to object will not constitute a waiver of any objection that Bauer may make as part of any future supplemental response.

3. Bauer objects to each Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

4. Bauer objects to each Request to the extent it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence.

5. Bauer objects to each Request to the extent that it is vague and ambiguous.

6. Bauer objects to each Request to the extent that it seeks information covered by the attorney-client privilege (including common interest privileged), the work product doctrine (including the common interest work product doctrine), or any other privilege or immunity from production. These documents will not be produced.

7. Inadvertent production of any material subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of Bauer's right to object to the use of such material during any later proceeding. Any such information or documents shall be immediately returned to counsel for Bauer.

8. Bauer objects to each Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

9. Bauer objects to each Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

10. Bauer objects to each Request to the extent it assumes any fact, event, or legal conclusion is true or that any characterization is accurate. No response shall be construed as an admission that any factual characterization contained in the Requests is accurate.

11. Bauer reserves all objections that may be available to him at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by Bauer that such material or the information contained therein is relevant to this action or admissible evidence.

12. The failure of Bauer to make a specific objection to a particular individual Request is not, and shall not be construed as, an admission that responsive

information exists. Likewise, any statement herein that Bauer will produce any documents in response to an individual Request does not mean that Bauer in fact has any such documents, or that any such documents exists, or that Bauer will search all files maintained by any person, but instead reflects the intention of Bauer, subject to his objections, to conduct a reasonable search for responsive documents.

13. Bauer has streamlined his claims and demands for damages to focus his case on Hill's false and malicious statements and improper conduct and to eliminate potentially extraneous and irrelevant evidence.

14. Any information or documents produced in response to the Requests shall be subject to the Protective Order in this case. Any information or documents stamped "CONFIDENTIAL" shall be treated as such. If Hill discloses any information or documents stamped "CONFIDENTIAL," Bauer reserves the right to seek sanctions against Hill and will seek sanctions against Hill to the fullest extent of the law.

## OBJECTIONS TO DEFINITIONS

1. Bauer objects to the definition of "PLAINTIFF," "YOU," and "YOUR" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it includes agents, representatives, other persons, and entities acting on his behalf.

2. Bauer objects to the definition of "DOCUMENTS" to the extent that it purports to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules, and/or any other applicable rule or court order. Bauer further objects to this definition on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case in that it seeks "all documents available to YOU." Bauer does not know what Hill means by "available to YOU," but to the extent this language purports to create a duty to produce materials not within his possession, custody, or control, Bauer objects. Bauer will not produce any documents that are not in his possession, custody or control.

# CORRECTED AMENDED RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

**REQUEST FOR PRODUCTION NO. 68:**

Produce all DOCUMENTS that support YOUR contention that "In response to Ms. Hill's false allegations of sexual assault, Major League Baseball placed Mr. Bauer on administrative leave, which prevented him from performing his job as a pitcher for the Los Angeles Dodgers" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce nonprivileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common interest attorney work product doctrine), or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Subject to and without waiving the foregoing objections, Bauer withdraws his contention that Hill caused Bauer's administrative leave and is not seeking any damages or relief on that basis. Therefore, there are no responsive documents to produce.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all DOCUMENTS that support YOUR contention that "The period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department" as alleged in paragraph 156 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages. Bauer further objects to this Request on the grounds that it is a contention request, and thus, premature in light of the present stage of discovery.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably

7
PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2

diligent search.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common interest attorney work product doctrine), or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Subject to and without waiving the foregoing objections, Bauer withdraws his contention that the period of Mr. Bauer's administrative leave was extended due to the pending criminal investigation of Mr. Bauer initiated by Ms. Hill's false statements to the Pasadena Police Department, and he is not seeking any damages or relief on that basis. Therefore, there are no responsive documents to produce.

**REQUEST FOR PRODUCTION NO. 87:**

Produce all DOCUMENTS containing statements, interviews or testimony YOU have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against YOU, including without limitation, any investigation conducted by any LAW ENFORCEMENT authorities or Major League Baseball.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "physical violence,"

"abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

   Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A

9
PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2

'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control containing statements, interviews or testimony he or his counsel have provided in connection with any law enforcement investigation of to the Pasadena Police Department relating to Hill's allegations to the extent they can be found after a reasonably diligent search. Bauer will not produce documents related to any interviews or investigation conducted by Major League Baseball for which he has a contractual duty to maintain as confidential or are otherwise protected from disclosure.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common interest work product doctrine), or any other privilege or immunity from production.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control containing statements, interviews, or testimony he or his counsel have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Bauer, including such statements, interviews, or testimony made to law enforcement agencies and Major League Baseball.

Documents, if any, containing statements, interviews, or testimony Mr. Bauer or his counsel provided in connection with the MLB arbitration are not responsive to this request because the arbitration proceeding is not an investigation and the MLB investigation of Mr. Bauer had concluded prior to the commencement of the

10

PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2

arbitration proceeding. If this Request were to be construed to apply to the MLB arbitration proceedings, Bauer objects to the Request on the grounds asserted above in this Response and on the additional grounds of overbreadth, proportionality, his and the involved third parties' contractual duty to maintain the confidentiality of the arbitration proceedings, and his and the involved third parties' rights to privacy under the California and United States Constitutions that Hill has not overcome by showing a compelling need for the information.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Pursuant to California Evidence Code § 952, the attorney-client privilege extends to those who are "present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted."

The documents responsive to this request are communications between or among: Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball Players Association (MLBPA), with whom Bauer and his counsel have a common interest privilege and protection and who is a person encompassed by the privilege afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his consultants; and his consultants for the purposes of providing and facilitating legal advice and representation. All such communications were to further the interest of the client in the legal representation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted.

No other third persons are parties to these communications. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required

11

PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2

to assess the claim of privilege.

**REQUEST FOR PRODUCTION NO. 92:**

Produce all DOCUMENTS that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "communications," "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents related to confidential arbitration proceedings.

Bauer further objects because this Request seeks documents protected by the right to privacy under the California Constitution, both as to Bauer and any third parties, to the extent such third parties exist, and Hill has not shown a compelling need for the information, to the extent it exists. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning sexual matters protected by the constitutional right of privacy, the intrusion upon sexual privacy may only be done on the basis of practical necessity"); *Williams v. Superior Ct.*, 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common interest work product doctrine), or any other privilege or immunity from production.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against Bauer. Bauer does not construe this Request to include documents concerning the arbitration proceeding because the arbitration proceeding is distinct from, and came after, the administrative leave and suspension.

If this Request were to be construed to apply to the MLB arbitration proceedings, Bauer objects to the Request on the grounds asserted above in this Response and on the additional grounds of overbreadth, proportionality, his and the involved third parties' contractual duty to maintain the confidentiality of the arbitration proceedings, and his and the involved third parties' rights to privacy

under the California and United States Constitutions that Hill has not overcome by showing a compelling need for the information.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Pursuant to California Evidence Code § 952, the privilege extends to those who are "present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." The documents responsive to this request are communications between or among Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball Players Association (MLBPA), with whom Bauer and his counsel have a common interest privilege and protection and who is a person encompassed by the privilege afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his consultants; and his consultants for the purposes of providing and facilitating legal advice and representation

All such communications were to further the interest of the client in the legal representation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted.

No other third persons are parties to these communications. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required to assess the claim of privilege.

**REQUEST FOR PRODUCTION NO. 114:**

Produce all DOCUMENTS related to Major League Baseball's suspension of YOU and/or placing YOU on administrative leave.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

14

PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential, including, but not limited to, documents, related to confidential arbitration proceedings. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks financial and/or business information that goes beyond the scope of information relevant to his claim for damages.

Bauer will not produce the documents related to the administrative leave and suspension imposed by Major League Baseball for which he has a contractual duty to maintain as confidential. Subject to and without waiving that objection and the other foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control to the extent they can be found after a reasonably diligent search.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common interest work product doctrine), or any other privilege or immunity from production.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control related to Major League Baseball's suspension of him and/or placing him on administrative leave. Bauer does not construe this Request to include documents concerning the arbitration proceeding because the arbitration proceeding is distinct from, and came after, the administrative leave and suspension.

If this Request were to be construed to apply to the MLB arbitration proceedings, Bauer objects to the Request on the grounds asserted above in this Response and on the additional grounds of overbreadth, proportionality, his and the involved third parties' contractual duty to maintain the confidentiality of the arbitration proceedings, and his and the involved third parties' rights to privacy under the California and United States Constitutions that Hill has not overcome by showing a compelling need for the information.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Pursuant to California Evidence Code § 952, the privilege extends to those who are "present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." The documents responsive to this request are communications between or among Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball Players Association (MLBPA), with whom Bauer and his counsel have a common interest privilege and protection and who is a person encompassed by the privilege afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his consultants; and his consultants for the purposes of providing and facilitating legal advice and representation

16
PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2

All such communications were to further the interest of the client in the legal representation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted.

No other third persons are parties to these communications. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required to assess the claim of privilege.

DATED: August 2, 2023        ZUCKERMAN SPAEDER LLP

By: /s/ *Blair G. Brown*
Blair G. Brown
Attorneys for Plaintiff Trevor Bauer

# PROOF OF SERVICE

I hereby certify that on this 2nd day of August, 2023, I caused to be served a true and correct copy of the foregoing upon the following counsel via electronic mail:

## SERVICE LIST

| | |
|---|---|
| Bryan J Freedman<br>Jesse A Kaplan<br>**FREEDMAN + TAITELMAN LLP**<br>1801 Century Park West 5th Floor<br>Los Angeles, CA 90067 | *Attorneys for Lindsey C Hill*<br><br>Email:<br>bfreedman@ftllp.com<br>jkaplan@ftllp.com |
| Christopher P Wesierski<br>Brett Andrew Smith<br>Michelle R Prescott<br>Eileen Spadoni<br>**WESIERSKI & ZUREK LLP**<br>29 Orchard Road<br>Lake Forest, CA 92630 | *Attorneys for Lindsey C Hill*<br><br>Email:<br>cwesierski@wzllp.com<br>bsmith@wzllp.com<br>mprescott@wzllp.com<br>espadoni@wzllp.com |

/s/ *Blair G. Brown*

---

PLAINTIFF TREVOR BAUER'S CORRECTED AMENDED RESPONSES TO DEFENDANT LINDSEY HILL'S REQUESTS FOR PRODUCTION NOS. 68, 69, 87, 92, 114

8819067.2