KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>          Plaintiff,<br><br>     v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>          Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br><br>Assigned for all purposes to the Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT TREVOR BAUER'S OPPOSITION TO EX PARTE APPLICATION REQUESTING MODIFICATION OF THE SCHEDULING ORDER**<br><br>Action Filed: April 25, 2022 |

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................. 1

II.     BACKGROUND ................................................................................... 3

        A.   Prior Modification to Scheduling Order .................................. 3

        B.   Hill's Motion to Compel MLB Materials ................................. 3

        C.   Bauer's Deposition .................................................................. 5

III.    THERE IS NO BASIS FOR THE REQUESTED RELIEF ........................... 6

        A.   Hill Has Failed To Show Good Cause. .................................... 6

             1.   Documents Relating to May 18, 2023 Motion to Compel .................. 6

             2.   Bauer's Deposition ......................................................... 9

        B.   In the Alternative, Less Drastic Remedies Exist to Allow Sufficient Time
             For Depositions. .................................................................. 11

IV.     CONCLUSION ................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Arrocha v. McAuliffe*,
    109 F.R.D. 397 (D.D.C. 1986) ................................................................10

*Health v. Nautilus Ins. Co.*,
    2022 WL 18031825 (S.D. Cal. Dec. 31, 2022) ......................................10

*In re Intermagnetics America, Inc.*,
    101 B.R. 191 (C.D. Cal. 1989) ...............................................................6

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ..............................................................6, 9

*Mission Power Engineering Co. v. Continental Cas. Co.*,
    883 F. Supp. 488 (C.D. Cal. 1995) ........................................................6

*Pruco Life Ins. Co. v. California Energy Dev. Inc.*,
    2021 WL 5043289 (S.D. Cal. Oct. 29, 2021) ........................................10

*Vargas v. Evergreen Pro. Recoveries Inc.*,
    2022 WL 856991 (W.D. Wash. Mar. 23, 2022) ....................................10

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ...............................................................6

**RULES**

Fed. R. Civ. Proc. 16(b) .............................................................................6

## I.   <u>INTRODUCTION</u>

Defendant Lindsey Hill's Ex Parte Application seeking to modify the Court's May 18, 2023 Scheduling Order should be denied.

First, the only issue appropriately before this Court is Hill's request to extend the schedule—a request that Bauer responded to the following day with proposed dates that were never substantively responded to by Hill. But for some reason Hill inappropriately asks the Court to address the merits of a discovery dispute currently pending before Magistrate Judge Spaeth, as well as raises a new discovery dispute—the location of Bauer's deposition—about which the parties have never met and conferred, and is an issue for Judge Spaeth in any event. Hill attempts to short-cut the meet and confer process by filing this Ex Parte Application without allowing Bauer to meaningfully respond to meet and confer communications.

Second, when addressing the discovery dispute currently pending before Judge Spaeth, Hill grossly mischaracterizes it. Hill insists that Judge Spaeth ordered Bauer to turn over all records relating to the MLB arbitration, and that Bauer's failure to do so is contemptuous. But Hill astonishingly omits the fact that *Judge Spaeth denied her motion to compel as to the arbitration records*. In reality, Judge Spaeth ordered disclosure of certain MLB records relating to MLB placing Bauer on administrative leave, MLB's investigation, and the suspension imposed by MLB. Bauer has already produced non-privileged records in those categories.

Third, for the first time in this case, Hill objects to Bauer's deposition being conducted remotely. As Bauer is currently playing professional baseball in Japan, counsel for Bauer notified counsel for Hill more than four months ago that a remote deposition is the most practical solution. In fact, a mere one day before Hill's filing of this Ex Parte Application, the parties engaged in a meet and confer, which included discussion of conducting Bauer's deposition remotely over two days due to the time difference between California and Japan. Bauer is surprised, to put it mildly, that Hill's counsel falsely declares that they have been requesting dates for an in-person

deposition for months. In any event, the location of Bauer's deposition is an issue that the parties should address in a meet and confer and raise with Judge Spaeth if they cannot resolve it.

Fourth, Hill's proposed schedule modifications—the only issue properly before the Court in this Ex Parte Application—are nonsensical timing-wise and would prejudice Bauer. The current schedule is set forth to have thirty-five days between the initial disclosure of experts (September 8, 2023) and the rebuttal disclosure of experts (October 13, 2023). Hill proposes to nearly halve that amount, allowing for only eighteen days between the initial and rebuttal disclosures. Hill has indicated in her Ex Parte Application that she has already retained various experts. It is unreasonable to expect Bauer to analyze Hill's experts and obtain rebuttal experts in just eighteen days. This tight time frame was not originally contemplated by the parties when they agreed to a modification of the scheduling order in May of 2023. Bauer's proposed alternative schedule discussed below seeks to address Hill's timing concerns without imposing unreasonable deadlines on the parties. The dates proposed by Bauer provide for twenty-eight days between the initial disclosure of experts and the rebuttal disclosure of experts and seventeen days between the end of expert discovery and the deadline to file motions in limine.

If the Court is inclined to grant some relief on Hill's Ex Parte Application, Bauer respectfully proposes that the Court maintain all dates in the Scheduling Order but offer relief from the Court's requirement that depositions be taken five business days prior to the discovery cut-off. Such relief would allow Hill and Bauer additional time to schedule depositions, without unnecessarily altering other deadlines.

In the alternative, Bauer respectfully proposes the below modifications. Bauer's proposal allows Hill additional time to complete discovery but avoids needlessly extending deadlines beyond what is reasonable, particularly given that deadlines were recently extended at Hill's initial request less than three months ago.

OPPOSITION TO EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER

|  | Current Deadline | Hill Proposal | Bauer Proposal |
|---|---|---|---|
| Non-Expert Discovery Cut-off | 9/1/2023 | 10/2/2023[sic] | 9/15/2023 |
| Initial Disclosure of Experts | 9/8/2023 | 10/9/2023 | 9/29/2023 |
| Rebuttal Disclosure of Experts | 10/13/2023 | 10/27/2023 | 10/27/2023 |
| Expert Discovery Cut-Off | 11/10/2023 | 11/27/2023 | 11/17/2023 |

## II.   BACKGROUND

### A.   Prior Modification to Scheduling Order

On May 17, 2023, Bauer and Hill submitted a Joint Stipulation requesting to modify the Scheduling Order. Dkt. 100.[1] In their Joint Stipulation, the parties addressed the very issues Hill now raises again in this Ex Parte Application. The parties noted that Hill would be filing a motion to compel, which is the motion Hill filed on May 18, 2023. *Id.* at ¶ 5; Dkt. 102. The parties also stated they were working on scheduling the parties' depositions and that Bauer is out of the country. Dkt. 100 at ¶ 7. Based on those identified issues, and others, the parties requested that the non-expert discovery cut-off date be moved to September 1, 2023, the initial disclosure of experts be moved to September 8, 2023, the rebuttal disclosure of experts be moved to October 13, 2023 and the expert discovery cut-off be moved to November 10, 2023. *Id.* at ¶ 8. On May 18, 2023, the Court issued an Order modifying the Scheduling Order and set the dates Hill is presently asking to extend. Dkt. 101.

### B.   Hill's Motion to Compel MLB Materials

On May 18, 2023, Hill filed a motion to compel certain categories of MLB records. Brown Decl. ¶ 17. As background, Bauer was placed on administrative leave by MLB on July 2, 2021 pending MLB's investigation into Hill's allegations. MLB

---

[1] Although submitted jointly, the schedule modification was at Hill's request.

then conducted its investigation and ultimately suspended Bauer for two seasons on April 29, 2022. After the administrative leave, MLB investigation, and suspension, there was a grievance immediately filed and an arbitration proceeding began where Bauer sought to have the suspension overturned, or at least reduced significantly, which it was. Hill's motion to compel sought documents in response to several discovery requests—some relating to the administrative leave, investigation, and suspension, and another request relating to materials from the arbitration. *Id*. at ¶ 18.

On June 28, 2023, Judge Spaeth granted Hill's motion to compel in part and denied the motion in part. *Id*. at ¶¶ 18, 25. Specifically, Judge Spaeth granted Hill's motion to compel documents in response to Requests for Production Nos. 87, 92, and 114, which all relate to the administrative leave, investigation, and suspension. *Id*. at ¶ 18. However, Hill suspiciously fails to mention in her Ex Parte Application that Judge Spaeth ***denied*** her motion to compel documents in response to Request For Production No. 93, which sought:

> "[A]ll DOCUMENTS from the Major League Baseball arbitration proceeding concerning YOUR suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through discovery in that proceeding."

*Id*. at ¶¶ 25-26. As to that Request seeking arbitration materials, Judge Spaeth held that "[t]his request is largely overbroad, and I find that Ms. Hill has not met her burden of establishing that the requested information is proportional to this case." Exhibit A to Prescott Decl. at Tr. 52:14-16. It is clear from Hill's discovery requests, which sought information about the administrative leave, investigation, and suspension in some requests and information about the arbitration in separate requests, that she views these as distinct categories. So too does Judge Speath, which is evident from her granting Hill's motion to compel documents about administrative leave, investigation, and suspension, while denying the motion with respect to the arbitration

records.

Undeterred by Judge Spaeth's ruling, Hill is currently filing a motion to compel compliance with Judge Spaeth's June 28 Order wherein she insists that Bauer violated the Order by failing to produce *the arbitration records*. Brown Decl. ¶ 29. Bauer is genuinely confused as to why Hill would file such a motion seeking a second bite at the apple on the arbitration records when the Court already denied her motion to compel those materials. It is especially peculiar for Hill to attempt to convince Judge Spaeth—the very judge who denied her motion to compel arbitration materials—that she should compel compliance with a purported "Order" she never issued.

## C. <u>Bauer's Deposition</u>

The parties have long discussed Bauer's deposition being remote and Hill has been aware for many months that Bauer is working and living in Japan. *Id*. at ¶ 6. At no time did Hill's counsel ever raise an issue with Mr. Bauer's deposition being conducted remotely. *Id*. at ¶ 7. On August 2, 2023, the parties engaged in a meet and confer regarding Hill's anticipated Ex Parte Application, among other topics. *Id*. at ¶ 2. During the August 2, 2023 meet and confer, counsel for the parties also discussed the scheduling of Mr. Bauer's remote deposition. *Id*. at ¶ 3. Counsel for Hill raised concerns about the 5:00 p.m. start time, and counsel for Bauer raised the possibility of conducting the deposition over two days due to the time difference between California and Japan, to which Hill's counsel responded that may fix the problem. *Id*. At no time during the August 2, 2023 meet and confer did Hill's counsel raise an objection to conducting Bauer's deposition remotely. *Id*. at ¶ 4. And at no time during the August 2, 2023 meet and confer did Hill's counsel advise that the location of Mr. Bauer's deposition would be a primary argument, or an argument at all, in Hill's Ex Parte Application. *Id*. at ¶ 5. Moreover, Hill's counsel was aware that Mr. Bauer's deposition would occur remotely for more than four months, and never raised a single objection. *Id*. at ¶ 6.

## III.   <u>THERE IS NO BASIS FOR THE REQUESTED RELIEF</u>

As to the only relief that is properly before this Court—the extension of the deposition and expert deadlines—Hill's application should be denied.  Pretrial scheduling orders "shall not be modified except upon a showing of good cause." Fed. R. Civ. Proc. 16(b).  "Good cause" requires a showing of "diligence [on the part] of the party seeking [to modify the scheduling order]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Hill must also show she is entitled to seek relief on an ex parte basis. The moving party "must … show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period. . . . 'Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have.'" *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995), *quoting In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989).

### A.   <u>Hill Has Failed To Show Good Cause.</u>

#### 1.   Documents Relating to May 18, 2023 Motion to Compel

Hill's contention that Bauer's purported failure to comply with Judge Spaeth's June 28, 2023 Order regarding her motion to compel MLB materials warrants a schedule modification is not well-taken. The only issue before this Court is a schedule modification. Hill's new motion to compel compliance with Judge Spaeth's June 28, 2023 Order is currently being briefed before Judge Spaeth, and it is Judge Spaeth who will decide that motion. Brown Decl. ¶ 29. Hill's attempt to circumvent that process through an Ex Parte Application to this Court is highly inappropriate.

However, as Hill has raised the merits of the discovery dispute in her papers, Bauer will briefly address her mischaracterizations to correct the record. On May 18, 2023, Hill filed a Motion to Compel Bauer to produce documents. *Id*. at ¶ 17.  On June 28, 2023, Judge Spaeth granted in part and denied in part Hill's Motion. *Id*. at ¶¶ 18, 25, Specifically, Judge Spaeth granted Hill's Motion to Compel responses to Requests for Production Nos. 87, 92, and 114, which sought records relating to Bauer's administrative leave, MLB's investigation, and the suspension. *Id*. at ¶ 18. **Judge Spaeth denied Hill's Motion to Compel a response to Request for Production No. 93, which sought records relating to the arbitration.** *Id*. at ¶ 25. Consistent with her order, the additional documents were produced to Ms. Hill on July 28, 2023. *Id*. at ¶¶ 20, 22, 24.

Hill has inexplicably prepared a new motion to compel compliance with Judge Spaeth's June 28, 2023 ruling on the grounds that Bauer failed to produce *the arbitration records*. *Id*. at ¶ 29. This new motion is currently being briefed and is set for hearing on August 30, 2023. *Id*. However, Hill's bizarre attempt to seek to compel documents Judge Spaeth ordered need not be produced is a waste of the parties' and the Court's resources, and has no chance of success. *Id*.

To be sure, Hill did prevail on her motion to compel certain documents relating to Bauer's administrative leave, MLB's investigation, and the suspension. *Id*. at ¶ 18. And Bauer has produced documents responsive to those requests in a timely fashion. *Id*. at ¶¶ 20, 22, 24. He has also revised his written responses to those requests to provide a more fulsome explanation of the documents he is withholding on privilege grounds, consistent with the manner in which the parties have agreed to describe privilege grounds for each other in this case. *Id*. at ¶ 22. His written responses initially stated: "Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production." Bauer amended those responses to include more detail regarding the privilege—a common interest privilege between the Major

League Baseball Players Association and Bauer's litigation counsel—that he is asserting as a basis to withhold certain records. Prescott Decl. Ex. D (attaching Bauer's amended responses). Bauer did not revise his written responses in a way that would permit him to withhold more records than he would have initially withheld based on his original responses; he simply wanted to provide Hill's counsel with more exacting details regarding his claims of privilege. At the time Hill filed this Ex Parte Application, the parties had not completed the meet and confer process regarding further information Bauer may provide regarding his privilege claims; however, Bauer is committed to providing Hill more detailed information about the privileged documents he is withholding. Brown Decl. ¶ 22.

While Hill may be disappointed that she is not entitled to the arbitration records, which are apparently the records she ultimately wanted, her desperate attempt at seeking these records under the guise of moving to compel compliance with the Court's June 28, 2023 order is surely no basis to delay this case. Bauer has already produced the documents required of him by Judge Spaeth's ruling, and Hill has ample time to review those. *Id.* at ¶¶ 20, 22, 24.

Moreover, even assuming, *arguendo*, that Hill requires time to review additional documents prior to depositions, that would only apply to Bauer's deposition. Bauer has already communicated to Hill his agreement to stipulate to a two-week extension of deadlines for the sole purpose of allowing additional time for depositions.

Hill argues, without support, that the documents she classifies as "MLB documents" are "absolutely necessary" for all of the fifteen depositions scheduled in August. Ex Parte App. at p. 9. But the scheduled depositions include depositions of Hill's friends and family, medical professionals visited by Hill, Pasadena Police Department employees, and employees of Bauer. Hill has not—and cannot—articulate how documents related to a Major League Baseball arbitration would be relevant to those deponents. Indeed, Judge Spaeth already held they were not

discoverable in this case at all. Brown Decl. ¶¶ 26–27. Hill therefore has not met her burden of showing good cause for this modification. *See Johnson*, *supra*, 975 F.2d at 60 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.").  Hill also states that she has retained experts relating to Bauer's claims or defamation and loss of endorsement contracts and that "[c]learly], the MLB documents are necessary for all of these experts' reviews and opinions." Ex Parte App.  at p.10-11. But the connection between a confidential Major League Baseball investigation related to a Just Cause provision in a collective bargaining agreement and issues related to endorsements is anything but "clear." Hill should not be permitted to put off all depositions based on this discrete discovery dispute which has no connection to the vast majority of the depositions at issue.

Hill also fails to state that she has been dilatory throughout the meet and confer process of attempting to schedule numerous depositions. Counsel for Bauer has consistently been willing to set mutually convenient times and dates for depositions and to discuss deposition scheduling. Many of Bauer's communications related to scheduling have gone unanswered. Brown Decl. ¶¶ 9-15. On July 12, 2023, counsel for Bauer requested a meet and confer regarding deposition scheduling, writing "We consider this request urgent. We have proposed to you dates for a number of depositions without receiving a response." *Id*. at ¶ 10, Ex. A.  And to date, Hill has not taken any depositions. *Id*. at ¶ 8. Bauer's counsel has taken two depositions. *Id*.

### 2.    Bauer's Deposition

Hill states that "the need for an extension of time is not due to any action or inaction on Hill's part." Ex Parte App. at 11. That is not so. This is the first time Hill raised the issue of Bauer's deposition needing to be in person and in this forum. Brown Decl. ¶¶ 3-7.

Hill states she needs time to "meet and confer with Bauer's counsel to resolve the issues surrounding the setting of his deposition." Ex Parte App. at p. 17. But she fails to state that Hill has been aware for more than four months that Bauer's

deposition would need to be conducted remotely. Brown Decl. ¶ 6. Despite this, Hill has never mentioned, including during the August 2, 2023 meet and confer call, that the location of Bauer's deposition would be at issue. *Id*. at ¶¶ 3-7. Bauer's deposition was specifically discussed on that call, with Bauer's counsel offering accommodations to address time zone differences as well as potential other dates. *Id*. at ¶ 3.

The fact that this issue is first being raised in an Ex Parte Application less than a month before the close of non-expert discovery demonstrates that Hill has been dilatory in raising this issue and has not been diligent. Moreover, even if this issue was ripe for consideration, which it is not, it would be properly posed to Judge Spaeth, not to this Court.

While the issue of Bauer's deposition being in person is not ripe for review and is not properly before this Court, Bauer will briefly address Hill's arguments. In arguing that a remote deposition is not acceptable, Hill relies solely on cases from the 1980s, 1990s and early 2000s. Hill argues that she will be disadvantaged by the lack of opportunity to evaluation Bauer's demeanor and facial expressions but cites to a 1986 case discussing telephonic questioning. *See Arrocha v. McAuliffe*, 109 F.R.D. 397, 402 (D.D.C. 1986). Hill's arguments and outdated legal authority ignore the significant improvements in videoconferencing and remote depositions which have occurred over the last twenty to thirty years. Current cases, particularly given the rise of remote depositions during the COVID-19 pandemic, are in accord that a remote deposition is appropriate. *See Health v. Nautilus Ins. Co*., 2022 WL 18031825, at *2 (S.D. Cal. Dec. 31, 2022) (approving a request for remote depositions and finding "courts in the Ninth Circuit have routinely authorized depositions to proceed remotely"); *see also Vargas v. Evergreen Pro. Recoveries Inc.*, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022); *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, 2021 WL 5043289, at *14 (S.D. Cal. Oct. 29, 2021).

Furthermore, Hill's complaint that Bauer has provided his availability on

August 25, 2023 rings hollow. Hill's counsel proposed that her deposition be conducted on August 26, 2023—after the deadline for depositions to be scheduled. Brown Decl. ¶ 12.

### B.   In the Alternative, Less Drastic Remedies Exist to Allow Sufficient Time For Depositions.

Although there is no need for ex parte relief, Bauer is willing to offer reasonable compromises relating to the scheduling of deposition, and had done so prior to Hill moving ex parte.

As an initial matter, the cut-off to serve any written discovery has already passed. Per the Court's August 23, 2022 Scheduling Order, all interrogatories, requests for production of documents and requests for admissions must be served at least forty-five days prior to the discovery cut-off date. Dkt. 43 at ¶ 4.B-D. With the current discovery cut-off date of September 1, 2023, the last day for written discovery was July 18, 2023. Hill has focused her Application on deposition scheduling and has not presented any argument as to her need to conduct additional written discovery. Therefore, there is no need to extend the non-expert discovery cut-off for any reason other than the limited purpose of conducting depositions. This is not in dispute.

Bauer would agree to stipulate to waive, for purposes on non-expert discovery, the Court's requirement that all depositions be scheduled to commence at least five working days prior to the discovery cut-off date. Dkt. 43 at ¶ 4.A. This would allow an additional five working days to conduct depositions.

In the alternative, Bauer would agree to stipulate to his proposed dates, which fall between the current dates and Hill's proposed dates. But Bauer cannot accept Hill's proposed dates. The current schedule is set forth to have thirty-five days between the initial disclosure of experts.[2] That reflects the timeline contemplated by

---

[2] The current order provides for the initial disclosure of experts on September 8, 2023 and the rebuttal disclosure of experts on October 13, 2023. Dkt. 101.

and agreed to by the parties in their May 17, 2023 stipulation. Dkt. 100. Hill proposes to nearly halve that amount, allowing for only eighteen days between the initial and rebuttal disclosures.[3] Hill has indicated in her application that she has retained various experts. It is unreasonable to expect Bauer to analyze Hill's experts and obtain rebuttal experts in just eighteen days. Bauer proposes a compromise of twenty-eight days.[4] Hill's proposals are particularly unreasonable given that extended deadlines were agreed to and ordered by the Court less than three months ago. Hill cannot point to sufficient changes in circumstances that would require such drastic changes. Bauer's proposals allow Hill additional time to complete depositions but avoid needlessly extending deadlines beyond what is reasonable.

## IV.   **CONCLUSION**

The Court should deny Hill's Application in its entirety. In the alternative, Bauer respectfully requests that the Court either (1) decline to modify dates in the Scheduling Order but provide relief from the rule requiring depositions to be conducted five business days prior to the close of non-expert discovery; or (2) modify the dates in the Scheduling Order as proposed by Bauer.

---

[3] Hill's proposal sets the initial disclosure of experts for October 9, 2023 and the rebuttal disclosure of experts for October 27, 2023

[4] Bauer's proposal sets the initial disclosure of Experts for September 29, 2023 and the rebuttal disclosure of Experts for October 27, 2023.

Dated:        August 4, 2023                    */s/ Blair G. Brown*

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com