Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
  espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
  jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Defendant/Counterclaimant,
Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>　　Defendants.<br><br>LINDSEY C. HILL,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>TREVOR BAUER,<br><br>　　　　Counter-Defendant, | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>Assigned for all purposes to the Hon. James V. Selna<br>Referred to Magistrate Judge Autumn D. Spaeth<br><br>**DISCOVERY MATTER:  JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2.1 REGARDING DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH THE JUNE 28th 2023 COURT ORDER REGARDING REQUESTS FOR PRODUCTION NOS. 87, 92 and 114**<br><br>Hearing Date:  August 30, 2023<br>Hearing Time:  10:00 am<br>Magistrate Judge: Autumn D. Spaeth<br>Department: 6B<br><br>Action Filed:　　April 25, 2022 |

1

Discovery Deadline: September 1, 2023
Pretrial Conference: January 22, 2024
Trial Date:            February 13, 2024

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WESIERSKI & ZUREK LLP
LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

1
2

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

3

I.      HILL'S INTRODUCTORY STATEMENT ......................................................... 6

4

II.     BAUER'S INTRODUCTORY STATEMENT ................................................. 7

5

III.    THE REQUESTS FOR PRODUCTION AT ISSUE ....................................... 8

6

IV.     HILL'S POSITION ON COMPELLING COMPLIANCE WITH JUNE
        28, 2023 COURT ORDER ................................................................................ 21

7

        A.      Factual Background ...................................................................... 21

8

        B.      Legal Argument ............................................................................ 22

9

        C.      Plaintiff is in Contempt of Court ............................................... 23

10

        D.      Defendant Simply Seeks Immediate Production of the MLB
                Documents Before Depositions Begin ........................................ 24

11

        E.      Conclusion .................................................................................... 25

12

V.      BAUER'S POSITION ........................................................................................ 25

13

        A.      Factual Background. ..................................................................... 25

14

        B.      Bauer Has Meaningfully Complied With The Court's June 28,
                2023 Order. .................................................................................. 28

15
16

                1.      Civil contempt sanctions are not warranted when a party
                        complies—or even substantially complies—with a court
                        order. .................................................................................. 28

17
18

                2.      This Court denied Hill's motion to compel the arbitration-
                        related documents she seeks in this motion. ...................... 28

19
20

                3.      Bauer produced all non-privileged documents in his
                        possession responsive to RFP No. 87. ............................... 30

21
22

                4.      Bauer does not possess any non-privileged documents
                        responsive to RFP No. 92. ................................................. 31

23

                5.      Bauer produced all non-privileged documents in his
                        possession responsive to RFP No. 114. ............................. 33

24
25
26
27
28

JOINT STIPULATION PURSUANT TO LR 37-2.1

WESIERSKI & ZUREK LLP
LAWYERS

**TABLE OF AUTHORITIES**

**Pages(s)**

**Federal Cases**

*Ayres v. Walsh,*
  21F.3d 1112 (9th Cir. 1994) ...............................................................23, 24

*Balla v. Idaho State Bd. of Corrs.,*
  869 F.2d 461 (9th Cir. 1989) .....................................................................24

Constr. Lab Tr. Funds for S. California Admin. Co. v. Domenech,
  2008 WL 4852945 (C.D. Cal. Nov. 6, 2008) ...................................23, 24

*Dual-Deck Video Cassette Recorder Antitrust Litigation,*
  10 f.3d 693 (9th Cir. 1993) ..................................................................24, 28

*Eaconomy, LLC v. Auvoria Prime, LLC,*
  482 F. Supp. 3d 1030 (E.D. Cal. 2020) ......................................................28

*Fahmy v. Jay-Z,*
  2013 WL 2897869 (C.D. Cal. June 10, 2013) .....................................23, 24

*Fed. Trade Comm. v. Prod Marketing,*
  136 F. Supp. 2d 1096, (C.D. Cal. 2001) ...............................................23, 24

*Gen. signal Corp. v. Donallco, Inc.,*
  787 F.2d 1376 (1986) ............................................................................23, 24

*Schaeffer v. Gregory Vill. Partners, L.P.,*
  78 F. Supp. 3d 1198 (N.D. Cal. 2015) ......................................................34

*Spallone v. United States,*
  493 U.S. 265 (1990) ..................................................................................23

*United States v. United Mine Workers,*
  330 U.S. 258, 304 (1947) .........................................................................24

**State Cases**

*John B. v. Superior Ct.,*
  38 Cal. 4th 1177, (Cal. 2006) .............................................................9, 14

*OXY Resources California LLC v. Superior Court,*
  115 Ca. App. 4th 874 (2004) ..................................................................32

*Raytheon Co. v. Superior Court.,*
  208 Cal. App. 3d 683 (Ct. App. 1989) .....................................................32

*Williams v. Superior Ct.,*
  3 Cal. 5th 531, 556 (Cal. 2017) .........................................................9, 14

WESIERSKI & ZUREK LLP

LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

**Federal Statutes**

Federal Rule of Civil Procedure 16 ........................................................................ 23

Federal Rule of Civil Procedure 26(b)(5)(A)(ii) ........................ 10-13, 15-17. 19, 20

**State Statutes**

California Evidence Code §912(d) .......................................................................... 32

California Evidence Code §952 ........................ 7, 10-12, 15-17. 19, 20, 27, 31, 2, 33

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WESIERSKI & ZUREK LLP
LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

### JOINT STIPULATION REGARDING DEFENDANT AND COUNTERCLAIMANT'S MOTION TO COMPEL COMPLIANCE WITH JUNE 28th 2023 COURT ORDER REGARDING REQUESTS FOR PRODUCTION, NOS. 87, 92, 114.

Pursuant to Local Rule 37-2, defendant and counterclaimant Lindsey Hill and plaintiff and counter-defendant Trevor Bauer submit this Joint Stipulation (the "Joint Stipulation") relating to Hill's Motion to Compel Plaintiff's Compliance with the Court's June 28, 2023 Order to provide further responses to her Requests for Production of Documents, Nos. 87, 92, and 114. Following multiple conferences of counsel conducted on July 31, 2023, and August 2, 2023, the parties were unable to reach an agreement with respect to the discovery dispute at issue.

## I.   HILL'S INTRODUCTORY STATEMENT

Defendant does not relish having to bring this Motion, but time is of the essence. Plaintiff Trevor Bauer ("Plaintiff" or "Bauer") has acted with disregard for the rules promulgated by this Court. Defendant having already successfully brought and prevailed on a Motion to Compel Plaintiff to Produce Documents (see Dkt. Nos. 102, 135), Defendant Lindsey Hill ("Defendant" or "Hill") is forced to seek the Court's continued assistance in ensuring Plaintiff complies with the lawful order to produce documents within 30 days issued by this Court on June 28, 2023 (see Dkt. No. 135).

Through discovery, Hill has propounded several Requests for Production that seek documents related to Major League Baseball's ("MLB") investigation of Bauer, MLB's discipline of Bauer for violating the Domestic Violence Policy, and Bauer's challenge of that suspension through the MLB Arbitration. Bauer has refused to produce any responsive documents, claiming that the purported confidential nature of those proceedings somehow overrides Hill's entitlement to otherwise discoverable and relevant information. Bauer is wrong, and the Court already determined as such in its June 28, 2023 Order.

As of the filing of this Motion, Plaintiff has still failed to comply with this

WESIERSKI & ZUREK LLP
LAWYERS

1  Court's order and turn over the highly relevant MLB Arbitration documents that have
2  already been the subject of a prior discovery motion and order. Accordingly,
3  Defendant was left with no choice but to file this Motion to seek the Court's assistance
4  in enforcing that order.

5  **II.     BAUER'S INTRODUCTORY STATEMENT**

6       Hill claims that Bauer violated the Court's June 28, 2023 Order by failing to
7  "turn over the highly relevant MLB Arbitration documents that have already been the
8  subject of a prior discovery motion and order." Bauer is genuinely perplexed as to
9  why Hill would claim this. It is undisputed that the Court ***denied*** Hill's motion to
10  compel the MLB arbitration documents—a critical fact Hill fails to mention anywhere
11  in her portion of this Joint Stipulation. To be sure, the Court did grant Hill's motion
12  to compel responses to RFP Nos. 87, 92, and 114, which related to MLB placing
13  Bauer on administrative leave, MLB's investigation, and the resulting suspension. But
14  the Court denied Hill's motion to compel a response to RFP No. 93, which sought
15  arbitration materials. Of course, Bauer did not produce any arbitration records.
16  Because the Court denied Hill's motion to compel those records.

17       On July 28, 2023, as ordered by this Court, Bauer produced all non-privileged
18  documents in his possession to Hill in response to RFPs No. 87, 92, and 114. Hill is
19  factually incorrect that Bauer withheld any documents based on "the purported
20  confidential nature of those proceedings" or for any reason other than privilege. Bauer
21  did no such thing. The ***only*** documents Bauer withheld in response to RFPs No. 87,
22  92, and 114 are documents subject to the attorney-client privilege and attorney work
23  product protection, including documents within the scope of California Evidence
24  Code § 952 and the common interest doctrine.

25       There is simply no doubt that Bauer has complied with the Court's June 28,
26  2023 Order. And there is no legitimate reason for Hill bringing this motion; it is
27  merely an attempt at a second bite at the apple to obtain the arbitration-related
28  documents to which this Court previously denied her access. If Hill wanted

WESIERSKI & ZUREK LLP
LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

WESIERSKI & ZUREK LLP

LAWYERS

1  arbitration-related documents, she should have sought reconsideration of the Court's

2  June 28, 2023 Order. Instead, she seeks to enforce a purported "Order" compelling

3  the production of arbitration-related documents that the Court never issued and

4  expressly denied. Hill's motion to compel compliance with the Court's June 28, 2023

5  Order must be denied.

6  ## III.   THE REQUESTS FOR PRODUCTION AT ISSUE

7  ## REQUEST FOR PRODUCTION NO. 87:

8  Produce all DOCUMENTS containing statements, interviews or testimony

9  YOU have provided in connection with any investigation regarding allegations of

10  physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape

11  made against YOU, including without limitation, any investigation conducted by

12  any LAW ENFORCEMENT authorities or Major League Baseball.

13  ## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

14  Bauer incorporates by reference his General Objections and Objections to

15  Definitions set forth above. Bauer further objects to the terms "physical violence,"

16  "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague,

17  ambiguous, and overbroad because Hill has not provided a definition of any of these

18  terms. Bauer further objects to this Request to the extent that it is overly broad, unduly

19  burdensome, and not proportional to the needs of the case. Bauer further objects to

20  this Request to the extent that it seeks information or documents that are neither

21  relevant to any claims or defenses in this case nor reasonably calculated to lead to

22  discovery of admissible evidence. Bauer further objects to this Request because it

23  contains no limitation on time period and, thus, is overly broad and not relevant to the

24  claims or defenses of any party and not reasonably calculated to lead to the discovery

25  of admissible evidence. Bauer further objects to this Request on the grounds that it

26  seeks information that already is in Hill's possession, custody, or control, was

27  previously provided to or from Hill's counsel, is publicly available, is in the

28  possession of third parties, or is equally available to, or equally within the knowledge

8

1  and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the

2  extent that it seeks information covered by the attorney-client privilege, the work

3  product doctrine, or any other privilege or immunity from production. Bauer further

4  objects to this Request to the extent that it seeks documents that Bauer has a statutory,

5  contractual, or other duty to maintain as confidential, including, but not limited to,

6  documents related to confidential arbitration proceedings.

7        Bauer further objects because this Request seeks documents protected by the

8  right to privacy under the California Constitution, both as to Bauer and any third

9  parties, to the extent such third parties exist, and Hill has not shown a compelling need

10  for the information, to the extent it exists. *John B. v. Superior Ct.,* 38 Cal. 4th 1177,

11  1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning

12  sexual matters protected by the constitutional right of privacy, the intrusion upon

13  sexual privacy may only be done on the basis of practical necessity"); *Williams v.*

14  *Superior Ct.,* 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required

15  to justify an obvious invasion of an interest fundamental to personal autonomy.").

16        Subject to and without waiving the foregoing objections, Bauer will produce

17  non-privileged, responsive documents in his possession, custody or control containing

18  statements, interviews or testimony he or his counsel have provided to the Pasadena

19  Police Department relating to Hill's allegations to the extent they can be found after

20  a reasonably diligent search. Bauer will not produce documents related to any

21  interviews or investigation conducted by Major League Baseball for which he has a

22  contractual duty to maintain as confidential or are otherwise protected from

23  disclosure.

24  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

25        Bauer incorporates by reference his General Objections and Objections to

26  Definitions set forth above. Bauer further objects to this Request to the extent that it

27  seeks information covered by the attorney-client privilege (including the common

28  interest attorney-client privilege), the work product doctrine (including the common

WESIERSKI & ZUREK LLP

LAWYERS

9

WESIERSKI & ZUREK LLP

LAWYERS

1   interest work product doctrine), or any other privilege or immunity from production.

2       Subject to and without waiving the foregoing objections, Bauer will produce

3   non-privileged, responsive documents in his possession, custody or control

4   containing statements, interviews, or testimony he or his counsel have provided in

5   connection with any investigation regarding allegations of physical violence, abuse,

6   sexual battery, sexual abuse, battery, assault, and/or rape made against Bauer,

7   including such statements, interviews, or testimony made to law enforcement

8   agencies and Major League Baseball.

9       Documents, if any, containing statements, interviews, or testimony Mr. Bauer

10   or his counsel provided in connection with the MLB arbitration are not responsive to

11   this request because the arbitration proceeding is not an investigation and the MLB

12   investigation of Mr. Bauer had concluded prior to the commencement of the

13   arbitration proceeding. If this Request were to be construed to apply to the MLB

14   arbitration proceedings, Bauer objects to the Request on the grounds asserted above

15   in this Response and on the additional grounds of overbreadth, proportionality, his

16   and the involved third parties' contractual duty to maintain the confidentiality of the

17   arbitration proceedings, and his and the involved third parties' rights to privacy

18   under the California and United States Constitutions that Hill has not overcome by

19   showing a compelling need for the information.

20       Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will

21   describe the nature of the documents, communications, or tangible things not

22   produced or disclosed—and do so in a manner that, without revealing information

23   itself privileged or protected, will enable other parties to assess the claim. Pursuant

24   to California Evidence Code § 952, the attorney-client privilege extends to those

25   who are "present to further the interest of the client in the consultation or those to

26   whom disclosure is reasonably necessary for the transmission of the information or

27   the accomplishment of the purpose for which the lawyer is consulted."

28       The documents responsive to this request are communications between or

among: Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball Players Association (MLBPA), with whom Bauer and his counsel have a common interest privilege and protection and who is a person encompassed by the privilege afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his consultants; and his consultants for the purposes of providing and facilitating legal advice and representation. All such communications were to further the interest of the client in the legal representation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted.

No other third persons are parties to these communications. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required to assess the claim of privilege.

**AMENDED FURTHER  RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common interest work product doctrine), or any other privilege or immunity from production.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control containing statements, interviews, or testimony he or his counsel have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Bauer, including such statements, interviews, or testimony made to law enforcement agencies and Major League Baseball.

Documents, if any, containing statements, interviews, or testimony Mr. Bauer

WESIERSKI & ZUREK LLP
LAWYERS

1   or his counsel provided in connection with the MLB arbitration are not responsive to

2   this request because the arbitration proceeding is not an investigation and the MLB

3   investigation of Mr. Bauer had concluded prior to the commencement of the

4   arbitration proceeding. If this Request were to be construed to apply to the MLB

5   arbitration proceedings, Bauer objects to the Request on the grounds asserted above

6   in this Response and on the additional grounds of overbreadth, proportionality, his

7   and the involved third parties' contractual duty to maintain the confidentiality of the

8   arbitration proceedings, and his and the involved third parties' rights to privacy

9   under the California and United States Constitutions that Hill has not overcome by

10  showing a compelling need for the information.

11         Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will

12  describe the nature of the documents, communications, or tangible things not

13  produced or disclosed—and do so in a manner that, without revealing information

14  itself privileged or protected, will enable other parties to assess the claim. Pursuant

15  to California Evidence Code § 952, the attorney-client privilege extends to those

16  who are "present to further the interest of the client in the consultation or those to

17  whom disclosure is reasonably necessary for the transmission of the information or

18  the accomplishment of the purpose for which the lawyer is consulted." The

19  documents responsive to this request are communications between or among:

20  Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball

21  Players Association (MLBPA), with whom Bauer and his counsel have a common

22  interest privilege and protection and who is a person encompassed by the privilege

23  afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his

24  counsel, and his consultants; Bauer and his consultants; and his consultants for the

25  purposes of providing and facilitating legal advice and representation. All such

26  communications were to further the interest of the client in the legal representation

27  or those to whom disclosure is reasonably necessary for the transmission of the

28  information or the accomplishment of the purpose for which the lawyer is consulted.

WESIERSKI & ZUREK LLP
LAWYERS

No other third persons are parties to these communications. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required to assess the claim of privilege.

**REQUEST FOR PRODUCTION NO. 92:**

Produce all DOCUMENTS that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to the terms "communications," "physical violence," "abuse," "sexual battery," "sexual abuse," "battery," "assault," and "rape" as vague, ambiguous, and overbroad because Hill has not provided a definition of any of these terms. Bauer further objects to this Request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Bauer further objects to this Request to the extent that it seeks information or documents that are neither relevant to any claims or defenses in this case nor reasonably calculated to lead to discovery of admissible evidence. Bauer further objects to this Request because it contains no limitation on time period and, thus, is overly broad and not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. Bauer further objects to this Request on the grounds that it seeks information that already is in Hill's possession, custody, or control, was previously provided to or from Hill's counsel, is publicly available, is in the possession of third parties, or is equally available to, or equally within the knowledge and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production. Bauer further objects to this Request to the extent that it seeks documents that Bauer has a statutory, contractual, or other duty to maintain as confidential,

Wesierski & Zurek LLP
LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

1  including, but not limited to, documents related to confidential arbitration

2  proceedings.

3      Bauer further objects because this Request seeks documents protected by the

4  right to privacy under the California Constitution, both as to Bauer and any third

5  parties, to the extent such third parties exist, and Hill has not shown a compelling need

6  for the information, to the extent it exists. *John B. v. Superior Ct.,* 38 Cal. 4th 1177,

7  1200 (Cal. 2006) ("Where a plaintiff seeks discovery from a defendant concerning

8  sexual matters protected by the constitutional right of privacy, the intrusion upon

9  sexual privacy may only be done on the basis of practical necessity"); *Williams v.*

10 *Superior Ct.,* 3 Cal. 5th 531, 556 (Cal. 2017) ("A 'compelling interest' is still required

11 to justify an obvious invasion of an interest fundamental to personal autonomy.").

12     Bauer will not produce any documents in response to this Request, to the extent

13 any exist.

14 **<u>FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 92:</u>**

15     Bauer incorporates by reference his General Objections and Objections to

16 Definitions set forth above. Bauer objects to this request as overbroad and

17 disproportionate. Bauer further objects to this Request to the extent that it seeks

18 information covered by the attorney-client privilege (including the common interest

19 attorney-client privilege), the work product doctrine (including the common interest

20 work product doctrine), or any other privilege or immunity from production.

21     Documents, if any, that reflect communications with Major League Baseball in

22 connection with the MLB arbitration will not be produced. Bauer objects to the

23 production of documents concerning the arbitration proceeding on the additional

24 grounds of overbreadth, proportionality, his and the involved third parties' contractual

25 duty to maintain the confidentiality of the arbitration proceedings, and his and the

26 involved third parties' rights to privacy under the California and United States

27 Constitutions that Hill has not overcome by showing a compelling need for the

28 information.

WESIERSKI & ZUREK LLP
LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against Bauer.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Pursuant to California Evidence Code § 952, the privilege extends to those who are "present to further the interest of the client in consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted."

The privileged documents possibly responsive to this request are communications between or among: Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball Players Association (MLBPA), with whom Bauer and his counsel have a common interest privilege and protection and who is a person encompassed by the privilege afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his consultants; and his consultants for the purposes of providing and facilitating legal advice and representation. All such communications were to further the interest of the client in the legal representation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted.

No other third persons are parties to these communications. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required to assess the claim of privilege.

**AMENDED FURTHER RESPONSE TO REQUEST FOR PRODUCTION**

WESIERSKI & ZUREK LLP
LAWYERS

15

JOINT STIPULATION PURSUANT TO LR 37-2.1

**NO. 92:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common interest work product doctrine), or any other privilege or immunity from production.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control that reflect communications with Major League Baseball regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape against Bauer. Bauer does not construe this Request to include documents concerning the arbitration proceeding because the arbitration proceeding is distinct from, and came after, the administrative leave and suspension.

If this Request were to be construed to apply to the MLB arbitration proceedings, Bauer objects to the Request on the grounds asserted above in this Response and on the additional grounds of overbreadth, proportionality, his and the involved third parties' contractual duty to maintain the confidentiality of the arbitration proceedings, and his and the involved third parties' rights to privacy under the California and United States Constitutions that Hill has not overcome by showing a compelling need for the information.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Pursuant to California Evidence Code § 952, the privilege extends to those who are "present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." The documents responsive to this

WESIERSKI & ZUREK LLP
LAWYERS

1  request are communications between or among Bauer's counsel, Bauer's counsel and

2  counsel for the Major League Baseball Players Association (MLBPA), with whom

3  Bauer and his counsel have a common interest privilege and protection and who is a

4  person encompassed by the privilege afforded by California Evidence Code § 952;

5  Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his

6  consultants; and his consultants for the purposes of providing and facilitating legal

7  advice and representation All such communications were to further the interest of the

8  client in the legal representation or those to whom disclosure is reasonably necessary

9  for the transmission of the information or the accomplishment of the purpose for

10 which the lawyer is consulted.

11 No other third persons are parties to these communications. Pursuant to Federal

12 Rule of Civil Procedure 26(b)(5)(ii), no additional information is required to assess

13 the claim of privilege.

14 **REQUEST FOR PRODUCTION NO. 114:**

15 Produce all DOCUMENTS related to Major League Baseball's suspension of

16 YOU and/or placing YOU on administrative leave.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

18 Bauer incorporates by reference his General Objections and Objections to

19 Definitions set forth above. Bauer further objects to this Request on the grounds that

20 it seeks information that already is in Hill's possession, custody, or control, was

21 previously provided to or from Hill's counsel, is publicly available, is in the

22 possession of third parties, or is equally available to, or equally within the knowledge

23 and possession of, Hill as it is to Bauer. Bauer further objects to this Request to the

24 extent that it seeks information covered by the attorney-client privilege, the work

25 product doctrine, or any other privilege or immunity from production. Bauer further

26 objects to this Request to the extent that it seeks documents that Bauer has a statutory,

27 contractual, or other duty to maintain as confidential, including, but not limited to,

28 documents related to confidential arbitration proceedings. Bauer further objects to this

WESIERSKI & ZUREK LLP
LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

1    Request to the extent that it is overly broad, unduly burdensome, and not proportional

2    to the needs of the case. Bauer further objects to this Request to the extent that it seeks

3    financial and/or business information that goes beyond the scope of information

4    relevant to his claim for damages.

5        Bauer will not produce the documents related to the administrative leave and

6    suspension imposed by Major League Baseball for which he has a contractual duty to

7    maintain as confidential. Subject to and without waiving that objection and the other

8    foregoing objections, Bauer will produce non-privileged, responsive documents in his

9    possession, custody or control to the extent they can be found after a reasonably

10   diligent search.

11   **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

12       Bauer incorporates by reference his General Objections and Objections to

13   Definitions set forth above. Bauer further objects to this Request to the extent that it

14   seeks information covered by the attorney-client privilege (including the common

15   interest attorney-client privilege), the work product doctrine (including the common

16   interest work product doctrine), or any other privilege or immunity from production.

17   ubject to and without waiving the foregoing objections, Bauer will produce non-

18   privileged, responsive documents in his possession, custody or control related to

19   Major League Baseball's suspension of him and/or placing him on administrative

20   leave. Bauer does not construe this Request to include documents concerning the

21   arbitration proceeding because the arbitration proceeding is distinct from, and came

22   after, the administrative leave and suspension.

23       If this Request were to be construed to apply to the MLB arbitration

24   proceedings, Bauer objects to the Request on the grounds asserted above in this

25   Response and on the additional grounds of overbreadth, proportionality, his and the

26   involved third parties' contractual duty to maintain the confidentiality of the

27   arbitration proceedings, and his and the involved third parties' rights to privacy under

28   the California and United States Constitutions that Hill has not overcome by showing

WESIERSKI & ZUREK LLP
LAWYERS

18

a compelling need for the information.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Pursuant to California Evidence Code § 952, the privilege extends to those who are "present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." The documents responsive to this request are communications between or among Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball Players Association (MLBPA), with whom Bauer and his counsel have a common interest privilege and protection and who is a person encompassed by the privilege afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his consultants; and his consultants for the purposes of providing and facilitating legal advice and representation All such communications were to further the interest of the client in the legal representation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted.

No other third persons are parties to these communications. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(ii), no additional information is required to assess the claim of privilege.\

**AMENDED FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Bauer incorporates by reference his General Objections and Objections to Definitions set forth above. Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege (including the common interest attorney-client privilege), the work product doctrine (including the common

19

WESIERSKI & ZUREK LLP
LAWYERS

interest work product doctrine), or any other privilege or immunity from production.

Subject to and without waiving the foregoing objections, Bauer will produce non-privileged, responsive documents in his possession, custody or control related to Major League Baseball's suspension of him and/or placing him on administrative leave. Bauer does not construe this Request to include documents concerning the arbitration proceeding because the arbitration proceeding is distinct from, and came after, the administrative leave and suspension.

If this Request were to be construed to apply to the MLB arbitration proceedings, Bauer objects to the Request on the grounds asserted above in this Response and on the additional grounds of overbreadth, proportionality, his and the involved third parties' contractual duty to maintain the confidentiality of the arbitration proceedings, and his and the involved third parties' rights to privacy under the California and United States Constitutions that Hill has not overcome by showing a compelling need for the information.

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), Bauer will describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Pursuant to California Evidence Code § 952, the privilege extends to those who are "present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." The documents responsive to this request are communications between or among Bauer's counsel, Bauer's counsel and counsel for the Major League Baseball Players Association (MLBPA), with whom Bauer and his counsel have a common interest privilege and protection and who is a person encompassed by the privilege afforded by California Evidence Code § 952; Bauer and his counsel; Bauer, his counsel, and his consultants; Bauer and his consultants; and his consultants for the purposes of providing and facilitating legal

WESIERSKI & ZUREK LLP
LAWYERS

JOINT STIPULATION PURSUANT TO LR 37-2.1

advice and representation

## IV.   HILL'S POSITION ON COMPELLING COMPLIANCE WITH JUNE 28, 2023 COURT ORDER

### A.   Factual Background

On May 18, 2023 Defendant filed her Motion to Compel Plaintiff to Produce documents. Despite multiple meet and confer attempts by Defendant's counsel, including the provision of much of the same substantive law that was included in Defendant's Motion to Compel, the parties were unable to reach an agreement wherein Plaintiff would produce the MLB Arbitration documents concerning the same set of factual allegations that are the subject of this action; namely Plaintiff's alleged sexual assault of multiple individuals, including Defendant. Instead, Plaintiff's counsel continued to provide objections and assert that they were entitled to rely on the bilateral confidentiality provision between Plaintiff and MLB to deny Defendant highly relevant and discoverable information.

On June 28, 2023 Defendant's Motion to Compel was heard by the Hon. Autumn D. Spaeth, United States Magistrate Judge. After carefully considering the fully briefed Motion, and Plaintiff's Opposition thereto, Judge Spaeth granted in part Defendant's Motion. Judge Spaeth specifically noted "the Court is not bound by the MLB's contract requirements of confidentiality with Bauer and Hill and that Bauer has waived his privacy objections by failing to assert them. . ." in regards to Defendant's Request for Production ("RFP") No. 114 seeking documents related to MLB's suspension of Bauer. (See Transcript 51:19-22.)

Judge Spaeth also determined that Defendant was entitled to documents containing statements, interviews, or testimony Bauer provided in connection with any investigations concerning physical violence, abuse, sexual battery, sexual abuse, battery, assault and/or rape, including any investigations conducted by law enforcement or MLB (Defendant's RFP No. 87.) Specifically, Judge Spaeth determined the "investigations conducted by MLB or law enforcement have all the

21

WESIERSKI & ZUREK LLP
LAWYERS

1   same underlying facts at issue in this case, and while there may be a privacy right, it

2   does not apply to these specific documents, and the interests are outweighed by

3   Hill's compelling need for the information for the claims and defenses at issue." (See

4   Transcript 52:1-6.)

5        Finally, Judge Spaeth also determined that Defendant was entitled to

6   documents reflecting Plaintiff's communications with MLB regarding allegations of

7   physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape

8   against Plaintiff. (Defendant's RFP No. 92.) Judge Spaeth concluded Defendant "has

9   met her burden of establishing that the requested information is relevant and that

10  any rights of privacy are outweighed by Hill's compelling need for the information

11  for the claims and defenses asserted in this case." (See Transcript 52:8-12.)

12       Judge Spaeth then issued a Minute Order on June 28th, 2023 at the conclusion

13  of the hearing. Therein, Judge Spaeth set an extended 30 day deadline for Plaintiff to

14  produce the documents subject to the Court's order. Specifically, the order stated

15  "The motions [102], [110] are GRANTED IN PART, DENIED IN PART as

16  reflected on the record. **Document production and supplemental responses are**

17  **due in 30 days or a date mutually agreed to by the parties.**" (Dkt. No. 135,

18  emphasis added.) The parties did not mutually agree to another date and therefore

19  Plaintiff's document production and supplemental responses were due July 28, 2023.

20  Despite the plain language of Judge Spaeth's order, Plaintiff has still failed to

21  comply and produce the documents this Court has already determined are highly

22  relevant to this action. Instead, Plaintiff produced a series of further objections and a

23  smattering of documents already released publicly by Plaintiff and MLB, such as

24  press releases. This production by Plaintiff clearly fails to comply with both the

25  spirit and substance of the Court's order and it necessitated Defendant's bringing the

26  instant motion.

27       **B.    Legal Argument**

28       Pursuant to the Court's inherent power to enforce its orders through civil

JOINT STIPULATION PURSUANT TO LR 37-2.1

1  contempt, as well as pursuant to its power to sanction under Federal Rule of Civil

2  Procedure 16 and its inherent authority to manage its docket, Defendant respectfully

3  requests that Plaintiff be sanctioned via the methods described herein as a result of

4  his continued noncompliance with the Court's orders.

5         **C.     Plaintiff is in Contempt of Court**

6        This Court has broad authority to find Plaintiff in contempt of court for

7  disobeying its orders against him. *See Ayres v. Walsh,* 21 F.3d 1112, at *1 (9th Cir.

8  1994) (unpublished) ("A court has wide latitude in determining whether there has

9  been contemptuous defiance of its order."); *Fed. Trade Comm. v. Prod. Marketing,*

10  136 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001) ("Courts have inherent power to

11  enforce compliance with their lawful orders through civil contempt.") (quoting

12  *Spallone v. United States,* 493 U.S. 265, 276 (1990)).

13        A finding of civil contempt is warranted when a party has failed to comply

14  with even a ***single*** court order. *Gen. Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376,

15  1379 (9th Cir. 1986); *see also Constr. Lab. Tr. Funds for S. California Admin. Co.*

16  *v. Domenech,* 2008 WL 4852945, at *2 (C.D. Cal. Nov. 6, 2008). Here, Plaintiff has

17  effectively refused to comply with the June 28, 2023 Order of this Court. Such

18  noncompliance is the epitome of behavior warranting civil contempt. *See Donallco,*

19  *Inc.,* 787 F.2d at 1379.

20        While substantial compliance with a court order can be a defense to civil

21  contempt, *see, e.g., Donallco, Inc.,* 787 F.2d at 1379, here, Plaintiff has not

22  produced *any* of the documents that were the subject of Defendant's Motion, much

23  less an amount which would constitute "substantial compliance." Nor can Plaintiff

24  argue his noncompliance was due to a "good faith and reasonable interpretation" of

25  the Court's Order. *See Fahmy v. Jay-Z,* 2013 WL 2897869, at *1 (C.D. Cal. June 10,

26  2013). The Court's June 28, 2023 Order made clear that Plaintiff was to produce

27  documents responsive to Defendant's discovery requests and that any assertions of

28  privilege or privacy were outweighed by the compelling need for the information.

**WESIERSKI & ZUREK LLP**
LAWYERS

1   The June 28th Order was both specific and definite in ordering production and
2   ordering that it be completed within 30 days absent an agreement between the
3   parties. (Dkt. No. 135.) *See Prod. Marketing,* 136 F. Supp. at 1107 (quoting *In re*
4   *Dual-Deck Video Cassette Recorder Antitrust Litigation,* 10 F.3d 693, 695 (9th Cir.
5   1993)); *compare Jay-Z,* 2013 WL 2897869, at *1 (quoting *Balla v. Idaho State Bd.*
6   *of Corrs.,* 869 F.2d 461, 465 (9th Cir. 1989). Plaintiff has not produced any of the
7   MLB Arbitration documents as ordered, and, therefore, a finding of civil contempt
8   is proper. *See, e.g., Domenech,* 2008 WL 4852945, at *2.

9       **D.**    **Defendant Simply Seeks Immediate Production of the MLB**
10             **Documents Before Depositions Begin**

11       Sanctions for civil contempt may be imposed to "coerce obedience to a court
12   order," to "compensate the party pursuing the contempt action for injuries resulting
13   from the contemptuous behavior," or both. *Donallco, Inc.,* 787 F.2d at 1380; *see*
14   *also Ayres,* 21 F.3d 1112; *Prod. Marketing,* 136 F. Supp. at 1112. Compensatory
15   sanctions are based on a party's actual losses and are to be paid to the injured party.
16   *Donallco, Inc.,* 787 F.2d at 1380 (citing *United States v. United Mine Workers,* 330
17   U.S. 258, 304 (1947)); *Prod. Marketing,* 136 F. Supp. at 1112. Coercive sanctions
18   may be payable to the court. *See id.; but see Domenech,* 2008 WL 4852945, at *2-3
19   (ordering coercive sanctions to be awarded to party). In determining the amount of a
20   coercive sanction, the Court should consider "the character and magnitude of the
21   harm threatened by continued contumacy," and "the probable effectiveness of any
22   suggested sanction." *Donallco, Inc.,* 787 F.2d at 1380.

23       More than 13 depositions are set to begin in this case, with the first starting on
24   August 4, 2023. Most of those depositions are of third party witnesses who may not
25   be available for trial. Defendant Hill desperately needs the MLB documents to
26   conduct a thorough and complete examination of these witnesses. While Hill could
27   request coercive and compensatory sanctions for Plaintiff's failure to comply, she
28   chooses not to do so. Hill merely requests an immediate Order for compliance with

JOINT STIPULATION PURSUANT TO LR 37-2.1

WESIERSKI & ZUREK LLP
LAWYERS

the June 28, 2023 Order from Magistrate Judge.

### E.     Conclusion

Plaintiff continues to demonstrate his disregard for the orders of this Court with his failure to produce critical documents as required by the June 28 Order. Defendant therefore respectfully requests that Plaintiff be ordered to immediately provide the critical MLB Arbitration documents before the August 4, 2023 and ensuing depositions proceed.

## V.     BAUER'S POSITION

### A.     Factual Background.

As general background, Bauer was placed on administrative leave by MLB on July 2, 2021 pending MLB's investigation into Hill's allegations. Declaration of Jon R. Fetterolf ("Fetterolf Decl.") at ¶ 2. MLB then conducted its investigation and ultimately suspended Bauer for two seasons on April 29, 2022. *Id*. at ¶¶ 3-4. After the administrative leave, MLB's investigation, and the suspension, the MLB Players Association ("Players Association") immediately filed a grievance and an arbitration proceeding began where the Players Association sought to have the suspension overturned, or at least reduced significantly, which it was. *Id.* at ¶ 5. Bauer also retained separate litigation counsel—the law firms of Zuckerman Spaeder LLP and Kinsella Holley Iser Kump Steinsapir LLP—to represent him through the investigation, suspension, and arbitration. *Id*. at ¶ 6. Bauer's litigation counsel and the Players Association counsel naturally communicated about the investigation, and later the arbitration, for the purpose of providing a defense to Bauer. *Id*. at ¶¶ 28-31.

On January 10, 2023, Hill served one hundred and forty requests for production on Bauer in this case. *Id*. at ¶ 7. Certain requests related to the administrative leave, investigation, and suspension. *See, e.g*., RFP Nos. 87, 92, and 114 (the Requests at issue in this motion); *see also* Fetterolf Decl. at ¶ 8. Other requests related to the subsequent arbitration. *See, e.g*., RFP No. 93; *see also* Fetterolf Decl. at ¶ 8. Other requests related to other topics. Fetterolf Decl. at ¶ 8. Hill agrees that she served

JOINT STIPULATION PURSUANT TO LR 37-2.1

WESIERSKI & ZUREK LLP
LAWYERS

separate requests for documents in these discrete categories, stating in this Joint Stipulation that she propounded requests related to: "Major League Baseball's ("MLB") investigation of Bauer," "MLB's discipline of Bauer for violating the Domestic Violence Policy," and "Bauer's challenge of that suspension through the MLB Arbitration," respectively. Stip. at 2.

On May 18, 2023, Hill filed a motion to compel relating to a few of her document requests seeking various categories of MLB-related records. Fetterolf Decl. at ¶ 9. She moved to compel responses to Request Nos. 87, 92, and 114, which all sought documents relating to the administrative leave, investigation, and suspension. *See supra* pp. 4-17 (reproducing language of RFP Nos. 87, 92, and 114). She also moved to compel a response to Request No. 93, which sought documents relating to the arbitration. Fetterolf Decl. at ¶ 9. As Hill does not mention Request No. 93 in this Joint Stipulation whatsoever, Bauer reproduces it below for ease of reference. Request No. 93 seeks:

> "[A]ll DOCUMENTS from the Major League Baseball arbitration proceeding concerning YOUR suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through discovery in that proceeding."

*Id*. at ¶ 10.

On June 28, 2023, this Court held a hearing on Hill's motion to compel. *Id*. at ¶ 11. The Court granted her motion with respect to Request Nos. 87, 92, and 114. *Id*. The Court denied her motion with respect to Request No. 93, holding that: "[t]his request is largely overbroad, and I find that Ms. Hill has not met her burden of establishing that the requested information is proportional to this case." *Id*., Ex. A (Tr. at 52:14-16). The Court ordered Bauer to respond to Request Nos. 87, 92, and 114 within thirty days, or by July 28, 2023. *Id*. at ¶ 12.

On July 28, 2023, Bauer timely served amended written responses to Request Nos. 87, 92, and 114, as well as produced non-privileged documents responsive to

WESIERSKI & ZUREK LLP
LAWYERS

those Requests.[1] *Id*. at ¶ 13. Bauer's July 28, 2023 document production consisted of all of the non-privileged documents in Bauer's possession. *Id*. at ¶ 14.

In Bauer's amended written responses, he provided a more fulsome explanation of the documents he was withholding on privilege grounds, consistent with the manner with which the parties have agreed to describe privilege grounds for each other in this case. *Id*. at ¶¶ 17-19. Bauer's initial responses had stated, with respect to privilege: "Bauer further objects to this Request to the extent that it seeks information covered by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from production." *See supra* pp. 5, 10, 14. In his amended responses, Bauer provided more exacting details on the basis for his claims of privilege for the benefit of Hill's counsel to assess them or challenge them. Fetterolf Decl. at ¶¶ 17-19. Primarily, Bauer explained that he was withholding certain communications between the Players Association counsel and his litigation counsel, and communications between his litigation counsel and his consultants that were made for, and necessary for, the purposes of providing and facilitating legal advice and representation, and are thus subject to the common interest doctrine and California Evidence Code § 952. *Id*. at ¶ 20. To be clear, Bauer did not amend his written responses in a way that would permit him to withhold more records based on privilege than he would have initially withheld based on his original responses, which also contained privilege objections. *Id*. at ¶ 21. Bauer also did not withhold any documents on the basis of privacy, contractual confidentiality, or any other objection that the Court overruled with respect to Request Nos. 87, 92, and 114. *Id*. at ¶ 15.

---

[1] Contrary to Hill's false assertion that "[t]he Court's June 28, 2023 Order made clear that Plaintiff was to produce documents responsive to Defendant's discovery requests and that any assertions of *privilege* or privacy were outweighed by the compelling need for the information" (emphasis added), there is absolutely nothing in the Court's Order that compels Bauer to turn over privileged documents. *See* Fetterolf Decl., Ex. A (Tr. 51:15-52:21).

JOINT STIPULATION PURSUANT TO LR 37-2.1

Needless to say, Bauer did not produce any arbitration records on July 28, 2023, which includes communications between Bauer's litigation counsel and MLB, as that would encompass the entire arbitration record. *Id*. at ¶ 16. This was based on the Court's denial of Hill's motion to compel as to Request No. 93—the request seeking the entire arbitration record.

**B.     Bauer Has Meaningfully Complied With The Court's June 28, 2023 Order.**

**1.     Civil contempt sanctions are not warranted when a party complies—or even substantially complies—with a court order.**

"Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Eaconomy, LLC v. Auvoria Prime, LLC*, 482 F. Supp. 3d 1030, 1032 (E.D. Cal. 2020). To establish civil contempt, Hill bears the burden of showing "(1) that [Bauer] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Id*. It follows that "a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Moreover, "'[s]ubstantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Id.*

As discussed below, Bauer cannot be held in contempt because he has reasonably interpreted the Court's June 28, 2023 Order and has fully complied with it. Even if the Court were to find that he only substantially complied, that is sufficient too.

**2.     This Court denied Hill's motion to compel the arbitration-related documents she seeks in this motion.**

Hill leaves out critical facts in her portion of this Joint Stipulation. She

28

WESIERSKI & ZUREK LLP
LAWYERS

1  emphasizes that this Court granted her May 18, 2023 motion to compel as to three
2  document requests relating to Bauer's administrative leave, MLB's investigation and
3  the suspension. Bauer does not dispute this (and, as explained below, has produced
4  documents responsive to those three requests). But Hill leaves out that ***this Court***
5  ***denied the motion to compel arbitration documents***. Fetterolf Decl., Ex A. (Tr.
6  52:14-16). Even worse than just an omission, Hill's entire motion is based on the
7  factually incorrect argument that this Court's June 28, 2023 Order somehow entitles
8  her to arbitration-related records that Bauer purportedly failed to produce. That
9  position is plainly wrong. The June 28, 2023 Order does not entitle Hill to arbitration
10 records—those are the records responsive to the portion of Hill's motion to compel
11 that this Court denied. *Id*. at ¶ 16. And to state the obvious, Bauer did not violate any
12 order by not producing them.

13    Hill's real complaint in bringing this motion appears to be that she still cannot
14 obtain the arbitration records, which are apparently the records she ultimately wanted.
15 But her desperate attempt at seeking these records under the guise of moving to
16 compel compliance with the Court's June 28, 2023 Order falls flat. Even Hill herself
17 has characterized the administrative leave, MLB investigation, suspension, and
18 arbitration as each being discrete events (which they are), and to that end she issued
19 separate document requests relating to each. *Id*. at ¶ 8. Hill now conflates the
20 administrative leave, investigation and suspension documents with the arbitration
21 documents for the sole purpose of surreptitiously taking another bite at the apple on
22 the issue of whether Bauer must produce the arbitration documents. But this Court
23 already held that he need not.

24    At bottom, Hill's request for the Court to order disclosure of the arbitration
25 documents through this mechanism of a "motion to compel compliance with the
26 Court's June 28 Order"—an Order denying her motion to compel the arbitration
27 documents—is highly inappropriate and is a waste of the parties' and the Court's
28 resources.

JOINT STIPULATION PURSUANT TO LR 37-2.1

### 3. Bauer produced all non-privileged documents in his possession responsive to RFP No. 87.

Request No. 87 seeks: "[A]ll DOCUMENTS containing statements, interviews or testimony YOU have provided in connection with any investigation regarding allegations of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against YOU, including without limitation, any investigation conducted by any LAW ENFORCEMENT authorities or Major League Baseball."

On July 28, 2023, Bauer produced all statements, interviews, or testimony he provided during the investigation,[2] although not many exist. *Id*. at ¶ 22. To be sure, MLB did interview Bauer in the context of the investigation, but that interview was not videotaped, transcribed, or recorded in any way. *Id*. at ¶ 23. The only records of that interview in Bauer's possession are communications exchanged by his attorneys about it, or work product notes taken by his attorneys during it, which are all privileged. *Id*. at ¶ 24. Bauer has withheld those communications. *Id*. However, Bauer has not withheld any documents responsive to this Request on any basis other than privilege. *Id*. at ¶ 15. Any other statements Bauer or his counsel made on this subject matter were on social media or otherwise publicly available. Bauer has produced those too.[3] *Id*. at ¶ 25.

And needless to say, this Request is explicitly limited to "statements, interviews or testimony" solely in the context of any "***investigation***." On its face, this Request does not extend to the arbitration or any other legal proceeding. Thus, there is nothing

---

[2] As the request is not limited to MLB's investigation, Bauer has also produced all responsive documents from other law enforcement investigations, such as the Pasadena Police Department's investigation into Hill's allegations.

[3] It is unclear why Hill complains that Bauer produced "documents already released publicly by Plaintiff and MLB" in response to this Request. Bauer was simply complying with the Court's June 28, 2023 by producing all responsive documents— publicly available or not.

JOINT STIPULATION PURSUANT TO LR 37-2.1

WESIERSKI & ZUREK LLP
LAWYERS

more for Bauer to produce in response to this Request. Bauer has fully complied with
the Court's June 28, 2023 Order as to this Request.

### 4. Bauer does not possess any non-privileged documents responsive to RFP No. 92.

Request No. 92 seeks "[A]ll DOCUMENTS that reflect communications with
Major League Baseball regarding allegations of physical violence, abuse, sexual
battery, sexual abuse, battery, assault, and/or rape against YOU."

On July 28, 2023, Bauer served his amended written responses further
explaining the documents he was withholding based on privilege. *Id*. at ¶¶ 13, 17.
Bauer did not withhold any documents on any basis other than privilege. *Id*. at ¶ 15.
Bauer does not possess any non-privileged documents in response to this Request. *Id*.
at ¶ 26.

By way of further explanation, MLB communicated exclusively with the
Players Association counsel about the subject matter of this Request. *Id*. at ¶¶ 27-28.
MLB did not communicate with Bauer or his litigation counsel directly, prior to the
onset of the arbitration. *Id*. During the time of administrative leave, the investigation,
and the suspension, the practice was that MLB would communicate with the Players
Association counsel regarding the allegations. *Id*. at ¶ 28. When the Players
Association counsel needed to make Bauer aware of any of its communications with
MLB, it would either email or telephone Bauer's litigation counsel with an update for
the purpose of coordinating legal strategy about how to respond to MLB. *Id*. Those
updates were necessary for Bauer's legal representation in the MLB investigation. *Id*.
at ¶ 29. Bauer has withheld those communications between his litigation counsel and
the Players Association counsel because they are subject to the attorney-client
privilege and attorney work product protection, as recognized by California Evidence
Code § 952 and the common interest doctrine. Bauer also notes that, while Request
No. 92 seeks *Bauer's* communications with MLB, not his communications with the
Players Association about *its* communications with MLB, Bauer raises this common

WESIERSKI & ZUREK LLP

LAWYERS

31

1  interest doctrine out of an abundance of caution to ensure Hill's counsel and this Court

2  have full knowledge of why he does not possess responsive documents to produce.

3        The attorney-client privilege and attorney work product protection, including

4  the common interest doctrine, easily apply to the documents being withheld because

5  the Players Association counsel and Bauer's counsel had a common interest in

6  defending Bauer against the allegations that were the subject of MLB's investigation,

7  and their communications were in furtherance of, and necessary to achieve, that

8  purpose. *Id*. at ¶¶ 28-29. Pursuant to California Evidence Code § 952, the attorney-

9  client privilege extends to those who are "present to further the interest of the client

10  in the consultation or those to whom disclosure is reasonably necessary for the

11  transmission of the information or the accomplishment of the purpose for which the

12  lawyer is consulted." California Evidence Code § 912(d) provides that "disclosure in

13  confidence of a communication that is protected by a privilege provided by Section

14  954 (lawyer-client privilege) ... , when disclosure is reasonably necessary for the

15  accomplishment of the purpose for which the lawyer ... was consulted, is not a waiver

16  of the privilege."  These statutory provisions create a common interest protection for

17  attorney-client privileged communications and attorney work product necessary for

18  to achieve the client's and lawyer's objectives. *OXY Resources California LLC v.*

19  *Superior Court*, 115 Cal. App. 4th 874, 888-91 (2004). *See also Raytheon Co. v.*

20  *Superior Ct.*, 208 Cal. App. 3d 683, 688 (Ct. App. 1989) (stating that communications

21  and work product shared between two parties in a prior litigation are privileged when

22  there was commonality among the interest of the parties and disclosure was necessary

23  to further those interests). Here, both Bauer and the Players Association shared a

24  common interest in defending Bauer against the allegations that were the subject of

25  MLB's investigation. Fetterolf Decl. at ¶ 30. Moreover, every communication Bauer

26  has withheld related to legal advice and work product concerning Bauer's defense. *Id*.

27  at ¶¶ 28-29. In addition, it was necessary for the Player's Association counsel and

28  Bauer's counsel to share confidential information because the Players Association

JOINT STIPULATION PURSUANT TO LR 37-2.1

was the recipient of MLB's communications. *Id.* And finally, Bauer's counsel had an expectation of confidentiality when consulting with the Players Association about Bauer's defense. *Id.* at ¶ 31. Thus, it is appropriate for Bauer to withhold communications between the Players Association counsel and his counsel regarding the Players Associations' communications with MLB.

As Bauer is potentially withholding certain privileged documents responsive to this Request (depending on how one interprets the Request), he has amended his written response to provide more detailed information about the privileges he is asserting, as has been the practice in this case in lieu of a privilege log. *Id.* at ¶ 19.

### 5.   Bauer produced all non-privileged documents in his possession responsive to RFP No. 114.

Request No. 114 seeks "[A]ll DOCUMENTS related to Major League Baseball's suspension of YOU and/or placing YOU on administrative leave."

On July 28, 2023, Bauer produced all documents responsive to this Request in his possession, although again there are not many. *Id.* at ¶ 32. As discussed above, when Bauer was placed on administrative leave through when the suspension was handed down, Bauer did not communicate with MLB other than permitting them to interview him, which they did. *Id.* at ¶¶ 23, 28. That interview was not recorded in any way. *Id.* at ¶ 23. MLB solely communicated with the Players Association counsel about the administrative leave and suspension. *Id.* at ¶ 28. When Bauer needed to be made aware of something regarding the administrative leave or suspension, the Players Association counsel would contact his litigation counsel about it. *Id.* For the reasons stated above, Bauer has not produced communications between his litigation counsel and the Players Association counsel that are subject to the attorney-client privilege and attorney work product protection, including the common interest doctrine and California Evidence Code § 952. For this Request, Bauer also withheld privileged communications between his public relations consultants and his litigation counsel that were made for the purpose of providing and facilitating legal advice. *Id.*

JOINT STIPULATION PURSUANT TO LR 37-2.1

**WESIERSKI & ZUREK LLP**
LAWYERS

WESIERSKI & ZUREK LLP

LAWYERS

at ¶ 34. *See Schaeffer v. Gregory Vill. Partners, L.P.*, 78 F. Supp. 3d 1198, 1205 (N.D. Cal. 2015) (holding that communications between counsel and a public relations consultant for the purpose of providing or receiving legal advice are privileged).

As with the other Requests, Bauer has not withheld any documents on any basis other than privilege. Fetterolf Decl. at ¶ 15. There is nothing more for Bauer to produce in response to this Request. Bauer has fully complied with the Court's June 28, 2023 Order as to this Request, as well as Request Nos. 87 and 92.

DATED:  August 9, 2023          WESIERSKI & ZUREK LLP


By: s/ MICHELLE R. PRESCOTT
    _____
    CHRISTOPHER P. WESIERSKI
    MICHELLE R. PRESCOTT
    Attorney for Defendant, Lindsey C. Hill


DATED:  August  9, 2023          ZUCKERMAN SPAEDER LLP


By: /s/ *Blair G. Brown*
    _____
    JON R. FETTEROLF
    BLAIR G. BROWN
    NELL Z. PEYSER
    Attorneys for Plaintiff Trevor Bauer

JOINT STIPULATION PURSUANT TO LR 37-2.1