Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal Bar. 205659)
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@khiks.com
smacisaac@khiks.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>Referred to Magistrate Judge Autumn D. Spaeth<br><br>**DECLARATION OF JON R. FETTEROLF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH THE JUNE 28th 2023 COURT ORDER REGARDING REQUESTS FOR PRODUCTION NOS. 87, 92 and 114**<br><br>Hearing Date: August 30, 2023<br>Hearing Time: 10:00 a.m.<br>Magistrate Judge: Autumn D. Spaeth |

Department: 6B

Action Filed: April 25, 2022

I, JON R. FETTEROLF, declare and state as follows:

1.      I am an attorney licensed to practice in the District of Columbia and the State of New York and have been admitted to practice *pro hac vice* in this action. I am a partner of the law firm Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim Defendant Trevor Bauer ("Bauer") in the above-captioned action. I have personal knowledge of the matters stated in this declaration, and I could and would testify competently about them if called upon to do so.

2.      On July 2, 2021, Major League Baseball ("MLB") placed Bauer on administrative leave pending its investigation into Hill's allegations.

3.      MLB then conducted its investigation over the course of the next nine months.

4.      On April 29, 2022, MLB suspended Bauer for two seasons.

5.      After the suspension was handed down, the MLB Players Association ("Players Association") immediately filed a grievance and an arbitration proceeding began where the Players Association sought to have the suspension overturned, or at least reduced significantly, which it was.

6.      Bauer also retained separate litigation counsel—the law firms of Zuckerman Spaeder LLP and Kinsella Holley Iser Kump Steinsapir LLP—to represent him throughout the investigation, suspension, and arbitration.

7.      On January 10, 2023, Hill served one hundred and forty requests for production on Bauer in this case.

8.      Some requests related to MLB placing Bauer on administrative leave; other requests related to MLB's investigation; other requests related to MLB's

suspension; other requests related to the subsequent arbitration; and other requests related to other topics.

9.     On May 18, 2023, Hill filed a Motion to Compel Bauer to produce certain MLB-related documents responsive to Request Nos. 87, 92, 93, and 114.

10.    As Hill does not mention Request No. 93 in this Joint Stipulation, I have reproduced it in full here:

> "Produce all DOCUMENTS from the Major League Baseball arbitration proceeding concerning YOUR suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through discovery in that proceeding."

11.    On June 28, 2023, this Court held a hearing on Hill's Motion to Compel. The Court granted her motion with respect to Request Nos. 87, 92, and 114. The Court denied her motion with respect to Request No. 93. A true and correct copy of the transcript of the Court's ruling is attached as **Exhibit A**.

12.    The Court ordered Bauer to respond to Request Nos. 87, 92, and 114 within thirty days, or by July 28, 2023.

13.    On July 28, 2023, Bauer timely served amended written responses to Request Nos. 87, 92, and 114, as well as produced non-privileged documents responsive to those Requests.

14.    Bauer's July 28, 2023 document production consisted of all of the non-privileged documents in Bauer's possession responsive to Request Nos. 87, 92, and 114.

15.    Bauer did not withhold any responsive documents on the basis of privacy, contractual confidentiality, or any of his other objections. He only withheld documents that were privileged.

16.     Bauer did not produce any documents related to the arbitration because the Court decided that he was not required to produce those documents in its June 28, 2023 Order denying Hill's Motion to Compel as to Request No. 93.

17.     In addition to producing documents, Bauer also amended his written responses to Request Nos. 87, 92, and 114 to provide a more fulsome explanation of the documents he was withholding on privilege grounds.

18.     Bauer did this for the benefit of Hill's counsel to assess or challenge his claims of privilege.

19.     The descriptions of Bauer's privilege assertions are consistent with the manner of describing privilege grounds to which the parties have agreed in this case and which have been used by Hill in this case.

20.     In his amended written responses, Bauer explained that he was withholding certain communications between him, the Players Association counsel, his litigation counsel, and his consultants that were made for the purposes of providing and facilitating legal advice and representation and were necessary to provide and facilitate legal advice and representation, and are subject to the attorney-client privilege and attorney work product protection, including documents protected by the common interest doctrine and California Code of Evidence § 952.

21.     Bauer did not amend his written responses in a way that would permit him to withhold more records based on privilege than he would have initially withheld based on his original responses, which also contained privilege objections.

### A. Request No. 87

22.     In regard to Request No. 87, Bauer produced all statements, interviews, or testimony he provided during the investigation.

23.      MLB interviewed Bauer as part of its investigation, but that interview was not videotaped, transcribed, or recorded in any way.

24.     The only records of that interview in Bauer's possession are communications exchanged by his attorneys about it, or work product notes taken by his attorneys during it, which are all privileged and were not produced.

25.     Aside from his MLB interview, the only other statements, interviews, or testimony Bauer provided during MLB's investigation were statements he made on social media or otherwise publicly available statements. Bauer has produced those too.

### B. Request No. 92

26.     In regard to Request No. 92, Bauer does not possess any non-privileged communications with MLB on the subject matter of this Request.

27.     Bauer does not possess any documents to produce because he and his counsel did not communicate directly with MLB prior to the onset of the arbitration.

28.     As further explanation, during the time of administrative leave, the investigation, and the suspension, the practice was that MLB would communicate with the Players Association counsel regarding the allegations. When the Players Association counsel needed to make Bauer aware of any of its communications with MLB, it would either email or telephone Bauer's litigation counsel—primarily me—with an update for the purpose of coordinating legal strategy about how to respond to MLB.

29.     My communications with the Players Association that could potentially be responsive to Request No. 92 were for the purpose of furthering the interests of Bauer in his legal representation and facilitating that representation and were necessary for the legal representation of Bauer. The communications contained attorney work product, including impressions formed from information obtained from confidential attorney-client communications.

30.     Bauer and the Players Association had a common interest in defending Bauer against the allegations that were the subject of MLB's investigation.

31.    At the time, Bauer and his counsel had an expectation of confidentiality when they spoke to the Players Association about the status of MLB's investigation and Bauer's defense.

**C. Request No. 114**

32.    In regard to Request No. 114, Bauer produced all documents responsive to this Request in his possession.

33.    For the reasons described in Paragraphs 28 through 31 above, Bauer does not possess many documents responsive to Request No. 114 that are not privileged.

34.    In response to this Request, Bauer also withheld documents consisting of communications between his public relations consultants and his litigation counsel that were made for the purpose of providing and facilitating legal advice.

35.    Bauer does not possess any further non-privileged documents in response to Request Nos. 87, 92, and 114, and thus, he believes in good faith that he has complied with the Court's June 23, 2023 Order.

Executed this 9th day of August, 2023, in Washington, D.C.


                                        /s/ *Jon R. Fetterolf*
                                        Jon R. Fetterolf

EXHIBIT A

1                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
2                   SOUTHERN DIVISION - SANTA ANA

3

4  TREVOR BAUER,              )  Case No. SACV 22-868-JVS (ADSx)
                              )
5       Plaintiff,            )  Santa Ana, California
                              )  Wednesday, June 28, 2023
6            v.               )  10:04 A.M. to 10:53 A.M.
                              )  11:02 A.M. to 11:30 A.M.
7  LINDSEY C. HILL, et al.,   )  11:53 A.M. to 11:58 A.M.
                              )
8       Defendants.           )
   _____)
9

10

11

12                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE AUTUMN D. SPAETH
13               UNITED STATES MAGISTRATE JUDGE

14

15  Appearances:              See Page 2

16  Deputy Clerk:             Kristee Hopkins

17  Court Reporter:           Recorded; CourtSmart

18  Transcription Service:    JAMS Certified Transcription
                              16000 Ventura Boulevard #1010
19                            Encino, California  91436
                              (661) 609-4528
20

21

22

23

24
   Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

```
 1   APPEARANCES:

 2


 3   For the Plaintiff:        Zuckerman Spaeder LLP
                               By:  BLAIR G. BROWN
 4                                  IVANO M. VENTRESCA
                               1800 M Street NW, Suite 1000
 5                             Washington, D.C.  20036
                               (202) 778-1800
 6                             bbrown@zuckerman.com
                               iventresca@zuckerman.com
 7
                               Zuckerman Spaeder LLP
 8                             By:  NELL Z. PEYSER
                               485 Madison Avenue, 10th Floor
 9                             New York, New York  10022
                               (212) 704-9600
10                             npeyser@zuckerman.com

11

12   For the Defendant:        Freedman and Taitelman LLP
                               By:  JESSE A. KAPLAN
13                             1801 Century Park West, 5th Floor
                               Los Angeles, California  90067
14                             (310) 201-0005
                               jkaplan@ftllp.com
15
                               Wesierski and Zurek LLP
16                             By:  BRETT A. SMITH
                               29 Orchard Road
17                             Lake Forest, California  92630
                               (949) 975-1000
18                             bsmith@wzllp.com

19

20

21

22

23

24

25
```

1    the argument --

2             MR. KAPLAN:  Thank you, Your Honor.

3             THE COURT:  -- and I'll come back with my ruling.

4         (Recess from 11:30 a.m. to 11:53 a.m.)

5

6                         AFTER RECESS

7         (Call to Order of the Court.)

8             THE COURT:  All right.  Have a seat.

9             MR. KAPLAN:  Thank you, Your Honor.

10            THE COURT:  All right.  This is my ruling:

11            With regard to RFP Nos. 68 and 69, I am denying the

12   motion to compel but will require that Mr. Bauer file an --

13   not file -- serve amended responses that specifically state

14   that they are withdrawing those allegations.

15            With regard to RFP No. 114, because the tortious

16   interference with contract allegation still exists in this

17   case -- claim -- I am granting the motion to compel.  I find

18   that the information is relevant to the claims asserted in

19   this case, that the Court is not bound by the MLB's contract

20   requirements of confidentiality with Bauer and Hill, and that

21   Bauer has waived his privacy objections by failing to assert

22   them in his initial response to the RFP.

23            With regard to RFP No. 87, I am granting the motion

24   to compel RFP No. 87.  I find that Hill has met her burden to

25   establish that the requested information is relevant.  The

1   investigations conducted by MLB or law enforcement have all

2   the same underlying facts at issue in this case, and while

3   there may be a privacy right, it does not apply to these

4   specific documents, and the interests our outweighed by

5   Hill's compelling need for the information for the claims and

6   defenses at issue.

7          Now, with regard to RFP No. 92, I'm granting the

8   motion to compel as to RFP No. 92.  I find that Hill has met

9   her burden of establishing that the requested information is

10  relevant and that any rights of privacy are outweighed by

11  Hill's compelling need for the information for the claims and

12  defenses asserted in this case.

13         With regard to RFP No. 93, I am denying the motion

14  to compel.  This request is largely overbroad, and I find

15  that Ms. Hill has not met her burden of establishing that the

16  requested information is proportional in this case.  To a

17  large degree, my ruling with regard to that is the fact that

18  there are the depositions.  My ruling might be different if

19  we find out that the depositions don't occur.  If witnesses

20  don't show up, then maybe I would have -- might have a

21  different ruling.

22         All right?

23         MR. KAPLAN:  Your Honor, may I ask a clarifying

24  question as to No. 93?

25         THE COURT:  Uh-huh.

1        MR. KAPLAN:  Is it -- the ruling with or without

2    prejudice to propounding, I guess, new discovery that's more

3    focused on certain documents from the arbitration, such as --

4    the things that I have in mind are dealing with transcripts,

5    for example, with my client and Mr. Bauer -- stuff like that.

6        THE COURT:  I'm not going to give a hypothetical

7    ruling.  I really don't like to do that if I can avoid it.  I

8    like to really try to make my rulings based on the facts in

9    front of me.  If your discovery cutoff has not passed, you

10   are free to serve any discovery that you think is

11   appropriate, and then we can take up any arguments that may

12   be appropriate, but this request as written, I'm denying the

13   motion to compel.

14       MR. KAPLAN:  Thank you, Your Honor.

15       THE COURT:  Okay?

16       All right.  Now, my law clerks tell me that there

17   may be some ambiguity about my ruling on the motion to quash.

18   To be -- with regard to Doe No. 4.  I think I said one thing;

19   they heard something else.  I wanted to make sure that you

20   guys understood that I was denying the motion to quash as to

21   2, 3, 4, and 5.

22       MR. BROWN:  Yes, I understood that.

23       THE COURT:  Okay.  All right.

24       MR. BROWN:  Although I did not hear you say "4."

25       THE COURT:  Okay.  Yeah.  I think I said,