Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
  espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
  jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Defendant and
Counterclaimant, Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>             Plaintiff,<br><br>     vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>             Defendants,<br><br>LINDSEY C. HILL,<br><br>             Counterclaimant,<br><br>     vs.<br><br>TREVOR BAUER,<br><br>             Counter-Defendant, | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>Assigned for all purposes to the Hon. James V. Selna<br><br>**SUPPLEMENTAL BRIEFING RE: INABILITY TO OBTAIN MLB ARBITRATION INFORMATION VIA DEPOSITION AS CONSIDERED IN THE COURT'S JUNE 28, 2023 RULING**<br><br>[*Filed Concurrently with Declaration of Michelle R. Prescott*]<br><br>Action Filed:           April 25, 2022<br>Discovery Deadline: September 1, 2023<br>Pretrial Conference: January 22, 2024<br>Trial Date:               February 13, 2024 |

1

## I. INTRODUCTION

Defendant Lindsey Hill ("Hill" or "Defendant") has been attempting to retrieve the critical and highly relevant documents concerning Plaintiff Trevor Bauer's ("Bauer" or "Plaintiff") arbitration proceeding with Major League Baseball ("MLB") that concerns the same alleged actions that are the basis of this current action, namely Plaintiff's sexual assault or alleged sexual assault of multiple women during his tenure as a pitcher with MLB. Hill has exhausted every available avenue to obtain this information including but not limited to sending deposition subpoenas to both MLB and the Los Angeles Dodgers seeking the MLB arbitration documents and noticing the depositions of the other accusers of Plaintiff who participated in the MLB arbitration proceedings. The subpoenas to the Los Angeles Dodgers and MLB were unsuccessful, as were Defendant's attempts to notice the depositions of several Jane Does who participated in the arbitration.

The Court considered Defendant's request for the MLB arbitration documents in its June 28, 2023 hearing concerning discovery motions brought by the parties. Therein, Defendant explained that while the MLB arbitration documents are subject to a confidentiality provision between the MLB and the Major League Baseball Players Association ("MLBPA"), that confidentiality provision includes a carve out for disclosure pursuant to a court order, such as the one Defendant sought at the June 28, 2023 hearing. Defendant further explained that the MLB arbitration documents would allow Defendant to obtain information regarding the Does testimony and any documents produced by the Does which would aid in the eventual depositions of the Does. Counsel for Defendant also expressly considered the potential that certain Does, or all of them, would fail to appear for their depositions in this Action which would make the MLB arbitration documents the sole avenue for Defendant to obtain the critical information concerning the Does interactions with Bauer.

The Court, after considering Defendant's arguments regarding their need for the MLB arbitration documents, ruled that Defendant's Motion to Compel Request for Production of Documents No. 93 seeking "all DOCUMENTS from the Major League Baseball arbitration proceeding concerning [Plaintiff's] suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding and DOCUMENTS produced through discovery in that proceeding" was "largely overbroad." (Transcript 52:14).

Specifically, the Court explained "[t]o a large degree, my ruling with regard to that is **the fact that there are the depositions. My ruling might be different if we find out that the depositions don't occur. If witnesses don't show up, then maybe I would have – might have a different ruling."** (Transcript 52:16-21).

Here, as discussed more fully below, Defendants have encountered the exact scenario envisioned by the Court; Defendant has lawfully noticed the depositions of the Does and the Does have failed to appear despite being given notice and the opportunity to do so. Because the Does have failed to appear, Defendant has been denied the critical MLB arbitration documents that were the subject of Defendant's prior motion to compel. Accordingly, Defendant respectfully requests that the Court reconsider its ruling and allow Defendant to compel the production of the MLB arbitration documents from Plaintiff in light of Defendant's inability to depose the Doe parties despite diligent attempts to do so.

## II. DEFENDANT HAS PROPERLY NOTICED THE DEPOSITION OF MULTIPLE DOE PARTIES AND THEY HAVE SUBSEQUENTLY FAILED TO APPEAR FOR THEIR DEPOSITIONS.

### A. Defendant Noticed the Deposition of Doe 1 and Doe 1 Failed to Appear

On July 14, 2023 in response to the Court's June 28, 2023 order, Defendant noticed the deposition of Doe 1 and set the deposition for August 17, 2023.

(Declaration of Michelle R. Prescott "Prescott Decl." ¶ 4). Defendant personally served the deposition subpoena to Doe 1 on July 15, 2023 via personal service. (Prescott Decl. ¶ 4). Defendant received a voicemail from Doe 1 indicating that Doe 1 would not attend the deposition noticed for August 17, 2023. (Prescott Decl. ¶ 5). Nevertheless, Defendant appeared for the deposition of Doe 1 on August 17, 2023 and waited approximately 30 minutes after the start of the deposition for Doe 1 to appear. (Prescott Decl. ¶ 6).Doe 1 did not appear, and Defendant took a Notice of Non-Appearance for Doe 1. (Prescott Decl. ¶ 6).

In an effort to compel the deposition of Doe 1, Defendant has retained local counsel in the appropriate jurisdiction and is in the process of filing a confidential Motion to compel Doe 1's attendance at deposition. (Prescott Decl. ¶ 7). As of the filing of this Supplemental Briefing, Defendant's local counsel has already filed an application for the confidential Motion to be filed under seal. Local counsel also intends to request the Motion to be transferred to this Court once it has been filed under seal. (Prescott Decl. ¶ 7). Defendant acted diligently and retained local counsel to file the Motion and Request to File Under Seal as soon as practicable. (Prescott Decl. ¶ 8.). Absent Doe 1's deposition testimony, Defendant has no alternative avenue to obtain the highly critical MLB arbitration documents except Plaintiff. (Prescott Decl. ¶ 12).

**B.  Defendant Noticed the Deposition of Doe 2 and Doe 2 Failed to Appear**

Defendant originally noticed the deposition of Doe 2 on May 12, 2023 and set the deposition date for May 30, 2023 via Zoom. (Prescott Decl. ¶ 9). Defendant personally served Doe 2 with the deposition notice. (Prescott Decl. ¶ 9).  Counsel for Plaintiff objected to the deposition and it was subsequently taken off calendar while the parties met and conferred. (Prescott Decl. ¶ 9). Defendant subsequently re-noticed the deposition of Doe 2 for August 25, 2023 after the parties finished meeting and conferring. (Prescott Decl. ¶ 10). Doe 2 was also personally served

with this second deposition notice. (Prescott Decl. ¶ 10). Defendant appeared at the August 25, 2023 deposition and waited approximately 30 minutes for Doe 2 to appear as ordered. (Prescott Decl. ¶ 11). Doe 2 did not appear, and Defendant subsequently took a notice of non-appearance for Doe 2. (Prescott Decl. ¶ 12).

### C. The Court Should Compel the Production of the MLB Arbitration Documents Because the Exact Scenario of Non-Compliance with Deposition Subpoenas Envisioned By the Court has Come to Pass

As discussed above, both Does 1 and 2 have failed to appear for their depositions despite them being personally served with the notices. When denying Defendant's original motion to compel production of the MLB arbitration documents, the Court specifically stated ""[t]o a large degree, my ruling with regard to that is **the fact that there are the depositions. My ruling might be different if we find out that the depositions don't occur. If witnesses don't show up, then maybe I would have – might have a different ruling."** (Transcript 52:16-21).

Here, the exact scenario considered by the court "if witnesses don't show up" has occurred for both Does 1 and 2. Absent their attendance at their lawfully noticed depositions, Defendant's sole avenue for obtaining the highly relevant and critical MLB arbitration documents remains Plaintiff being compelled to produce the documents. Defendant made best efforts to comply with the Court's June 28, 2023 ruling by noticing the depositions of Does 1 and 2. Because they failed to appear, Defendant now has no choice but to seek relief from this Court. The Court in its wisdom foresaw that this scenario may arise if Does 1 and 2 did not appear for their depositions. Now that this situation has come to pass, Defendant is left with no choice but to seek the MLB arbitration documents from Plaintiff directly. Accordingly, Defendant respectfully requests the Court order Plaintiff to produce the MLB arbitration documents.

/ / /

/ / /

### III. CONCLUSION

Defendant has made best efforts to attempt to comply with the Court's order that Defendant attempt to obtain the MLB arbitration documents by deposing Does 1 and 2. Despite these best efforts, Defendant has been unable to secure the deposition of Does 1 and 2. For the foregoing reasons, Defendant respectfully requests that the Court reconsider its ruling at the June 28, 2023 hearing and compel Plaintiff to produce the MLB arbitration documents now that Defendant's attempts to obtain the documents from Does 1 and 2 have failed.

DATED: August 28, 2023         WESIERSKI & ZUREK LLP

By: *Michelle Prescott*
MICHELLE R. PRESCOTT
Attorneys for Defendant and
Counterclaimant, Lindsey C. Hill