KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Attorneys for Plaintiff/Counterclaim-defendant Trevor Bauer

Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
Eileen Spadoni [Bar No. 133259]
  *espadoni@wzllp.com*
Brett A. Smith [Bar No. 322707]
  *bsmith@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  *bfreedman@ftllp.com*
Jesse A. Kaplan, Esq. (SBN: 255059)
  *jkaplan@ftllp.com*
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Defendant/counterclaimant,
Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>　　　　Defendant. | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>**JOINT STIPULATION REQUESTING MODIFICATION OF THE SCHEDULING ORDER**<br><br>Date Filed: April 25, 2022<br>Discovery Cut-off: September 1, 2023<br>Pretrial Conference: January 22, 2024<br>Trial Date: February 13, 2024 |

Plaintiff and counterclaim-defendant Trevor Bauer ("Bauer") and Defendant and counterclaimant Lindsey Hill ("Hill") submit this Joint Stipulation (the "Stipulation") relating to the parties' joint request to modify the Scheduling Order to allow for the deposition of Darcy Esemonu ("Esemonu") to proceed within the first two weeks of September , which would not require modifying any other deadlines, including the trial date or the Final Pre-Trial Conference date. This Stipulation is based on the following facts:

　　　　1.　　On May 18, 2023, the Court granted a joint stipulation to extend certain discovery deadlines, including the deadline for non-expert discovery cut-off to September 1, 2023. Dkt. 101. According to the Court's Scheduling Order (Dkt. 43), "[a]ll depositions shall be scheduled to commence at least five (5) working days prior

to the discovery cut-off date." Dkt. 43 ¶ 4.A. That would require all depositions to be completed by August 25, 2023.

2. Counsel for the parties have acted diligently in conducting discovery in this case. Extensive written discovery has been served and responded to, subpoenas have been issued, various depositions have been noticed, and multiple depositions have already been taken.

3. Counsel for the parties have met and conferred and reached agreement on the scheduling of more than a dozen third-party depositions. Because the majority of the deponents are third parties, the parties in this action have engaged in extensive discussions concerning the scheduling of those depositions and worked to find times when those third parties are available for depositions. The parties also extensively met and conferred and were finally able to schedule the depositions of the named parties in this action. Based on the availability of those deponents, the remaining time in the discovery period will be focused principally on those depositions.

4. Counsel for the parties worked diligently to attempt to schedule the deposition of Esemonu prior to the discovery cutoff. Although Esemonu's deposition was initially scheduled by Defendant for August 2023, because of scheduling conflicts between Plaintiff's counsel, Esemonu's counsel and Esemonu, her deposition needs to be rescheduled in September 2023. Counsel for the parties have met and conferred and agreed to take the deposition of Esemonu after the discovery cutoff, subject to the Court's approval of allowing the deposition to occur in early September, after the discovery cutoff. The parties jointly request that they be allowed to take the deposition of Esemonu within the first two weeks of September, after the discovery cutoff. The deposition of Esemonu will be hybrid, conducted both remotely and in person. This modest modification to the discovery scheduling order would allow sufficient time to depose critical third party witness who was unavailable for deposition on mutually convenient dates prior to the discovery cutoff despite multiple attempts by counsel for the parties to find available dates within the discovery cutoff period.

5. Good cause exists for this modest modification. A party must show "good cause" for relief from a scheduling order. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Here, both parties have been diligent in conducting discovery—including the scheduling of many other third-party depositions and attempting to schedule the deposition of Esemonu within the discovery period—as described above. In addition, there is no prejudice to either party, and no change to any other deadlines in this case. As a result, there is good cause for a short extension to conduct the depositions of these critical third parties.

Based on the foregoing, the parties hereby stipulate, by and through their counsel of record, subject to this Court's approval, to allow for the deposition of Esemonu after the discovery cutoff. No other dates would be modified.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 25, 2023          ZUCKERMAN SPAEDER LLP

By: /s/ Blair G. Brown
BLAIR G. BROWN
JON R. FETTEROLF
NELL PEYSER
Attorneys for Plaintiff/counterclaim-defendant Trevor Bauer

| | | |
|---|---|---|
| DATED: August 25, 2023 | | FREEDMAN + TAITELMAN, LLP |

By: /s/ Jesse A. Kaplan
JESSE A. KAPLAN Attorney for
Counterclaimant, Lindsey C. Hill

DATED: August 25, 2023   WESIERSKI & ZUREK LLP

By: *Michelle Prescott*
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorney for Defendant, Lindsey C. Hill