1  Christopher P. Wesierski [Bar No. 086736]
    *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
    *mprescott@wzllp.com*
3  Eileen Spadoni [Bar No. 133259]
    *espadoni@wzllp.com*
4  Brett A. Smith [Bar No. 322707]
    *bsmith@wzllp.com*
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8  Bryan J. Freedman, Esq. (SBN: 151990)
    *bfreedman@ftllp.com*
9  Jesse A. Kaplan, Esq. (SBN: 255059)
    *jkaplan@ftllp.com*
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile:  (310) 201-0045

13 Attorneys for Defendant and
   Counterclaimant, Lindsey C. Hill

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

14

15                    UNITED STATES DISTRICT COURT

16       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17  TREVOR BAUER,                           | Case No. 8:22-cv-00868 JVS (ADSx)

18          Plaintiff,                      | Assigned for all purposes to the Hon. James V. Selna

19     vs.                                  | **DEFENDANT AND COUNTERCLAIMANT LINDSEY C. HILL'S AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING HILL TO FILE AN UNREDACTED MOTION FOR CONTEMPT IN THE SOUTHERN DISTRICT OF OHIO TO COMPEL COMPLIANCE WITH SUBPOENA AND AN ORDER EXTENDING THE DISCOVERY CUTOFF TO ALLOW FOR THE TAKING OF THE DEPOSITION OF JANE DOE.**

20  LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,

21          Defendants,

22  LINDSEY C. HILL,

23          Counterclaimant,

24     vs.

25  TREVOR BAUER,

26          Counter-Defendant,           | *[Filed concurrently with (Proposed) Order, Declaration of Michelle Prescott, Declaration of Joe Gerling]*

27

28

1

I1938189-2 MER-5137

| | |
|---|---|
| | Action Filed:         April 25, 2022 |
| | Discovery Deadline: September 1, 2023 |
| | Pretrial Conference: January 22, 2024 |
| | Trial Date:           February 13, 2024 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant and counterclaimant Lindsey Hill ("Hill") submits this Amended Ex Parte Application seeking an order allowing her to file an unredacted Motion for Contempt for Failure to Comply with a Deposition Subpoena in the United States District Court for the Southern District of Ohio (the "Motion for Contempt") and for an order extending the discovery cutoff to take the deposition of Jane Doe. Preliminarily, Hill does not seek to continue the January 22, 2024 Pretrial Conference or the February 13, 2024 trial date. Hill merely seeks an order allowing her to file the Motion for Contempt in an unredacted form (i.e. including the personal identifying information of a non-party currently identified as Jane Doe) out of an abundance of caution in light of the protective order in this action and for a brief extension of the discovery cutoff to allow for the deposition of Doe to move forward once the Motion for Contempt is granted.

Hill has made several attempts to secure the attendance of Jane Doe ("Doe") an accuser with similar claims as Hills' against Plaintiff and Cross-Defendant Trevor Bauer ("Bauer"). In an effort to comply with this Court's Amended Stipulated Protective Order (Dkt. No. 78), Hill retained local counsel in the Southern District of Ohio where Doe resides, and filed a Motion to File Under Seal in order to (1) protect Doe's identity which has not been publicly disclosed, and (2) be able to file the Motion for Contempt to compel the deposition of Doe to obtain critical and highly relevant testimony and documents concerning Doe's relationship with Bauer without being forced to disclose her identity publicly which may violate the Amended Stipulated Protective Order. In an abundance of caution, Hill is seeking relief to be permitted to file the Motion for Contempt in Ohio in unredacted form, which will disclose the

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

2

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  personal identifying information of Ms. Doe. (Declaration of Michelle R. Prescott

2  "Prescott Decl." ¶ 12.)(Declaration of Joseph Gerling "Gerling Decl." ¶ 6) The Court

3  in the Southern District for Ohio denied Hill's Motion to File Under Seal, and Hill is

4  left with no alternative means of compelling Doe's attendance at her deposition unless

5  the relief requested is granted and Hill is allowed to file an unredacted Motion for

6  Contempt that will identify Doe by name and include Doe's address.

7       On September 6, 2023, at approximately 9:30a.m., Plaintiff's counsel was

8  provided notice of the ex parte application. (Prescott Decl. ¶ 17, Exh. F). Plaintiff's

9  counsel indicated they would oppose the ex parte application on the grounds that (1)

10 the Motion to Seal filed by local counsel was improper; (2) defense counsel waited too

11 long to seek to compel the deposition of Doe; and (3) this ex parte application is the

12 improper method for seeking the relief requested by the application.

13     **A.    Hill Has Made Best Efforts to Take the Deposition of Doe While**

14           **Preserving Doe's Privacy and Complying with This Court's**

15           **Amended Stipulated Protective Order**

16     Hill has made multiple attempts to depose Doe and all of Hill's prior attempts

17 have been unsuccessful. On May 12, 2023, counsel for Hill drafted a Subpoena to

18 Testify at a Deposition in a Civil Action ("Original Subpoena") to Doe seeking critical

19 documents and deposition testimony directly related to this Action. (Prescott Decl. ¶

20 3, Exh. A.) The deposition was noticed for June 1, 2023 via Zoom. (*Id.*) The Original

21 Subpoena sought documents and deposition testimony concerning Doe's prior sexual

22 relationship with Bauer as well as her allegations of sexual assault against Bauer. (*Id.*)

23 Doe participated in the prior MLB arbitration concerning alleged sexual assaults by

24 Bauer, and she alone is positioned to testify regarding her claims against Bauer. (*Id.*)

25 It is critical to Defendant that Doe sit for her deposition and produce the documents

26 requested by Defendant. (*Id.*)

27     In response to the Original Subpoena, Bauer filed a Motion for Protective Order

28 and to Quash Third Party Subpoenas ("Motion to Quash") on June 7, 2023. (Dkt. No.

3

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  110). (Prescott Decl. ¶ 4). Bauer also filed an Application to file the Motion to Quash

2  under seal on the same date. (Dkt. Nos. 111-114). (*Id.*) Pursuant to the Local Rules,

3  Plaintiff and Defendant filed a Joint Stipulation Regarding the Motion to Quash on

4  June 8, 2023 (Dkt. No. 115). (*Id.*) On June 28, 2023 the Court, after considering the

5  Motion to Quash and related documents filed by the Parties, ruled that Defendant was

6  entitled to notice the deposition of Doe. (Dkt. No. 135). (Prescott Decl. ¶ 5).

7        In light of the Court's ruling, counsel for Hill drafted an Amended Subpoena to

8  Testify at a Deposition in a Civil Action ("Amended Subpoena") to Doe. The Amended

9  Subpoena sought the same documents requested by the Original Subpoena. The

10  deposition was noticed for August 17, 2023 via Zoom. (Prescott Decl. ¶ 6.) Doe was

11  lawfully served with the Amended Subpoena by personal service on July 15, 2023.

12  (Prescott Decl. ¶ 7.)

13        Shortly thereafter, counsel for Hill attempted to contact Doe via text message to

14  inform her of the subpoena and to request that Doe or her counsel contact counsel for

15  Hill and confirm her availability for the August 17, 2023 date noticed for Doe's

16  deposition. (Prescott Decl. ¶ 8). Shortly thereafter on or about August 2, 2023, Doe

17  called counsel for Hill and left a voicemail indicating that she would not be complying

18  with the Amended Subpoena and that she did not wish to be involved in this Action.

19  (Prescott Decl. ¶ 9.)

20        Doe indicated that she was represented by Joe Tacopina, Esq. of Tacopina,

21  Seigel, and Deoreo as her counsel of record. On July 26, 2023 counsel for Hill sent a

22  letter to Mr. Tacopina regarding service of the Amended Subpoena and requesting that

23  he confirm by close of business on July 28, 2023 whether he still represents Doe and

24  whether Doe is available for her deposition noticed for August 17, 2023. (Prescott

25  Decl. ¶ 10.) Having heard no response, counsel for Hill appeared on August 17, 2023

26  and waited approximately 30 minutes for Doe to arrive at the deposition. When Doe

27  did not arrive, counsel for Hill took a Notice of Non-Appearance on behalf of Doe.

28  (Prescott Decl. ¶ 11).

I1938189-2 MER-5137

AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING
HILL TO FILE UNREDACTED MOTION FOR CONTEMPT

1    In an effort to compel Doe's attendance at her deposition, counsel for Hill

2  retained Joe Gerling, local counsel admitted to practice before the United States

3  District Court for the Southern District of Ohio to file a Motion to File Under Seal and

4  a Motion for Contempt to Compel Compliance with Deposition Subpoena ("Motion

5  for Contempt") to compel Doe to sit for her deposition. (Prescott Decl. ¶ 12, Gerling

6  Decl. ¶ 3). Doe lives in the Southern District of Ohio and accordingly this was the

7  proper venue to file the Motion to File Under Seal and the Motion for Contempt.

8  (Prescott Decl. ¶ 12, Gerling Decl. ¶ 5). Counsel for Hill retained Mr. Gerling and

9  specifically instructed him to file a Motion to File Under Seal prior to filing the Motion

10  for Contempt in order to: (1) protect Doe's identity which has not been publicly

11  disclosed and (2) be able to file the Motion for Contempt to compel the deposition of

12  Doe to obtain critical and highly relevant testimony and documents concerning Doe's

13  relationship with Bauer without being forced to disclose her identity publicly which

14  may violate the Amended Stipulated Protective Order. (Prescott Decl. ¶ 12).

15    Prior to retaining Mr. Gerling, he was provided and executed a copy of the

16  Amended Stipulated Protective Order currently in force in this Action. (Gerling Decl.

17  3, Exh. A). On August 25, 2023, Mr. Gerling filed the Motion to File Document under

18  Seal in the District Court for the Southern District of Ohio. (Gerling Decl. ¶ 6). The

19  Motion to File Under Seal intentionally did not include the name, address, or any other

20  identifying information about Doe in order to protect Doe's privacy. (*Id.*)

21    Unfortunately, Hill's Motion to File Under Seal was denied by United States

22  Magistrate Judge Chelsey M. Vascura on August 28, 2023. Judge Vascura issued an

23  Order denying the Motion to File Under Seal. In the order, Judge Vascura explained

24  that due to the standard regarding motions to seal set forth by the Sixth Circuit, the

25  Motion to File Under seal failed to meet the standard. (Gerling Decl. ¶ 8.) Accordingly,

26  the Motion for Contempt would need to be filed in an unredacted form with the full

27  name of Jane Doe. (Gerling Decl. ¶ 9.) As of the filing of this *ex parte* application, Mr.

28  Gerling has not filed the Motion for Contempt out of a desire to protect the privacy of

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

5

I1938189-2 MER-5137

AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING
HILL TO FILE UNREDACTED MOTION FOR CONTEMPT

1  Doe. (Gerling Decl. ¶ 10).

2  Mr. Gerling was also informed and believed that by filing the Motion to File

3  Under Seal in the Southern District of Ohio that the Motion would be transferred to the

4  Central District of California and the parties in the California Action would thereafter

5  receive notice and service copies of the Motion to File Under Seal through the CM/ECF

6  system. (Gerling Decl. ¶ 7). Because the Motion to File Under Seal was denied rather

7  than transferred, no automatic service through the Central District of California

8  CM/ECF system occurred. (Prescott Decl. ¶ 16).

9  Counsel for Hill has repeatedly attempted to set the deposition of Doe and Doe

10  has repeatedly failed to comply with the subpoenas issued by counsel for Hill. Absent

11  an order allowing (1) the Motion for Contempt to be filed in unredacted form in the

12  Southern District of Ohio and (2) allowing for a brief extension of the discovery cutoff,

13  and no other dates including the trial date, for the sole purpose of taking the deposition

14  of Doe, Hill will be denied her sole avenue to obtain critical information regarding the

15  sexual battery suffered at the hands of Bauer by Doe. Hill therefore respectfully

16  requests that this Ex Parte Application be granted.

17  **II.    LEGAL ARGUMENT**

18  **A.    There Is A Good Cause For Granting This Ex Parte Application**

19  The Court is permitted to grant ex parte relief upon a showing of "good

20  cause." "Such application shall state the reasons therefore, and may be granted upon

21  a showing of good cause." *Semiserve Inc. v. Semicon Servs.,* LLC, 2014 U.S. Dist.

22  LEXIS 198013 (C.D. Cal. 2014.) Federal Rule of Civil Procedure 16(b)(4) states

23  that a Scheduling Order "may be modified only for good cause and with the judge's

24  consent." Fed. R. Civ. P. 16 (b)(4). The "good cause" standard primarily considers

25  the diligence of the party seeking the amendment of the Scheduling Order. *Johnson*

26  *v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The district court

27  may modify the Scheduling Order if the moving party shows that, even with the

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

6

AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING
HILL TO FILE UNREDACTED MOTION FOR CONTEMPT

1   exercise of due diligence, he or she was unable to meet the timetable set forth in the

2   order. *Id.*

3      The focus of the inquiry is on the moving party, and if the moving party has

4   not been diligent, the motion to modify a Scheduling Order may be denied. *Zivkovic*

5   *v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (good cause exists "if [the

6   schedule] cannot reasonably be met despite the diligence of the party seeking the

7   extension"); *Johnson, supra,* 975 F.2d at 609. Here, good cause exists for the Court

8   to continue dates in the Amended Scheduling Order with respect to the discovery

9   deadlines for nonexpert and expert discovery.

10      In determining whether good cause exists, courts look to see: "(1) that [the

11   party] was diligent in assisting the Court in creating a workable Rule 16 order ...; (2)

12   that [its] noncompliance with a Rule 16 deadline occurred or will occur,

13   notwithstanding [its] diligent efforts to comply, because of the development of

14   matters which could not have been reasonably foreseen or anticipated at the time of

15   the Rule 16 scheduling conference ...; and (3) that [it] was diligent in seeking

16   amendment of the Rule 16 order, once it became apparent that [it] could not comply

17   with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)

18   (citing *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)).

19      In this case, Hill acted diligently in attempting to depose Doe. Hill served the

20   first subpoena to Doe in May 2023. (Prescott Decl. ¶ 3.) After motion practice

21   between Hill and Bauer, the Court ruled that Hill was entitled to take the deposition

22   of Doe on June 28, 2023. (Prescott Decl. ¶ 5.) Hill then re-noticed the deposition of

23   Doe, made multiple attempts to contact Doe regarding the deposition, and was forced

24   to take a Notice of Non-Appearance when Doe still failed to appear. (Prescott Decl.

25   ¶¶ 6-11). Once Doe failed to appear, Hill acted diligently in retaining local counsel

26   to file the Motion to File Under Seal to attempt to compel Doe's compliance with the

27   subpoenas while also protecting her privacy. Out of an abundance of caution, Hill is

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

7

1  seeking this relief to ensure compliance with the Amended Stipulated Protective

2  Order. (Prescott Decl. ¶ 12.)

3      Hill has brought this Ex Parte Application with all due diligence, just four

4  business days after the Motion to File Under Seal was rejected by the District Court

5  for the Southern District of Ohio, in order to obtain an order (1) allowing Hill to file

6  the Motion for Contempt and (2) providing a brief extension to the discovery cutoff,

7  without changing the trial date or any related dates, to allow for the deposition of

8  Doe to move forward.

9      **B.    Absent an Order Allowing Defendant to File the Motion for**

10     **Contempt in Unredacted Form and Allowing Defendant Additional**

11     **Time to Take the Deposition of Doe, Hill Will Be Severely**

12     **Prejudiced and Irreparably Harmed.**

13     Because the sole avenue for the critical testimony and documents sought by

14 the deposition subpoenas issued to Doe is Doe herself, if the relief requested by Hill

15 is not granted Hill will be unable to obtain the information. The information at issue

16 concerns the prior interactions between Doe and Bauer that are very similar to the

17 interactions between Hill and Bauer, i.e. non-consensual sexual acts performed by

18 Bauer on Doe.

19     Evidence that Bauer has "sexually assaulted" other victims by engaging in

20 non-consensual sexual acts with those victims is directly relevant under Rule 415 to

21 prove that Bauer has a propensity to engage in such conduct, and in turn, that he

22 sexually assaulted Hill in a similar manner while Hill was unconscious or partially

23 conscious.

24     Rule 415 permits Hill to present evidence of Bauer's other sexual assaults to

25 prove Bauer's "propensity" to sexually assault Hill. *United States v. Redlightning,*

26 624 F.3d 1090, 1119 (9th Cir. 2010); *United States v. Door,* 663 F. App'x 570, 572

27 (9th Cir. 2016); *Blind-Doan v. Sanders,* 291 F.3d 1079, 1082 (9th Cir. 2002). Fed.

28 R. Evid. 413 ("Rule 413") (criminal) and Rule 415 (civil) were passed to supersede

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

8

I1938189-2 MER-5137

AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING
HILL TO FILE UNREDACTED MOTION FOR CONTEMPT

1   and make an exception to Fed. R. Evid. 404(b), which imposed a blanket prohibition

2   on propensity evidence. *Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1267-

3   68 (9th Cir. 2000); *United States v. Guardia,* 135 F.3d 1326, 1329 (10th Cir.1998).

4        Rule 415 provides that in "a civil case involving a claim for relief based on a

5   party's alleged sexual assault or child molestation, the court may admit evidence

6   that the party committed any other sexual assault or child molestation." Fed. R.

7   Evid. 415(a). Rule 415 additionally provides that such "evidence may be considered

8   as provided in" Rule 413, which is the criminal counterpart, and "does not limit the

9   admission or consideration of evidence under any other rule." *Id.* Rule 413 instructs

10  that evidence introduced under Rule 415 "may be considered on any matter to which

11  it is relevant." Fed. Rule of Evid. 413(a). That includes defendant's propensity to

12  commit the sexual assault complained of in the underlying civil action. *See United*

13  *States v. LeMay,* 260 F.3d 1018, 1024 (9th Cir. 2001) (noting that "Rules 413

14  through 415 ... remov[e] the longstanding ban on propensity evidence in criminal"

15  and civil trials). Rule 415 allows a litigant to present evidence of both charged and

16  uncharged conduct. *See McMahon v. Valenzuela,* No. 214CV02085CASAGRX,

17  2015 WL 7573620, at *3 (C.D. Cal. Nov. 25, 2015)("Accordingly, the fact that

18  plaintiff seeks to admit evidence of allegations (uncharged offenses) does not

19  preclude the admission of such evidence under Rule 415.").

20       **1.**    **The Subpoenas Issued to Doe Seek Admissible Evidence**

21               **Regarding the Sexual Assault Suffered by Doe**

22       The deposition subpoenas issued to Doe specifically seek testimony and

23  documents concerning her prior sexual assault suffered at the hands of Bauer.

24  "Sexual assault," as defined by Rule 413(d), includes Bauer's sexual acts while Doe

25  was unconscious, even if those Doe initially provided consent. Accordingly, not

26  only is Hill entitled to discover facts that Bauer engaged in certain non-consensual

27  sexual acts with Doe, she is also entitled to discover the circumstances that would

28  render those acts non-consensual, including the fact that Bauer would frequently

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

9

I1938189-2 MER-5137

AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING
HILL TO FILE UNREDACTED MOTION FOR CONTEMPT

1  choke Doe during sex until they were unconscious and they could no longer consent.

2  Hill is also entitled to discover additional evidence of Bauer's plan, intent and desire

3  to commit those crimes, including his messages to Doe telling Doe he wants to

4  engage in sexual conduct with them while they are unconscious.

5        Rule 413(d)'s definition of "sexual assault" includes a number of sex crimes

6  under both state or federal law. Fed. R. Evid. 413(d). In particular, under Rule

7  413(d)(1), "sexual assault" is defined as "a crime under federal law … involving: (1)

8  any conduct prohibited by 18 U.S.C. chapter 109A." Fed. R. Evid. 413(d)(1). Under

9  Section 413(d)(1), a defendant's conduct need not satisfy the jurisdictional

10  requirements of chapter 109A to qualify as a sexual assault for purposes of Rule

11  413. See United States v. Shaw, No. 22-CR-00105-BLF-1, 2023 WL 2815360, at

12  *6-8 (N.D. Cal. Apr. 5, 2023). Rather, Rule 413 only requires that the conduct he

13  prohibited by Chapter 109A. See id. ("The words 'conduct prohibited by' indicate

14  that the Court must look at the conduct of the Defendant, regardless of the location

15  of that conduct.").

16        Additionally, Rule 413's definition of "sexual assault" also includes any state

17  law crime "… involving: (2) contact, without consent, between any part of the

18  defendant's body--or an object--and another person's genitals or anus; (3) contact,

19  without consent, between the defendant's genitals or anus and any part of another

20  person's body; [or] (4) deriving sexual pleasure or gratification from inflicting death,

21  bodily injury, or physical pain on another person[.]" Fed. R. Evid. 413(d)(2)-(4).

22        Here, Doe has accused Bauer of engaging in the exact non-consensual

23  criminal sex acts that are considered by Rules 413 and 415. If true, the alleged acts

24  performed by Bauer constitute serious criminal conduct that is prohibited by both

25  chapter 109A and California law. In particular, Bauer's non-consensual sex acts

26  with Doe while she was unconscious qualifies as criminal conduct under both

27  chapter 109A and California law. For example, 18 U.S.C.A. § 2241(b)(1), entitled

28  "Aggravated Sexual Abuse," makes it a crime to knowingly render another person

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

10

AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING
HILL TO FILE UNREDACTED MOTION FOR CONTEMPT

1  unconscious and thereby engage in a "sexual act" with that other person. 18

2  U.S.C.A. § 2242(2)(B), entitled "Sexual Abuse," makes it a crime to knowingly

3  engage in a "sexual act" with a person if that other person is "physically incapable

4  of declining participation in, or communicating unwillingness to engage in, that

5  sexual act." 18 U.S.C.A. § 2242(3) also makes it a crime to knowingly engage in a

6  "sexual act" with a person without that other person's consent. 18 U.S.C.A. § 2244,

7  entitled "Abusive Sexual Contact" makes it a crime to knowingly engage in "sexual

8  contact" with another person without that other person's permission. See 18

9  U.S.C.A. § 2244.

10         Under California law, even if a victim provides advance consent,

11  unconsciousness negates consent because it prevents the victim from withdrawing

12  from the activity. See People v. Miranda, 62 Cal. App. 5th 162, 175 (2021)

13  ("Because the law does not recognize an unconscious person's advance consent to a

14  rape, making the sexual act a crime, it is a battery to intentionally commit that act

15  even if there was advance consent. … Where sex with an unconscious person is a

16  rape and thus unlawful regardless of consent, it is not reasonable to believe that it is

17  lawful, so the touching is a battery, just as it is a rape."). Moreover, a victim need

18  not be "totally and physically unconscious" to negate consent. See People v.

19  Ogunmola, 193 Cal. App. 3d 274, 279 (1987); Boro v. Superior Ct., 163 Cal. App.

20  3d 1224, 1228 (1985). California Penal Code § 261(a)(4), defines rape to mean

21  sexual intercourse when the victim is "unconscious." California Penal Code §

22  289(d), entitled "Forcible acts of sexual penetration; punishment," criminalizes

23  sexual penetration if the victim is "unconscious."

24         Here, Hill has no avenue to obtain the information regarding Bauer's assault

25  of Doe besides Doe herself. As discussed above, the information sought is directly

26  relevant and admissible evidence of prior sexual assaults by Bauer against Doe. This

27  information is critical to Hill's claims and defenses and ability to prepare for trial,

28  and Hill will be irreparably harmed if she is denied this information. Accordingly,

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11

I1938189-2 MER-5137

AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING
HILL TO FILE UNREDACTED MOTION FOR CONTEMPT

1  Hill has established that absent an order granting the relief sought by this ex parte

2  application, Hill will be denied her sole means of obtaining critical and highly

3  relevant information concerning Bauer and Doe.

4  ///

5  ///

6  ///

7  **III.    CONCLUSION**

8       Hill has acted diligently to retain local counsel in an attempt to compel Doe's

9  attendance at a deposition. Despite Hill's best efforts, Hill has been unable to compel

10  Doe's attendance.  By issuing an order allowing (1) Hill to file the Motion for Contempt

11  in unredacted form in the Southern District of Ohio and (2) allowing a brief

12  continuance of the discovery cutoff to allow Hill to take the deposition of Doe, the

13  Court will ensure that Hill is able to comply with the Amended Stipulated Protective

14  Order, and obtain critical testimony and documents from Doe. Hill therefore

15  respectfully requests that this *Ex Parte* Application For an Order Allowing Hill to File

16  the Motion for Contempt in Unredacted Form and for a Continuance of the Discovery

17  Cutoff be granted.

18  DATED:  September 6, 2023          WESIERSKI & ZUREK LLP

19

20

21          By:

22          CHRISTOPHER P. WESIERSKI
           MICHELLE R. PRESCOTT
23          Attorney for Defendant, Lindsey C. Hill

24

25

26

27

28

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

12

I1938189-2 MER-5137