1 Christopher P. Wesierski [Bar No. 086736]
  *cwesierski@wzllp.com*
2 Michelle R. Prescott [Bar No. 262638]
  *mprescott@wzllp.com*
3 Eileen Spadoni [Bar No. 133259]
  *espadoni@wzllp.com*
4 Brett A. Smith [Bar No. 322707]
  *bsmith@wzllp.com*
5 WESIERSKI & ZUREK LLP
  29 Orchard Road
6 Lake Forest, California 92630
  Telephone: (949) 975-1000
7 Facsimile: (949) 756-0517

8 Bryan J. Freedman, Esq. (SBN: 151990)
  *bfreedman@ftllp.com*
9 Jesse A. Kaplan, Esq. (SBN: 255059)
  *jkaplan@ftllp.com*
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile:  (310) 201-0045

13 Attorneys for Defendant and
   Counterclaimant, Lindsey C. Hill
14

15              UNITED STATES DISTRICT COURT

16        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17

| | |
|---|---|
| 18 TREVOR BAUER, | Case No. 8:22-cv-00868 JVS (ADSx) |
| 19     Plaintiff, | Assigned for all purposes to the Hon. James V. Selna |
| 20     vs. | **DECLARATION OF MICHELLE R. PRESCOTT IN SUPPORT OF AMENDED EX PARTE APPLICATION FOR AN ORDER ALLOWING HILL TO FILE UNREDACTED MOTION FOR CONTEMPT IN THE SOUTHERN DISTRICT OF OHIO** |
| 21 LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH, | |
| 22     Defendants, | |
| 23 LINDSEY C. HILL, | |
| 24     Counterclaimant, | *[Filed concurrently with Ex Parte Application, Declaration of Joe Gerling (Proposed) Order]* |
| 25     vs. | Action Filed:     April 25, 2022 |
| 26 TREVOR BAUER, | Discovery Deadline: September 1, 2023 Pretrial Conference: January 22, 2024 |
| 27     Counter-Defendant, | Trial Date:      February 13, 2024 |
| 28 | |

*Left margin vertical text:* WESIERSKI & ZUREK LLP / LAWYERS / 29 ORCHARD ROAD / LAKE FOREST, CALIFORNIA 92630 / (949) 975-1000

I1938188-1 MER-5137

DECLARATION OF MICHELLE R. PRESCOTT

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## DECLARATION OF MICHELLE R. PRESCOTT

I, Michelle R. Prescott, declare as follows:

1.      I am an attorney at law licensed to practice before all the courts of the State of California and am a partner with Wesierski & Zurek LLP, counsel of record for Defendant LINDSEY C. HILL.

2.      The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true. If called as a witness, I could and would competently testify to these facts.

3.      On May 12, 2023, Brett Smith, an attorney in our office, drafted a Subpoena to Testify at a Deposition in a Civil Action ("Original Subpoena") to Jane Doe ("Doe") seeking critical documents and deposition testimony directly related to this Action. The deposition was noticed for June 1, 2023 via Zoom. The Original Subpoena sought documents and deposition testimony concerning Doe's prior sexual relationship with Plaintiff Trevor Bauer ("Bauer") as well as her allegations of sexual assault against Bauer. Doe participated in the prior MLB arbitration concerning alleged sexual assaults by Bauer, and she alone is positioned to testify regarding her claims against Bauer. It is critical to Defendant that Doe sit for her deposition and produce the documents requested by Defendant. Attached hereto as **Exhibit A** is a true and correct copy of the Original Subpoena to Doe.

4.      In response to the Original Subpoena, Bauer filed a Motion for Protective Order and to Quash Third Party Subpoenas ("Motion to Quash") on June 7, 2023. (Dkt. No. 110). Bauer also filed an Application to file the Motion to Quash under seal on the same date. (Dkt. Nos. 111-114). Pursuant to the Local Rules, Plaintiff and Defendant filed a Joint Stipulation Regarding the Motion to Quash on June 8, 2023 (Dkt. No. 115).

5.      On June 28, 2023 the Court, after considering the Motion to Quash and related documents filed by the Parties, ruled that Defendant was entitled to notice the deposition of Doe. (Dkt. No. 135).

2

6. On July 14, 2023, I drafted an Amended Subpoena to Testify at a Deposition in a Civil Action ("Amended Subpoena") to Doe. The Amended Subpoena sought the same documents requested by the Original Subpoena. The deposition was noticed for August 17, 2023 via Zoom. Attached hereto as **Exhibit B** is a true and correct copy of the Amended Subpoena to Doe.

7. On July 15, 2023, Doe was lawfully served with the Amended Subpoena by personal service. Attached hereto as **Exhibit C** is a true and correct copy of the proof of service of the Subpoena evidencing Doe being personally served on July 15, 2023.

8. Shortly after serving the Amended Subpoena, and having heard no response from Doe, my office contacted Doe via text message and provided a copy of the Amended Subpoena and a request that Doe or her counsel contact our office to confirm her availability for her deposition on the August 17, 2023 notice date.

9. Shortly thereafter on or about August 2, 2023, Doe called my office and left a voicemail indicating that she would not be complying with the Amended Subpoena and that she did not wish to be involved in this Action

10. Doe indicated that she was represented by Joe Tacopina, Esq. of Tacopina, Seigel, and Deoreo as her counsel of record. On July 26, 2023 my office sent a letter to Mr. Tacopina regarding service of the Amended Subpoena and requesting that he confirm by close of business on July 28, 2023 whether he still represents Doe and whether Doe is available for her deposition noticed for August 17, 2023. Attached hereto as **Exhibit D** is a true and correct copy of my correspondence to Mr. Tacopina. As of the date of this Declaration, I have not received any response from Mr. Tacopina.

11. On August 17, 2023, I appeared for Doe's deposition as noticed in the Amended Subpoena. I waited approximately thirty (30) minutes for Doe to arrive, and when it was clear she would not be appearing I took a Notice of Non-Appearance on behalf of Doe. Attached hereto as **Exhibit E** is a true and correct

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

3

1   copy of the Notice of Non-Appearance of Doe for her deposition on August 17,
2   2023.

3   　12.　In an effort to compel Doe's attendance at her deposition, I retained Joe
4   Gerling, local counsel admitted to practice before the United States District Court
5   for the Southern District of Ohio to file a Motion to File Under Seal and a Motion
6   for Contempt to Compel Compliance with Deposition Subpoena ("Motion for
7   Contempt") to compel Doe to sit for her deposition. Doe lives in the Southern
8   District of Ohio and accordingly this was the proper venue to file the Motion to File
9   Under Seal and the Motion for Contempt. I retained Mr. Gerling and specifically
10  instructed him to file a Motion to File Under Seal prior to filing the Motion for
11  Contempt in order to: (1) protect Doe's identity which has not been publicly
12  disclosed and (2) be able to file the Motion for Contempt to compel the deposition
13  of Doe to obtain critical and highly relevant testimony and documents concerning
14  Doe's relationship with Bauer without being forced to disclose her identity publicly.
15  Hill is seeking this ex parte relief out of an abundance of caution and a desire to
16  comply with the Amended Stipulated Protective Order.

17  　13.　On August 28, 2023 the Motion to File Under Seal was denied. I am
18  informed and believe, based on advice from Joseph Gerling, that the Southern
19  District generally disfavors applications to file under seal except in limited
20  circumstances involving minors or victims of sex trafficking.

21  　14.　On September 3, 2023 I informed counsel for Plaintiff that I would be
22  withdrawing the prior ex parte application filed on September 1, 2023.

23  　15.　On September 4, 2023 I filed a Motion to Withdraw Ex Parte
24  Application (See Dkt. No. 177). I withdrew the application because I had
25  inadvertently indicated that opposing counsel had informed me they would be
26  opposing the ex parte application and because a revised declaration from Joseph
27  Gerling was required due to an issue with service of the Motion to File Under Seal
28  that was denied. (See Declaration of Joseph Gerling filed concurrently herewith).

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

16.     On September 4, 2023 I met and conferred telephonically with Blair Brown, counsel for Plaintiff. We discussed the Motion to File Under Seal and I explained that local counsel was informed and believed that the Motion to File Under Seal would be transferred to the Central District of California and then be served on the parties via CM/ECF. Because the Motion was not transferred but rather was denied, the transfer and service via CM/ECF did not occur. I advised Plaintiff's counsel I would refile the ex parte application on September 5, 2023. Plaintiff's counsel advised he would oppose on the grounds we had waited to long to bring the ex parte application. I was unable to refile the ex parte application by September 5, 2023 because we had to secure a revised declaration from local counsel in Ohio and we were unable to do so until the morning of September 6, 2023.

17.     On September 6, 2023, at approximately 9:30a.m., I provided Plaintiff's counsel with notice of the ex parte application. Plaintiff's counsel indicated they would oppose the ex parte application on the grounds that (1) the Motion to Seal filed by local counsel was improper; (2) defense counsel waited too long to seek to compel the deposition of Doe; and (3) this ex parte application is the improper method for seeking the relief requested by the application. I informed counsel for Plaintiff we still intended to seek ex parte relief because unless Hill is able to compel the deposition of Doe Hill will be denied critical and highly relevant information that is pivotal to her claims and defenses and is available solely through Doe. Attached hereto as **Exhibit F** is a true and correct copy of the email.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 6, 2023, at Lake Forest, California.

Michelle R. Prescott

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1938188-1 MER-5137

DECLARATION OF MICHELLE R. PRESCOTT

# EXHIBIT A

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
ARPINEH YEREMIAN
THOMAS B. CUMMINGS†

LISA J. McMAINS†
LYNNE RASMUSSEN
KRISTEN R. RODRIGUEZ
CLAUDIA MOURAD
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
I AYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
CLAUDIA V.TINTA ROCA
GREGORY S. MILLER
CINDY L. MIJANGOS
ERIC J. STENBERG

# WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975-1000
FACSIMILE (949) 756-0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627-2300
FACSIMILE (213) 629-2725

SENDER'S E-MAIL:
MPRESCOTT@WZLLP.COM

† AMERICAN BOARD OF TRIAL ADVOCATES (ABOTA)    ALSO ADMITTED IN *CONNECTICUT

May 15, 2023



Re:  Bauer v. Hill
     Date of Loss:  2/8/2022
     Our File No.:  MER-5137

Dear ████████:

You have been served with a subpoena for your deposition testimony with regard to your experiences with Trevor Bauer, the plaintiff in a case against our client, Lindsey Hill. The deposition is currently scheduled for June 1, 2023 at 10:00 a.m. Pacific Standard Time, via Zoom.

If you do not have Zoom available, please contact my office and we will arrange for a location that will have the technology available. Additionally, if you are unable to appear at the date and time on the subpoena, we are willing to reschedule your deposition at a more convenient time for you. However, the deposition must proceed prior to June 7, 2023.

Please feel free to contact us if you have any questions or concerns.

Very truly yours,

WESIERSKI & ZUREK LLP

Michelle R. Prescott

MP:dkm
Enclosures

I1856234-1 MER-5137

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Trevor Bauer | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  8:22-cv-00868-JVS-ADS |
| Lindsey C. Hill and Niranjan Fred Thiagarajah | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ████████████████████████████████████

_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: VIA Zoom<br>Meeting ID: 85726784062; Passcode: 279368 | Date and Time:<br>06/01/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and Videotape

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/12/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Michelle R. Prescott |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Lindsey C. Hill , who issues or requests this subpoena, are:

Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

1.      All communications ███████████ has had with Trevor Bauer, or his
        representative(s), at any time.

2.      All documents reflecting communications with Trevor Bauer about him choking or
        hitting ██████████ or about ██████████ being unconscious.

3.      All photographs, videos or motion pictures of Trevor Bauer choking or hitting ████
        █████ or of █████████ being unconscious or partially unconscious, and/or any
        injuries ██████████ allegedly sustained as a result of Trevor Bauer.

4.      All photographs or videos ██████████ has taken, recorded, or caused to be
        recorded, depicting Trevor Bauer and ██████████ at any time.

5.      All documents regarding any accusations by ██████████ of physical violence,
        abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor
        Bauer.

6.      All documents ██████████ has received from Major League Baseball that address
        any allegations ██████████ has made against Trevor Bauer.

# EXHIBIT B

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California  ▼

| | |
|---|---|
| Trevor Bauer | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  8:22-cv-00868-JVS-ADS |
| Lindsey C. Hill and Niranjan Fred Thiagarajah | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ████████████████████████

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Veritext Legal Solutions 41 S. High St., Ste 1670, Columbus, OH 43215 or via Zoom Meeting ID: 85726784062; Passcode: 279368 | Date and Time: 08/17/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and Videotape

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/14/2023

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| | /s/ Michelle R. Prescott |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Lindsey C. Hill , who issues or requests this subpoena, are:

Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

ATTACHMENT 1 - ███████████████

1.  All communications regarding non-consensual conduct ███████████ has had with Trevor Bauer, or his representative(s), at any time.

2.  All documents reflecting communications with Trevor Bauer about him choking or hitting ███████████, or about ███████████ being unconscious.

3.  All photographs, videos or motion pictures of Trevor Bauer choking or hitting ███████████ or of ███████████ being unconscious or partially unconscious, and/or any injuries ███████████ allegedly sustained as a result of Trevor Bauer.

4.  All photographs or videos ███████████ has taken, recorded, or caused to be recorded, depicting Trevor Bauer and ███████████ at any time.

5.  All documents regarding any accusations by ███████████ of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6.  All documents ███████████ has received from Major League Baseball that address any allegations ███████████ has made against Trevor Bauer.

**███████████ should contact Ms. Hill's counsel, Brett Smith, Esq, at (949) 975-1000 or at bsmith@wzllp.com, to discuss scheduling the deposition.**

I1902603-1 MER-5137

# EXHIBIT C

| Attorney or Party without Attorney:<br>Michelle R. Prescott (SBN 262638)<br>WESIERSKI & ZUREK, LLP<br>29 Orchard Rd<br>Lake Forest, CA 92630<br>  Telephone No: 949-975-1000 | | For Court Use Only |
|---|---|---|
|   Attorney For: Lindsey C. Hill | Ref. No. or File No.:<br>MER-5137 | |
| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES DISTRCT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA | | |
| Plaintiff: Trevor Bauer<br>Defendant: Lindsey C. Hill and Niranjan Fred Thiagarajah | | |

| PROOF OF SERVICE | Hearing Date:<br>08/17/2023 | Time:<br>10:00 a.m. | Dept/Div: | Case Number:<br>8:22-cv-00868-JVS-ADS |
|---|---|---|---|---|

1. *At the time of service, I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Testify at a Deposition in a Civil Action

3. *a.* Party served: ██████████████
   *b.* Person served: Party in item 3.a.

4. *Address where the party was served:* ████████████████████████

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Sat, Jul 15, 2023 (2) at: 11:00 AM

   6. Witness fees were offered or demanded, and paid: $40.00

7. **Person Who Served Papers:**
   a. ANTONIO GREEN
   **b. FIRST LEGAL INVESTIGATIONS**
     2070 N. TUSTIN AVENUE, 2ND FLOOR
     SANTA ANA, CA 92705
   c. (714) 550-1375

   **d.** *The Fee for Service was:*

8. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

07/17/2023                     _(Signature)_

_(Date)_

PROOF OF
SERVICE

9202376
(5301)

# EXHIBIT D

CHRISTOPHER P. WESIERSKI†
RONALD ZUREK†
TERENCE P. CARNEY†
THOMAS G. WIANECKI†
PAUL J. LIPMAN
MICHELLE R. PRESCOTT
DAVID M. FERRANTE-ALAN
MARY H. KIM*
JENNIFER W. NAPLES
CHRISTIAN C.H. COUNTS
KATHRYN J. HARVEY
STEPHANIE H. HSIEH
ABE G. SALEN
EILEEN SPADONI
LAURA J. BARNS
ARPINEH YEREMIAN

THOMAS B. CUMMINGS†
LISA J. McMAINS†
LYNNE RASMUSSEN
KRISTEN R. RODRIGUEZ
BRETT A. SMITH
MATTHEW C. SEYMOUR
ABRAHAM S. ODABACHIAN
LAYNE M. BUKOVSKIS
CHRISTOPHER A. RICHARDSON
DANIELA I. DYKES
SCARLET R. RUSH
KAREN A. RAGLAND
GREGORY S. MILLER
ERIC J. STENBERG
JOSHUA A. NUZZO
NADEZHDA B. OSIPOVA

# WESIERSKI & ZUREK LLP

LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
TELEPHONE (949) 975-1000
FACSIMILE (949) 756-0517

100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
TELEPHONE (213) 627-2300
FACSIMILE (213) 629-2725

SENDER'S E-MAIL:
MPRESCOTT@WZLLP.COM

† AMERICAN BOARD OF TRIAL
ADVOCATES (ABOTA)

ALSO ADMITTED IN
*CONNECTICUT

July 26, 2023

**VIA ELECTRONIC MAIL ONLY**

Joe Tacopina, Esq.
Tacopina, Seigel, & Deoreo
jtacopina@tacopinalaw.com; info@tacopinalaw.com
275 Madison Ave., 35th Floor
New York, NY 10016

|       |              |                                                |
|-------|--------------|------------------------------------------------|
| Re:   | Bauer v. Hill |                                                |
|       | Case No.:    | 8:22-cv-00868-JVS-ADS                          |
|       | Venue:       | USDC – Central District of CA, Southern Division. |
|       | Trial Date:  | February 13, 2024                              |
|       | Our File No.: | MER-5137                                       |

Dear Mr. Tacopina:

This letter is to inform you of our office's July 15, 2023 service of a deposition subpoena upon ████████████████ Over the course of discovery in the above-listed matter, we have attempted to contact your office on multiple occasions by phone and email without success, response, or acknowledgement. As such, we are unaware of the status of your representation of ███████████████ This correspondence serves as a final effort to connect before reaching out to ████████████ directly.

████████████ deposition in this matter is set to occur on **August 17, 2023** at **10:00 a.m. PST**, at **Veritext Legal Solutions, 41 S. High St., Ste 1670, Columbus, OH 43215**. Again, ██████████ was served with a deposition subpoena on July 15, 2023.

As you may know, this is a bicoastal lawsuit which involves a number of attorneys who will be traveling to Ohio for the purpose of soliciting ████████ testimony relevant to this matter. On June 28, 2023, Magistrate Judge Autumn D. Spaeth denied Trevor Bauer's

---

[1] For your reference, please see attached Subpoena and Amended Deposition Notice to ████████████

I1911366-1 MER-5137

Joe Tacopina
July 26, 2023
Page 2

Motion for a Protective Order to prevent ████████ from testifying at a deposition in this lawsuit. Accordingly, our office has revised and reissued its subpoena to ████████ based on the Court's order.

By the close of business on **Friday July 28, 2023**, please advise if you are still representing ████████ and whether ████████ is available for her deposition on August 17th, or if alternative arrangements are necessary. If we do not hear back from you by then, we will reasonably assume that you are not representing ████████, and we will reach out to █ directly about █ deposition.

Very truly yours,

WESIERSKI & ZUREK LLP

Michelle R. Prescott
Senior Partner

MP:BAS
Enclosed: Subpoena to ████████

cc:     Jesse Kaplan, Esq.

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:22-cv-00868-JVS-ADS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                        _____
                                                          *Printed name and title*

                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California ▼

| | |
|---|---|
| Trevor Bauer | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  8:22-cv-00868-JVS-ADS |
| Lindsey C. Hill and Niranjan Fred Thiagarajah | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ███████████████████████████

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: ~~Veritext Legal Solutions 41 S. High St., Ste 1670,~~ Columbus, OH 43215 or via Zoom<br>Meeting ID: 85726784062; Passcode: 279368 | Date and Time:<br>08/17/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Videotape

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   SEE ATTACHED EXHIBIT 1 - DOCUMENTS TO BE PRODUCED

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/14/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Michelle R. Prescott |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Lindsey C. Hill
_____ , who issues or requests this subpoena, are:
Michelle R. Prescott, Wesierski & Zurek LLP, 29 Orchard Rd., Lake Forest, CA 92630
mprescott@wzllp.com, (949) 975-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

ATTACHMENT 1 - █████████████

1.    All communications regarding non-consensual conduct ████████████ has had with Trevor Bauer, or his representative(s), at any time.

2.    All documents reflecting communications with Trevor Bauer about him choking or hitting ████████████ or about ████████████ being unconscious.

3.    All photographs, videos or motion pictures of Trevor Bauer choking or hitting ████████ ████████ or of ████████████ being unconscious or partially unconscious, and/or any injuries ████████████ allegedly sustained as a result of Trevor Bauer.

4.    All photographs or videos ████████████ has taken, recorded, or caused to be recorded, depicting Trevor Bauer and ████████████ at any time.

5.    All documents regarding any accusations by ████████████ of physical violence, abuse, sexual battery, sexual abuse, battery, assault, and/or rape made against Trevor Bauer.

6.    All documents ████████████ has received from Major League Baseball that address any allegations ████████████ has made against Trevor Bauer.

████████████ **should contact Ms. Hill's counsel, Brett Smith, Esq, at (949) 975-1000 or at bsmith@wzllp.com, to discuss scheduling the deposition.**

| Attorney or Party without Attorney:<br>Michelle R. Prescott (SBN 262638)<br>WESIERSKI & ZUREK, LLP<br>29 Orchard Rd<br>Lake Forest, CA 92630<br>    Telephone No:   949-975-1000 | | For Court Use Only |
|---|---|---|
| Attorney For:   Lindsey C. Hill | Ref. No. or File No.:<br>MER-5137 | |

| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES DISTRCT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA | | | | |
|---|---|---|---|---|
| Plaintiff:   Trevor Bauer<br>Defendant:   Lindsey C. Hill and Niranjan Fred Thiagarajah | | | | |
| **PROOF OF SERVICE** | Hearing Date:<br>08/17/2023 | Time:<br>10:00 a.m. | Dept/Div: | Case Number:<br>8:22-cv-00868-JVS-ADS |

1.   *At the time of service, I was at least 18 years of age and not a party to this action.*

2.   I served copies of the Subpoena to Testify at a Deposition in a Civil Action

3.   *a.*   Party served:          ▮▮▮▮▮▮▮▮▮▮
      *b.*   Person served:      Party in item 3.a.

4.   *Address where the party was served:*   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5.   *I served the party:*
      a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Sat, Jul 15, 2023 (2) at: 11:00 AM

      6. Witness fees were offered or demanded, and paid: $40.00

7.   **Person Who Served Papers:**
      a. ANTONIO GREEN
      **b. FIRST LEGAL INVESTIGATIONS**              **d. *The Fee for Service was:***
          2070 N. TUSTIN AVENUE, 2ND FLOOR
          SANTA ANA, CA 92705
      c. (714) 550-1375

8.   ***I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.***

_____07/17/2023_____          _____
            *(Date)*                                        *(Signature)*



                                                        **PROOF OF**                              9202376
                                                         **SERVICE**                              (5301)

1 | Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
2 | Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
3 | Eileen Spadoni [Bar No. 133259]
*espadoni@wzllp.com*
4 | Brett A. Smith [Bar No. 322707]
*bsmith@wzllp.com*
5 | WESIERSKI & ZUREK LLP
29 Orchard Road
6 | Lake Forest, California 92630
Telephone: (949) 975-1000
7 | Facsimile: (949) 756-0517

8 | Bryan J. Freedman, Esq. (SBN: 151990)
*bfreedman@ftllp.com*
9 | Jesse A. Kaplan, Esq. (SBN: 255059)
*jkaplan@ftllp.com*
10 | FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
11 | Los Angeles, California 90067
Telephone: (310) 201-0005
12 | Facsimile: (310) 201-0045

13 | Attorneys for Defendant, Lindsey C. Hill

14

15 | UNITED STATES DISTRICT COURT

16 | CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17

18 | TREVOR BAUER,                    Case No. 8:22-cv-00868 JVS(ADSx)

19 |          Plaintiff,             **AMENDED NOTICE OF DEPOSITION OF** ▮▮▮▮▮▮▮

20 |     vs.

21 | LINDSEY C HILL AND NIRANJAN      Action Filed:       April 25, 2022
FRED THIAGARAJAH,
22
          Defendant.
23

24

25 | **PLEASE TAKE NOTICE** that, pursuant to the Federal Rule of Civil

26 | Procedure 45, Defendant LINDSEY C. HILL, by and through the undersigned

27 | attorneys, will take the videotaped deposition of ▮▮▮▮▮▮▮▮▮▮▮▮▮ pursuant

28 | to the Subpoena to Testify at Deposition in a Civil Action attached hereto as Exhibit

*Sidebar (left margin):* WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1   "A" on **August 17, 2023** beginning at **10:00 a.m. PST**, at **Veritext Legal Solutions,**

2   **41 S. High St., Ste 1670, Columbus, OH**, or via Zoom.

3       If for any reason the taking of the deposition is not completed on the scheduled

4   date, it shall be continued from day to day, excluding Sundays and holidays until

5   completed.

6       Notice is further given that under Fed.R.Civ.P. 30(b)(2) that the deposition may

7   be recorded stenographically and may also be recorded by real-time transcription

8   and/or by videotape.

9       PLEASE TAKE FURTHER NOTICE that under Fed.R.Civ.P. 45 the deponent

10  is required to produce the following documents at the time of deposition:

11      1.    All communications regarding non-consensual conduct ███████

12          ███████ has had with Trevor Bauer, or his representative(s), at any

13          time.

14      2.    All documents reflecting communications with Trevor Bauer about him

15          choking or hitting ███████, or about ███████ being

16          unconscious.

17      3.    All photographs, videos or motion pictures of Trevor Bauer choking or

18          hitting ███████, or of ███████ being unconscious or

19          partially unconscious, and/or any injuries ███████ allegedly

20          sustained as a result of Trevor Bauer.

21      4.    All photographs or videos ███████ has taken, recorded, or

22          caused to be recorded, depicting Trevor Bauer and ███████ at

23          any time.

24      5.    All documents regarding any accusations by ███████ of

25          physical violence, abuse, sexual battery, sexual abuse, battery, assault,

26          and/or rape made against Trevor Bauer.

27      6.    All documents ███████ has received from Major League

28          Baseball that address any allegations ███████ has made

against Trevor Bauer.

NOTICE IS HEREBY GIVEN that deponent's deposition transcript may be the official record and may be used in lieu of testimony at the time of trial of the above-entitled action.

NOTICE IS HEREBY GIVEN that the oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Central District of California, and all Case Management Orders entered by the Court.

DATED:  July 14, 2023          WESIERSKI & ZUREK LLP

                               By: _____
                                   CHRISTOPHER P. WESIERSKI
                                   MICHELLE R. PRESCOTT
                                   Attorneys for Defendant, Lindsey C. Hill

I1856297-1 MER-5137          AMENDED NOTICE OF DEPOSITION OF ▮▮▮▮▮▮

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 29 Orchard Road, Lake Forest, CA 92630.

On July 14, 2023, I served true copies of the following document(s) described as **AMENDED NOTICE OF DEPOSITION OF** ▓▓▓▓▓▓▓▓▓▓▓▓ on the interested parties in this action as follows:

Shawn C. Holley, Esq.                    Attorney for Plaintiff, Trevor Bauer
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
Kinsella Weitzman Iser Kump Holley LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA  90025
Phone: 310-566-9822
Fax: 310-566-9850
E-Mail: sholley@kwikhlaw.com;
kmangels@kwikalaw.com;
smacisaac@kwikhlaw.com

Blair G. Brown, Esq.                    Attorney for Plaintiff, Trevor Bauer
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
Zuckerman Spaeder LLP
1800 M. Street, N. W. Suite 1000
Washington, D.C  20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com;
jfetterolf@zuckerman.com;
NPeyser@Zuckerman.com;
ksimmerson@zuckerman.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address canderson@wzllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 14, 2023, at Lake Forest, California.

s/ CHELSEA ANDERSON
Chelsea Anderson

# EXHIBIT E

███████████████
August 17, 2023

```
 1            UNITED STATES DISTRICT COURT
       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
 2
                          *    *    *
 3

       TREVOR BAUER,
 4
               Plaintiff,
 5
               vs.          CASE NO. 8:22-cv-00868-JVS(ADSx)
 6
       LINDSEY C. HILL and
 7     NIRANJAN FRED THIAGARAJAH,
 8             Defendants.
 9                        *    *    *
10            CERTIFICATE OF NON-APPEARANCE
                   OF ████████████
11
12        I, Monica K. Schrader, Court Reporter in and
13     for the State of Ohio, do hereby certify that I
14     was present at the office of Veritext Legal
15     Solutions, 41 South High Street, Suite 1670,
16     Columbus, Ohio, on August 17, 2023, at 10:00 a.m.,
17     for the purpose of reporting the deposition of
18     ████████████ scheduled to begin at 10:00 a.m.,
19     and the deponent did not appear.
20        Under penalties of perjury, I declare that I
21     have read the foregoing certificate and that the
22     facts stated ir
23     DATED TH:   Monica K Schrader
24
                 MONICA K. SCHRADER, Court Reporter
25                        *    *    *

                                              Page 1
```

California Code of Civil Procedure

Article 5. Transcript or Recording

Section 2025.520

(a)  If the deposition testimony is
stenographically recorded, the deposition officer
shall send written notice to the deponent and to
all parties attending the deposition when the
Original transcript of the testimony for each
session of the deposition is available for reading,
correcting, and signing, unless the deponent and
the attending parties agree on the record that the
reading, correcting, and signing of the transcript
of the testimony will be waived or that the
reading, correcting, and signing of a transcript of
the testimony will take place after the entire
deposition has been concluded or at some other
specific time.

(b)  For 30 days following each notice under
subdivision (a), unless the attending parties and
the deponent agree on the record or otherwise in
writing to a longer or shorter time period, the
deponent may change the form or the substance of
the answer to a question, and may either approve
the transcript of the deposition by signing it, or

refuse to approve the transcript by not signing it.

(c) Alternatively, within this same period, the deponent may change the form or the substance of the answer to any question and may approve or refuse to approve the transcript by means of a letter to the deposition officer signed by the deponent which is mailed by certified or registered mail with return receipt requested. A copy of that letter shall be sent by first-class mail to all parties attending the deposition.

(d) For good cause shown, the court may shorten the 30-day period for making changes, approving, or refusing to approve the transcript.

(e) The deposition officer shall indicate on the original of the transcript, if the deponent has not already done so at the office of the deposition officer, any action taken by the deponent and indicate on the original of the transcript, the deponent's approval of, or failure or refusal to approve, the transcript. The deposition officer shall also notify in writing the parties attending the deposition of any changes which the deponent timely made in person.

(f) If the deponent fails or refuses to approve the transcript within the allotted period, the

deposition shall be given the same effect as though it had been approved, subject to any changes timely made by the deponent.

(g)  Notwithstanding subdivision (f), on a seasonable motion to suppress the deposition, accompanied by a meet and confer declaration under Section 2016.040, the court may determine that the reasons given for the failure or refusal to approve the transcript require rejection of the deposition in whole or in part.

(h)  The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to suppress a deposition under this section, unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

DISCLAIMER: THE FOREGOING CIVIL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE STATE RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the deposition officer. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the deposition officer and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in SSAE 16 certified facilities.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of deposition services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.

# EXHIBIT F

Original Message-----
From: Michelle R. Prescott
Sent: Wednesday, September 6, 2023 9:13 AM
To: Brown, Blair G. <bbrown@zuckerman.com>
Cc: Leslie S. Sotelo <LSotelo@wzllp.com>; Fetterolf, Jon R. <JFetterolf@zuckerman.com>; Peyser, Nell Z
<NPeyser@zuckerman.com>; Simmerson, Kelsey <ksimmerson@zuckerman.com>;
sholley@kwikhlaw.com; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com; Christopher Wesierski
<CWesierski@WZLLP.COM>; Eileen Spadoni <ESpadoni@WZLLP.COM>; Brett Smith
<BSmith@WZLLP.COM>; Debbie Cooper <dcooper@wzllp.com>; Antonio Ramos
<ARamos@WZLLP.COM>; Kelly Atherton <KAtherton@WZLLP.COM>; Chelsea Anderson
<CAnderson@WZLLP.COM>; Jesse Kaplan <jkaplan@ftllp.com>
Subject: RE: Bauer v. Hill | Ex Parte Notice - Filing Today 9-6-2023

Counsel,

Please allow this email to serve as a formal meet and confer attempt in advance of our filing an Ex Parte
Application for an Order Allowing Lindsey C. Hill to File a Motion For Contempt for Failure to Appear at
Deposition and For an Order Extending the Discovery Cutoff to Allow Hill to Depose Jane Doe.

Ms. Hill is seeking ex parte relief because Doe is the sole avenue for Hill to obtain critical information
relevant to her claims and defenses and Hill has already diligently attempted to compel Doe's deposition
while complying with the Amended Stipulated Protective Order and by not naming Doe publicly. In
order to compel Doe's attendance, a motion for contempt must be filed in unredacted form in the
Southern District of Ohio where Doe resides. The requested relief will allow Hill to comply with the
Southern District of Ohio's regulations and with the Amended Stipulated Protective Order.  We will
further being asking for relief to be able to take Doe's deposition after the close of discovery.

We had withdrawn the prior ex parte application based on Mr. Brown's communication below and
corrected the mistakes contained in the prior ex parte application.  On Monday, September 4, 2023, Mr.
Brown and I discussed the ex parte application and he indicated that plaintiff would oppose.  Please
advise if that is still your intention.

Michelle R. Prescott
Wesierski & Zurek LLP
29 Orchard Road, Lake Forest, CA 92630
Tel. No. (949) 975-1000
Fax. No. (949) 756-0517
Email mprescott@wzllp.com

Follow us on:
Confidential Communication: Emails from this firm normally contain confidential and privileged material
and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is
prohibited and may be a violation of law. This communication and all attachments are confidential, in
anticipation of litigation or in furtherance of litigation. The attorney client privilege, work product
doctrine and privacy rights of the sender, recipients and third parties are specifically asserted as to this
communication and all attachments, in addition to all other protections afforded by law, including
without limitation, HIPAA, physician/patient privilege, trade secret, tax privacy, copyright and trademark
laws. If you believe that you received this email in error, please do not read this email or any attached

items. Please delete the email and all attachments, including any copies thereof, and inform the sender
that you have deleted the email, all attachments and any copies thereof. Thank you.

Original Message-----
From: Michelle R. Prescott
Sent: Wednesday, September 6, 2023 9:13 AM
To: Brown, Blair G. <bbrown@zuckerman.com>
Cc: Leslie S. Sotelo <LSotelo@wzllp.com>; Fetterolf, Jon R. <JFetterolf@zuckerman.com>; Peyser, Nell Z <NPeyser@zuckerman.com>; Simmerson, Kelsey <ksimmerson@zuckerman.com>; sholley@kwikhlaw.com; kmangels@kwikalaw.com; smacisaac@kwikhlaw.com; Christopher Wesierski <CWesierski@WZLLP.COM>; Eileen Spadoni <ESpadoni@WZLLP.COM>; Brett Smith <BSmith@WZLLP.COM>; Debbie Cooper <dcooper@wzllp.com>; Antonio Ramos <ARamos@WZLLP.COM>; Kelly Atherton <KAtherton@WZLLP.COM>; Chelsea Anderson <CAnderson@WZLLP.COM>; Jesse Kaplan <jkaplan@ftllp.com>
Subject: RE: Bauer v. Hill | Ex Parte Notice - Filing Today 9-6-2023

Counsel,

Please allow this email to serve as a formal meet and confer attempt in advance of our filing an Ex Parte Application for an Order Allowing Lindsey C. Hill to File a Motion For Contempt for Failure to Appear at Deposition and For an Order Extending the Discovery Cutoff to Allow Hill to Depose Jane Doe.

Ms. Hill is seeking ex parte relief because Doe is the sole avenue for Hill to obtain critical information relevant to her claims and defenses and Hill has already diligently attempted to compel Doe's deposition while complying with the Amended Stipulated Protective Order and by not naming Doe publicly. In order to compel Doe's attendance, a motion for contempt must be filed in unredacted form in the Southern District of Ohio where Doe resides. The requested relief will allow Hill to comply with the Southern District of Ohio's regulations and with the Amended Stipulated Protective Order.  We will further being asking for relief to be able to take Doe's deposition after the close of discovery.

We had withdrawn the prior ex parte application based on Mr. Brown's communication below and corrected the mistakes contained in the prior ex parte application.  On Monday, September 4, 2023, Mr. Brown and I discussed the ex parte application and he indicated that plaintiff would oppose.  Please advise if that is still your intention.

Michelle R. Prescott
Wesierski & Zurek LLP
29 Orchard Road, Lake Forest, CA 92630
Tel. No. (949) 975-1000
Fax. No. (949) 756-0517
Email mprescott@wzllp.com

Follow us on:
Confidential Communication: Emails from this firm normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. This communication and all attachments are confidential, in anticipation of litigation or in furtherance of litigation. The attorney client privilege, work product doctrine and privacy rights of the sender, recipients and third parties are specifically asserted as to this communication and all attachments, in addition to all other protections afforded by law, including without limitation, HIPAA, physician/patient privilege, trade secret, tax privacy, copyright and trademark laws. If you believe that you received this email in error, please do not read this email or any attached

items. Please delete the email and all attachments, including any copies thereof, and inform the sender
that you have deleted the email, all attachments and any copies thereof. Thank you.

-----Original Message-----
From: Brown, Blair G. <bbrown@zuckerman.com>
Sent: Wednesday, September 6, 2023 10:44 AM
To: Michelle R. Prescott <mprescott@WZLLP.COM>
Cc: Leslie S. Sotelo <LSotelo@wzllp.com>; Fetterolf, Jon R. <JFetterolf@zuckerman.com>; Peyser, Nell Z <NPeyser@zuckerman.com>; Simmerson, Kelsey <ksimmerson@zuckerman.com>; sholley@kwikhlaw.com; Kate Mangels <KMangels@khiks.com>; Christopher Wesierski <CWesierski@WZLLP.COM>; Eileen Spadoni <ESpadoni@WZLLP.COM>; Brett Smith <BSmith@WZLLP.COM>; Debbie Cooper <dcooper@wzllp.com>; Antonio Ramos <ARamos@WZLLP.COM>; Kelly Atherton <KAtherton@WZLLP.COM>; Chelsea Anderson <CAnderson@WZLLP.COM>; Jesse Kaplan <jkaplan@ftllp.com>; Ventresca, Ivano <iventresca@zuckerman.com>
Subject: RE: Bauer v. Hill | Ex Parte Notice - Filing Today 9-6-2023

**CAUTION: This email originated from outside of the organization.**

Michelle:
For the reasons discussed on our meet-and-confer call on Monday, September 4, as well as my email of Friday, September 1, we intend to oppose the ex parte application.  Those reasons include, but are not limited to:

(1) Your local counsel could have filed a properly supported motion to seal in the S.D. Ohio by the court-imposed deadline of yesterday but chose not to.  Indeed, your local counsel's initial motion did not even mention the protective order in this case, Judge Spaeth's prior ruling ordering Doe's name to be redacted in a prior filing in this case, or that the information at issue concerned the sexual history of Doe and Mr. Bauer. Indeed, if your local counsel had simply attached and described the protective order in this case, it is unlikely the motion would have been denied. There is no basis for ex parte relief or amendment of the protective order where you could have complied with the protective order through a proper motion in S.D. Ohio.

(2) You have waited too long to seek to compel the deposition of Doe, who you knew as of August 2 would not attend her deposition on August 17. Accordingly, amendment of the protective order and an extension of fact discovery are not warranted.

(3) Your application is not a proper basis for ex parte relief.  You could have filed a properly noticed joint stipulation or motion in this court instead of using the extraordinary process of an ex parte application.

We reserve the right to make additional points based on the arguments in your ex parte application.

- Blair


Blair G. Brown
Zuckerman Spaeder LLP
mailto:bbrown@zuckerman.com

1800 M STREET NW, SUITE 1000  •  WASHINGTON  •  DC , 20036-5807
202.778.1829 direct • 202.320.8369 mobile • 202.822.8106

► https://www.zuckerman.com/vcard/Blair_G_Brown/ | http://www.zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.