1  Christopher P. Wesierski [Bar No. 086736]
     cwesierski@wzllp.com
2  Michelle R. Prescott [Bar No. 262638]
     mprescott@wzllp.com
3  Eileen Spadoni [Bar No. 133259]
     espadoni@wzllp.com
4  Brett A. Smith [Bar No. 322707]
     bsmith@wzllp.com
5  WESIERSKI & ZUREK LLP
   29 Orchard Road
6  Lake Forest, California 92630
   Telephone: (949) 975-1000
7  Facsimile: (949) 756-0517

8  Bryan J. Freedman, Esq. (SBN: 151990)
     bfreedman@ftllp.com
9  Jesse A. Kaplan, Esq. (SBN: 255059)
     jkaplan@ftllp.com
10 FREEDMAN + TAITELMAN, LLP
   1801 Century Park West, 5th Floor
11 Los Angeles, California 90067
   Telephone: (310) 201-0005
12 Facsimile:  (310) 201-0045

13 Attorneys for Defendant and
   Counterclaimant, Lindsey C. Hill

14

15                UNITED STATES DISTRICT COURT

16    CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

17

| | |
|---|---|
| 18  TREVOR BAUER, | Case No. 8:22-cv-00868 JVS (ADSx) |
| 19         Plaintiff, | Assigned for all purposes to the Hon. James V. Selna |
| 20     vs. | |
| 21  LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH, | **DECLARATION OF JOSEPH GERLING IN SUPPORT OF AMENDED EX PARTE APPLICATION** |
| 22         Defendants, | *[Filed concurrently with Ex Parte Application, Declaration of Michelle R. Prescott, (Proposed) Order]* |
| 23  LINDSEY C. HILL, | |
| 24         Counterclaimant, | |
| 25     vs. | |
| 26  TREVOR BAUER, | Action Filed:          April 25, 2022 |
| 27         Counter-Defendant, | Discovery Deadline: September 1, 2023<br>Pretrial Conference: January 22, 2024<br>Trial Date:              February 13, 2024 |

28

I1939310-1 MER-5137                    DECLARATION OF JOSEPH GERLING

# **DECLARATION OF JOSEPH GERLING**

I, Joseph Gerling, declare as follows:

1.      I am an attorney at law licensed to practice before all the courts of the State of Ohio and I am an attorney with Weston Hurd, LLP, Ohio local counsel of record for Defendant LINDSEY C. HILL.

2.      The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true.  If called as a witness, I could and would competently testify to these facts.

3.      On August 23, 2023, I was retained by Michelle R. Prescott and Weiserski & Zurek, LLP, counsel of record for Ms. Hill. I was retained to file a Motion to File Under Seal and Motion for Contempt to Compel Compliance with a Deposition Subpoena ("Motion for Contempt") issued by Ms. Prescott to Jane Doe ("Doe"). Prior to being retained, I was provided and executed a copy of the Amended Stipulated Protective Order in force in the underlying action between Ms. Hill and Bauer. Attached hereto as **Exhibit A** is a true and correct copy of the fully executed protective order signed by me.

4.      I am informed and believe that Doe is another accuser of Plaintiff Trevor Bauer ("Bauer") and that her deposition testimony is highly relevant to Ms. Hills ongoing action involving Bauer.

5.      Ms. Prescott informed me that it was necessary to retain local counsel in Ohio because Doe is a resident of the Southern District of Ohio and any motion to compel Doe's attendance at deposition must be filed in the district where Doe resides.

6.      On August 25, 2023 I filed the Motion to File Document Under Seal in the District Court for the Southern District of Ohio. The Motion to File Under Seal intentionally did not include the name, address, or any other identifying information about Doe in order to protect Doe's privacy. Attached hereto as **Exhibit B** is a true and correct copy of the Motion to File Under Seal.

DECLARATION OF JOSEPH GERLING

7.      I was informed and believed that by filing the Motion to File Under Seal in the Southern District of Ohio, the Court in the Southern District would transfer the Motion to the jurisdiction of the Central District of California and that the parties in the related Central District of California Action would thereafter receive notice and service copies of the Motion to File Under Seal through the CM/ECF system. At no point did I intend not to provide the parties notice of the Motion to File Under Seal.

8.      On August 28, 2023, United States Magistrate Judge Chelsey M. Vascura issued an Order denying the Motion to File Under Seal. In the order, Judge Vascura explained that due to the standard regarding motions to seal set forth by the Sixth Circuit, the Motion to File Under seal failed to meet the standard. Specifically, the court disfavors applications to file under seal and generally only grants applications in limited circumstances involving minors or victims of sex trafficking.

9.      Because the Motion to File Under Seal was denied, the Motion for Contempt will need to be filed in an unredacted form with the full name of Jane Doe.

10.      As of the filing of this Declaration, I have not filed the Motion for Contempt out of a desire to protect the privacy of Doe.


I declare under penalty of perjury under the laws of the State of California and the State of Ohio that the foregoing is true and correct.

Executed on September 6, 2023, at Columbus, Ohio.


_____
/s/Joseph Gerling
Joseph Gerling

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

# EXHIBIT A

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _Joseph A. Gerling_ [full name], of _Weston Hurd LLP 101 E. Town Street, Ste 500 Columbus, Ohio 43215_

[full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _Bauer v. Hill   8:22-cv-00868JVS-ADS_ [insert case name and number]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _Wesierski & Zurek LLP_ [full name] of _29 Orchard Road, Lake Forest, CA 92630_ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _August 23, 2023_

City and State where signed: _Columbus, Ohio_

Printed name: _Joseph A. Gerling_

Signature: _Joseph A. Gerling_

18

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

TREVOR BAUER,

               Plaintiff,

    v.

LINDSEY C. HILL and NIRANJAN
FRED THIAGARAJAH,

             Defendants.

Case No. 8:22-cv-00868-JVS-ADS
Assigned for all purposes to the Hon.
James V. Selna

**AMENDED STIPULATED**
**PROTECTIVE ORDER**

**\*\*NOTE CHANGES MADE BY THE COURT**

1.   <u>INTRODUCTION</u>

    1.1   <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 7 of 25   Page ID
Case 8:22-cv-00868-JVS-ADS   Document 76   Filed 12/07/22   Page 2 of 18   Page ID #:2120
#:5554

1    Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

2    confidential information under seal. Civil Local Rule 79-5 sets forth the procedures

3    that must be followed and the standards that will be applied when a party seeks

4    permission from the court to file material under seal.

5        1.2    GOOD CAUSE STATEMENT

6        The Parties agree that good cause exists for the entry of this pretrial protective

7    order. Discovery may involve the production of parties' and non-parties' personal

8    and/or sensitive information, financial records, personal communications and contact

9    information, health records, and other records kept confidential for law enforcement

10   investigatory purposes.

11   2.    DEFINITIONS

12       2.1    Action: This pending federal lawsuit, *Bauer v. Hill and Thiagarajah*,

13   Case No. 22-cv-00868.

14       2.2    Challenging Party:  A Party or Non-Party that challenges the designation

15   of information or items under this Order.

16       2.3    Confidential: Personal, sensitive, and/or non-public information which

17   is in the possession of a Designating Party and (a) visually depicts (i.e., photographs,

18   images, or videos) sexual acts or explicit nudity (i.e., naked breasts, buttocks, or

19   genitalia); (b) includes communications between a Party and any non-party that is

20   sexual in nature; (c) includes protected medical information; (d) private financial

21   information; (e) personally identifiable information, such as addresses and social

22   security numbers; ~~(f) may violate a Party's or Non-Party's right to privacy;~~ (g) is

23   subject to the official information privilege under applicable law, including, but not

24   limited to, California Evidence Code Section 1040, *Kelly v. City of San Jose*, 114

25   F.R.D. 653 (N.D. Cal. 1987), and/or *Soto v. City of Concord*, 162 F.R.D. 603, 613

26   (N.D. Cal. 1995); and/or (h) qualifies for protection under Federal Rule of Civil

27   Procedure 26(c) or other applicable legal requirements.

28

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 8 of 25   Page ID
#:5555
Case 8:22-cv-00868-JVS-ADS   Document 78   Filed 12/07/22   Page 3 of 18   Page ID #:2121

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party: Any party to this Action, including all of its agents, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

3

1   demonstrations, and organizing, storing, or retrieving data in any form or medium)

2   and their employees and subcontractors.

3       2.14 <u>Protected Material</u>: Any Disclosure or Discovery Material that is

4   designated as "CONFIDENTIAL."

5   2.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from

6   a Producing Party.

7   3.    <u>SCOPE</u>

8       The protections conferred by this Stipulation and Order cover not only

9   Protected Material (as defined above), but also (1) any information copied or extracted

10  from Protected Material; (2) all copies, excerpts, summaries, or compilations of

11  Protected Material; and (3) any testimony, conversations, or presentations by Parties

12  or their Counsel that might reveal Protected Material.

13      Any use of Protected Material at trial will be governed by the orders of the trial

14  judge. This Order does not govern the use of Protected Material at trial.

15  4.    <u>DURATION</u>

16      Once a case proceeds to trial, all Protected Materials that are actually used at

17  trial become public and will be presumptively available to all members of the public,

18  including the press, unless compelling reasons supported by specific factual findings

19  to proceed otherwise are made to the trial judge in advance of the trial. <u>See</u> <u>Kamakana</u>

20  <u>v. City and County of Honolulu</u>, <u>447 F.3d 1172, 1180-81</u> (9th Cir. 2006)

21  (distinguishing "good cause" showing for sealing documents produced in discovery

22  from "compelling reasons" standard when merits-related documents are part of court

23  record). Any Party or non-party may seek to seal any Protected Material that is going

24  to be used at trial pursuant to Civil Local Rule 79-5. Protected Materials that are not

25  actually used at trial or are not otherwise filed in the public casefile in this Action (i.e.

26  through stipulation or denial of a sealing application), shall not become public and

27  will not be presumptively available to all members of the public. Even after final

28  disposition of this litigation, the confidentiality obligations imposed by this Order

4

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 10 of 25   Page ID
#:5557
Case 8:22-cv-00868-JVS-ADS   Document 78   Filed 12/07/22   Page 5 of 18   Page ID #:2123

1   shall remain in effect until a Designating Party agrees otherwise in writing or a court

2   order otherwise directs. Final disposition shall be deemed to be the later of (1)

3   dismissal of all claims and defenses in this Action, with or without prejudice; and (2)

4   final judgment herein after the completion and exhaustion of all appeals, rehearings,

5   remands, trials, or reviews of this Action, including the time limits for filing any

6   motions or applications for extension of time pursuant to applicable law.

7   5.    DESIGNATING PROTECTED MATERIAL

8        5.1   Exercise of Restraint and Care in Designating Material for Protection.

9   Each Party or Non-Party that designates information or items for protection under this

10   Order must take care to limit any such designation to specific material that qualifies

11   under the appropriate standards.  The Designating Party must designate for protection

12   only those parts of material, documents, items, or oral or written communications that

13   qualify so that other portions of the material, documents, items, or communications

14   for which protection is not warranted are not swept unjustifiably within the ambit of

15   this Order.

16        Mass, indiscriminate, or routinized designations are prohibited.  Designations

17   that are shown to be clearly unjustified or that have been made for an improper

18   purpose (e.g., to unnecessarily encumber the case development process or to impose

19   unnecessary expenses and burdens on other parties) may expose the Designating Party

20   to sanctions.

21        If it comes to a Designating Party's attention that information or items that it

22   designated for protection do not qualify for protection, that Designating Party must

23   promptly notify all other Parties that it is withdrawing the inapplicable designation.

24        5.2   Manner and Timing of Designations.  Except as otherwise provided in

25   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

26   stipulated or ordered, Disclosure of Discovery Material that qualifies for protection

27   under this Stipulated Protective Order must be clearly so designated before the

28   material is disclosed or produced.

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 11 of 25   Page ID
#:5558
Case 8:22-cv-00868-JVS-ADS   Document 78   Filed 12/07/22   Page 6 of 18   Page ID #:2124

1    Designation in conformity with this Order requires:

2    (a) for information in documentary form (e.g., paper or electronic documents,

3    but excluding transcripts of depositions or other pretrial or trial proceedings), that the

4    Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

5    "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

6    portion or portions of the material on a page qualifies for protection, the Producing

7    Party also must clearly identify the protected portion(s) (e.g., by making appropriate

8    markings in the margins).

9    A Party or Non-Party that makes original documents available for inspection

10   need not designate them for protection until after the inspecting Party has indicated

11   which documents it would like copied and produced. During the inspection and before

12   the designation, all of the material made available for inspection will be deemed

13   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

14   copied and produced, the Producing Party must determine which documents, or

15   portions thereof, qualify for protection under this Order. Then, before producing the

16   specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

17   to each page that contains Protected Material.  If only a portion or portions of the

18   material on a page qualifies for protection, the Producing Party also must clearly

19   identify the protected portion(s) (e.g., by making appropriate markings in the

20   margins).

21   (b) for testimony given in depositions that the Designating Party identify the

22   Disclosure or Discovery Material on the record, before the close of the deposition all

23   protected testimony.

24   (c) for information produced in some form other than documentary and for any

25   other tangible items, that the Producing Party affix in a prominent place on the exterior

26   of the container or containers in which the information is stored the legend

27   "CONFIDENTIAL."   If only a portion or portions of the information warrants

28

6

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 12 of 25   Page ID
#:5589
Case 8:22-cv-00868-JVS-ADS   Document 78-5   Filed 12/07/22   Page 7 of 18   Page ID #:2125

1   protection, the Producing Party, to the extent practicable, will identify the protected

2   portion(s).

3        5.3   Inadvertent Failures to Designate.   If timely corrected, an inadvertent

4   failure to designate qualified information or items does not, standing alone, waive the

5   Designating Party's right to secure protection under this Order for such material.

6   Upon timely correction of a designation, the Receiving Party must make reasonable

7   efforts to assure that the material is treated in accordance with the provisions of this

8   Order.

9   <u>6.</u>    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10        6.1   Timing of Challenges.   Any Party or Non-Party may challenge a

11   designation of confidentiality at any time that is consistent with the applicable

12   scheduling order in this Action.

13        6.2   Meet and Confer.   The Challenging Party will initiate the dispute

14   resolution process under Local Rule 37-1 et seq.   Prior to bringing a motion under

15   Local Rule 37-2, the Challenging Party shall seek informal discovery dispute

16   resolution available from the Court (including, but not limited to, an informal

17   discovery conference from the assigned Magistrate Judge), unless time is of the

18   essence.

19        6.3   The burden of persuasion in any such challenge proceeding will be on

20   the Designating Party. Frivolous challenges, and those made for an improper purpose

21   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

22   expose the Challenging Party to sanctions.   Unless the Designating Party has waived

23   or withdrawn the confidentiality designation, all parties will continue to afford the

24   material in question the level of protection to which it is entitled under the Producing

25   Party's designation until the Court rules on the challenge.

26   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

27        7.1   Basic Principles. A Receiving Party may use Protected Material that is

28   disclosed or produced by another Party or by a Non-Party in connection with this

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 13 of 25   Page ID
#:5560
Case 8:22-cv-00868-JVS-ADS   Document 78-5 Filed 12/07/22   Page 8 of 18   Page ID #:2126

1    Action only for prosecuting, defending, or attempting to settle the Action.  Such

2    Protected Material may be disclosed only to the categories of persons and under the

3    conditions described in this Order. When the Action has been terminated, a Receiving

4    Party must comply with the applicable provisions of this Stipulated Protective Order.

5        Protected Material must be stored and maintained by a Receiving Party at a

6    location and in a secure manner that ensures that access is limited to the persons

7    authorized under this Order.

8        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

9    otherwise ordered by the court or permitted in writing by the Designating Party, a

10   Receiving   Party   may   disclose   any   information   or   item   designated

11   "CONFIDENTIAL" only to:

12        (a) the Receiving Party;

13        (b) the Receiving Party's Outside Counsel of Record in this Action, as well

14   as employees of said Outside Counsel of Record to whom it is reasonably necessary

15   to disclose the information for this Action;

16        (c) the agents, employees, officers, directors, interpreters, translators, and

17   insurance claims handlers (including House Counsel) of the Receiving Party to whom

18   disclosure is reasonably necessary for this Action and who have signed the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20        (d) Experts (as defined in this Order) of the Receiving Party to whom

21   disclosure is reasonably necessary for this Action and who have signed the

22   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23        (e) the Court and its personnel;

24        (f) court reporters and their staff;

25        (g) professional jury or trial consultants, mock jurors, and Professional

26   Vendors to whom disclosure is reasonably necessary for this Action and who have

27   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 14 of 25   Page ID
Case 8:22-cv-00868-JVS-ADS   Document 78   Filed 12/07/22   Page 9 of 18   Page ID #:2127
#:5561

1        (h)  the author or recipient of a document containing the information or a

2        custodian or other person who otherwise possessed or knew the information;

3        (i)  during their depositions, witnesses, and attorneys for witnesses, in the

4        Action to whom disclosure is reasonably necessary provided: (1) the deposing party

5        requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

6        not be permitted to keep any confidential information unless they sign the

7        "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

8        agreed by the Designating Party or ordered by the court.   Pages of transcribed

9        deposition testimony or exhibits to depositions that reveal Protected Material may be

10       separately bound by the court reporter and may not be disclosed to anyone except as

11       permitted under this Stipulated Protective Order; and

12       (j)  any mediator or settlement officer, and their supporting personnel,

13       mutually agreed upon by any of the parties engaged in settlement discussions.

14       8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

15       <u>OTHER LITIGATION</u>

16       If a Party is served with a subpoena or a court order issued in other litigation

17       that compels disclosure of any information or items designated in this Action as

18       "CONFIDENTIAL," that Party must:

19       (a)  promptly notify in writing the Designating Party. Such notification will

20       include a copy of the subpoena or court order;

21       (b)  promptly notify in writing the party who caused the subpoena or order

22       to issue in the other litigation that some or all of the material covered by the subpoena

23       or order is subject to this Protective Order.  Such notification will include a copy of

24       this Stipulated Protective Order; and

25       (c)  cooperate with respect to all reasonable procedures sought to be pursued

26       by the Designating Party whose Protected Material may be affected.

27       If the Designating Party timely seeks a protective order, the Party served with

28       the subpoena or court order will not produce any information designated in this action

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 15 of 25   Page ID
#:5562
Case 8:22-cv-00868-JVS-ADS   Document 78-1   Filed 12/07/22   Page 10 of 18   Page ID #:2128

1  as "CONFIDENTIAL" before a determination by the court from which the subpoena

2  or order issued, unless the Party has obtained the Designating Party's permission. The

3  Designating Party will bear the burden and expense of seeking protection in that court

4  of its confidential material and nothing in these provisions should be construed as

5  authorizing or encouraging a Receiving Party in this Action to disobey a lawful

6  directive from another court.

7  9.      A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE

8  PRODUCED IN THIS LITIGATION

9          (a)  The terms of this Order are applicable to information produced by a

10 Non-Party in this Action and designated as "CONFIDENTIAL." Such information

11 produced by Non-Parties in connection with this litigation is protected by the

12 remedies and relief provided by this Order.  Nothing in these provisions should be

13 construed as prohibiting a Non-Party from seeking additional protections.

14         (b)  In the event that a Party is required, by a valid discovery request, to

15 produce a Non-Party's confidential information in its possession, and the Party is

16 subject to an agreement with the Non-Party not to produce the Non-Party's

17 confidential information, then the Party will:

18              (1)  promptly notify in writing the Requesting Party and the Non-Party

19 that some or all of the information requested is subject to a confidentiality agreement

20 with a Non-Party;

21              (2)   promptly provide the Non-Party with a copy of the Stipulated

22 Protective Order in this Action, the relevant discovery request(s), and a reasonably

23 specific description of the information requested; and

24              (3)  make the information requested available for inspection by the Non-

25 Party, if requested.

26         (c)  If the Non-Party fails to seek a protective order from this court within

27 14 days of receiving the notice and accompanying information, the Receiving Party

28 may produce the Non-Party's confidential information responsive to the discovery

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 16 of 25   Page ID
#:5563
Case 8:22-cv-00868-JVS-ADS   Document 78   Filed 12/07/22   Page 11 of 18   Page ID #:2129

1    request.  If the Non-Party timely seeks a protective order, the Receiving Party will not

2    produce  any  information  in  its  possession  or  control  that  is  subject  to  the

3    confidentiality  agreement  with  the  Non-Party  before  a  determination  by  the  court.

4    Absent a court order to the contrary, the Non-Party will bear the burden and expense

5    of seeking protection in this court of its Protected Material.

6    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8    Protected Material to any person or in any circumstance not authorized under this

9    Stipulated  Protective  Order,  the  Receiving  Party  must  immediately  (a)  notify  in

10   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

11   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

12   persons to whom unauthorized disclosures were made of all the terms of this Order,

13   and  (d)  request  such  person  or  persons  to  execute  the  "Acknowledgment  and

14   Agreement to Be Bound" that is attached hereto as Exhibit A.

15   11.    INADVERTENT  PRODUCTION  OF  PRIVILEGED  OR  OTHERWISE

16   PROTECTED MATERIAL

17         When  a  Producing  Party  gives  notice  to  Receiving  Parties  that  certain

18   inadvertently produced material is subject to a claim of privilege or other protection,

19   the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil</u>

20   <u>Procedure 26(b)(5)(B)</u>.  This provision is not intended to modify whatever procedure

21   may be established in an e-discovery order that provides for production without prior

22   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

23   parties  reach  an  agreement  on  the  effect  of  disclosure  of  a  communication  or

24   information covered by the attorney-client privilege or work product protection, the

25   parties may incorporate their agreement in the stipulated protective order submitted

26   to the court.

27

28

11

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 17 of 25   Page ID
Case 8:22-cv-00868-JVS-ADS   Document 78-1 Filed 12/07/22   Page 12 of 18   Page ID #:2130
#:5564

12.    MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

12

1  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

2  reports, attorney work product, and consultant and expert work product, even if such

3  materials contain Protected Material.   Any such archival copies that contain or

4  constitute Protected Material remain subject to this Protective Order as set forth in

5  Section 4 (DURATION).

6      14.   Any willful violation of this Stipulated Protective Order may be

7  punished by civil or criminal contempt proceedings, financial or evidentiary

8  sanctions, reference to disciplinary authorities, or other appropriate action at the

9  discretion of the Court.

1

2    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4    DATED:  December 6, 2022              /s/ *Blair G. Brown*

5

6                                         Blair G. Brown (admitted *pro hac vice*)
                                          Jon R. Fetterolf (admitted *pro hac vice*)
7                                         ZUCKERMAN SPAEDER LLP
                                          1800 M Street, N.W., Suite 1000
                                          Washington, D.C. 20036
8                                         Tel: (202) 778-1800
                                          Fax: (202) 882-8106
9                                         bbrown@zuckerman.com
                                          jfetterolf@zuckerman.com
10

11                                        Nell Peyser (admitted *pro hac vice*)
                                          ZUCKERMAN SPAEDER LLP
12                                        485 Madison Avenue, 10th Floor
                                          New York, NY 10022
13                                        (212) 704-9600
                                          npeyser@zuckerman.com
14
                                          Shawn Holley (Cal. Bar No. 136811)
15                                        Suann C. MacIsaac (Cal Bar No. 205659)
                                          KINSELA   WEITZMAN   ISER   KUMP
16                                        HOLLEY LLP
                                          808 Wilshire Boulevard., 3rd Floor
17                                        Santa Monica, CA 90401
                                          Tel: (310) 566-9800
18                                        Fax: (310) 566-9873
                                          sholley@kwikhlaw.com
19                                        smacisaac@kwikhlaw.com

20                                        *Attorneys for Plaintiff Trevor Bauer*

21

22                                        WESIERSKI & ZUREK LLP

23                                         /s/  *Michelle R. Prescott*

24
                                          Christopher P. Wesierski (Bar No. 086736)
25                                        Michelle R. Prescott (Bar No. 262638)
                                          Eileen Spadoni (Bar No. 133259)
26                                        Brett A. Smith (Bar No. 322707)
27                                        29 Orchard Road
                                          Lake Forest, CA 92630
28

Tel: (949) 975-1000
Fax: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP

   /s/ *Jesse A. Kaplan*

Bryan J. Freedman (Bar No. 151990)
Jesse A. Kaplan (Bar No. 197662)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Fax: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant*
*Lindsey C. Hill*

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(2)(i), I hereby attest that all other signatories on behalf of whom this filing is submitted concur in the filing's content and have authorized the filing.

Dated: December 6, 2022               */s/ Nell Z. Peyser*
                                       Nell Z. Peyser

16

1    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4    DATED:___12/07/2022_____            ____/s/ Autumn D. Spaeth_____
                                         HON. AUTUMN D. SPAETH
5                                        United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Case 8:22-cv-00868-JVS-ADS   Document 180-2   Filed 09/06/23   Page 24 of 25   Page ID
#:5571
Case: 2:23-mc-00029-MHW-CMV Doc #: 1 Filed: 08/25/23 Page: 1 of 2  PAGEID #: 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TREVOR BAUER | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | **MOTION FOR LEAVE TO FILE** |
| LINDSEY C HILL. et al. | ) | **MOTION AND EXHIBITS UNDER SEAL** |
| | ) | |
| Defendants. | ) | |
| | ) | **ARISING FROM CIVIL ACTION** |
| | ) | **NO. 8:22-CV-00868 IN THE** |
| LINDSEY C. HILL, | ) | **UNITED STATES DISTRICT COURT,** |
| | ) | **CENTRAL DISTRICT OF CALIFORNIA,** |
| Counterclaim Plaintiff, | ) | **SOUTHERN DIVISION** |
| | ) | |
| vs. | ) | |
| | ) | |
| TREVOR BAUER, | ) | |
| | ) | |
| Counterclaim Defendant | ) | |
| | ) | |

Now comes Defendant/Counterclaim Plaintiff Lindsey C. Hill, by and through counsel,
and respectfully moves this Court for an Order granting leave to file under seal her forthcoming
Motion for an Order of Contempt for Failure to Appear for Deposition ("Contempt Motion") as
well as the Exhibits attached to said motion.

The reason for the request to file the Contempt Motion and attached Exhibits under seal is
that the motion and documents contain extremely sensitive and private information about the
deponent who is not a party to this case but is a third party believed to have relevant information.
Due to the fact that the Plaintiff in this case is very well known, there has been significant media
interest in this case.  Filing the Motion and Exhibits under seal would serve to protect the privacy

1

of the non-party deponent and to avoid causing her any unnecessary stress.  The motion and exhibits will be presented to the clerk's office as required by Loc.R. 79.3.

For the foregoing reasons, Defendant/Counterclaim Plaintiff respectfully requests an order granting leave to file under seal her forthcoming Contempt Motion as well as the exhibits attached thereto.

Respectfully submitted,

*/s/ Joseph A. Gerling*
Joseph A. Gerling (0022054)
David Patterson (0007454)
WESTON HURD LLP
101 East Town Street, Suite 500
Columbus, OH 43215
614.280.0200 (p)
614.280.0204 (f)
jgerling@westonhurd.com
dpatterson@westonhurd.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court system.

*/s/ Joseph A. Gerling*
Joseph A. Gerling (0022054)

2