UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION - SANTA ANA

| | | |
|---|---|---|
| TREVOR BAUER, | ) | CASE NO: 8:22-cv-00868-JVS-ADSx |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Santa Ana, California |
| | ) | |
| LINDSEY C. HILL, ET AL, | ) | Wednesday, August 30, 2023 |
| | ) | (10:13 a.m. to 10:38 a.m.) |
| Defendants. | ) | (10:43 a.m. to 10:43 a.m.) |

HEARING RE:

DEFENDANT LINDSEY C. HILL'S MOTION TO COMPEL
COMPLIANCE WITH THE JUNE 28, 2023 COURT ORDER
REGARDING REQUESTS FOR PRODUCTION NOS. 87, 92 AND 114
[DKT.NO.164]

BEFORE THE HONORABLE AUTUMN D. SPAETH,
UNITED STATES MAGISTRATE JUDGE

**APPEARANCES:**            SEE PAGE 2

Court Reporter:            Recorded; CourtSmart

Courtroom Deputy:          Kristee Hopkins

Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 8365
                           Corpus Christi, TX 78468
                           361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff:          NELL Z. PEYSER, ESQ.
                        Zuckerman Spaeder
                        485 Madison Avenue
                        10th Floor
                        New York, NY 10022


For Defendants:         MARY H. KIM, ESQ.
                        Wesierski & Zurek
                        29 Orchard
                        Lake Forest, CA 92630

                        JESSE A. KAPLAN, ESQ.
                        Freedman & Taitelman
                        1801 Century Park West
                        5th Floor
                        Los Angeles, CA 90067

1     **Santa Ana, California; Wednesday, August 30, 2023; 10:13 a.m.**

2                **(Call to Order)**

3         **THE CLERK:** Calling Case SACV 22-868-JVS(ADSx),

4 *Trevor Bauer versus Lindsey C. Hill, et al.*

5         **THE COURT:** Thank you.

6         **THE CLERK:** And counsel, please state your

7 appearances once you're reached the lectern, starting with

8 Plaintiff.

9         **MS. PEYSER:** Good morning, Your Honor. My name is

10 Nell Peyser and I'm counsel for Mr. Bauer.

11         **THE COURT:** Good morning.

12         **MS. KIM:** Good morning, Your Honor. My name is Mary

13 Kim and I'm counsel for Defendant Lindsey Hill.

14         **THE COURT:** Good morning.

15         **MR. KAPLAN:** Good morning, Your Honor. Jesse Kaplan

16 also for Lindsey Hill.

17         **THE COURT:** All right. Good morning.

18         All right. Counsel for Ms. Hill?

19         **MS. KIM:** Your Honor, thank you.

20         **THE COURT:** You know, would you do oral argument from

21 the lectern please.

22         **MS. KIM:** Sure.

23         Your Honor, we're here today because although we've

24 made efforts to resolve the issues, the Plaintiff has not

25 complied with this Court's June 28th, 2023 order, granting the

1   Defendants' Motion to Compel Further Responses and Production
2   to Requests Number 87, 92, 114.  The only responsive documents
3   we received are things like press releases, which are publicly
4   available, and further amended responses which includes
5   additional objections which have not been previously included
6   in the original responses.
7           We didn't file this motion to compel to get publicly
8   available information which we could have received without a
9   motion.  And this Court did not issue the ruling during which
10  specifically was explained that privacy rights were waived
11  because they were not included in the original responses to
12  only have Plaintiff then add additional objections not
13  previously included in the original responses.
14          The Court said that the privacy objections were
15  waived because they were not included in the original
16  responses; therefore obviously, the other additional objections
17  raised, specifically the common interests, the objection, as
18  well as the evidence code objection raised by the Plaintiff
19  should also be waived.  So all of the -- for example, for 87,
20  all of the documents that should be responsive like statements,
21  interviews, testimony that Plaintiff provided in connection
22  with any investigation regarding allegations of physical
23  violence, abuse, sexual batter, raped -- or rape made against
24  the Plaintiff, including without limitation any investigation
25  conducted by any law enforcement authorities or Major League

1  Baseball, we didn't receive any responsive documents.  There
2  must have been and should have been in that production things
3  like suspension decisions, reduction of suspension -- of the
4  suspension, the transcripts of depositions of the other
5  accusers, specifically Doe Number 4, Major League Baseball
6  transcripts, communications between the Plaintiff, the Major
7  League Baseball and the Commissioner, evidentiary submissions,
8  arbitration rulings, none of those were produced.
9         Now, we've had many depositions in the month of
10 August because the deadline for discovery is September 1.  We
11 have a few remaining depositions tomorrow and Friday,
12 specifically Plaintiff, as well as I believe Ms. Hill's
13 relative.
14        We've already been extremely prejudiced because this
15 information could have been highly relevant and useful for the
16 depositions that have already taken place.  They should be
17 produced immediately.
18        Now, I suspect that the Plaintiff's key argument, as
19 Your Honor must have seen in their documents, is that because
20 Your Honor denied the Request Number 93, which relates to
21 arbitration documents, that must mean that any arbitration
22 related documents must also be removed and we disagree.
23        Specifically, Your Honor denied that Request
24 Number 93 because it was overbroad and also because there were
25 depositions to be taken.  It wasn't because of for other

1  reasons other than overbroad per the transcripts that I
2  reviewed.
3        And all of the reference -- all of the documents that
4  I referenced earlier that have not been produced, they are
5  specifically responsive to the request that the Court did
6  grant, 87, 92 and 114.  So I'd ask the Court to immediately
7  order the Plaintiff to immediately produce the responsive
8  documents.  Thank you.
9        **THE COURT:**  Thank you.
10        **MS. PEYSER:**  Good morning, Your Honor.
11        The issue that Ms. Hill raises in this Motion to
12  Compel Compliance with the Court's June 23rd Order is narrow.
13  Hill argues that Bauer didn't comply with Your Honor's
14  June 23rd order compelling him to respond to RFPs 87, 92 and
15  114 because he didn't produce any arbitration-related
16  documents.  Full stop.  That's the sole issue she raises.  So
17  the question is, whether it was reasonable for Bauer to
18  interpret Your Honor's June 23rd order compelling responses to
19  those three requests not to include arbitration materials.
20        Our position is that Mr. Bauer's interpretation was
21  not only reasonable but it was the only correct interpretation
22  of that order.
23        At the June 23rd hearing, Your Honor denied Hill's
24  motion to compel as to RFP 93 which is the RFP that sought all
25  of the arbitration materials.  Your Honor held that RFP 93 was

1  largely overbroad and not proportional to the needs of the
2  case.
3            Now, after handing down that ruling, Hill's counsel,
4  Mr. Kaplan, asked a clarifying question.  He asked whether that
5  ruling was with or without prejudice to propounding new
6  discovery based on more specific documents from the
7  arbitration.
8            This is in the transcript of the hearing at page 53:
9            Your Honor responded that you would not give a
10 hypothetical ruling but if the discovery cutoff had not passed,
11 Hill was free to serve any discovery requests she thought were
12 appropriate.
13           Now, Mr. Kaplan's question in itself leaves no doubt
14 that Hill's counsel understood at that time that the Court's
15 order meant they were not receiving any arbitration materials
16 unless they propounded new and more specific requests to get
17 those materials.
18           It is difficult to understand how Hill's counsel can
19 now argue in good faith that they interpret the June 23rd order
20 to encompass all of the arbitration materials.
21           I would also note that they filed a short memorandum
22 two days ago asking the Court to potentially reconsider its
23 denial of RFP 93.  I don't understand that order to be before
24 Your Honor today but in what they filed, they also made clear
25 by seeking reconsideration of the Court's denial of the order

1  denying access to the arbitration materials shows that they
2  know that Your Honor's order did not include those materials.
3  　　　　Now, what happened after the June 23rd hearing is
4  important too to understand how we got where we are.
5  　　　　Under Judge Selna's case management order, the
6  deadline to serve all written discovery in this case was 45
7  days prior to the discovery cutoff, which as the discovery
8  cutoff is September 1st, that was July 18th.  So after the June
9  23rd hearing, Hill's counsel had almost a month to serve
10 additional discovery and they could have sought more tailored
11 arbitration materials if they wanted to.  Frankly, we were
12 surprised that Hill's counsel never served any new discovery
13 requests for more narrowly tailored information.
14 　　　　So now here we are.  Discovery ends in two days.
15 Judge Selna has already denied Hill's ex parte request to
16 extend the fact discovery cutoff.  Ms. Hill was deposed
17 yesterday.  Mr. Bauer is being deposed tomorrow.  Expert
18 reports are due in a week and Hill's motion appears to be
19 simply an 11th hour end run around the Court's June 23rd order.
20 　　　　Another oddity is that the relief Hill requests in
21 the joint stipulation at page 25 is that the Court require
22 Bauer to immediately produce all arbitration documents before
23 August 4th when depositions were set to begin.  But Hill set a
24 hearing date for August 30th and now almost all of the
25 depositions have been completed and discovery ends in two days.

1       So arguably, the relief Hill seeks is temporally
2  impossible and her motion is moot.  She could have sought IDR
3  or an ex parte request before August 4th but for some reason
4  she chose to proceed in this manner with a hearing date of
5  today.
6       Now, we think that the Court's denial of Hill's
7  Motion to Compel as to RFP 93 resolves the issue of whether
8  Bauer was required to produce the arbitration materials.  But a
9  closer look at the actual requests at issue today also confirms
10 this.
11      Request 87, which Ms. Hill's counsel referenced, asks
12 for any statements, interviews or testimony Bauer has provided
13 in connection with any investigation.
14      As we explained in our briefing -- and I'm happy to
15 quickly explain now -- there was a sequence of events here.
16 First, Bauer was put on administrative leave from the Dodgers
17 when Hill's allegations became public.  Then, Major League
18 Baseball conducted an investigation into the allegations
19 against Bauer.  After that, they issued a suspension for two
20 seasons.  And after that, there was an arbitration proceeding
21 between Major League Baseball and the Player's Association, the
22 union, where the union contested the suspension, with Mr. Bauer
23 also being represented by outside counsel of his choosing.
24      So RFP 87 clearly asks for any statements,
25 interviews, or testimony in connection with any investigation.

1   The natural reading of this is that it seeks investigation
2   materials, not arbitration materials.  And that's especially
3   reasonable, considering Hill issued separate requests asking
4   for arbitration materials.
5           RFP 114 is equally straight forward.  It asks for all
6   documents related to Major League Baseball's suspension or
7   placing Bauer on administrative leave.  Again, this request on
8   its face clearly only seeks information about the suspension
9   and administrative leave, not the arbitration.
10          As to both of these requests, Mr. Bauer has produced
11  all non-privileged responsive documents in his possession;
12  however, I'll add, about a week ago, Mr. Bauer discovered
13  further responsive documents as to RFP 114, consisting of text
14  messages between his attorney and agent and the Dodgers
15  regarding the administrative leave, and those have now been
16  produced as well.
17          RFP 87, going back to that, Mr. Bauer was interviewed
18  in connection with Major League Baseball's investigation.  That
19  interview was not recorded or transcribed in any way.  The only
20  records Mr. Bauer possesses are notes that his attorneys took
21  during that interview which constituted their impressions of
22  the interview and are clearly attorney work-product,
23  attorney-client privileged.  Mr. Bauer -- the only other
24  statements, interviews or testimony Mr. Bauer provided in
25  connection with any investigation are publicly available

1 statements that he made and that is what we produced. There is
2 simply nothing else Mr. Bauer possesses that are responsive to
3 these requests.
4 And lastly, RFP 92 asks for communications with Major
5 League Baseball regarding allegations of physical violence,
6 abuse, sexual battery, among other things. Now, Mr. Bauer
7 interprets this request to include all responsive documents up
8 until the arbitration. If this request were read to include
9 arbitration documents, it would subsume all of RFP 93. So we
10 know from the Court's denial of Ms. Hill's motion to compel as
11 to RFP 93, that cannot be the proper interpretation of RFP 92.
12 Mr. Bauer did a complete search for non-privileged
13 documents responsive to this request and was unable to locate
14 any. We understand that may have been surprising for
15 Ms. Hill's counsel, or for the Court, and we've endeavored to
16 explain why that is in the joint stipulation in as much detail
17 as possible.
18 In short, Major League Baseball communicated
19 exclusively with the union up until the arbitration and not
20 with Mr. Bauer or his counsel directly, and the union would
21 call or email Mr. Bauer's counsel, Mr. Fetterolf, with updates
22 regarding the investigation which were all intertwined with the
23 joint defense strategy.
24 I'll also quickly mention, in our portion of the
25 joint stipulation, we provided information about our claims of

1 privilege and common interests to explain the basis of the
2 privileged documents Mr. Bauer is withholding.
3      In her portion of the joint stipulation, and as
4 Ms. Hill's counsel argued today, Ms. Hill contends Mr. Bauer
5 added new objections and withheld documents on the basis of
6 privacy, confidentiality or any other objection that was
7 overruled at the June 23rd hearing.  That is not the case.
8      Mr. Bauer amended his responses to make clear that he
9 did not understand these requests to encompass arbitration
10 materials -- which is not new -- he never did -- and to provide
11 more exacting details on his claims of privilege and common
12 interests, which is also not new.
13      He had objections to privilege and other immunities
14 in his original responses.  Mr. Bauer simply added the further
15 information about his claims of privilege for the main purpose
16 of giving Hill's counsel the information it needed to assess
17 them or challenge them.  The parties met and conferred
18 afterwards about Mr. Bauer's claims of privilege.
19      In her motion, Hill does not challenge those claims
20 of privilege.  She didn't file a supplemental memorandum
21 contesting them.
22      So based on the record here, our understanding is
23 that our withholding of privileged documents is not an issue.
24 If that's incorrect, I'm happy to go into Mr. Bauer's
25 invocation of the common interest doctrine and attorney-client

1  privilege but I understand that that is not something Ms. Hill
2  is contesting.
3  So the bottom line here is that the Court's June 23rd
4  order explicitly denied Hill's Motion to Compel as to the
5  arbitration materials. And to be clear, that order also did
6  not foreclose Hill of seeking a narrower request for
7  arbitration materials in a new discovery request prior to the
8  written discovery cutoff. But Hill did not do that, the
9  written discovery cutoff has long passed, so Mr. Bauer has
10 reasonably interpreted Requests 87, 92 and 114 and produced all
11 non-privileged documents in his possession.
12 Mr. Bauer has made every effort to comply with this
13 Court's order. And Hill's lack of any attempt to seek a
14 narrower set of arbitration materials can't change that.
15 Thank you.
16 **MR. KAPLAN:** Your Honor, may I respond to that?
17 **THE COURT:** No.
18 **MR. KAPLAN:** Okay.
19 **THE COURT:** We're going to follow the rules.
20 **MS. KIM:** Thank you, Your Honor.
21 I think everyone understands what records are at
22 stake here and what has been requested. The reason we did not
23 -- one of the reasons we did not propound additional discovery
24 is because the requested information in already included in 87,
25 92 and 114 which the Court granted.

1  I didn't hear anything about the specific records
2 that we believe have been withheld, specifically suspension
3 decisions, documents regarding reduction of the suspensions,
4 transcript of the deposition of Doe Number 4; again, Major
5 League Baseball transcripts, communications between Plaintiff,
6 the Major League Baseball Commissioner, evidentiary
7 submissions. They should all be responsive and are responsive
8 to the Requests Number 87, 92 and 114.
9  And I just want to reiterate the Court's August 28th
10 -- excuse me -- June 28th, 2023'rd ruling which specified --
11 one moment please. Quote:
12  "I find that the information is relevant to the
13  claims asserted in this case. That the Court is not
14  bound by the MLB's contract requirements of
15  confidentiality with Bauer and Hill, and that Bauer
16  has waived his privacy objections by failing to
17  assert them in his initial response to the RFP."
18  And the Court goes on and explains the reasons
19 similarly for granting 87 and 92.
20  And I also want to point out that there was never
21 specifically any list of documents that were withheld other
22 than vague descriptions. Consultants, who are they? They're
23 not described. The documents that were with -- not withheld
24 were not described. So those specific records, especially the
25 transcript of Doe 4, it's our position that they are responsive

1  to 87, 92 and 114, and that they should be ordered and ordered
2  quickly.
3       **THE COURT:**  Now can anyone update me?  I understand
4  that there -- that we -- some of the deponents didn't appear.
5  There's efforts to move to compel.  What's the status there?
6       **MS. KIM:**  Your Honor, my understanding is that there
7  have been.  I don't know the specific individuals with that or
8  the issue but yes, that's the case.  That's my understanding.
9  And if I'm correct --
10      **MR. KAPLAN:**  Your Honor, can I briefly address that
11 question?  Because I apologize.
12      **THE COURT:**  Sure.
13      **MS. KIM:**  Your Honor, I do want to explain my
14 presence here today.  Ms. Eileen Spadoni was supposed to be
15 here.  Unfortunately, she had a slip and fall incident and
16 sustained some injuries.  So I apologize that I don't have all
17 of the information that I would have had, had I been regularly
18 appearing for this case.  Thank you.
19      **THE COURT:**  All right.  Thank you.
20      **MR. KAPLAN:**  Sure, Your Honor.  I apologize but --
21      **THE COURT:**  Let's keep it just to the depo update.
22      **MR. KAPLAN:**  I will.  So there was one of the Does, I
23 believe it was Doe 4 from last time who was in Ohio.  She did
24 not appear at her deposition and we have moved forward with --
25      **THE COURT:**  What was the date of the deposition?

|   |   |
|---|---|
| 1 | **MR. KAPLAN:** August 17. |
| 2 | **THE COURT:** Okay. |
| 3 | **MR. KAPLAN:** We've moved forward, we've retained |
| 4 | local counsel and commenced a Rule 45 proceeding in Ohio to, I |
| 5 | guess under Rule 45, the tools that are available are somewhat |
| 6 | limited for someone who doesn't appear when you're not seeking |
| 7 | documents. But long story short, we've commenced a Rule 45 |
| 8 | proceeding. I believe the relief would be contempt though it's |
| 9 | possible that the court there may do something to compel that |
| 10 | deposition and/or possibly even transfer the matter to this |
| 11 | court. But that's the status of that particular deposition. |
| 12 | There was one other deposition where the deponent did |
| 13 | not appear. I don't know what we're going to be doing with |
| 14 | that one based on our -- |
| 15 | **THE COURT:** Is that one of our Does? |
| 16 | **MR. KAPLAN:** It is one of the Does. There was a |
| 17 | third -- there's a third Doe. Her deposition was going to move |
| 18 | forward during the current discovery cutoff but due to a |
| 19 | conflict in scheduling between the plaintiff's counsel and the |
| 20 | doe's counsel, that deposition is actually being rescheduled |
| 21 | through the consent of all parties. And I believe it was |
| 22 | yesterday or at least this week that there was a stipulation |
| 23 | filed before Judge Selna to extend the discovery cutoff for the |
| 24 | limited purpose at least of taking that deposition. And I |
| 25 | believe that deposition, if I'm getting my dates correct, is |

1  scheduled for September either the 12th or 13th.  Thirteenth.
2  Excuse me.
3           **THE COURT:**  Okay.
4           **MR. KAPLAN:**  Thank Your Honor.
5           **MS. PEYSER:**  Your Honor, if I may respond?
6           **THE COURT:**  Of course.
7           **MS. PEYSER:**  As to Doe 4, the doe in Ohio that did
8  not appear for her deposition, we understand from Hill's
9  counsel that shortly after Doe 4 was served with the deposition
10 notice on July 15th, Hill's counsel received a voicemail from
11 doe, Doe 4, that she would not attend the deposition.
12          Moreover, Hill has recently served interrogatory
13 responses in which she discloses that Doe 4 texted her on
14 August 2nd saying that she would not appear and also saying
15 that she really hopes Hill will instruct her counsel to leave
16 Doe 4 out of this case as she's not in a place mentally to be
17 involved.
18          So Hill and her counsel have known since mid-July
19 that Doe 4 would not attend the deposition.  At that time Hill
20 could have served more narrowly tailored written discovery
21 prior to the written discovery cutoff, could have moved to
22 compel Doe 4's deposition in Doe 4's jurisdiction then, could
23 have teed this issue up by asking the Court to reconsider its
24 denial of Hill's Motion to Compel as to RF 390 -- RFP 93 in
25 light of Doe 4's stated refusal to appeal with a proper joint

1  stipulation.  Hill's counsel did nothing.

2         In fact, Hill's counsel did not even apprise Bauer's

3  counsel that Doe 4 was not planning to appear for her

4  deposition.  So while Hill's counsel attended Doe 4's

5  deposition remotely and noted her nonappearance on the record,

6  Bauer's counsel incurred significant time preparing for it and

7  significant costs of flying across the country to attend it in

8  person.  So Hill has sat on this issue of Doe 4 not attending

9  her deposition for a month and a half and now we're two days

10 before the discovery cutoff.

11        And I should also add that as of a couple days ago,

12 Hill's counsel has retained local counsel in Doe 4's

13 jurisdiction and is filing a motion to compel there.

14        So we similarly did this with a witness who was

15 refusing to be deposed and we were able to take her deposition

16 shortly thereafter, although we initiated that process shortly

17 after learning that witness was refusing to comply to ensure

18 that we stayed within the fact discovery period.

19        So without any further comments on Hill's counsel's

20 delay, it does appear that Hill's counsel is putting in the

21 work now to compel Doe 4's deposition.

22        All right.  Thank you.

23        **MR. KAPLAN:**  Could I briefly --

24        **THE COURT:**  I really I don't think I need a response.

25 I think it's fine.

1      Okay.  I'm going to take a short break.

2          **MR. KAPLAN:**  Thank you, Your Honor.

3          **THE CLERK:**  We're now in recess.

4      **(Recess taken from 10:38 a.m. to 10:43 a.m.)**

5          **THE CLERK:**  All rise.

6      We're back on the record in the matter of

7  *Trevor Bauer versus Lindsey Hill, et al.*, SACV 22-868,

8  Honorable Autumn D. Spaeth, presiding.

9          **THE COURT:**  Thanks, everyone.  Have a seat.

10     Okay.  This is the Ruling of the Court.

11     I am denying the Motion to Compel Compliance and I'm

12 finding that the moving party failed to show non-compliance

13 with the Court's order.

14     I'm not considering the request for reconsideration

15 because that motion is not before me today.

16     All right?  Thank you everybody.

17     **(Attorneys thank the Court)**

18     **(Proceeding adjourned at 10:43 a.m.)**

20

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    <u>September 7, 2023</u>
              Signed                                           Dated

*TONI HUDSON, TRANSCRIBER*

**EXCEPTIONAL REPORTING SERVICES, INC**