KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>                    Plaintiff,<br><br>          v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>                    Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT TREVOR BAUER'S OPPOSITION TO EX PARTE APPLICATION FOR AN ORDER ALLOWING HILL TO FILE AN UNREDACTED MOTION FOR CONTEMPT IN THE SOUTHERN DISTRICT OF OHIO AND AN ORDER EXTENDING THE DISCOVERY CUTOFF**<br><br>Action Filed: April 25, 2022 |

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................1

II.   BACKGROUND .................................................................................3

    A.   Judge Spaeth Ordered—And Hill Agreed—That Doe's Identity Is
        Confidential.....................................................................................3

    B.   Hill Did Not Diligently Pursue Doe's Deposition. ......................4

    C.   The Southern District of Ohio Denied Hill's Unsupported Motion To
        Seal Without Prejudice And Hill Decided Not To Refile............................4

    D.   The Court Has Already Denied Hill's Prior Ex Parte Application To
        Extend Deadlines. .........................................................................6

III.  THERE IS NO BASIS FOR EX PARTE RELIEF ............................................7

    A.   Ex Parte Relief Is Not Appropriate To Amend The Protective Order To
        Publicly Reveal Doe's Name. .......................................................8

        1.   Hill Could Have Properly Noticed Her Request As A Joint
            Stipulation Before Judge Spaeth. ........................................8

        2.   Hill's Decision Not To File A Properly Supported Motion In The
            Southern District of Ohio Is Not A Basis For Ex Parte Relief Or To
            Amend The Protective Order. ...............................................9

        3.   Hill's Repeated Delays In Seeking Doe's Deposition And
            Documents Support Denial of Her Ex Parte Application. .................13

    B.   Ex Parte Relief Is Not Warranted To Reopen And Extend Discovery
        Based On A Hypothetical Deposition......................................14

IV.  CONCLUSION....................................................................................15

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA, Inc.*,

4
2022 WL 16859600 (C.D. Cal. May 10, 2022) .......................................................9

5

*Bauer v. Hill*,

6
2:23-mc-00029-MHW-CMV (S.D. Ohio 2023) ......................................................5

7

*Doe v. Kenyon Coll.*,

8
2020 WL 11885928 (S.D. Ohio Sept. 24, 2020) ...................................................10

9

*Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*,

10
136 F.R.D. 334 (D.D.C. 1991) ...............................................................................10

11

*Emcyte Corp. v. Apex Biologix, LLC*,

12
2021 WL 5507219 (C.D. Cal. Nov. 24, 2021) ......................................................11

13

*Ewalt v. GateHouse Media Ohio Holding II, Inc.*,
2023 WL 4842767 (S.D. Ohio June 23, 2023) ......................................................11

14

*Gabrion v. United States*,

15
2015 WL 2354745 (W.D. Mich. May 15, 2015).....................................................11

16

*George v. Kasaine*,

17
2015 WL 12850543 (C.D. Cal. May 5, 2015) ........................................................13

18

*Ho v. Marathon Pat. Grp., Inc.*,

19
2021 WL 10862801 (C.D. Cal. Nov. 12, 2021) .....................................................13

20

*Johnson v. Mammoth Recreations, Inc.*,

21
975 F.2d 604 (9th Cir. 1992) ..................................................................................14

22

*Mission Power Engineering Co. v. Continental Cas. Co.*,

23
883 F. Supp. 488 (C.D. Cal. 1995) .......................................................................7, 9

24

*MR Techs., GMBH v. W. Digital Techs., Inc.*,
2023 WL 3432259 (C.D. Cal. Apr. 7, 2023) .......................................................8, 13

25

*Ohio Willow Wood Co. v. ALPS S., LLC*,

26
2010 WL 3470687 (S.D. Ohio Aug. 31, 2010), *aff'd and adopted*, 2011 WL

27
1043474 (S.D. Ohio Mar. 18, 2011).......................................................................10

28

*Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*,
   834 F.3d 589 (6th Cir. 2016) .......................................................................11

*Sec. & Exch. Comm'n v. Priv. Equity Mgmt. Grp., LLC*,
   2009 WL 10676179 (C.D. Cal. June 1, 2009).........................................14

*Semiserve Inc. v. Semicon Servs., LLC*,
   2014 U.S. Dist. LEXIS 198013 (C.D. Cal. Dec. 22, 2014)......................8

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
   825 F.3d 299 (6th Cir. 2016) .......................................................................11

*United States v. Manpow, L.L.C.*,
   2023 WL 4291806 (C.D. Cal. May 31, 2023)............................................8

*Veritas Indep. Partners LLC v. Ohio Nat'l Life Ins. Co.*,
   2022 WL 1749024 (S.D. Ohio Jan. 4, 2022)...........................................11

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ...................................................................14

**RULES**

Fed. R. Civ. P. 45, Adv. Comm. N. to 2013 Am...........................................11

Fed. R. Civ. Proc. 16(b)..................................................................................14

I.    **<u>INTRODUCTION</u>**

The Court should deny Defendant Lindsey Hill's belated and improper ex parte application. Hill seeks (1) to amend the protective order to allow her to reveal the name of Doe, an individual Hill alleges is a sexual assault victim (which Plaintiff Trevor Bauer denies) and whose name Judge Spaeth has previously ordered sealed, as well as (2) to reopen and extend discovery for 45 days.

Hill's ex parte application concerns her decision not to file a proper motion to seal in the Southern District of Ohio, where Doe resides. Hill first filed an unsupported and conclusory motion in that court, which sought leave to file under seal a purportedly forthcoming motion to compel Doe's deposition. Hill's Ohio motion did not mention the protective order in this case, Judge Spaeth's prior ruling sealing Doe's name and sexual history with Bauer, or that Doe's sexual history was at issue. It attached no declaration or exhibits. It did not cite a single filing in this case. The Ohio motion asserted only that Hill's forthcoming motion to compel would contain "extremely sensitive and private information about the deponent who is not a party to this case but is a third party believed to have relevant information." Dkt. 180-2, Ex. B.

Although Doe is a party in the Ohio proceeding, Hill also never served Doe with the motion to seal, precluding her from providing any context to Hill's motion. And, despite certifying to that court that Bauer had been served, Hill did not serve Bauer or his counsel. Instead, Bauer was wrongly listed as "pro se"—which Hill's counsel knows is inaccurate.

Because Hill's motion to seal did not include any factual support, the Southern District of Ohio denied it without prejudice. But that court allowed Hill until September 5, 2023 to refile a properly supported motion to seal. Hill inexplicably declined that invitation, opting instead to file an ex parte application asking this Court to amend the protective order that Judge Spaeth entered so Hill can publicly reveal Doe's name in discussing Doe's sexual relationship with Bauer.

Among the other reasons described in this opposition, there is no basis to grant ex parte relief where a party is responsible for the "creation of the crisis." Here, Hill's crisis is of her own making. Hill's counsel decided not to file a properly supported motion to seal in the Southern District of Ohio. Even after the court denied the motion for lack of support and allowed Hill seven days to refile, her counsel decided *not* to refile the motion by the court's deadline of September 5. No one but Hill and her counsel are responsible for those failures. Indeed, her motion in Ohio would almost certainly have been granted had Hill simply explained that the issues involved the sexual privacy of a third party whose name and sexual history Judge Spaeth had already ruled should be filed under seal. As a matter of comity, courts regularly respect the orders of sister courts—a principle Hill ignores. There is no reason for ex parte relief or amendment of the protective order to publicly reveal Doe's name— and, with it, her sexual history —where Hill declined the opportunity to file a proper motion in the Southern District of Ohio.

The Court also should not reopen and extend discovery based on a hypothetical deposition of Doe that Hill now requests after the discovery deadline has closed. The Court has already denied Hill's prior ex parte application for an extension of discovery deadlines. Hill now asks for an even longer extension of 45 days—which would reopen fact discovery and extend expert discovery past the deadline for motions in limine—based on the hope that she can obtain Doe's deposition. That question is not ripe before the Court. Furthermore, Hill has known for over one month that Doe would not appear for a deposition. Her decision to wait until after the close of fact discovery on September 1, 2023 to seek an extension highlights her lack of diligence.

In short, Hill burdens this Court with an unnecessary and improper emergency request. No extraordinary action from this Court is needed because Hill can file a properly supported motion in the Southern District of Ohio, which, under Federal Rule of Civil Procedure 45, is the court that should adjudicate her dispute with Doe.

## II.     BACKGROUND

### A.     Judge Spaeth Ordered—And Hill Agreed—That Doe's Identity Is Confidential.

Hill does not dispute that Doe's name is confidential under the protective order entered by Judge Spaeth in this case. *See* Dkt. 78 (protective order). In addition, on June 8, 2023, Bauer filed a motion—which Hill did not oppose—to seal the name of Doe and her sexual history with Bauer in Bauer's joint stipulation seeking a protective order and to quash Hill's subpoenas to Doe and other women. *See* Dkt. 114. Judge Spaeth granted that motion, which ordered that Doe's name and sexual history with Bauer be filed under seal and redacted in the public filings. *See* Dkt. 118 (ordering that "[a]ll portions of the Joint Stipulation, the Declaration of Blair G. Brown and accompanying exhibits, the Declaration of Jesse Kaplan and accompanying exhibits, and the Declaration of Lindsey Hill that contain personally identifying information regarding the third parties at issue and explicit descriptions of Bauer's purported sexual conduct with those third parties" shall be sealed).

In the hearing on that joint stipulation, Hill's counsel emphasized to Judge Spaeth that Doe's identity would remain confidential. Hill's counsel represented as follows:

> Now, I want to, again, be sensitive and mindful to privacy rights and, perhaps, desires to remain anonymous by any of these women, and I disagree with Mr. Brown that a protective order and sealing would not adequately address those issues, especially for [Doe]. We do have a protective order. There's no reason why any materials concerning [Doe] cannot be designated as either confidential or even, if appropriate, attorneys' eyes only under the stipulated protective order. There's been several sealing applications already that I believe, at least, Your Honor has granted, perhaps, at least one, maybe more, and I think Judge Selna just recently granted one as well as to the information that falls under the umbrella of what we're here for today.

> And to the extent any of these women want to remain anonymous, there's obviously ways to do that where they can provide their testimony, information can be provided, but their names do not need to be disclosed, and I don't think their names for purposes of these proceedings -- meaning this lawsuit -- are necessarily material. They can be referred to as they are today, as Does 1 through – whatever.

Brown Decl. Ex. B (Tr. of June 28, 2023 Hearing at 25:9-26:4).

## B.   Hill Did Not Diligently Pursue Doe's Deposition.

Following Judge Spaeth's order on June 28, 2023, permitting Hill to take the deposition of Doe, Hill repeatedly delayed in obtaining the deposition. For unknown reasons, Hill waited more than two weeks to serve an amended deposition notice and subpoena for documents on Doe after Judge Spaeth's ruling. *See* Dkt. 180-1, Ex. B (amended notice dated July 14, 2023). Hill then noticed the deposition for August 17, 2023—more than a month after the date of her amended subpoena to Doe. *See id.*

As Hill's counsel admits, they were aware on August 2, 2023 that Doe "would not be complying with the Amended Subpoena." Dkt. 180-1 ¶ 9. On that date, Doe also informed Hill's counsel "that she did not wish to be involved in this Action." *Id.* Hill's counsel did not inform Bauer's counsel of this development. As a result, Bauer's counsel made a considerable effort of time and resources to travel to Columbus, Ohio for Doe's supposed deposition. Consistent with Doe's August 2, 2023 representations to Hill's counsel, Doe did not appear at the deposition on August 17, 2023. Dkt. 180-1 ¶ 11. Hill then delayed in compelling that deposition as described below.

## C.   The Southern District of Ohio Denied Hill's Unsupported Motion To Seal Without Prejudice And Hill Decided Not To Refile.

On August 25, 2023—three weeks after Doe first told Hill's counsel she would not appear for a deposition and more than a week after Doe did not appear—Hill filed a "motion for leave to file motion and exhibits under seal" in the Southern District of Ohio, where Doe resides. Dkt. 180-2, Ex. B. Hill's motion sought leave to seal a

forthcoming motion for contempt to compel Doe's deposition. Hill did not inform Bauer about the motion or serve him, inaccurately listing him as "pro se" on the Southern District of Ohio docket. *See Bauer v. Hill*, 2:23-mc-00029-MHW-CMV (S.D. Ohio 2023). Indeed, the motion wrongly certified that Bauer had been served.[1] *See* Dkt. 180-2, Ex. B. Hill also did not serve Doe with the motion.

Hill's motion to seal in the Southern District of Ohio was destined to fail. It did not mention (1) the protective order in this case, (2) that Judge Spaeth had ordered the redaction of Doe's name and sexual history in this case, or (3) that Doe's sexual activities with Bauer were at issue. *See* Dkt. 180-2, Ex. B. It included no declaration or supporting exhibits. Indeed, it did not even cite any filings in this case. Instead, Hill argued—without any citation or factual support—that "[t]he reason for the request to file . . . under seal is that the motion and documents contain extremely sensitive and private information about the deponent who is not a party to this case but is a third party believed to have relevant information." *Id.*

Given that Hill offered no evidentiary support for the motion to seal, the Southern District of Ohio denied the motion on August 28, 2023, but without prejudice. The court's order expressly stated that Hill had until September 5, 2023 "to . . . fil[e] a properly supported motion." Brown Decl. Ex. A, at 2. In denying the motion, the Southern District of Ohio held that Hill "failed to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" and her "conclusory statement prevents this Court from making any findings or conclusions which could justify preventing public access to the record." *Id.*

---

[1] Hill's local counsel believed the motion to seal would be transferred to this Court. Dkt. 180-2 ¶ 7. They cite no legal authority for that point. Indeed, Federal Rule of Civil Procedure 45(f) states that a motion to *compel* may be transferred, but only upon consent of the subpoenaed party or if the court finds exceptional circumstances. But nothing in the Ohio motion established exceptional circumstances warranting transfer.

Despite the court's invitation for Hill to refile her motion to seal with proper support by September 5, 2023, Hill rejected that offer. She has not re-filed her motion in the Southern District of Ohio. She instead attempts to use this Court's extraordinary process of an ex parte application to publicly reveal Doe's name—which will also publicly disclose her sexual history with Bauer. There is no reason for the Court to permit Hill to publicly reveal the name of a person whom Hill has alleged is a victim of sexual assault (which Bauer denies), whose sexual history Hill now intends to publicize, and as to whom Hill has previously represented to this Court would remain anonymous. Hill should have complied with the procedures in the Southern District of Ohio. Her decision not to do so is not a basis to publicly disclose Doe's name and sexual history.

## D.    The Court Has Already Denied Hill's Prior Ex Parte Application To Extend Deadlines.

On May 17, 2023, Bauer and Hill submitted a joint stipulation requesting to modify the scheduling order. Dkt. 100.[2] On May 18, 2023, the Court issued an order modifying the scheduling order and set the dates Hill is presently asking to extend. Dkt. 101.

On August 3, 2023—the day after Doe informed Hill's counsel that she would not appear for her deposition—Hill filed an ex parte application seeking to extend the discovery deadlines. Dkt. 159. As part of that application, Hill sought to extend fact discovery to October 2, 2023 and expert discovery to November 27, 2023. *Id.* at 5. In that ex parte application, Hill did not mention that she would have trouble securing Doe's deposition, despite being informed the prior day that Doe would not attend her deposition.

The Court denied the ex parte application without prejudice, explaining that a motion could be "represented after Judge Spaeth rules on pending discovery matters,

---

[2] Although submitted jointly, the schedule modification was at Hill's request.

provided parties have a meaningful meet-and-discuss conference in advance." Dkt. 163 at 2. Hill's current ex parte application has nothing to do with Judge Spaeth's rulings on the discovery matters at issue in the prior ex parte application. Indeed, Judge Spaeth denied Hill's motion to compel as to those discovery issues and given that Hill knew about Doe's desire not to participate in this case when she filed her prior ex parte application, there is no basis for Hill to again seek amendment of the scheduling order.[3]

## III.   THERE IS NO BASIS FOR EX PARTE RELIEF

Hill invokes the extraordinary process of ex parte relief for her ordinary and meritless requests. As this Court's standing order explains, "*[e]x parte* applications are solely for extraordinary relief and should be used with discretion." Dkt. 24 at 3 (citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C. D. Cal. 1995)).

To obtain ex parte relief, Hill must satisfy two criteria. "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Engineering Co.*, 883 F. Supp. at 492. Second, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* As part of that showing, Hill "must … show that [she] used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period. . . . Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).[4]

---

[3] The Court approved the parties' joint stipulation to allow the deposition of Adanna Esemonu during the first two weeks of September. Dkt. 173.

[4] Hill does not acknowledge the proper standard for an ex parte application, instead

## A.   <u>Ex Parte Relief Is Not Appropriate To Amend The Protective Order To Publicly Reveal Doe's Name.</u>

Hill has not satisfied either of the two requirements for ex parte relief to amend the protective order to publicly reveal Doe's name in describing her sexual relationship with Bauer.[5] *See MR Techs., GMBH v. W. Digital Techs., Inc.*, 2023 WL 3432259, at *1 (C.D. Cal. Apr. 7, 2023) ("Ex parte motions are rarely justified.") (Selna, J.). Even if Hill could show an entitlement to ex parte relief (which she has not), she has failed to meet her burden to establish "good cause" to modify the protective order entered by Judge Spaeth. *See United States v. Manpow, L.L.C.*, 2023 WL 4291806, at *3 (C.D. Cal. May 31, 2023).

### 1.   Hill Could Have Properly Noticed Her Request As A Joint Stipulation Before Judge Spaeth.

As to the first factor for ex parte relief, Hill offers no reason why she did not file a regularly noticed motion or joint stipulation under the Court's discovery procedures to amend the protective order—in particular where Hill knew Doe would not appear for a deposition as of August 2, 2023. Hill had every opportunity to compel Doe's deposition and file a regularly noticed joint stipulation to amend the protective order (if necessary) between August 2 and the end of fact discovery on September 1. She even could have filed a properly noticed motion between August 28—when her motion was denied without prejudice—and the close of fact discovery. Hill instead waited until five days after the close of fact discovery to file an unnecessary application to amend the protective order. *See ARF Dashnaktsutyun, W. U.S.A. v.*

---

quoting a standing order from Judge Stanton regarding the time to effectuate service on fictitious defendants. *See* Ex Parte App. at 6 (quoting *Semiserve Inc. v. Semicon Servs., LLC*, 2014 U.S. Dist. LEXIS 198013 at *6 (C.D. Cal. Dec. 22, 2014)).

[5] Although Hill's motion focuses on disclosing Doe's name, much more than her name will be revealed—in particular, her sexual history with Bauer. As Hill stated in her motion in the Southern District of Ohio, her forthcoming motion to compel will "contain extremely sensitive and private information about [Doe]." Dkt. 181-2, Ex. B.

*Armenian Revolutionary Fed'n WUSA, Inc.*, 2022 WL 16859600, at *1 (C.D. Cal. May 10, 2022) (denying ex parte application for protective order where "Defendants do not explain why they could not have raised their request for a protective order by a regularly-noticed discovery motion pursuant to Local Rule 37 or through the undersigned's informal discovery resolution procedures").

Hill also makes no effort to explain why she has filed the ex parte application to amend the protective order before this Court, instead of before Judge Spaeth. Judge Spaeth hears the discovery disputes in this case—and Judge Spaeth entered the amended protective order that Hill seeks to amend (Dkt. 78), as well as the prior order that Doe's name and sexual history with Bauer should be filed under seal (Dkt. 118). Because Hill has not followed proper motion procedures and filed this motion before the wrong judge, the Court should deny her ex parte application for those reasons alone.

### 2. Hill's Decision Not To File A Properly Supported Motion In The Southern District of Ohio Is Not A Basis For Ex Parte Relief Or To Amend The Protective Order.

In addition, Hill's attempt to amend the protective order to publicly reveal Doe's name and sexual history is meritless and shows that—under the second factor for ex parte relief—Hill is responsible for "the creation of the crisis." *See Mission Power Engineering*, 883 F. Supp. at 493; *see also id.* at 492 (holding that "if [a motion] is meritless, failure to hear it cannot be prejudicial"). Hill cannot obtain ex parte relief—or even ordinary relief—to amend the protective order where *she* made the decision not to refile a properly supported motion in the Southern District of Ohio that would have complied with this case's protective order. Hill not once mentions that her motion was denied without prejudice and that the Southern District of Ohio gave her the opportunity to file a properly supported motion to seal by September 5. Despite that opportunity, Hill chose not to refile. That decision—made by Hill and her counsel alone—demonstrates that ex parte relief is inappropriate and there is no

1    good cause to amend the protective order.

2         Indeed, had Hill simply attached and described the protective order in this case

3    and Judge Spaeth's prior ruling sealing Doe's name and sexual history, she almost

4    certainly would have succeeded in redacting and sealing Doe's name. As a matter of

5    comity, district courts defer to protective orders entered by sister courts. As a Southern

6    District of Ohio court has held, "there is really no reason for this Court not to afford

7    the order of its sister District Court . . . the comity to which its protective order is

8    entitled." *Ohio Willow Wood Co. v. ALPS S., LLC*, 2010 WL 3470687, at *2 (S.D.

9    Ohio Aug. 31, 2010), *aff'd and adopted*, 2011 WL 1043474 (S.D. Ohio Mar. 18,

10   2011); *see also Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335

11   (D.D.C. 1991) ("As for those documents shielded by the *Basic Books* protective order,

12   this court as a matter of comity respects the order issued by the District Court for the

13   Southern District of New York."). Hill makes no argument as to why the Southern

14   District of Ohio would have ignored the protective order and Judge Spaeth's ruling if

15   Hill had informed the court of their existence. *See Ohio Willow Wood*, 2011 WL

16   1043474, at *2 ("the Court's research has not located a case which endorses the

17   contrary proposition, i.e. that protective orders issued by other federal courts are not

18   entitled to deference").

19        Furthermore, the Southern District of Ohio, consistent with Sixth Circuit case

20   law, would likely have independently granted a motion to seal Doe's name—even

21   absent the protective order and Judge Spaeth's ruling in this case—had Hill explained

22   that the sexual privacy rights of a third party were involved. *See Doe v. Kenyon Coll.*,

23   2020 WL 11885928, at *2 (S.D. Ohio Sept. 24, 2020) (allowing use of pseudonym

24   because "[c]ourts throughout the country have routinely found that the privacy

25   interests of alleged sexual assault victims outweigh the presumption in favor of

26   openness.")[6]; *Gabrion v. United States*, 2015 WL 2354745, at *3 (W.D. Mich. May

27   _____

28   [6] Bauer maintains that all his sexual interactions with Doe were consensual, and that

                                        10                    Case No. 8:22-cv-00868-JVS-ADS

15, 2015) (granting motion to redact name of third parties where motion concerned "information regarding the mental health, substance abuse, and sexual dysfunction of third-parties"). In fact, in evaluating a motion to seal, courts in the Sixth Circuit consider "the privacy rights of . . . third parties." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation"). As a result, Southern District of Ohio courts regularly seal third parties' personally identifying information, including their names. *See, e.g.*, *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, 2023 WL 4842767, at *2 (S.D. Ohio June 23, 2023) (redacting names of third parties because "the non-parties' right to privacy outweighs the public's interest in access to the information; and the proposed redactions are narrowly tailored to serve the interest of privacy because only private personal information is redacted"); *Veritas Indep. Partners LLC v. Ohio Nat'l Life Ins. Co.*, 2022 WL 1749024, at *2 (S.D. Ohio Jan. 4, 2022) ("Because Ohio National seeks to protect the privacy interests of third parties, the Court finds it has presented a compelling reason to seal these portions of the 30(b)(6) Deposition excerpts.").

Hill also failed to serve Doe with the motion to seal that related to a forthcoming motion to compel Doe's deposition. *See Emcyte Corp. v. Apex Biologix, LLC*, 2021 WL 5507219, at *2 (C.D. Cal. Nov. 24, 2021) (explaining that "service of the Motion to Compel [under Rule 45] is governed by Fed. R. of Civ. P. 5"). Federal Rule 45 was designed "to protect local nonparties" by "assur[ing]" "local resolution of disputes about subpoenas." Fed. R. Civ. P. 45, Adv. Comm. N. to 2013 Am. But by not serving Doe, Hill deprived Doe of that protection and precluded Doe from providing her position on the motion to seal.

Hill's ex parte application does not acknowledge any of those shortcomings in

---

he did not sexually assault Doe. But given that Hill has asserted that Doe is an alleged sexual assault victim, case law on that issue is relevant here.

her prior motion, instead relying on a mischaracterization of the ruling in the Southern District of Ohio. Hill's motion to seal in that court was denied because it was wholly unsupported—not because it did not involve "minors or victims of sex trafficking." Dkt. 180-2 (Decl. of Joseph Gerling) ¶ 8 (asserting without legal citation that the Southern District of Ohio "generally only grants applications [to seal] in limited circumstances involving minors or victims of sex trafficking"). The court held that Hill's "conclusory statement" for relief was insufficient. Brown Decl., Ex. A at 2. It further explained that Hill had not provided any "legal citations." *Id.* Because Hill offered no support for the motion, she "prevent[ed] this Court from making any findings or conclusions which could justify preventing public access to the record." *Id.* The court had no choice but to deny Hill's motion—but still gave her the option to refile.

Given the opportunity to refile, Hill is wrong to argue that she "is left with no alternative means of compelling Doe's attendance at her deposition unless the relief requested is granted and Hill is allowed to file an unredacted Motion for Contempt that will identify Doe by name and include Doe's address." Ex Parte App. at 3; *see also id.* at 5 ("the Motion for Contempt would need to be filed in an unredacted form with the full name of Jane Doe"). Hill ignores that the Southern District of Ohio court invited her to refile her motion, with proper support. In such a motion, Hill could have sought redaction of Doe's name by explaining that Judge Spaeth already ruled that Doe's name would be sealed in a prior filing in this case, and that Doe's sexual privacy rights were at issue. For no good reason, Hill declined to refile. Presumably she could still file such a motion, or open a new miscellaneous matter in the Southern District of Ohio to file the motion with the necessary support. But this Court should not sacrifice Doe's and Bauer's privacy rights—rights that Judge Spaeth already recognized in issuing the protective order and ordering Doe's name and sexual history sealed in a prior filing in this case—because of Hill's decision not to file an adequate motion in the Southern District of Ohio. *See George v. Kasaine*, 2015 WL 12850543,

at *4 (C.D. Cal. May 5, 2015) ("Because Defendant is at fault in creating the crisis, and because she does not otherwise provide any argument that the crisis is a result of excusable neglect, Defendant fails to make the extraordinary showing required for *ex parte* relief.").

Hill's failure to follow the procedures that the Southern District of Ohio laid out shows that she is responsible for "the creation of the crisis" and cannot obtain ex parte relief. For the same reasons, there is no good cause to amend the protective order.

### 3. Hill's Repeated Delays In Seeking Doe's Deposition And Documents Support Denial of Her Ex Parte Application.

Hill also offers no explanation for her failure to diligently pursue Doe's deposition and documents. Hill waited more than two weeks to notice Doe's deposition after Judge Spaeth's June 28 order. Dkt. 180-1, Ex. B. She then noticed the deposition for August 17, more than a month after the notice. *Id.* Hill further concedes that she knew as of August 2 that Doe would not appear for a deposition. Dkt. 180-1 ¶ 9. And Hill certainly knew on August 17—when Doe did not appear for the deposition—that Doe would not show up. Yet, despite knowing that fact discovery closed on September 1, 2023, Hill waited until August 25 to file a motion to seal in the Southern District of Ohio. Dkt. 180-2, Ex. B. And, when that motion was denied on August 28, Hill did not file this ex parte application until more than a week later, on September 6, 2023—five days after the close of fact discovery. Hill's repeated decision to sit on her hands does not justify ex parte relief. *See MR Techs.*, 2023 WL 3432259, at *1 (denying ex parte application where "Defendant waited a month to move to strike the AICs [ and] Defendant could have moved to strike sooner"); *Ho v. Marathon Pat. Grp., Inc.*, 2021 WL 10862801, at *2 (C.D. Cal. Nov. 12, 2021) (holding that "[p]laintiff is at fault for creating this 'crisis' by failing to efficiently utilize the discovery period" where "he could have filed a regularly noticed motion to modify the scheduling order instead of waiting to seek ex parte relief two weeks

before the discovery cut-off"); *Sec. & Exch. Comm'n v. Priv. Equity Mgmt. Grp., LLC*, 2009 WL 10676179, at *2 (C.D. Cal. June 1, 2009) (denying ex parte application based on twelve-day delay).

The Court should not permit Hill to use the Court's ex parte procedures to publicly reveal the name and sexual history of a third party, in particular where Hill has abandoned her opportunity to comply with the protective order in this case and delayed in seeking the deposition and documents.

## B.   Ex Parte Relief Is Not Warranted To Reopen And Extend Discovery Based On A Hypothetical Deposition.

As to the only relief that is properly before this Court—the extension and reopening of discovery deadlines—Hill's ex parte application should be denied. For the reasons above, an ex parte application is not appropriate as Hill created this crisis and could have filed a regularly noticed motion or joint stipulation. In addition, Hill has not satisfied the good cause standard to extend or reopen discovery.

Pretrial scheduling orders "shall not be modified except upon a showing of good cause." Fed. R. Civ. Proc. 16(b). "Good cause" requires a showing of "diligence [on the part] of the party seeking [to modify the scheduling order]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court should not grant any extension or reopening of discovery for several reasons.

*First*, the deposition of Doe remains a hypothetical event. Hill has not yet re-noticed the deposition, and has not filed a motion to compel Doe's deposition. The Court should not issue an advisory opinion as to what might happen in the future if Doe's deposition proceeds. In particular, Doe has repeatedly indicated through her words and actions that she does not want to participate in this proceeding. And she has never filed any action against Bauer, or made any report to any law enforcement

1    agency regarding her interactions with him.

2         *Second*, Hill has not explained why an extra 45 days is necessary, or how that

3    45-day reopening and extension would work given the other deadlines in this case.

4    Her ex parte application asks the Court to "continue dates in the Amended Scheduling

5    Order with respect to the discovery deadlines for nonexpert *and expert* discovery."

6    Ex Parte App. at 7 (emphasis added). Her proposed order refers generally to a

7    discovery extension of 45 days. But if the expert discovery deadline (currently set for

8    November 10, 2023) were extended 45 days to December 26—an extension Hill's

9    counsel has not mentioned to Bauer's counsel—then that deadline would go well past

10   the date for motions in limine (due December 4). In addition, expert reports are due

11   on September 8, and counsel for Bauer have been working diligently to comply with

12   that deadline. But even if her application were limited to reopening fact discovery—

13   which closed on September 1—an additional 45-day period is excessive for a single

14   deposition.

15        *Third*, the Court should deny the request to extend discovery because Hill has

16   not diligently pursued Doe's deposition. *See supra* at 13-14. Hill's repeated delays

17   show that an extension or reopening of discovery is not warranted.

18   **IV.   CONCLUSION**

19        The Court should deny Hill's Ex Parte Application in its entirety.

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | Dated:      September 7, 2023 | _/s/ Blair G. Brown_ |

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA HOLLEY ISER KUMP
STEINSAPIR LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com