Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal Bar. 205659)
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard., Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>Plaintiff,<br><br>v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**DECLARATION OF BLAIR G. BROWN IN OPPOSITION TO EX PARTE APPLICATION FOR AN ORDER ALLOWING HILL TO FILE AN UNREDACTED MOTION FOR CONTEMPT IN THE SOUTHERN DISTRICT OF OHIO AND AN ORDER EXTENDING THE DISCOVERY CUTOFF**<br><br>Action Filed: April 25, 2022 |

I, BLAIR G. BROWN, declare and state as follows:

1. I am an attorney licensed to practice in the District of Columbia, the States of Maryland and New York, and the Commonwealth of Virginia and have been admitted to practice *pro hac vice* in this action. I am a partner of the law firm Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim Defendant Trevor Bauer in the above-captioned action. I have personal knowledge of the matters stated in this declaration, and I could and would testify competently about them if called upon to do so.

2. Attached as **Exhibit A** is a true and correct copy of Southern District of Ohio Judge Chelsea Vascura's order denying Hill's motion to seal without prejudice, with leave to refile by September 5, 2023.

3. Attached as **Exhibit B** is a true and correct copy of the excerpted transcript of the hearing in this action before Judge Spaeth on June 28, 2023.

4. Neither Mr. Bauer nor his counsel were served with Hill's motion to seal filed in the Southern District of Ohio in *Bauer v. Hill*, 2:23-mc-00029-MHW-CMV (S.D. Ohio 2023).

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of September, 2023, in Washington, D.C.

*/s/ Blair G. Brown*
Blair G. Brown

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TREVOR BAUER,**

    **Plaintiff,**

v.                                         **Civil Action 2:23-mc-29**
                                                 **Judge Michael H. Watson**
                                                 **Magistrate Judge Chelsey M. Vascura**

**LINDSEY C. HILL,**

    **Defendant.**

**ORDER**

    This matter is before the Court on Defendant's Motion for Leave to File Motion and Exhibits Under Seal (ECF No. 1). Defendant seeks to file under seal her forthcoming Motion for an Order of Contempt for Failure to Appear for Deposition and Exhibits attached to the motion. (*Id.*) Defendant asserts that the motion and documents contain "extremely sensitive and private information about the deponent who is not a party to this case but is a third party believed to have relevant information." (*Id.*) For the reasons that follow, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

    There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide

compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendant's Motion fails to meet the high standard set forth by the Sixth Circuit. Defendant fails to set forth compelling reasons justifying the sealing of documents, asserting only that the motion and documents contain "extremely sensitive and private information." (ECF No. 1.) Thus, Defendant failed to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc.*, 297 F.3d, at 548). Further, such a conclusory statement prevents this Court from making any findings or conclusions which could justify preventing public access to the record. *See Rudd Equip. Co., Inc.*, 834 F.3d at 594.

For the foregoing reasons, Defendant's Motion (ECF No. 1) is **DENIED WITHOUT PREJUDICE** to Defendant filing a properly supported motion. Defendant must file any motion to file the motion and documents in question under seal **WITHIN SEVEN DAYS** of the date of this Order. Defendant is cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT B

```
                       UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
                       SOUTHERN DIVISION - SANTA ANA


  TREVOR BAUER,                 ) Case No. SACV 22-868-JVS (ADSx)
                                )
       Plaintiff,               ) Santa Ana, California
                                ) Wednesday, June 28, 2023
           v.                   ) 10:04 A.M. to 10:53 A.M.
                                ) 11:02 A.M. to 11:30 A.M.
  LINDSEY C. HILL, et al.,      ) 11:53 A.M. to 11:58 A.M.
                                )
       Defendants.              )
                                )




                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE AUTUMN D. SPAETH
                     UNITED STATES MAGISTRATE JUDGE


Appearances:                  See Page 2

Deputy Clerk:                 Kristee Hopkins

Court Reporter:               Recorded; CourtSmart

Transcription Service:        JAMS Certified Transcription
                              16000 Ventura Boulevard #1010
                              Encino, California  91436
                              (661) 609-4528
```

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1  APPEARANCES:

 2

 3  For the Plaintiff:      Zuckerman Spaeder LLP
                            By:  BLAIR G. BROWN
 4                               IVANO M. VENTRESCA
                            1800 M Street NW, Suite 1000
 5                          Washington, D.C.  20036
                            (202) 778-1800
 6                          bbrown@zuckerman.com
                            iventresca@zuckerman.com
 7
                            Zuckerman Spaeder LLP
 8                          By:  NELL Z. PEYSER
                            485 Madison Avenue, 10th Floor
 9                          New York, New York  10022
                            (212) 704-9600
10                          npeyser@zuckerman.com

11

12  For the Defendant:      Freedman and Taitelman LLP
                            By:  JESSE A. KAPLAN
13                          1801 Century Park West, 5th Floor
                            Los Angeles, California  90067
14                          (310) 201-0005
                            jkaplan@ftllp.com
15
                            Wesierski and Zurek LLP
16                          By:  BRETT A. SMITH
                            29 Orchard Road
17                          Lake Forest, California  92630
                            (949) 975-1000
18                          bsmith@wzllp.com

19

20

21

22

23

24

25
```

```
 1      SANTA ANA, CALIFORNIA, WEDNESDAY, JUNE 28, 2023, 10:04 A.M.
 2          (Call to Order of the Court.)
 3              THE COURT:  Good morning, everyone.  Please be
 4   seated.
 5              UNIDENTIFIED SPEAKER:  Good morning, Your Honor.
 6              UNIDENTIFIED SPEAKER:  Good morning, Your Honor.
 7              THE CLERK:  Calling Case SACV 22-868-JVS (ADSx),
 8   Trevor Bauer v. Lindsey C. Hill, et al.
 9              And, counsel, please state your appearances for the
10   record starting with plaintiff.
11              BLAIR G. BROWN:  Blair Brown on behalf of
12   Trevor Bauer.  Along with me is my colleague Ivano Ventresca.
13              THE COURT:  Okay.  Good morning.
14              UNIDENTIFIED SPEAKER:  Good morning.
15              JESSE A. KAPLAN:  Good morning, Your Honor.
16   Jesse Kaplan for Defendant and Counterclaimant Lindsey Hill.
17   Also with me is Brett Smith.
18              THE COURT:  All right.  Good morning.
19              UNIDENTIFIED SPEAKER:  Good morning, Your Honor.
20              THE COURT:  Okay.  So we have two motions today,
21   one by Ms. Hill, one by Mr. Bauer.  So why don't we start
22   with the depositions, the motion to quash.
23              And, Counsel --
24              MR. BROWN:  Yes?
25              THE COURT:  -- the motion is yours.
```

1  that -- laying out very specific and graphic facts about what
2  happened in the sexual assaults and batteries that occurred
3  between Bauer and four of these women, as well as what
4  happened in terms of Doe 1.  Now, Mr. Brown is correct --
5  well, I'll get to Doe 1 in a second.  But we've laid an
6  adequate foundation for all of these, and we also have
7  declaration from my client, as well as myself, in terms of
8  information that was disclosed by three of these "Does," two
9  of them -- a lot of details directly from two of these "Does"
10 to Ms. Hill, and I think it's, perhaps, obvious but they -- I
11 think they --
12              THE COURT:  Specifically, which "Does" gave
13 specific detail to Ms. Hill?
14              MR. KAPLAN:  Yeah.  So, in particular, Doe No. 4.
15 And they both spoke quite a bit because they were both
16 participating in the Major League Baseball arbitration.
17              THE COURT:  Uh-huh.
18              MR. KAPLAN:  And I think they began talking earlier
19 than that when the investigation was ongoing or began.  And
20 also, Doe 2 -- same -- similar situation where they were
21 talking about and disclosing information to each other,
22 including their identities.
23              So I want to touch on each of the five "Does," and
24 there's some unique facts as to some of them or when you
25 compare them.

1           I want to start with Doe No. 4 because I think
2  getting information about -- or additional information about
3  Doe No. 4 really is critical here.  I'm not going to
4  summarize the facts other than to say -- and I may have
5  misheard Mr. Brown so I'm not going to characterize what he
6  said, but it is clear from the information we've received,
7  including the information that was in The Washington Post and
8  Yahoo! Sports article that Doe 4 has accused Mr. Bauer on
9  multiple occasions of sexually assaulting her, and those
10 facts were publicly disclosed by Doe 4.  She voluntarily was
11 interviewed and spoke to, with her counsel, The Washington
12 Post, and obviously that article, as well as the
13 Yahoo! Sports article, are in the record.  So we do have
14 public allegations of sexual assault and battery by Doe 4.
15          Now, we also -- and you just asked about this,
16 Your Honor, but Doe 4 also -- in addition to disclosing these
17 allegations to The Washington Post, she also voluntarily
18 disclosed these allegations to Major League Baseball and,
19 again, testified at the Major League Baseball arbitration.
20 And we also know that in the process of doing so she
21 provided, I believe -- at least she said she provided two
22 videos evidencing the sexual assaults -- or two sexual
23 assaults that were provided to the Major League Baseball
24 and/or during the arbitration, and she testified about those
25 videos at the arbitration.  And I respect that Mr. Brown is

1  being very careful about what he discloses or says about that
2  arbitration, but there's been nothing in the record that
3  disputes that Doe 4 participated in the arbitration:
4  testified, provided these videos.
5      And I don't want to segue too much into the next
6  motion, but there's also not a dispute that with respect to
7  Doe No 4 that there are materials from the arbitration and
8  the Major League Baseball investigation concerning Doe 4, and
9  those would include transcripts of Doe 4's testimony about
10 sexual assault, perhaps briefing, the videos, as I just
11 stated, maybe other documentary evidence, and maybe
12 Mr. Bauer's testimony or transcripts of that testimony from
13 the arbitration.  All of this would be directly relevant, and
14 I'm not sure, on balance, which I understand the Court will
15 have to do -- why, on balance, given that Doe 4 has done all
16 these things -- why that information can't come in -- or be
17 disclosed here in this proceeding.
18     I also want to touch on, very quickly, Doe 3.
19 There doesn't seem to be much of any dispute from Bauer that
20 based on the circumstances of Doe 3 that any privacy
21 interests would be outweighed by the need for getting
22 testimony about her sexual assaults by Mr. Bauer.  And just
23 to summarize very briefly, she has publicly accused in a
24 publicly filed lawsuit Mr. Bauer of sexual assault and rape,
25 and, again, the facts are very strikingly similar to what

1  occurred to Ms. Hill.  She's disclosed her identity, she's
2  disclosed those facts, and there's been no objection to date
3  to her testifying.
4          And I apologize.  Just going back real quickly to
5  Doe No 4, Doe 4 has also disclosed her identity to my client
6  as well, and to date, there's been no objection to
7  participating in this lawsuit -- or to testifying or anything
8  else -- from Doe 4.
9          Now, I want to, again, be sensitive and mindful to
10 privacy rights and, perhaps, desires to remain anonymous by
11 any of these women, and I disagree with Mr. Brown that a
12 protective order and sealing would not adequately address
13 those issues, especially for Does 3 and 4.  We do have a
14 protective order.  There's no reason why any materials
15 concerning Does 3 or 4 cannot be designated as either
16 confidential or even, if appropriate, attorneys' eyes only
17 under the stipulated protective order.  There's been several
18 sealing applications already that I believe, at least,
19 Your Honor has granted, perhaps, at least one, maybe more,
20 and I think Judge Selna just recently granted one as well as
21 to the information that falls under the umbrella of what
22 we're here for today.
23         And to the extent any of these women want to remain
24 anonymous, there's obviously ways to do that where they can
25 provide their testimony, information can be provided, but

1  their names do not need to be disclosed, and I don't think
2  their names for purposes of these proceedings -- meaning this
3  lawsuit -- are necessarily material.  They can be referred to
4  as they are today, as Does 1 through -- whatever.
5           So for Does 3 and Does 4, I think there really is a
6  compelling need, and the privacy interests that they may have
7  are outweighed by the need, especially under the specific
8  factual circumstances of those two victims.
9           I want to quickly just touch on the other three
10 "Does."
11          For Doe No. 5, again, there's been no objection to
12 date by Doe 5.  She did reach out to Ms. Hill's prior counsel
13 voluntarily and disclosed both her identity and her
14 accusations of sexual assault by Mr. Bauer.  So based on
15 that, I think there's not a reason, at least today, to grant
16 a protective order as to Doe 5.
17          Now, for the other two "Does," Mr. Brown is correct
18 -- I believe that's Doe 1 and Doe 2 -- they have made
19 objections to the testimony.  I want to start with Doe 1.
20          Now, Doe 1 has not, at least as far as I know, made
21 accusations of sexual assault.  However, she has put forward
22 evidence -- and this is where I need to be careful about the
23 sealing -- that shows Mr. Bauer's intent and plan to commit
24 sexual assault.  Those details are in the record.  I'm not
25 going to repeat them unless the Court would like me to -- as

```
 1
 2
 3
 4                         CERTIFICATE
 5      I certify that the foregoing is a correct transcript
 6 from the electronic sound recording of the proceedings in the
 7 above-entitled matter.
 8
 9 /s/ Julie Messa                  July 19, 2023
   Julie Messa, CET**D-403          Date
10 Transcriber
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```