Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
  espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
  jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile:  (310) 201-0045

Attorneys for Defendant and Counterclaimant,
Lindsey C. Hill

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>    Plaintiff,<br><br>    vs.<br><br>LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>    Defendants,<br><br>LINDSEY C. HILL,<br><br>    Counterclaimant,<br><br>    vs.<br><br>TREVOR BAUER,<br><br>    Counter-Defendant, | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>[Assigned to Hon. James V. Selna Referred to Magistrate Judge Autumn D. Spaeth]<br><br>**DISCOVERY MATTER: DEFENDANT AND COUNTERCLAIMANT LINDSEY C. HILL'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION NO. 93**<br><br>[Proposed Order; and Declarations of Joseph Gerling and Michelle Prescott filed concurrently] |

1

|   |   |
|---|---|
| Hearing Date: | October 11, 2023 |
| Time: | 10:00 a.m. |
| Courtroom: | 6B |

Action Filed: April 25, 2022
Discovery Deadline: September 1, 2023
Pretrial Conference: January 22, 2024
Trial Date: February 13, 2024

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 11, 2023, at 10:00 a.m., before the Honorable Autumn D. Spaeth, Magistrate Judge, in Courtroom 6B of the United States District Court of the Central District of California, Ronald Reagan Federal Building, located at 411 W. Fourth St., Santa Ana, CA 92701, defendant and counterclaimant Lindsey Hill ("Hill") will and hereby does move for an order pursuant to Local Rule 7-18 reconsidering this Court's prior June 28, 2023 ruling concerning Hill's Motion to Compel a Further Response to Request for Production 93. Hill only seeks limited reconsideration of the Court's prior order. Specifically, Hill seeks reconsideration of the Motion to Compel so as to require Bauer to produce the transcript (and video) of the testimony of a certain accuser ("Doe") who testified at the Major League Baseball Arbitration, and any other evidence that was presented to the arbitrators in connection with Doe's testimony.

This Motion is made on the grounds that Hill has made best efforts to obtain Doe's testimony through a deposition, but Hill has been unable to do so. The Court in its prior ruling expressly left open an option to reconsider the ruling if the information sought was unable to be obtained through deposition testimony. Although Doe was subpoenaed, Doe did not appear for her deposition. Consequently, Hill has been unable to obtain the deposition of Doe and is left with no alternative means of relief.

/ / /

/ / /

Before filing this Motion, the parties met and conferred and made a good faith attempt to resolve this dispute but were unable to do so. This Motion is based upon this Notice, the Memorandum of Points and Authorities, the declarations of Michelle R. Prescott and Joseph Gerling, and other such matters as the Court deems necessary and proper.

DATED: September 8, 2023     WESIERSKI & ZUREK LLP

By: _____
MICHELLE R. PRESCOTT
Attorneys for Defendant and
Counterclaimant, Lindsey C. Hill

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counter-Claimant Lindsey Hill seeks limited reconsideration of a portion of her prior Motion to Compel plaintiff and counter-complainant Trevor Bauer to produce documents in response to Request for Production No. 93, which sought various documents from a certain Major League Baseball Arbitration (the "MLB Arbitration") concerning Bauer's suspension and violation of Major League Baseball's Domestic Violence, Sexual Assault and Child Abuse Policy.

Through this Motion for Reconsideration, Hill does not seek all documents from the MLB Arbitration. Rather, Hill seeks reconsideration of the Motion to Compel so as to require Bauer to only produce discrete and limited documents, namely the transcript (and video) of Doe's testimony from the MLB Arbitration and any other evidence that was presented to the arbitrators in connection with Doe's testimony.

Doe is another victim of Bauer's sexual assault who testified at the MLB Arbitration. While the Court permitted Hill to depose Doe and others who have accused Bauer of sexual assault, the Court denied a portion of Hill's Motion to Compel documents from the MLB Arbitration. During the hearing on Hill's prior Motion to Compel, the portion of Hill's Motion to Compel Further Responses to Request for Production No. 93 was denied with the caveat that "To a large degree, [the Court's] ruling with regard to [Request for Production No. 93] is the fact that there are the depositions. [The Court's] ruling might be different if we find out that the depositions don't occur. If witnesses don't show up, then maybe I would have -- might have a different ruling." (June 28, 2023 Hearing Transcript at 52:16-21 attached as Exhibit A to the Declaration of Michelle R. Prescott "Prescott Decl." ¶ 3).

New material facts now exist that warrant partial reconsideration of Hill's Motion to Compel Bauer to produce some documents from the MLB Arbitration. In particular, Despite Hill's best and reasonable efforts, Hill has been unable to obtain

Doe's deposition. Doe failed to appear for her deposition despite being subpoenaed to appear.

To date Hill has (1) subpoenaed Doe's Deposition, (2) retained counsel in the Southern District of Ohio where Doe resides, (3) filed a Motion to File Under Seal in anticipation of filing a Motion for Contempt to compel Doe to attend her deposition, and (4) sought *ex parte* relief in this Court for leave to file the Motion for Contempt in unredacted form in Ohio in light of the Motion to File Under Seal being denied in order to again attempt to compel the deposition of Doe. (Prescott Decl. ¶¶ 4, 5, 9-12.) Consequently, as of the filing of this Motion, Hill has been unable to obtain the deposition of Doe, and Hill has no alternative avenues to obtain limited and highly relevant information sought by Request for Production No. 93. (Prescott Decl. ¶ 13.)

Hill now faces the exact scenario envisioned by the Court when it denied Hill's prior Motion to Compel: the deposition that would have otherwise provided the information sought from Doe did not move forward through no fault of Hill. Accordingly, Hill was left with no choice but to file this Motion asking the Court to reconsider its prior ruling on Request for Production No. 93.

Good cause exists for the reconsideration of the Court's prior ruling and for the timing of the bringing of this Motion because Hill waited until after Doe failed to appear for her lawfully noticed deposition and until Hill had already begun the process of filing a Motion for Contempt in Doe's home. Hill did so in order to obtain the information at issue being through Doe's deposition before bringing this Motion.

## II. STATEMENT OF FACTS

On May 18, 2023 Hill filed her Motion to Compel Plaintiff to Produce documents. Despite multiple meet and confer attempts by Hill's counsel, including the provision of much of the same substantive law that was included in Hill's Motion to Compel, the parties were unable to reach an agreement wherein Plaintiff would produce the MLB Arbitration documents concerning the same set of factual allegations that are the subject of this action; namely Plaintiff's alleged sexual assault

of multiple individuals, including Hill. Instead, Plaintiff's counsel continued to provide objections and assert that they were entitled to rely on the bilateral confidentiality provision between Plaintiff and MLB to deny Hill highly relevant and discoverable information.

In particular, Hill's prior Motion to Compel sought to compel Bauer to produce documents in response to Request No. 93 which requested the following:

> Produce all DOCUMENTS from the Major League Baseball arbitration proceeding concerning YOUR suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through discovery in that proceeding.

On June 28, 2023 Hill's Motion to Compel was heard by the Court.[1] After carefully considering the fully briefed Motion, and Plaintiff's Opposition thereto, the Court denied Hill's request to compel further responses to Request for Production No. 93 with the caveat that "To a large degree, [the Court's] ruling with regard to [Request for Production No. 93] is the fact that there are the depositions. [The Court's] ruling might be different if we find out that the depositions don't occur. If witnesses don't show up, then maybe I would have -- might have a different ruling." (Prescott Decl ¶ 3, Exh. A at 52:16-21).

Here, the exact scenario envisioned by the Court when Hill's prior Motion to Compel was denied has come to pass and Hill has been unable to obtain the deposition of Doe to obtain her testimony of Bauer's sexual assault and battery of Doe, the same

---

[1] The Court also heard Bauer's Motion for a protective order and to quash five subpoenas that Hill had issued seeking the depositions of five women, four of which had accused Bauer of sexual assault. This included Doe who had testified in the MLB Arbitration. The Court denied Bauer's Motion for a Protective Order and to Quash as to four of the five women, in particular the women who had accused Bauer of sexual assault.

testimony that Doe had given in the MLB arbitration. On July 14, 2023, counsel for Hill issued an Amended Subpoena to Testify at a Deposition in a Civil Action ("Amended Subpoena") to Doe which sought Doe's deposition. The Amended Subpoena also sought documents requested from Doe. The deposition was noticed for August 17, 2023 via Zoom. (Prescott Decl. ¶ 4, Exh. B.) Doe was lawfully served with the Amended Subpoena by personal service on July 15, 2023. (Prescott Decl. ¶ 5, Exh. C.)

While not entirely clear, Doe had previously told Hill that she was represented by Joe Tacopina, Esq. of Tacopina, Seigel, and Deoreo in connection with other proceedings. (Prescott Decl. ¶ 6). Hill's counsel had tried several times to contact Mr. Tacopina by telephone about the contemplated Doe deposition without success. (Prescott Decl. ¶ 6).

Unsure of whether Doe was represented by counsel in connection with the Subpoena (or any other matter), on July 26, 2023, Hill's counsel sent a letter to Mr. Tacopina regarding the Subpoena to Doe and the upcoming deposition. (Prescott Decl. ¶ 7, Exh. D) The letter also requested that Mr. Tacopina confirm by close of business on July 28, 2023 whether he represented Doe and whether Doe was available for her deposition noticed for August 17, 2023. (*Id*.). Mr. Tacopina never responded to that letter. (*Id*.).

Shortly thereafter, counsel for Hill attempted to contact Doe via text message about the subpoena and to request that Doe or her counsel contact counsel for Hill and confirm her availability for the August 17, 2023 date noticed for Doe's deposition. (Prescott Decl. ¶ 8). Shortly thereafter, on or about August 2, 2023, Doe called counsel for Hill and left a voicemail indicating that she wanted to discuss the Subpoena. (Prescott Decl. ¶ 9).

On August 14, 2023, Hill's counsel called Doe to hopefully confer about her contemplated deposition. (Prescott Decl. ¶ 10). When Doe picked up the call, Hill's counsel immediately asked Doe if she was represented by counsel. (*Id*). Doe claimed

that she was represented by Mr. Tacopina. (*Id*). Consequently, Hill's Counsel immediately ended the phone call. (*Id*).

Unsure as to whether Doe would appear for her deposition, counsel for Hill appeared on August 17, 2023 and waited approximately 30 minutes for Doe to arrive at the deposition. When Doe did not arrive, counsel for Hill took a Notice of Non-Appearance on behalf of Doe. (Prescott Decl. ¶ 10, Exh. E).

In an effort to compel Doe's attendance at her deposition, counsel for Hill retained counsel admitted to practice before the United States District Court for the Southern District of Ohio to file a Motion to File Under Seal and a Motion for Contempt to Compel Compliance with Deposition Subpoena ("Motion for Contempt") to compel Doe to sit for her deposition. (Prescott Decl. ¶ 12, Gerling Decl. ¶ 3.) Doe lives in the Southern District of Ohio and accordingly this was the proper venue to file the Motion to File Under Seal and the Motion for Contempt. (Prescott Decl. ¶ 12, Gerling Decl. ¶ 5.) Hill's Ohio counsel was retained to file a Motion to File Under Seal prior to filing the Motion for Contempt in order to: (1) protect Doe's identity and (2) be able to file the Motion for Contempt to compel the deposition of Doe to obtain critical and highly relevant testimony and documents concerning Doe's relationship with Bauer without being forced to disclose her identity publicly. (Prescott Decl. ¶ 12.)

Prior to retaining Hill's Ohio counsel, he was provided and executed a copy of the Amended Stipulated Protective Order currently in force in this Action. (Gerling Decl. ¶ 3, Exh. A.) On August 25, 2023, Hill's Ohio Counsel filed the Motion to File Document under Seal in the District Court for the Southern District of Ohio. (Gerling Decl. ¶ 6, Exh. B). The Motion to File Under Seal intentionally did not include the name, address, or any other identifying information about Doe in order to protect Doe's privacy. (*Id.*)

Unfortunately, Hill's Motion to File Under Seal was denied by United States Magistrate Judge Chelsey M. Vascura on August 28, 2023. (Gerling Decl. ¶ 7, Exh.

C.) Judge Vascura issued an Order denying the Motion to File Under Seal. In the order, Judge Vascura explained that due to the standard regarding motions to seal set forth by the Sixth Circuit, the Motion to File Under seal failed to meet the standard. (*Id*.). Accordingly, the Motion for Contempt would need to be filed in an unredacted form with Doe's full name. (Gerling Decl. ¶ 8.) As of the filing of this Motion, Ohio has not filed the Motion for Contempt pending the outcome of the *ex parte* application filed by Hill that is currently pending before this Court and out of a desire to protect the privacy of Doe. (Gerling Decl. ¶ 9).

Counsel for Hill has repeatedly attempted to set the deposition of Doe and Doe has failed to comply with the Subpoena issued by counsel for Hill. (Prescott Decl. ¶¶ 4-11). Because Doe has failed to appear for her lawfully noticed deposition, unless the Court reconsiders its denial of Hill's prior Motion to Compel Responses to Request for Production No. 93, Hill will likely be denied her sole avenue to obtain critical information regarding Bauer's sexual assault and battery of Doe.

## I. <u>HILL IS ENTITLED TO RECONSIDERATION OF HER PRIOR MOTION TO COMPEL REQUEST 93</u>

Under Local Rule 7-18, a motion for reconsideration may be made on the grounds of "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *See* L.R. 7-18. This Court has discretion in determining whether to grant a motion for reconsideration. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003); *see also United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000).

Here, new material facts have emerged since the Court first considered Hill's Motion to Compel Responses to Request for Production No. 93 at the June 28, 2023 hearing. Since the conclusion of the June 28, 2023 hearing Hill has: (1) re-noticed and served an amended deposition subpoena on Doe, (2) taken Doe's non-appearance at the properly noticed deposition when she failed to appear, (3) retained Ohio counsel to file a Motion to File Under Seal in preparation for filing a Motion for Contempt to compel the deposition of Doe in her home district the Southern District of Ohio, and (4) filed an *ex parte* application for an order allowing Hill to file an unredacted Motion for Contempt in the Southern District of Ohio because the prior Motion to File Under Seal was denied. (see Dkt. No. 180)(Prescott Decl. ¶¶ 4, 5, 9-12.).

Based on the fact that Hill has been unable to secure Doe's deposition and Doe has not appeared for her deposition, there are new material facts that have arisen that warrant the production of at least some documents from the MLB Arbitration, in particular transcripts of Doe's testimony from the MLB Arbitration and any other evidence that was presented to the arbitrators in connection with Doe's testimony.

As discussed, these new material facts did not emerge until <u>after</u> the standard fourteen-day deadline to file a motion for reconsideration had already elapsed. Accordingly, good cause exists for Hill to seek reconsideration outside of the fourteen-day window because the Motion was not ripe until after Hill had already undertaken the actions outlined above.

Hill made more than reasonable efforts to obtain the information directly from Doe, and Hill has been unable to do so. Hill now faces the exact scenario considered by the Court; Doe has failed to appear for her deposition despite being subpoenaed. Hill is continuing to attempt to compel the deposition of Doe, but in light of Hill's repeated attempts and the fast approaching trial deadline, Hill respectfully requests the Court reconsider its denial of Hill's Motion to Compel Responses to Request for Production No. 93 and order the production of limited MLB arbitration documents, in particular the transcript of Doe's testimony and any other evidence that was

presented to the arbitrators in connection with Doe's testimony, including any videos.

### A. Evidence of Bauer's Sexual Assault of Does is Relevant and Discoverable.

Hill is entitled to a transcript of Doe's testimony from the MLB Arbitration along with any other evidence that was presented to the arbitrators in connection with Doe's testimony. The Court has already correctly concluded that Doe's testimony (and any other evidence) concerning Bauer's sexual assault of Doe is relevant in this case. Evidence that Bauer has sexually assaulted other victims is directly relevant under Rule 415 to prove that Bauer has a propensity to engage in such conduct, and in turn, that he sexual assaulted Hill in a similar manner while Hill was unconscious or partially conscious.

Rule 415 permits Hill to present evidence of Bauer's other sexual assaults to prove Bauer's "propensity" to sexually assault Hill. *United States v. Redlightning,* 624 F.3d 1090, 1119 (9th Cir. 2010); *United States v. Door,* 663 F. App'x 570, 572 (9th Cir. 2016); *Blind-Doan v. Sanders,* 291 F.3d 1079, 1082 (9th Cir. 2002). Fed. R. Evid. 413 ("Rule 413") (criminal) and Rule 415 (civil) were passed to supersede and make an exception to Fed. R. Evid. 404(b), which imposed a blanket prohibition on propensity evidence. *Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1267-68 (9th Cir. 2000); *United States v. Guardia,* 135 F.3d 1326, 1329 (10th Cir.1998).

Rule 415 provides that in "a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation." Fed. R. Evid. 415(a). Rule 415 additionally provides that such "evidence may be considered as provided in" Rule 413, which is the criminal counterpart, and "does not limit the admission or consideration of evidence under any other rule." *Id.* Rule 413 instructs that evidence introduced under Rule 415 "may be considered on any matter to which it is relevant." Fed. Rule of Evid. 413(a). That includes defendant's propensity to commit the sexual assault complained of in the underlying civil action. *See United*

11

*States v. LeMay,* 260 F.3d 1018, 1024 (9th Cir. 2001) (noting that "Rules 413 through 415 ... remov[e] the longstanding ban on propensity evidence in criminal" and civil trials). Rule 415 allows a litigant to present evidence of both charged and uncharged conduct. *See McMahon v. Valenzuela,* No. 214CV02085CASAGRX, 2015 WL 7573620, at *3 (C.D. Cal. Nov. 25, 2015)("Accordingly, the fact that plaintiff seeks to admit evidence of allegations (uncharged offenses) does not preclude the admission of such evidence under Rule 415.").

"Sexual assault," as defined by Rule 413(d), includes Bauer's sexual acts while his victims were unconscious, even if those victims initially provided consent. Accordingly, not only is Hill entitled to discover facts that Bauer engaged in certain non-consensual sexual acts with the Victims, she is also entitled to discover the circumstances that would render those acts non-consensual, including the fact that Bauer would frequently choke his victims during sex until they were unconscious and they could no longer consent. Hill is also entitled to discover additional evidence of Bauer's plan, intent and desire to commit those crimes, including his messages to victims telling them he wants to engage in sexual conduct with them while they are unconscious. Evidence of this exact nature is what is sought by Request for Production No. 93, and Hill is now left with no alternative means to obtain this information beyond bringing a Motion for Reconsideration for the reasons discussed above.

Rule 413(d)'s definition of "sexual assault" includes a number of sex crimes under both state or federal law. Fed. R. Evid. 413(d). In particular, under Rule 413(d)(1), "sexual assault" is defined as "a crime under federal law … involving: (1) any conduct prohibited by 18 U.S.C. chapter 109A." Fed. R. Evid. 413(d)(1). Under Section 413(d)(1), a defendant's conduct need not satisfy the jurisdictional requirements of chapter 109A to qualify as a sexual assault for purposes of Rule 413. *See United States v. Shaw,* No. 22-CR-00105-BLF-1, 2023 WL 2815360, at *6-8 (N.D. Cal. Apr. 5, 2023). Rather, Rule 413 only requires that the conduct he prohibited

by Chapter 109A. *See id.* ("The words 'conduct prohibited by' indicate that the Court must look at the *conduct* of the Hill, regardless of the location of that conduct.").

Additionally, Rule 413's definition of "sexual assault" also includes any state law crime "… involving: (2) contact, without consent, between any part of the defendant's body--or an object--and another person's genitals or anus; (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body; [or] (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person[.]" Fed. R. Evid. 413(d)(2)-(4).

Plaintiff's acts with Jane Done while they were unconscious qualify as criminal conduct under both chapter 109A and California law. For example, 18 U.S.C.A. § 2241(b)(1), entitled "Aggravated Sexual Abuse," makes it a crime to knowingly render another person unconscious and thereby engage in a "sexual act" with that other person. 18 U.S.C.A. § 2242(2)(B), entitled "Sexual Abuse," makes it a crime to knowingly engage in a "sexual act" with a person if that other person is "physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." 18 U.S.C.A. § 2242(3) also makes it a crime to knowingly engage in a "sexual act" with a person without that other person's consent. 18 U.S.C.A. § 2244, entitled "Abusive Sexual Contact" makes it a crime to knowingly engage in "sexual contact" with another person without that other person's permission. *See* 18 U.S.C.A. § 2244.

Under California law, even if a victim provides advance consent, unconsciousness negates consent because it prevents the victim from withdrawing from the activity. *See People v. Miranda,* 62 Cal. App. 5th 162, 175 (2021) ("Because the law does not recognize an unconscious person's advance consent to a rape, making the sexual act a crime, it is a battery to intentionally commit that act even if there was advance consent. … Where sex with an unconscious person is a rape and thus unlawful regardless of consent, it is not reasonable to believe that it is lawful, so the touching is a battery, just as it is a rape."). Moreover, a victim need not be "totally

I1942052-1 MER-5137

MOTION FOR RECONSIDERATION

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

and physically unconscious" to negate consent. *See People v. Ogunmola,* 193 Cal. App. 3d 274, 279 (1987); *Boro v. Superior Ct.,* 163 Cal. App. 3d 1224, 1228 (1985). California Penal Code § 261(a)(4), defines rape to mean sexual intercourse when the victim is "unconscious." California Penal Code § 289(d), entitled "Forcible acts of sexual penetration; punishment," criminalizes sexual penetration if the victim is "unconscious."

Accordingly, Hill has demonstrated that Bauer's sexual assault of Doe are highly relevant under Rule 415.

### B. Bauer Cannot Avoid Discovery Based on Any Confidentiality Agreement.

Bauer may attempt to rehash the same argument made in his opposition to Hill's priors Motion to Compel, namely that the Court should be bound by the bilateral confidentiality provision between Plaintiff and the MLB. The Court, however, has already foreclosed this avenue of opposition in the June 28, 2023 hearing. Therein, the Court determined: "the Court is not bound by the MLB's contract requirements of confidentiality with Bauer and Hill," meaning that Bauer's likely attempts to argue that the information requested cannot be disclosed because of the mutual confidentiality provision will be facially defective.

## III. CONCLUSION

Hill respectfully requests that the Court reconsider its June 28, 2023 ruling denying Defendant's Motion to Compel Responses to Request for Production No. 93 because Defendant has been unable to depose Doe. Absent Plaintiff being ordered to produce limited documents sought by this Request, Defendant will be denied access to the information which will severely compromise her claims and defenses in this action.

/ / /

/ / /

/ / /

MOTION FOR RECONSIDERATION

| | | |
|---|---|---|
| DATED: September 8, 2023 | WESIERSKI & ZUREK LLP | |

By: *(signature)* Michelle Prescott

MICHELLE R. PRESCOTT
Attorneys for Defendant and
Counterclaimant, Lindsey C. Hill

15
MOTION FOR RECONSIDERATION

I1942052-1 MER-5137