1   Christopher P. Wesierski [Bar No. 086736]
      *cwesierski@wzllp.com*
2   Michelle R. Prescott [Bar No. 262638]
      *mprescott@wzllp.com*
3   Eileen Spadoni [Bar No. 133259]
      *espadoni@wzllp.com*
4   Brett A. Smith [Bar No. 322707]
      *bsmith@wzllp.com*
5   WESIERSKI & ZUREK LLP
    29 Orchard Road
6   Lake Forest, California 92630
    Telephone: (949) 975-1000
7   Facsimile: (949) 756-0517

8   Bryan J. Freedman, Esq. (SBN: 151990)
      *bfreedman@ftllp.com*
9   Jesse A. Kaplan, Esq. (SBN: 255059)
      *jkaplan@ftllp.com*
10  FREEDMAN + TAITELMAN, LLP
    1801 Century Park West, 5th Floor
11  Los Angeles, California 90067
    Telephone: (310) 201-0005
12  Facsimile: (310) 201-0045

13  Attorneys for Defendant and Counterclaimant,
    Lindsey C. Hill
14

15                 UNITED STATES DISTRICT COURT
16      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
17

| | |
|---|---|
| TREVOR BAUER, | Case No. 8:22-cv-00868 JVS (ADSx) |
| Plaintiff, | [Assigned to Hon. James V. Selna Referred to Magistrate Judge Autumn D. Spaeth] |
| vs. | |
| LINDSEY C HILL AND NIRANJAN FRED THIAGARAJAH, | **DISCOVERY MATTER: DECLARATION OF JOSEPH GERLING IN SUPPORT OF MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION NO. 93** |
| Defendants, | |
| LINDSEY C. HILL, | |
| Counterclaimant, | [Motion for Reconsideration; Proposed Order; and Declaration of Michelle Prescott filed concurrently] |
| vs. | |
| TREVOR BAUER, | Hearing Date:   October 11, 2023 |
| Counter-Defendant, | Time:   10:00 a.m. |
| | Courtroom:   6B |

11940609-1 MER-5137                          DECLARATION OF JOSEPH GERLING

Action Filed: April 25, 2022
Discovery Deadline: September 1, 2023
Pretrial Conference: January 22, 2024
Trial Date: February 13, 2024

## DECLARATION OF JOSEPH GERLING

I, Joseph Gerling, declare as follows:

1.      I am an attorney at law licensed to practice before all the courts of the State of Ohio and I am an attorney with Weston Hurd, LLP, Ohio local counsel of record for Defendant LINDSEY C. HILL.

2.      The following facts are within my own personal knowledge, except as to those matters stated to be on information and belief, which I believe to be true.  If called as a witness, I could and would competently testify to these facts.

3.      On August 23, 2023, I was retained by Michelle R. Prescott and Weiserski & Zurek, LLP, counsel of record for Ms. Hill. I was retained to file a Motion to File Under Seal and Motion for Contempt to Compel Compliance with a Deposition Subpoena ("Motion for Contempt") issued by Ms. Prescott to Jane Doe ("Doe"). Prior to being retained, I was provided and executed a copy of the Amended Stipulated Protective Order in force in the underlying action between Ms. Hill and Bauer. Attached hereto as **Exhibit A** is a true and correct copy of the fully executed protective order signed by me.

4.      I am informed and believe that Doe is another accuser of Plaintiff Trevor Bauer ("Bauer") and that her deposition testimony is highly relevant to Ms. Hill's ongoing action involving Bauer.

5.      Ms. Prescott informed me that it was necessary to retain local counsel in Ohio because Doe is a resident of the Southern District of Ohio and any motion to compel Doe's attendance at deposition must be filed in the district where Doe resides.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

2

6.      On August 25, 2023 I filed the Motion to File Document Under Seal in the District Court for the Southern District of Ohio. The Motion to File Under Seal intentionally did not include the name, address, or any other identifying information about Doe in order to protect Doe's privacy. Attached hereto as **Exhibit B** is a true and correct copy of the Motion to File Under Seal.

7.      On August 28, 2023, United States Magistrate Judge Chelsey M. Vascura issued an Order denying the Motion to File Under Seal. In the order, Judge Vascura explained that due to the standard regarding motions to seal set forth by the Sixth Circuit, the Motion to File Under seal failed to meet the standard. Specifically, the court disfavors applications to file under seal and generally only grants applications in limited circumstances involving minors or victims of sex trafficking. A true and correct copy of the Court's Order is attached hereto as **Exhibit C**.

8.      Because the Motion to File Under Seal was denied, the Motion for Contempt will need to be filed in an unredacted form with the full name of Jane Doe. I have been informed by Ms. Prescott that an ex parte application seeking an order allowing for the Motion for Contempt to be filed in unredacted form is currently pending before the Court.

9.      As of the filing of this Declaration, I have not filed the Motion for Contempt pending the outcome of the *ex parte* and out of a desire to protect the privacy of Doe.

I declare under penalty of perjury under the laws of the State of California and the State of Ohio that the foregoing is true and correct.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1940609-1 MER-5137

DECLARATION OF JOSEPH GERLING

Executed on September 7, 2023, at Columbus, Ohio.

/s/Joseph Gerling
Joseph Gerling

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _Joseph A. Gerling_ [**full name**], of _Weston Hord LLP_
_101 E. Town Street, Ste 500_
_Columbus, Ohio 43215_
[**full address**], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on [date] in the case of

_Bauer v. Hill   8:22-cv-00868JVS-ADS_
_____ [**insert case name and number**]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

        I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _Wesierski & Zurek LLP_ [**full

name**] of _29 Orchard Road, Lake Forest, CA 92630_ [**full address and

telephone number**] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _August 23, 2023_

City and State where signed: _Columbus, Ohio_

Printed name: _Joseph A. Gerling_

Signature: _Joseph A. Gerling_

18

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

TREVOR BAUER,

                    Plaintiff,

        v.

LINDSEY C. HILL and NIRANJAN
FRED THIAGARAJAH,

                    Defendants.

Case No. 8:22-cv-00868-JVS-ADS
Assigned for all purposes to the Hon.
James V. Selna

**AMENDED STIPULATED
PROTECTIVE ORDER**

**\*\*NOTE CHANGES MADE BY THE COURT**

1.    INTRODUCTION

      1.1    PURPOSES AND LIMITATIONS

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in

1    Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

2    confidential information under seal. Civil Local Rule 79-5 sets forth the procedures

3    that must be followed and the standards that will be applied when a party seeks

4    permission from the court to file material under seal.

5         1.2   <u>GOOD CAUSE STATEMENT</u>

6         The Parties agree that good cause exists for the entry of this pretrial protective

7    order. Discovery may involve the production of parties' and non-parties' personal

8    and/or sensitive information, financial records, personal communications and contact

9    information, health records, and other records kept confidential for law enforcement

10   investigatory purposes.

11   2.   <u>DEFINITIONS</u>

12        2.1   <u>Action</u>: This pending federal lawsuit, *Bauer v. Hill and Thiagarajah*,

13   Case No. 22-cv-00868.

14        2.2   <u>Challenging Party</u>: A Party or Non-Party that challenges the designation

15   of information or items under this Order.

16        <u>2.3</u>   <u>Confidential</u>: Personal, sensitive, and/or non-public information which

17   is in the possession of a Designating Party and (a) visually depicts (i.e., photographs,

18   images, or videos) sexual acts or explicit nudity (i.e., naked breasts, buttocks, or

19   genitalia); (b) includes communications between a Party and any non-party that is

20   sexual in nature; (c) includes protected medical information; (d) private financial

21   information; (e) personally identifiable information, such as addresses and social

22   security numbers; (f) may violate a Party's or Non-Party's right to privacy; (g) is

23   subject to the official information privilege under applicable law, including, but not

24   limited to, <u>California Evidence Code Section 1040</u>, *Kelly v. City of San Jose*, <u>114</u>

25   <u>F.R.D. 653</u> (N.D. Cal. 1987), and/or *Soto v. City of Concord*, <u>162 F.R.D. 603, 613</u>

26   (N.D. Cal. 1995); and/or (h) qualifies for protection under <u>Federal Rule of Civil</u>

27   <u>Procedure 26(c)</u> or other applicable legal requirements.

28

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party: Any party to this Action, including all of its agents, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)

2  and their employees and subcontractors.

3      2.14  <u>Protected Material</u>: Any Disclosure or Discovery Material that is

4  designated as "CONFIDENTIAL."

5  2.15  <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from

6  a Producing Party.

7  3.    <u>SCOPE</u>

8      The protections conferred by this Stipulation and Order cover not only

9  Protected Material (as defined above), but also (1) any information copied or extracted

10  from Protected Material; (2) all copies, excerpts, summaries, or compilations of

11  Protected Material; and (3) any testimony, conversations, or presentations by Parties

12  or their Counsel that might reveal Protected Material.

13      Any use of Protected Material at trial will be governed by the orders of the trial

14  judge.  This Order does not govern the use of Protected Material at trial.

15  4.    <u>DURATION</u>

16      Once a case proceeds to trial, all Protected Materials that are actually used at

17  trial become public and will be presumptively available to all members of the public,

18  including the press, unless compelling reasons supported by specific factual findings

19  to proceed otherwise are made to the trial judge in advance of the trial.  See <u>Kamakana</u>

20  <u>v. City and County of Honolulu</u>, <u>447 F.3d 1172, 1180-81</u> (9th Ci<u>r. 2006</u>)

21  (distinguishing "good cause" showing for sealing documents produced in discovery

22  from "compelling reasons" standard when merits-related documents are part of court

23  record).  Any Party or non-party may seek to seal any Protected Material that is going

24  to be used at trial pursuant to Civil Local Rule 79-5.  Protected Materials that are not

25  actually used at trial or are not otherwise filed in the public casefile in this Action (i.e.

26  through stipulation or denial of a sealing application), shall not become public and

27  will not be presumptively available to all members of the public.  Even after final

28  disposition of this litigation, the confidentiality obligations imposed by this Order

1    shall remain in effect until a Designating Party agrees otherwise in writing or a court

2    order otherwise directs. Final disposition shall be deemed to be the later of (1)

3    dismissal of all claims and defenses in this Action, with or without prejudice; and (2)

4    final judgment herein after the completion and exhaustion of all appeals, rehearings,

5    remands, trials, or reviews of this Action, including the time limits for filing any

6    motions or applications for extension of time pursuant to applicable law.

7    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

8        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

9    Each Party or Non-Party that designates information or items for protection under this

10    Order must take care to limit any such designation to specific material that qualifies

11    under the appropriate standards.  The Designating Party must designate for protection

12    only those parts of material, documents, items, or oral or written communications that

13    qualify so that other portions of the material, documents, items, or communications

14    for which protection is not warranted are not swept unjustifiably within the ambit of

15    this Order.

16        Mass, indiscriminate, or routinized designations are prohibited.  Designations

17    that are shown to be clearly unjustified or that have been made for an improper

18    purpose (e.g., to unnecessarily encumber the case development process or to impose

19    unnecessary expenses and burdens on other parties) may expose the Designating Party

20    to sanctions.

21        If it comes to a Designating Party's attention that information or items that it

22    designated for protection do not qualify for protection, that Designating Party must

23    promptly notify all other Parties that it is withdrawing the inapplicable designation.

24        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

25    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

26    stipulated or ordered, Disclosure of Discovery Material that qualifies for protection

27    under this Stipulated Protective Order must be clearly so designated before the

28    material is disclosed or produced.

1    Designation in conformity with this Order requires:

2    (a) for information in documentary form (e.g., paper or electronic documents,

3    but excluding transcripts of depositions or other pretrial or trial proceedings), that the

4    Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

5    "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

6    portion or portions of the material on a page qualifies for protection, the Producing

7    Party also must clearly identify the protected portion(s) (e.g., by making appropriate

8    markings in the margins).

9    A Party or Non-Party that makes original documents available for inspection

10    need not designate them for protection until after the inspecting Party has indicated

11    which documents it would like copied and produced. During the inspection and before

12    the designation, all of the material made available for inspection will be deemed

13    "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

14    copied and produced, the Producing Party must determine which documents, or

15    portions thereof, qualify for protection under this Order. Then, before producing the

16    specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

17    to each page that contains Protected Material.  If only a portion or portions of the

18    material on a page qualifies for protection, the Producing Party also must clearly

19    identify the protected portion(s) (e.g., by making appropriate markings in the

20    margins).

21    (b) for testimony given in depositions that the Designating Party identify the

22    Disclosure or Discovery Material on the record, before the close of the deposition all

23    protected testimony.

24    (c) for information produced in some form other than documentary and for any

25    other tangible items, that the Producing Party affix in a prominent place on the exterior

26    of the container or containers in which the information is stored the legend

27    "CONFIDENTIAL."   If only a portion or portions of the information warrants

28

1   protection, the Producing Party, to the extent practicable, will identify the protected
2   portion(s).

3       5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
4   failure to designate qualified information or items does not, standing alone, waive the
5   Designating Party's right to secure protection under this Order for such material.
6   Upon timely correction of a designation, the Receiving Party must make reasonable
7   efforts to assure that the material is treated in accordance with the provisions of this
8   Order.

9   <u>6</u>.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

10       6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a
11   designation of confidentiality at any time that is consistent with the applicable
12   scheduling order in this Action.

13       6.2   <u>Meet and Confer</u>.   The Challenging Party will initiate the dispute
14   resolution process under Local Rule 37-1 et seq.  Prior to bringing a motion under
15   Local Rule 37-2, the Challenging Party shall seek informal discovery dispute
16   resolution available from the Court (including, but not limited to, an informal
17   discovery conference from the assigned Magistrate Judge), unless time is of the
18   essence.

19       6.3   The burden of persuasion in any such challenge proceeding will be on
20   the Designating Party. Frivolous challenges, and those made for an improper purpose
21   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
22   expose the Challenging Party to sanctions. Unless the Designating Party has waived
23   or withdrawn the confidentiality designation, all parties will continue to afford the
24   material in question the level of protection to which it is entitled under the Producing
25   Party's designation until the Court rules on the challenge.

26   7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

27       7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
28   disclosed or produced by another Party or by a Non-Party in connection with this

7

1   Action only for prosecuting, defending, or attempting to settle the Action.   Such

2   Protected Material may be disclosed only to the categories of persons and under the

3   conditions described in this Order. When the Action has been terminated, a Receiving

4   Party must comply with the applicable provisions of this Stipulated Protective Order.

5     Protected Material must be stored and maintained by a Receiving Party at a

6   location and in a secure manner that ensures that access is limited to the persons

7   authorized under this Order.

8     7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless

9   otherwise ordered by the court or permitted in writing by the Designating Party, a

10   Receiving Party may disclose any information or item designated

11   "CONFIDENTIAL" only to:

12      (a) the Receiving Party;

13      (b) the Receiving Party's Outside Counsel of Record in this Action, as well

14   as employees of said Outside Counsel of Record to whom it is reasonably necessary

15   to disclose the information for this Action;

16      (c) the agents, employees, officers, directors, interpreters, translators, and

17   insurance claims handlers (including House Counsel) of the Receiving Party to whom

18   disclosure is reasonably necessary for this Action and who have signed the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20      (d) Experts (as defined in this Order) of the Receiving Party to whom

21   disclosure is reasonably necessary for this Action and who have signed the

22   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23      (e) the Court and its personnel;

24      (f) court reporters and their staff;

25      (g) professional jury or trial consultants, mock jurors, and Professional

26   Vendors to whom disclosure is reasonably necessary for this Action and who have

27   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.   Such notification will include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action

1    as "CONFIDENTIAL" before a determination by the court from which the subpoena

2    or order issued, unless the Party has obtained the Designating Party's permission. The

3    Designating Party will bear the burden and expense of seeking protection in that court

4    of its confidential material and nothing in these provisions should be construed as

5    authorizing or encouraging a Receiving Party in this Action to disobey a lawful

6    directive from another court.

7    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

8    PRODUCED IN THIS LITIGATION

9         (a)   The terms of this Order are applicable to information produced by a

10   Non-Party in this Action and designated as "CONFIDENTIAL." Such information

11   produced by Non-Parties in connection with this litigation is protected by the

12   remedies and relief provided by this Order. Nothing in these provisions should be

13   construed as prohibiting a Non-Party from seeking additional protections.

14        (b)   In the event that a Party is required, by a valid discovery request, to

15   produce a Non-Party's confidential information in its possession, and the Party is

16   subject to an agreement with the Non-Party not to produce the Non-Party's

17   confidential information, then the Party will:

18        (1)   promptly notify in writing the Requesting Party and the Non-Party

19   that some or all of the information requested is subject to a confidentiality agreement

20   with a Non-Party;

21        (2)   promptly provide the Non-Party with a copy of the Stipulated

22   Protective Order in this Action, the relevant discovery request(s), and a reasonably

23   specific description of the information requested; and

24        (3)   make the information requested available for inspection by the Non-

25   Party, if requested.

26        (c)   If the Non-Party fails to seek a protective order from this court within

27   14 days of receiving the notice and accompanying information, the Receiving Party

28   may produce the Non-Party's confidential information responsive to the discovery

10

request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

1    12.    MISCELLANEOUS

2        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

5    Protective Order no Party waives any right it otherwise would have to object to

6    disclosing or producing any information or item on any ground not addressed in this

7    Stipulated Protective Order. Similarly, no Party waives any right to object on any

8    ground to use in evidence of any of the material covered by this Protective Order.

9        12.3   Filing Protected Material.  A Party that seeks to file under seal any

10   Protected Material must comply with Civil Local Rule 79-5. Protected Material may

11   only be filed under seal pursuant to a court order authorizing the sealing of the specific

12   Protected Material at issue.  If a Party's request to file Protected Material under seal

13   is denied by the court, then the Receiving Party may file the information in the public

14   record  unless otherwise instructed by the court.

15   13.    FINAL DISPOSITION

16        After the final disposition of this Action, as defined in paragraph 4, within 60

17   days of a written request by the Designating Party, each Receiving Party must return

18   all Protected Material to the Producing Party or destroy such material.  As used in this

19   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

20   summaries, and any other format reproducing or capturing any of the Protected

21   Material.  Whether the Protected Material is returned or destroyed, the Receiving

22   Party must submit a written certification to the Producing Party (and, if not the same

23   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

24   (by category, where appropriate) all the Protected Material that was returned or

25   destroyed and (2) affirms that the Receiving Party has not retained any copies,

26   abstracts, compilations, summaries or any other format reproducing or capturing any

27   of the Protected Material. Notwithstanding this provision, Counsel are entitled to

28   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

12

1  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
2  reports, attorney work product, and consultant and expert work product, even if such
3  materials contain Protected Material. Any such archival copies that contain or
4  constitute Protected Material remain subject to this Protective Order as set forth in
5  Section 4 (DURATION).

6      14.    Any willful violation of this Stipulated Protective Order may be
7  punished by civil or criminal contempt proceedings, financial or evidentiary
8  sanctions, reference to disciplinary authorities, or other appropriate action at the
9  discretion of the Court.

13

1

2  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4  DATED: December 6, 2022          /s/ *Blair G. Brown*

5

6                                  Blair G. Brown (admitted *pro hac vice*)
                                   Jon R. Fetterolf (admitted *pro hac vice*)
7                                  ZUCKERMAN SPAEDER LLP
                                   1800 M Street, N.W., Suite 1000
8                                  Washington, D.C. 20036
                                   Tel: (202) 778-1800
9                                  Fax: (202) 882-8106
                                   bbrown@zuckerman.com
10                                 jfetterolf@zuckerman.com

11                                 Nell Peyser (admitted *pro hac vice*)
                                   ZUCKERMAN SPAEDER LLP
12                                 485 Madison Avenue, 10th Floor
                                   New York, NY 10022
13                                 (212) 704-9600
                                   npeyser@zuckerman.com

14                                 Shawn Holley (Cal. Bar No. 136811)
                                   Suann C. MacIsaac (Cal Bar No. 205659)
15                                 KINSELA   WEITZMAN   ISER   KUMP
                                   HOLLEY LLP
16                                 808 Wilshire Boulevard., 3rd Floor
                                   Santa Monica, CA 90401
17                                 Tel: (310) 566-9800
                                   Fax: (310) 566-9873
18                                 sholley@kwikhlaw.com
                                   smacisaac@kwikhlaw.com
19
20                                 *Attorneys for Plaintiff Trevor Bauer*

21

22                                 WESIERSKI & ZUREK LLP

23                                  /s/  *Michelle R. Prescott*

24
                                   Christopher P. Wesierski (Bar No. 086736)
25                                 Michelle R. Prescott (Bar No. 262638)
                                   Eileen Spadoni (Bar No. 133259)
26                                 Brett A. Smith (Bar No. 322707)
                                   29 Orchard Road
27
                                   Lake Forest, CA 92630
28

                                   14

Case 8:22-cv-00868-JVS-ADS   Document 190-2   Filed 09/11/23   Page 21 of 30   Page ID
#:5758
Case 8:22-cv-00868-JVS-ADS   Document 78   Filed 12/07/22   Page 15 of 18   Page ID #:2133

Tel: (949) 975-1000
Fax: (949) 756-0517
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

FREEDMAN + TAITELMAN, LLP


  _/s/ Jesse A. Kaplan_____


Bryan J. Freedman (Bar No. 151990)
Jesse A. Kaplan (Bar No. 197662)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Fax: (310) 201-0045
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant
Lindsey C. Hill*

15

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(2)(i), I hereby attest that all other signatories on behalf of whom this filing is submitted concur in the filing's content and have authorized the filing.

Dated: December 6, 2022                    /s/ Nell Z. Peyser
                                           Nell Z. Peyser

16

Case 8:22-cv-00868-JVS-ADS   Document 190-2   Filed 09/11/23   Page 23 of 30   Page ID
#:5760
Case 8:22-cv-00868-JVS-ADS   Document 78   Filed 12/07/22   Page 17 of 18   Page ID #:2135

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4   DATED:   12/07/2022                          /s/ Autumn D. Spaeth
                                              HON. AUTUMN D. SPAETH
5                                             United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TREVOR BAUER | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | **MOTION FOR LEAVE TO FILE** |
| LINDSEY C HILL. et al. | ) | **MOTION AND EXHIBITS UNDER SEAL** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **ARISING FROM CIVIL ACTION** |
| | ) | **NO. 8:22-CV-00868 IN THE** |
| LINDSEY C. HILL, | ) | **UNITED STATES DISTRICT COURT,** |
| | ) | **CENTRAL DISTRICT OF CALIFORNIA,** |
| Counterclaim Plaintiff, | ) | **SOUTHERN DIVISION** |
| | ) | |
| vs. | ) | |
| | ) | |
| TREVOR BAUER, | ) | |
| | ) | |
| Counterclaim Defendant | ) | |
| | ) | |

Now comes Defendant/Counterclaim Plaintiff Lindsey C. Hill, by and through counsel, and respectfully moves this Court for an Order granting leave to file under seal her forthcoming Motion for an Order of Contempt for Failure to Appear for Deposition ("Contempt Motion") as well as the Exhibits attached to said motion.

The reason for the request to file the Contempt Motion and attached Exhibits under seal is that the motion and documents contain extremely sensitive and private information about the deponent who is not a party to this case but is a third party believed to have relevant information. Due to the fact that the Plaintiff in this case is very well known, there has been significant media interest in this case. Filing the Motion and Exhibits under seal would serve to protect the privacy

1

of the non-party deponent and to avoid causing her any unnecessary stress.   The motion and exhibits will be presented to the clerk's office as required by Loc.R. 79.3.

For the foregoing reasons, Defendant/Counterclaim Plaintiff respectfully requests an order granting leave to file under seal her forthcoming Contempt Motion as well as the exhibits attached thereto.

Respectfully submitted,

*/s/ Joseph A. Gerling*
Joseph A. Gerling (0022054)
David Patterson (0007454)
WESTON HURD LLP
101 East Town Street, Suite 500
Columbus, OH 43215
614.280.0200 (p)
614.280.0204 (f)
jgerling@westonhurd.com
dpatterson@westonhurd.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court system.

*/s/ Joseph A. Gerling*
Joseph A. Gerling (0022054)

2

# EXHIBIT C

Case 8:22-cv-00868-JVS-ADS    Document 190-2    Filed 09/11/23    Page 28 of 30    Page ID
#:5765
Case: 2:23-mc-00029-MHW-CMV Doc #: 2 Filed: 08/28/23 Page: 1 of 3  PAGEID #: 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TREVOR BAUER,**

        **Plaintiff,**

  **v.**                                **Civil Action 2:23-mc-29**
                                        **Judge Michael H. Watson**
                                        **Magistrate Judge Chelsey M. Vascura**

**LINDSEY C. HILL,**

        **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion for Leave to File Motion and Exhibits Under Seal (ECF No. 1). Defendant seeks to file under seal her forthcoming Motion for an Order of Contempt for Failure to Appear for Deposition and Exhibits attached to the motion. (*Id.*) Defendant asserts that the motion and documents contain "extremely sensitive and private information about the deponent who is not a party to this case but is a third party believed to have relevant information." (*Id.*) For the reasons that follow, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide

compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendant's Motion fails to meet the high standard set forth by the Sixth Circuit. Defendant fails to set forth compelling reasons justifying the sealing of documents, asserting only that the motion and documents contain "extremely sensitive and private information." (ECF No. 1.) Thus, Defendant failed to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc.*, 297 F.3d, at 548). Further, such a conclusory statement prevents this Court from making any findings or conclusions which could justify preventing public access to the record. *See Rudd Equip. Co., Inc.*, 834 F.3d at 594.

For the foregoing reasons, Defendant's Motion (ECF No. 1) is **DENIED WITHOUT PREJUDICE** to Defendant filing a properly supported motion. Defendant must file any motion to file the motion and documents in question under seal **WITHIN SEVEN DAYS** of the date of this Order. Defendant is cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE