Shawn C. Holley, Esq.
Kate E. Mangels, Esq.
Suann MacIssac, Esq.
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Blvd, Suite 750
Los Angeles, CA 90025
Phone: 310-566-9800
Fax: 310-566-9850
E-Mail: sholley@khiks.com; kmangels@khiks.com  smacisaac@khiks.com

Blair G. Brown, Esq.
Jon R. Fetterolf, Esq.
Nell Peyser, Esq.
ZUCKERMAN SPAEDER LLP
1800 M. Street, N. W. Suite 1000
Washington, D.C 20036
Phone: 202-778-1800
Fax: 202-882-8106
E-Mail: bbrown@zuckerman.com; jfetterolf@zuckerman.com
npeyser@zuckerman.com

Attorneys for Plaintiff/Counter-Defendant Trevor Bauer

Christopher P. Wesierski [Bar No. 086736]
  cwesierski@wzllp.com
Michelle R. Prescott [Bar No. 262638]
  mprescott@wzllp.com
Eileen Spadoni [Bar No. 133259]
  espadoni@wzllp.com
Brett A. Smith [Bar No. 322707]
  bsmith@wzllp.com
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Bryan J. Freedman, Esq. (SBN: 151990)
  bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN: 255059)
  jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant and Counterclaimant
Lindsey C. Hill

DISCOVERY MATTER: JOINT STIPULATION REGARDING BAUER'S MOTION TO COMPEL MENTAL EXAMINATION OF HILL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LINDSEY C. HILL AND NIRANJAN FRED THIAGARAJAH,<br><br>　　　　Defendant.<br><br>LINDSEY C. HILL,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>TREVOR BAUER,<br><br>　　　　Counter-defendant. | Case No. 8:22-cv-00868 JVS (ADSx)<br><br>Assigned to: Judge James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**DISCOVERY MATTER: JOINT STIPULATION REGARDING BAUER'S MOTION TO COMPEL FRCP RULE 35 MENTAL EXAMINATION OF HILL**<br><br>[Notice of Motion For a Mental Health Examination; and Declarations of Blair G. Brown and Jesse Kaplan filed concurrently]<br><br>Date: October 11, 2023<br>Time: 10:00 a.m.<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom:　　6B<br><br>Action Filed: April 25, 2022<br>Discovery Deadline: September 1, 2023<br>Pretrial Conference: January 22, 2024<br>Trial Date: February 13, 2024<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

# TABLE OF CONTENTS

I.  BAUER'S INTRODUCTORY STATEMENT ................................................... 1

II. HILL'S INTRODUCTORY STATEMENT ...................................................... 3

III. BAUER'S POSITION ........................................................................................ 3

    A.   Background of The Mental And Emotional Distress Damages Hill Seeks. ... 3

    B.   Legal Standard. ............................................................................................ 5

    C.   Hill's Mental Health Condition is "In Controversy." .................................. 7

    D.   Good Cause Exists For An IME. .................................................................. 8

    E.   The Request is Timely ................................................................................. 9

HILL'S POSITION ..................................................................................................... 10

i

DISCOVERY MATTER: JOINT STIPULATION REGARDING BAUER'S MOTION TO COMPEL MENTAL EXAMINATION OF HILL

# JOINT STIPULATION REGARDING PLAINTIFF AND COUNTERDEFENDANT BAUER'S MOTION TO COMPEL A MENTAL HEALTH EXAMINATION OF DEFENDANT/COUNTER-CLAIMANT LINDSEY HILL

Pursuant to Local Rule 37-2, plaintiff/counter-defendant Trevor Bauer and defendant/counter-claimant Lindsey Hill submit this Joint Stipulation (the "Joint Stipulation") relating to Bauer's Motion to Compel a Mental Health Examination of Hill. On August 30, 2023, Bauer's counsel sent Hill's counsel an email correspondence stating Bauer's intention to bring this motion. Declaration of Blair G. Brown ("Brown Decl."), Ex. A. Counsel for the parties briefly spoke by phone several hours later. During that call, counsel for Ms. Hill told Bauer's counsel that: (a) Bauer's request for a meet and confer did not contain adequate information as required by L.R. 37-1; and (b) Ms. Hill's counsel was not available at that time. The parties are continuing the meet and confer process. *Id*. As of the date of this filing, the parties have been unable to reach agreement with respect to the discovery dispute at issue.[1]

## I. BAUER'S INTRODUCTORY STATEMENT

Counter-claimant Hill should be compelled to submit to a Rule 35 Mental Examination (hereinafter "IME") as she has placed certain specific mental and emotional distress conditions in controversy in this case, including but not limited to depression, anxiety, and alcohol use disorder. Upon a showing of "good cause," a court may order a party "whose mental . . . condition is in controversy" to submit to a "mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Hill's allegations in her counterclaim and the damages she seeks, as well as her expected disclosure of an expert witness to opine on her mental condition, have

---

[1] Courts in this Circuit have held that IME requests need not be lodged before the close of fact discovery. *See supra* Section III.E. However, Bauer brings this motion now out of an abundance of caution due to the Court's order requiring discovery motions to be filed within ten days of the close of discovery. Dkt No. 43 at 3.

1

placed Hill's mental health squarely at issue in this case.

In Hill's amended initial disclosures, she discloses that she is seeking damages for: "severe mental and emotional distress, depression, fear, humiliation/embarrassment and anxiety," as well as "struggles with her sobriety." Brown Decl., Ex. B at 9. Hill's interrogatory responses also provide exacting detail on the emotional distress damages she seeks, stating among other things that: "Hill experienced various symptoms which became prominent after the batteries/sexual batteries and increased over time. These symptoms have continued through the present. Hill has suffered from anxiety, felt depressed, humiliated, embarrassed, unmotivated, exhausted, tired/fatigued, irritable, alone and isolated, detached and disconnected from the world, worthless, uncertain, emotionally numb and had difficulty concentrating and processing." Brown Decl., Ex. C at 3-4. While Hill's expert disclosures had not yet come due at the time Bauer served his portion of this stipulation, Bauer strongly suspects that Hill will disclose an expert who will opine on the mental health conditions she has placed at issue and apply DSM-5 diagnoses to Hill's alleged past and current symptoms.

Given the nature of Hill's claimed emotional distress damages, there is no doubt that she has placed her mental condition in controversy such that a Rule 35 examination is easily warranted.

To conduct the mental health examination of Hill, Bauer has retained Dr. Janine S. Shelby, Ph.D. Dr. Shelby has been a licensed psychologist since 1997. She received her B.A. from Samford University in 1987 and her doctorate from University of Miami in 1994. Dr. Shelby completed an internship at St. John's Hospital in Santa Monica, California and a post-doctoral fellowship at the Harbor-UCLA Medical Center in Torrance, California. Dr. Shelby is a clinical supervisor at the CSULB Foundation Trauma Recovery Center in Long Beach, California and is a volunteer associate clinical professor at the University of California at Los Angeles Geffen School of Medicine Department of Psychiatry. A copy of Dr. Shelby's Curriculum

Vitae is attached as Exhibit B to the Declaration of Blair G. Brown. Bauer requests that Hill appear at the office of Dr. Shelby on a mutually agreeable date prior to the deadline for rebuttal expert disclosures.[2] The examination will last up to 8 hours and will constitute a comprehensive psychiatric evaluation.

## II. HILL'S INTRODUCTORY STATEMENT

From the moment Hill's counterclaims were filed, it has been abundantly clear that she was alleging significant mental and emotional distress caused by Bauer's violent acts. Hill has elaborated on the nature of her mental and emotional distress repeatedly throughout this litigation, including, without limitation, in her Initial Disclosures and interrogatory responses, which were served on August 22, 2022, and April 13, 2023, respectively. Bauer has been on notice that Hill was placing her mental condition for over a year. Yet, instead of timely requesting a mental examination, Bauer waited until the close of fact discovery and requested a date that would foreclose Hill's opportunity of rebuttal. This is improper and prejudicial. If the Court is inclined to allow Bauer to conduct a mental examination, it should allow Hill ample opportunity to identify and engage a rebuttal expert.

## III. BAUER'S POSITION

### A. Background of The Mental And Emotional Distress Damages Hill Seeks.

On August 9, 2022, Hill filed counterclaims against Bauer, alleging one cause of action for sexual battery and one cause of action for battery. Dkt. 36. In her counterclaim complaint, Hill alleged that as a result of Bauer's alleged actions she "has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety." *Id*. at ¶¶ 44, 47, 54, 58.

---

[2] Bauer requests that Hill appear at Dr. Shelby's office at 222. North Pacific Coast Highway, Suite 2000, El Segundo, California 90245 on October 12, 2023 at 9:00 a.m. The date and time for the examination can be rescheduled, if need be, to accommodate the schedules of Hill and her counsel.

On August 22, 2022, Hill confirmed in her initial disclosures that she seeks damages for "severe mental and emotional distress, depression, fear, humiliation/embarrassment and anxiety," which "had a negative effect on her life." Brown Decl., Ex. E at 8. On February 2, 2023, Bauer served a set of interrogatories on Hill. Interrogatory No. 21 asked Hill to:

> State all facts that support your contention that you suffered 'severe emotional distress, depression, fear, humiliation/embarrassment and anxiety' (Initial Disclosures at 8) as a result of Mr. Bauer's actions alleged in your Allegations.

On April 13, 2023, Hill served her interrogatory responses. Brown Decl., Ex. F. In response to Interrogatory No. 21, Hill stated:

> Hill experienced various symptoms which became prominent after the batteries/sexual batteries and increased over time. ***These symptoms have continued through the present.*** Hill has suffered from anxiety, felt depressed, humiliated, embarrassed, unmotivated, exhausted, tired/fatigued, irritable, alone and isolated, detached and disconnected from the world, worthless, uncertain, emotionally numb and had difficulty concentrating and processing. Sometimes she would feel like she was floating outside her body. She would also sometimes feel scared or easily startled. She would also often feel on guard for danger.
>  Hill had trouble being around others, and avoided other people or doing things that might draw attention to herself. Hill participated less in and had less of an interest in activities such as social or physical activities. Hill would sometimes have difficulty with ordinary tasks. Hill also experienced a loss of appetite and lost weight.
>  Hill would frequently wake up in the night because she was having bad dreams/nightmares about the batteries/sexual batteries. She also had difficulty sleeping and suffered from inconsistent sleep because she would be thinking about and having upsetting, unpleasant, unwanted, distressing and/or terrifying memories of the batteries/sexual batteries while resting or trying to sleep. During the day, she would also frequently have upsetting, unpleasant, unwanted, distressing and/or terrifying thoughts and memories of the batteries/sexual batteries. Hill would sometimes relive the batteries/sexual batteries as if they were happening. Such distressful thoughts and memories would often occur when Hill experienced something that reminds her of the batteries/sexual batteries.

*Id*. at 18-19 (emphasis added).

Hill is a recovering alcoholic. In or around March of 2023, when a video of Hill intoxicated at a concert was posted on the Internet, Bauer's counsel learned that Hill had lost her sobriety. Brown Decl. ¶ 10.

On May 24, 2023, this Court held a hearing on a motion by Hill seeking to quash portions of subpoenas Bauer had served on non-party witnesses regarding Hill's substance use. During that hearing, Your Honor asked Hill's counsel: "Is any portion of her emotional-distress damages that she's seeking related to her substance abuse?" Brown Decl., Ex. E (Tr. at 14:16-18). At that time, Hill's counsel responded: "She's not. And we've made a deliberate decision to limit that in this case." *Id*. at 14:19-20.

However, on August 28, 2023, the eve of Hill's deposition, Hill served amended interrogatory responses and amended initial disclosures where she reversed course. In her amended response to Interrogatory No. 21, Hill added the following language: "Hill is also a recovering alcoholic. Since the batteries/sexual batteries, Hill has had some struggles with her sobriety and has relapsed." Brown Decl., Ex. C at 3-4. In her amended initial disclosures, Hill added in the "Calculation of Damages" section: "Hill is also a recovering alcoholic. Since the batteries/sexual batteries, Hill has had some struggles with her sobriety and has relapsed." Brown Decl., Ex. B at 9. Hill's deposition was taken the following day, on August 29, 2023. At her deposition, she testified in detail regarding her past and ongoing mental distress. Brown Decl., Ex. H.

### B. Legal Standard.

Upon a showing of "good cause" a court may order a party "whose mental . . . condition . . . is in controversy" to submit to a "mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35. In *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964), the Supreme Court set forth standards for compelling a Rule 35 examination, which requires a showing that the party's mental or physical condition is "in controversy" and that there is "good cause" to issue the order.

In determining whether a mental condition is "in controversy," "numerous district courts in the Ninth Circuit have applied the test enunciated by the district court in *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995)." *McMillan v. Valley Rubber & Gasket Co., Inc.*, 2017 WL 3383120, at *13 (E.D. Cal. Aug. 7, 2017). "'[G]arden-variety' emotional distress is not sufficient to alone to place a party's mental state in controversy." *Id*. The "*Turner* test requires the party seeking to compel the mental examination to demonstrate that the party to be examined has claimed emotional distress and the presence of one or more of the following with respect to the proposed examinee: (i) a claim for intentional or negligent infliction of emotional distress, (ii) an allegation of a specific mental or psychiatric injury or disorder caused by the alleged conduct, (iii) a claim of 'unusually severe' emotional distress, (iv) an intent to offer expert testimony regarding the claimed emotional distress, or (v) a concession that the mental condition is 'in controversy' within the meaning of Rule 35(a)." *Id*.

For "good cause" to be established, "the moving party generally must offer specific facts showing the examination is necessary and relevant to the case." *Id*. at *14 (citing *Gavin v. Hilton Worldwide, Inc.*, 291 F. R. D. 164, 165 (N. D. Cal. 2013)); *Ragge v. MCA/Universal Studios*, 165 F. R. D. 605, 609 (C. D. Cal. 1995)). To make that determination, courts consider factors including "the possibility of obtaining desired information by other means, whether plaintiff plans to prove [her] claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." *Id*. (quoting *Gavin*, 291 F.R.D. at 165).

When a party claims an ongoing mental injury "[c]ourts have read *Schlagenhauf* as merging the 'in controversy' and 'good cause' requirements of Rule 35.... By claiming ongoing psychiatric harm caused by the ... defendant, therefore, the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination under *Schlagenhauf*." *Ragge*, 165 F.R.D.

at 609 (quoting *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994)).

### C. Hill's Mental Health Condition is "In Controversy."

Here, there is little doubt that Hill's mental condition is in controversy. Hill has definitively stated in her amended initial disclosures that she seeks damages based on "severe mental and emotional distress" that includes "depression," "anxiety," and her recent "struggles with her sobriety." Brown Decl., Ex. B at 9.  In Hill's amended response to Interrogatory No. 21, she lists with painstaking detail a long list of severe mental and emotional distress conditions that she contends were caused by Bauer, including depression, anxiety, humiliation, and a relapse of her alcohol use disorder, among other things. Brown Decl., Ex. F at 3-4. In her interrogatory response, Hill also makes abundantly clear that "[t]hese symptoms have continued through the present." *Id*. And at her deposition, Hill testified in detail about her continuing mental health conditions. Brown Decl., Ex. H.  These disclosures easily constitute "an allegation of an ongoing specific mental or psychiatric injury or disorder caused by the alleged conduct" and also "a concession that the mental condition is 'in controversy.'" *McMillan*, 2017 WL 3383120 at *13. Hill's claims go beyond "garden-variety" emotional distress claims, such as "ordinary feelings of hurt and disappointment." *Ibid*. Moreover, "'garden variety' claims of emotional distress have been distinguished from those claims that involve a psychiatric disorder." *Nguyen v. Qualcomm Inc.*, 2013 WL 3353840, at *5 (S.D. Cal. July 3, 2013). Hill has claimed to suffer from several diagnosable mental health disorders. Depression and anxiety are enumerated mental health disorders in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5). *See* American Psychiatric Association (2013), Depression Checklist, in *Diagnostic and Statistical Manual of Mental Disorders.* (5th ed.); American Psychiatric Association (2022), Anxiety Disorders, in *Diagnostic and Statistical Manual of Mental Disorders.* (5th ed.). The DSM-5 also includes alcohol use disorder as a mental disorder. *See* American Psychiatric Association (2013), Substance-related and Addictive Disorders, in *Diagnostic and*

*Statistical Manual of Mental Disorders* (5th ed). And Hill has contended that she suffered a worsening of these mental disorders due to Bauer. Moreover, while Hill's expert disclosures were not yet due at the time Bauer served his portion of this stipulation, Bauer strongly suspects that Hill will disclose an expert who will opine on the mental health conditions she has placed at issue and apply DSM-5 diagnoses to Hill's alleged past and current symptoms.

### D. Good Cause Exists For An IME.

As Hill has claimed that her mental health symptoms have continued through the present and that recent worsening of her alcohol use disorder was caused by Bauer, those facts alone show that Hill has put her ongoing mental injury "in controversy" and thus satisfy the "good cause" requirement in *Schlagenhauf*." *Ragge*, 165 F.R.D. at 609 (stating that "[w]hen a party claims an ongoing mental injury," the "'in controversy' and 'good cause' requirements of Rule 35" merge).

Bauer meets the other factors for showing good cause as well. The examination is surely necessary and relevant to the case. *McMillan*, 2017 WL 3383120 at *14. Hill seeks emotional distress damages based on her claim that her symptoms of anxiety, depression and other mental health disorders were caused by her encounters with Bauer and have continued to the present. A mental examination of Hill to test that contention is central to Bauer's defense.

Moreover, there are no other means to obtain this desired information. Bauer has received prior mental health records related to Hill through discovery, but Hill stated in her deposition that

. Brown Decl., Ex. H (Hill Dep. Tr. at 62:21-63:13). Therefore, there is no other avenue to obtain information as to Hill's current mental health state, which she alleges is caused by Bauer's conduct. And Hill only disclosed that she has put her alcohol use disorder in controversy four days before the close of fact discovery, leaving no time for Bauer to obtain any discovery from anyone else on this topic in any event.

8

1 | Hill also stated in her deposition that
2 | . Brown Decl.,
Ex. H. Therefore "there is a critical question regarding what portion of [Hill's mental condition] is attributable to [Bauer's] alleged wrongful conduct and what portion is attributable to [Hill's] other life circumstances." *Camacho v. McCarthy*, 2020 WL 2510544, at *6 (C.D. Cal. Mar. 30, 2020). Because certain of Hill's claimed mental health difficulties existed prior to the alleged incident "there is no other available means for Defendant to determine the extent of Plaintiff's injuries attributable to Defendant's alleged wrongful conduct." *Id*. (granting motion to compel Rule 35 examination when plaintiff had symptoms of emotional distress prior to the subject incident).

Furthermore, Bauer expects that Hill will seek to prove her claim at trial through the testimony of her own expert witnesses who will, no doubt, have unfettered access to her. "One of the purposes of Rule 35 is to 'level the playing field' between parties in cases in which a party's physical or mental condition is in issue." *Ragge*, *supra*, 165 F.R.D. at 608.

### E. The Request is Timely

Rule 35 does not specify a deadline for when an IME must be demanded. Rather, it permits the Court to grant a request for an IME whenever a case is "pending." *Silva v. Mercado Food Enter., Inc.*, 2012 WL 174926, at *5 (E.D. Cal. Jan. 20, 2012). "[C]ourts have permitted parties to conduct Rule 35 examinations even when the request for the examination is made at or after the close of fact discovery." *Mailhoit v. Home Depot U.S.A., Inc.*, 2013 WL 12122580, at *5 (C.D. Cal. Jan. 24, 2013). In fact, courts have held that it is not unreasonable to wait until expert reports are received, noting that "[t]o require that a party bring any motion for a Rule 35 examination before the close of fact discovery may result in defendants seeking more examinations than necessary in order to avoid being foreclosed." *Id*. at *4 (citing *Walti v. Toys R Us*, 2011 WL 3876907 at *6 (N.D. Ill. Aug. 31, 2011)).

Here, Bauer brings his motion to compel an IME prior to the close of fact discovery. The parties have had one meet and confer on August 30, and are continuing to engage in discussions. However, Judge Selna's rules require that all discovery motions be filed no later than ten (10) days after the discovery cut-off date. Dkt. No. 43 at 3. As the discovery cut-off is September 1, 2023, the last day to file discovery motions is September 11, 2023. Thus, Bauer had no choice but to bring this motion now, so that it could be filed with this Court in a timely manner, on or before September 11, 2023.[3]

The timing of Bauer's motion leaves sufficient time for the IME to be accommodated within the current case deadlines. *See McCray v. Westrock Servs., LLC* 2023 WL 4681372, at *1 (C.D. Cal. May 5, 2023) (finding a request to be timely when there is sufficient time to take the IME before the deadline for rebuttal expert reports and time to depose the examiner before the expert discovery cut-off).

**HILL'S POSITION**

Bauer seeks a mental examination of Hill pursuant to Federal Rule of Civil Procedure 35. If good cause is demonstrated, the Court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1); *Ford v. Contra Costa County,* 179 F.R.D. 579 (N.D.Cal.1998) ("It is well established that a party seeking to compel the psychiatric evaluation of an adverse party must demonstrate that (1) the adverse party's mental condition is in controversy and (2) there is good cause for the examination."). The moving party bears the burden of establishing the "in controversy" and "good cause" requirements. *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964).

Hill does not contest that her mental condition is at issue in this litigation. On

---

[3] Bauer did this out of an abundance of caution to ensure compliance with this Court's rules. As stated above, however, courts in this Circuit have held that IME requests may be brought after the close of fact discovery.

10

DISCOVERY MATTER: JOINT STIPULATION REGARDING BAUER'S MOTION TO COMPEL MENTAL EXAMINATION OF HILL

the contrary, Hill has accused Bauer of violent sexual batteries that involved choking Hill to unconsciousness with her own hair and closed-fist punches to the genitals, face, and head. *See e.g.* Dkt. 36, ¶¶ 16, 26. These events have admittedly caused Hill severe emotional distress. *See id.* at ¶¶ 44, 47, 54, 58.

But the time for any such examination has passed. Bauer has proposed an examination on the deadline for rebuttal disclosure of experts, namely October 13, 2023. Hill would be severely prejudiced if examined without the opportunity to respond. Contrary to Bauer's erroneous assumption, Hill had not retained an expert witness to testify about her mental condition. *See* Kaplan Decl. ¶ 6. In light of Bauer's last-minute request for a mental examination, however, Hill is attempting to identify and engage one for the purposes of rebuttal. *See id.*

Bauer's attempt to schedule a mental examination on the deadline for rebuttal disclosure seems designed to foreclose the opportunity for Hill to respond. This is especially inappropriate in the context of a deeply invasive examination of a litigant's mental infirmities. Bauer had all of the information needed to request a mental examination for over a year and since at least April 13, 2023—**nearly six months ago**—when Hill served responses to Bauer's interrogatories. Moreover, Hill has been open about the impact of Bauer's violent assault on her mental condition since filing her counterclaims on August 8, 2022. *See* Dkt. 36. Shortly thereafter, Hill filed Initial Disclosures in which she stated her intention to seek damages for severe mental and emotional distress. *See* Kaplan Decl. ¶ 2, Ex A.

On February 2, 2022, Bauer served interrogatories, including Interrogatory No. 21, which asked Hill to:

> State all facts that support your contention that you suffered 'severe emotional distress, depression, fear, humiliation/embarrassment and anxiety' (Initial Disclosures at 8) as a result of Mr. Bauer's actions alleged in your Allegations.

*See* Brown Decl. ¶ 7, Ex. F at 18. As Bauer acknowledges in his motion, Hill laid out in exacting detail the nature of her mental and emotional distress in her April 13, 2023

response to Interrogatory No. 21 in which she stated:

> Hill experienced various symptoms which became prominent after the batteries/sexual batteries and increased over time. These symptoms have continued through the present. Hill has suffered from anxiety, felt depressed, humiliated, embarrassed, unmotivated, exhausted, tired/fatigued, irritable, alone and isolated, detached and disconnected from the world, worthless, uncertain, emotionally numb and had difficulty concentrating and processing. Sometimes she would feel like she was floating outside her body. She would also sometimes feel scared or easily startled. She would also often feel on guard for danger.
>
> Hill had trouble being around others, and avoided other people or doing things that might draw attention to herself. Hill participated less in and had less of an interest in activities such as social or physical activities. Hill would sometimes have difficulty with ordinary tasks. Hill also experienced a loss of appetite and lost weight.
>
> Hill would frequently wake up in the night because she was having bad dreams/nightmares about the batteries/sexual batteries. She also had difficulty sleeping and suffered from inconsistent sleep because she would be thinking about and having upsetting, unpleasant, unwanted, distressing and/or terrifying memories of the batteries/sexual batteries while resting or trying to sleep. During the day, she would also frequently have upsetting, unpleasant, unwanted, distressing and/or terrifying thoughts and memories of the batteries/sexual batteries. Hill would sometimes relive the batteries/sexual batteries as if they were happening. Such distressful thoughts and memories would often occur when Hill experienced something that reminds her of the batteries/sexual batteries.

*See* Brown Decl. ¶ 7, Ex. F at 18-19. That was nearly **six months ago**, and Bauer has waited all this time to move for a mental examination. There is no excuse for this delay.

All of these disclosures constituted ample notice to Bauer that Hill was placing her mental condition at issue. Yet Bauer sat on his hands until the close of fact discovery on September 1, 2023, proposing an examination date that forecloses the right of rebuttal. *See* Dkt. 101. The Court should deny Bauer's motion as untimely and prejudicial.

Bauer's repeated references to Hill's amendment of her Initial Disclosures and Supplemental Response to Interrogatory No. 21 are misleading at best. In Hill's Initial

Disclosures dated August 22, 2022, she disclosed that she "suffered from severe mental and emotional distress, depression, fear, humiliation/embarrassment and anxiety. That had a negative effect on her life." *See* Kaplan Decl. ¶ 2, Ex. A at 8:18-19. In her Amended Initial Disclosures, Hill made the same disclosure with the addition of the following: "Hill is also a recovering alcoholic. Since the batteries/sexual batteries, Hill has had some struggles with her sobriety and has relapsed." *See* Kaplan Decl. ¶ 3, Ex. B at 9:8-10. These disclosures are functionally the same with the addition of Hill's relapse in the latter. Bauer cannot credibly claim that Hill's mental condition has only been at issue since the amendment of her Initial Disclosures. The same is true of Hill's Supplemental Response to Interrogatory No. 21, which is the same as her original response with the addition of the following: "Hill is also a recovering alcohol. Since the batteries/sexual batteries, Hill has had some struggles with her sobriety and has relapsed." Brown Decl. ¶ 4, Ex. C at 4:20-21. Again, Bauer cannot credibly claim he was not aware Hill was putting her mental condition at issue until being served with this supplemental interrogatory response.[4]

But if the Court is inclined to allow Bauer to conduct a mental examination of Hill, it should allow Hill ample opportunity to rebut the testimony of Bauer's expert. Hill is currently attempting to engage an expert for this purpose in light of Bauer's request. It would be gravely prejudicial to allow Bauer the opportunity to conduct such a probe without allowing Hill the opportunity to respond. Hill's counsel will meet and confer with Bauer's counsel about an appropriate stipulation to this effect.

---

[4] Even if the Court credits the amendment of Hill's interrogatory responses and initial disclosures as materially altering the nature of Hill's claimed mental and emotional distress, Bauer has been on notice of Hill's relapse since at least July 10, 2023. *See* Kaplan Decl. ¶ 4, Ex. C at ¶ 34. Bauer has also conducted extensive discovery into Hill's alcoholism. *See* Kaplan Decl. ¶ 5. Rather than acting urgently to request a mental examination, Bauer waited until Hill would have little opportunity to identify and engage a rebuttal expert, let alone respond to Bauer's expert.

DATED: September 11, 2023

ZUCKERMAN SPAEDER LLP

By: /s/ Blair G. Brown
BLAIR G. BROWN
JON R. FETTEROLF
NELL PEYSER
Attorneys for Plaintiff/counter-defendant Trevor Bauer

DATED: September 11, 2023

FREEDMAN + TAITELMAN, LLP

By: /s/ Jesse A. Kaplan
Bryan J. Freedman, Esq.
Jesse A. Kaplan, Esq.
Attorneys for Defendant and Counterclaimant Lindsey C. Hill