KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal. Bar No. 205659)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

ZUCKERMAN SPAEDER LLP
Nell Z. Peyser (admitted *pro hac vice*)
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>        Plaintiff,<br><br>    v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>        Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>[Assigned to Hon. James V. Selna<br>Referred to Magistrate Judge Autumn D. Spaeth]<br><br>**DISCOVERY MATTER: PLAINTIFF AND COUNTERCLAIM DEFENDANT TREVOR BAUER'S OPPOSITION TO MOTION FOR RECONSIDERATION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION NO. 93**<br><br>[Declaration of Blair G. Brown filed concurrently] |

Hearing Date: October 11, 2023
Time: 10:00 a.m.
Courtroom: 6B
Action Filed: April 25, 2022

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................... 1

II. BACKGROUND ........................................................................................ 2

    A. The Court's Order Regarding Doe's Arbitration Transcript And Exhibits. ............................................................................................. 2

    B. Hill Is Currently Pursuing Doe's Deposition. ................................... 2

III. THE COURT SHOULD DENY THE MOTION FOR RECONSIDERATION ................................................................................ 5

    A. The Motion For Reconsideration Is Premature. ............................... 5

    B. Hill's Representations Show She Does Not Need Doe's Arbitration Transcripts And Exhibits. ................................................................. 6

IV. CONCLUSION .......................................................................................... 7

## I. INTRODUCTION

The Court should deny Defendant Lindsey Hill's motion for reconsideration regarding the production of Doe's arbitration materials because it is premature. Hill is currently in the process of compelling Doe's deposition in the Southern District of Ohio, as she has filed a motion to hold Doe in contempt unless she complies with the deposition subpoena. Judge Selna recently overruled all objections to Doe's deposition and held that it will proceed. As a result, there is no need to reconsider the Court's prior ruling regarding Doe's arbitration materials.

Although Hill asserts that she "is left with no alternative means of relief" absent production of Doe's arbitration materials, she is mistaken. As this Court recognized in its June 28 order denying Hill's motion to compel responses to Request No. 93, production of Doe's arbitration transcript and exhibits is not warranted if Doe will be deposed. And here, Hill is taking multiple steps to obtain that deposition. She has opened a miscellaneous matter in the Southern District of Ohio for the purpose of compelling Doe's deposition. She first unsuccessfully moved to seal Doe's name in that court. Hill then filed an ex parte application before Judge Selna to disclose Doe's name in Hill's Ohio filings. Judge Selna held the ex parte application in abeyance and told Hill's counsel to refile in Ohio and "advise the Court what the result is" of her motion in Ohio. Judge Selna further stated that he would "grant whatever relief is necessary in terms of the discovery cutoff date" for Doe's deposition to proceed. On September 19, 2023, Hill filed a motion for contempt against Doe in the Southern District of Ohio, in which Hill sought "to hold [Doe] in contempt of this Court until she complies with the Subpoena." Because Hill is in the process of obtaining Doe's deposition, there is no basis to reconsider the Court's June 28, 2023 order regarding Doe's arbitration transcript and exhibits.

## II. BACKGROUND

### A. The Court's Order Regarding Doe's Arbitration Transcript And Exhibits.

Hill's Request for Production No. 93 stated:

> Produce all DOCUMENTS from the Major League Baseball arbitration proceeding concerning YOUR suspension from Major League Baseball, including without limitation, all pleadings, briefs, statements, interviews, transcripts, DOCUMENTS exchanged in that proceeding, and DOCUMENTS produced through discovery in that proceeding.

After Bauer objected to that request, Hill filed a motion to compel. Dkt. 102. On June 28, 2023, the Court denied Hill's motion to compel a response to Request No. 93. The Court found that Request No. 93 "is largely overbroad, and . . . that Ms. Hill has not met her burden of establishing that the requested information is proportional in this case." Declaration of Blair G. Brown Ex. A, Tr. 52:13–16. The Court further explained that the "ruling might be different if we find out that the depositions don't occur." *Id.*, Tr. 52:18–19.

Counsel for Hill then asked whether the ruling was "with or without prejudice to propounding, I guess, new discovery that's more focused on certain documents from the arbitration, such as . . . transcripts." *Id.*, Tr. 53:1–4. The Court stated that "[i]f your discovery cutoff has not passed, you are free to serve any discovery that you think is appropriate, and then we can take up any arguments that may be appropriate, but this request as written, I'm denying the motion to compel." *Id.,* Tr. 53:9–13. Hill did not serve any narrower discovery requests regarding the arbitration materials or Doe.

### B. Hill Is Currently Pursuing Doe's Deposition.

As her motion for reconsideration concedes, Hill is actively in the process of obtaining Doe's deposition. Mot. for Recons. 5 ("Hill had already begun the process of filing a Motion for Contempt in Doe's home.").

On June 28, 2023, the Court allowed Hill to take the deposition of Doe. Hill then waited more than two weeks to serve an amended deposition notice on Doe following the Court's June 28 order. *See* Dkt. 190-1, Ex. B (amended notice dated July 14, 2023). Hill noticed the deposition for August 17, 2023—more than a month after the date of her amended subpoena to Doe. *See id.* Doe did not appear at the deposition on August 17, 2023. Dkt. 190-1 ¶ 11.

On August 25, 2023, Hill filed a "motion for leave to file motion and exhibits under seal" in the Southern District of Ohio, where Doe resides. Dkt. 190-2, Ex. B. Hill's motion sought leave to seal a forthcoming motion for contempt to compel Doe's deposition. Because Hill offered no evidentiary support for the motion to seal, the Southern District of Ohio denied the motion on August 28, 2023, but without prejudice. Dkt. 190-2, Ex. C. In denying the motion, the Southern District of Ohio held that Hill "failed to 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations'" and her "conclusory statement prevents this Court from making any findings or conclusions which could justify preventing public access to the record." *Id*. at 2. The Southern District of Ohio court stated that Hill could refile her motion to seal with proper support.

Despite the court's invitation for Hill to refile her motion to seal with proper support, Hill instead filed, on September 6, 2023, an ex parte application before Judge Selna seeking leave to reveal Doe's name in the forthcoming motion for contempt in the Southern District of Ohio. She sought "an order allowing her to file the Motion for Contempt in an unredacted form . . . and for a brief extension of the discovery cutoff to allow for the deposition of Doe to move forward once the Motion for Contempt is granted." Dkt. 180 at 2.

In that application, Hill stressed the need for Doe's deposition. Absent that relief, Hill asserted before Judge Selna that she would "be denied her sole avenue to obtain critical information regarding the sexual battery suffered at the hands of Bauer by Doe." Dkt. 180 at 6; *id.* at 8 ("the sole avenue for the critical testimony and

documents sought by the deposition subpoenas issued to Doe is Doe herself"); *id.* at 12 ("absent an order granting the relief sought by this ex parte application, Hill will be denied her sole means of obtaining critical and highly relevant information concerning Bauer and Doe"). Hill emphasized that she "has *no avenue* to obtain the information regarding Bauer's assault of Doe besides Doe herself." *Id.* at 11 (emphasis added). In her ex parte application, Hill never mentioned the option of obtaining Doe's arbitration transcript or exhibits as an alternative "avenue to obtain critical information" regarding Doe.

On September 11, 2023, Judge Selna held a hearing on the ex parte application. He overruled all objections to Doe's deposition, stating "I'm going to allow that deposition to go forward." Brown Decl. Ex. B, Tr. 3:24–25. He then "suggest[ed] for the short run, Ms. Hill reapply to the foreign court and/or file an application to transfer the motion to compel here." *Id.*, Tr. 4:13–15. Counsel for Hill responded "[w]e will do you as you recommended." *Id.*, Tr. 4:18. Judge Selna stated "[s]o Ms. Prescott, you want to go forward on one or both of those fronts and advise the Court what the result is? And we'll schedule another telephone conference call once you've done that. In the meantime, I'm just going to hold the application in abeyance." *Id.*, Tr. 5:7–11. Judge Selna also held that he would "grant whatever relief is necessary in terms of the discovery cutoff date" to accommodate Doe's deposition. *Id.*, Tr. 5:4–5.

On September 19, 2023, Hill filed a motion for contempt against Doe in the Southern District of Ohio. She argued that the court should "hold [Doe] in contempt of this Court until she complies with the Subpoena." Brown Decl. Ex. C., at 2. Hill further "requested that if [Doe] fails to purge herself of this contempt within 30 days of the Court's Order finding her in contempt, that she then be assessed Hill's costs and fees incurred by reason of her contemptuous conduct as to be set forth in a supplemental filing." *Id.* Hill also moved, "in the alternative," for her motion to "be transferred to the District Court for the Central District of California for adjudication pursuant to Fed. R. Civ. P. 45(f)." *Id.* at 5. She explained that "Judge James V. Selna

and Magistrate Judge Autumn Spaeth of the District Court for the Central District of California are intimately familiar with the issues relating to the subpoena." *Id.* at 3.

## III. THE COURT SHOULD DENY THE MOTION FOR RECONSIDERATION

### A. The Motion For Reconsideration Is Premature.

Hill's motion for reconsideration is premature because all indications are that Doe's deposition will proceed. This Court denied Hill's motion to compel on Request No. 93 because it was overbroad, and suggested a potential reconsideration of that decision only if the depositions did not occur. Because the deposition of Doe will very likely take place, the Court should not reconsider its ruling.

Hill all but ignores the fact that she is taking multiple steps to obtain Doe's deposition. She repeatedly asserts that reconsideration of this Court's June 28 order is necessary because she is "left with no alternative means of relief." Mot. for Recons. 5 ("Hill was left with no choice but to file this Motion asking the Court to reconsider its prior ruling on Request for Production No. 93"); *see also id.* at 12 ("Hill is now left with no alternative means to obtain this information beyond bringing a Motion for Reconsideration"). That is wrong.

Doe's deposition is the "alternative means of relief." Hill admits that she has "already begun the process of filing a Motion for Contempt in Doe's home." Mot. for Recons. at 5; *id.* at 10 ("Hill is continuing to attempt to compel the deposition of Doe . . . ."). She has secured local counsel in the Southern District of Ohio for the purpose of filing that motion. She has opened a miscellaneous matter in that court to compel Doe's deposition. Judge Selna has held that Doe's deposition will "go forward" and that he would extend deadlines as necessary for Doe's deposition. Brown Decl. Ex. B. And, on September 19, Hill filed a motion seeking to hold Doe in contempt "until she complies with the Subpoena." *Id.*, Ex. C, at 2. Judge Selna instructed Hill's counsel to "advise the Court what the result" of her revised motion is, after which Judge Selna intends to hold a telephonic conference. *Id.*, Ex. B, Tr. 5:8–9. All signs

point to Doe's deposition proceeding.

Hill also emphasized in her ex parte filing that she needed Doe's deposition and made no mention of Doe's arbitration transcripts and exhibits. Hill argued to Judge Selna that "absent an order granting the relief sought by this ex parte application [to reveal Doe's name], Hill will be denied her *sole means* of obtaining critical and highly relevant information concerning Bauer and Doe." Dkt. 180 at 12 (emphasis added); *id.* at 6 (asserting that Doe's deposition is the "*sole avenue* to obtain critical information regarding the sexual battery suffered at the hands of Bauer by Doe" (emphasis added)).

Before this Court, Hill no longer claims that Doe's deposition is the "sole avenue" to obtain the information Hill seeks. Instead, Hill takes a different position—that Doe's arbitration transcripts and exhibits (not Doe's deposition) are Hill's "sole avenue" for relief. Hill cannot have her cake and eat it too. She cannot simultaneously claim before Judge Selna that Doe's deposition is Hill's "sole avenue" to obtain information regarding Doe, while arguing to this Court that Doe's arbitration testimony and exhibits are the "sole avenue" to obtain the same information.

Hill's filings in the Southern District of Ohio, her ex parte application before Judge Selna, her representations in the hearing before Judge Selna, and Judge Selna's ruling all show that Doe's deposition is very likely to occur. Accordingly, there is no reason for the Court to reconsider its prior order denying the motion to compel responses to Request for Production No. 93.

### B. Hill's Representations Show She Does Not Need Doe's Arbitration Transcripts And Exhibits.

In addition to being premature, Hill's motion for reconsideration fails because she does not need Doe's arbitration transcripts or exhibits. Hill has claimed that "the sole avenue for the critical testimony and documents sought by the deposition subpoenas issued to Doe is Doe herself." Dkt. 180 at 8; *see also id.* at 12 (arguing that without Doe's deposition "Hill will be denied her *sole means* of obtaining critical and

highly relevant information concerning Bauer and Doe" (emphasis added)). She has represented to Judge Selna that if Hill is unable to obtain Doe's deposition then she "will be unable to obtain the information." *Id.* at 8. Those representations before Judge Selna show that Hill does not need Doe's arbitration documents. According to Hill, the only avenue to obtain the information is from Doe through a deposition—not through her arbitration testimony—and therefore Hill should be held to her representations. Furthermore, Hill never served any updated or narrowed discovery requests regarding Doe's arbitration transcripts or exhibits following the Court's ruling that Request No. 93 was overbroad. The Court should adhere to its prior ruling denying Hill's motion to compel responses to her overbroad Request for Production No. 93.

## IV. CONCLUSION

The Court should deny Hill's Motion for Reconsideration.

Dated: September 20, 2023

/s/ Blair G. Brown

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

Shawn Holley (Cal. Bar No. 136811)
Suann MacIsaac (Cal Bar No. 205659)
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
shollev@khiks.com

smacisaac@khiks.com