Shawn Holley (Cal. Bar No. 136811)
Suann C. MacIsaac (Cal Bar. 205659)
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard., Suite 750
Los Angeles, CA 90025
Tel: (310) 566-9800
Fax: (310) 566-9850
sholley@khiks.com
smacisaac@khiks.com

Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
npeyser@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>             Plaintiff,<br><br>     v.<br><br>LINDSEY C. HILL and NIRANJAN FRED THIAGARAJAH,<br><br>             Defendants. | Case No. 8:22-cv-00868-JVS-ADS<br>Assigned for all purposes to the Hon. James V. Selna<br>Referred to: Magistrate Judge Autumn D. Spaeth<br><br>**DECLARATION OF BLAIR G. BROWN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Action Filed: April 25, 2022 |

1    I, BLAIR G. BROWN, declare and state as follows:

2        1.    I am an attorney licensed to practice in the District of Columbia, the

3    States of Maryland and New York, and the Commonwealth of Virginia and have been

4    admitted to practice *pro hac vice* in this action. I am a partner of the law firm

5    Zuckerman Spaeder LLP, and counsel of record for Plaintiff/Counterclaim

6    Defendant Trevor Bauer in the above-captioned action. I have personal knowledge

7    of the matters stated in this declaration, and I could and would testify competently

8    about them if called upon to do so.

9        2.    Attached as Exhibit A is a true and correct copy of excerpts of the

10   transcript of the June 28, 2023 hearing before the Court.

11       3.    Attached as Exhibit B is a true and correct copy of the hearing transcript

12   on September 11, 2023 before Judge Selna.

13       4.    Attached as Exhibit C is a true and correct copy of Hill's motion for

14   contempt filed in the Southern District of Ohio, excluding the accompanying

15   declaration and redacting Doe's pseudonym in that motion.

16       5.    I declare under penalty of perjury that the foregoing is true and correct.

17

18   Executed this 20th day of September, 2023, in Washington, D.C.

19

20                                        */s/ Blair G. Brown*

21                                        Blair G. Brown

22

23

24

25

26

27

28

EXHIBIT A

```
1                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
2                   SOUTHERN DIVISION - SANTA ANA

3

4   TREVOR BAUER,               ) Case No. SACV 22-868-JVS (ADSx)
                                )
5        Plaintiff,             ) Santa Ana, California
                                ) Wednesday, June 28, 2023
6           v.                  ) 10:04 A.M. to 10:53 A.M.
                                ) 11:02 A.M. to 11:30 A.M.
7   LINDSEY C. HILL, et al.,    ) 11:53 A.M. to 11:58 A.M.
                                )
8        Defendants.            )
    _____)
9

10

11

12                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE AUTUMN D. SPAETH
13                 UNITED STATES MAGISTRATE JUDGE

14

15  Appearances:               See Page 2

16  Deputy Clerk:              Kristee Hopkins

17  Court Reporter:            Recorded; CourtSmart

18  Transcription Service:     JAMS Certified Transcription
                               16000 Ventura Boulevard #1010
19                             Encino, California  91436
                               (661) 609-4528
20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

```
 1   APPEARANCES:

 2

 3   For the Plaintiff:        Zuckerman Spaeder LLP
                               By:  BLAIR G. BROWN
 4                                  IVANO M. VENTRESCA
                               1800 M Street NW, Suite 1000
 5                             Washington, D.C.  20036
                               (202) 778-1800
 6                             bbrown@zuckerman.com
                               iventresca@zuckerman.com
 7
                               Zuckerman Spaeder LLP
 8                             By:  NELL Z. PEYSER
                               485 Madison Avenue, 10th Floor
 9                             New York, New York  10022
                               (212) 704-9600
10                             npeyser@zuckerman.com

11

12   For the Defendant:        Freedman and Taitelman LLP
                               By:  JESSE A. KAPLAN
13                             1801 Century Park West, 5th Floor
                               Los Angeles, California  90067
14                             (310) 201-0005
                               jkaplan@ftllp.com
15
                               Wesierski and Zurek LLP
16                             By:  BRETT A. SMITH
                               29 Orchard Road
17                             Lake Forest, California  92630
                               (949) 975-1000
18                             bsmith@wzllp.com

19

20

21

22

23

24

25
```

 1     SANTA ANA, CALIFORNIA, WEDNESDAY, JUNE 28, 2023, 10:04 A.M.

 2         (Call to Order of the Court.)

 3             THE COURT:  Good morning, everyone.  Please be

 4  seated.

 5             UNIDENTIFIED SPEAKER:  Good morning, Your Honor.

 6             UNIDENTIFIED SPEAKER:  Good morning, Your Honor.

 7             THE CLERK:  Calling Case SACV 22-868-JVS (ADSx),

 8  *Trevor Bauer v. Lindsey C. Hill, et al.*

 9             And, counsel, please state your appearances for the

10  record starting with plaintiff.

11             BLAIR G. BROWN:  Blair Brown on behalf of

12  Trevor Bauer.  Along with me is my colleague Ivano Ventresca.

13             THE COURT:  Okay.  Good morning.

14             UNIDENTIFIED SPEAKER:  Good morning.

15             JESSE A. KAPLAN:  Good morning, Your Honor.

16  Jesse Kaplan for Defendant and Counterclaimant Lindsey Hill.

17  Also with me is Brett Smith.

18             THE COURT:  All right.  Good morning.

19             UNIDENTIFIED SPEAKER:  Good morning, Your Honor.

20             THE COURT:  Okay.  So we have two motions today,

21  one by Ms. Hill, one by Mr. Bauer.  So why don't we start

22  with the depositions, the motion to quash.

23             And, Counsel --

24             MR. BROWN:  Yes?

25             THE COURT:  -- the motion is yours.

1  investigations conducted by MLB or law enforcement have all

2  the same underlying facts at issue in this case, and while

3  there may be a privacy right, it does not apply to these

4  specific documents, and the interests our outweighed by

5  Hill's compelling need for the information for the claims and

6  defenses at issue.

7         Now, with regard to RFP No. 92, I'm granting the

8  motion to compel as to RFP No. 92.  I find that Hill has met

9  her burden of establishing that the requested information is

10  relevant and that any rights of privacy are outweighed by

11  Hill's compelling need for the information for the claims and

12  defenses asserted in this case.

13         With regard to RFP No. 93, I am denying the motion

14  to compel.  This request is largely overbroad, and I find

15  that Ms. Hill has not met her burden of establishing that the

16  requested information is proportional in this case.  To a

17  large degree, my ruling with regard to that is the fact that

18  there are the depositions.  My ruling might be different if

19  we find out that the depositions don't occur.  If witnesses

20  don't show up, then maybe I would have -- might have a

21  different ruling.

22         All right?

23         MR. KAPLAN:  Your Honor, may I ask a clarifying

24  question as to No. 93?

25         THE COURT:  Uh-huh.

1        MR. KAPLAN:  Is it -- the ruling with or without

2   prejudice to propounding, I guess, new discovery that's more

3   focused on certain documents from the arbitration, such as --

4   the things that I have in mind are dealing with transcripts,

5   for example, with my client and Mr. Bauer -- stuff like that.

6        THE COURT:  I'm not going to give a hypothetical

7   ruling.  I really don't like to do that if I can avoid it.  I

8   like to really try to make my rulings based on the facts in

9   front of me.  If your discovery cutoff has not passed, you

10  are free to serve any discovery that you think is

11  appropriate, and then we can take up any arguments that may

12  be appropriate, but this request as written, I'm denying the

13  motion to compel.

14        MR. KAPLAN:  Thank you, Your Honor.

15        THE COURT:  Okay?

16        All right.  Now, my law clerks tell me that there

17  may be some ambiguity about my ruling on the motion to quash.

18  To be -- with regard to Doe No. 4.  I think I said one thing;

19  they heard something else.  I wanted to make sure that you

20  guys understood that I was denying the motion to quash as to

21  2, 3, 4, and 5.

22        MR. BROWN:  Yes, I understood that.

23        THE COURT:  Okay.  All right.

24        MR. BROWN:  Although I did not hear you say "4."

25        THE COURT:  Okay.  Yeah.  I think I said,

1

2

3

4                                    CERTIFICATE

5          I certify that the foregoing is a correct transcript

6     from the electronic sound recording of the proceedings in the

7     above-entitled matter.

8

9     /s/ Julie Messa_____            July 19, 2023_____
      Julie Messa, CET**D-403            Date
10    Transcriber

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT B

1          **UNITED STATES DISTRICT COURT**

2     **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

3       **HONORABLE JAMES V. SELNA, U.S. DISTRICT JUDGE**

4
TEVOR BAUER,                          )
5                                     )
                    Plaintiff,        )   **Certified Transcript**
6                                     )
          vs.                         )   Case No.
7                                     )   8:22-cv-00868-JVS-ADS
LINDSEY C. HILL, et al.,              )
8                                     )
                    Defendants.       )
9   _____)
And related counterclaims.            )
10  _____)

11

12

13          REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                 STATUS CONFERENCE

15       REPORTED VIA TELEPHONIC CONFERENCE

16           MONDAY, SEPTEMBER 11, 2023

17                  10:00 A.M.

18             SANTA ANA, CALIFORNIA

19

20

21

22  _____

23          **DEBBIE HINO-SPAAN, CSR 7953, CRR**
            FEDERAL OFFICIAL COURT REPORTER
24          411 WEST 4TH STREET, ROOM 1-053
              SANTA ANA, CA 92701
25             dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

1                         **APPEARANCES OF COUNSEL:**

2

3   **FOR PLAINTIFF:**

4           ZUCKERMAN SPAEDER LLP
          BY:  BLAIR G. BROWN, ESQ.
5           1800 M Street NW
          Suite 1000
6           Washington, DC 20036
          202-778-1800
7           bbrown@zuckerman.com

8           ZUCKERMAN SPAEDER LLP
          BY:  IVANO M. VENTRESCA, ESQ. (Pro Hac Vice)
9           1800 M Street, NW, Suite 1000
          Washington, DC 20036
10          202-778-1800
          iventresca@zuckerman.com

11

12   **FOR DEFENDANT AND COUNTERCLAIMANT LINDSEY C. HILL:**

13         FREEDMAN & TAITELMAN LLP
          BY:  JESSE A. KAPLAN, ESQ.
          1801 Century Park West
14          5th Floor
          Los Angeles, California 90067
15          310-201-0005
          jkaplan@ftllp.com
16

17         WESIERSKI & ZUREK LLP
          BY:  MICHELLE R. PRESCOTT, ATTORNEY AT LAW
          29 Orchard Road
18          Lake Forest, California 92630
          949-975-1000
19          mprescott@wzllp.com

20

21

22

23

24

25

                **UNITED STATES DISTRICT COURT**

**SANTA ANA, CALIFORNIA; MONDAY, SEPTEMBER 11, 2023**

**10:00 A.M.**

**- - -**

10:00AM  5      THE COURTROOM DEPUTY:  Calling Item 2, SACV-22-868, Trevor Bauer vs. Lindsey C. Hill, et al.

      Counsel, can you please state your appearances beginning with the plaintiff.

      MR. VENTRESCA:  This is Ivano Ventresca for
10:01AM 10  Plaintiff Trevor Bauer.

      MR. BROWN:  And Blair Brown of Zuckerman Spaeder, also for Mr. Bauer.

      MS. PRESCOTT:  Michelle Prescott of Wesierski & Zurek for Defendant Lindsey Hill.

10:01AM 15      MR. KAPLAN:  This is Jesse Kaplan from Freedman & Taitelman, also for Defendant and Counter-Claimant Lindsey Hill.

      THE COURT:  Anyone else?

      This is Judge Selna.  We're in the courtroom and on
10:01AM 20  the record with the court reporter.  So that we get a clear record, please identify yourself each time you speak.

      Before me is an application to allow Ms. Hill to file an unredacted pleading in the district where the Doe individual resides.  I'm going to allow that deposition to go
10:02AM 25  forward.  And I'll overrule all the other objections.

1          Before I order or permit an unredacted version to be

2     filed, I think there are a couple of other avenues.  Mr. Bauer

3     suggests that the application was in Folsom.  He might consider

4     refiling the application in greater detail and see if the

10:02AM 5     magistrate judge will come to a different conclusion.  In the

6     alternative, Rule 45(f) contemplates the possibility that a

7     motion to compel compliance can come back to the issuing court.

8     This court issued the subpoena.

9          I would see one potential basis for making such an

10:03AM 10    application to the foreign court, namely that it would ensure

11    uniform enforcement of the Court's protective order.

12         So to recap, one, I overrule all objections to the

13    deposition being taken at all.  And I suggest for the short

14    run, Ms. Hill reapply to the foreign court and/or file an

10:03AM 15    application to transfer the motion to compel here.

16         Be happy to hear your thoughts.

17         MS. PRESCOTT:  Your Honor, this is Michelle Prescott

18    for Ms. Hill.  We will do as you recommended.  Thank you for

19    your guidance.

10:03AM 20         THE COURT:  Anyone on behalf of Mr. Bauer want to be

21    heard?

22         MR. VENTRESCA:  Your Honor, I just want to ask a

23    clarifying question.  This is Ivano Ventresca for Mr. Bauer.

24    We agree that we will refile in the Southern District.  But

10:04AM 25    there was also some request for potential discovery deadlines.

**UNITED STATES DISTRICT COURT**

```
 1    I didn't know if there was an order on that or --

 2            THE COURT:  I'm going to allow the deposition to

 3    take place.  I think that the opportunity to take it was

 4    appropriately pursued, and I'll grant whatever relief is

 5    necessary in terms of the discovery cutoff date.

 6            MR. VENTRESCA:  Okay.  Thank you.

 7            THE COURT:  So Ms. Prescott, you want to go forward

 8    on one or both of those fronts and advise the Court what the

 9    result is?  And we'll schedule another telephone conference

10    call once you've done that.  In the meantime, I'm just going to

11    hold the application in abeyance.

12            MS. PRESCOTT:  Thank you, Your Honor.

13            THE COURT:  Anything else for this morning?

14            MS. PRESCOTT:  This is Michelle Prescott again.

15    Nothing else for us at this time.

16            MR. VENTRESCA:  This is Mr. Ivano Ventresca.

17    Nothing for us either.  Thank you.

18            THE COURT:  Thank you very much.  Thank you for

19    making yourselves available this morning.

20            THE COURTROOM DEPUTY:  This Court is adjourned.

21            (Proceedings concluded at 10:05 a.m.)

22                            --oOo--

23

24

25
```

**UNITED STATES DISTRICT COURT**

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3    COUNTY OF LOS ANGELES   )
                              )
 4    STATE OF CALIFORNIA     )

 5               I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME

 6    COURT REPORTER, in and for the United States District Court for

 7    the Central District of California, do hereby certify that

 8    pursuant to Section 753, Title 28, United States Code that the

 9    foregoing is a true and correct transcript of the

10    stenographically reported proceedings held in the

11    above-entitled matter and that the transcript page format is in

12    conformance with the regulations of the Judicial Conference of

13    the United States.

14

15    Date:  September 14, 2023

16

17

18

19                                    /S/ DEBBIE HINO-SPAAN

20                                   Debbie Hino-Spaan, CSR No. 7953
                                     Federal Official Court Reporter
21

22

23

24

25
```

UNITED STATES DISTRICT COURT

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

TREVOR BAUER,

              MISCELLANEOUS CASE NO.

        PLAINTIFF,

     V.              2:23-mc-00029

LINDSEY C. HILL,

              **ARISING FROM CIVIL ACTION**
     AND          **NO. 8:22-CV-00868 IN THE**
              **UNITED STATES DISTRICT COURT,**
NIRAN JAN FRED THIAGARAJH,  **CENTRAL DISTRICT OF CALIFORNIA,**
              **SOUTHERN DIVISION**

       **DEFENDANTS.**

## DEFENDANT LINDSEY C. HILL'S MOTION FOR CONTEMPT ARISING OUT OF SUBPOENA IN CASE NO. 8:22-cv-00868 IN THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

Defendant Lindsey C. Hill ("Hill") moves this Court for an Order to hold Doe in contempt for her failure to comply with the subpoena served on her under Rule 45(g) of the Federal Rules of Civil Procedure. The facts supporting a finding of contempt on the part of the witness are set forth in the Declaration of Jesse Kaplan, Esq., which is attached to this Motion and incorporated herein. (See Declaration of Jesse Kaplan, Esq. with Exhibits attached thereto.)

Doe. is identified herein by a pseudonym. This is done because the plaintiff and counter-defendant, Trevor Bauer ("Bauer"), is very well known, there has been significant media interest in this case, and Hill is endeavoring to protect the privacy of the non-party deponent's identity. The full name of the deponent will be disclosed to the Court *in camera* at the Court's request.

Hill initially issued a subpoena for Doe 's deposition on June 1, 2023. Bauer, however, filed a Motion for a protective order and to quash the subpoena to Doe and others (the Motion to Quash"). After considering a Motion to Quash filed by Bauer in the Court in which this action is pending, the Court ruled that Hill was entitled to take the deposition of Doe On July 14, 2023,

Hill issued an Amended Subpoena to Doe which sought her deposition. The deposition was noticed for August 17, 2023. Doe. was properly served with this Amended Subpoena by personal service on July 15, 2023. Counsel made several attempts to communicate with Doe. concerning the deposition. Unsure as to whether Doe would appear for her deposition, counsel for Hill appeared on August 17, 2023 and waited approximately 30 minutes for Doe .to arrive at the deposition. When Doe did not arrive, counsel for Hill took a Notice of Non-Appearance of Doe.

Doe 's failure to comply with the validly served Subpoena is without any cognizable excuse. Doe has not filed any written objection to her deposition, nor has she filed a Motion for Protective Order or a Motion to Quash the subpoenaed deposition. The Motion to Quash filed by Bauer was denied by the Court in which the case is pending on June 28, 2023.

The only appropriate remedy for Doe.'s willful non-compliance with the Subpoena is to hold Doe in contempt of this Court until she complies with the Subpoena. It is respectfully requested that if Doe fails to purge herself of this contempt within 30 days of the Court's Order finding her in contempt, that she then be assessed Hill's costs and fees incurred by reason of her contemptuous conduct as to be set forth in a supplemental filing.

Alternatively, if the Court so pleases, Hill respectfully requests that this Motion be transferred to the District Court for the Central District of California, Southern Division as provided in Fed.R.Civ.P. 45(f) which provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." While Doe has not consented to the transfer of this Motion, Hill submits that the requisite exceptional circumstances exist for its transfer.

Factors relevant to a determination of whether exceptional circumstances exist include
"case complexity, procedural posture, duration of pendency, and the nature of the issues pending
before, or already resolved by, the issuing court in the underlying litigation." *Govt. Emps. Health
Assn. v. Actelion Pharmaceuticals, Ltd.*, S.D.Ohio No. 2:22-mc-37, 2022 U.S. Dist. LEXIS
184972, at \*3-4 (Oct. 7, 2022) citing *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No.
5:15-MC-00064, 2015 U.S. Dist. LEXIS 156557, 2015 WL 7308655, at \*1 (N.D. Ohio Nov. 19,
2015) and *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). Those
factors must then be weighed against the nonparty's interest in resolving the motion locally. *Id.*

The Advisory Committee Notes to Fed. R. Civ. P. 45(f)'s 2013 amendment provide that,
"transfer may be warranted in order to avoid disrupting the issuing court's management of the
underlying litigation, as when that court has already ruled on issues presented by the motion or the
same issues are likely to arise in discovery in many districts."

This case has been pending in the Central District of California since April of 2022. Judge
James V. Selna and Magistrate Judge Autumn Spaeth of the District Court for the Central District
of California are intimately familiar with the issues relating to the subpoena, having already
considered and ruled on the Bauer's Motion to Quash the subpoena to Doe .. Furthermore, Judge
Selna and Judge Spaeth are also familiar with the factual issues in this case as well as the parties'
discovery efforts. The parties have filed numerous discovery-related motions – many under seal
– and have entered into a protective order designed to limit public disclosure of the confidential
and private information anticipated to be exchanged by the parties during discovery.

In addition, the District Court for the Central District of California has already ruled on the
propriety of deposing Doe . and transferring this motion to that Court would eliminate the
possibility of an inconsistent ruling on that issue. See *Williams v. Lasik Vision Inst., LLC*,

S.D.Ohio No. 1:21-mc-10, 2021 U.S. Dist. LEXIS 169249, at *7 (Sep. 3, 2021); *In re Eagle-Picher Industries*, Bankr.S.D.Ohio No. 91-10100, 2020 Bankr. LEXIS 3627, at *13-14 (Apr. 23, 2020). See also *Diversified Energy Co. PLC v. Inst. for Energy Econs. & Fin. Analysis*, N.D.Ohio No. 1:23mc00031, 2023 U.S. Dist. LEXIS 158906, at *15 (Sep. 8, 2023) (Viewing as factors favoring transfer that the issuing court's understanding of the relevant discovery issues "exceeds 'mere familiarity'" and that the issuing court had "developed a deep and rigorous understanding of the issues implicated in this dispute.")

Furthermore, there would be no significant burden upon Doe. if this motion were to be transferred. As this court recognized in the *Govt. Emps* case, counsel for Doe would be permitted to submit filings and appear in the Central District of California as an officer of the court pursuant to Fed.R.Civ. P. 45(f). Counsel for Doe would likely be permitted to appear remotely as the California Court has already conducted several discovery-related conferences via telephone. In *Value Drug Co. v. Takeda Pharmaceuticals U.S.A.*, S.D.Ohio No. 1:22-mc-13, 2022 U.S. Dist. LEXIS 104717, at *6-7 (June 10, 2022), this Court recognized the likely ability to appear remotely as a factor that weighed in favor of transfer of a motion to compel. See also *Arclin USA, LLC v. Vits Technology GmBH*, S.D.Ohio No. 2:20-mc-48, 2020 U.S. Dist. LEXIS 220745, at *6 (Nov. 24, 2020) (Finding only a slight burden upon a nonparty as a result of transferring a motion to compel where all proceedings in the transferee Court had been held via telephone or videoconference.)

Furthermore, a September 1, 2023 deadline was set in the California litigation for the completion of discovery. Judge Selna is holding in abeyance a request to extend the discovery cutoff while the issues relating to enforcement of the subpoena to Doe. are resolved. This Court has held that transfer can be appropriate in order to avoid interference with "a time-sensitive

discovery schedule issued in the underlying litigation." See *Ohio Dept. of Ins. v. RPM Mtge., Inc.*, S.D.Ohio No. 2:20-mc-43, 2020 U.S. Dist. LEXIS 216271, at \*6 (Nov. 18, 2020) and *Gov't. Emps*, 2022 U.S. Dist. LEXIS 184972, at ¶ 5.

### Conclusion

For all of the foregoing reasons, Defendant Lindsey C. Hill respectfully requests that her Motion for Contempt be granted or, in the alternative, that it be transferred to the District Court for the Central District of California for adjudication pursuant to Fed.R.Civ.P. 45(f).

Respectfully submitted,

**WESTON HURD LLP**

*/s/ Joseph A. Gerling*
Joseph A. Gerling (0022054)
101 East Town Street, Suite 500
Columbus, OH 43215
614.280.1123 (d) / 614.280.0204 (f)
jgerling@westonhurd.com

*/s/ Tina Y. Rhodes*
Tina Y. Rhodes (0036903)
1300 East 9th Street, Suite 1400
Cleveland, OH 44114
216.241.3380 (d) / 216.621.8369 (f)
trhodes@westonhurd.com

*Counsel for Defendant and Counterclaimant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via email on the following counsel of record in the associated civil action in California this 19th day of September, 2023.

Shawn C. Holley (CA Bar 136811)
Kate E. Mangels (CA Bar 301811)
Suann C. MacIssac (CA Bar 205659)
**KINSELLA WEITZMAN**
**ISER KUMP & HOLLEY**
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
310.566.9800 (p); 310.566.9873 (f)
sholley@kwickhlaw.com
kmangels@kwickhlaw.com
smacissac@kwickhlaw.com

Blair G. Brown *(pro hac vice)*
Jon R. Fetterolf *(pro hac vice)*
**ZUCKERMAN SPAEDER**
1800 M Street N.W. Suite 1000
Washington, DC 20036
202.778.1800 (p); 202.882.8106 (f)
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Zora Peyser *(pro hac vice)*
**ZUCKERMAN SPAEDER**
485 Madison Avenue, 10th Floor
New York, NY 10022
212.704.9600 (p)
npeyser@zuckerman.com

*Counsel for Plaintiff Trevor Bauer*

Jesse A. Kaplan (CA Bar 151990)
**FREEDMAN & TAITELMAN**
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
310.201.0005 (p); 310.201.0045 (f)
jkaplan@ftllp.com

Christopher P. Wesierski (CA Bar 086736)
Michelle R. Prescott (CA Bar 262638)
Eileen Spadoni (CA Bar 133259)
Brett A. Smith (CA Bar 322707)
**WESIERSKI & ZUREK**
29 Orchard Road
Lake Forest, CA 92630
949.975.1000 (p); 949.756.0517 (f)
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

*Counsel for Defendant Lindsey C. Hill*

The undersigned certifies that a true and accurate copy of the foregoing was served via email on the following counsel this 19th day of September, 2023.

Joe Tacopina
**Tacopina Seigel & Deoreo**
275 Madison Avenue, 35th Floor
New York, NY 10016
jtacopina@tacopinalaw.com

The undersigned certifies that a true and accurate copy of the foregoing was served by certified mail and by personal service (requested today) on the following this 19th day of September, 2023.

Doe

*/s/ Joseph A. Gerling*
Joseph A. Gerling (0022054)